Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>Debtor. | Case No.: 24-50792-hlb<br>(Chapter 7)<br><br>**EX PARTE APPLICATION FOR ORDER REJECTING LEASE OF NONRESIDENTIAL REAL PROPERTY**<br><br>Hearing Date: N/A<br>Hearing Time: |

Christina Lovato, chapter 7 trustee ("Trustee Lovato"), for the estate of Meta Materials, Inc. ("Estate"), files her Ex Parte Application For Order Rejecting Lease Of Nonresidntial Real Property ("Application"). This Application is supported by the separately filed Declaration of Trustee Lovato. As permitted by F.R.Evid. 201, Trustee Lovato also requests the Court take judicial notice of the papers on file in this case

**BACKGROUND**

1. This case was filed on August 9, 2024 and Trustee Lovato was appointed to administer the Estate. [ECF No. 14]. The Schedules of Assets and Liabilities filed by the Debtor indicate that it owns 100% of the equity in nine subsidiaries, several of which are entities previously operating in Nova Scotia, Canada.

2. Schedule G indicates that MMI is the lessee of commercial premises located at 10440 Little Patuxent Parkway, Columbia, Maryland 21044 ("the Lease"). The Leased Premises

1

comprise approximately 11,600 square feet with rent at the rate of approximately $27,000 per month.

3. Recently, Trustee Lovato was able to connect with Howard Hughes Property Management and counsel for the Lessor of the Premises, 30 CCC LLC, a Delaware limited liability company.

4. Trustee Lovato has learned that the Lessor has been unable to access the Premises which appear to have been abandoned. In addition, there is a security system in place which has prevented the Lessor from gaining access to the Premises. Trustee Lovato is attempting to contact the security company and establish access.

5. The Lessor is holding a security deposit in the amount of $80,038.74.

6. Trustee Lovato has determined that there is no benefit to the estate to attempt to retain the Premises and requests an Order Rejecting Lease of Nonresidential Real Property effective as of October 8, 2024.

## LEGAL DISCUSSION

Section 365 of the Code governs a trustee's rights and obligations with respect to unexpired leases.[1] Section 365(a) provides that, subject to court approval, a trustee may reject an unexpired lease. That provision does not include the limiting language "after notice and a hearing." More specifically, § 365(d) addresses issues with respect to nonresidential real property.

> (d)(3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period.

---

[1] Reference to the Code means Title 11 U.S.C. § 101 et. seq.

2

In the exercise of her business judgment, the Trustee has concluded that there is no benefit to the Estate in attempting to preserve the lease of the Premises, and that delaying rejection of the Lease will result in incurring additional rent obligations with no benefit.

## CONCLUSION

Based upon the forgoing, Trustee Lovato requests entry of an Order Rejecting Lease Of Nonresidential Real Property, effective as of October 8, 2024, and for such other and further relief as is just and proper.

DATED: October 2, 2024.

HARTMAN & HARTMAN

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Trustee