Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re

META MATERIALS INC.,

Debtor.

Case No.: 24-50792-hlb
(Chapter 7)

**EX PARTE MOTION TO FILE UNDER SEAL ALL PROOFS OF INTEREST**

Hearing Date:   N/A
Hearing Time:

Christina Lovato, chapter 7 trustee for the estate of Meta Materials, Inc. ("**Trustee**"), files this *Ex Parte* Motion to File Under Seal ("**Motion**") authorizing the Clerk of Court to file all Proofs of Interest under seal.  The request to seal is made so that personal identifiable information as well as account information will be protected from public viewing. Only the Trustee and her counsel will have access to the information.  Any other party will require a Court order to view the Proofs of Interest.  This request is supported by the separately filed Declaration of Christina Lovato.  To the extent necessary, and as permitted by F.R.Evid. 201, the Trustee requests the Court take judicial notice of the papers on file in this case.

RELEVANT FACTS

The chapter 7 petition for Meta Materials was filed on August 9, 2024 and Trustee Lovato was appointed to administer the estate.  The Trustee observed that although this had been a publicly traded company, the initial filings did not include a comprehensive list of the equity interest

1 owners. The mailing matrix was amended to reflect additional equity interest holders; however, 2 due to the practice by which equities are often held in the street names of brokerages, the Trustee 3 cannot be certain that all equity interest holders will receive proper notice of the bar date. On 4 September 10, 2024, Trustee Lovato filed her Ex Parte Motion For Order Establishing Bar Date 5 For Proofs of Interest. [ECF No. 23]. On September 12, 2024, the Court entered its Order 6 Establishing Bar Date For Proofs Of Interest. [ECF No. 26]. Shareholders have begun the process 7 of filing proofs of interest.

8 The Trustee has filed an application requesting authority to employ special litigation 9 counsel to investigate and, if the facts justify doing so, commence litigation against a variety of 10 institutions including claims of market manipulation involving the buying and selling of the 11 publicly traded shares of the Debtor. NASDAQ delisted the Meta Materials trading shortly before 12 the petition was filed.

13 On October 23, 2024, Trustee Lovato received an e-mail from a shareholder alerting her to 14 troublesome conduct by a person on the internet. A redacted copy of the e-mail is attached to the 15 Lovato Declaration as Exhibit A. The Proofs of Interest being filed with the Clerk, the vast 16 majority of which are being mailed by the claimant without advice of counsel, include not only 17 names and addresses of the equity interest holder, which are entered on the docket, but in many 18 cases also include the account numbers identifying their various share holdings, as well as the 19 name of the institution(s) at which they are held. The claimants generally do not include redactions 20 for all, or any portion of, the account numbers.

21 The Trustee is uncertain as to the potential for harm that full access to the Proofs of Interest 22 might cause to some, or all, of the equity interest holders and makes this request out of an 23 abundance of caution.

24 LAW

25 The Code and several applicable rules govern the procedure with respect to sealing records 26 filed with the Court. Because this request does not relate to the redaction of all or portions of 27 documents containing secret, confidential information, Trustee Lovato believes there is a
28

legitimate basis for requesting that the proofs of interest being sent to the Clerk's office for filing on the docket be sealed and not made available for public viewing.

11 U.S.C. § 107: Public access to papers, provides, in part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (c) (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
>> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>>
>> (B) Other information contained in a paper described in subparagraph (A).
>
> (3) The United States trustee, bankruptcy administrator, trustee, and any auditor serving under section 586(f) of title 28—
>
>> (A) shall have full access to all information contained in any paper filed or submitted in a case under this title; and
>>
>> (B) shall not disclose information specifically protected by the court under this title.

F.R.Bankr.P. 9018.    Secret, Confidential, Scandalous, or Defamatory Matter, provides in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, . . . .

F.R.Bankr.P 9037.    Privacy Protection for Filings Made with the Court.

By this Motion, Trustee Lovato is not requesting the redaction of any papers filed with the Court.  The Trustee is requesting that all proofs of interest be filed under seal

> (c) Filings Made under Seal. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the entity that made the filing to file a redacted version for the public record.

LR 9018 (c) **Order**. Upon receiving the paper copy of the document(s) identified and submitted by the movant as HSD and/or containing SCSDM, the assigned judge will conduct an *in camera* inspection. After completing that *in camera* inspection, the assigned judge will enter an appropriate order directing that all or part of the document(s) be filed under seal, be made part of the official public file, or be permitted to be withdrawn. If the assigned judge completes the *in camera* inspection and concludes that some or all of the document(s) should be filed under seal because they are HSD and/or contain SCSDM, the court will enter an order accordingly. The court order authorizing the filing of such documents under seal will be filed electronically, unless prohibited by law.

(d) **Filing of sealed documents**. In cases where the assigned judge conducts the *in camera* inspection provided for under this rule, concludes that some or all of the document(s) are HSD and/or contain SCSDM, and orders them to be filed under seal, the clerk shall file such sealed documents only in paper form, or on a secure standalone computer system that is not connected to any network.

## CONCLUSION

Trustee Lovato believes there is ample authority in the Code and the Rules to justify filing all Proofs of Interest under seal. Based upon the forgoing, Trustee Lovato requests that all Proofs of Interest, including those which have already been filed, be sealed from public viewing. And, as permitted by § 107(c)(3), the Trustee requests that the Order directing all Proofs of Interest be filed under seal, also authorize complete access to those Proofs of Interest by her and her counsel-of-record, and for such other relief as the Court deems appropriate.

DATED: October 31, 2024.

HARTMAN & HARTMAN

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Trustee