Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>     Debtor. | Case No.: 24-50792-hlb<br>(Chapter 7)<br><br>**DECLARATION OF CHRISTINA LOVATO IN SUPPORT OF *EX PARTE* MOTION TO FILE UNDER SEAL ALL PROOFS OF INTEREST**<br><br>Hearing Date:  N/A<br>Hearing Time: |

Christina Lovato, under penalty of perjury of the laws of the United States declares:

1. I am the duly appointed and acting trustee in this case. [ECF No. 14].

2. I have personal knowledge of the matters stated herein.

3. The chapter 7 petition for Meta Materials was filed on August 9, 2024 and I was appointed to administer the estate.  I observed that although this had been a publicly traded company, the initial filings did not include a comprehensive list of the equity interest owners.  The mailing matrix was amended to reflect additional equity interest holders; however, due to the practice by which equities are often held in the street names of brokerages, I cannot be certain that all equity interest holders will receive proper notice of the bar date.  On September 10, 2024, I filed my Ex Parte Motion For Order Establishing Bar Date For Proofs of Interest.  [ECF No. 23]. On September 12, 2024, the Court entered its Order Establishing Bar Date For Proofs Of Interest. [ECF No. 26].  Shareholders have begun the process of filing proofs of interest.

1

4. I have filed an application requesting authority to employ special litigation counsel to investigate and, if the facts justify doing so, commence litigation against a variety of institutions including claims of market manipulation involving the buying and selling of the publicly traded shares of the Debtor. NASDAQ delisted the Meta Materials trading shortly before the petition was filed.

5. On October 23, 2024, I received an e-mail from a shareholder alerting me to troublesome conduct by a person on the internet. A redacted copy of the e-mail is attached as Exhibit A. The Proofs of Interest being filed with the Clerk, the vast majority of which are being mailed by the claimant without advice of counsel, include not only names and addresses of the equity interest holder, which are entered on the docket, but in many cases also include the account numbers identifying their various share holdings, as well as the name of the institution(s) at which they are held. The claimants generally do not include redactions for all, or any portion of, the account numbers.

6. I am uncertain as to the potential for harm that full access to the Proofs of Interest might cause to some, or all, of the equity interest holders and makes this request out of an abundance of caution.

7. I request that all Proofs of Interest, including those which have already been filed, be sealed from public viewing. And, as permitted by § 107(c)(3), I request that the Order directing all Proofs of Interest be filed under seal, also authorize complete access to those Proofs of Interest by me and my counsel-of-record, and for such other relief as the Court deems appropriate.

DATED: October 31, 2024.

/s/ Christina Lovato
Christina Lovato