1  Jeffrey L. Hartman, Esq.
   Nevada Bar No. 1607
2  HARTMAN & HARTMAN
3  510 W. Plumb Lane, Suite B
   Reno, NV 89509
4  T: (775) 324-2800
   F: (775) 324-1818
5  notices@bankruptcyreno.com
6  Attorney for Christina Lovato, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re, | Case No. 24-50792-hlb<br>(Chapter 7) |
| META MATERIALS INC., | |
| Debtor, | **EX PARTE APPLICATION FOR ORDER APPROVING STIPULATION ALLOWING FOR ADVANCEMENT/PAYMENT UNDER AN INSURANCE POLICY** |
| | Hearing date:     none set<br>Hearing time:     none set |
| AND RELATED CROSS CLAIM | |

45405144.2

- 1 -

Christina W. Lovato, chapter 7 trustee ("Trustee"), for the estate of Meta Materials, Inc. ("Estate" or "Debtor"), and Greg McCabe, Robert L. Cook, Clifton Dubose, Jr., Joseph DeWoody, Delvina Oelkers, Mia Pitts, Kristin Whitley, Lucas Hawkins, (the "Individual Insureds") through their respective counsel, respectfully submit this proposed stipulation ("Stipulation") to allow for advancement/payment under an Insurance Policy (as defined herein).

## RELEVANT TERMS

1. On August 9, 2024 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition. On August 15, 2024, the Trustee was appointed to administer the chapter 7 estate (ECF No. 14).

2. On March 15, 2024, the Individual Insureds were named as defendants in a civil lawsuit captioned *Todd Targgart v. Next Bridge Hydrocarbons, Inc., et al.*, Case No. 1:24-cv-01927 (E.D.N.Y.) (the "Securities Class Action"). The Securities Class Action was later transferred to and is currently pending in the United States District Court for the Northern District of Texas, Fort Worth Division, Case No. 4:24-cv-00767-P.

3. On May 7, 2024, the Individual Insureds were named as defendants in a separate civil lawsuit captioned *Peter Bartok v. Greg McCabe, et al. and Next Bridge Hydrocarbons, Inc., a Nominal Defendant,* Case No. 017-352565-24, pending in the District Court of Tarrant County, Texas (together with the Securities Class Action, the "Prepetition Actions")

4. On September 7, 2021, Hudspeth Operating, LLC ("Hudspeth"), a wholly owned subsidiary of Next Bridge Hydrocarbons, Inc. ("Next Bridge"), itself a subsidiary of the Debtor, entered into employment agreements with Messrs. DeWoody and Dubose and Ms. Oelkers. (the "Employment Agreements"). Those Employment Agreements are attached as **Exhs. A, B, and C**, respectively. The Employment Agreements each contain an indemnification provision wherein, Hudspeth agreed to:

> *indemnify and defend to the fullest extent permitted by law if Employee was, is, or becomes a party to or witness or other participant in or is threatened to be made a party to or witness or other participant in, any threatened, pending, or completed*

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

*action, suit, proceeding,* or alternative dispute resolution mechanism, or any hearing, inquiry, or investigation that Employee in good faith believes might lead to the institution of any such action, suit, proceedings, or alternative dispute resolution mechanism, whether civil, criminal, administrative, investigative, or other (hereinafter, "Claim") by reason of (or arising in part out of) any event or occurrence related to the fact that Employee was an officer, employee, agent, or fiduciary of the Company, or was serving at the request of the Company as a director, officer, employee, agent, or fiduciary of another corporation, partnership, joint venture, trust, or other enterprise, *or by reason of any action or inaction on the part of Employee while serving in such capacity against any and all expenses (including attorney's fees and all other costs, expenses, and obligations incurred in connection with investigating, defending, being a witness in, or participating in (including on appeal)*, or preparing to defend, be a witness in or participate in, any such action, suit, proceeding, alternative dispute resolution mechanism, hearing, injury, or investigation), judgments, fines, penalties, and amounts paid in settlement of such Claim and any federal, state, local, or foreign taxes imposed on Employee as a result of the actual or deemed receipt of any payments under this Agreement (collectively, hereinafter "Expenses"), including all interest, assessments, and other charges paid or payable in connection with or in respect of such Expenses. Such payment of Expenses shall be made by the Company as soon as practicable, but in any event no later than 20 days after written demand is presented to the Company. *See* Employment Agreements at Par. 6 (emphasis added).

5. Separately, as a former Director of Next Bridge, Mr. Cook is entitled to indemnification by the Debtor by reason of his title and role as a Director.

6. The Individual Insureds provided notice of the Prepetition Actions to the Debtor and AIG under the Insurance Policy and requested indemnification.

7. Prior to the commencement of the Prepetition Actions, Meta purchased an insurance policy ("Insurance Policy"), for the benefit of Insured Persons, as defined in the Insurance Policy.

8. The Insurance Policy is styled "Executive Edge, Broad Form Management Liability Insurance Policy," with a policy number of 01-274-25-36, issued by AIG Specialty Insurance Co. ("AIG"). *See* **Exhibit D**.

9. The Insurance Policy extends coverage to these Individual Insureds because they are former Executives and/or Employees (as defined in the Insurance Policy) of the Debtor or its

45405144.2 - 3 -
EX PARTE APPLICATION FOR ORDER APPROVING STIPULATION ALLOWING FOR ADVANCEMENT/PAYMENT UNDER AN INSURANCE POLICY

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

Subsidiaries, or were prospective directors or officers or executives of NBH post spin-off. *See* Insurance Policy p. 20 (Def. of Insured Person) and p. 25 (Def. of Subsidiary).

10. AIG has requested entry of an order authorizing it to advance defense costs to the Individual Insureds, as applicable under the Insurance Policy, to the extent the automatic stay may apply to any disbursement of proceeds from the Insurance Policy.

11. To the extent the automatic stay imposed under 11 U.S.C. § 362(a) applies, the parties enter into this Stipulation to lift the automatic stay to permit AIG to make payments to the Individual Insureds in accordance with the terms and conditions of the Insurance Policy. *See*, *Groshong v. Sapp (In re MILA, Inc.)*, 423 B.R. 537 (B.A.P. 9th Cir. 2010) (Director of the corporate debtor entitled to relief from the automatic stay allowing insurer to advance payments for his legal defense costs under a directors and officers D&O policy held by the debtor).

12. The Approved Payments shall reduce the Limit of Liability[1] of the Insurance Policy and shall not be considered a violation of the automatic stay, nor shall they be considered property of the Estate.

13. Nothing in this Stipulation shall modify the terms and conditions of the Insurance Policy or the Indemnification Agreements, and the Individual Insureds are not precluded from, at any time, by motion or further stipulation, seeking further access to other insurance policies nor shall Trustee Lovato or the Debtor be precluded from opposing such request. This Stipulation, and any disputes that may arise out of this Stipulation, shall be subject to the jurisdiction of the Bankruptcy Court.

**STIPULATION**

Based on these facts, and subject to Bankruptcy Court approval, it is stipulated and agreed to, by and between the parties, that the Individual Insureds shall be permitted to enforce their rights and receive proceeds payable under (i) the Insurance Policy, and (ii) the Employment Agreements, where applicable.

---

[1] As defined in the Insurance Policy.

45405144.2

- 4 -

Dated: January 17, 2025      **HARTMAN & HARTMAN**

By: _/s/ Jeffrey L. Hartman_
    Jeffrey L. Hartman, Esq.
    *For Trustee Lovato*

Dated: January 17, 2025      **BARNES & THORNBURG LLP**

By: _[signature]_
    Lilit Asadourian
    *Attorneys for Robert L. Cook, Clifton Dubose, Jr., Joseph DeWoody, and Delvina Oelkers*

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

45405144.2
- 6 -
EX PARTE APPLICATION FOR ORDER APPROVING STIPULATION ALLOWING FOR ADVANCEMENT/PAYMENT UNDER AN INSURANCE POLICY

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES