# EXHIBIT C

# EXHIBIT C

**EMPLOYMENT AGREEMENT**

This EMPLOYMENT AGREEMENT (the "Agreement"), dated and effective as of September 7, 2021 (the "Effective Date"), by and between Hudspeth Operating, LLC, a Texas limited liability company (the "Company"), and Delvina Uka Oelkers, of Dallas, TX (the "Employee") (each of which a "Party" or, collectively, the "Parties").

W I T N E S S E T H:

WHEREAS, the Company desires to employ Employee for management and executive services, and Employee desires to serve the Company in those capacities, upon the terms and subject to the conditions contained in this Agreement;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the Parties hereto hereby agree as follows:

1. **Employment**.

(a) **Services**. Upon Effective Date, Employee will be employed by the Company as General Manager and shall provide services to the Company related to such officer appointment (the "Services"). Employee will report to the Company's Board of Managers (the "Board"). Employee agrees to devote sufficient business time, attention, and energies to the business of the Company as may be necessary to adequately promote the interests of the Company. The duties to be performed by the Employee hereunder shall be performed at the Employee's remote office location, and the Employee understands they are subject to reasonable travel requirements on behalf of the Company.

(b) **Acceptance**. At the commencement of the Term, Employee hereby accepts such employment and agrees to render the Services.

(c) **Outside Business Activities**. Notwithstanding anything to the contrary in this Agreement, the Company and Employee agree that Employee may engage in outside business activities, whether or not competitive with the Company and its affiliates (the "Outside Business Activities"). Employee and the Company further agree that Employee is not required to disclose to the Company or otherwise bring to the Company's attention knowledge of any potential transaction, agreement, arrangement, or business opportunity and specifically disclaim any such fiduciary duty or corporate opportunity doctrine.

2. **Term of Employment**. Employee's employment with the Company shall commence on the Effective Date and shall continue for an initial period of one (1) month (the "Initial Term"), unless sooner terminated pursuant to Section 4 of this Agreement. Following the Initial Term, the Agreement shall automatically renew and extend for additional one (1) month periods (each a "Renewal Term") and together with the Initial Term, the "Term").

3. **Compensation**. As compensation for the performance by Employee of the duties under this Agreement, the Company shall pay Employee as follows:

(a) **Base Salary**. The Company shall pay Employee a base salary equal to $32,083 per month, in accordance with the Company's regular payroll practices (the "Base Salary").

(b) **Reimbursement of Expenses**. For each month or portion thereof during the Term, the Company will reimburse Employee for health insurance premiums paid for such month for Employee and his or her eligible dependents in an amount of $3,000. Notwithstanding any other provision of this Agreement to the contrary or otherwise, to the extent any expense, reimbursement or in-kind benefit provided to Employee constitutes a "deferral of compensation" within the meaning of section 409A of the Internal Revenue Code of 1986, as amended (the "Code"), and its implementing regulations and guidance thereunder ("Section 409A"): (i) the amount of expenses eligible for reimbursement or in-kind benefits provided to Employee during any calendar year will not affect the amount of expenses eligible for reimbursement or in-kind benefits provided to Employee in any other calendar year; (ii) the

reimbursements for expenses for which Employee is entitled to be reimbursed shall be made on or before the last day of the calendar year following the calendar year in which the applicable expense is incurred, and (iii) the right to payment or reimbursement or in-kind benefits hereunder may not be liquidated or exchanged for any other benefit.

Company shall reimburse Employee for all normal, usual and necessary expenses incurred by Employee in furtherance of the business and affairs of the Company, including reasonable travel and entertainment, upon timely receipt by the Company of appropriate vouchers or other proof of Employee's expenditures and otherwise in accordance with any expense reimbursement policy as may from time to time be adopted by the Company, but, in no event, will Employee be reimbursed less frequently than monthly.

(c) **Withholding; Employee Status**. The Company shall withhold applicable federal, state and local taxes and social security and such other amounts as may be required by law from all amounts payable to Employee under this Section 3. Employee shall be classified as a W-2 employee and Company agrees to pay all employer-based taxes levied by any and all governmental agencies. Company hereby agrees to indemnify, defend, and pay all taxes and expenses of Employee for any claims made by any governmental agency that: (i) Employee is an independent contractor relative to the payments made under this Section 3 and is charged self-employment tax, and/or (ii) any taxes withheld have not been remitted to the appropriate governmental agency.

4. **Termination**. This Agreement may be terminated by either Party hereto upon two weeks' written notice.

5. **Compensation upon Termination**. If Employee's employment is terminated, the Company shall pay the Employee the Base Salary through the end of the month in which the Employee's employment is terminated.

6. **Indemnification**. The Company agrees to indemnify and defend to the fullest extent permitted by law if Employee was, is, or becomes a party to or witness or other participant in or is threatened to be made a party to or witness or other participant in, any threatened, pending, or completed action, suit, proceeding, or alternative dispute resolution mechanism, or any hearing, inquiry, or investigation that Employee in good faith believes might lead to the institution of any such action, suit, proceedings, or alternative dispute resolution mechanism, whether civil, criminal, administrative, investigative, or other (hereinafter, "Claim") by reason of (or arising in part out of) any event or occurrence related to the fact that Employee was an officer, employee, agent, or fiduciary of the Company, or was serving at the request of the Company as a director, officer, employee, agent, or fiduciary of another corporation, partnership, joint venture, trust, or other enterprise, or by reason of any action or inaction on the part of Employee while serving in such capacity against any and all expenses (including attorney's fees and all other costs, expenses, and obligations incurred in connection with investigating, defending, being a witness in, or participating in (including on appeal), or preparing to defend, be a witness in or participate in, any such action, suit, proceeding, alternative dispute resolution mechanism, hearing, injury, or investigation), judgments, fines, penalties, and amounts paid in settlement of such Claim and any federal, state, local, or foreign taxes imposed on Employee as a result of the actual or deemed receipt of any payments under this Agreement (collectively, hereinafter "Expenses"), including all interest, assessments, and other charges paid or payable in connection with or in respect of such Expenses. Such payment of Expenses shall be made by the Company as soon as practicable, but in any event no later than 20 days after written demand is presented to the Company.

7. **Insurance**. The Company agrees to provide workers compensation insurance for Employee.

8. **Miscellaneous**.

(a) This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of Texas, without giving effect to its principles of conflicts of laws.

(b)  **THE PARTIES AGREE THAT IN THE EVENT THAT LITIGATION ARISES OUT OF OR IS RELATED TO THIS AGREEMENT, ANY ACTION MUST BE BROUGHT IN MIDLAND COUNTY, TEXAS, AND BOTH PARTIES HEREBY CONSENT TO PERSONAL JURISDICTION THERE.**

(c)  This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective heirs, legal representatives, successors and assigns.

(d)  This Agreement cannot be amended orally, or by any course of conduct or dealing, but only by a written agreement signed by the Parties hereto.

(e)  The failure of either Party to insist upon the strict performance of any of the terms, conditions and provisions of this Agreement shall not be construed as a waiver or relinquishment of future compliance therewith, and such terms, conditions and provisions shall remain in full force and effect. No waiver of any term or condition of this Agreement on the part of either Party shall be effective for any purpose whatsoever unless such waiver is in writing and signed by such Party.

(f)  All notices, requests, consents and other communications, required or permitted to be given hereunder, shall be in writing. Any notice transmitted by facsimile, electronic communication in portable document format (.pdf), or similar transmission by any Party shall be deemed a written notice for purposes of this subsection (f).

(g)  This Agreement sets forth the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes any prior agreement in its entirety between the Parties in connection with the subject matter hereof. No representation, promise or inducement has been made by either Party that is not embodied in this Agreement, and neither Party shall be bound by or liable for any alleged representation, promise or inducement not so set forth. This Agreement shall have no effect on any outstanding liabilities (payroll or otherwise) owed by the Company to the Employee prior to the Effective Date of this Agreement.

(h)  The section headings contained herein are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

(i)  This Agreement may be executed in any number of counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.

SIGNATURES TO FOLLOW ON NEXT PAGE

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement to be effective as of the Effective Date.

HUDSPETH OPERATING, LLC

By: _____ *ken Rice* _____
       5364A14F40044D2...
Ken Rice, Manager


DELVINA UKA OELKERS

By: _____ *Delvina Oelkers* _____
       E253BBABBF9D474...
Delvina Uka Oelkers