*(signature)*
_____
Honorable Hilary L. Barnes
United States Bankruptcy Judge



Entered on Docket
April 11, 2025

___

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>Debtor. | Case No.: 24-50792-hlb<br>(Chapter 7)<br><br>**SUPPLEMENTAL ORDER CONFIRMING SALE OF CERTAIN ASSETS AND INTELLECTUAL PROPERTY ASSETS TO E INK CORPORATION PURSUANT TO 11 U.S.C. § 363(b)**<br><br>[Hearing Date: NA ]<br>[Hearing Time: NA ] |

The Court having granted **[ECF No. 1660]** (the "Sale Order") the Trustee's Motion for an Order Approving Online Auction For Sale Of Personal Property; Approving Division Of Proceeds Agreement With Landlord Pursuant To 11 U.S.C. § 503(b) **[ECF No. 1602]** (the "Sale Motion");

4920-6184-3763, V.1

1

And pursuant to the Sale Order, the online auction sale of the Debtor's assets was scheduled to and did take place on April 3, 2025 (the "Auction");

And pursuant to the Sale Order, the Trustee having caused notice of the Auction and Sale Motion to be given and no further notice being warranted or necessary;

And pursuant to the Sale Order, the Trustee's duly retained auctioneer, Great American Global Partners ("GA Global"), having conducted the Auction and having the authority to sell the Debtor's assets and intellectual property;

And E Ink Corporation ("E Ink"), the winning bidder at the Auction for certain assets and intellectual property assets of the Debtor's bankruptcy estate having requested the Trustee seek entry of this Confirmatory Sale Order;

And the Trustee having filed her Declaration dated April 11, 2025 in support of the entry of this Confirmatory Sale Order (the "Declaration");

And good cause appearing

**IT IS ORDERED AND CONFIRMED, THAT:**

1. The Trustee is authorized pursuant to 11 U.S.C. § 363(b) to sell the following assets (collectively, the "Acquired Assets") to E Ink, the winning bidder with respect to the Acquired Assets at the Auction:

    a. All property included in Lot # 83 at the Auction and described as OPENBUILDS ACTUATORS WITH STEPPER MOTORS;

    b. All property included in Lot # 101 at the Auction and described as SIMCO TOP GUN IONIZING AIR GUN PN: 4005105;

    c. All property included in Lot # 123 at the Auction and described as LOT OF (7) WAFER CASSETE CARRIERS;

    d. All property included in Lot # 215 at the Auction and described as 2021 COAST CONTROLS R2R EXPOSURE SYSTEM;

    e. All property included in Lot # 236 at the Auction and described as CEE SPIN COATER: MODEL: 100HXC, SN: 9601030, VOLTS: 120, WATTS: 400;

4920-6184-3763, V.1

    f. All property included in Lot # 239 at the Auction and described as LOT OF COAST CONTROLS SPARE PARTS: PN: 690+0003/230/CBN, 305-4000, EAMP-1001, 514C/040/000; and

    g. All property included in Lot # 1002 at the Auction and described as PLEASANTON RELATED IP FOR ROLL TO ROLL MACHINERY.

  2. Pursuant to 11 U.S.C. § 363(f), the Acquired Assets are sold and transferred free and clear of all liens, claims, encumbrances and other interests of any kind and nature, whether known or unknown, contingent or non-contingent, liquidated or unliquidated, with any and all such liens, claims, encumbrances and other interests to attach to the proceeds of such sale with the same validity, priority, force, and effect such liens, claims, encumbrances and other interests had on the Acquired Assets immediately prior to the Auction and subject to the rights, claims, defenses, and objections, if any, of the Trustee and all interested parties with respect to any such asserted liens, claims, encumbrances and other interests.

  3. E Ink is a good faith purchaser entitled to the benefits, protections and immunities afforded by 11 U.S.C. § 363(m) and the provisions of 11 U.S.C. § 363(n) have not been violated.

  4. With respect to the Acquired Assets, this Confirmatory Sale Order shall be sole and sufficient evidence of the transfer of title to E Ink, and the sale of the Acquired Assets shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Confirmatory Sale Order as sole and sufficient evidence of such transfer of title and shall rely upon this Confirmatory Sale Order in consummating the transactions contemplated hereby.

4920-6184-3763, V.1

1      5.    The 14-day stay requirement of F.R.Bankr.P. 6004(h) is waived.

2 Submitted by:

| **HARTMAN & HARTMAN** | **SULLIVAN & WORCESTER LLP** |
|---|---|
| */s/ Jeffrey L. Hartman* | /s/ *Keri L. Costello* |
| Jeffrey L. Hartman, Esq., | Keri L. Costello, Esq., |
| Attorney for Trustee | Attorney for E Ink Corporation |

# # #

4920-6184-3763, V.1

**ALTERNATIVE METHOD Re: RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_\_    The court has waived the requirement set forth in LR 9021(b)(1).

\_\_\_\_\_    No party appeared at the hearing or filed an objection to the paper.

\_\_\_\_\_    I have delivered a copy of the proposed order to all counsel who appeared at the hearing, any trustee appointed in this case and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below.

*Trustee's Counsel:*

  X    Prepared / Approved the form of this order

\_\_\_\_\_    Waived the right to review the order and/or

\_\_\_\_\_    Appeared at the hearing, waived the right to review the order

\_\_\_\_\_    Matter unopposed, did not appear at the hearing, waived the right to review the order

\_\_\_\_\_    Disapproved the form of this order

\_\_\_\_\_    Did not respond to the paper

*U.S. Trustee:*

\_\_\_\_\_    Approved the form of this order

\_\_\_\_\_    Disapproved the form of this order

\_\_\_\_\_    Waived the right to review the order and/or

\_\_\_\_\_    Did not respond to the paper

\_\_\_\_\_    Did not appear at the hearing or object to the paper

\_\_\_\_\_    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Submitted by:
**HARTMAN & HARTMAN**

/s/ *Jeffrey L. Hartman*
Jeffrey L. Hartman

4920-6184-3763, V.1