**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

RECEIVED
AND FILED    DLS

JUN 02 2025

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

**IN RE:**

Meta Materials Inc., Debtor.
Bankruptcy Case No. 24-50792-hlb

**MOTION TO STRIKE DEFAMATORY STATEMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

## I. INTRODUCTION

I, Jennifer Vetrano, appearing pro se and as an MMTLP shareholder, a single mother employed in the Biotechnology/Medical field affected by these proceedings, respectfully move this Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, made applicable through Federal Rules of Bankruptcy Procedure 7012(b) and 9014(c), to strike and remove from the record certain scandalous, defamatory, and prejudicial statements made by attorney James Wes Christian in Dkt. 1878-4, filed on April 23, 2025, and related filings.

The statements at issue include repeated references to me as a "Perpetrator," a "co-conspirator," and accusations that I am attempting to obstruct, impair, and derail legal proceedings, or that I act as a shield for persons under investigation (Exhibit A). These characterizations are false, unsupported by evidence, and serve no legitimate purpose in the administration of the MMAT bankruptcy estate.

## II. BACKGROUND AND STANDING

1

I am a pro se litigant in *Vetrano v. Brda et al.*, Case No. 7:24-cv-00325-DC-RCG (W.D. Tex.), and a documented holder of MMTLP securities. As such, I have a direct and substantial interest in the proceedings and investigatory actions related to Meta Materials Inc. and MMTLP. My standing in this case is firmly grounded in both my financial interests and the fact that defamatory accusations made by Mr. Christian threaten to impair my credibility, legal rights, and ability to engage in parallel proceedings.

---

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f), made applicable through Bankruptcy Rules 7012 and 9014, permits the court to "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Ninth Circuit has consistently held that "scandalous" material is that which improperly casts a derogatory light on someone, especially where it attacks moral character or suggests criminal conduct without basis. See *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds.

While motions to strike are generally disfavored, they are "relaxed somewhat in the context of scandalous allegations"—particularly where such allegations unfairly prejudice a party. *Interior Defendants' Motion to Strike Scandalous Material*, citing *5A C. Wright & A. Miller, Federal Practice and Procedure (Civil) § 1382*.

Bankruptcy courts have a responsibility to preserve the dignity of the process and to prevent pleadings from being used as vehicles for ad hominem attacks. See *In re Beverly Hills Bancorp*,

752 F.2d 1334 (9th Cir. 1984); *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

---

## IV. ARGUMENT

In Dkt. 1878-4, filed on April 23, 2025, attorney James Wes Christian made the following statements about me:

1. Referred to me as a **"Perpetrator."**

2. Labeled me a **"co-conspirator."**

3. Accused me of **obstructing and impairing** legal investigations.

4. Alleged that I was **acting as a shield** for individuals under scrutiny in ongoing or proposed litigation.

These statements are:

- **Immaterial**: They have no bearing on the actual bankruptcy administration. I am not a party to the bankruptcy case or an officer, director, or creditor of MMAT. These accusations have no legal or factual relevance to the estate's management.

- **False and Defamatory**: I have no financial background, am not affiliated with any hedge fund or insider group, and am not coordinating with any entity or individual under investigation. I am a biotech employee and shareholder who has exercised my right to pursue legal claims as a private citizen.

- **Scandalous and Prejudicial**: The use of words like "Perpetrator" and "co-conspirator" without any factual basis is inflammatory and improperly suggests criminal conduct. Courts have found such language to be strike-worthy when it reflects "cruelly" on

3

character or detracts from the dignity of the proceedings. See *Skadegaard v. Farrell*, 578 F. Supp. 1209 (D.N.J. 1984).

- **Deliberately Harmful**: The defamatory language appears designed to undermine my standing in related litigation and to chill legitimate protected petitioning activity in federal court. The timing of Mr. Christian's statements—after I filed an objection to his appointment as special counsel—suggests retaliatory motive.

- **Contrary to Due Process**: The Supreme Court in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) emphasized the constitutional necessity of fairness and neutrality. Mr. Christian's dual role as both investigator and adversary undermines these principles.

## V. REQUEST FOR RELIEF

For the foregoing reasons, I respectfully request the Court:

1. **Strike and remove** from the record all defamatory statements made by James Wes Christian that:
   - Refer to me as a "Perpetrator" or "co-conspirator";
   - Accuse me of obstructing or derailing litigation; or
   - Allege that I act as a shield for individuals under investigation.

2. **Instruct all parties** and attorneys in this case to refrain from further publishing defamatory or unsupported accusations against me in bankruptcy filings.

3. **Issue such additional relief** as this Court deems appropriate to preserve the dignity of these proceedings and protect pro se stakeholders from reputational harm.

## VI. CONCLUSION

The defamatory assertions made by Mr. Christian have no place in a federal court record. They are irrelevant to the proper administration of the bankruptcy estate, unsupported by facts, and deeply damaging to a pro se litigant with legitimate legal interests. Accordingly, I request this Court exercise its discretion under Rule 12(f) and strike the statements identified above.

Respectfully submitted,

Respectfully submitted,

/s/ Jennifer Vetrano

Jennifer Vetrano, Pro Se

25 Pond Hollow Lane
West Creek, NJ 08092
Email: jvetrano999@gmail.com
Phone: 908-783-0105

Date: May 27, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2025, a true and correct copy of the foregoing Motion to Strike Defamatory Statements Pursuant to Federal Rule of Civil Procedure 12(f) was sent to the Nevada Bankruptcy court to electronically filed with the Clerk of the Court using the CM/ECF system,

which will send notification of such filing to all counsel of record and parties authorized to

receive electronic notice.

/s/ Jennifer Vetrano

Jennifer Vetrano

**Exhibit A**

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.: 24-50792-hlb |
| META MATERIALS INC., | (Chapter 7) |
| Debtor. | **FIRST AMENDED DECLARATION OF JAMES W. CHRISTIAN IN SUPPORT OF APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY THE LAW FIRM OF CHRISTIAN ATTAR AS SPECIAL COUNSEL [F.R.BANKR.P. 2014]** |
| | Hearing Date: N/A<br>Hearing Time: |

James W. Christian, under penalty of perjury of the laws of the United States, declares:

1.    I am a resident of Texas, and I am a member in good standing with the State Bar of Texas since 1978. My C.V. is attached hereto as Exhibit "A".

2.    I have personal knowledge of the matters stated herein.

3.    I am the senior partner in the law firm of Christian Attar ("Christian Attar"), located in Houston, Texas. Christian Attar does not hold any interest adverse to the Meta Materials, Inc. chapter 7 estate ("Estate"), or any of its related subsidiaries.

4.    To the best of my knowledge, there are no connections which Christian Attar, and/or any of its employees, have with the Estate's creditors, shareholder or other parties-in-interest and their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee, related to this matter.

1

5.      Since my Declaration executed on October 31, 2024, [ECF No. 99], I was asked by Next Bridge Hydrocarbon, Inc. ("Next Bridge") to defend it against numerous pro se lawsuits filed in the Western District of Texas (the "Pro Se Cases"). A list of the Pro Se Cases are as follows:

- Case No. 24-cv-00317-DC-RG *Contique Willcot v. Securities and Exchange Commission, et al*; In the United States District Court Western District of Texas Midland-Odessa Division

- Case No. 7:24-CV-321-DC-RCG; *Danielle Spears v. Next Bridge Hydrocarbons, Inc., et al*; In the United States District Court Western District of Texas Midland-Odessa Division

- Case No. 7:24-CV-322; *Matthew J. Pease v. Securities & Exchange Commission, et al*; In the United States District Court for the District of Western Texas

6.      In addition, the same group of collective pro se plaintiffs have filed numerous other pro se lawsuits (the Other Pro Se Lawsuits) in which Christian Attar is not involved. The point being it is important for the Court to understand the scope and intent of what the pro se plaintiffs have done to harm Meta. Some of the Other Pro Se Lawsuits have been filed but not served. *See* Exhibit "B" attached hereto.

7.      It is my belief that the Pro Se Cases and the Other Pro Se Lawsuits are a coordinated effort to obstruct the efforts of the Bankruptcy Estate to hold accountable all parties who previously manipulated the securities of Meta Materials, Inc. ("Meta"). This includes many of the Pro Se Cases suing former officers and/or directors of Meta.[1]

8.      The full factual analysis that act as a basis of my belief that the Pro Se Cases are a coordinated effort, is more fully set forth in my letter to Trustee's counsel, Jeffrey Hartman dated April 16, 2025, attached as Exhibit "D" (including all exhibits therein) (hereinafter the "Letter").

---

[1] Note that in some Pro Se Cases notice of bankruptcy has been filed due to the automatic stay in place. *See* Exhibit "C" attached hereto.

2

9.      As stated in the Letter, I did not (and still do not) believe Christian Attar's representation of Next Bridge in the Pro Se Cases was a conflict or caused me to cease to be disinterested. However, after further consideration, I have decided to withdraw from representing Next Bridge in the Pro Se Cases as I do not want this onslaught of the Pro Se Cases (and my involvement therein) to continue to harass the office of the Trustee, Christina Lavato, and more importantly this Honorable court, the Honorable Hilary L. Barness presiding.

10.      Lastly, as set forth in the Letter, our firm will be filing a case ("New Case") on behalf of Next Bridge against certain defendants alleging tortious interference with the Orogrande Lease, certain existing and potential relations of Next Bridge and related claims.

11.      The New Case will be on behalf of Next Bridge only and has nothing to do with, and is in no way related to Meta, the Bankruptcy Estate or otherwise.

12.      As such, there is no conflict for the Christian Attar firm and its attorneys to handle the New Case.

13.      Accordingly, once the New Case is filed on behalf of Next Bridge, Christian Attar will still remain disinterested persons (within the meaning of 11 U.S.C. § 101(14) and 327 and 328).

DATED: April 23, 2025.

**CHRISTIAN ATTAR**

_____

James W. Christian, Esq.

# EXHIBIT A

# EXHIBIT A



# CHRISTIANATTAR

1177 W. Loop South, Suite 1700
Houston, Texas 77027
Phone: 713.659.7617
Fax:  713.659.7641

## James Wesley ("Wes") Christian - Partner



*jchristian@christianattarlaw.com*

Wes is a fourth generation Texan, who has handled complex litigation in at least eight different states and two countries.  Most of these cases have been in State or Federal Courts; some have been complex arbitrations.

He is licensed to practice in 14 Courts across the U.S. and everywhere in Texas and New York.  His primary focus in the last several years has been suing Wall Street for stock manipulation; oil and gas companies for royalty fraud and banks for aiding and abetting Ponzi schemes.  He has also handled many disputes involving breach of contract, fraud, wrongful death, and intellectual property, breach of fiduciary duty and serious personal injuries or wrongful death actions.

### Education

- Keller High School, 1971
- Bachelor of Science, West Texas State A&M University, 1975
- Doctor of Jurisprudence, South Texas College of Law, 1978

### Work History

- 1978 - 1979  Associate, Morris McCann
- 1978 - 1988  Partner, Margraves Kennerly & Schueler
- 1988 - Present Managing Partner, Christian Attar Law (formerly Christian Smith & Jewell)/James W. Christian, P.C.

### Professional Affiliations

- United States Court of Appeals
- United States Court of Customs and Patent Appeals
- Fifth Circuit Court of Appeals
- United States Court of Claims
- United States Tax Court
- United States District Court, Northern District of Texas
- United States District Court, Southern District of Texas
- United States District Court, Eastern District of Texas
- United States District Court, Western District of Texas
- United States District Court, Western District of Arkansas
- United States District Court, Western District of Colorado
- United States District Court, Delaware
- United States District Court
- United States Bankruptcy Court, Delaware
- United States District Court of Central District of California
- United States District Court of Northern District of California
- United States District Court, Southern District of New York
- United States District Court, Northern District of California
- United States Court of Appeals for the Eighth Circuit
- United States Court of Appeals for the Ninth Circuit

### Professional Leadership Involvement

- State Bar of Texas, 1978 - Present
- State Bar of New York, 2005 - Present
- American Association for Justice, 2003 - Present
- American Bar Association, 1978 - Present

*www.christianattarlaw.com*



# CHRISTIANATTAR

1177 W. Loop South, Suite 1700
Houston, Texas 77027
Phone:  713.659.7617
Fax:  713.659.7641

- Houston Bar Association, 1978 - Present
- Member of Advanced Evidence & Discovery Committee - State Bar of Texas, 2006 - 2010
- Life Fellow of the Texas Bar Foundation
- Energy Institute - Speaker, 2006
- Advanced Evidence & Discovery Committee - Member/Speaker, 2006 – 2010
- "Who We Are As Lawyers" - Speaker, 2006 – Present
- Jury Awareness Committee, State Bar of Texas, 2006 – 2007
- Texas Legends Committee - Chairman, 2006 – 2010
- Texas Legends Committee - Co-Chairman, 2011 - 2014
- Annual Meeting, State Bar of Texas - Co-Chairman, 2011 – 2012
- Frequent speaker at SMU, South Texas College of Law, Texas Wesleyan Law School, and others on Role of a Lawyer in Our Society, 2007 – Present)
- Elected Secretary of Litigation Council of the State Bar of Texas, 2015 – 2016
- Elected Treasurer of Litigation Council of the State Bar of Texas, 2016 – 2017
- Elected Chair Elect of Litigation Council of the State Bar of Texas, 2017 – 2018
- Elected Chair of Litigation Council of the State Bar of Texas, 2018 – 2019
- Committee Member, Legends Committee, 2020 – Present
- Chair Emeritus of Litigation Council of the State Bar of Texas, 2020 - Present

## Publications, Speeches & Law Review Articles

- Energy Institute Seminar, Houston, Texas - February 16-17, 2006:  Topic- "Alien Tort Claims and Other Ways to Obtain Jurisdiction Over Foreign Corporations Affiliated with U.S. Corporations"
- Advanced Evidence and Discovery, Houston, Texas (April 26-27, 2006); Dallas, Texas (May 11-12, 2006); San Antonio, Texas (May 25-26, 2006): Topic – "Extra-Jurisdictional Domestic and International Civil Litigation: A Guide for Practitioners"
- Advanced Evidence and Discovery, Houston, Texas (April 19-20, 2006); Dallas, Texas (May 3-4, 2006); San Antonio, Texas (May 17-18, 2006):  Topic – "Internet Discovery and how to use it."
- University of Houston Law Review; Spring, 2007; Naked Short Selling: How Exposed are Investors.
- Committee Member Jury Awareness State Bar of Texas, Houston, Texas, 2006-2007 Topic – "The Importance of Our Great American Jury System"
- Advanced Evidence and Discovery, Houston, Texas (April 19-20, 2007); Dallas, Texas (May 3-4, 2007); San Antonio, Texas (May 17-18, 2007):  Topic – "Daubert Challenges."
- Advanced Evidence and Discovery, Houston; San Antonio, Texas (May 22-23, 2008):  Topic – "Expert Witnesses."
- 2009 Advanced Evidence and Discovery, Houston Texas:  Topic – "Musical Chairs: Apportioning Responsibility."
- Litigation Update, Dallas, Texas; Houston, Texas (January 19-20, 2012): Topic – "Who We Are As Lawyers."
- Litigation Update, Austin, Texas; (January, 2013): Topic – "Becoming a Texas Legal Legend."
- State Bar of Texas Annual Meeting, Dallas, Texas; (June, 2013): Induction of Honorable Royal Ferguson and Francis Scott Baldwin Sr.
- Litigation Update, Austin, Texas; (January, 2014): Topic – "15 Keys to Winning a Jury Trial"
- State Bar of Texas Legends Committee, Lubbock, Texas; (April, 2014): Induction of Forrest Bowers as a Texas Legal Legend.
- State Bar of Texas Legends Committee, Austin, Texas; (June, 2014): Induction of Bob Black as a Texas Legal Legend.
- State Bar of Texas Legends Committee, Waco, Texas; (November, 2014): Induction of George Chandler as a Texas Legal Legend.
- 31st Annual Litigation Update Institute, San Antonio, Texas; (January 15-16, 2015): Topic – "How to Effectively Use Expert Witnesses."
- State Bar of Texas Legends Committee, Lubbock, Texas; (September 11, 2015): Induction of Mary Lou Robinson as a Texas Legend.
- State Bar of Texas Legends Committee, Houston, Texas; (November, 2015): Induction of Judge Ruby Kless Sondock as a Texas Legal Legend.
- University of Houston, Houston, Texas; (February 9, 2016): Importance of Lawyers in Society.
- Amarillo Bar Association, Amarillo, Texas; (April 28, 2016):  Preparing, Presenting and Cross-Examination of Experts.
- Litigation Update Institute, San Antonio, Texas; (January 26-27, 2017).
- State Bar of Texas Legends Committee, (Dallas, Texas): January, 2017): Induction of Ron White as a Texas Legend.
- Litigation Council Spring Meeting, South Padre, Texas; (March 30-31, 2017).



# CHRISTIAN ATTAR

1177 W. Loop South, Suite 1700
Houston, Texas 77027
Phone: 713.659.7617
Fax: 713.659.7641

- State Bar of Texas Legends Committee, Austin, Texas; (April, 2017): Inductions of Lloyd Lochridge and Pat Lochridge as a Texas Legend.
- State Bar of Texas Legends Committee, Lubbock, Texas; (April, 2017): Induction of Tom Morris as a Texas Legend.
- Litigation Council Fall Meeting, Ft. Davis, Texas; (October 6-7, 2017).
- Litigation Update, Austin, Texas; (January 11-12, 2018).
- State Bar of Texas Legends Committee, Dallas, Texas; (January, 2018): Induction of Harriet Miers as a Texas Legend.
- State Bar of Texas Legends Committee, San Antonio, Texas; (October, 2018): Induction of Jim Harrington as a Texas Legend.
- Litigation Update, San Antonio, Texas; (January 17-18, 2019).
- Litigation Spring Meeting, Memphis, Tennessee; (April 17-19, 2019).
- Litigation Annual Meeting, Austin, Texas; (June 13-14, 2019).
- Litigation Update, Houston, Texas; (December 2022); Business Tort and Disputes Update.
- Naked Short Selling – How Exposed Are Investors, Cleveland Bar Association; (February 2023)

## Firm News & Articles

- Jennifer Hiller, Suits on Royalties Emerging in Shale, **SAN ANTONIO EXPRESS-NEWS**, Mar. 14, 2016
- Rebecca Davis O'Brien and Louise Radnofsky, Treatment of Elite Gymnasts Under Scrutiny, **THE WALL STREET JOURNAL**, Feb. 17, 2016
- Nancy Armour and Rachel Axon, Suit puts heat on Karolyis, **USA TODAY**, Feb. 17, 2017
- Jennifer Hiller, Suits on Royalties Emerging in Shale, **SAN ANTONIO EXPRESS-NEWS**, Mar. 14, 2016
- Liz Moyer, Signature Bank is Sued Over Ties to Ponzi Scheme, **NEW YORK TIMES**, Feb. 24, 2016
- Insolvency, Regulatory, The Enablers of the Fraudsters, Part 1, **ALLABOUTALPHA**, Sept. 1, 2015
- Helen Avery, JPMorgan's Trading Loss Proves Volcker Rule Won't Work, **EUROMONEY**, May 24, 2012
- Joe Meyers, "Naked Short Selling" Probed in New Documentary, **THE NEWS-TIMES**, Apr. 12, 2012
- BofA, Goldman, Others Settle Taser Short Selling Suit, **LAW 360**, Jun 20, 2011
- Helen Avery, Banking: Litigation Could Seriously Damage Banks' Health, **EUROMONEY**, Apr. 15, 2011
- Christopher Faille, But What if Compliance Officers Do Their Jobs, **HEDWORLD.com**, Apr. 15, 2011
- Michelle Massey, Marshall Lawyer Sue Beaumont Accounts After Losing $6M in Market Collapse, **THE SOUTHWEST TEXAS RECORD**, Oct. 12, 2010
- Frank Geary, Police Union Paid Top Dollar for New Offices, **LAS VEGAS REVIEW-JOURNAL**, Aug. 2, 2009
- Christopher Faille, Christian Reflects on Mangan,Gryphon, **HEDGEWORLD.com**, Jan. 9, 2008
- John R. Emschwiller and Kara Scannell, Blame the 'Stock Vault'? Clearinghouse Faulted On Short-Selling Abuse; Finding the Naked Truth, **NY SUN**, Jul 5, 2007
- Judith Burns, SEC Economists Reject Claims On 'Naked' Short Sales, **DOW JONES NEWSWIRES**, Apr. 23, 2007
- CFO Staff, Naked Hunch: Overstock.com kicks its fight against short-sellers up a notch; the PCAOB debates the merits of mandatory fraud audits; state health-care reforms could cause headaches for Corporate America; and more, **CFO MAGAZINE**, Apr. 01, 2007
- Christopher Faille, Grassley Touts Regulation on Behalf of 'Average Joe', **LIPPER HEDGEWORLD**, Mar. 08, 2007
- Danny King and Gary Matsumoto, Overstock.com Sues Brokers for Stock Manipulation, **BLOOMBERG**, Feb. 2, 2007
- Liz Moyer, Naked Short Victim Strikes Back, **FORBES.com**, Feb. 2, 2007
- Joseph Sternberg, Naked Shorting, **NY SUN**, Aug 29, 2006
- Bob Drummond, Games Short Sellers Play, **BLOOMBERG**, Aug. 16, 2006
- Judith Burns, Legal Wrangling Continues In Case vs. Ex-Refco Brokers, **DOW JONES NEWSWIRES**, Aug. 8, 2006
- Kara Scannell, 'Not MY Stock': The Latest Way to Fight Shorts, **THE WALL STREET JOURNAL**, Aug. 2, 2006
- Liz Moyer, Hedge Fund Hell, **FORBES**, Jul 28, 2006
- The Economist Staff, Betting on losers, **THE ECONOMIST**, Jun 22nd 2006
- Joseph Sternberg, Loaded for Bear, **NY SUN**, May 23, 2006
- Dan Dorfman, Justice Department Eyes Overstock.com Fight, **NY SUN**, May 22, 2006
- Dan Dorfman, Overstock.com May Seek $1 Billion From Rocker Partners, **NY SUN**, May 12, 2006
- Todd Mason, SEC wants to know if backers made money by trying to kill it, **PHILADELPHIA INQUIRER**, Apr. 23, 2006
- Todd Mason, SEC says brokerages manipulated shares, **PHILADELPHIA INQUIRER**, Apr. 5, 2006
- Jane Sassen, The Secret Lives of Short Sellers: the Rise of Hedge Funds and Indie Research Raises New Questions About a Shadowy World, **BUSINESS WEEK**, Apr. 10, 2006
- Daniel Kadlec, Watch Out, They Bite!  How Hedge Funds Tied to Embattled Broker Refco Used "Naked Short Selling" to Plunder Small Companies, **TIME**, Nov. 14, 2005 (SPECIAL ISSUE: INSIDE BUSINESS, December 2005)
- Helen Avery & Peter Koh, The Curious Incident of the Shares that Didn't Exist, **EUROMONEY**, Vol. 36, No. 432, Apr. 2005



# CHRISTIANATTAR

1177 W. Loop South, Suite 1700
Houston, Texas 77027
Phone:  713.659.7617
Fax:  713.659.7641

- Helen Avery, SEC Seeks to Curb Naked Ambition, **EUROMONEY**, Vol. 36, No. 432, Apr. 2005
- Peter Koh, Stung by the German Connection, **EUROMONEY**, Vol. 36, No. 432, Apr. 2005
- Rob Wherry, Wall Street's Next Nightmare? Flamboyant Litigator John O'Quinn is Gunning for Another Bonanza: The Entire Trading System in Penny Stocks, **FORBES**, Oct. 13, 2003
- Edward Robinson, The Outsiders, **BLOOMBERG MARKETS**, Jul. 2003
- Matthew McClearn, Predator or Prey?  Amid a Flurry of Lawsuits and Countersuits, the Murky world of Death-spiral Financings-Ones in Which Toronto Financier Mark Valentine Loomed Large-is Coming to Light, **CANADIAN BUSINESS**, Oct. 28, 2002
- Brandon Copple, Sinking Fund. Have Financiers Torpedoed Struggling Small Companies They Were Supposedly Helping? Lawsuits Raise Some Ugly Accusations, **FORBES**, Jun. 10, 2002

### Radio Appearances

- Tim Connolly's Winning Strategies – Re: Stock Fraud on Wall Street, April 29, 2011
- Tim Connolly's Winning Strategies – Re: Spiraling costs of litigation and how "David can still fight Goliath", Feb. 11, 2011
- Tim Connolly's Winning Strategies – Re: Insider Trading Issues, Dec. 3, 2010
- Tim Connolly's Winning Strategies – Re: Mortgage Fraud, Nov. 5, 2010
- Tim Connolly's Winning Strategies – Re: FIN REG, July 30, 2010
- Tim Connolly's Winning Strategies – Re: Naked Short-Selling, June 3, 2010
- Tim Connolly's Winning Strategies – Re: Flash Crash, May 7, 2010

### Documentaries

- Brown Saddle Films, **Wall Street Conspiracy**
- Bloomberg T.V. Special, **Phantom Shares**
- Sandra Mohr, Mohr Productions - **Stock Shock**
- HBO Max - **Gaming Wall Street**

### T.V. Appearances

- Brown Saddle Films, **Wall Street Conspiracy**
- Fox Business News - Charles Payne – What is Naked Short Selling
- Fox Business News - Charles Payne - Mullen Automotive

**All firm news, articles, documentaries, radio and T.V. appearances can be found on our firm website at: www.christianattarlaw.com**

# EXHIBIT B

# EXHIBIT B

EXHIBIT "B"

## OTHER PRO SE LAWSUITS:

- CASE NUMBER: 2:24-cv-00782; *Scott Traudt v. Ari Rubenstein et al*; In the United States District Court for the District of Vermont

- CASE NUMBER: 2:24-cv-01360; *Traudt v. Gensler WOM*; In the United States District Court for the District of Vermont

- CASE NUMBER: 3:24cv03058: *Brad Davis v. Next Bridge Hydrocarbons, Inc.; et al*; In the United States District Court for the Northern District of Texas

- CASE NUMBER: 7:2024cv00318; *Daniel Auxier, Marcos E. Monteiro v. Securities & Exchange Commission et al*; In the United States District Court for the Western District of Texas

- CASE NUMBER: 7:24-cv-00325: *Jennifer Vetrano v. Securities & Exchange Commission et al*; In the United States District Court for the Western District of Texas

- CASE NUMBER: 3:24-cv-02053; *Jason Rolo v. Securities & Exchange Commission et al*; In the United States District Court for the District of Connecticut

# EXHIBIT C

# EXHIBIT C

Case 24-50792-hlb   Doc 1976   Entered 06/03/25 09:11:45   Page 19 of 42
Case 24-50792-hlb   Doc 1878-3   Entered 04/23/25 14:13:26   Page 2 of 10
Case 7:24-cv-00325-DC-RCG   Document 16   Filed 03/21/25   Page 1 of 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| JENNIFER VETRANO,<br>*Plaintiff,*<br><br>v.<br><br>JOHN BRDA, ALLISON CHRISTILAW, MBA, ICD.D B, JOHN R. HARDING, UZI SASSON, DAN EATON ESQ, MAURICE GUITTON, ERIC M. LESLIE, PHILIPPE MORALI, KEN HANNAH, STEEN KARSBO, JOHN DOES 1-20, JANE DOES 1-20,<br>*Defendants.* | EXHIBIT "C"<br><br>**CASE NO. 7:24-CV-00325-DC-RCG** |

**NOTICE OF CHAPTER 7 BANKRUPTCY CASE & IMPOSITION
OF AUTOMATIC STAY**

NOTICE is hereby given that Meta Materials Inc. filed for protection under Chapter 7 of the United States Bankruptcy Code on August 9, 2024, in the United States Bankruptcy Court for the District of Nevada Case No. 24-50792. A copy of the Filed Voluntary Petition is attached to this notice. The automatic stay under 11 U.S.C. § 362 is in effect which operates to stay commencement or continuation, including the issuance or employment of process, of a judicial, any act to obtain possession of property of the bankruptcy estate or of property from the bankruptcy estate or to exercise control over property of the bankruptcy estate.

FURTHER NOTICE is hereby given that when a suit is brought by stockholders on behalf of a corporation against its non-bankrupt directors and officers, the stockholders "assert[] a cause of action belonging to the corporation."[1] Upon the corporation's filing of bankruptcy, such derivative claims for injury to the debtor from "actionable wrongs committed by the debtors' officers and director[s] become property of the estate under 11 U.S.C. § 541" and the right to bring

---

1   *Rales v. Blasband*, 634 A.2d 927, 932 (Del. 1993).

180539575.1

Case 24-50792-hlb    Doc 1976    Entered 06/03/25 09:11:45    Page 20 of 42
Case 24-50792-hlb    Doc 1878-3    Entered 04/23/25 14:13:26    Page 3 of 10
Case 7:24-cv-00325-DC-RCG    Document 16    Filed 03/21/25    Page 2 of 9

the claims "vests exclusively to the [bankruptcy] trustee."[2] Under 11 U.S.C. § 362(a)(3), a plaintiff who asserts such derivative claims in a different forum would be acting to exercise control over property of the estate and violate the automatic stay."[3]

Dated: March 21, 2025

Respectfully submitted,

/s/ John R. Hardin
John R. Hardin
JohnHardin@perkinscoie.com
Texas State Bar No. 24012784
**PERKINS COIE LLP**
500 N. Akard Street, Ste. 3300
Dallas, TX 75201
Telephone: (214) 965-7700
Facsimile: (214) 965-7793

*Attorney for Defendants*
UZI SASSON and PHILIPPE MORALI

---

2       *Thornton v. Bernard Technologies, Inc.*, 2009 Del. Ch. LEXIS 29, 2009 WL 426179, at *3 (Del. Ch. Feb. 20, 2009) (quoting *In re RNI Wind Down Corp.*, 348 B.R. 286, 292 (Bankr. D. Del. 2006)).

3       *See In re Black Elk Energy Offshore Operations, LLC*, 2016 Bankr. LEXIS 2708, 2016 WL 4055044, at *2 (Bankr. S.D. Tex. 2007) ("If the claims belong to the estate, it would violate the automatic stay for the [plaintiffs] to exercise control over them").

Case 24-50792-hlb    Doc 1976    Entered 06/03/25 09:11:45    Page 21 of 42
Case 24-50792-hlb    Doc 1878-3    Entered 04/23/25 14:13:26    Page 4 of 10
Case 7:24-cv-00325-DC-RCG    Document 16    Filed 03/21/25    Page 3 of 9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon all counsel of record via e-filing through the Court's CM/ECF portal on March 21, 2025.

/s/ John R. Hardin
John R. Hardin

Case 24-50792-hlb    Doc 1976    Entered 06/03/25 09:11:45    Page 22 of 42
Case 24-50792-hlb    Doc 1878-3    Entered 04/23/25 14:13:26    Page 5 of 10
Case 24-50792-hlb    Doc 1    Entered 08/09/24 16:03/20/25 Page 4 of 9

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEVADA

Case number *(if known)* _____    Chapter    7

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Meta Materials Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 74-3237581 |

4. **Debtor's address**

**Principal place of business**

5880 W. Las Positas Blvd, Suite 51
Pleasanton, CA 94588
Number, Street, City, State & ZIP Code

Alameda
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

5. **Debtor's website (URL)**    www.metamaterial.com

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Case 24-50792-hlb   Doc 1976   Entered 06/03/25 09:11:45   Page 23 of 42
Case 24-50792-hlb   Doc 1878-3   Entered 04/23/25 14:13:26   Page 6 of 10
Case 24-50792-hlb   Doc 1   Document 08/09/24 05:06:20 Page 4 of 9

Debtor   Meta Materials Inc. _____   Case number (*if known*) _____
         Name

**7.** **Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

5417

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☒ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| | | | | |
|---|---|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor _____ | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

Case 24-50792-hlb    Doc 1976    Entered 06/03/25 09:11:45    Page 24 of 42
Case 24-50792-hlb    Doc 1878-3    Entered 04/23/25 14:13:26    Page 7 of 10
Case 24-cv-00325-JDC-JPM    Document 1    Filed 03/20/25    Page 6 of 9

Debtor __Meta Materials Inc.__     Case number (*if known*) _____
     Name

**11. Why is the case filed in this district?**      *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
      Contact name _____
      Phone _____

---

| | Statistical and administrative information |
|---|---|

**13. Debtor's estimation of available funds**      *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☒ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☒ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Case 24-50792-hlb    Doc 1976    Entered 06/03/25 09:11:45    Page 25 of 42
Case 24-50792-hlb    Doc 1878-3    Entered 04/23/25 14:13:26    Page 8 of 10
Case 24-50792-hlb    Doc 1    Document 08/09/24 16:03:00/20/25 Page 4 of 9

| Debtor | Meta Materials Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/09/2024
                MM / DD / YYYY

Signed by:

X _Uzi Sasson_                                     Uzi Sasson
  1B8FAEEE2D9D4C6...
  Signature of authorized representative of debtor    Printed name

Title    Chief Executive Officer

---

**18. Signature of attorney**    X _/s/ Andrea J. Driggs_        Date    08/09/2024
                                                                        MM / DD / YYYY

Bradley A. Cosman
Andrea J. Driggs
Printed name

Perkins Coie LLP
Firm name

2525 E. Camelback Road, Suite 500
Phoenix, AZ 85016-4227
Number, Street, City, State & ZIP Code

Contact phone    602.351.8000        Email address    bcosman@perkinscoie.com
                                                      adriggs@perkinscoie.com

Bradley A. Cosman (AZ 026223) Andrea J. Driggs (NV 15211)
Bar number and State

---

Case 24-50792-hlb   Doc 1976   Entered 06/03/25 09:11:45   Page 26 of 42
Case 24-50792-hlb   Doc 1878-3   Entered 04/23/25 14:13:26   Page 9 of 10
Case 24-50792-hlb-DC-BOG12   Document 0361/Filed 03/27/25Page 9 of 9

| Information to identify the case: | | |
|---|---|---|
| Debtor | **META MATERIALS INC.** <br> Name | EIN: 74-3237581 |
| United States Bankruptcy Court   District of Nevada | | Date case filed for chapter:   7   8/9/24 |
| Case number:   **24-50792-hlb** | | |

## Official Form 309D (For Corporations or Partnerships)

# AMENDED
### Notice of Chapter 7 Bankruptcy Case -- Proof of Claim Deadline Set

03/24

For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

Do not file this notice with any proof of claim or other filing in the case.

| | | |
|---|---|---|
| **1. Debtor's full name** | META MATERIALS INC. | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 5880 W. LAS POSITAS BLVD, SUITE 51 <br> PLEASANTON, CA 94588 | |
| **4. Debtor's attorney** <br> Name and address | ANDREA J. DRIGGS <br> PERKINS COIE LLP <br> 2525 EAST CAMELBACK ROAD <br> SUITE 500 <br> PHOENIX, AZ 85016 | Contact phone 602-351-8328 <br> Email adriggs@perkinscoie.com |
| **5. Bankruptcy trustee** <br> Name and address | CHRISTINA W. LOVATO <br> P.O. BOX 18417 <br> RENO, NV 89511 | Contact phone (775) 851 1424 |
| **6. Bankruptcy clerk's office** <br> Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 300 Booth Street <br> Reno, NV 89509 | Office Hours 9:00 AM - 4:00 PM <br><br> Contact phone (775) 326-2100 <br><br> Date: 8/12/24 |
| **7. Meeting of creditors** <br> The debtor's representative must attend the meeting to be questioned under oath. <br> Creditors may attend, but are not required to do so. | **September 5, 2024 at 02:00 PM** <br> The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: <br> Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 203 264 8863, and Passcode 2236554201, OR call 1 775 285 9435 |
| | **For additional meeting information go to https://www.justice.gov/ust/moc** | |
| | | For more information, see page 2 > |

Case 24-50792-hlb   Doc 1976   Entered 06/03/25 09:11:45   Page 27 of 42
Case 24-50792-hlb   Doc 1878-3   Entered 04/23/25 14:13:26   Page 10 of 10
Case 24-50792-hlb   Doc 612   Document 1 Filed 03/24/25 Page 9 of 9

Debtor **META MATERIALS INC.**  Case number **24–50792–hlb**

| 8. **Deadlines**<br>The bankruptcy clerk's office must receive proofs of claim by the following deadlines. | **Deadline for all creditors to file a proof of claim (except governmental units):**  Filing deadline: **10/18/24** |
| --- | --- |
| | **Deadline for governmental units to file a proof of claim:**  Filing deadline: **2/5/25** |
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.  Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| 9. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. **Liquidation of the debtor's property and payment of creditors' claims** | The bankruptcy trustee listed on the front of this notice will collect and sell the debtor's property. If the trustee can collect enough money, creditors may be paid some or all of the debts owed to them, in the order specified by the Bankruptcy Code. To ensure you receive any share of that money, you must file a proof of claim, as described above. |

# EXHIBIT D

# EXHIBIT D



# CHRISTIANATTAR

**James W. Christian**
*jchristian@christianattarlaw.com*

April 16, 2025

***Via Email Only***
Jeffrey L. Hartman
jlh@bankruptcyreno.com

**Re:** **(a) Concurrent Representation of Meta Materials Inc. ("Meta") and Next Bridge Hydrocarbons, Inc. ("NBH")– No Conflict of Interest and (b) Emails from Jennifer Vetrano and Danielle Spears (collectively, the "Perpetrators") to Christina Lovato**

Dear Jeffrey:

As the former chair of the Litigation Section of the State Bar of Texas (where I am presently emeritus), I take allegations of conflicts of interest seriously. However, I take issue with individuals who attempt to falsely create an apparent conflict for nefarious purposes. As explained below, the Perpetrators (along with their other co-conspirators) are attempting to obstruct, impair, and derail our legal cases against market manipulators by fabricating/spinning a supposed conflict. The Perpetrators have:

a.       filed numerous bizarre and incoherent pro se complaints in federal court (which are all very similar in nature) against Meta, NBH, Gregory McCabe, et, al.;

b.       filed a grievance against me to the State Bar of Texas (where my record is pristine). Ms. Vetrano's complaint is that I sent an evidence preservation letter that is too aggressive[1]. I am certain the complaint will be dismissed as it was simply a standard evidence preservation letter; and

c.       held Space Calls and distributed tweets on X and other platforms attempting to obstruct and impair our team by having us deal with the Perpetrator's false accusations.

All the foregoing actions are intended to obstruct our efforts on behalf of Meta to hold all people and entities responsible for destroying the market value of the securities of Meta. While I cannot prove today they are shielding for the very people we are pursuing, their acts are certainly consistent with this purpose.

---

[1] A Copy of Vetrano's complaint to the State Bar of Texas enclosed herein as **Exhibit A;** and an email from Jennifer Vetrano to James W. Christian, dated March 29, 2025, regarding the same is enclosed herein as **Exhibit B.**

Jeffrey L. Hartman
April 16, 2025
Page 2 of 5

Accordingly, this letter is submitted to explain and confirm, in connection with the undersigned firm's representation of NBH, that there is no potential or actual conflict of interest based on the undersigned firm's concurrent representation of Meta Materials, Inc. in the matter *In Re Meta Materials Inc.,* Case No. 24-50792-hlb, pending in the United States Bankruptcy Court in Reno, Nevada.

As you are aware, at the outset of retaining my firm, I advised you that I would not represent Mr. McCabe individually in any matter (as you advised me that Meta might be investigating potential claims against him). At that time, I advised you I was representing NBH in a defamation, business disparagement, and tortious interference suit that will be pursued against some of the members of the same group referred to above that (a) have complained to the court; and (b) filed frivolous pro se complaints against many parties, including Meta. I made it clear to Mr. McCabe, I could not represent him in an individual capacity in the multiple pro se suits described below. As such, he retained separate legal counsel for his individual representation. I understand the parties have alleged to the court I have a conflict; however, nothing could be further from the truth.

As set forth in more detail below, the scope of ChristianAttar's representation of NBH includes (i) the defense of NBH in connection with certain lawsuits filed by pro se litigants in the Western District of Texas asserting various claims against NBH; and (ii) the prosecution of claims to be asserted by NBH against certain third parties for tortious interference with existing contract, tortious interference with prospective business relations, and business disparagement arising from conduct that has caused harm to NBH's business operations and reputation. ChristianAttar's representation of NBH is limited exclusively to these matters and does not extend to any other legal services. Based on our current investigation and review, we are aware of no conflict of interest that would preclude our representation of NBH in these matters. For the sake of clarity, ChristianAttar's scope of representation of NBH **does not** include or involve investigation into potential claims of stock manipulation as that cannot exist because NBH did not "trade their own securities," nor did they receive anything from Meta that could be clawed back etc.

Under Rule 327 of the Bankruptcy Code and relevant case law, an actual conflict arises only when an attorney is concurrently serving two interests that are directly adverse and cannot be reconciled without impairing the attorney's ability to exercise independent judgment. *In re Am. Printers & Lithographers, Inc.,* 148 B.R. 862, 866 (Bankr.N.D.Ill.1992) (Schmetterer, J.); *Johnson v. Richter, Miller & Finn (In re Johnson),* 312 B.R. 810, 822 (E.D. Va. 2004). Here, no such conflict exists. The matters do not involve active competition between Meta and NBH's interests, nor would representation in one matter require compromising the other matter.

To the extent any party may assert that a "potential conflict" exists, it is well established that such hypothetical concerns, standing alone, are not grounds for disqualification. The distinction between actual and potential conflicts is recognized by courts that favor a fact-specific, functional approach rather than per se rules. *In re Am. Printers & Lithographers,* 148 B.R. at 866 (citing *In re Harold & Williams Dev. Co.,* 977 F.2d 906, 910 (4th Cir.1992); *In re BH & P, Inc.,* 949 F.2d 1300, 1315–16 (3d Cir.1991)). Only actual, current competition of interests—not speculative or contingent ones—warrant disqualification under 11 U.S.C. § 327(c). *In re Hummer Transp., Inc.,* 2013 Bankr. LEXIS 5587, at *11 (Bankr. E.D. Cal. 2013); *In re Am. Printers &*

Jeffrey L. Hartman
April 16, 2025
Page 3 of 5

*Lithographers, Inc.*, 148 B.R. at 866. Indeed, events that may occur in the future are not relevant. *Id.* As such, the chance that there may be a potential conflict in the future between Meta and NBH is not enough to preclude my firm's involvement in the ongoing cases.

## I.    Scope of Representation of NBH in pending Western District of Texas Cases

In March 2025, NBH was served with three lawsuits filed by three pro se litigants in the Western District of Texas (collectively, "Pro Se Lawsuits")[2]. Mr. McCabe was also named as a defendant in the Pro Se Lawsuits. NBH retained ChristianAttar to assist it with its' defense. ChristianAttar solely represents NBH in the Pro Se Lawsuits and **does not** represent Mr. McCabe in his individual capacity. Indeed, Mr. McCabe has retained Jill C. Pennington of Smith Clark Pennington PLLC and J. Paul Manning of Field Manning Stone Aycock P.C. for his individual representation. For ease of reference, included below is a list of the Pro Se Lawsuits and a description of the claims brought against NBH:

1. Case No. 7:24-cv-317; *Contique Willcot v. Securities & Exchange Commission, GTS Securities LLC, Ari Rubinstein, Next Bridge Hydrocarbons, Inc., John Brda, Gregory McCabe, Financial Industry Regulatory Authority*; filed in the Western District of Texas ("Willcot Matter")

   a. The causes of action asserted against NBH include: (i) Violations of Securities Exchange Act of 1934 (15 U.S.C. §78); (ii) Violation of the Sherman Antitrust Act (15 U.S.C. §§ 1-2) and the Clayton Act (15 U.S.C. §§ 12-27); (iii) Negligence; (iv) Unjust Enrichment; (v) Conspiracy to Commit Fraud; and (vi) Emotional Distress (Negligent or Intentional Infliction).

2. Case No. 7:24-cv-321; *Danielle Spears v. Next Bridge Hydrocarbons, Inc., Gregory McCabe, John Brda, Roger N Wurtele, Kenneth Rice, Joseph DeWoody, Clifton Dubose, Jane Doe 1-20, John Do 1-20*; filed in the Western District of Texas ("Spears Matter")

   a. The causes of action asserted against NBH include: (i) Violations of Securities Exchange Act of 1934 (15 U.S.C. §78); (ii) Negligence; (iii) Unjust Enrichment; (iv) Conspiracy to Commit Fraud; and (v) Emotional Distress (Negligent or Intentional Infliction).

3. Case No. 7:24-cv-322; *Matthew J. Pease v. Securities & Exchange Commission, Financial Industry Regulatory Authority, John Brda, Gregory McCabe, Next Bridge Hydrocarbons;* filed in the Western District of Texas ("Pease Matter")

   a. The causes of action asserted against NBH include: (i) Violations of Securities Exchange Act of 1934 (15 U.S.C. §78); (ii) Breach of Fiduciary Duty; (iii) Violation of Sarbanes-Oxley Act (15 U.S.C. § 7201); (iv) Violation of Regulation FD (17 C.F.R. § 243.100); (v) Fraudulent Inducement and

---

[2] Copies of the live pleadings in the Pro Se Lawsuits are enclosed herein as **Exhibits C-E.**

Jeffrey L. Hartman
April 16, 2025
Page 4 of 5

      Misrepresentation; (vi) Negligent and Intentional Infliction of Emotional Distress; and (vii) Conspiracy to Commit Fraud.

  b.  Notably, there does not appear to be a direct cause of action against the companies, as the Plaintiff always qualifies with "corporate officers" and "including but not limited to Brda and McCabe." Despite the foregoing, NBH is a named Defendant.

For each of the Pro Se Lawsuits, ChristianAttar intends to pursue a dismissal of all claims asserted against NBH pursuant to FRCP 12(b)(6). We believe there is a high likelihood that the Pro Se Lawsuits will be dismissed for failure to state a claim because: (i) Plaintiffs lack standing for any of their claims; (ii) the claims are derivative in nature as they represent harm shared by all stockholders rather than direct harm to the individual shareholder; and (iii) certain claims are barred by the statute of limitations. Notably, none of these bases involve Meta.

Fore reference, NBH's deadlines for filing a responsive pleading in the Pro Se Lawsuits are as follows: (a) Willcot Matter on May 8, 2025; (b) Spears Matter on May 12, 2025; and (c) Pease Matter on May 25, 2025.

## II.    Scope of Representation of NBH in Other Matters

ChristianAttar has also been retained by NBH to pursue potential claims for business disparagement, tortious interference with the Orogrande Lease, and tortious interference with prospective relations. To be clear, we have not been retained to represent Mr. McCabe in his individual capacity, nor have we been retained to pursue any other Meta or market manipulation matter. The only material action our firm has taken in pursuing this potential litigation has been to send electronically stored information ("ESI") preservation letters to individuals who have, based on document statements, made potentially actionable statements about NBH on X. The ESI letter references the preservation of communications regarding NBH, or any officer or director of NBH. It's important to note that the potential claims we are pursuing on behalf of NBH do not involve or relate to stock manipulation or anything related thereto. The shareholder's complaint about my firm's alleged investigation into stock manipulation of NBH is frivolous and unsupportable. As stated above, the same shareholder who made this complaint, Jennifer Vetrano, filed an additional ethics complaint against me with the State Bar of Texas. Her sole basis for this ethics complaint was for sending her the evidence preservation letter. These acts are abusive and unacceptable.

## III.    Withdrawal of Representation of NBH if Avoidance Actions are Pursued

We are aware that the Trustee for Meta is investigating one or more potential avoidance actions in the future against Mr. McCabe. If that occurs, we will not be representing Mr. McCabe. In the event that the Trustee also opts to pursue any similar actions against NBH, ChristianAttar will withdraw from representation of NBH in the Pro Se Lawsuits and in the other matters for which it is investigating potential claims of business disparagement, tortious interference with the Orogrande Lease, and tortious interference with prospective relations. We have disclosed to NBH our need to withdraw if an actual conflict of interest arises regarding a claim filed by the trustee against NBH based on ChristianAttar's concurrent representation of Meta. Further, NBH would

Jeffrey L. Hartman
April 16, 2025
Page 5 of 5

be willing to provide a letter to the trustee that contains NBH's consent and acknowledgement of the same. Put simply, we cannot imagine what claim Meta would ever have against NBH. It simply does not exist. If however, the trustee elects to file a claim against NBH, we will withdraw with the consent of NBH.

I believe these Perpetrators are acting as a shield for the people who we are pursuing in discovery and in our lawsuit. They will do anything to impair or block us. We must **not** bow to their manipulation unless there is a true conflict (which there is not). My hope is we discuss this in detail and disclose what's necessary. We cannot let these spurious letters from our opponents cause us to do anything to stop our actions, as I believe they will not stop unless we classify it for what it is – harassment which we frequently experience in these types of cases.

We remain mindful of our ongoing duty to disclose any circumstances that may give rise to a conflict of interest. Should any such issue arise during the course of our representation of NBH, we will promptly notify the trustee and all necessary parties in accordance with the applicable ethical rules and bankruptcy procedures. Please let me know if you require any additional information or have any questions.

Sincerely,

*/s/James W. Christian*
James W. Christian

Enclosures:

Vetrano Complaint to the State Bar of Texas (**Exhibit A**)
Email from Jennifer Vetrano to James W. Christian, dated March 29, 2025 (**Exhibit B**)
Pro Se Lawsuit of Spears (**Exhibit C**)
Pro Se Lawsuit of Pease (**Exhibit D**)
Pro Se Lawsuit of Willcot (**Exhibit E**)

# EXHIBIT A

Case 24-50792-hlb    Doc 1976    Entered 06/03/25 09:11:45    Page 35 of 42
Case 24-50792-hlb    Doc 1878-4    Entered 04/23/25 14:13:26    Page 8 of 279
Case 7:24-cv-00325-DC-RCG    Document 33-2    Filed 03/31/25    Page 15 of 36

<u>Complaint to the State Bar of Texas</u>

Complainant Information:


Jennifer Vetrano

25 Pond Hollow Lane, West Creek, NJ 08092

Jvetrano999@gmail.com


Attorney Information:

James Wes Christian

1177 West Loop South, Suite 1700, Houston, TX 77027

Phone: 713-659-7617


Subject: Ethical Violations Related to Overly Broad and Burdensome Litigation Hold Notice, Significant Conflict of Interest, Improper Representation, and Potential Impropriety


Date: March 8, 2025


Introduction:

This complaint is filed to report potential ethical violations by Attorney James Wes Christian, arising from a litigation hold notice dated March 4, 2025, concerning MMTLP. The notice contains discovery requests that are excessively broad, burdensome, and potentially violative of Texas Rules of Civil Procedure, as well as ethical obligations. Furthermore, James Wes Christian is currently working with the Meta Materials bankruptcy case, and the Meta Materials Board of Directors is included as a party in my Pro se court case (Case number 7:24-CV-325). This direct and ongoing representation of a party involved in my litigation, especially in the context of bankruptcy proceedings, creates a severe and undeniable conflict of interest. Additionally, it has come to my attention that James Wes Christian is paying stock promoters, such as Gary Valinoti (known as "Ham the ShortKiller" on social media), $300 per hour for "consulting," which raises serious questions about potential impropriety.

Case 24-50792-hlb    Doc 1976    Entered 06/03/25 09:11:45    Page 36 of 42
Case 24-50792-hlb    Doc 1878-4    Entered 04/23/25 14:13:26    Page 9 of 279

Case 7:24-cv-00325-DC-RCG    Document 33-2    Filed 03/31/25    Page 16 of 36

Statement of Facts:

Overly Broad Discovery Requests:

On March 4, 2025, I received a litigation hold notice from Mr. Christian demanding "all documents" related to MMTLP, without specifying the subject matter or timeframe.

This demand violates Texas Rule of Civil Procedure 192.3(a), which requires discovery requests to be proportional and relevant. See In re Nat'l Lloyds Ins. Co., 532 S.W.3d 814, 820 (Tex. App.—Corpus Christi–Edinburg 2017, orig. proceeding) ("A request for 'all documents'...is overly broad."). See also In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999) (emphasizing the need for reasonable particularity in discovery requests).

The request for records dating back to 2018, when I acquired MMTLP shares in late 2022, is particularly egregious and appears to be a "fishing expedition." See In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003) (holding that discovery requests must be reasonably tailored).

Lack of Specificity and Vague Definitions:

The notice contains numerous vague terms, such as "activity log," "audit compliance," and "relevant to the claim," without providing clear definitions.

This lack of specificity violates Texas Rule of Civil Procedure 192.3(b), which requires specific and particularized requests. See Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989) (emphasizing the importance of specificity in discovery). See also In re Am. Optical Corp. Prods. Liab. Litig., 165 S.W.3d 449, 454 (Tex. App.—Corpus Christi 2005, orig. proceeding) (holding that a request for "all documents relating to" a particular subject is overly broad).

Invasion of Privacy and Chilling Effect on Free Speech:

The requests for social media information and "reports, complaints, or moderation actions on X" raise significant privacy concerns and potentially infringe on First Amendment rights.

This is a violation of the Texas Constitution art. I, § 19. See Industrial Found. of the South v. Texas Indus. Accident Bd., 540 S.W.2d 668, 682 (Tex. 1976) (recognizing a constitutional right to privacy).

Potential Harassment and Intimidation:

Case 24-50792-hlb    Doc 1976    Entered 06/03/25 09:11:45    Page 37 of 42
Case 24-50792-hlb    Doc 1878-4    Entered 04/23/25 14:13:26    Page 10 of 279
Case 7:24-cv-00325-DC-RCG    Document 33-2    Filed 03/31/25    Page 17 of 36

As a pro se plaintiff in Case No. 7:24-CV-325, I perceive the litigation hold notice as potentially retaliatory and an attempt to intimidate or interfere with my lawsuit.

I have reason to believe that Mr. Christian has preexisting relationships with those named in my lawsuit, creating a conflict of interest.

This may violate Texas Rule of Civil Procedure 191.3, which prohibits discovery abuse. See Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992) (recognizing the potential for discovery abuse).

Undue Financial Burden:

As a pro se litigant and single parent, the requests for forensically qualified images and data from Access or Oracle databases place an undue financial burden on myself. See Tex. R. Civ. P. 192.4 (allowing objections based on undue burden and expense); In re Deere & Co., 299 S.W.3d 819, 821 (Tex. 2009) (recognizing that discovery costs can be a factor in determining proportionality).

Direct and Ongoing Conflict of Interest Through Representation of Meta Materials in Bankruptcy:

James Wes Christian is currently working with the Meta Materials bankruptcy case.

The Meta Materials Board of Directors is included as a party in my pending court case, 7:24-CV-325.

This direct and ongoing representation of a party involved in my litigation, especially in the context of bankruptcy proceedings, creates a severe and undeniable conflict of interest. Mr. Christian's ability to provide impartial representation is fundamentally compromised.

Potential Conflict of Interest Due to Prior Representation:

It has come to my attention that James Wes Christian has represented John Brda in matters related to Flamethrower and Meta Materials.

John Brda is a person named in my Pro se lawsuit.

This prior representation creates a clear conflict of interest, as Mr. Christian's current actions may be influenced by his past relationship with Mr. Brda. This conflict compromises his ability to provide impartial representation.

This is a violation of the Texas Disciplinary Rules of Professional Conduct regarding conflicts of interest.

Potential Impropriety Through Payments to Stock Promoters:

It has come to my attention that James Wes Christian is paying stock promoters, such as Gary Valinoti (known as "Ham the ShortKiller" on social media), $300 per hour for "consulting."

This raises serious questions about potential impropriety and whether these payments are being made to influence public perception or manipulate stock prices.

Rules of Professional Conduct Violated:

Texas Disciplinary Rules of Professional Conduct, specifically rules related to:

Rule 3.04: Abuse of Discovery

Rule 4.04: Respect for Rights of Third Persons.

Rule 1.06: Conflict of Interest: General Rule.

Rules pertaining to reasonable discovery.

Rules pertaining to improper representation.

Rules pertaining to conduct prejudicial to the administration of justice.

Relief Sought:

I request that the State Bar of Texas investigate these potential ethical violations, including the severe and ongoing conflict of interest arising from Mr. Christian's representation of Meta Materials in bankruptcy, the conflict of interest arising from Mr. Christian's prior representation of John Brda, and the potential impropriety related to payments to stock promoters, and take appropriate disciplinary action against Attorney James Wes Christian.

Supporting Documentation:

1) Copy of the litigation hold notice dated March 4, 2025.
2) Copy of the objection letter sent to Mr. Christian.
3) Any documentation that you have that shows James Wes Christian represented John Brda in Flamethrower or Meta Materials matters.
4) Any documentation that shows James Wes Christian is working with the Meta Materials bankruptcy case.
5) Case number 7:24-CV-325 complaint

Case 24-50792-hlb    Doc 1976    Entered 06/03/25 09:11:45    Page 39 of 42
Case 24-50792-hlb    Doc 1878-4    Entered 04/23/25 14:13:26    Page 12 of 279
Case 7:24-cv-00325-DC-RCG    Document 33-2    Filed 03/31/25    Page 19 of 36

6) Utube video that shows James Wes Christian is paying stock influencer, "Ham the Shortkiller" Gary Valinoti $300 per hour on the Utube channel of William P. Farrand, dated September 29, 2023, disclosed by Gary Valinoti during the video.

If you have any further information for me please feel free to reach out.  My email is jvetrano999@gmail.com and phone 908-763-0105.

Sincerely,

Jennifer Vetrano

**Holly Pappas**

| | |
|---|---|
| **From:** | Jennifer Vetrano <jvetrano999@gmail.com> |
| **Sent:** | Saturday, March 29, 2025 3:21 PM |
| **To:** | James Wes Christian; Holly Pappas |
| **Subject:** | Jennifer Vetrano/@fearles59324823 on X |

Date: March 29, 2025

Dear Mr. Christian,

I am writing to acknowledge receipt of your Litigation Hold Letter dated March 26, 2025, sent via private message to fearles59324823 on the social media platform X (Twitter).

I must express my serious concern regarding several ethical issues arising from your recent correspondence. As you are aware, attorneys practicing in federal court, as well as in the state of Texas, are bound by stringent ethical rules governing professional conduct. These include, but are not limited to:

Western District of Texas Local Rule AT-7, requiring adherence to the highest ethical, professional, and civil standards.

Texas Disciplinary Rule of Professional Conduct 4.04(a), prohibiting actions meant solely to burden, intimidate, or embarrass third persons.

Texas Disciplinary Rule of Professional Conduct 1.06, prohibiting representation involving conflicts of interest.

ABA Model Rule 4.4, requiring respect for third-party rights and prohibiting methods designed to burden third persons.

1

ABA Model Rule 8.4, prohibiting intimidating and prejudicial conduct, dishonesty, and misrepresentation.

ABA Model Rule 1.7, prohibiting conflicts of interest, particularly representation materially limited by responsibilities to other clients or interests.

I must highlight the contradictions between your recent communication and these established ethical guidelines. Firstly, the tone, severity, and explicitly aggressive language of your letter—particularly against myself, a Pro Se litigant and Next Bridge Hydrocarbons shareholder actively involved in litigation against John Brda and the Meta Materials Board of Directors(either your previous or current clients) in case number 7:24-CV-00325-DC-RCG—can only be viewed as retaliatory and intended to chill the Plaintiff. Such conduct is inappropriate and directly contravenes the aforementioned ethical standards.

Furthermore, your repeated references to Mr. Greg McCabe, whom you explicitly do not represent, demonstrate a significant and concerning conflict of interest. The consistent invocation of Mr. McCabe's name throughout your correspondence raises serious questions about your professional independence and your duty of loyalty exclusively to your client, NBH. Moreover, your deliberate omission of your official role as attorney of record for Next Bridge Hydrocarbons in the pending federal litigation further compounds this conflict, representing a breach of transparency and candor.

Additionally, I find it particularly disappointing and disturbing that an attorney of your tenure and experience would consider it appropriate to deliver a litigation hold letter via private message on a social media platform rather than utilizing a more professional, conventional, and respectful method. I have previously had multiple legal hold letters sent to my home and your Legal Assistant Holly Pappas has previously corresponded with me via email, which further amplifies the inappropriate and unprofessional choice of using social media for such serious and formal communication.

Your tactics, leveraging your considerable position of power and resources against a litigant in my circumstances, fall below acceptable standards of professional conduct.

To be clear, I will adhere to the instructions of the Court and the presiding Judge, not to your demands. However, given your insistence on continually referencing Mr. McCabe, whom you do not represent, I urge you to preserve all communications and documentation related to Next Bridge Hydrocarbons, John Brda, and the Meta Materials Board of Directors.

I trust that you will take these concerns seriously and act accordingly.


Respectfully,


Jennifer Vetrano


/s/ Jennifer Vetrano