# EXHIBIT 5

# EXHIBIT 5

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of NEVADA

In re __META MATERIALS, INC.,__
    Debtor

Case No. __24-50792-hlb__

Chapter _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: The Custodian of Records of VIRTU FINANCIAL, LLC, c/o The Corporation Trust Co | 1209 Orange St, Wilmington, DE 19801
*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Lexitas<br>1330 King Street<br>Wilmington, DE 19801 | June 26, 2025 OR as arranged with Trustee Lovato's counsel (see contact info below) |

The examination will be recorded by this method: __stenographic and/or audiovisual means__

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attachment titled "Items to be Produced" along with the attachment "Definitions and Instructions"

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

_____    OR    /s/ Clayton P. Brust
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Christina Lovato, Chapter 7 Trustee__, who issues or requests this subpoena, are:

Clayton P. Brust | Robison, Sharp, Sullivan & Brust, 71 Washington Street, Reno, NV 89503 | cbrust@rssblaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                _____
                                                          *Server's signature*

                                                _____
                                                          *Printed name and title*

                                                _____
                                                            *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1. "Acceptable Records" means records of such messages in the original format such data was saved (e.g., FIX log files or ASCII text).

2. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and Local Civil Rule 26.3, and shall also be used to Include any "communication," as defined by Local Civil Rule 26.3. By definition, non-identical copies of the same document are different original documents, and different types of media containing identical information are different original documents.

3. "ESI" or "electronically stored information," is defined to be any portion of data available only on a computer or other device capable of storing electronic data. ESI Includes, but is not limited to, email (whether conducted intra-company using company email addresses or conducted through an individual, non-company account, e.g., Bloomberg, Gmail, Yahoo!, or AOL), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing ESI Include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and all other forms of online or offline storage, whether on or off company premises. ESI is meant to Include instant messages (such as Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, and similar types of messages), cell phone text messages (SMS messages and MMS messages), and other similar types of messages. For any document kept in electronic form, the term "document" Includes all metadata associated with the document.

## INSTRUCTIONS

You are required to produce all non-privileged Documents in Your possession, custody, or control, including information in the possession, custody, or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships,

parents or subsidiaries, and persons under their control.

1. Each Document requested shall be produced in its entirety, including, without limitation, attachments, enclosures, cover letters, memoranda and appendices. If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

2. Each Document is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

3. All Documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

4. Unless otherwise stated in a specific request, these Requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning, or in effect during Relevant Time Period.

5. If You object to part of a request, You must specifically state the basis of Your objections in accordance with Rule 34 of the Federal Rules of Civil Procedure, and produce all Documents called for by the portion of the request to which You do not object. In further accordance with Rule 34 of the Federal Rules of Civil Procedure, each objection must state whether any responsive materials are being withheld on the basis of that objection.

6. If there are no Documents responsive to any particular request, the response shall state so in writing.

7. In the event that any Document called for by these Requests is withheld on the basis of a claim of privilege or immunity, that Document is to be identified as required by Local Civil Rule 26.2.

8. Each request herein shall be construed independently. No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

9. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, You shall produce responsive Documents as they have been kept in the usual course of business or shall organize

1 and label them to correspond to the enumerated requests of the demand.

2     10.     Documents, including ESI, will be produced pursuant to the ESI Protocol agreed
3 to by the parties and/or ordered by the Court.

4     11.     These Requests shall be deemed continuing requests so as to require supplemental
5 responses if You obtain or discover additional Documents between the time of initial production
6 and the time of the trial. Such supplemental Documents must be produced promptly upon
7 discovery. Plaintiffs specifically reserve the right to seek supplementary.

3

**SUPPLEMENTAL INSTRUCTIONS**

1. **CUSIPs and tickers:** The following document requests relate to the following CUSIPs and tickers related to Meta Materials Inc., at a minimum, along with any other CUSIPs, tickers, or legend identifiers related to Meta Materials Inc. (all together, "Meta"):

- MMAT: 59134N 10 4  META MATLS INC
- MMAT: 59134N 30 2  META MATLS INC
- TRCH: 89102U103
- MMTLP: 59134N 20 3  PFD META MATLS

2. **Date range:** records related to MMAT and TRCH should be produced from a date range of September 21, 2020 through August 7, 2024.  Records related to MMTLP should be produced from a date range of June 28, 2021 to December 14, 2022.

3. **Regulatory obligations:** The records requested below should include, but not limited to, electronically stored records that fulfill Virtu's regulatory and compliance obligation to retain customer and firm order and execution records as required of Virtu in its capacity as a broker-dealer. See Securities Exchange Act Rule 10b-10 and Securities Exchange Act Section 17a-3.

4. **Entities:** The Trustee is seeking records from the following Virtu entities, at a minimum:  Virtu Financial LLC, Virtu Americas LLC, and Virtu KCG Holdings LLC.

**ITEMS TO BE PRODUCED (UPDATED JUNE 2, 2025)**

**Request No. 1:**

All order routing and execution records for client-facing transactions related to the routing of orders of any type for Meta shares using FIX or binary protocol, or any other protocol used for similar purposes, in the original format the data was saved.  Such records should include those related to 1) orders received from customers and/or broker-dealer clients of Virtu and 2) orders

sent to customers and/or broker-dealer clients of Virtu.

Order routing and execution records provided by Virtu should reflect the lifespan transactions of orders from origination to completion, capturing all relevant information (i.e. broker info, customer info, long or short indicators, and unique ID), with precision timestamps. These records should also include, but are not limited to, cancel/replaces, order forwarding, executions, and expired orders.

**Request No. 2:**

All relevant order routing and execution records for agency, principal, and riskless principal transactions related to the routing of orders of any type for Meta shares using FIX or binary protocol, or any other protocol used for similar purposes, in the original format the data was saved. Such records should include those related to 1) orders routed to an exchange or off-exchange trading venue on behalf of customers and/or broker-dealer clients of Virtu and 2) orders received from an exchange or off-exchange trading venue on behalf of customers and/or broker-dealer clients of Virtu.

Order routing and execution records provided by Virtu should reflect the lifespan transactions of orders from origination to completion, capturing all relevant information (i.e. broker info, customer info, long or short indicators, and unique ID), with precision timestamps. These records should also include, but are not limited to, cancel/replaces, order forwarding, executions, and expired orders. These records should also include transactions where Virtu served as counterparty to the customer and/or broker-dealer client executions on a principal or riskless principal basis and/or executed customers transactions and/or broker-dealer client transactions on an agency basis.

**Request No. 3:**

All order routing and execution records for Virtu's proprietary trading and/or market-making transactions related to the routing of orders of any type for Meta shares using FIX or binary protocol, or any other protocol used for similar purposes, in the original format the data was saved. Such records should include 1) orders routed to an exchange or off-exchange trading venue on behalf of Virtu and 2) orders received from an exchange or off-exchange trading venue on behalf of Virtu.

Order routing and execution records provided by Virtu should reflect orders' lifespans from origination to completion, capturing all relevant information (i.e. broker info, customer info, long or short indicators, and unique ID), with precision timestamps for all related transactions. These records should include, but are not limited to, cancel/replaces, order forwarding, executions, and expired orders.

**Request No. 4:**

All records related to locating, securing, borrowing, and delivering Meta shares, including records of any instances in which Virtu failed to deliver Meta shares and records of how Virtu rectified any outstanding failures to deliver.

**Request No. 5:**

All records of position data regarding Virtu's positions in Meta, including 1) records of Meta shares sold short by Virtu that were located and/or successfully borrowed, and 2) records of Meta shares sold short that were not located and/or successfully borrowed (e.g. the position corresponding to naked short sales). Virtu's production should reflect the same frequency in which such data was recorded.