# EXHIBIT 7

# EXHIBIT 7

**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7000**

WRITER'S EMAIL ADDRESS
**peterfountain@quinnemanuel.com**

June 13, 2025

VIA E-MAIL

Clayton P. Brust
Robison, Sharp, Sullivan & Brust
71 Washington St
Reno, Nevada 89503

Re:   *In re Meta Materials, Inc.*, U.S. Bankruptcy Court for the District of Nevada (Case No. 24-50792-hlb)

Dear Mr. Brust:

We represent non-party Citadel Securities LLC ("Citadel Securities"). Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and the Local Rules of Bankruptcy Practice for the Bankruptcy Court for the District of Nevada, Citadel Securities, through undersigned counsel, submits these Responses & Objections to Trustee Christina Lovato's ("Trustee") (i) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) and (ii) Subpoena for Rule 2004 Examination (together, the "Subpoenas").

## GENERAL OBJECTIONS

The following General Objections apply to the Subpoenas and to each request in each subpoena (each individually a "Request"). By providing responses to the Subpoenas, in whole or in part, Citadel Securities does not intend to waive, and does not waive, any of these General Objections, or any specific objection with respect to any Request.

1. Citadel Securities objects to the Subpoenas to the extent that they seek, or may be construed to seek, information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, and/or any other applicable privilege or protection. Any such information will not be provided, and any inadvertent production of any information that Citadel Securities believes is immune from discovery pursuant to any applicable privilege or protection shall not be deemed a waiver.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

2. Citadel Securities objects to the Subpoenas, and the Definitions and Instructions therein, to the extent that they purport to impose obligations greater than those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Nevada, the Local Rules of Bankruptcy Practice for Bankruptcy Court for the District of Nevada, or other applicable rules and procedures ("Applicable Rules"). Citadel Securities will construe its obligations in responding to the Subpoenas and their Definitions and Instructions as limited by the Applicable Rules.

3. Citadel Securities objects to the Subpoenas to the extent that they seek documents that contain, reflect, refer, or relate to confidential or proprietary information and/or trade secrets. *Sci. Games Corp. v. AGS LLC*, No. 217CV00343JADNJK, 2017 WL 3013251, at *3 (D. Nev. July 13, 2017) ("Courts may quash or modify a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information."). Citadel Securities further objects to each Request to the extent that it seeks information, documents, or things subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Citadel Securities is required to protect or maintain the confidentiality of any third party's information or documents. Citadel Securities will not produce any such documents until an appropriate protective order is in place governing the treatment of those documents, and reserves the right to redact such confidential information. Inadvertent disclosure of any confidential information, documents, or things shall not operate as a waiver of any applicable confidentiality protection or obligations.

4. Citadel Securities objects to the "Relevant Time Period" of "September 21, 2020 through August 7, 2024" as overbroad and unduly burdensome, including because neither the Trustee's *Ex Parte* Motion nor the Subpoenas make any specific allegations to support such a timeframe, and because counsel for the Trustee was unable to articulate any basis for the requested time period during the parties' conference. *Daughtery v. Wilson*, No. 08CV0408-WQH BLM, 2008 WL 4748042, at *3 (S.D. Cal. Oct. 23, 2008), *report and recommendation adopted*, No. 08CV408WQHBLM, 2009 WL 124322 (S.D. Cal. Jan. 16, 2009) (entering protective order where the proposed relevant time frame was detached from the events at issue); *see* Fed. R. Civ. P. 26(b), advisory committee's notes to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

5. Citadel Securities objects to the Subpoenas because they appear designed for an improper purpose. Rule 2004 examinations are limited to investigating the "acts, conduct, or property or ... the liabilities and financial condition of the debtor, or ... any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). The Subpoenas, however, appear designed to investigate potential claims against third parties for purported stock manipulation rather than to investigate the debtor's financial condition or estate. *See, e.g.*, *In re Transmar Commodity Group, Ltd.*, No. 16-13625 (JLG) (Bankr. S.D.N.Y.) [ECF No. 367] Tr., Hr'g June 9, 2017 pp. 22:7-11 (explaining it is "not permitted" to use Rule 2004's liberal discovery to further imminent litigation against a litigation target).

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Citadel Securities objects to Definition No. 1 to the extent it purports to require Citadel Securities to search for or produce documents in a format other than the format Citadel Securities maintains those documents in the ordinary course of business. Citadel Securities will only search for or produce documents in the format they are maintained in the ordinary course of business.

2. Citadel Securities objects to Definition No. 2 because it purports to require Citadel Securities to search for and produce "identical information" if maintained in "different types of media," which would be duplicative and unduly burdensome. Citadel Securities will not treat "identical information" as "different original documents."

3. Citadel Securities objects to Definition No. 3 as overbroad and unduly burdensome to the extent it defines "ESI" to include any and all forms of electronically stored information regardless of where stored, including on personal devices. Citadel Securities will limit its search to business records maintained on Citadel Securities' systems in the ordinary course of business.

4. Citadel Securities objects to the definition of "Document" as overly broad, unduly burdensome, and disproportionate to the needs of the case, and to the extent that it seeks to impose obligations on Citadel Securities beyond those required or contemplated by the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Nevada or the Bankruptcy Court for the District of Nevada.

5. Citadel Securities objects to the Instructions because they purport to impose an obligation to produce documents in the "possession, custody, or control of any of Your attorneys, directors, agents, employees, representatives, associates, division affiliates, partnerships, parents or subsidiaries, and persons under their control," which is overbroad, unduly burdensome, and would invade the attorney-client and work product privileges. Citadel Securities will only search for and produce documents within Citadel Securities LLC's possession, custody, or control.

6. Citadel Securities objects to Instruction No. 2 because it purports to require Citadel Securities to search for, review, and produce every "non-identical version[]" of any produced document, and accordingly would impose an undue burden on a non-party. Citadel Securities will not comply with Instruction No. 2.

7. Citadel Securities objects to Instruction No. 4 because it purports to seek documents "authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning, or in effect during Relevant Time Period" as overbroad and unduly burdensome because it would require Citadel Securities to investigate and attempt to determine, among other things, the time that any document was "authored, reproduced," "in effect," etc. Citadel Securities will not comply with Instruction No. 4.

8. Citadel Securities objects to Instruction Nos. 5, 6, 7, and 9 to the extent they purport to impose obligations broader than those imposed by the Applicable Rules. Citadel Securities will construe its obligations as limited by the Applicable Rules.

9. Citadel Securities objects to Instruction No. 8 to the extent it purports to require Citadel Securities to make duplicative Responses and/or productions in response to any Request. Citadel Securities may construe the references to other Requests for the purpose of limiting the scope of its Responses and/or productions.

10. Citadel Securities objects to Instruction No. 10 to the extent the ESI Protocol – to which Citadel Securities is not a party – may be inconsistent with the manner in which the Firm keeps documents in the ordinary course.

11. Citadel Securities objects to Instruction No. 11 to the extent it purports to deem the Subpoenas' Requests continuing in nature, because the obligation to provide supplemental responses to document requests applies to parties pursuant to FRCP 26(e); FRCP 45 does not impose a similar obligation on non-parties.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1**: All messages relating to the routing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, received from client broker-dealer of Citadel and sent to client broker-dealers of Citadel.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION 1**:

Citadel Securities incorporates its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Citadel Securities further objects as follows:

*First*, Citadel Securities objects to this Request because it fails to define key terms, rendering the request unintelligible. The Request does not define, for example, "messages," "Meta," "MMTLP," or "client broker-dealer," making the Request impermissibly vague. *See Matter of Grand Jury Subpoenas Issued May 3, 1994 for Nash*, 858 F. Supp. 132, 135-36 (D. Ariz. 1994) ("Each subpoena includes overly broad language directing the witness to disclose 'communications with persons … who are not defendants.' The subpoena does not specify who is contemplated by 'persons' … In light of this undisciplined language, the subpoenas exceed even the breadth of the subpoena found objectionable" in other cases). Citadel Securities cannot fully

4

assess the validity, scope, or burden of this Request due to these undefined key terms, and expressly reserves the right to raise additional objections.

*Second*, Citadel Securities objects to this Request because it is overbroad and unduly burdensome. The Request seeks "[a]ll messages relating to the routing of orders of any type for shares [of] Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes " involving any client broker-dealer of Citadel Securities over a nearly four-year period, which would require an extraordinarily burdensome search and review process. *See Guillen v. B.J.C.R. LLC*, 341 F.R.D. 61, 71 (D. Nev. 2022) ("[T]he court agrees that … requests for 'any and all' documents Plaintiff received or submitted to or from USCIS or any other Government agency in connection with an application for immigration status or work authorization in the United States is overbroad without a temporal or other reasonable limitation.").

*Third*, Citadel Securities objects to this Request because it purports to require Citadel Securities to produce documents outside its possession, custody, or control because it purports to require the production of documents "received from" or "sent to" any client broker-dealer of Citadel Securities, by any party. *Sci. Games Corp. v. AGS LLC*, No. 217CV00343JADNJK, 2017 WL 3013251, at *2 (D. Nev. July 13, 2017) (noting a "party is entitled to seek only those documents in the subpoenaed person's 'possession, custody, or control.'") (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)).

*Fourth*, Citadel Securities, a non-party, objects to this Request to the extent that it seeks information, documents, or things that are readily available to the Trustee from other sources. *Brown v. Rasley*, 1:13-CV-02084-AWI-BAM PC, 2017 WL 6451706, at *4 (E.D. Cal. Dec. 18, 2017) (denying subpoena where records were obtainable by document request and not clear plaintiff exhausted other "reasonably-available means" before requesting subpoena).

5

*Fifth*, Citadel Securities objects to this Request because its relevance to the underlying bankruptcy is unclear and the Trustee has been unable to, or outright declined, to explain the relevance of the information sought. *See Heilman v. Chernis*, No. 2:11-CV-0042 JAM EFB, 2012 WL 5187732, at *4 (E.D. Cal. Oct. 18, 2012) (noting a party seeking discovery "may not simply argue in conclusory fashion that all of the discovery he seeks is relevant…") (quoting *Freeland v. Sacramento City Police Dep't,* No. Civ. S–06–0917 LKK DAD, 2009 U.S. Dist. LEXIS 20282, at *10 (E.D. Cal. Mar. 3, 2009)); *see* Fed. R. Civ. P. 26(b), advisory committee's notes to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

*Sixth*, Citadel Securities further objects to this Request to the extent it purports to seek information about Citadel Securities' or its clients' positions in a security, which is well outside the scope of a Rule 2004 examination. *See* Rule 2004 ("The examination … may relate *only* to: (A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge.") (emphasis added).

*Finally*, Citadel Securities objects to the Request to the extent that it seeks information already in the Trustee's possession. The Trustee has purportedly already analyzed "55 million shares of MMAT," identified specific trading practices it argues are unlawful, and quantified the impact on shareholders, indicating that the Trustee currently possesses information concerning relevant trades or has the capabilities to obtain the information itself. *See Trevino v. Burke*, No. 2:21-cv-01415-DJC-JDP (PC), 2024 WL 2853262, at *1 (E.D. Cal. June 5, 2024) (explaining "a

6

Rule 45 subpoena should be directed to non-parties for information that cannot be readily obtained from a party to the case.").

On the basis of these objections, Citadel Securities will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION 2**:   All messages relating to the routing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, routed to an exchange or off-exchange trading venue on behalf of a client broker-dealer of Citadel and received from an exchange or off-exchange trading venue on behalf of a client broker-dealer of Citadel.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION 2:**

Citadel Securities incorporates its General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Citadel Securities further objects as follows:

*First*, Citadel Securities objects to this Request because it fails to define key terms, rendering the request vague, unduly burdensome, and unintelligible.  The Request does not define, for example, "messages," "Meta," "MMTLP," or "client broker-dealer," making the Request impermissibly vague.  *See Matter of Grand Jury Subpoenas Issued May 3, 1994 for Nash*, 858 F. Supp. at 135-36 ("Each subpoena includes overly broad language directing the witness to disclose 'communications with persons … who are not defendants.' The subpoena does not specify who is contemplated by 'persons' … In light of this undisciplined language, the subpoenas exceed even the breadth of the subpoena found objectionable" in other cases).  Citadel Securities cannot fully assess the validity, scope, or burden of this Request due to these undefined key terms, and expressly reserves the right to raise additional objections.

*Second*, Citadel Securities objects to this Request because it is overbroad and unduly burdensome.  The Request seeks "[a]ll messages relating to the routing of orders of any type for shares [of] Meta and/or MMTLP using FIX or binary protocol or any other protocol used for

similar purposes" involving any client-broker of Citadel Securities over a nearly four-year period, which would require an extraordinarily burdensome search and review process. *See Guillen*, 341 F.R.D. at 71 ("[T]he court agrees that … requests for 'any and all' documents Plaintiff received or submitted to or from USCIS or any other Government agency in connection with an application for immigration status or work authorization in the United States is overbroad without a temporal or other reasonable limitation.").

*Third*, Citadel Securities objects to this Request because it purports to require Citadel Securities to produce documents outside its possession, custody, or control as it requires information from or sent to client broker-dealers of Citadel Securities. *Sci. Games Corp.*, 2017 WL 3013251, at *2 (noting a "party is entitled to seek only those documents in the subpoenaed person's 'possession, custody, or control.'") (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)).

*Fourth*, Citadel Securities, a non-party, objects to this Request to the extent that it seeks information, documents, or things that are readily available to the Trustee from other sources. *Brown*, 2017 WL 6451706, at *4 (denying subpoena where records were obtainable by document request and not clear plaintiff exhausted other "reasonably-available means" before requesting subpoena).

*Fifth*, Citadel Securities objects to this Request because its relevance to the underlying bankruptcy is unclear and the Trustee has been unable to, or outright declined, to explain the relevance of the information sought. *See Heilman*, 2012 WL 5187732, at *4 (noting a party seeking discovery "may not simply argue in conclusory fashion that all of the discovery he seeks is relevant…") (quoting *Freeland*, 2009 U.S. Dist. LEXIS 20282, at *10); *see* Fed. R. Civ. P. 26(b), advisory committee's notes to 2015 amendment ("A party claiming that a request is

8

important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

***Sixth***, Citadel Securities further objects to this Request to the extent it purports to seek information about Citadel Securities' or its clients' positions in a security, which is well outside the scope of a Rule 2004 examination. *See* Rule 2004 ("The examination … may relate *only* to: (A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge.") (emphasis added).

***Finally***, Citadel Securities objects to the Request to the extent that it seeks information already in the Trustee's possession. The Trustee has purportedly already analyzed "55 million shares of MMAT," identified specific trading practices it argues are unlawful, and quantified the impact on shareholders, indicating that the Trustee currently possesses information concerning relevant trades or has the capabilities to obtain the information itself. *See Trevino*, 2024 WL 2853262, at *1 (explaining "a Rule 45 subpoena should be directed to non-parties for information that cannot be readily obtained from a party to the case.").

On the basis of these objections, Citadel Securities will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION 3**: All messages relating to the routing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, routed to an exchange or off-exchange trading venue on behalf of Citadel and received from an exchange or off-exchange trading venue on behalf of Citadel.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION 3:**

Citadel Securities incorporates its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Citadel Securities further objects as follows:

9

*First*, Citadel Securities objects to this Request because it fails to define key terms, rendering the request vague, unduly burdensome, and unintelligible. The Request does not define, for example, "messages," "Meta," "MMTLP," or "exchange," making the Request impermissibly vague. *See Matter of Grand Jury Subpoenas Issued May 3, 1994 for Nash*, 858 F. Supp. at 135–36 ("Each subpoena includes overly broad language directing the witness to disclose 'communications with persons … who are not defendants.' The subpoena does not specify who is contemplated by 'persons' … In light of this undisciplined language, the subpoenas exceed even the breadth of the subpoena found objectionable" in other cases). Citadel Securities cannot fully assess the validity, scope, or burden of this Request due to these undefined key terms, and expressly reserves the right to raise additional objections.

*Second*, Citadel Securities objects to this Request because it purports to require Citadel Securities to produce documents outside its possession, custody, or control as it requires information from or sent to third party exchanges or off-exchange trading venues. *Sci. Games Corp.*, 2017 WL 3013251, at *2 (noting a "party is entitled to seek only those documents in the subpoenaed person's 'possession, custody, or control.'") (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)).

*Third*, Citadel Securities objects to this Request because it is overbroad and unduly burdensome. The Request seeks "[a]ll messages relating to the routing of orders of any type for shares [of] Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes" involving Citadel Securities over a nearly four-year period, which would require an extraordinarily burdensome search and review process. *See Guillen*, 341 F.R.D. at 71 ("[T]he court agrees that … requests for 'any and all' documents Plaintiff received or submitted to or from USCIS or any other Government agency in connection with an application for immigration status

10

or work authorization in the United States is overbroad without a temporal or other reasonable limitation.").

***Fourth***, Citadel Securities, a non-party, objects to this Request to the extent that it seeks information, documents, or things that are readily available to the Trustee from other sources. *Brown*, 2017 WL 6451706, at *4 (denying subpoena where records obtainable by document request and not clear plaintiff exhausted other "reasonably-available means" before requesting subpoena).

***Fifth***, Citadel Securities objects to this Request because its relevance to the underlying bankruptcy is unclear and the Trustee has been unable to, or outright declined, to explain the relevance of the information sought. *See Heilman*, 2012 WL 5187732, at *4 (noting a party seeking discovery "may not simply argue in conclusory fashion that all of the discovery he seeks is relevant…") (quoting *Freeland*, 2009 U.S. Dist. LEXIS 20282, at *10); *see* Fed. R. Civ. P. 26(b), advisory committee's notes to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

***Sixth,*** Citadel Securities objects to this Request to the extent it purports to seek information about Citadel Securities' or its clients' positions in a security, which is well outside the scope of a Rule 2004 examination. *See* Rule 2004 ("The examination … may relate *only* to: (A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge.") (emphasis added).

***Finally***, Citadel Securities objects to the Request to the extent that it seeks information already in the Trustee's possession. The Trustee has purportedly already analyzed "55 million

11

shares of MMAT," identified specific trading practices it argues are unlawful, and quantified the impact on shareholders, indicating that the Trustee currently possesses information concerning relevant trades or has the capabilities to obtain the information itself. *See Trevino*, 2024 WL 2853262, at *1 (explaining "a Rule 45 subpoena should be directed to non-parties for information that cannot be readily obtained from a party to the case.").

On the basis of these objections, Citadel Securities will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION 4**: All communications electronically stored in the original format captured, including transactions records and emails, related to locating, securing, borrowing, and delivering shares of Meta and/or MMTLP, including records of instances where Citadel failed to deliver (FTD) shares of Meta and/or MMTLP and records of how Citadel rectified the outstanding FTDs.

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION 4:**

Citadel Securities incorporates its General Objections and Objections to Definitions and Instructions as if fully set forth herein. Citadel Securities further objects as follows:

*First*, Citadel Securities objects to this Request because it fails to define key terms, rendering the request vague, unduly burdensome, and unintelligible. The Request does not define, for example, "Meta," or "MMTLP," making the Request impermissibly vague. *See Matter of Grand Jury Subpoenas Issued May 3, 1994 for Nash*, 858 F. Supp. at 135–36 ("Each subpoena includes overly broad language directing the witness to disclose 'communications with persons … who are not defendants.' The subpoena does not specify who is contemplated by 'persons' … In light of this undisciplined language, the subpoenas exceed even the breadth of the subpoena found objectionable" in other cases). Citadel Securities cannot fully assess the validity, scope, or burden of this Request due to these undefined key terms, and expressly reserves the right to raise additional objections.

*Second*, Citadel Securities objects to this Request because it is overbroad and unduly burdensome. The Request seeks "[a]ll communications … including transaction records and emails, related to locating, securing, borrowing, and delivering shares of Meta and/or MMTLP," without any limitation as to the purchasers of the shares involved or type of orders, which would require an extraordinarily burdensome search and review process. *See Guillen*, 341 F.R.D. at 71 ("[T]he court agrees that … requests for 'any and all' documents Plaintiff received or submitted to or from USCIS or any other Government agency in connection with an application for immigration status or work authorization in the United States is overbroad without a temporal or other reasonable limitation.").

*Third*, Citadel Securities objects to this Request because it purports to require Citadel Securities to produce documents outside its possession, custody, or control as it requires information relating to any transactions records and emails related to shares of Meta and/or MMTLP. *Sci. Games Corp.*, 2017 WL 3013251, at *2 (noting a "party is entitled to seek only those documents in the subpoenaed person's 'possession, custody, or control.'") (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)).

*Fourth*, Citadel Securities, a non-party, objects to this Request to the extent that it seeks information, documents, or things that are readily available to the Trustee from other sources. *Brown*, 2017 WL 6451706, at *4 (E.D. Cal. Dec. 18, 2017) (denying subpoena where records obtainable by document request and not clear plaintiff exhausted other "reasonably-available means" before requesting subpoena).

*Fifth*, Citadel Securities objects to this Request because its relevance to the underlying bankruptcy is unclear and the Trustee has been unable to, or outright declined, to explain the relevance of the information sought. *See Heilman*, 2012 WL 5187732, at *4 (noting a party

13

seeking discovery "may not simply argue in conclusory fashion that all of the discovery he seeks is relevant…") (quoting *Freeland*, 2009 U.S. Dist. LEXIS 20282, at *10); *see* Fed. R. Civ. P. 26(b), advisory committee's notes to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

**Sixth,** Citadel Securities objects to this Request to the extent it purports to seek information about Citadel Securities' positions in a security and its trading strategies and practices, all of which are well outside the scope of a Rule 2004 examination. *See* Rule 2004 ("The examination … may relate *only* to: (A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge.") (emphasis added); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 393–94 (Bankr. W.D. Pa. 2008) ("[W]hile Rule 2004 allows a fishing expedition to some extent, it may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs.").

**Finally**, Citadel Securities objects to the Request to the extent that it seeks information already in the Trustee's possession. The Trustee has purportedly already analyzed "55 million shares of MMAT," identified specific trading practices it argues are unlawful, and quantified the impact on shareholders, indicating that the Trustee currently possesses information concerning relevant trades or has the capabilities to obtain the information itself. *See Trevino*, 2024 WL 2853262, at *1 (explaining "a Rule 45 subpoena should be directed to non-parties for information that cannot be readily obtained from a party to the case.").

On the basis of these objections, Citadel Securities will not produce documents in response to this Request.

14

**REQUEST FOR PRODUCTION 5**:  All records of position data representing Citadel's position in Meta and/or MMTLP, including tallies of shares sold short that were located and/or successfully borrowed as well as shares sold short that were not located and/or successfully borrowed (e.g. the position corresponding to naked short sales), produced at the frequency such data was recorded).

**RESPONSE AND OBJECTIONS TO REQUEST FOR PRODUCTION 5:**

Citadel Securities incorporates its General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Citadel Securities further objects as follows:

***First***, Citadel Securities objects to this Request because it fails to define key terms, rendering the request vague, unduly burdensome, and unintelligible. The Request does not define, for example, "Meta," or "MMTLP," making the Request impermissibly vague. *See Matter of Grand Jury Subpoenas Issued May 3, 1994 for Nash*, 858 F. Supp. at 135–36 ("Each subpoena includes overly broad language directing the witness to disclose 'communications with persons … who are not defendants.' The subpoena does not specify who is contemplated by 'persons' … In light of this undisciplined language, the subpoenas exceed even the breadth of the subpoena found objectionable" in other cases).  Citadel Securities cannot fully assess the validity, scope, or burden of this Request due to these undefined key terms, and expressly reserves the right to raise additional objections.

***Second,*** Citadel Securities objects to this Request because it purports to seek information about Citadel Securities' positions in a security, which is well outside the scope of a Rule 2004 examination.  *See* Rule 2004 ("The examination … may relate *only* to: (A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge.") (emphasis added).

15

***Third***, Citadel Securities objects to this Request because it is overbroad and unduly burdensome. The Request seeks "[a]ll records of position data representing Citadel Securities' position in Meta and/or MMTLP" over a nearly four-year period, which would require an extraordinarily burdensome search and review process. *See Guillen*, 341 F.R.D. at 71 ("[T]he court agrees that … requests for 'any and all' documents Plaintiff received or submitted to or from USCIS or any other Government agency in connection with an application for immigration status or work authorization in the United States is overbroad without a temporal or other reasonable limitation.").

***Fourth***, Citadel Securities objects to this Request because its relevance to the underlying bankruptcy is unclear and the Trustee has been unable to, or outright declined, to explain the relevance of the information sought. *See Heilman*, 2012 WL 5187732, at *4 (noting a party seeking discovery "may not simply argue in conclusory fashion that all of the discovery he seeks is relevant…") (quoting *Freeland*, 2009 U.S. Dist. LEXIS 20282, at *10); *see* Fed. R. Civ. P. 26(b), advisory committee's notes to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

***Finally***, Citadel Securities objects to the Request to the extent that it seeks information already in the Trustee's possession. The Trustee has purportedly already analyzed "55 million shares of MMAT," identified specific trading practices it argues are unlawful, and quantified the impact on shareholders, indicating that the Trustee currently possesses information concerning relevant trades or has the capabilities to obtain the information itself. *See Trevino*, 2024 WL 2853262, at *1 (explaining "a Rule 45 subpoena should be directed to non-parties for information that cannot be readily obtained from a party to the case.").

16

On the basis of these objections, Citadel Securities will not produce documents in response to this Request.

Sincerely,

*/s/ Peter Fountain*

Peter H. Fountain