# EXHIBIT 8

# EXHIBIT 8

## Madeleine Zabriskie

| | |
|---|---|
| **From:** | Peter Fountain |
| **Sent:** | Tuesday, August 5, 2025 6:35 PM |
| **To:** | David D. Burnett; Madeleine Zabriskie |
| **Cc:** | Jeff Hartman; James Wes Christian; Stephen W. Tountas; Ryan R. C. Hicks; Holly Pappas; Clay Brust |
| **Subject:** | RE: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb) |

David,

I write regarding several issues concerning the Trustee's subpoenas.  First, the Rule 2004 subpoena with document requests contravenes Local Rule 2004(c), which states that "[p]roduction of documents may not be obtained via an order under Fed. R. Bankr. P. 2004."  When we asked how you could pursue Rule 2004 subpoenas for documents in light of this rule, you said you were not aware of the rule but would look into it.

We also explained that we remain concerned that the Trustee is using Rule 2004 as an improper substitute for adversary proceeding discovery. Your characterization of this as "pre-litigation discovery" and your admission that the Trustee is investigating "spoofing and shorting by third parties such as Citadel" confirms that the Trustee has already identified Citadel Securities as a litigation target. When we asked about this during the call, you said that Rule 2004 permits a "fishing expedition" but otherwise refused to explain the factual basis for the subpoenas to Citadel Securities, citing a need to protect litigation strategy and work product.  As we discussed, courts consistently reject this misuse of Rule 2004, as the examination is "not permitted" where a party "has identified [the recipient] as a litigation target and is seeking to utilize the liberal discovery available under Rule 2004 to further this ultimate litigation." *In re Transmar Commod. Grp., Ltd.*, No. 16-13625-JLG (Bankr. S.D.N.Y.), June 9, 2017 Hr'g Tr. at 22:7-11.

The *Sorrento Therapeutics* case you cited is fundamentally different and inapposite from our situation. There, the court granted an unopposed motion seeking limited information about shareholders who owned the debtor's own securities *for the specific purpose of enabling proper notice for an imminent shareholder meeting*. That narrow, administrative purpose bears no resemblance to the extensive trading data and internal business information the Trustee seeks from Citadel Securities for admittedly pre-litigation purposes. When asked about the relevance of that case to the subpoenas, you said that the order in *Sorrento* was obtained in a "pre-litigation context" and that you subsequently obtained records from brokers.  We do not see any such reference in the motion or order, nor do we agree with your analysis of the case.

We also discussed that the Trustee already possesses public trading data that purportedly identified "55 million shares of MMAT and 92 million shares of TRCH" allegedly subject to manipulation. When asked what specific information the Trustee is seeking from Citadel Securities that is not already available in that data, you said that what data the Trustee already has obtained is irrelevant because our client has an independent obligation to produce information.

Relatedly, regarding productions from other subpoena recipients, you refused to tell us what types of information you have already received and from whom, telling us instead that because our client has an independent obligation to produce documents, what you received from others was not relevant.

Finally, as you indicated in your email that production of trading data would only "partly satisfy" the document requests, we asked what else would be necessary.  You responded that your requests seek "All messages relating to" the data, and that "messages" refers to "any form of communication."

In light of the Trustee's refusal to provide information about the basis of her subpoenas, her admitted improper purpose of seeking pre-litigation discovery regarding purported market manipulation by our client, and the significant and undue

burden associated with the subpoenas, Citadel Securities will stand on its responses & objections and not produce documents in response to the Trustee's subpoenas.

Sincerely,
Peter

---

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Thursday, July 31, 2025 8:24 PM
**To:** Peter Fountain <peterfountain@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Clay Brust <cbrust@rssblaw.com>
**Subject:** Re: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

[EXTERNAL EMAIL from dburnett@schneiderwallace.com]

---

Peter:

In advance of our call, here are responses to the main points raised in your June 13 Responses and Objections to the Trustee's subpoena.  We can reschedule the call to next week if you'd like.

Pages 1-2 of your R&Os, objections based on privilege and confidentiality.  We'd like to enter into a protective orders between Citadel and the Trustee, as we've done with other subpoena recipients, which will address your concern.

Page 2, the relevant time period of Sept. 21, 2020 through August 7, 2024.  Regarding the end date, Meta filed for Chapter 7 bankruptcy on August 9, 2024.  The start date is three months before Meta and Torchlight announced a definitive agreement for business combination.  We believe Torchlight, Meta's predecessor, had a substantial number of shares that were issued but not delivered which were carried into the Meta merger.  Trading in Meta shares was ultimately halted by FINRA on December 9, 2022.  The months leading up to the merger, and the subsequent period running through to the bankruptcy, are key to the Trustee's investigation of whether Meta's stock was manipulated.

Page 2, allegedly improper purpose.  As you note, Rule 2004 provides for investigating "the liabilities and financial condition of the debtor" and "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).  11 U.S.C. Section 704 states that the Trustee "shall . . . Investigate the financial affairs of the debtor."  "In light of these duties, a Chapter 7 trustee is described as a fiduciary charged with protecting the interests of all creditors of the estate."  In re Bollinger, 2015 Bankr. LEXIS 4572, *17 (Bankr. D. Nev. June 29, 2015).  The Trustee is investigating possible manipulation of the debtor's stock which may have affected its financial condition.  Meta's stock price plummeted over time, which may be due in part to spoofing and shorting by third parties such as Citadel, which is what the Trustee is investigating.  That is a proper purpose.  Courts have endorsed subpoenas in cases with similar fact patterns.  See the attached order from In re: Sorrento Therapeutics, Inc., No. 23-90085 (Bankr. S.D. Tex. Apr. 4, 2023), Dkt. No. 334.  The decision granted the attached Debtors' Emergency

Motion from that case, Dkt. No. 330. The motion concerned documents requested from 25 brokers, dealers, and other firms (Exhibit A to the motion). The motion includes citation to caselaw about the broad scope of a Rule 2004 examination. Page 6 of 12. See also *In re Millenium Lab Holdings II, LLC*, 562 B.R. 614, 626-28 (Bankr. D. Del. 2016), and the authorities cited therein. In *Millenium*, the court (like others) described Rule 2004 discovery as a permissible "fishing expedition," which speaks to this discovery mechanism as a unique and powerful tool for the Trustee to investigate on the debtor's behalf: "Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a 'fishing expedition' and 'an inquisition.' Indeed, a Rule 2004 examination is generally not available once an adversary proceeding or contested matter has been commenced; at that point, discovery is made pursuant to the Federal Rules of Bankruptcy Procedure." 562 B.R. at 626 (internal citations and certain quotations omitted). There is ample additional caselaw stating that the scope of examination under Rule 2004 is broad, broader than under the FRCP, and the investigatory powers extend to third parties with any information relevant to the debtor's financial affairs. There are many other examples of Rule 2004 discovery being granted for pre-litigation discovery in bankruptcies.

Page 4, objections to key terms. We can talk through the requests with you. If necessary we can have our data person speak with yours. The four relevant tickers are: MMAT: 59134N 10 4 META MATLS INC; MMAT: 59134N 30 2 META MATLS INC; TRCH: 89102U103; and MMTLP: 59134N 20 3 PFD META MATLS.

Page 5, burden. We would like Citadel to produce trade data, which should not be burdensome and would at least partly satisfy the document requests. Producing trade data should simply be a matter of generating spreadsheets from Citadel's databases, and would not entail a document-by-document review of extensive materials. The Trustee has received productions of trade data from multiple other subpoena recipients, without a fuss. We will cite those to the Court in contrast with Citadel's refusals. If Citadel will agree to produce, we need to discuss the following, at a minimum: 1) have you discussed Citadel's records and a production with them, 2) what data and/or documents does Citadel have which are responsive to the Trustee's document requests, 3) does Citadel have records for all relevant tickers from the full date range specified, 4) what will Citadel produce, and 5) on what timeframe.

Page 5, possession. The Trustee is seeking documents in Citadel's possession, from Citadel's databases. We are obviously not seeking documents from parties or sources outside of Citadel's control.

Page 5, other sources. Citadel has an obligation to comply with the subpoena by producing responsive information in its possession, custody, or control. It is not a defense to suggest, without proof, that theoretically some of its data might be found elsewhere. In any event, the subpoenas call for trade data in Citadel's possession, and there is no basis to believe any of Citadel's internal information can be found from other parties. No other party can narrow or satisfy Citadel's obligation to produce its own records.

Page 6, relevance. See above.

Page 6, scope of 2004 investigation. See above.

Page 6, data in the Trustee's possession. The reference to 55 million shares was from an investigation using public trade data. What we are seeking from Citadel is non-public data in Citadel's possession. The Trustee does not have that information—it can only be obtained from Citadel.

Best,
David



**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free: (800) 689-0024
Direct:    (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com
***Admitted in New York and District of Columbia.***

---

**From:** Peter Fountain <peterfountain@quinnemanuel.com>
**Sent:** Wednesday, July 30, 2025 2:21 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Clay Brust <cbrust@rssblaw.com>
**Subject:** RE: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

> **Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David,

I'm following up on our attempt to schedule a meet and confer with the Trustee. As you know, Citadel Securities served responses & objections on June 13. We did not hear from the Trustee for more than a month. Then, on July 17, the Trustee threatened to "promptly" move to compel. We offered a meet and confer, but counsel said they were unavailable on the day we offered and would aim to send written responses to Citadel Securities' R&Os on either July 25 or July 28.

It is now July 30, and we have not heard from the Trustee. Despite the Trustee's delays, Citadel Securities continues to be open to a constructive discussion, and our client would like us to determine whether the parties can reach an agreement. We have availability to confer tomorrow morning and on Friday. Please let us know when would work for you and we will send a calendar invitation.

Thank you,
Peter

---

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Thursday, July 24, 2025 3:29 PM
**To:** Peter Fountain <peterfountain@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas

<hpappas@christianattarlaw.com>; Clay Brust <cbrust@rssblaw.com>
**Subject:** Re: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

**[EXTERNAL EMAIL from dburnett@schneiderwallace.com]**

Peter:

We can't confer tomorrow, but agree that it could be helpful to send you written responses to the points made in your Responses and Objections. We'll aim to get that to you tomorrow or Monday, and then let's speak soon after that. I mentioned a motion to compel below as fair notice that if Citadel will not agree to produce, the Trustee will promptly move to compel. We've been discussing the subpoenas since May and your Responses and Objections seemed clear that you would not produce. So yes, let's speak early to mid next week after one more email from us responding to your Responses and Objections.

Best,
David



**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free: (800) 689-0024
Direct: (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com
***Admitted in New York and District of Columbia.***

---

**From:** Peter Fountain <peterfountain@quinnemanuel.com>
**Sent:** Tuesday, July 22, 2025 10:32 AM
**To:** David D. Burnett <dburnett@schneiderwallace.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Clay Brust <cbrust@rssblaw.com>
**Subject:** RE: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

**Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David,

Thank you for your email.  While we are disappointed that the Trustee's first outreach—more than a month after we served our Responses & Objections—is a threat to move to compel, we remain open to conferring about these matters.  If you'd like to send materials in advance of our conferral, please do, and we can discuss the subpoenas to determine if there's a path forward that addresses Citadel Securities' concerns as set forth in our Responses and Objections.

This Friday would be best if that's workable on your end - we can be relatively flexible that day.  Let us know if there are times that work for you on Friday, and we'll send a calendar invitation.

Sincerely,

Peter

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Thursday, July 17, 2025 3:34 PM
**To:** Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Clay Brust <cbrust@rssblaw.com>
**Subject:** Re: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

**[EXTERNAL EMAIL from dburnett@schneiderwallace.com]**

Peter and Madeleine:

It appears from Citadel's Responses and Objections that Citadel is unwilling to produce any documents in response to the Trustee's two subpoenas.  Is that correct?  You state in response to each of the five document requests that "On the basis of these objections, Citadel Securities will not produce documents in response to this Request."

If Citadel is willing to produce, we would like to confer about such production.  I can send you a list of questions for discussion in advance of the call.

If Citadel refuses to produce, we nonetheless need to speak by phone about this discovery dispute, pursuant to Bankr. D. Nev. Local Rule 7037, before the Trustee moves to compel in the bankruptcy court.  The parties can talk through Citadel's objections and why the Trustee disagrees, and we can try to reach agreement or confirm that we're at impasse.  In our view, all of your objections could be amicably addressed and overcome through discussion and negotiation, if Citadel is open to it.  You raise standard objections in the Responses and Objections and nothing you have stated is fatal to these subpoenas.  Notwithstanding your many objections, we expect that Citadel has electronic records of trades in its computer systems and could mostly satisfy its discovery obligations in response to the subpoenas' requests by generating and producing spreadsheets of relevant trading data from those computer systems, which we do not believe would be burdensome.  We are prepared to discuss the parameters of Citadel's production on our call, but if the parties are at impasse the Trustee plans to promptly move to compel.

We're available next week other than Monday for a call.  Please let us know your available time windows, preferably Tuesday or Wednesday.

David



**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:     (510) 740-2939
Facsimile:  (415) 421-7105
www.schneiderwallace.com

*\*Admitted in New York and District of Columbia.*

---

**From:** Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>
**Sent:** Friday, June 13, 2025 7:13 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>; Peter Fountain <peterfountain@quinnemanuel.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly

Pappas <hpappas@christianattarlaw.com>; Clay Brust <cbrust@rssblaw.com>
**Subject:** RE: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

**Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

Counsel,

Please see attached Citadel Securities' Responses & Objections to the Trustee's subpoenas.

Sincerely,

Maddie

**Madeleine Zabriskie**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7122 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
madeleinezabriskie@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Monday, June 2, 2025 4:51 PM
**To:** Peter Fountain <peterfountain@quinnemanuel.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Clay Brust <cbrust@rssblaw.com>
**Subject:** Re: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

[EXTERNAL EMAIL from dburnett@schneiderwallace.com]

Peter:

That's fine with the Trustee—we acknowledge that Citadel has accepted service of both subpoenas by email, as of May 30, and that you'll serve responses and objections by June 13.  We'll ask for a call soon after you serve the responses and objections to further discuss the contours of Citadel's production(s).

The Rule 2004 subpoena calls for both documents and testimony, as stated in the subpoena, and I noted in my May 29 email below that "The Rule 2004 subpoena is not duplicative of the subpoena to produce documents because the former seeks a deposition of a custodian of records, in addition to documents . . . ."  So the Rule 2004 subpoena is not limited to testimony.  But as a practical matter, Citadel's production of documents will satisfy the document requests in both subpoenas.

David



**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:     (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

*\*Admitted in New York and District of Columbia.*

**From:** Peter Fountain <peterfountain@quinnemanuel.com>
**Sent:** Friday, May 30, 2025 9:01 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>;

Clay Brust <cbrust@rssblaw.com>
**Subject:** RE: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

---

**Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

---

David,

While we are disappointed that the Trustee will not agree to withdraw the duplicative Rule 2004 subpoena, in the interest of efficiency Citadel Securities will accept service of the two subpoenas by email, effective today.  We will serve responses & objections within the allotted time period (that is, on or before June 13).

Please note that in accepting service by email, Citadel Securities is not waiving any objections to the subpoenas and continues to reserve all rights.

We note your representation that the Rule 2004 subpoena "seeks a deposition of [Citadel Securities'] custodian of records" and is intended to "preserve [the Trustee's] right to seek testimony from a custodian of records." We understand this to confirm that the Rule 2004 subpoena is limited to deposition testimony and does not seek the same document production as the Rule 45 subpoena.

Have a nice weekend.

Sincerely,

Peter

---

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Thursday, May 29, 2025 3:56 PM
**To:** Peter Fountain <peterfountain@quinnemanuel.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Clay Brust <cbrust@rssblaw.com>
**Subject:** Re: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

[EXTERNAL EMAIL from dburnett@schneiderwallace.com]

Peter:

We can't agree to your proposal to drop the Rule 2004 examination subpoena, as explained in my prior email.  The Rule 2004 subpoena is not duplicative of the subpoena to produce documents because the former seeks a deposition of a custodian of records, in addition to documents, and the Trustee needs to reserve the right to take a deposition.

We can serve the subpoenas in person, but given that we are already in communication with you as Citadel's counsel, that would put form over function and needlessly delay this process.  We'd rather proceed to negotiating the scope.

Given that, please let us know 1) if Citadel will agree to accept email service of either subpoena; 2) whether you will respond to either subpoena today, as tentatively discussed; and 3) if you won't accept electronic service, whether you have a preference or recommendation for which Citadel address to use for physical service.  We see that Citadel has offices in Miami, NY, and Chicago, among other places, and a registered agent in Delaware.

David

**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:     (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

***Admitted in New York and District of Columbia.***

11

**From:** Peter Fountain <peterfountain@quinnemanuel.com>
**Sent:** Friday, May 23, 2025 6:12 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Clay Brust <cbrust@rssblaw.com>
**Subject:** RE: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

**Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David,

Thanks for getting back to us.  It appears there is a misunderstanding about the proposal.  Our offer was that we would accept service by email and agree to a May 29 response date *provided that* the Trustee would proceed only with the document subpoena and drop the duplicative Rule 2004 examination subpoena.  This has efficiency benefits for both sides, as the Trustee would not need to attempt to properly serve Citadel Securities, and Citadel Securities would not need to respond to a subpoena that is wholly duplicative.

Your email purports to accept only part of our conditional proposal, which creates no agreement.  The offer that we made on May 16 still stands – please let us know the Trustee's position.  Thank you.

Sincerely,

Peter

---

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Thursday, May 22, 2025 4:15 PM
**To:** Peter Fountain <peterfountain@quinnemanuel.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Clay Brust <cbrust@rssblaw.com>
**Subject:** Re: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

**[EXTERNAL EMAIL from dburnett@schneiderwallace.com]**

Peter:

Yes, thanks for the call.

We agree to a response date of May 29, 2025 for Citadel's written responses and objections to both subpoenas.  Thanks for confirming that you will accept email service.  In so doing, you'll also withdraw your objection to the means of service.

The Trustee cannot agree to withdraw the Rule 2004 examination subpoena seeking a deposition of Citadel's custodian of records.  To our recollection, that is not something you raised on our call as a condition to the May 29 response date, either.  The Trustee had authority to serve the Rule 2004 subpoena and has done so with all similarly-situated third parties.  We do not yet know what responsive information Citadel has nor to what extent your client will comply with the subpoenas, including providing information about Citadel's records.   The Trustee needs to preserve its right to seek testimony from a custodian of records, if necessary, but we are hopeful that conferring with you with obviate such a need.

As for why the Trustee is seeking discovery from Citadel:  I explained that the Trustee has served many subpoenas on many parties involved in trading Meta securities, and noted that every party will have different data and documents.  Beyond that, information about the Trustee's reasons for serving the Citadel subpoenas intrudes on attorney-client privilege and our work product.

As discussed, we'd like to confer the week after your responses—the first week of June—to discuss what information Citadel has responsive to the subpoenas and discuss a timeline for production.  Noted that you have a trial beginning June 2, and that we can work around that.

Best,

David

**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:     (510) 740-2939
Facsimile:  (415) 421-7105
www.schneiderwallace.com

*\*Admitted in New York and District of Columbia.*

---

**From:** Peter Fountain <peterfountain@quinnemanuel.com>
**Sent:** Friday, May 16, 2025 2:57 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>; Clay Brust <cbrust@rssblaw.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Kent Robison <krobison@rssblaw.com>; Hannah Winston <hwinston@rssblaw.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>
**Subject:** RE: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

**Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David,

Thank you for speaking with us yesterday about the Trustee's subpoenas to Citadel Securities.  During the meet and confer, we asked the basis for the timeframe in the subpoenas (September 21, 2020 through August 7, 2024), and you said that you did not know and that the team looking into the matter for the Trustee had suggested that timeframe.  We also asked why the Trustee needed the requested information from Citadel Securities, and you said that you could not answer that question due to the deliberative process or attorney-client privilege.

We have conferred with our client and are willing to accept service by email and to set a response date of May 29, 2025, provided that the Trustee agrees to proceed only with its subpoena to produce documents, information, or objects or to permit inspection of premises in a bankruptcy case (or adversary proceeding) and to drop its duplicative subpoena seeking an examination of Citadel Securities' custodian of records.  To our understanding, the requests in the two subpoenas are identical.

Please let us know whether the Trustee agrees to this proposal.  Thank you.

Sincerely,

Peter

---

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Monday, May 12, 2025 5:17 PM
**To:** Peter Fountain <peterfountain@quinnemanuel.com>; Clay Brust <cbrust@rssblaw.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Kent Robison <krobison@rssblaw.com>; Hannah Winston <hwinston@rssblaw.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>
**Subject:** Re: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

[EXTERNAL EMAIL from dburnett@schneiderwallace.com]

---

Thanks, Peter.  I've checked with my colleagues, and we propose 10 am on Thursday.

David

**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:     (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

***Admitted in New York and District of Columbia.***

**From:** Peter Fountain
**Sent:** Monday, May 12, 2025 12:40 PM
**To:** David D. Burnett; Clay Brust
**Cc:** Jeff Hartman; James Wes Christian; Stephen W. Tountas; Ryan R. C. Hicks; Holly Pappas; Kent Robison; Hannah Winston; Madeleine Zabriskie; Peter Fountain
**Subject:** RE: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

---

**Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David,

Thank you for your email.  As noted previously, Citadel Securities was not properly served, but we're happy to have a call to discuss the response date.  We're available on Wednesday between 4 and 5:30 pm ET or Thursday between 9 and 11 am ET.

Please let me know what time works, and I'll send a calendar invitation.

Sincerely,

Peter

---

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Friday, May 9, 2025 1:12 PM
**To:** Peter Fountain <peterfountain@quinnemanuel.com>; Clay Brust <cbrust@rssblaw.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Kent Robison <krobison@rssblaw.com>; Hannah Winston <hwinston@rssblaw.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>
**Subject:** Re: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

**[EXTERNAL EMAIL from dburnett@schneiderwallace.com]**

Peter:


I'm following up on my colleague Clay's emails with you below regarding the two Citadel subpoenas in this case.  We're contacting you on behalf of the Trustee.


We weren't able to schedule a call during your times below, but please advise your availability for a call early to mid next week.  We can discuss the subpoenas and negotiate a path forward.


Thanks,

David


**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line:  (415) 421-7100
Toll Free:  (800) 689-0024
Direct:      (510) 740-2939
Facsimile:  (415) 421-7105
www.schneiderwallace.com

***Admitted in New York and District of Columbia.***

---

**From:** Peter Fountain
**Sent:** Tuesday, May 06, 2025 11:04 AM
**To:** Clay Brust
**Cc:** Jeff Hartman; James Wes Christian; David D. Burnett; Stephen W. Tountas; Ryan R. C. Hicks; Holly Pappas; Kent Robison; Hannah Winston; Madeleine Zabriskie
**Subject:** RE: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

**Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

Clay,

Thank you for your email.  As I noted, because Citadel Securities was not properly served, there is currently no response date for the subpoena.  We are available for a call to discuss the response date tomorrow between 2 and 3 pm ET and Thursday between 10 and 1 pm ET.

Please let us know what time works, and I can send a dial-in.

Sincerely,

Peter

---

**From:** Clay Brust <cbrust@rssblaw.com>
**Sent:** Monday, May 5, 2025 2:24 PM
**To:** Peter Fountain <peterfountain@quinnemanuel.com>
**Cc:** Jeff Hartman <jlh@bankruptcyreno.com>; James Wes Christian <jchristian@christianattarlaw.com>; David D. Burnett <dburnett@schneiderwallace.com>; Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Holly Pappas <hpappas@christianattarlaw.com>; Kent Robison <krobison@rssblaw.com>; Hannah Winston <hwinston@rssblaw.com>
**Subject:** Re: In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb)

[EXTERNAL EMAIL from cbrust@rssblaw.com]

---

Peter,

An extension to May 29 seems long for my team.  What date/time in the next 7 days would work for you to have a call to discuss your concerns and an extension?

Thank you,

Clay

Clayton P. Brust



71 Washington Street
Reno, NV 89503

Direct - 775.236.2366
www.rssblaw.com

CONFIDENTIALITY:  This email (including attachments) is intended solely for the use of
the individual to whom it is addressed and may contain information that is privileged,
confidential, or otherwise exempt from disclosure under applicable law.  If you are not
the intended recipient, please do not read, copy, or re-transmit this communication.  If you
are the intended recipient, this communication may only be copied or transmitted with the
consent of the sender.  If you have received this email in error, please contact
the sender immediately by return email and delete the original message and
any attachments from your system.  Thank you in advance for your cooperation
and assistance.

IRS CIRCULAR 230 DISCLAIMER:  Any tax advice contained in this email is not intended
to be used, and cannot be used by any taxpayer, for the purpose of avoiding Federal tax
penalties that may be imposed on the taxpayer.  Further, to the extent any tax
advice contained in this email may have been written to support the promotion
or marketing of the transactions or matters discussed in this email, every taxpayer
should seek advice based on such taxpayer's particular circumstances from
an independent tax advisor.

On Apr 29, 2025, at 2:42 PM, Peter Fountain <peterfountain@quinnemanuel.com> wrote:

Dear Mr. Brust,

We have been retained by Citadel Securities in connection with a subpoena from your firm in In re Meta Materials, Inc. (Bankr. D. Nev. No. 24-50792-hlb).  Our understanding is that Citadel Securities was not properly served with the subpoena, and therefore does not currently have a response date.  As we are in the process of getting up to speed on this matter, we propose May 29, 2025 as a response date for the subpoena.  Please let us know whether that date works for you.

Thank you,

Peter

**Peter H. Fountain**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7187 Direct
212-849-7000 Main Office Number
peterfountain@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.