# EXHIBIT 10

# EXHIBIT 10

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>**META MATERIALS, INC.,**<br><br>**Debtor.** | Case No. 24-50792-hlb<br>(Chapter 7) |

To:   Clayton P. Brust, Esq.
      Robison, Sharp, Sullivan and Brust
      71 Washington Street
      Reno, Nevada 89503
      *Counsel for Chapter 7 Trustee Christina Lovato*

**NON-PARTY ANSON FUNDS MANAGEMENT LP'S**
**OBJECTIONS TO SUBPOENAS FOR RULE 2004 EXAMINATION**

Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016, which incorporates Federal Rule of Civil Procedure 45, non-party Anson Funds Management LP ("Anson Funds"), misidentified as Anson Funds USA, hereby provides its Objections (the "Objections") to the March 20, 2025 Subpoenas (the "Subpoenas") served by Chapter 7 Trustee Christina Lovato (the "Trustee") in connection with the above captioned bankruptcy case (the "Bankruptcy") of Meta Materials, Inc. ("Meta Materials"). These Objections are made to both the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (the "First Subpoena") and the Subpoena for Rule 2004 Examination (the "Second Subpoena"). Unless otherwise indicated, every Objection herein is made to both the First Subpoena and the Second Subpoena. Pursuant to and subject to these Objections, Anson Funds **will not** produce any documents at the address indicated in both the First Subpoena and Second Subpoena on April 8, 2025, and **will not** produce any witness to provide testimony on April 8, 2025, pursuant to the Second Subpoena.  Anson Funds does remain available to meet and confer with the Trustee.

1

Anson Funds' Objections to the Subpoenas are based on the best information currently available to Anson Funds.  Anson Funds reserves the right to amend, supplement, correct, or clarify its Objections in accordance with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and any applicable court order.  In doing so, Anson Funds assumes no obligation not required by the Federal or Local Rules to supplement Anson Funds' Objections to the Requests.

## **GENERAL OBJECTIONS**

Each of the foregoing General Objections is incorporated into each and every Specific Objection set forth below. Notwithstanding the Specific Objection to any individual request in either of the Subpoenas, Anson Funds does not waive any of its General Objections.  Anson Funds may repeat a General Objection below for emphasis or for some other reason, and the failure to repeat a General Objection shall not be construed as a waiver of any General Objection to any of the requests in either of the Subpoenas.  Below, Anson Funds will refer to the request in both of the Subpoenas as the "Subpoena Requests."

1. Anson Funds objects to the Subpoena Requests as seeking material beyond the scope of Bankruptcy Rule 2004, which permits examination which "relate[s] only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate […]." Fed. R. Bankr. P. 2004(b).

2. Anson Funds objects to the Subpoenas to the extent they were pursued and/or served *ex parte* and without any notice to or opportunity by Anson Funds to object to their issuance, including before the Court overseeing the Bankruptcy.

3. Anson Funds objects to the Subpoena Requests to the extent they seek information irrelevant to the Bankruptcy, are not proportional to the needs of the Bankruptcy, are not reasonably calculated to lead to the discovery of admissible evidence, or are otherwise beyond the scope of

permissible discovery under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, applicable case law, and/or any other source of applicable law.

4. Anson Funds objects to the Subpoena Requests as they appear to be targeted at seeking discovery beyond the administration of the estate of Meta Materials, included but not limited to seeking information relating to non-party Anson Funds, its business, and Anson Funds' business with further non-debtor third parties. The Trustee has no basis, whether under Bankruptcy Rule 2004 or otherwise, on which to seek the information it is seeking through the Subpoena Requests.

5. Anson Funds objects to the Subpoena Requests to the extent they could be interpreted to call for the disclosure of protected information and/or communications, including, but not limited to, (i) information and/or communications protected by the attorney-client privilege; (ii) information and/or communications prepared for, or in anticipation of, litigation and, therefore, protected under the work-product doctrine; (iii) information and/or communications protected by the consulting expert privilege; and/or (iv) information and/or communications otherwise privileged or immune from such discovery.

6. Anson Funds objects to the Subpoena Requests to the extent they seek to end-run compliance with any applicable and/or official process, procedure, law, or rule on obtaining ex-U.S. discovery.

7. Anson Funds objects to the Subpoena Requests to the extent that they seek (a) information that is protected from disclosure by law and/or confidentiality obligations that Anson Funds has to non-parties, its employees, its clients, or others or (b) discovery of sensitive and non-public personal, business, or proprietary information that concerns such other non-parties and is

irrelevant to the Bankruptcy of Meta Materials. Anson Funds will not violate any such confidentiality obligations to non-parties in responding to the Subpoenas.

8. Anson Funds objects to the Subpoena Requests to the extent they imply or suggest that Anson Funds bears any responsibility or liability, in whole or in part, for Meta Materials pursuing its Bankruptcy.

9. Anson Funds objects to the Subpoena Requests to the extent that they are vague, overbroad, harassing, oppressive, and/or unduly burdensome and/or where compliance with any or all of the Subpoena Requests would be unreasonably difficult, prohibitively expensive, and/or unduly time-consuming pursuant to the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure 2004 and 9016, applicable case law, and/or any other source of applicable law.

10. Anson Funds objects to the Subpoena Requests to the extent that they purport to require Anson Funds to produce information or documents not within Anson Funds' possession, custody, or control.

11. Anson Funds objects to the Subpoena Requests to the extent that they purport to seek discovery from any entity or individual other than Anson Funds. The Objections herein are made only on behalf of Anson Funds.

12. Anson Funds objects to the Subpoena Requests to the extent they seek to impose obligations on Anson Funds beyond those imposed under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure 2004 and 9016, applicable case law, and/or any other source of applicable law.

13. Anson Funds objects to the Subpoena Requests to the extent that they purport to require Anson Funds to provide information that cannot be obtained by a reasonably diligent investigation and search.

14. Anson Funds objects to the Subpoena Requests to the extent that they assume facts that do not exist or are incorrect, assume legal conclusions, or relate to the construction of applicable law. Any statement herein does not indicate and should not be construed as an agreement by Anson Funds as to the truth or accuracy of any of the Trustee's characterizations of fact or law, the factual expressions or assumptions contained in any of the Subpoena Requests, the propriety of the Subpoena Requests, or the relevance or admissibility of any Subpoena Requests or documents produced in response thereto, if any.

15. Anson Funds objects to the four-year "time frame" identified in the Subpoenas as overbroad, disproportionate to the administration of the Meta Materials estate, and unduly burdensome on Anson Funds, a non-party.

## OBJECTIONS TO THE SUBPOENAS' DEFINITIONS

16. Anson Funds objects to the definitions of "Acceptable Records", "ESI" and "electronically stored information" as overbroad, vague, and ambiguous, and insofar as they seek to impose obligations on Anson Funds inconsistent with, greater than, or not permitted under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, or any other source of applicable law. Anson Funds further objects to all of these definitions to the extent they call for the disclosure of (i) information and/or communications protected by the attorney-client privilege; (ii) information and/or communications prepared for, or in anticipation of, litigation and, therefore, protected under the work-product doctrine; (iii) information and/or

communications protected by the consulting expert privilege; and/or (iv) information and/or communications otherwise privileged or immune from such discovery.

### OBJECTIONS TO THE SUBPOENAS' INSTRUCTIONS

17. Anson Funds objects to the instructions of both Subpoenas on the grounds that they seek to impose upon Anson Funds duties that are greater and more burdensome than those imposed by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and any other sources of applicable law. Anson Funds object to the instructions of both Subpoenas which direct Anson Funds to produce "information in the possession, custody, or control of any of Your attorney's, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents or subsidiaries, and persons under their control" as overbroad and unduly burdensome for Anson Funds, a non-party.

18. Anson Funds objects to Instruction 1 of both Subpoenas on the grounds that the instructions to produce "attachments, enclosures, memoranda, and cover letters" as well as an explanation for any documents which cannot be produced are vague, ambiguous, and unduly burdensome for Anson Funds, a non-party.

19. Anson Funds objects to Instruction 2 of both Subpoenas on the grounds that the instructions to produce documents "without abbreviation or redaction" calls for Anson Funds to produce privileged or otherwise protected information or information that may be sensitive, proprietary, and/or confidential to other non-parties.

20. Anson Funds objects to Instruction 10 of both Subpoenas on the grounds that the reference to the "ESI Protocol agreed to by the parties and/or ordered by the court" presumes that Anson Funds is a party to Meta Materials' Bankruptcy or that it has agreed to any ESI Protocol. Anson Funds is a non-party and has not agreed to any ESI Protocol.

21.     Anson Funds objects to Instruction 11 of both Subpoenas on the grounds that they are incomplete and ambiguous, abruptly cutting off midsentence after the word "supplementary." As such, Anson Funds is unable to interpret these instructions. Anson Funds also will not agree to be subject to continuing obligations under the Subpoenas as a non-party.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

The General Objections are incorporated into each and every Specific Objection as if set forth fully therein. Because the requests for production in the First Subpoena and Second Subpoena are substantively identical, the below Specific Objections apply equally to the Requests in both Subpoenas.

**REQUEST NO. 1:**

All records of order routing instructions for shares Meta and/or MMTLP received by Broker from a customer, such as the relevant security, quantity, or price, through an electronic interface or any other means of receiving such instructions from all records of responses sent to a customer related to Broker executing such instructions.

**OBJECTION TO REQUEST NO. 1:**

In addition to its General Objections, Anson Funds objects to the use of undefined and ambiguous language in this Request, including the terms "Broker," "customer," "electronic interface," and "relevant security, quantity, or price." Anson Funds further objects to this Request as it calls for the production of materials outside the scope of Bankruptcy Rule 2004. In particular, this Request seeks documents which do not relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor" and do not pertain to "any matter which may affect the administration of the debtor's estate […]." Fed. R. Bankr. P. 2004(b). The documents sought by this Request bear no nexus to the administration of the debtor's estate and are not relevant to

7

the conduct, property, liabilities, or financial condition of the debtor. Anson Funds further objects to this Request as overbroad, harassing, and unduly burdensome on Anson Funds, a non-party. Anson Funds further objects to this Request to the extent it calls on Anson Funds to disclose its own confidential business information, confidential information from its customers or other parties, or proprietary information outside the scope of Bankruptcy Rule 2004.

**REQUEST NO. 2:**

All messages relating to the routing of orders for shares Meta and/or MMTLP of any type using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, routed to an exchange or off-exchange trading venue on behalf of a customer of Broker and received from an exchange or off-exchange trading venue on behalf of customers of Broker.

**OBJECT TO REQUEST NO. 2:**

In addition to its General Objections, Anson Funds objects to the use of undefined and ambiguous language in this Request, including the terms "FIX," "binary protocol," "Broker," "customers of Broker," and "exchange or off-exchange trading venue." Anson Funds further objects to this Request as it calls for the production of materials outside the scope of Bankruptcy Rule 2004. In particular, this Request seeks documents which do not relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor" and do not pertain to "any matter which may affect the administration of the debtor's estate […]." Fed. R. Bankr. P. 2004(b). The messages sought by this Request bears no nexus to the administration of the debtor's estate and are not relevant to the conduct, property, liabilities, or financial condition of the debtor. Anson Funds further objects to this Request as overbroad, harassing, and unduly burdensome on Anson Funds, a non-party. Anson Funds further objects to this Request to the extent it calls on Anson

Funds to disclose its own confidential business information, confidential information from its customers or other parties, or proprietary information outside the scope of Bankruptcy Rule 2004.

**REQUEST NO. 3:**

All communications electronically stored in the original form captured, including transactions records and emails, related to locating, securing, borrowing, and delivering shares of Meta and/or MMTLP, including records of instances where Broker failed to deliver (FTD) Meta and/or MMTLP and records of how Broker rectified the outstanding FTDs.

**OBJECTION TO REQUEST NO. 3:**

In addition to its General Objections, Anson Funds objects to the use of undefined and ambiguous language in this Request, including the terms "transactions records," "Broker," "failed to deliver," and "rectified." Anson Funds further objects to this Request as it calls for the production of materials outside the scope of Bankruptcy Rule 2004. In particular, this Request seeks communications which do not relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor" and do not pertain to "any matter which may affect the administration of the debtor's estate […]." Fed. R. Bankr. P. 2004(b). The communications sought by this Request bear no nexus to the administration of the debtor's estate and are not relevant to the conduct, property, liabilities, or financial condition of the debtor. Anson Funds further objects to this Request as overbroad, harassing, and unduly burdensome on Anson Funds, a non-party. Anson Funds further objects to this Request to the extent it calls on Anson Funds to disclose its own confidential business information, confidential information from its customers or other parties, or proprietary information outside the scope of Bankruptcy Rule 2004. Anson Funds further objects to this Request to the extent it presumes that there were instances that Anson Funds "failed to deliver" shares of certain stocks.

**REQUEST NO. 4:**

All records of position data representing both Broker's net position as well as the net position of each of Broker's customers in Meta and/or MMTLP, including tallies of shares sold short that were located and/or successfully borrowed as well as shares that were sold short that were not located and/or successfully borrowed (e.g. the position corresponding to naked short sales), produced at the frequency such data was recorded).

**OBJECTION TO REQUEST NO. 4:**

In addition to its General Objections, Anson Funds objects to the use of undefined and ambiguous language in this Request, including the terms "position data," "Broker," "customers," "successfully borrowed," and "naked short sales." Anson Funds further objects to this Request as it calls for the production of documents outside the scope of Bankruptcy Rule 2004. In particular, this Request seeks documents which do not relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor" and do not pertain to "any matter which may affect the administration of the debtor's estate […]." Fed. R. Bankr. P. 2004(b). The documents sought by this Request bear no nexus to the administration of the debtor's estate and are not relevant to the conduct, property, liabilities, or financial condition of the debtor. Anson Funds further objects to this Request as overbroad, harassing, and unduly burdensome on Anson Funds, a non-party. Anson Funds further objects to this request to the extent it calls on Anson Funds to disclose its own confidential business information, confidential information from its customers or other parties, or proprietary information outside the scope of Bankruptcy Rule 2004.

***

Subject to and without waiving its General Objections and Specific Objections, and as set forth above, Anson Funds responds that it is willing to meet and confer with the Trustee.

Dated: April 7, 2025

        GREENBERG TRAURIG, LLP

        */s/ Sylvia E. Simson*
        _____
        Sylvia E. Simson
        One Vanderbilt Avenue
        New York, New York 10017
        Tel: (212) 801-9275
        Sylvia.Simson@gtlaw.com

        */s/ Alan Brody*
        _____
        Alan Brody
        500 Campus Drive, Suite 400
        Florham Park, New Jersey 07932-0677
        Tel: (973) 443-3543
        BrodyA@gtlaw.com

        *Attorneys for Anson Funds Management LP*