# EXHIBIT 11

# EXHIBIT 11

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>**META MATERIALS, INC.,**<br><br>Debtor. | Case No. 24-50792-hlb<br>(Chapter 7) |

To:   Clayton P. Brust, Esq.
      Robison, Sharp, Sullivan and Brust
      71 Washington Street
      Reno, Nevada 89503

      David Burnett, Esq.
      Schneider Wallace Cottrell Kim LLP
      1050 30th Street NW
      Washington, DC 20007

   *Counsel for Chapter 7 Trustee Christina Lovato*

### NON-PARTY ANSON FUNDS MANAGEMENT LP'S OBJECTIONS TO NON-PARTY SUBPOENAS

Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016, which incorporates Federal Rule of Civil Procedure 45, as well as the applicable Federal Rules of Civil Procedure, non-party Anson Funds Management LP ("Anson Funds"), misidentified as Anson Funds USA, hereby provides its Objections (the "Objections") to the June 27, 2025 Subpoenas (the "Subpoenas") served by Chapter 7 Trustee Christina Lovato (the "Trustee") in connection with the above captioned bankruptcy case (the "Bankruptcy") of Meta Materials, Inc. ("Meta Materials"). Pursuant to the Trustee's email dated June 27, 2025, the Subpoenas were "replacement subpoenas" that "replace the prior, initial subpoenas" served on Anson Funds by the Trustee and "are not additional subpoenas." That notwithstanding, Anson Funds incorporates by reference its prior

1

Objections to the "prior, initial subpoenas" served onto it by the Trustee, which were served on April 7, 2025.

For the avoidance of doubt, these Objections are made to both the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) (the "First Subpoena") and the Subpoena for Rule 2004 Examination (the "Second Subpoena"), the latter of which included requests for the production of documents identical to that in the First Subpoena. Necessarily, the Specific Objections herein to these Requests for Production (hereinafter, the "Subpoena Requests") apply to both the First Subpoena and the Second Subpoena with equal force. And unless otherwise indicated, every Objection herein is made to both the First Subpoena and the Second Subpoena.

Pursuant to and subject to these Objections, Anson Funds **will not** produce any documents at the address indicated in both the First Subpoena and Second Subpoena on July 11, 2025, and **will not** produce any witness to provide testimony (nor produce any documents) on July 11, 2025 pursuant to the Second Subpoena. Anson Funds does remain available to continue to meet and confer with the Trustee.

Anson Funds' Objections to the Subpoenas are based on the best information currently available to Anson Funds. Anson Funds reserves the right to amend, supplement, correct, or clarify its Objections in accordance with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and any applicable court order. In doing so, Anson Funds assumes no obligation not required by the Federal or Local Rules to supplement Anson Funds' Objections to the Requests.

## **GENERAL OBJECTIONS**

Each of the foregoing General Objections is incorporated into each and every Specific Objection set forth below. Notwithstanding the Specific Objection to any individual request in either of the Subpoenas, Anson Funds does not waive any of its General Objections. Anson Funds may repeat a General Objection below for emphasis or for some other reason, and the failure to repeat a General Objection shall not be construed as a waiver of any General Objection to any of the requests in either of the Subpoenas. Below, Anson Funds will refer to the request in both of the Subpoenas as the "Subpoena Requests."

1. Anson Funds objects to the First Subpoena on the basis that the Trustee failed to comply with Local Rule 9016(b)'s requirement to file subpoenas under Federal Rule of Civil Procedure 45 "concurrently with the[ir] issuance and service." LR 9016(b). The Trustee has not filed the First Subpoena to the docket as required by the Local Rules.

2. Anson Funds further objects to the First Subpoena on the basis that there is no adversary proceeding pending against Anson Funds, nor does any contested matter exist under Fed. R. Bankr. P. 9014, and therefore discovery under the Federal Rules of Civil Procedure is not permissible.

3. Anson Funds further objects to the First Subpoena on the basis that it is facially overbroad, unduly burdensome, and entirely disproportionate to the scope of permissible non-party discovery under the applicable Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 45, and would require Anson Funds, a non-party, to devote significant resources to collecting, processing, and reviewing highly sensitive and proprietary trading data and records.

4. Anson Funds objects to the Second Subpoena as seeking material well beyond the scope of Bankruptcy Rule 2004, which permits examination which "relate[s] only to the acts,

3

conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate […]." Fed. R. Bankr. P. 2004(b).

5. Anson Funds objects to the Second Subpoena as the Trustee cannot establish good cause for the Rule 2004 examination requested.

6. Anson Funds objects to the Second Subpoena as improper to the extent the Trustee has already identified it as a potential or actual litigation target, as this would render the Second Subpoena an improper use of Rule 2004.

7. Anson Funds objects to the document requests contained in the Second Subpoena as the Court's Order relating to the requested Rule 2004 Examination was limited to an examination and because Local Rule 2004(c) does not permit the production of documents by court order under Rule 2004 in any event.

8. Anson Funds objects to the Second Subpoena to the extent that the Trustee's motion for non-party Rule 2004 examination of Anson Funds was pursued *ex parte* and without any notice to or opportunity by Anson Funds to object to its issuance (or to the issuance of either of the Subpoenas), including before the Court overseeing the Bankruptcy.

9. Anson Funds objects to the Subpoena Requests as they are nothing more than a broad-based fishing expedition to potentially obtain information that would support a lawsuit against Anson Funds and/or other non-parties, as the Trustee has intimated in various filings to the Bankruptcy Court.

10. Anson Funds objects to the Subpoena Requests to the extent they seek information irrelevant to the Bankruptcy, are not proportional to the needs of the Bankruptcy, are not reasonably calculated to lead to the discovery of admissible evidence, or are otherwise beyond the scope of permissible discovery under the Federal Rules of Civil Procedure, Federal Rules of

Bankruptcy Procedure, the Local Rules of this Court, applicable case law, and/or any other source of applicable law.

11. Anson Funds objects to the Subpoena Requests as they appear to be targeted at seeking discovery beyond the assets of the debtor or the administration of the estate of Meta Materials, included but not limited to seeking information relating to non-party Anson Funds, its business, and Anson Funds' business with further non-debtor third parties. The Trustee has no basis, whether under Bankruptcy Rule 2004, the Federal Rules of Civil Procedure, or any other applicable rule, on which to seek the information it is seeking through the Subpoena Requests.

12. Anson Funds objects to the Subpoena Requests to the extent they could be interpreted to call for the disclosure of protected information and/or communications, including, but not limited to, (i) information and/or communications protected by the attorney-client privilege; (ii) information and/or communications prepared for, or in anticipation of, litigation and, therefore, protected under the work-product doctrine; (iii) information and/or communications protected by the consulting expert privilege; and/or (iv) information and/or communications otherwise privileged or immune from such discovery.

13. Anson Funds objects to the Subpoena Requests to the extent they seek to end-run compliance with any applicable and/or official process, procedure (including but not limited to the appropriate procedure by which one can seek document discovery in federal courts), law, the Federal Rules of Civil Procedure, or rule on obtaining ex-U.S. discovery.

14. Anson Funds objects to the Subpoena Requests to the extent that they seek (a) information that is protected from disclosure by law and/or confidentiality obligations that Anson Funds has to non-parties, its employees, its clients, or others or (b) discovery of sensitive and non-public personal, business, or proprietary information that concerns such other non-parties and is

irrelevant to the Bankruptcy of Meta Materials. Anson Funds will not violate any such confidentiality obligations to non-parties in responding to the Subpoenas.

15. Anson Funds objects to the Subpoena Requests to the extent they imply or suggest that Anson Funds has engaged in any misconduct and/or bears any responsibility or liability, in whole or in part, for Meta Materials pursuing its Bankruptcy.

16. Anson Funds objects to the Subpoena Requests to the extent that they are vague, overbroad, harassing, oppressive, and/or unduly burdensome and/or where compliance with any or all of the Subpoena Requests would be unreasonably difficult, prohibitively expensive, and/or unduly time-consuming pursuant to the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure 2004 and 9016, applicable case law, and/or any other source of applicable law.

17. Anson Funds objects to the Subpoena Requests to the extent that they purport to require Anson Funds to produce information or documents not within Anson Funds' possession, custody, or control.

18. Anson Funds objects to the Subpoena Requests to the extent that they purport to seek discovery from any entity or individual other than Anson Funds. The Objections herein are made only on behalf of Anson Funds.

19. Anson Funds objects to the Subpoena Requests to the extent they seek to impose obligations on Anson Funds beyond those imposed under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure 2004 and 9016, applicable case law, and/or any other source of applicable law.

20. Anson Funds objects to the Subpoena Requests to the extent that they purport to require Anson Funds to provide information that cannot be obtained by a reasonably diligent investigation and search.

21. Anson Funds objects to the Subpoena Requests to the extent that they assume facts that do not exist or are incorrect, assume legal conclusions, or relate to the construction of applicable law. Any statement herein does not indicate and should not be construed as an agreement by Anson Funds as to the truth or accuracy of any of the Trustee's characterizations of fact or law, the factual expressions or assumptions contained in any of the Subpoena Requests, the propriety of the Subpoena Requests, or the relevance or admissibility of any Subpoena Requests or documents produced in response thereto, if any.

## **OBJECTIONS TO THE SUBPOENAS' DEFINITIONS**

22. Anson Funds objects to the definitions of "Acceptable Records", "ESI" and "electronically stored information" as overbroad, vague, and ambiguous, and insofar as they seek to impose obligations on Anson Funds inconsistent with, greater than, or not permitted under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, or any other source of applicable law. Anson Funds further objects to all of these definitions to the extent they call for the disclosure of (i) information and/or communications protected by the attorney-client privilege; (ii) information and/or communications prepared for, or in anticipation of, litigation and, therefore, protected under the work-product doctrine; (iii) information and/or communications protected by the consulting expert privilege; and/or (iv) information and/or communications otherwise privileged or immune from such discovery.

**OBJECTIONS TO THE SUBPOENAS' INSTRUCTIONS**

23. Anson Funds objects to the instructions of both Subpoenas on the grounds that they seek to impose upon Anson Funds duties that are greater and more burdensome than those imposed by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and any other sources of applicable law. Anson Funds object to the instructions of both Subpoenas which direct Anson Funds to produce "information in the possession, custody, or control of any of Your attorney's, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents or subsidiaries, and persons under their control" as overbroad and unduly burdensome for Anson Funds, a non-party.

24. Anson Funds objects to Instruction 1 of both Subpoenas on the grounds that the instructions to produce "attachments, enclosures, memoranda, and cover letters" as well as an explanation for any documents which cannot be produced are vague, ambiguous, and unduly burdensome for Anson Funds, a non-party.

25. Anson Funds objects to Instruction 2 of both Subpoenas on the grounds that the instructions to produce documents "without abbreviation or redaction" calls for Anson Funds to produce privileged or otherwise protected information or information that may be sensitive, proprietary, and/or confidential to other non-parties. The request in Instruction 2 of both Subpoenas to produce "all non-identical versions" of every document is overly burdensome for a non-party like Anson Funds and so Anson Funds objections to this Instruction on that basis, too.

26. Anson Funds objects to Instruction 4 of both Subpoenas as the "Relevant Time Period" is approximately four years rendering the Subpoenas unduly burdensome.

27. Anson Funds objects to Instructions 5 and 6 of both Subpoenas as it need not do more than object to each of the Subpoena Requests and relay the bases for each objection.

28. Anson Funds objects to Instruction 9 of Both Subpoenas on the grounds that it assumes that Anson Funds will be producing all of the requested documents in the Subpoenas.

29. Anson Funds objects to Instruction 10 of both Subpoenas on the grounds that the reference to the "ESI Protocol agreed to by the parties and/or ordered by the court" presumes that Anson Funds is a party to Meta Materials' Bankruptcy or that it has agreed to any ESI Protocol. Anson Funds is a non-party and has not agreed to any ESI Protocol.

30. Anson Funds objects to Instruction 11 of both Subpoenas on the grounds that they are incomplete and ambiguous, abruptly cutting off midsentence after the word "supplementary." As such, Anson Funds is unable to interpret these instructions. Anson Funds also will not agree to be subject to continuing obligations under the Subpoenas as a non-party.

## OBJECTIONS TO THE SUBPOENAS' SUPPLEMENTAL INSTRUCTIONS

31. Anson Funds objects to Supplemental Instruction 1 of both Subpoenas on the grounds that the request for "documents related to the following CUSIPs and tickers related to Meta Materials Inc., at a minimum, along with any other CUSIPS, tickers, or legend identifiers related to Meta Materials Inc." is overbroad and unduly burdensome.

32. Anson Funds objects to Supplemental Instruction 2 of both Subpoenas on the grounds that the four-year "date range" identified is overbroad, disproportionate to the administration of the Meta Materials estate, and unduly burdensome on Anson Funds, a non-party.

33. Anson Funds objects to Supplemental Instruction 3 of both Subpoenas on the grounds that the instruction that produced materials "should include but are limited to" is contradictory, vague, and ambiguous. Anson Funds further objects to Supplemental Instruction 3 on the grounds that the term "regulatory and compliance obligations during the relevant time

period" is vague and ambiguous. Anson Funds further objections to Supplemental Instruction 3 as it requests highly sensitive, proprietary, privileged, and/or work product protected information.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

The General Objections are incorporated into each and every Specific Objection as if set forth fully therein. As noted above, because the requests for production in the First Subpoena and Second Subpoena are substantively identical, the below Specific Objections apply equally to the Requests in both Subpoenas, unless otherwise indicated.

**REQUEST NO. 1:**

All relevant order routing and execution records retained by Anson in the course of conducting its business and/or fulfilling its compliance obligations related to the routing of orders of any type for shares in Meta CUSIPs, using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, including records of orders sent by Anson to any broker-dealer, exchange or off-exchange trading venue and orders received by Anson from any broker-dealer, exchange or off-exchange trading venue.
Order routing and execution records provided by Anson should reflect the lifespan transactions of orders from origination to completion capturing all relevant information (i.e. broker info, customer info, long or short indicators, unique ID etc.), with precision timestamps. These records include but are not limited to cancel/replaces, order forwarding, executions, and expired orders.

**OBJECTION TO REQUEST NO. 1:**

In addition to its General Objections, which are incorporated herein by reference, Anson Funds objects to Request No. 1 as overbroad, unduly burdensome, oppressive, and harassing on Anson Funds, a non-party. Anson Funds further objects to the use of undefined and ambiguous language in this Request, including the terms "broker-dealer" and "exchange or off-exchange trading venue." Anson Funds further objects to this Request as it calls for the production of materials outside the scope of the applicable Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. The documents sought by this Request bear no nexus to the administration of the debtor's estate and are not relevant to the conduct, property, liabilities, or

financial condition of the debtor. Anson Funds further objects to this Request to the extent it calls on Anson Funds to disclose its own confidential business information, confidential information from its customers, or other parties, or proprietary information.

**REQUEST NO. 2:**

All records retained by Anson in the course of conducting its business and/or fulfilling its compliance obligations related to locating, securing, borrowing, and delivering shares of Meta CUSIPs, including any records of instances where Anson failed to deliver shares of Meta and records of how Anson rectified the outstanding failures to deliver, where applicable.

**OBJECTION TO REQUEST NO. 2:**

In addition to its General Objections, which are incorporated herein by reference, Anson Funds objects to Request No. 2 as overbroad, unduly burdensome, oppressive, and harassing on Anson Funds, a non-party. Anson Funds further objects to the use of inflammatory and unsubstantiated language in this Request, including the terms "failed to deliver" and "rectified." Anson Funds further objects to this Request to the extent it presumes that there were instances that Anson Funds "failed to deliver" shares of certain stocks. Anson Funds further objects to this Request as it calls for the production of materials outside the scope of the applicable Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. The documents sought by this Request bear no nexus to the administration of the debtor's estate and are not relevant to the conduct, property, liabilities, or financial condition of the debtor. Anson Funds further objects to this Request to the extent it calls on Anson Funds to disclose its own confidential business information, confidential information from its customers or other parties, or proprietary information.

**REQUEST NO. 3:**

All records of position data showing Anson's positions in all Meta CUSIPs, including tallies of shares sold short that were located and/or successfully borrowed as well as shares sold short that were not located and/or successfully borrowed (e.g. the position corresponding to any

11

naked short sales), produced with full data in the frequency such data was recorded, in the original format in which the data was generated.

**<u>OBJECTION TO REQUEST NO. 3</u>:**

In addition to its General Objections, which are incorporated herein by reference, Anson Funds objects to Request No. 3 as overbroad, unduly burdensome, oppressive, and harassing on Anson Funds, a non-party. Anson Funds further objects to the use of inflammatory and unsubstantiated language in this Request, including the terms "sold short" and "naked short sales." Anson Funds further objects to this Request to the extent it presumes that Anson Funds or any other party engaged in "naked short sales" of certain stocks. Anson Funds further objects to this Request as it calls for the production of materials outside the scope of the applicable Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. The records sought by this Request bear no nexus to the administration of the debtor's estate and are not relevant to the conduct, property, liabilities, or financial condition of the debtor. Anson Funds further objects to this request to the extent it calls on Anson Funds to disclose its own confidential business information, confidential information from its customers or other parties, or proprietary information.

\*\*\*

Subject to and without waiving its General Objections and Specific Objections, and as set forth above, Anson Funds responds that it is willing to continue to meet and confer with the Trustee. Further, Anson Funds reserves the right to take any action or position that it is permitted to take Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and any applicable court order and/or to amend, supplement, correct, or clarify the above Objections.

Dated: July 11, 2025

                                      GREENBERG TRAURIG, LLP

                                      */s/ Sylvia E. Simson*

                                      _____
Sylvia E. Simson
One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9275
Sylvia.Simson@gtlaw.com

*/s/ Alan J. Brody*
_____
Alan J. Brody
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932-0677
Tel: (973) 443-3543
BrodyA@gtlaw.com

*Attorneys for Anson Funds Management LP*