# EXHIBIT 13

# EXHIBIT 13



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Barry S. Gold**
tel: (212) 880-3978
fax: (212) 880-3998

barrygold@dwt.com

April 29, 2025

<u>Via Email</u>

Clayton P. Brust, Esq.
Robison, Sharp, Sullivan & Brust
71 Washington Street
Reno, Nevada 89503
Email: cbrust@rssblaw.com

      Re:    <u>*In re Meta Materials Inc., Debtor*</u>
                <u>Bankr. Ct. D. Nev. - Case No. 24-50792-hlb</u>

Dear Mr. Brust:

      We represent Virtu Financial, LLC ("Virtu") in connection with the two Subpoenas – (1) to Produce Documents and (2) for Rule 2004 Examination – you issued as counsel to Trustee Christina Lovato in the above-referenced bankruptcy proceeding. This letter constitutes Virtu's written objections and responses to the Subpoena to Produce Documents (the "Subpoena") pursuant to the Federal Rules of Bankruptcy Procedure. Per your March 18, 2025 letter, it is Virtu's preference that we meet and confer regarding the Subpoena with the expectation that the outcome will be that there will be no need for a Rule 2004 Examination. In the meantime, Virtu objects and reserves all its rights with respect to the Subpoena for Rule 2004 Examination.

      Virtu's response below is with respect to the Subpoena.

### <u>RESERVATION OF RIGHTS</u>

      1.    As a non-party, Virtu may not be aware of all appropriate and necessary objections. Virtu expressly reserves the right to amend, expand, or delete any part of the objections stated herein at any time. Virtu reserves the right to object to the admission in evidence of any of the information or documents provided in response to the Subpoena on any ground including, but not limited to, the ground that any such information or document is irrelevant to the issues in this bankruptcy proceeding (the "Proceeding"). Virtu reserves its right to rely on a fact, document, or other evidence that may develop or which may come to its attention at a later time.

      2.    Virtu reserves the right to object to the use (for any purpose) of these objections or any information or document that Virtu produces or provides pursuant to the Subpoena.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4910-6350-4700v.1 0120140-000042

Clayton P. Brust, Esq.
April 29, 2025
Page 2

Virtu reserves the right to interpose any such objection at any time or as required by the Federal Rules of Bankruptcy Procedure, any applicable Local Rule, any applicable court rule, as well as other applicable statutory provisions, rules, caselaw, and court orders (the "Applicable Rules").

      3.      Virtu reserves the right not to produce documents to the extent that the Requests, including the Definitions and Instructions contained therein, (a) are overly broad, unduly burdensome, and/or call for documents or information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; (b) are vague, ambiguous, duplicative, cumulative, do not identify with reasonable particularity the information sought, or are otherwise incomprehensible; (c) call for production of documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (d) seek to impose obligations on Virtu beyond, or inconsistent with, those required by the Applicable Rules; (e) purport to seek documents or information not in Virtu's possession, custody, or control; (f) impose an unwarranted and undue burden on Virtu, a non-party in this Proceeding, or (g) call for the production of publicly available documents or information, or documents or information to which the Trustee has equal or better access, and thus for which the burden on Virtu is equal to or greater than that of the Trustee in obtaining the requested documents and/or information.

      4.      To the extent Virtu is required to produce any documents in response to the Subpoena, it will not do so unless and until an appropriate Stipulation and Order governing the production of possible Confidential and Highly Confidential Information is entered into by the parties and So Ordered by the Court.

      5.      Virtu does not admit the truth of any purported fact contained in the Subpoena, and no response by Virtu shall be deemed an admission of any such fact or waiver of any right to contest any such fact at an appropriate time.

      6.      Any information produced by Virtu pursuant to the Subpoena is produced without conceding the information's relevance or its admissibility, authenticity, or probative value.

      7.      Virtu reserves the right to obtain reimbursement for any cost or expense incurred in connection with the Subpoena, though reimbursement of cost and expense alone does not diminish the burden imposed by the Subpoena.

      8.      Virtu has not completed its evaluation of the Subpoena, and these objections and responses are based only on information currently known by Virtu. Virtu reserves the right to supplement or otherwise amend any response or objection based on the results of its continuing evaluation.

## OBJECTIONS

Virtu makes the following General Objections to the Requests and incorporates them into its responses to each and every Request, whether or not specifically stated in the individual response. An assertion of the same, similar, or additional objections in response to a specific

Clayton P. Brust, Esq.
April 29, 2025
Page 3

Request does not waive any of these General Objections as to that or any Request. Virtu's failure to object to a specific Request on any particular ground shall not be construed as a waiver of its right to object on any ground.

1.  Virtu objects to the Subpoena's Definitions, Instructions and Requests to the extent they seek to impose obligations on Virtu in excess of what is required under the Applicable Rules. Virtu's responses to the Requests are on behalf of Virtu only and will be limited to documents or information currently available to Virtu. To the extent Virtu is required to produce any documents, it will not search for, collect, or produce documents in the possession of Virtu's attorneys or other third parties, including parents, affiliates and subsidiaries.

2.  Virtu objects to any Request seeking the production of "all" messages (Request Nos. 1-3), "all" communications (Request No. 4) or "all" records of position (Request No. 5) on the ground that it is overly broad and unduly burdensome, particularly in the context of electronically stored information. Virtu cannot ensure that it has located every message, communication, or record of position responsive to a particular Request. Subject to the General Objections and any qualifications below, with respect to any Request seeking "all" messages, communications, and/or records of position and to the extent Virtu is required to produce responsive documents, Virtu will produce the responsive, non-privileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith. Specifically, if required to produce responsive documents, Virtu will conduct a reasonable and good faith search for documents in the files of key custodians that it has identified as the most likely to have information responsive to the Subpoena and, with respect to electronic information, reserves the right to and will apply date restrictions and search terms before reviewing documents for responsiveness.

3.  Each of the five Requests seeks production of documents relating to Citadel's involvement in trading of shares of Meta and/or MMTLP. Request No. 1 seeks production of documents "relating to the routing of orders of any type for shares Meta and/or MMTLP . . . received from client broker-dealer of Citadel and sent to client broker-dealers of Citadel." Request No. 2 seeks production of documents "relating to the routing of orders of any type for shares Meta and/or MMTLP . . . routed to an exchange or off-exchange trading venue on behalf of a client broker-dealer of Citadel and received from an exchange or off-exchange trading venue on behalf of a client broker-dealer of Citadel." Request No. 3 seeks production of documents "relating to the routing of orders of any type for shares Meta and/or MMTLP . . . routed to an exchange or off-exchange trading venue on behalf of Citadel and received from an exchange or off-exchange trading venue on behalf of Citadel." Request No. 4 seeks production of documents "related to locating, securing, borrowing, and delivering shares of Meta and/or MMTLP, including records of instances where Citadel failed to deliver (FTD) shares of Meta and/or MMTLP and records of how Citadel rectified the outstanding FTDs." Request No. 5 seeks production of documents "representing Citadel's position in Meta and/or MMTLP, including tallies of shares sold short that were located and/or successfully borrowed as well as shares sold short that were not located and/or successfully borrowed (e.g. the position corresponding to naked short sales), produced at the frequency such data was recorded." Virtu objects to requests for documents regarding orders and trading related to another entity – Citadel – and states that

Clayton P. Brust, Esq.
April 29, 2025
Page 4

the Trustee should request such documents and information from Citadel, as Citadel's documents and trading records are not within Virtu's possession, custody, or control.

   4. Virtu objects to the Requests to the extent they seek trading-related information regarding the purchasers and sellers of Meta and/or MMTLP. That information can be obtained directly from the broker-dealers who interacted directly with the purchasers and sellers. Virtu should not be burdened searching for documents and information that the Trustee can obtain more easily from the broker-dealers.

   5. Virtu objects to the Requests to the extent they seek discovery of information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privileges, immunities, or exceptions. To the extent Virtu is required to produce any documents, it will only produce non-privileged documents. Nothing contained in these responses – including, but not limited to, any inadvertent production of documents or materials – is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, work-product doctrine, and/or any other applicable privileges, immunities, or exceptions.

   6. Virtu objects to the Requests to the extent they call for the production of documents outside of Virtu's possession, custody, or control and, therefore, are overly broad and unduly burdensome.

   7. Virtu objects to the Requests to the extent they purport to require disclosure by Virtu of irrelevant and/or private information.

   8. Virtu objects to the Requests to the extent they seek the production of confidential, commercially sensitive, proprietary, and/or trade secret information prior to the entry of a Stipulation and Order governing the production of Confidential and Highly Confidential Information in this Proceeding.

   9. Virtu objects to the Requests to the extent they would require Virtu to draw a legal conclusion to make a proper response.

   10. Virtu's responses to the Requests are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility as evidence, for any purpose, of any documents or information provided in response to the Requests; or (b) the right to object on any ground at any time to a demand for further responses to the Requests.

   11. Virtu objects to any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues in the Requests. Virtu's responses are not intended to mean that Virtu agrees with any factual assumptions, implications, or any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

   12. Virtu objects to the "time frame" purporting to govern the Requests on the grounds that the time period is overly broad, unreasonable, unduly burdensome and harassing (in that it will

Clayton P. Brust, Esq.
April 29, 2025
Page 5

entail production costs and burdens that would far outweigh any likely benefit or probative value); inconsistent with the Applicable Rules; and because it would require production of documents and information neither relevant to the subject matter involved in this Proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Subpoena purports to require Virtu to search for and produce material from an overly broad and unduly burdensome nearly four-year time period, which begins almost five years ago (September 21, 2020 through August 7, 2024). This is particularly true inasmuch as it is Virtu's understanding that the Meta and/or MMTLP shares at issue traded only during the period October 2021 – December 2022,

      13.    Virtu objects to Definition No. 3 ("ESI") to the extent it imposes obligations inconsistent with the Applicable Rules, including without limitation, to the extent it purports to require Virtu to (a) perform anything more than a reasonable and diligent search of ESI, including without limitation, applying reasonable search terms to any relevant universe of ESI; (b) provide documents maintained only in electronic or digital form on backup tapes, servers, or other similar archival media that would be unreasonable as well as unduly burdensome and expensive to search; (c) produce documents without allowing removal of exact duplicate documents or deduplicating emails to produce only the most complete iteration of an email chain; (d) produce documents, including ESI, in a specified format; and/or (e) provide all of the metadata associated with the document.

      14.    Any indication that Virtu will produce documents in response to a Request is not intended as a representation by Virtu that such documents exist or that any such documents are in Virtu's possession, custody, or control.

      15.    Virtu objects to the Subpoena on the basis that the Trustee lacks standing to seek documents to support potential claims by third-parties, including but not limited to shareholders of MMTLP, as MMTLP does not have standing to bring claims for potential losses that MMTLP shareholders allegedly sustained or to seek documents to support such claims. Virtu further objects to the extent that the Subpoena was issued for an improper purpose to the extent that it seeks documents in a bankruptcy proceeding in an attempt to support potential third-party claims that could only be brought in a separate proceeding. Virtu will not produce any documents in furtherance of a fishing expedition seeking to manufacture baseless claims.

      16.    The responses set forth above are based upon information presently known to Virtu and Virtu reserves the right at any time to supplement, amend, revise, add to, correct, and/or clarify its responses and objections as additional knowledge or information makes such action appropriate. Should Virtu at any time supplement or amend its responses to these Requests, by agreement or otherwise, Virtu expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment.

      The foregoing Objections apply to each of the specific Requests. If Virtu has possession, custody, or control of non-privileged documents responsive to those requests, it is withholding them at this time on the basis of these objections.

Clayton P. Brust, Esq.
April 29, 2025
Page 6

    Please do not hesitate to call me to discuss Virtu's objections to the Subpoena.

    Very truly yours,

    Davis Wright Tremaine LLP

    Barry S. Gold