# EXHIBIT 14

# EXHIBIT 14



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Barry S. Gold**
 tel: (212) 880-3978
 fax: (212) 880-3998

barrygold@dwt.com

June 26, 2025

<u>Via Email</u>

David Burnett, Esq.
Schneider Wallace Cottrell Konecky LLP
1050 30th Street NW
Washington, DC 20007
Email: dburnett@schneiderwallace.com

      **Re:**   *In re Meta Materials Inc., Debtor*
              <u>Bankr. Ct. D. Nev. - Case No. 24-50792-hlb</u>

Dear David:

    As you know, we represent Virtu Financial, LLC ("Virtu") in connection with the two new Subpoenas you served on behalf of the Trustee Christina Lovato on June 12, 2025 – (1) to Produce Documents ("Document Subpoena") and (2) for Rule 2004 Examination ("Examination Subpoena") – in the above-referenced bankruptcy proceeding. This letter constitutes Virtu's written objections and responses to the two Subpoenas.

<u>**RESERVATION OF RIGHTS**</u>

    1.    As a non-party, Virtu may not be aware of all appropriate and necessary objections. Virtu expressly reserves the right to amend, expand, or delete any part of the objections stated herein at any time. Virtu reserves the right to object to the admission in evidence of any of the information or documents provided in response to the Subpoenas on any ground including, but not limited to, the ground that any such information or document is irrelevant to the issues in this bankruptcy proceeding (the "Proceeding"). Virtu reserves its right to rely on a fact, document, or other evidence that may develop or which may come to its attention at a later time.

    2.    Virtu reserves the right to object to the use (for any purpose) of these objections and responses or any information or document that Virtu produces or provides pursuant to the Subpoenas. Virtu reserves the right to interpose any such objection at any time or as required by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, any applicable Local Rule, any applicable court rule, as well as other applicable statutory provisions, rules, caselaw, and court orders (the "Applicable Rules").

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

David Burnett, Esq.
June 26, 2025
Page 2

       3.      Virtu reserves the right not to produce documents to the extent that the Requests, including the Definitions and Instructions contained therein, (a) are overly broad, unduly burdensome, and/or call for documents or information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; (b) are vague, ambiguous, duplicative, cumulative, do not identify with reasonable particularity the information sought, or are otherwise incomprehensible; (c) call for production of documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (d) seek to impose obligations on Virtu beyond, or inconsistent with, those required by the Applicable Rules; (e) purport to seek documents or information not in Virtu's possession, custody, or control; or (f) call for the production of publicly available documents or information, or documents or information to which the Trustee has equal or better access, and thus for which the burden on Virtu is equal to or greater than that of the Trustee in obtaining the requested documents and/or information.

       4.      To the extent Virtu is required to produce any documents in response to the Document Subpoena, it will not do so unless and until an appropriate Stipulation and Order governing the production of possible Confidential and Highly Confidential Information is entered into by the parties and So Ordered by the Court.

       5.      Virtu does not admit the truth of any purported fact contained in the Subpoenas, and no response by Virtu shall be deemed an admission of any such fact or waiver of any right to contest any such fact at an appropriate time.

       6.      Any document or information produced by Virtu pursuant to the Subpoenas is produced without conceding the document's or information's relevance or its admissibility, authenticity, or probative value.

       7.      Virtu reserves the right to obtain reimbursement for any cost or expense incurred in connection with responding to the Subpoenas, though reimbursement of cost and expense alone does not diminish the burden imposed by the Subpoenas.

       8.      Virtu has not completed its evaluation of the Subpoenas, and these objections and responses are based only on information currently known by Virtu. Virtu reserves the right to supplement or otherwise amend any objection or response based on the results of its continuing evaluation.

## **OBJECTIONS TO EXAMINATION SUBPOENA**

       1.      Virtu objects to the Trustee's issuance of the Examination Subpoena under Bankruptcy Rule 2004 because the Trustee seeks impermissible pre-litigation discovery against a potential defendant not permitted by Bankruptcy Rule 2004. The Trustee has already conducted a thorough investigation, identified alleged wrongdoing, quantified supposed damages, and prepared to file a lawsuit. Instead of following the proper procedure – filing a complaint and conducting discovery under the Federal Rules of Civil Procedure – the Trustee seeks to weaponize Rule 2004 to obtain extensive discovery while circumventing the procedural

David Burnett, Esq.
June 26, 2025
Page 3

safeguards that would otherwise apply.

    2.    Virtu objects to the Examination Subpoena as procedurally improper and in violation of FRBP 9016 and FRCP 45(c)(1)(A) as it calls for testimony by a Virtu witness at an office in Wilmington, Delaware which is not within 100 miles of any location where Virtu regularly transacts business.

    3.    Virtu objects to the Examination Subpoena on the basis that the Trustee lacks standing to obtain testimony to support potential claims by third-parties, including but not limited to shareholders of MMTLP, MMAT and/or TRCH, as the Trustee does not have standing to bring claims for potential losses that those shareholders allegedly sustained or to seek documents to support such claims. Virtu further objects to the extent that the Examination Subpoena was issued for an improper purpose to the extent that it seeks testimony in a bankruptcy proceeding in an attempt to support potential third-party claims that could only be brought in a separate proceeding. Virtu will not produce a witness in furtherance of a fishing expedition seeking to manufacture baseless claims.

## OBJECTIONS TO DOCUMENT SUBPOENA

Virtu makes the following General Objections to the Requests and incorporates them into its responses to each and every Request in the Document Subpoena, whether or not specifically stated in the individual response. An assertion of the same, similar, or additional objections in response to a specific Request does not waive any of these General Objections as to that or any Request. Virtu's failure to object to a specific Request on any particular ground shall not be construed as a waiver of its right to object on any ground.

    1.    Virtu objects to the Trustee's issuance of the Document Subpoena under Bankruptcy Rule 2004 because the Trustee seeks impermissible pre-litigation discovery against a potential defendant not permitted by Bankruptcy Rule 2004. The Trustee has already conducted a thorough investigation, identified alleged wrongdoing, quantified supposed damages, and prepared to file a lawsuit. Instead of following the proper procedure – filing a complaint and conducting discovery under the Federal Rules of Civil Procedure – the Trustee seeks to weaponize Rule 2004 to obtain extensive discovery while circumventing the procedural safeguards that would otherwise apply.

    2.    Virtu objects to the Document Subpoena as procedurally improper and in violation of FRBP 9016 and FRCP 45(c)(2)(A) as it calls for production of documents at an office in Wilmington, Delaware which is not within 100 miles of any location where Virtu regularly transacts business.

    3.    Virtu objects to the Document Subpoena on the basis that the Trustee lacks standing to request production of documents to support potential claims by third-parties, including but not limited to shareholders of MMTLP, MMAT and/or TRCH, as the Trustee does not have standing to bring claims for potential losses that those shareholders allegedly sustained or to seek documents to support such claims. Virtu further objects to the extent that the

David Burnett, Esq.
June 26, 2025
Page 4

Examination Subpoena was issued for an improper purpose to the extent that it seeks documents in a bankruptcy proceeding in an attempt to support potential third-party claims that could only be brought in a separate proceeding. Virtu will not produce any documents in furtherance of a fishing expedition seeking to manufacture baseless claims.

      4.      Virtu objects to the Subpoena's Definitions, Instructions and Requests to the extent they seek to impose obligations on Virtu in excess of what is required under the Applicable Rules. Virtu's responses to the Requests are on behalf of Virtu only and will be limited to documents or information currently available to Virtu. To the extent Virtu is required to produce any documents, it will not search for, collect, or produce documents in the possession of Virtu's attorneys or other third parties, including parents, affiliates and subsidiaries. Thus, Virtu objects to Supplemental Instruction No. 4 which states that "The Trustee is seeking records from the following Virtu entities, at a minimum: Virtu Financial LLC, Virtu Americas LLC, and Virtu KCG Holdings LLC."

      5.      Virtu objects to Supplemental Instruction No. 3 which provides that "The records requested below should include, but not [] limited to, electronically stored records that fulfill Virtu's regulatory and compliance obligation to retain customer and firm order and execution records as required of Virtu in its capacity as a broker-dealer. See Securities Exchange Act Rule 10b-10 and Securities Exchange Act Section 17a-3." There is no legitimate basis for Virtu to have to produce to the Trustee every record Virtu may be required by regulation to retain.

      6.      Virtu objects to any Request seeking the production of "all relevant order routing and execution records" (Request Nos. 1-3), "all records" (Request No. 4) and "all records of position data" (Request No. 5) on the ground that it is overly broad and unduly burdensome, particularly in the context of electronically stored information. Virtu cannot ensure that it has located every routing and execution record of position, every record, and every record of position data responsive to a particular Request. Subject to the General Objections and any qualifications below, with respect to any Request seeking "all" routing and execution records of position, "all" records, and "all" records of position data and to the extent Virtu is required to produce responsive documents, Virtu will produce the responsive, non-privileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith. Specifically, if required to produce responsive documents, Virtu will conduct a reasonable and good faith search for documents in the files of key custodians that it has identified as the most likely to have information responsive to the Document Subpoena and, with respect to electronic information, reserves the right to and will apply date restrictions and search terms before reviewing documents for responsiveness.

      7.      In addition to the specific objection set forth in paragraph 6 above with respect to Request No. 1, Virtu objects to Request No. 1 which provides that "Order routing and execution records provided by Virtu should reflect the lifespan transactions of orders from origination to completion, capturing all relevant information (i.e. broker info, customer info, long or short indicators, and unique ID), with precision timestamps. These records should also include, but are not limited to, cancel/replaces, order forwarding, executions, and expired orders." This language

David Burnett, Esq.
June 26, 2025
Page 5

is overbroad, vague and ambiguous – particularly "capturing all relevant information."

        8.       In addition to the specific objection set forth in paragraph g above with respect to Request No. 2, Virtu objects to Request No. 2 which provides that "Order routing and execution records provided by Virtu should reflect the lifespan transactions of orders from origination to completion, capturing all relevant information (i.e. broker info, customer info, long or short indicators, and unique ID), with precision timestamps. These records should also include, but are not limited to, cancel/replaces, order forwarding, executions, and expired orders.  These records should also include transactions where Virtu served as counterparty to the customer and/or broker-dealer client executions on a principal or riskless principal basis and/or executed customers transactions and/or broker-dealer client transactions on an agency basis."  This language is overbroad, vague and ambiguous – particularly "capturing all relevant information."

        9.       In addition to the specific objection set forth in paragraph 6 above with respect to Request No. 3, Virtu objects to Request No. 3 which provides that "Order routing and execution records provided by Virtu should reflect the lifespan transactions of orders from origination to completion, capturing all relevant information (i.e. broker info, customer info, long or short indicators, and unique ID), with precision timestamps for all related transactions. These records should also include, but are not limited to, cancel/replaces, order forwarding, executions, and expired orders."  This language is overbroad, vague and ambiguous – particularly "capturing all relevant information" and "for all related transactions."

        10.      In addition to the specific objection set forth in paragraph 6 above with respect to Request No. 4, Virtu objects to Request No. 4 to the extent it directs that Virtu produce "records of how Virtu rectified any outstanding failures to deliver."  This language is overbroad, vague and ambiguous – particularly "how Virtu rectified."  This language is overbroad, vague, ambiguous and incomprehensible.

        11.      In addition to the objection set forth in paragraph 5 above, Virtu objects to Request No. 5 to the extent it directs that "Virtu's production should reflect the same frequency in which such data was recorded."  This language is overbroad, vague, ambiguous and incomprehensible.

        12.      Virtu objects to the Requests to the extent they seek trading-related information regarding the purchasers and sellers of MMTLP, MMAT and/or TRCH.  That information can be obtained directly from the broker-dealers who interacted directly with the purchasers and sellers.  Virtu should not be burdened searching for documents and information that the Trustee can obtain more easily from the broker-dealers.

        13.      Virtu objects to the Requests to the extent they seek discovery of information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privileges, immunities, or exceptions.  To the extent Virtu is required to produce any documents, it will only produce non-privileged documents.  Nothing contained in these responses – including, but not limited to, any inadvertent production of documents or materials – is intended as, or shall in any way be deemed, a waiver of any attorney-client

David Burnett, Esq.
June 26, 2025
Page 6

privilege, work-product doctrine, and/or any other applicable privileges, immunities, or exceptions.

      14.     Virtu objects to the Requests to the extent they call for the production of documents outside of Virtu's possession, custody, or control as such Requests are overly broad and unduly burdensome.

      15.     Virtu objects to the Requests to the extent they purport to require disclosure by Virtu of irrelevant and/or private information.

      16.     Virtu objects to the Requests to the extent they seek the production of confidential, commercially sensitive, proprietary, and/or trade secret information prior to the entry of a Stipulation and Order governing the production of Confidential and Highly Confidential Information in this Proceeding.

      17.     Virtu objects to the Requests to the extent they would require Virtu to draw a legal conclusion to make a proper response.

      18.     Virtu's responses to the Requests are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility as evidence, for any purpose, of any documents or information provided in response to the Requests; or (b) the right to object on any ground at any time to a demand for further responses to the Requests.

      19.     Virtu objects to any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues in the Requests. Virtu's responses are not intended to mean that Virtu agrees with any factual assumptions, implications, or any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

      20.     Virtu objects to the "time frame" purporting to govern the Requests on the grounds that the time period is overly broad, unreasonable, unduly burdensome and harassing (in that it will entail production costs and burdens that would far outweigh any likely benefit or probative value); inconsistent with the Applicable Rules; and would require production of documents and information neither relevant to the subject matter involved in this Proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Document Subpoena purports to require Virtu to search for and produce material from an overly broad and unduly burdensome nearly four-year time period, which begins almost five years ago (September 21, 2020 through August 7, 2024 with respect to trading of MMAT and TRCH, and June 28, 2021 through December 14, 2022 with respect to trading of MMTLP). This is particularly true inasmuch as it is Virtu's understanding that the Meta and/or MMTLP shares at issue traded only during the period October 2021 – December 2022.

      21.     Virtu objects to Definition No. 3 ("ESI") to the extent it imposes obligations inconsistent with the Applicable Rules, including without limitation, to the extent it purports to require Virtu to (a) perform anything more than a reasonable and diligent search of ESI,

David Burnett, Esq.
June 26, 2025
Page 7

including without limitation, applying reasonable search terms to any relevant universe of ESI; (b) provide documents maintained only in electronic or digital form on backup tapes, servers, or other similar archival media that would be unreasonable as well as unduly burdensome and expensive to search; (c) produce documents without allowing removal of exact duplicate documents or deduplicating emails to produce only the most complete iteration of an email chain; (d) produce documents, including ESI, in a specified format; and/or (e) provide all of the metadata associated with the document.

      22.    Any indication that Virtu will produce documents in response to a Request is not intended as a representation by Virtu that such documents exist or that any such documents are in Virtu's possession, custody, or control.

      23.    The responses set forth above are based upon information presently known to Virtu and Virtu reserves the right at any time to supplement, amend, revise, add to, correct, and/or clarify its responses and objections as additional knowledge or information makes such action appropriate. Should Virtu at any time supplement or amend its responses to these Requests, by agreement or otherwise, Virtu expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment.

      The foregoing general and specific objections apply to each of the specific Requests. If Virtu has possession, custody, or control of non-privileged documents responsive to those requests, it is withholding them at this time on the basis of these objections.

      Please do not hesitate to call me to discuss Virtu's objections and responses to the Subpoena.

Very truly yours,

Davis Wright Tremaine LLP

*/s/ Barry S. Gold*

Barry S. Gold