# EXHIBIT 15

# EXHIBIT 15

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

META MATERIALS INC.,

Debtor.

Case No.: 24-50792-hlb
(Chapter 7)

**[PROPOSED] STIPULATED PROTECTIVE ORDER BETWEEN TRUSTEE AND VIRTU FINANCIAL, LLC**

Hearing Date:  N/A
Hearing Time: N/A

WHEREAS, in connection with the above-captioned ~~litigation~~ bankruptcy proceedings (the "Action"), Chapter 7 Trustee Christina Lovato ("Trustee") and third-party subpoena respondent Virtu Financial, LLC ("Virtu") (Trustee and Virtu collectively referred to as "the Parties;" each individually a "Party") believe that certain information that is or will be encompassed by discovery demands by the Trustee involves the production or disclosure of trade secrets, confidential business information, other confidential information, personal identifying information, and/or other proprietary information;

WHEREAS, the Parties respectfully request that the Court enter this order ("Protective Order") limiting disclosure thereof in accordance with 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, as applicable, pursuant to Bankruptcy Rules 2004, 7026, and 9014 and Rules 26(c) and 45 of the Federal Rules of Civil Procedure.

NOW, THEREFORE, to facilitate and expedite the production, ~~exchange~~ and treatment of material produced in discovery ("Discovery Material"), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that ~~a Party~~ Virtu seeks to maintain as confidential, it is hereby stipulated among the Parties and agreed, and, upon Court approval, it is hereby **ORDERED** that the following terms will govern any requests for and production of

1

Discovery Material:

1. ~~Each Party~~Virtu may designate as confidential for protection under this Protective Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of ~~the Party~~Virtu or a third party to whom ~~the Party~~Virtu reasonably and in good faith believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). This includes, but is not limited to, documents, information, or materials that reveal:

        a.     Confidential trade secrets or proprietary business information;

        b.     Financial information (including tax return or bank account information; profit and loss reports or estimates; trading positions; transactional data; risk reports; liquidity reports; brokerage commission reports and summaries; commission agreements; employment contracts; documents reflecting dates, amounts and basis of renumeration of compensation; materials related to fees received for services provided; and materials related to employee compensation);

        c.     Material not previously disclosed to the public related to ownership or control of any non-public company;

        d.     Proprietary business information or communications, or other confidential research, development, or commercial information or communications;

        e.     Information, materials, or other documents reflecting non-public business or financial strategies, and/or confidential competitive information that, if disclosed, would result in competitive harm to ~~the disclosing party~~Virtu;

        f.     Sensitive, non-public personal, client, or customer information concerning individuals or other entities, including information that would be considered personally identifiable information under any applicable law and/or protected from public disclosure under relevant securities laws to include, but not limited to, the Gramm-Leach-Bliley Act and Regulation S-P;

        g.     The identity and investment positions of persons or entities who have invested in, or hold an interest in, partnerships, trusts, funds, or other investment vehicles that are

produced or otherwise disclosed during the course of this Action;

h.      Information for which applicable law, regulation, policy, or other guidance or rule of any governmental authority—foreign or domestic—requires confidential treatment, to the extent any disclosure is permitted by law; or

i.      Any other category of information given confidential status by the Court.

Nothing in this Paragraph 1 or in this Protective Order shall affect the right, if any, of ~~any Party~~Virtu or any witness to make any type of objection, claim, or other response to a discovery request of any type, including ~~interrogatories, requests for admissions,~~ requests for production of documents or questions at deposition, and to withhold production where appropriate.

2.      Protected Material shall be designated by ~~the Party producing it~~Virtu by affixing a legend or stamp on such document, information, or material as "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

3.      With respect to documents, information, or material designated "CONFIDENTIAL" (collectively, "DESIGNATED MATERIAL"),  subject to the provisions herein and unless otherwise stated, this Protective Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      Protected Material may be designated "CONFIDENTIAL" at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as

DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. ~~Any party that~~If Virtu inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL, or having applied an incorrect designation, may request destruction (or if electronic the elimination of that electronic record) of that Protected Material by notifying the recipient(s), as soon as reasonably possible after ~~the producing Party~~Virtu becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then, as reasonably practicable, destroy all copies of the inadvertently or unintentionally produced Protected Material (or if electronic the elimination of that electronic record) and any documents, information or material derived from or based thereon. The recipient(s) shall not be liable for failing to treat as confidential DESIGNATED MATERIAL before it has been designated as such.

5.     "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of ~~the designating party~~Virtu, or upon order of the Court:

a.     outside counsel of record in this Action;

b.     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c.     in-house counsel for the Parties who either have decision-making authority for the litigation of this Action or are assisting outside counsel in the litigation of this Action;

d.     to the extent that disclosure is reasonably necessary for the Action, current officers, directors, or employees of the Parties who are assisting counsel in the Action;

e.     outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:

(1)     the Parties' counsel, in good faith, requires the consultants' or experts' assistance in connection with the Action;

(2)     before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto;

(3)      any part of any report created by such expert or consultant

incorporating DESIGNATED MATERIAL in whole or in part shall be designated appropriately by the Party responsible for its creation; and

(4) such experts or consultants may not use DESIGNATED MATERIAL for any purpose that does not relate directly to the Action (including without limitation other litigation and other work in their respective fields);

f. independent litigation support services, including persons working for or as court reporters, interpreters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

g. the Court and its personnel for *in camera* review with the specific understanding that all such DESIGNATED MATERIAL may not be filed on the public docket unless under seal, as discussed further herein; and

h. any mediator agreed upon by the Parties, and their personnel; and

i. the author, addressee(s), or recipient(s) of the DESIGNATED MATERIAL, or any other natural person who counsel determines after reasonable inquiry generally would have had access to such information during his or her employment or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) this disclosure is made for the purpose of advancing ~~the disclosing Party's~~ Virtu's claims or defenses, and for no other purposes; and (ii) the person is not permitted to retain copies of the DESIGNATED MATERIAL. In the event any Party leaves the employ of any authorized person hereunder, any CONFIDENTIAL material shall be returned to legal counsel for the Party receiving the data.

6. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action, and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Protective Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates,

extracts, summaries, or descriptions are DESIGNATED MATERIAL subject to all of the terms and conditions of this Protective Order.

7.     Nothing in this Protective Order shall require production of documents, information, or other material that ~~a Party~~Virtu contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are inadvertently or unintentionally produced, such production shall not constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. ~~Any Party that~~If Virtu inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, Virtu may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to ~~the producing Party~~Virtu, or certify in writing to ~~the producing Party~~Virtu that such documents, information, or other material have been destroyed as reasonably practicable.

8.     Nothing in this Protective Order shall affect any obligation ~~a Party~~Virtu may have to produce a privilege log in accordance with Local Civil Rule 26.2.

9.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

10.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing, provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with ~~the designating party~~Virtu, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy

6

recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of ~~the producing Party~~Virtu or a current or former officer, director or employee of a company affiliated with ~~the producing Party~~Virtu; (v) counsel for a Party, including outside counsel and in-house counsel; (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing ~~the producing Party~~Virtu or from the Court.

11. ~~Parties~~ Virtu may, at the deposition or hearing or within sixty (60) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" pursuant to this Protective Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Protective Order. Until expiration of the 60-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL."

12. The Protective Order applies to pretrial discovery. ~~Nothing in this Protective Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.~~

13. ~~A Party~~The Trustee may request in writing to ~~the other Party~~Virtu that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If ~~the designating Party~~Virtu does not agree to re-designation within five (5) days of receipt of the written request, the ~~requesting Party~~Trustee may apply to the Court for relief. Upon any such application to the Court, the burden shall be on ~~the designating Party~~Virtu to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the

7

Court shall be met. Pending the Court's determination of the application, the designation of ~~the designating Party~~Virtu shall be maintained.

14.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Protective Order shall be provided with a copy of this Protective Order, shall be informed that he or she is subject to the terms and conditions of this Protective Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Protective Order. A copy of the acknowledgment form is attached as Appendix A.

15.    If ~~a Party~~the Trustee is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," ~~that Party~~the Trustee must: (a) promptly notify Virtu in writing ~~the designating Party~~, with such notification to include a copy of the subpoena or court order; (b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, with such notification to include a copy of this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by ~~the designating Party~~Virtu whose Protected Material may be affected. If ~~the designating Party~~Virtu timely seeks a protective order, the ~~Party~~ Trustee served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the ~~Party~~ Trustee has obtained ~~the designating Party's~~Virtu's permission. ~~The designating Party~~Virtu shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging ~~a receiving Party in this action~~the Trustee to disobey a lawful directive from another court.

16.    Sealing of DESIGNATED MATERIAL Filed with or Submitted to Court: Unless otherwise agreed by ~~the Producing Party~~Virtu, all DESIGNATED MATERIAL filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose CONFIDENTIAL Protected Material, shall be filed under seal in accordance with the Federal

Rules of Civil Procedure, Bankruptcy Rules, Local Rules, and the practice rules of the Court. It shall be the burden of the Movant who desires to serve any document to establish with the Court the bona fide reason(s) for which the document(s) requested are to be sealed.

17.    Use of DESIGNATED MATERIAL in Open Court: The limitations on disclosure in this Order shall not apply to any DESIGNATED MATERIAL offered or otherwise used by any Party ~~at trial or~~in any hearing held in open court except as provided in this paragraph. As part of any ~~pretrial conference or any~~ meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 24 hours prior to the use of any DESIGNATED MATERIAL at ~~trial or~~ any hearing to be held in open court, counsel for any Party who desires to offer or use such DESIGNATED MATERIAL at ~~trial or~~ any hearing to be held in open court shall meet and confer in good faith with ~~the Producing Party~~Virtu~~, together with any other Parties who have expressed interest in participating in such meet and confer,~~ to discuss ways to redact the DESIGNATED MATERIAL so that the DESIGNATED MATERIAL may be offered or otherwise used by any Party, in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such DESIGNATED MATERIAL, then ~~the Producing Party~~Virtu bears the burden of requesting relief from the Court.

18.    Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at ~~the producing Party's~~Virtu's election either be returned to ~~the producing Party~~Virtu or be destroyed as reasonably practicable. The ~~receiving Party~~Trustee shall verify the return or destruction by affidavit furnished to ~~the producing party~~Virtu, upon ~~the producing Party's~~Virtu's request.

19.    The failure to designate documents, information, or material in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude redesignation pursuant to paragraph 4 of this Protective Order or the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this

9

Protective Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

20.    Any Party knowing or believing that any other ~~P~~party is in violation of, or intends to violate, this Protective Order and has raised the question of violation or potential violation with the opposing ~~P~~party and has been unable to resolve the matter by agreement, may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Protective Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation or potential violation of this Protective Order.

21.    Production of DESIGNATED MATERIAL by ~~each of the Parties~~Virtu shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim ~~the Parties~~Virtu may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

22.    Nothing in this Protective Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of ~~each of the Parties~~Virtu to assert any applicable discovery or trial privilege.

23.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Protective Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

24.    ~~A Party~~The Trustee shall not use ~~any other Party's~~Virtu's DESIGNATED MATERIAL for any purpose not directly related to this Action without ~~the other Party's~~Virtu's approval or as otherwise permitted by a cross-use agreement between the Parties.

25.    Nothing in this Protective Order shall (i) prevent ~~a Party~~Virtu from disclosing its own information that it has designated as "CONFIDENTIAL," as it deems appropriate; (ii) impose any restrictions on the use or disclosure of information obtained other than through discovery in this matter; or (iii) in any way restrict the ability of any ~~P~~party or witness to comply with a legal

duty to disclose, regardless of the source of that duty. A disclosure under item (iii) shall not be deemed a waiver of any other ~~P~~party's obligations under this Protective Order, except as provided by law.

26.     The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of this Action.

27.     The ~~P~~parties acknowledge that the Court retains discretion as to whether, in orders and opinions, to afford confidential treatment to information that ~~the parties have~~Virtu has redacted, sealed or designated as confidential.

28.     This Order is a procedural device intended to protect Discovery Materials designated as DESIGNATED MATERIAL. Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

29.     Nothing contained herein shall be deemed a waiver or relinquishment by ~~any Party~~Virtu of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by ~~a Party~~the Trustee, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

30.     Nothing in this Order affects ~~the~~ Virtu's right ~~of any Producing Party~~ to use or disclose its own Discovery Material in any way. Such disclosure will not waive the protections of this Order and will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

**SO STIPULATED AND AGREED:**

Davis Wright Tremaine LLP


By:   _/s/ Barry S. Gold_____
        Barry S. Gold
        21st Floor
        1251 Avenue of the Americas

New York, NY 10020-1104
tel:  (212) 880-3978
barrygold@dwt.com

*On behalf of Virtu Financial, LLC*

Christian Attar

By: ___/s/ James W. Christian_____
      James W. Christian
      1177 West Loop South, Suite 1700
      Houston, TX 77027
      T: (713) 659-7617
      JChristian@christianattarlaw.com

      *On behalf of Chapter 7 Trustee Christina Lovato*
      *Pro Hac Vice Application Forthcoming*

Hartman & Hartman

By: ___/s/ Jeffrey L Hartman, Esq._____
      Jeffrey L Hartman, Esq.
      510 West Plumb Lane, Suite B
      Reno, NV 89509
      T: (775) 324-2800
      jlh@bankruptcyreno.com

      *On behalf of Chapter 7 Trustee Christina Lovato*
      *Pro Hac Vice Application Forthcoming*

Kasowitz Benson Torres LLP

By: ___/s/ Stephen W. Tountas_____
      Stephen W. Tountas
      1633 Broadway
      New York, NY 10019
      T: (212) 506-1739
      stountas@kasowitz.com

      *On behalf of Chapter 7 Trustee Christina Lovato*
      *Pro Hac Vice Application Forthcoming*

13

Schneider Wallace Cottrell Konecky LLP

By: _____/s/ Jason H. Kim_____
        Jason H. Kim
        Ryan R. C. Hicks
        David D. Burnett
        2000 Powell Street, Suite 1400
        Emeryville, CA 94608
        Main Line: (415) 421-7100
        jkim@schneiderwallace.com
        rhicks@schneiderwallace.com
        dburnett@schneiderwallace.com

        *On behalf of Chapter 7 Trustee Christina Lovato*
        *Pro Hac Vice Applications* ~~*Forthcoming*~~ *Filed*

Robinson Sharp Sullivan Brust

By: _____/s/ Clayton P. Brust_____
        Clayton P. Brust
        71 Washington Street
        Reno, NV 89503
        T: (775) 329-3151
        cbrust@rssblaw.com

        *On behalf of Chapter 7 Trustee Christina Lovato*
        *Pro Hac Vice Application Forthcoming*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

META MATERIALS INC.,

Debtor.

Case No.: 24-50792-hlb
(Chapter 7)

**APPENDIX A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER BETWEEN TRUSTEE AND VIRTU FINANCIAL, LLC**

Hearing Date:  N/A
Hearing Time:  N/A

I, _____, declare that:

1.    My address is_____.

My current employer is_____.

My current occupation is_____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

/ / /

/ / /

/ / /

15

1    ///

2    5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

3         Protective Order in this action.

4

5         I declare under penalty of perjury that the foregoing is true and correct.

6

7

8    Signature _____

9

10   Date _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16