# EXHIBIT 16

# EXHIBIT 16

Case 24-50792-hlb   Doc 2080-16   Entered 08/05/25 18:04:55   Page 2 of 33

Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

4

5   In the Matter of:

6

7   TRANSMAR COMMODITY GROUP,     Case No. 16-13625-jlg

8   LTD.,

9

10                  Debtor.

11

12   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13

14                  United States Bankruptcy Court

15                  One Bowling Green

16                  New York, New York

17

18                  June 9, 2017

19                  11:12 a.m.

20

21

22

23   B E F O R E :

24   HON JAMES L. GARRITY

25   U.S. BANKRUPTCY JUDGE

Page 2

1    Hearing re:  Application for FRBP 2004 Examination Motion

2    for an Order Pursuant to Rule 2004 of the Federal Rules of

3    Bankruptcy Procedure Authorizing ABN AMRO Capital USA LLC to

4    Issue a Subpoena for the Further Production of Documents

5    from and the Oral Examination of AMERRA Capital Management

6    LLC, by Nancy Obler (Doc #255)

7

8    Hearing re:  Declaration of Kenneth Pasquale in Support of

9    Motion for an Order Pursuant to Rule 2004 of the Federal

10   Rules of Bankruptcy Procedure Authorizing ABN AMRO Capital

11   USA LLC to Issue a Subpoena for the Further Production of

12   Documents from and the Oral Examination of AMERRA Capital

13   Management LLC, by Nancy Obler (Doc # 256)

14

15   Hearing re:  Objection of AMERRA Capital Management LLC to

16   the Motion for an Order Pursuant to Rule 2004 of the Federal

17   Rules of Bankruptcy Procedure Authorizing ABN AMRO Capital

18   USA LLC to Issue a Subpoena for the Further Production of

19   Documents from and the Oral Examination of AMERRA Capital

20   Management LLC, by Nancy Obler (Doc # 273)

21

22   Hearing re:  Affidavit of John G. Hutchinson filed by John

23   C. Hutchinson on behalf of AMERRA Capital Management LLC

24

25   Hearing re:  Reply to Motion ABN AMRO Capital USA LLCs Reply

Page 3

1    in Further Support of its Motion for an Order Pursuant to

2    Rule 2004 of the Federal Rules of Bankruptcy Procedure

3    Authorizing ABN AMRO to Issue a Subpoena for the Further

4    Production of Document from the Oral Examination of AMERRA

5    Capital Management LLC, by Nancy Obler (Doc  289)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Dawn South

```
 1    A P P E A R A N C E S :

 2    RIKER, DANZIG, SCHERER, HYLAND, PERRETTI, LLP

 3         Attorney for the Debtor

 4         Headquarters Plaza

 5         One Speedwell Avenue

 6         Morristown, NJ 07962

 7

 8    BY:  JOSEPH L. SCHWARTZ, ESQ.

 9

10    KLESTADT, WINTERS, JURELLER, SOUTHARD & STEVENS, LLP

11         Attorney for the Debtor

12         200 West 41st Street, 17th Floor

13         New York, NY 10036

14

15    BY:  JOSEPH C. CORNEAU, ESQ.

16

17    STROOCK, STROOCK & LAVAN, LLP

18         Attorney for ABN AMRO

19         180 Maiden Lane

20         New York, NY 10038

21

22    BY:  ANDREW DENATALE, ESQ.

23

24

25
```

Page 5

```
 1   SIDLEY AUSTIN, LLP

 2        Attorneys for AMERRA

 3        787 Seventh Avenue

 4        New York, NY 10019

 5

 6   BY:  LEE S. ATTANASIO, ESQ.

 7        JOHN G. HUTCHINSON, ESQ.

 8

 9   Tarter Krinsky & Drogin

10        Attorney for the Committee

11        1350 Broadway

12        New York, NY 10018

13

14   BY:  ROCCO A. CAVALIERE, ESQ.

15

16   U.S. DEPARTMENT OF JUSTICE

17        Attorney for the U.S. Trustee

18        U.S. Federal Office Building

19        201 Varick Street

20        Suite 1006

21        New York, NY 10014

22

23   BY:  ANDREW D. VELEZ-RIVERA, ESQ.

24

25
```

Page 6

```
 1                     P R O C E E D I N G S
 2              THE COURT:  All right.  Good morning.
 3          (A chorus of good morning)
 4              THE COURT:  This is Transmar Commodity Group Ltd.,
 5     case number 16-13625.  This is the adjourned hearing on the
 6     motion that was filed by ABN AMRO seeking Rule 2004
 7     discovery.
 8              I'm not -- don't need to take appearances.  I
 9     thank you all for being here, and we adjourned this so that
10     -- the argument was on May 31st -- we adjourned it to give
11     the Court a little bit more time to consider the arguments,
12     and I'm now prepared to rule.
13              The matter before the Court is the motion of ABN
14     AMRO Capital USA LLC, I'll refer to it as ABN AMRO, as
15     administrative agent and collateral agent for itself and
16     other secured lenders, I'll refer to as the lenders, under
17     the amended and restated credit agreement dated as of
18     February 26th, 2016, as amended, for the entry of an order
19     pursuant to Rule 2004 of the Federal Rules of Bankruptcy
20     Procedure authorizing ABN AMRO to issue a subpoena for the
21     production of certain documents from and for oral
22     examination of Amerra Capital Management LLC, which I'll
23     refer to as Amerra, by Nancy Obler, a managing director.
24     See ECF document No. 255.
25              This is the second time that ABN AMRO has sought
```

Case 24-50792-hlb   Doc 367   Filed 08/13/17   Entered 08/28/17 12:40:51   Main Document
16-13625-jlg   Doc 367   Filed 08/13/17   Entered 08/28/17 12:40:51   Page 8 of 33
Pg 7 of 32

Page 7

1    Rule 2004 discovery from Amerra.

2           At the outset of these cases and by ex parte

3    motion dated January 17, 2017, which I'll refer to as the

4    first Rule 2004 motion, which is at ECF No. 71, it sought

5    such discovery with respect to, among other things -- that's

6    all right -- transactions among Amerra and the debtor,

7    Transmar Commodity Group Ltd., or Transmar, or Transmar's

8    affiliate, Euromar Commodity GmbH, or Euromar.

9           Amerra objected to the discovery; however, after

10   several conferences among ABN AMRO, Amerra, and the Court,

11   Amerra agreed to produce to ABN AMRO documents "dating from

12   January 1, 2016 to the present sufficient to evidence the

13   facts, terms, and conditions or transactions between or

14   among Amerra, Euromar, and/or the debtor, provided that

15   Amerra was a party to some part of the transaction or a

16   related transaction involving the debtor or Euromar and in

17   fact possesses additional documents."

18          See the order pursuant to Rule 2004 of the Federal

19   Rules of Bankruptcy Procedure authorizing ABN AMRO to issue

20   subpoenas to Amerra dated February 14, 2017.  That's ECF

21   document No. 125.  I'll refer to that as the Amerra Rule

22   2004 order.

23          Amerra objected to ABN AMRO obtaining deposition

24   discovery on those matters and none was ordered.

25          In support of the motion, and among other things,

 1    ABN AMRO asserts that through discovery obtained from the

 2    debtors it is learned that in the months leading up to the

 3    commencement of the Chapter 11 cases Ms. Obler played an

 4    active role in advising the debtor's management team.

 5         It contends that upon learning of that role its

 6    counsel requested that Amerra voluntarily produce additional

 7    documents beyond the scope of the Amerra Rule 2004 order and

 8    voluntarily produce Ms. Obler for examination under oath,

 9    but that Amerra refused that request.  See the motion at

10    paragraph 4.

11         ABN AMRO asserts that there is an urgent need for

12    the Court to grant the motion.  It maintains that it

13    requires what it characterizes as limited additional

14    documents from Amerra and Ms. Obler's oral examination in

15    order advance its investigation of the debtor's business and

16    final affairs.  Motion at 17.

17         To that end it maintains that it requested -- that

18    the requested discovery will allow it to continue to (A),

19    investigate the debtor's recordkeeping processes and

20    operations, including, but not limited to, transactions with

21    its affiliates and certain third parties; (B), investigate

22    the facts, circumstances, and events that resulted in the

23    disappearance of hundreds of millions of dollars in

24    collateral value and other property of the debtor's estate

25    reflected in the borrowing of base reports; and (C),

1    determining whether the lenders, individually, and the

2    debtor's creditors, generally, have viable claims against

3    any parties as a result of the facts and circumstances that

4    resulted in this bankruptcy case.  See the motion at 18.

5           Moreover, ABN AMRO asserts that its investigation

6    and any facts and information discovered as a result thereof

7    with inure to the benefit of the debtor's estate and its

8    creditors and will not be duplicative of any investigation

9    conducted by the creditors' committee.  See the motion at

10   19.

11          Amerra opposes the motion.  See the Amerra

12   objection referred to, that is the objection ECF document

13   No. 273.

14          And ABN AMRO submitted a reply to the objection.

15   See ECF document No. 293.

16          Amerra maintains that there's nothing new to ABN

17   AMRO about Amerra's alleged special relationship with the

18   debtor, because as early as January 24th, 2017 ABN AMRO

19   contended that Amerra has a "unique and uniquely close"

20   relationship with Euromar and Transmar and on that basis

21   sought wide ranging discovery, including emails.  See the

22   objection at paragraph 4.

23          Moreover, it asserts that although the motion

24   portrays ABN AMRO's new discovery demands as a means to

25   locate hundreds of millions of dollars in collateral that

1    has disappeared, it made the same exact allegations in

2    support of the first Rule 2004 motion.  See the objection

3    at 4.

4             To that end it maintains that the fundamental

5    basis of the first Rule 2004 motion was that Amerra's

6    transactions with Euromar and Transmar were somehow improper

7    and that documentation would show that Amerra was extracting

8    funds from the debtor.  See the objection at 25.

9             It notes that in support of the first Rule 2004

10   motion ABN AMRO asserted that "whether and to what extent

11   Amerra benefited at the expense of the lenders and the

12   debtor's estate generally as a result of the debtor's

13   transactions and relationship with Euromar is ripe for

14   investigation."  That's the objection at 25 citing the first

15   Rule 2004 motion at paragraph 18.

16            Amerra labels this as "ABN's grand conspiracy

17   theory."  The objection at 31.

18            It maintains that this is the same basis on which

19   ABN AMRO is seeking discovery in this motion, thus as a

20   preliminary matter Amerra argues that the motion should be

21   denied because it amounts to an attempted bait and switch in

22   that ABN AMRO has brought no new information forward and

23   nonetheless is seeking discovery beyond the scope of that

24   authorized in the Amerra Rule 2004 order.  See the objection

25   at paragraph 4.

Page 11

1        Amerra asserts that in response to the Amerra Rule

2   2004 order it provided documents that were meticulously

3   organized by transaction, including each leg of 48 separate

4   cocoa transactions and was produced in its entirety by

5   April 11, 2017.

6        Although Amerra acknowledges that the Amerra Rule

7   2004 order preserved ABN AMRO's right to seek further Rule

8   2004 discovery from Amerra, it contends that ABN AMRO should

9   not be permitted to seek to obtain additional discovery

10  without first demonstrating to the Court that the

11  transaction documents that Amerra has produced to date

12  support what it characterizes as ABN AMRO's careless

13  allegations and furnish specific facts for burdening Amerra

14  with further discovery.  See the objection at paragraph 30.

15       Amerra says that ABN AMRO's right to seek

16  additional Rule 2004 discovery was conditioned upon its

17  showing that the discovery provided to date is not

18  responsive to the document request.

19       In that regard it notes that the motion does not

20  mention the documents that it is -- that it has produced in

21  response to the Amerra Rule 2004 order, raise any question

22  about the information in those documents, or even indicate

23  that ABN AMRO has received -- has reviewed the documents.

24  See the opposition at -- objection at paragraph 2.

25       Thus Amerra asserts that the motion is an improper

Page 12

```
 1    attempt by ABN AMRO to get discovery from Amerra that is

 2    beyond the scope of the Amerra Rule 2004 order.

 3            Moreover, it maintains that there's nothing new in

 4    the motion that would justify ABN AMRO's second bite at the

 5    apple.  See the objection at paragraph 31.

 6            ABN AMRO denies that there has been a bait and

 7    switch.  It maintains that it is seeking Rule 2004 discovery

 8    based on newly discovered information and precisely because

 9    Amerra initially objected to producing emails or agreeing to

10    an oral examination.  See the reply at paragraph 8.

11            Further it denies that its request for additional

12    information is an improper end-around the terms of the

13    Amerra Rule 2004 order and contends that through the motion

14    and the Rule 2004 discovery it is seeking information

15    necessary to determine whether claims beneficial to the

16    estate exist against Amerra or any other third party and to

17    determine what really happened to over $300 million in

18    reported assets that suddenly went missing.  See the reply

19    at paragraphs 4 and 6.

20            ABN AMRO asserts both that Ms. Obler's testimony

21    and documents are unquestionably relevant to such an inquiry

22    and that the discovery is expressly permitted by Rule 2004.

23    See the reply at 4.

24            It explains that the documents produced to date by

25    third parties in response to the Rule 2004 discovery request
```

1    demonstrate that Amerra was more than a mere trading partner

2    and creditor of Euromar and the debtor as Amerra portrays

3    itself.  See the reply at 7.

4         ABN AMRO asserts that in light of this evidence

5    its renewed and more focused request for Rule 2004 discovery

6    from Amerra is exactly the type of additional discovery

7    expressly contemplated by the Amerra Rule 2004 order.  See

8    the reply at paragraphs 3 and 8.

9         The Court notes that the entry of the Amerra Rule

10   2004 order was expressly "without prejudice to any parties'

11   right to attempt to seek further Rule 2004 discovery from

12   Amerra, and to Amerra's right to attempt to seek Rule 2004

13   discovery from ABN AMRO or any other lenders or interested

14   parties and without prejudice to Amerra's or ABN AMRO's or

15   any other interested parties' right to object to such

16   further Rule 2004 discovery."  See the Amerra Rule 2004

17   order at page 2.

18        The Court does not read that reservation of rights

19   language as narrowly as Amerra reads it, and as such does

20   not agree with Amerra that that's a basis for denying the

21   requested relief.  Accordingly the Court will consider the

22   merits of the motion.

23        In relevant part Rule 2004 provides that the Court

24   may authorize the examination of any entity relating to the

25   -- relating "to the acts, conduct, or property, or to the

1    liabilities and financial condition of the debtor or to any

2    matter which may affect the administration of the debtor's

3    estate."  See Federal Rule of Bankruptcy Procedure 2004(b).

4          To that end the examination may extend to matters

5    relating "to the operation of any business and to the

6    desirability of its continuation -- continuance, the source

7    of any money or property acquired or to be acquired by the

8    debtor for purposes of consummating a plan, and the

9    consideration given or offered therefore in any other matter

10   relevant to the case or the formulation of a plan."  That's

11   Rule 2004(b).

12         Rule 2004 does not mandate that the Court grant

13   discovery, rather it "provides the Court -- that the Court

14   may order disclosure thereunder giving the Court significant

15   discretion."  See In re: Board of Directors of Hopewell

16   International Insurance Ltd., 258 B.R. 580 at 587,

17   Bankruptcy Southern District of New York, 2001.

18         It is settled that in exercising that discretion

19   the Court must "balance the competing interest of the

20   parties weighing the relevance of and necessity of the

21   information sought by examination.  That documents meet the

22   requirement of relevance does not alone demonstrate that

23   there is good cause for requiring their production."  In re:

24   Drexel Burnham Lambert Group, Inc., 123 B.R. 702 at 712,

25   Bankruptcy Southern District of New York, 1992.

1           Courts deny Rule 2004 motions when the "cost and

2     disruption to the examinee attending to the requested

3     examination outweigh the benefits to the examiner."  In re:

4     Express One International, Inc., 217 B.R. 215 at 217,

5     Bankruptcy Eastern District of Texas, 1998.  See also In re:

6     Sunedison, Inc., 562 B.R. at 249.

7           The court note the that requests cannot be so

8     broad as to be more disruptive and costly to the examinee

9     than beneficial to the examiner.

10          Amerra contends that the motion should be denied

11    because the relief sought is unduly burdensome and

12    altogether unnecessary.  See the objection at 5.

13          It asserts that the debtor has produced some 2.6

14    million pages of documents and that the production appears

15    to include all Transmar emails with Amerra, including those

16    with Ms. Obler and emails between Ms. Obler and Peter B.

17    Johnson, one of the debtor's principals.  See the objection

18    at 5.

19          It maintains that it should not have to expend

20    what it says will be hundreds of thousands of dollars and

21    enormous resources and time providing internal emails and

22    emails with parties other than Transmar and Euromar because

23    the Court authorized ABN AMRO to take examinations of the

24    debtor's current and former employees and others, and that

25    discovery, coupled with the debtors' mails and files of ABN

1    AMRO and its lender group, will sufficiently enable ABN AMRO

2    to make whatever arguments it wants to make about the

3    debtor's disclosures, reporting, and decision making or

4    about the debtor's relationship with Amerra.  See the

5    objection at 5.

6         ABN AMRO argues that Amerra's focus on its efforts

7    to obtain deposition testimony from the debtor's former

8    employees is misplaced since most of the witnesses

9    subpoenaed by ABN AMRO has refused to testify on the grounds

10   of their First Amendment privilege against self-

11   incrimination.  See the reply at paragraphs 3 and 12.

12        Moreover, it denies that its request for further

13   Rule 2004 discovery is either unduly burdensome or

14   unnecessary.  It asserts that those requests are (1),

15   narrowly tailors; (2), require the electronic search and

16   oral examination of a single Amerra employee; and (3), are

17   not so duly burdensome as to outweigh the benefits to ABN

18   AMRO, the lenders, and other creditors.  I

19        t maintains that the documents produced by the

20   debtor show that Amerra and Ms. Obler's extensive

21   communications concerning the debtors.

22        As a consequence it asserts that Ms. Obler's

23   testimony, emails, and other documents will provide a

24   primary source of information to determine how and why the

25   debtor misrepresented its financial position and what

1    happened to the debtor's missing assets.  See the reply at

2    paragraph 10.

3              Further it asserts that to minimize burden on

4    Amerra in responding to the discovery request they have

5    limited the request to require the search of a single

6    custodian's electronic communications, that is the

7    electronic communications (A), between Nancy Obler and any

8    other Amerra officer, director, or employee, or

9    representative concerning the debtor, Euromar, any of their

10   affiliates, or related entities; and (B), between Nancy

11   Obler and any non-debtor third party concerning the debtor,

12   Euromar, and any of their affiliates or any related

13   entities.  See the reply at 11.

14             The Court finds that the requested discovery is

15   unduly burdensome.  Not only has ABN AMRO had access to

16   documents produced by the debtor that contained Ms. Obler's

17   emails and other communications between Amerra and the

18   debtor, it is undisputed that throughout 2016 ABN AMRO

19   engaged outside consultants to evaluate Transmar's business,

20   including its financials, the borrowing base inventory, and

21   internal controls.

22             As ABN AMRO has disclosed at hearings before the

23   Court, two of those advisors were Finance Support Services

24   and RPA Advisors, and both entities had access to the

25   debtor's books and records, systems and procedures, and

 1   employees.  Both produced reports to ABN AMRO regarding,

 2   among other things, the accuracy of the debtor's borrowing

 3   base to be sure the documents and deposition testimony that

 4   ABN AMRO is seeking may shed light on the debtor's

 5   operations and financial affairs.

 6           However, the Court finds that ABN AMRO already has

 7   access to relevant information and that it would be unduly

 8   burdensome to Amerra to provide the documents and deposition

 9   testimony that ABN AMRO is seeking.

10           It is settled that in situations like this where

11   the party seeking Rule 2004 discovery has access to the

12   information it is seeking from other sources courts will

13   deny the request for the discovery.  See In re: Texaco, 79

14   B.R. 551 at 553, Bankruptcy Court Southern District of New

15   York, 1989.  In re: Duratech Industries, Inc., 241 B.R. 283

16   at 289 to 90, Eastern District of New York, 1999.

17           As the party seeking discovery ABN AMRO has the

18   burden of showing good cause for the examination.  See in

19   re: Sunedison, Inc., 562 B.R. 243 at 249, Bankruptcy Court

20   Southern District of New York, 2017.

21           As noted previously by its terms Rule 2004 permits

22   discovery only when it regards the acts, conduct, or

23   property or the liabilities and financial condition of the

24   debtor or to any matter which may affect the administration

25   of the debtor's estate or to the debtor's right to a

1    discharge.

2            The underlying purpose of Rule 2004 is to "allow

3    the Court to gain a clear picture of the condition and

4    whereabouts of the bankrupt's estate."  King Corp. versus

5    John Mansville Corp., In re: Johns-Manville Corp., 42 B.R.

6    362 at 364, Southern District of New York, 1984.

7            Thus "a 2004 examination should only be used for

8    the legitimate purpose of obtaining information to the acts,

9    conduct, or property or to the liabilities and financial

10   condition of the debtor."  See In re: Coffee Cupboard, 128

11   B.R. 509 at 514, Bankruptcy Eastern District of New York,

12   1991.

13           Amerra asserts that the motion is nothing more

14   than a transparent attempt by ABN AMRO to obtain a

15   litigation advantage through one-way discovery that should

16   not be countenance under Rule 2004.

17           It contends that ABN AMRO's counsel has advised

18   Amerra's counsel in no uncertain terms that ABN AMRO is

19   looking to file a lawsuit against Amerra.  See the objection

20   at paragraph 6.

21           It maintains that ABN AMRO has singled it out

22   twice for sweeping Rule 2004 discovery requests, and that in

23   the context of these cases ABN AMRO has received from Amerra

24   the discovery that is appropriate under Rule 2004.

25           It maintains that any further discovery as to

Page 20

1    Amerra should be done in the context of a cause of action

2    against it, if one exists, such that Amerra will have the

3    protections of the Federal Rules of Civil Procedure and the

4    ability to obtain its own reciprocal discovery.  See the

5    objection at 6.

6           ABN AMRO denies that it has determined that it

7    will sue Amerra.  Reply at 16.

8           It contends that investigating the facts,

9    circumstances, and events that resulted in the disappearance

10   of hundreds of millions of dollars in collateral value and

11   other property from the debtor's estate in order to

12   determine whether the lenders, individually, and the

13   debtor's creditors, generally, have viable claims against

14   the parties as a result of the circumstances that resulted

15   in this bankruptcy case.  See the reply at 17.

16          It says that the facts and information that ABN

17   AMRO and the lenders obtained through the Rule 2004 process

18   will inure not only to the benefit of the lenders but also

19   to the benefit of the debtor's estate and its other

20   creditors.  See the reply at paragraph 16.

21          Thus it asserts that the fact that it may discover

22   through this investigation facts supporting a potential

23   claim against Amerra or any other third party does not

24   preclude it from obtaining the requested discovery.  See the

25   reply at 16.

```
 1              Pursuant to the document request ABN AMRO is

 2      seeking, (1), all documents, including emails, text

 3      messages, and Bloomberg terminal messages to and from Nancy

 4      Obler, including communications in which Nancy Obler was

 5      copied as a cc, and any employee concerning the debtor

 6      and/or any of the affiliates; and (2), all document,

 7      including emails, text messages, and Bloomberg terminal

 8      messages to and from Nancy Obler, including communications

 9      in which Nancy Obler was copied as a cc, and any person

10      concerning the debtor and/or any of the debtor's affiliates

11      expressly excluding any documents sent to or from the debtor

12      and/or any of the affiliates, including as a cc; and (3),

13      any custodian using the email domain TransmarGroup.com.

14              The Court agrees with Amerra that the motion is

15      aimed at gathering information relevant to Amerra's actions

16      and connections with the debtors and its role, if any, in

17      advising the debtor in its dealings with the lenders.

18              ABN AMRO is seeking to confirm not only that

19      Amerra, through Ms. Obler, was aware of the events and

20      causes of action that led to the debtor's failure, but that

21      Amerra played an active role in assisting the debtors in

22      formulating their strategy for dealing with the lenders.  In

23      that way the focus of the requested discovery is on Amerra,

24      not the debtors.

25              It is well settled that Rule 2004 examinations are
```

Page 22

1    not generally permitted once an adversary proceeding has

2    been filed since discovery must be pursuant to the Federal

3    Rules of Civil Procedure.  See, for example, In re: Bennett

4    Funding Group, Inc., B.R. 24 at 28, Bankruptcy Northern

5    District of New York, 1998, and In re: Drexel Burnham

6    Lambert Group, Inc., 128 B.R. at 711.

7          No such litigation is pending, nonetheless it's

8    clear to the Court that ABN AMRO has identified Amerra as a

9    litigation target and is seeking to utilize the liberal

10   discovery available under Rule 2004 to further this ultimate

11   litigation.  That's not permitted.

12         See, for example, In re: J&R Trucking, Inc., 431

13   B.R. 818 at 822 to 823, Bankruptcy for the Northern District

14   of Indiana, 2010, where the court denied a creditor's Rule

15   2004 discovery request to identify third parties with

16   liability as beyond the scope of Rule 2004 and noting that

17   "no matter how artfully one tries to disguise the requested

18   examinations by dressing them up in the robes of bankruptcy

19   administration, their real purpose is to identify another

20   entity movants might be able to collect from and whether

21   those efforts would have any impact on the bankruptcy estate

22   is of no real concern to them."

23         The Court finds that the information ABN AMRO is

24   seeking from Amerra goes beyond "the acts, conduct, or

25   property, or to the liabilities and financial condition of

Page 23

1    the debtor or to any matter which may affect the

2    administration of the debtor's estate."  For this additional

3    reason ABN AMRO is not entitled to Rule 2004 -- the Rule

4    2004 discovery it is seeking from Amerra.

5              Based on the foregoing the Court's denies the

6    motion and so orders the record.

7              Any questions?  All right.  I think that's

8    everything we had to deal with today; is that right?

9              Thank you very much.

10       (A chorus of thank you)

11       (Whereupon, proceedings concluded at 11:38 a.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 24-50792-hlb    Doc 2083-67    Entered 08/05/25 18:04:55    Page 25 of 33

Page 24

1                          I N D E X

2

3                          RULINGS

4      DESCRIPTION                                        PAGE

5      Application for FRBP 2004 Examination Motion for an

6      Order Pursuant to Rule 2004 of the Federal Rules of

7      Bankruptcy Procedure Authorizing ABN AMRO Capital USA

8      LLC to Issue a Subpoena for the Further Production of

9      Documents from and the Oral Examination of AMERRA

10     Capital Management LLC, by Nancy Obler (Doc #255)      3

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 25

1                          C E R T I F I C A T I O N

2

3          I, Dawn South, certified that the foregoing transcript

4     is a true and accurate record of the proceedings.

5     Dawn South

          Digitally signed by Dawn South
          DN: cn=Dawn South, o=Veritext, ou,
          email=digital@veritext.com, c=US
6     _____
          Date: 2017.06.13 16:30:25 -04'00'

7     Dawn South

8     AAERT Certified Electronic Transcriber CET**D-408

9

10    Date:  June 12, 2017

11

12

13

14

15

16

17

18

19

20

21

22    Veritext Legal Solutions

23    330 Old Country Road

24    Suite 300

25    Mineola, NY 11501

23:2
**administrative**
  6:15
**advance** 8:15
**advantage** 19:15
**adversary** 22:1
**advised** 19:17
**advising** 8:4 21:17
**advisors** 17:23,24
**affairs** 8:16 18:5
**affect** 14:2 18:24
  23:1
**affidavit** 2:22
**affiliate** 7:8
**affiliates** 8:21
  17:10,12 21:6,10
  21:12
**agent** 6:15,15
**agree** 13:20
**agreed** 7:11
**agreeing** 12:9
**agreement** 6:17
**agrees** 21:14
**aimed** 21:15
**allegations** 10:1
  11:13
**alleged** 9:17
**allow** 8:18 19:2
**altogether** 15:12
**amended** 6:17,18
**amendment** 16:10
**amerra** 2:5,12,15
  2:19,23 3:4 5:2
  6:22,23 7:1,6,9,10
  7:11,14,15,20,21
  7:23 8:6,7,9,14
  9:11,11,16,19
  10:7,11,16,20,24
  11:1,1,6,6,8,11,13
  11:15,21,25 12:1
  12:2,9,13,16 13:1
  13:2,6,7,9,12,16
  13:19,20 15:10,15

16:4,16,20 17:4,8
  17:17 18:8 19:13
  19:19,23 20:1,2,7
  20:23 21:14,19,21
  21:23 22:8,24
  23:4 24:9
**amerra's** 9:17
  10:5 13:12,14
  16:6 19:18 21:15
**amounts** 10:21
**amro** 2:3,10,17,25
  3:3 4:18 6:6,14,14
  6:20,25 7:10,11
  7:19,23 8:1,11 9:5
  9:14,17,18 10:10
  10:19,22 11:8,23
  12:1,6,20 13:4,13
  15:23 16:1,1,6,9
  16:18 17:15,18,22
  18:1,4,6,9,17
  19:14,18,21,23
  20:6,17 21:1,18
  22:8,23 23:3 24:7
**amro's** 9:24 11:7
  11:12,15 12:4
  13:14 19:17
**andrew** 4:22 5:23
**appearances** 6:8
**appears** 15:14
**apple** 12:5
**application** 2:1
  24:5
**appropriate**
  19:24
**april** 11:5
**argues** 10:20 16:6
**argument** 6:10
**arguments** 6:11
  16:2
**artfully** 22:17
**asserted** 10:10
**asserts** 8:1,11 9:5
  9:23 11:1,25

12:20 13:4 15:13
  16:14,22 17:3
  19:13 20:21
**assets** 12:18 17:1
**assisting** 21:21
**attanasio** 5:6
**attempt** 12:1
  13:11,12 19:14
**attempted** 10:21
**attending** 15:2
**attorney** 4:3,11
  4:18 5:10,17
**attorneys** 5:2
**austin** 5:1
**authorize** 13:24
**authorized** 10:24
  15:23
**authorizing** 2:3
  2:10,17 3:3 6:20
  7:19 24:7
**available** 22:10
**avenue** 4:5 5:3
**aware** 21:19

**b**

**b** 1:23 8:21 14:3
  14:11 15:16 17:10
**b.r.** 14:16,24 15:4
  15:6 18:14,15,19
  19:5,11 22:4,6,13
**bait** 10:21 12:6
**balance** 14:19
**bankrupt's** 19:4
**bankruptcy** 1:1
  1:14,25 2:3,10,17
  3:2 6:19 7:19 9:4
  14:3,17,25 15:5
  18:14,19 19:11
  20:15 22:4,13,18
  22:21 24:7
**base** 8:25 17:20
  18:3
**based** 12:8 23:5

**basis** 9:20 10:5,18
  13:20
**behalf** 2:23
**beneficial** 12:15
  15:9
**benefit** 9:7 20:18
  20:19
**benefited** 10:11
**benefits** 15:3
  16:17
**bennett** 22:3
**beyond** 8:7 10:23
  12:2 22:16,24
**bit** 6:11
**bite** 12:4
**bloomberg** 21:3,7
**board** 14:15
**books** 17:25
**borrowing** 8:25
  17:20 18:2
**bowling** 1:15
**broad** 15:8
**broadway** 5:11
**brought** 10:22
**building** 5:18
**burden** 17:3
  18:18
**burdening** 11:13
**burdensome**
  15:11 16:13,17
  17:15 18:8
**burnham** 14:24
  22:5
**business** 8:15 14:5
  17:19

**c**

**c** 2:23 4:1,15 6:1
  8:25 25:1,1
**capital** 2:3,5,10
  2:12,15,17,19,23
  2:25 3:5 6:14,22
  24:7,10

**careless** 11:12
**case** 1:7 6:5 9:4
  14:10 20:15
**cases** 7:2 8:3
  19:23
**cause** 14:23 18:18
  20:1
**causes** 21:20
**cavaliere** 5:14
**cc** 21:5,9,12
**certain** 6:21 8:21
**certified** 25:3,8
**cet** 25:8
**chapter** 8:3
**characterizes**
  8:13 11:12
**chorus** 6:3 23:10
**circumstances**
  8:22 9:3 20:9,14
**citing** 10:14
**civil** 20:3 22:3
**claim** 20:23
**claims** 9:2 12:15
  20:13
**clear** 19:3 22:8
**close** 9:19
**cocoa** 11:4
**coffee** 19:10
**collateral** 6:15
  8:24 9:25 20:10
**collect** 22:20
**commencement**
  8:3
**committee** 5:10
  9:9
**commodity** 1:7
  6:4 7:7,8
**communications**
  16:21 17:6,7,17
  21:4,8
**competing** 14:19
**concern** 22:22

**concerning** 16:21
  17:9,11 21:5,10
**concluded** 23:11
**condition** 14:1
  18:23 19:3,10
  22:25
**conditioned** 11:16
**conditions** 7:13
**conduct** 13:25
  18:22 19:9 22:24
**conducted** 9:9
**conferences** 7:10
**confirm** 21:18
**connections** 21:16
**consequence**
  16:22
**consider** 6:11
  13:21
**consideration**
  14:9
**conspiracy** 10:16
**consultants** 17:19
**consummating**
  14:8
**contained** 17:16
**contemplated**
  13:7
**contended** 9:19
**contends** 8:5 11:8
  12:13 15:10 19:17
  20:8
**context** 19:23
  20:1
**continuance** 14:6
**continuation** 14:6
**continue** 8:18
**controls** 17:21
**copied** 21:5,9
**corneau** 4:15
**corp** 19:4,5,5
**cost** 15:1
**costly** 15:8

**counsel** 8:6 19:17
  19:18
**countenance**
  19:16
**country** 25:23
**coupled** 15:25
**court** 1:1,14 6:2,4
  6:11,13 7:10 8:12
  11:10 13:9,18,21
  13:23 14:12,13,13
  14:14,19 15:7,23
  17:14,23 18:6,14
  18:19 19:3 21:14
  22:8,14,23
**court's** 23:5
**courts** 15:1 18:12
**credit** 6:17
**creditor** 13:2
**creditor's** 22:14
**creditors** 9:2,8,9
  16:18 20:13,20
**cupboard** 19:10
**current** 15:24
**custodian** 21:13
**custodian's** 17:6

### d

**d** 5:23 6:1 24:1
  25:8
**danzig** 4:2
**date** 11:11,17
  12:24 25:10
**dated** 6:17 7:3,20
**dating** 7:11
**dawn** 3:25 25:3,7
**deal** 23:8
**dealing** 21:22
**dealings** 21:17
**debtor** 1:10 4:3
  4:11 7:6,14,16
  9:18 10:8 13:2
  14:1,8 15:13
  16:20,25 17:9,11
  17:11,16,18 18:24

  19:10 21:5,10,11
  21:17 23:1
**debtor's** 8:4,15,19
  8:24 9:2,7 10:12
  10:12 14:2 15:17
  15:24 16:3,4,7
  17:1,25 18:2,4,25
  18:25 20:11,13,19
  21:10,20 23:2
**debtors** 8:2 15:25
  16:21 21:16,21,24
**decision** 16:3
**declaration** 2:8
**demands** 9:24
**demonstrate** 13:1
  14:22
**demonstrating**
  11:10
**denatale** 4:22
**denied** 10:21
  15:10 22:14
**denies** 12:6,11
  16:12 20:6 23:5
**deny** 15:1 18:13
**denying** 13:20
**department** 5:16
**deposition** 7:23
  16:7 18:3,8
**description** 24:4
**desirability** 14:6
**determine** 12:15
  12:17 16:24 20:12
**determined** 20:6
**determining** 9:1
**director** 6:23 17:8
**directors** 14:15
**disappearance**
  8:23 20:9
**disappeared** 10:1
**discharge** 19:1
**disclosed** 17:22
**disclosure** 14:14

Case 24-50792-hlb Doc 2083-167 Entered 08/05/25 18:04:55 Page 29 of 33

**disclosures** 16:3
**discover** 20:21
**discovered** 9:6
  12:8
**discovery** 6:7 7:1
  7:5,9,24 8:1,18
  9:21,24 10:19,23
  11:8,9,14,16,17
  12:1,7,14,22,25
  13:5,6,11,13,16
  14:13 15:25 16:13
  17:4,14 18:11,13
  18:17,22 19:15,22
  19:24,25 20:4,24
  21:23 22:2,10,15
  23:4
**discretion** 14:15
  14:18
**disguise** 22:17
**disruption** 15:2
**disruptive** 15:8
**district** 1:2 14:17
  14:25 15:5 18:14
  18:16,20 19:6,11
  22:5,13
**doc** 2:6,13,20 3:5
  24:10
**document** 3:4
  6:24 7:21 9:12,15
  11:18 21:1,6
**documentation**
  10:7
**documents** 2:4,12
  2:19 6:21 7:11,17
  8:7,14 11:2,11,20
  11:22,23 12:21,24
  14:21 15:14 16:19
  16:23 17:16 18:3
  18:8 21:2,11 24:9
**dollars** 8:23 9:25
  15:20 20:10
**domain** 21:13

**dressing** 22:18
**drexel** 14:24 22:5
**drogin** 5:9
**duly** 16:17
**duplicative** 9:8
**duratech** 18:15

**e**

**e** 1:23,23 4:1,1 6:1
  6:1 24:1 25:1
**early** 9:18
**eastern** 15:5
  18:16 19:11
**ecf** 6:24 7:4,20
  9:12,15
**efforts** 16:6 22:21
**either** 16:13
**electronic** 16:15
  17:6,7 25:8
**email** 21:13
**emails** 9:21 12:9
  15:15,16,21,22
  16:23 17:17 21:2
  21:7
**employee** 16:16
  17:8 21:5
**employees** 15:24
  16:8 18:1
**enable** 16:1
**engaged** 17:19
**enormous** 15:21
**entirety** 11:4
**entities** 17:10,13
  17:24
**entitled** 23:3
**entity** 13:24 22:20
**entry** 6:18 13:9
**esq** 4:8,15,22 5:6
  5:7,14,23
**estate** 8:24 9:7
  10:12 12:16 14:3
  18:25 19:4 20:11
  20:19 22:21 23:2

**euromar** 7:8,8,14
  7:16 9:20 10:6,13
  13:2 15:22 17:9
  17:12
**evaluate** 17:19
**events** 8:22 20:9
  21:19
**evidence** 7:12
  13:4
**ex** 7:2
**exact** 10:1
**exactly** 13:6
**examination** 2:1,5
  2:12,19 3:4 6:22
  8:8,14 12:10
  13:24 14:4,21
  15:3 16:16 18:18
  19:7 24:5,9
**examinations**
  15:23 21:25 22:18
**examinee** 15:2,8
**examiner** 15:3,9
**example** 22:3,12
**excluding** 21:11
**exercising** 14:18
**exist** 12:16
**exists** 20:2
**expend** 15:19
**expense** 10:11
**explains** 12:24
**express** 15:4
**expressly** 12:22
  13:7,10 21:11
**extend** 14:4
**extensive** 16:20
**extent** 10:10
**extracting** 10:7

**f**

**f** 1:23 25:1
**fact** 7:17 20:21
**facts** 7:13 8:22 9:3
  9:6 11:13 20:8,16
  20:22

**failure** 21:20
**february** 6:18
  7:20
**federal** 2:2,9,16
  3:2 5:18 6:19 7:18
  14:3 20:3 22:2
  24:6
**file** 19:19
**filed** 2:22 6:6 22:2
**files** 15:25
**final** 8:16
**finance** 17:23
**financial** 14:1
  16:25 18:5,23
  19:9 22:25
**financials** 17:20
**finds** 17:14 18:6
  22:23
**first** 7:4 10:2,5,9
  10:14 11:10 16:10
**floor** 4:12
**focus** 16:6 21:23
**focused** 13:5
**foregoing** 23:5
  25:3
**former** 15:24 16:7
**formulating** 21:22
**formulation** 14:10
**forward** 10:22
**frbp** 2:1 24:5
**fundamental** 10:4
**funding** 22:4
**funds** 10:8
**furnish** 11:13
**further** 2:4,11,18
  3:1,3 11:7,14
  12:11 13:11,16
  16:12 17:3 19:25
  22:10 24:8

**g**

**g** 2:22 5:7 6:1
**gain** 19:3

**garrity** 1:24
**gathering** 21:15
**generally** 9:2
  10:12 20:13 22:1
**give** 6:10
**given** 14:9
**giving** 14:14
**gmbh** 7:8
**goes** 22:24
**good** 6:2,3 14:23
  18:18
**grand** 10:16
**grant** 8:12 14:12
**green** 1:15
**grounds** 16:9
**group** 1:7 6:4 7:7
  14:24 16:1 22:4,6

### h

**happened** 12:17
  17:1
**headquarters** 4:4
**hearing** 2:1,8,15
  2:22,25 6:5
**hearings** 17:22
**hon** 1:24
**hopewell** 14:15
**hundreds** 8:23
  9:25 15:20 20:10
**hutchinson** 2:22
  2:23 5:7
**hyland** 4:2

### i

**identified** 22:8
**identify** 22:15,19
**impact** 22:21
**improper** 10:6
  11:25 12:12
**include** 15:15
**including** 8:20
  9:21 11:3 15:15
  17:20 21:2,4,7,8
  21:12

**incrimination**
  16:11
**indiana** 22:14
**indicate** 11:22
**individually** 9:1
  20:12
**industries** 18:15
**information** 9:6
  10:22 11:22 12:8
  12:12,14 14:21
  16:24 18:7,12
  19:8 20:16 21:15
  22:23
**initially** 12:9
**inquiry** 12:21
**insurance** 14:16
**interest** 14:19
**interested** 13:13
  13:15
**internal** 15:21
  17:21
**international**
  14:16 15:4
**inure** 9:7 20:18
**inventory** 17:20
**investigate** 8:19
  8:21
**investigating** 20:8
**investigation** 8:15
  9:5,8 10:14 20:22
**involving** 7:16
**issue** 2:4,11,18 3:3
  6:20 7:19 24:8

### j

**j&r** 22:12
**james** 1:24
**january** 7:3,12
  9:18
**jlg** 1:7
**john** 2:22,22 5:7
  19:5
**johns** 19:5

**johnson** 15:17
**joseph** 4:8,15
**judge** 1:25
**june** 1:18 25:10
**jureller** 4:10
**justice** 5:16
**justify** 12:4

### k

**kenneth** 2:8
**king** 19:4
**klestadt** 4:10
**krinsky** 5:9

### l

**l** 1:24 4:8
**labels** 10:16
**lambert** 14:24
  22:6
**lane** 4:19
**language** 13:19
**lavan** 4:17
**lawsuit** 19:19
**leading** 8:2
**learned** 8:2
**learning** 8:5
**led** 21:20
**lee** 5:6
**leg** 11:3
**legal** 25:22
**legitimate** 19:8
**lender** 16:1
**lenders** 6:16,16
  9:1 10:11 13:13
  16:18 20:12,17,18
  21:17,22
**liabilities** 14:1
  18:23 19:9 22:25
**liability** 22:16
**liberal** 22:9
**light** 13:4 18:4
**limited** 8:13,20
  17:5
**litigation** 19:15
  22:7,9,11

**little** 6:11
**llc** 2:3,6,11,13,15
  2:18,20,23 3:5
  6:14,22 24:8,10
**llcs** 2:25
**llp** 4:2,10,17 5:1
**locate** 9:25
**looking** 19:19

### m

**maiden** 4:19
**mails** 15:25
**maintains** 8:12,17
  9:16 10:4,18 12:3
  12:7 15:19 16:19
  19:21,25
**making** 16:3
**management** 2:5
  2:13,15,20,23 3:5
  6:22 8:4 24:10
**managing** 6:23
**mandate** 14:12
**mansville** 19:5
**manville** 19:5
**matter** 1:5 6:13
  10:20 14:2,9
  18:24 22:17 23:1
**matters** 7:24 14:4
**means** 9:24
**meet** 14:21
**mention** 11:20
**mere** 13:1
**merits** 13:22
**messages** 21:3,3,7
  21:8
**meticulously** 11:2
**million** 12:17
  15:14
**millions** 8:23 9:25
  20:10
**mineola** 25:25
**minimize** 17:3
**misplaced** 16:8

**misrepresented** 16:25

**missing** 12:18 17:1

**money** 14:7

**months** 8:2

**morning** 6:2,3

**morristown** 4:6

**motion** 2:1,9,16 2:25 3:1 6:6,13 7:3,4,25 8:9,12,16 9:4,9,11,23 10:2,5 10:10,15,19,20 11:19,25 12:4,13 13:22 15:10 19:13 21:14 23:6 24:5

**motions** 15:1

**movants** 22:20

**n**

**n** 4:1 6:1 24:1 25:1

**nancy** 2:6,13,20 3:5 6:23 17:7,10 21:3,4,8,9 24:10

**narrowly** 13:19 16:15

**necessary** 12:15

**necessity** 14:20

**need** 6:8 8:11

**new** 1:2,16,16 4:13,20 5:4,12,21 9:16,24 10:22 12:3 14:17,25 18:14,16,20 19:6 19:11 22:5

**newly** 12:8

**nj** 4:6

**non** 17:11

**northern** 22:4,13

**note** 15:7

**noted** 18:21

**notes** 10:9 11:19 13:9

**noting** 22:16

**number** 6:5

**ny** 4:13,20 5:4,12 5:21 25:25

**o**

**o** 1:23 6:1 25:1

**oath** 8:8

**object** 13:15

**objected** 7:9,23 12:9

**objection** 2:15 9:12,12,14,22 10:2,8,14,17,24 11:14,24 12:5 15:12,17 16:5 19:19 20:5

**obler** 2:6,13,20 3:5 6:23 8:3,8 15:16,16 17:7,11 21:4,4,8,9,19 24:10

**obler's** 8:14 12:20 16:20,22 17:16

**obtain** 11:9 16:7 19:14 20:4

**obtained** 8:1 20:17

**obtaining** 7:23 19:8 20:24

**offered** 14:9

**office** 5:18

**officer** 17:8

**old** 25:23

**once** 22:1

**operation** 14:5

**operations** 8:20 18:5

**opposes** 9:11

**opposition** 11:24

**oral** 2:5,12,19 3:4 6:21 8:14 12:10 16:16 24:9

**order** 2:2,9,16 3:1 6:18 7:18,22 8:7 8:15 10:24 11:2,7 11:21 12:2,13 13:7,10,17 14:14 20:11 24:6

**ordered** 7:24

**orders** 23:6

**organized** 11:3

**outset** 7:2

**outside** 17:19

**outweigh** 15:3 16:17

**p**

**p** 4:1,1 6:1

**page** 13:17 24:4

**pages** 15:14

**paragraph** 8:10 9:22 10:15,25 11:14,24 12:5,10 17:2 19:20 20:20

**paragraphs** 12:19 13:8 16:11

**part** 7:15 13:23

**parte** 7:2

**parties** 8:21 9:3 12:25 13:10,14,15 14:20 15:22 20:14 22:15

**partner** 13:1

**party** 7:15 12:16 17:11 18:11,17 20:23

**pasquale** 2:8

**pending** 22:7

**permits** 18:21

**permitted** 11:9 12:22 22:1,11

**perretti** 4:2

**person** 21:9

**peter** 15:16

**picture** 19:3

**plan** 14:8,10

**played** 8:3 21:21

**plaza** 4:4

**portrays** 9:24 13:2

**position** 16:25

**possesses** 7:17

**potential** 20:22

**precisely** 12:8

**preclude** 20:24

**prejudice** 13:10 13:14

**preliminary** 10:20

**prepared** 6:12

**present** 7:12

**preserved** 11:7

**previously** 18:21

**primary** 16:24

**principals** 15:17

**privilege** 16:10

**procedure** 2:3,10 2:17 3:2 6:20 7:19 14:3 20:3 22:3 24:7

**procedures** 17:25

**proceeding** 22:1

**proceedings** 23:11 25:4

**process** 20:17

**processes** 8:19

**produce** 7:11 8:6 8:8

**produced** 11:4,11 11:20 12:24 15:13 16:19 17:16 18:1

**producing** 12:9

**production** 2:4,11 2:18 3:4 6:21 14:23 15:14 24:8

**property** 8:24 13:25 14:7 18:23 19:9 20:11 22:25

**protections** 20:3
**provide** 16:23
  18:8
**provided** 7:14
  11:2,17
**provides** 13:23
  14:13
**providing** 15:21
**purpose** 19:2,8
  22:19
**purposes** 14:8
**pursuant** 2:2,9,16
  3:1 6:19 7:18 21:1
  22:2 24:6

**q**

**question** 11:21
**questions** 23:7

**r**

**r** 1:23 4:1 6:1 25:1
**raise** 11:21
**ranging** 9:21
**read** 13:18
**reads** 13:19
**real** 22:19,22
**really** 12:17
**reason** 23:3
**received** 11:23
  19:23
**reciprocal** 20:4
**record** 23:6 25:4
**recordkeeping**
  8:19
**records** 17:25
**refer** 6:14,16,23
  7:3,21
**referred** 9:12
**reflected** 8:25
**refused** 8:9 16:9
**regard** 11:19
**regarding** 18:1
**regards** 18:22
**related** 7:16 17:10
  17:12

**relating** 13:24,25
  14:5
**relationship** 9:17
  9:20 10:13 16:4
**relevance** 14:20
  14:22
**relevant** 12:21
  13:23 14:10 18:7
  21:15
**relief** 13:21 15:11
**renewed** 13:5
**reply** 2:25,25 9:14
  12:10,18,23 13:3
  13:8 16:11 17:1
  17:13 20:7,15,20
  20:25
**reported** 12:18
**reporting** 16:3
**reports** 8:25 18:1
**representative**
  17:9
**request** 8:9 11:18
  12:11,25 13:5
  16:12 17:4,5
  18:13 21:1 22:15
**requested** 8:6,17
  8:18 13:21 15:2
  17:14 20:24 21:23
  22:17
**requests** 15:7
  16:14 19:22
**require** 16:15
  17:5
**requirement**
  14:22
**requires** 8:13
**requiring** 14:23
**reservation** 13:18
**resources** 15:21
**respect** 7:5
**responding** 17:4
**response** 11:1,21
  12:25

**responsive** 11:18
**restated** 6:17
**result** 9:3,6 10:12
  20:14
**resulted** 8:22 9:4
  20:9,14
**reviewed** 11:23
**right** 6:2 7:6 11:7
  11:15 13:11,12,15
  18:25 23:7,8
**rights** 13:18
**riker** 4:2
**ripe** 10:13
**rivera** 5:23
**road** 25:23
**robes** 22:18
**rocco** 5:14
**role** 8:4,5 21:16
  21:21
**rpa** 17:24
**rule** 2:2,9,16 3:2
  6:6,12,19 7:1,4,18
  7:21 8:7 10:2,5,9
  10:15,24 11:1,6,7
  11:16,21 12:2,7
  12:13,14,22,25
  13:5,7,9,11,12,16
  13:16,23 14:3,11
  14:12 15:1 16:13
  18:11,21 19:2,16
  19:22,24 20:17
  21:25 22:10,14,16
  23:3,3 24:6
**rules** 2:2,10,17
  3:2 6:19 7:19 20:3
  22:3 24:6
**rulings** 24:3

**s**

**s** 4:1 5:6 6:1
**says** 11:15 15:20
  20:16
**scherer** 4:2

**schwartz** 4:8
**scope** 8:7 10:23
  12:2 22:16
**search** 16:15 17:5
**second** 6:25 12:4
**secured** 6:16
**see** 6:24 7:18 8:9
  9:4,9,11,15,21
  10:2,8,24 11:14
  11:24 12:5,10,18
  12:23 13:3,7,16
  14:3,15 15:5,12
  15:17 16:4,11
  17:1,13 18:13,18
  19:10,19 20:4,15
  20:20,24 22:3,12
**seek** 11:7,9,15
  13:11,12
**seeking** 6:6 10:19
  10:23 12:7,14
  18:4,9,11,12,17
  21:2,18 22:9,24
  23:4
**self** 16:10
**sent** 21:11
**separate** 11:3
**services** 17:23
**settled** 14:18
  18:10 21:25
**seventh** 5:3
**shed** 18:4
**show** 10:7 16:20
**showing** 11:17
  18:18
**sidley** 5:1
**significant** 14:14
**single** 16:16 17:5
**singled** 19:21
**situations** 18:10
**solutions** 25:22
**sought** 6:25 7:4
  9:21 14:21 15:11

**[source - york]**                                                          Page 8

**source** 14:6 16:24
**sources** 18:12
**south** 3:25 25:3,7
**southard** 4:10
**southern** 1:2
  14:17,25 18:14,20
  19:6
**special** 9:17
**specific** 11:13
**speedwell** 4:5
**states** 1:1,14
**stevens** 4:10
**strategy** 21:22
**street** 4:12 5:19
**stroock** 4:17,17
**submitted** 9:14
**subpoena** 2:4,11
  2:18 3:3 6:20 24:8
**subpoenaed** 16:9
**subpoenas** 7:20
**suddenly** 12:18
**sue** 20:7
**sufficient** 7:12
**sufficiently** 16:1
**suite** 5:20 25:24
**sunedison** 15:6
  18:19
**support** 2:8 3:1
  7:25 10:2,9 11:12
  17:23
**supporting** 20:22
**sure** 18:3
**sweeping** 19:22
**switch** 10:21 12:7
**systems** 17:25

**t**

**t** 16:19 25:1,1
**tailors** 16:15
**take** 6:8 15:23
**target** 22:9
**tarter** 5:9
**team** 8:4

**terminal** 21:3,7
**terms** 7:13 12:12
  18:21 19:18
**testify** 16:9
**testimony** 12:20
  16:7,23 18:3,9
**texaco** 18:13
**texas** 15:5
**text** 21:2,7
**thank** 6:9 23:9,10
**theory** 10:17
**thereof** 9:6
**thereunder** 14:14
**things** 7:5,25 18:2
**think** 23:7
**third** 8:21 12:16
  12:25 17:11 20:23
  22:15
**thousands** 15:20
**time** 6:11,25
  15:21
**today** 23:8
**trading** 13:1
**transaction** 7:15
  7:16 11:3,11
**transactions** 7:6
  7:13 8:20 10:6,13
  11:4
**transcribed** 3:25
**transcriber** 25:8
**transcript** 25:3
**transmar** 1:7 6:4
  7:7,7 9:20 10:6
  15:15,22
**transmar's** 7:7
  17:19
**transmargroup.c...**
  21:13
**transparent** 19:14
**tries** 22:17
**trucking** 22:12
**true** 25:4

**trustee** 5:17
**twice** 19:22
**two** 17:23
**type** 13:6

**u**

**u.s.** 1:25 5:16,17
  5:18
**ultimate** 22:10
**uncertain** 19:18
**underlying** 19:2
**undisputed** 17:18
**unduly** 15:11
  16:13 17:15 18:7
**unique** 9:19
**uniquely** 9:19
**united** 1:1,14
**unnecessary**
  15:12 16:14
**unquestionably**
  12:21
**urgent** 8:11
**usa** 2:3,11,18,25
  6:14 24:7
**utilize** 22:9

**v**

**value** 8:24 20:10
**varick** 5:19
**velez** 5:23
**veritext** 25:22
**versus** 19:4
**viable** 9:2 20:13
**voluntarily** 8:6,8

**w**

**wants** 16:2
**way** 19:15 21:23
**weighing** 14:20
**went** 12:18
**west** 4:12
**whereabouts** 19:4
**wide** 9:21
**winters** 4:10

**witnesses** 16:8

**x**

**x** 1:3,12 24:1

**y**

**york** 1:2,16,16
  4:13,20 5:4,12,21
  14:17,25 18:15,16
  18:20 19:6,11
  22:5