Ryan J. Works (NSBN 9224)
Jimmy F. Dahu (NSBN 17061)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
jdahu@mcdonaldcarano.com

*Attorneys for Non-Party Citadel Securities LLC*

Michael R. Hogue, Esq. (NSBN 12400)
10845 Griffith Peak Drive, Suite 600
GREENBERG TRAURIG, LLP
Las Vegas, NV 89135
Telephone: (702) 938-6909
Email: hoguem@gtlaw.com

*Attorneys for Non-Party Anson Funds Management LP*

Jarrod L. Rickard, Esq. (NSBN 10203)
SEMENZA RICKARD LAW
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Email: jlr@semenzarickard.com

*Attorneys for Non-Party Virtu Financial, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS, INC.,<br><br>Debtor. | Case No.: 24-50792-hlb<br>Chapter 7<br><br>**DECLARATION OF PETER H. FOUNTAIN REGARDING MEET AND CONFER EFFORTS PURSUANT TO LOCAL RULE 7037(A) OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**<br><br>**Hearing Date: TBD**<br>**Hearing Time: TBD** |

I, Peter H. Fountain, declare as follows:

1.  I am an attorney at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP and am a member in good standing of the State Bar of New York. I am counsel for Non-Party Citadel

-1-

Securities LLC ("Citadel Securities") in this matter.

2. My application for *pro hac vice* admission before this Court is forthcoming.

3. I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify as to those facts.

4. I submit this declaration concerning Citadel Securities' meet and confer efforts under Local Rule 7037(a) of the United States Bankruptcy Court for the District of Nevada ("Rule 7037") undertaken prior to filing of Non-Parties' Citadel Securities, Anson Funds Management LP, and Virtu Financial, LLC's Motion to Quash and/or for a Protective Order ("Motion").

5. On April 29, 2025, I contacted counsel for Trustee Christina Lovato (the "Trustee") regarding two subpoenas received by Citadel Securities. I explained that Citadel Securities was not properly served with the subpoenas, and proposed a response date the subpoenas. A true and correct copy of this correspondence is attached as Exhibit 8 to the Motion.

6. On May 5, 2025, counsel for the Trustee proposed a call to discuss Citadel Securities' concerns and an extension of the response date. *Id.* I then provided my availability for a call. *Id.*

7. On May 15, 2025, I met and conferred with the Trustee's counsel regarding two subpoenas received by Citadel Securities. True and correct copies of the document requests in these subpoenas are attached as Exhibits 1 & 2 to the Motion. On May 16, 2025, I wrote to the Trustee's counsel to memorialize the meet and confer discussion. A true and correct copy of my email memorializing that discussion is attached as Exhibit 8 to the Motion.

8. On May 22, 2025, in response to my email memorializing the discussion of our meet and confer, the Trustee's counsel declined again to answer questions about the subpoenas, stating that the Trustee "has served many subpoenas on many parties involved in trading Meta securities" and that "every party will have different data and documents." *Id.* The Trustee's counsel also refused to provide information concerning the relevance of the requested information on the grounds doing so would "intrude[] on attorney-client privilege and our work product." *Id.*

9. On May 30, 2025, on behalf of Citadel Securities, I agreed to accept service of the subpoenas by email and on June 13, 2025, Citadel Securities timely served its Responses and Objections ("R&Os") to the subpoenas. *Id.* A true and correct copy of Citadel Securities' R&Os to

the subpoena is attached as Exhibit 7 to the Motion.

10. On July 17, 2025, Trustee's counsel acknowledged receipt of Citadel Securities' R&Os and asked for a call pursuant to Rule 7037 to satisfy its meet and confer obligations "before the Trustee moves to compel in the bankruptcy court." Ex. 8 to the Motion.

11. On July 22, 2025, I responded by emailing, reiterating that Citadel Securities was open to conferring about these issues and proposed a meet and confer on July 25, 2025 to determine whether there was a path forward that would address Citadel Securities' concerns. *Id.*

12. On July 24, 2025, the Trustee's counsel replied, explaining they were not available for a meet and confer on the proposed date and that they intended to provide "written responses to the points made in [Citadel Securities'] Responses and Objections." *Id.* The Trustee's counsel reiterated their intention to "promptly move to compel" should an agreement not be reached. *Id.*

13. On July 30, 2025, I followed up with the Trustee to schedule a meet and confer and to inquire after the written responses the Trustee intended to send.

14. On July 31, 2025, in advance of the upcoming meet and confer, the Trustee's counsel sent an email to me in which it disclosed that it was investigating manipulation of the Debtor's stock, which, they claimed "may be due in part to spoofing and shorting by third parties such as Citadel [Securities], which is what the Trustee is investigating." *Id.* The Trustee's counsel then asserted that Rule 2004 is often used for "pre-litigation discovery" in these cases. *Id.*

15. On August 1, 2025, I met and conferred with the Trustee's counsel in an attempt to resolve our disputes.

16. On August 5, 2025, I send an email memorializing the meet and confer and informed the Trustee's counsel by email that Citadel Securities continued to have concerns regarding the subpoenas, confirming the parties had reached an impasse.

17. As set forth above and in the Exhibits referenced herein, Non-Party Citadel Securities has made a good-faith attempt to meet and confer with the Trustee to resolve its objections to the subpoenas, but was unsuccessful in resolving the parties' dispute before seeking court intervention.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct to the best of my knowledge.

1  Executed on this 5th day of August, 2025, in New York, New York.

/s/ *Peter H. Fountain*
Peter H. Fountain
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
peterfountain@quinnemanuel.com

*Attorney for Non-Party Citadel Securities LLC*