**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re

META MATERIALS, INC.,

Debtor.

Case No.: 24-50792-hlb
(Chapter 7)

**DECLARATION OF BARRY S. GOLD**
**REGARDING MEET AND CONFER EFFORTS**
**PURSUANT TO LOCAL RULE 7037(A) OF**
**THE UNITED STATES BANKRUPTCY**
**COURT FOR THE DISTRICT OF NEVADA**

I, Barry S. Gold, declare as follows:

1.      I am an attorney at the law firm of Davis Wright Tremaine LLP and am a member in good standing of the State Bar of New York.  My firm is counsel for Non-Party Virtu Financial, LLC ("Virtu").

2.      I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify as to those facts.

3.      I submit this declaration to verify the parties' meet and confer efforts under Local Rule 7037(a) of the United States Bankruptcy Court for the District of Nevada ("Rule 7037") prior to filing of Non-Parties' Citadel Securities, Anson Funds Management LP, and Virtu Financial, LLC's  Motion to Quash and/or for a Protective Order.

4.      On or about March 26, 2025, Virtu's registered agent received two subpoenas from Trustee Christina Lovato (the "Trustee") – a Subpoena for Rule 2004 Examination and a Subpoena to Produce Documents.  The Subpoenas directed Virtu to produce documents relating to Citadel Securities LLC ("Citadel"), *not* documents relating to Virtu.  On April 29, 2025, Virtu served written responses and objections to the Subpoenas including an objection based on the fact that the requests sought Citadel documents, not Virtu documents.  Virtu indicated its willingness to meet and confer with the Trustee's counsel.  A true and correct copy of the responses and objections is attached as

1 | Exhibit A.

2 |      5.     On May 5, 2025, the Trustee's counsel, David Burnett, emailed me asking to
3 | schedule a call to discuss Virtu's responses and objections. A true and correct copy of the email is
4 | attached as Exhibit B. On May 8, 2025, I responded via email offering certain dates and times to
5 | meet and confer. Mr. Burnett responded via email on May 9, 2025. The email (i) set forth the
6 | dates/times he would be available to meet and confer, (ii) asked his co-counsel to respond with their
7 | availability, (iii) attached a draft protective order, and (iv) asked for Virtu's comments to the draft
8 | protective order. As Mr. Burnett's co-counsel did not respond with their availability, we did not
9 | meet and confer on any of the dates and times I proposed. Mr. Burnett then followed up with an
10 | email on May 22, 2025 seeking to restart the process of scheduling a meet and confer. A true and
11 | correct copy of this email chain is attached as Exhibit C.

12 |      6.     The parties met and conferred on May 30, 2025. During that conference, the
13 | Trustee's counsel stated that the Trustee would be serving a "replacement" list of document requests
14 | for the two Subpoenas. On June 2, 2025, Mr. Burnett sent an email attaching the revised document
15 | requests, along with the two previously served Subpoenas. A true and correct copy of the email is
16 | attached as Exhibit D. On June 6, 2025, I replied to Mr. Burnett's email, stating that we would
17 | accept service of the new subpoena "with the understanding that the new subpoena replaces the
18 | initially-served subpoena and starts anew the time limits for responding to a subpoena set forth in
19 | FRCP 45." I also explained why the proposed protective order he sent was not workable and asked
20 | him to "make the necessary revisions and resend for our review." Mr. Burnett responded via email
21 | on June 10, 2025 questioning why the Trustee's "replacement" list of document requests should
22 | require service of a new subpoena, whether Virtu intended to serve new responses and objections
23 | and, if so, why Virtu should require another 14 day period to respond. Mr. Burnett also attached to
24 | his email a revised draft protective order. I responded by email the following day, June 11, 2025,
25 | reiterating Virtu's position that it understood the Trustee would be serving a new subpoena that
26 | would start the response time anew and it was on that basis that we had agreed to accept service.
27 | Mr. Burnett responded on June 12, 2025 attaching new Subpoenas with new response dates and
28 | agreeing to a June 26, 2025 response date. I responded via email on June 13, 2025 confirming the

1    parties' agreement.  A true and correct copy of this email chain is attached as Exhibit E.

2    7.    On June 26, 2025, Virtu served its responses and objections to the two new

3    Subpoenas and invited Mr. Burnett to call to discuss the responses and objections.  A true and correct

4    copy of the responses and objections is attached as Exhibit F.  Mr. Burnett responded via email more

5    than a week later on July 3, 2025 seeking clarification regarding Virtu's responses and objections.

6    I responded by email on July 10, 2025 proposing that we schedule a meet and confer.  Mr. Burnett

7    responded via email a week later on July 17, 2025 seeking further clarification and proposing

8    dates/times for a meet and confer.  On July 21, 2025, I emailed Mr. Burnett to schedule the meet

9    and confer.  Attached to my email was the draft protective order he had sent with our comments on

10    the draft.  On July 22, 2025, Mr. Burnett sent an email scheduling the meet and confer for July 25,

11    2025.  A true and correct copy of this email chain is attached as Exhibit G.

12    8.    On July 25, 2025, the parties met and conferred regarding the new Subpoenas and

13    Virtu's responses and objections.  Among other things, I asked if the Trustee would limit her

14    requests – either the nature of the documents sought or the date range – so as to make responding

15    less burdensome.  The Trustee's counsel responded they could not limit the requests.

16    9.    I also asked why it was appropriate for the Trustee to proceed under Bankruptcy Rule

17    2004.  The Trustee's counsel responded by quoting Rule 2004 and stating that the alleged stock

18    manipulation affected the financial condition of the debtor as it caused the debtor to go into

19    bankruptcy.  I said that even if that was true, I did not understand those circumstances to satisfy the

20    "financial condition of the debtor" requirement of Rule 2004.  I also asked why the use of Rule 2004

21    was appropriate as it appeared the Trustee had already decided to sue Virtu – inasmuch as the estate

22    had already obtained $11 million in litigation funding and conducted a substantial investigation in

23    which supposedly identified trading of 147 million shares affected by spoofing.  The Trustee's

24    counsel responded that the Trustee had not made any such decision and referenced two different

25    cases allegedly supporting the Trustee's use of Rule 2004.  The Trustee's counsel said they would

26    send me those decisions right away.  I then asked why proceeding under Rule 45 of the Federal

27    Rules of Civil Procedure (the document Subpoena) was appropriate and they demurred, saying they

28    would leave that question for bankruptcy counsel to answer.

10. I then asked why they believed they needed 4 ½ years of trading records if they had already identified particular orders they believe to be baiting orders. They responded that this is what their experts stated they need, that they have only been able to search certain publicly-available data and therefore cannot possibly know if they have captured all of the allegedly suspect trades, and that the date range of their requests should not matter to Virtu as all it should have to do to produce the requested documents is "push a few buttons" (which is demonstrably false).

11. In short, the parties were not able to resolve the issues during the July 25, 2025 meet and confer. However, I said I looked forward to receiving the decisions the Trustee's counsel said they would send on the Rule 2004 issues. On July 29, 2025, Mr. Burnett sent an email that, among other things, incorrectly stated that Virtu has not "meaningfully engage[d] with the requests." The history described above shows that to be patently untrue. The email further purports to explain the legal basis for the Trustee proceeding under Rule 2004 but, in fact, it offers little more than general statements regarding the Rule. Attached to the email is a motion in an entirely different bankruptcy case seeking an order under Rule 2004 authorizing document discovery and the order granting the motion. This is apparently one of the two decisions the Trustee's counsel referenced in the July 25, 2025 meet and confer. (Although the Trustee's counsel mentioned two different decisions, only one was attached to the email.) In addition to being unopposed, the facts underlying the motion in that case are wholly inapposite to the facts here – apples and oranges. In short, the decision offers zero support for the Trustee's assertion that Rule 2004 can be used here. A true and correct copy of the July 29, 2025 email is attached as Exhibit H.

12. On July 30, 2025, my colleague, Michael Rella, emailed Mr. Burnett informing him that we would review the attachments he sent with his July 29, 2025 email (regarding their position on the applicability of Rule 2004) and respond to him by early the week of August 4, 2025. Mr. Rella also responded to the (false) allegations in Mr. Burnett's email. Later that day, Mr. Burnett sent an email responding to Mr. Rella's email. A true and correct copy of this email chain is attached as Exhibit I.

13. Based on the foregoing, Non-Party Virtu has made a good-faith attempt to meet and confer with the Trustee to resolve its objections to the subpoenas.

1       I declare under penalty of perjury under the laws of the State of New York that the

2 foregoing is true and correct to the best of my knowledge.

3       Executed on this 31st day of July, 2025, in New York, New York.

4

5                            _____

6                                BARRY S. GOLD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Barry S. Gold**
tel: (212) 880-3978
fax: (212) 880-3998

barrygold@dwt.com

April 29, 2025

<u>**Via Email**</u>

Clayton P. Brust, Esq.
Robison, Sharp, Sullivan & Brust
71 Washington Street
Reno, Nevada 89503
Email: cbrust@rssblaw.com

>       **Re:**    ***In re Meta Materials Inc., Debtor***
>                  <u>**Bankr. Ct. D. Nev. - Case No. 24-50792-hlb**</u>

Dear Mr. Brust:

We represent Virtu Financial, LLC ("Virtu") in connection with the two Subpoenas  – (1) to Produce Documents and (2) for Rule 2004 Examination – you issued as counsel to Trustee Christina Lovato in the above-referenced bankruptcy proceeding. This letter constitutes Virtu's written objections and responses to the Subpoena to Produce Documents (the "Subpoena") pursuant to the Federal Rules of Bankruptcy Procedure. Per your March 18, 2025 letter, it is Virtu's preference that we meet and confer regarding the Subpoena with the expectation that the outcome will be that there will be no need for a Rule 2004 Examination. In the meantime, Virtu objects and reserves all its rights with respect to the Subpoena for Rule 2004 Examination.

Virtu's response below is with respect to the Subpoena.

## **RESERVATION OF RIGHTS**

1.      As a non-party, Virtu may not be aware of all appropriate and necessary objections. Virtu expressly reserves the right to amend, expand, or delete any part of the objections stated herein at any time. Virtu reserves the right to object to the admission in evidence of any of the information or documents provided in response to the Subpoena on any ground including, but not limited to, the ground that any such information or document is irrelevant to the issues in this bankruptcy proceeding (the "Proceeding"). Virtu reserves its right to rely on a fact, document, or other evidence that may develop or which may come to its attention at a later time.

2.      Virtu reserves the right to object to the use (for any purpose) of these objections or any information or document that Virtu produces or provides pursuant to the Subpoena.

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4910-6350-4700v.1 0120140-000042

Clayton P. Brust, Esq.
April 29, 2025
Page 2

Virtu reserves the right to interpose any such objection at any time or as required by the Federal
Rules of Bankruptcy Procedure, any applicable Local Rule, any applicable court rule, as well as
other applicable statutory provisions, rules, caselaw, and court orders (the "Applicable Rules").

      3.      Virtu reserves the right not to produce documents to the extent that the Requests,
including the Definitions and Instructions contained therein, (a) are overly broad, unduly
burdensome, and/or call for documents or information that is obtainable from some other source
that is more convenient, less burdensome, or less expensive; (b) are vague, ambiguous,
duplicative, cumulative, do not identify with reasonable particularity the information sought, or are
otherwise incomprehensible; (c) call for production of documents or information that are neither
relevant nor reasonably calculated to lead to the discovery of admissible evidence; (d) seek to
impose obligations on Virtu beyond, or inconsistent with, those required by the Applicable Rules;
(e) purport to seek documents or information not in Virtu's possession, custody, or control; (f)
impose an unwarranted and undue burden on Virtu, a non-party in this Proceeding, or (g) call for
the production of publicly available documents or information, or documents or information to
which the Trustee has equal or better access, and thus for which the burden on Virtu is equal to or
greater than that of the Trustee in obtaining the requested documents and/or information.

      4.      To the extent Virtu is required to produce any documents in response to the
Subpoena, it will not do so unless and until an appropriate Stipulation and Order governing the
production of possible Confidential and Highly Confidential Information is entered into by the
parties and So Ordered by the Court.

      5.      Virtu does not admit the truth of any purported fact contained in the Subpoena,
and no response by Virtu shall be deemed an admission of any such fact or waiver of any right
to contest any such fact at an appropriate time.

      6.      Any information produced by Virtu pursuant to the Subpoena is produced
without conceding the information's relevance or its admissibility, authenticity, or probative
value.

      7.      Virtu reserves the right to obtain reimbursement for any cost or expense incurred
in connection with the Subpoena, though reimbursement of cost and expense alone does not
diminish the burden imposed by the Subpoena.

      8.      Virtu has not completed its evaluation of the Subpoena, and these objections
and responses are based only on information currently known by Virtu. Virtu reserves the
right to supplement or otherwise amend any response or objection based on the results of its
continuing evaluation.

## OBJECTIONS

      Virtu makes the following General Objections to the Requests and incorporates them into
its responses to each and every Request, whether or not specifically stated in the individual
response. An assertion of the same, similar, or additional objections in response to a specific

Clayton P. Brust, Esq.
April 29, 2025
Page 3

Request does not waive any of these General Objections as to that or any Request. Virtu's failure to object to a specific Request on any particular ground shall not be construed as a waiver of its right to object on any ground.

      1.     Virtu objects to the Subpoena's Definitions, Instructions and Requests to the extent they seek to impose obligations on Virtu in excess of what is required under the Applicable Rules. Virtu's responses to the Requests are on behalf of Virtu only and will be limited to documents or information currently available to Virtu. To the extent Virtu is required to produce any documents, it will not search for, collect, or produce documents in the possession of Virtu's attorneys or other third parties, including parents, affiliates and subsidiaries.

      2.     Virtu objects to any Request seeking the production of "all" messages (Request Nos. 1-3), "all" communications (Request No. 4) or "all" records of position (Request No. 5) on the ground that it is overly broad and unduly burdensome, particularly in the context of electronically stored information. Virtu cannot ensure that it has located every message, communication, or record of position responsive to a particular Request. Subject to the General Objections and any qualifications below, with respect to any Request seeking "all" messages, communications, and/or records of position and to the extent Virtu is required to produce responsive documents, Virtu will produce the responsive, non-privileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith. Specifically, if required to produce responsive documents, Virtu will conduct a reasonable and good faith search for documents in the files of key custodians that it has identified as the most likely to have information responsive to the Subpoena and, with respect to electronic information, reserves the right to and will apply date restrictions and search terms before reviewing documents for responsiveness.

      3.     Each of the five Requests seeks production of documents relating to Citadel's involvement in trading of shares of Meta and/or MMTLP. Request No. 1 seeks production of documents "relating to the routing of orders of any type for shares Meta and/or MMTLP . . . received from client broker-dealer of Citadel and sent to client broker-dealers of Citadel." Request No. 2 seeks production of documents "relating to the routing of orders of any type for shares Meta and/or MMTLP . . . routed to an exchange or off-exchange trading venue on behalf of a client broker-dealer of Citadel and received from an exchange or off-exchange trading venue on behalf of a client broker-dealer of Citadel." Request No. 3 seeks production of documents "relating to the routing of orders of any type for shares Meta and/or MMTLP . . . routed to an exchange or off-exchange trading venue on behalf of Citadel and received from an exchange or off-exchange trading venue on behalf of Citadel." Request No. 4 seeks production of documents "related to locating, securing, borrowing, and delivering shares of Meta and/or MMTLP, including records of instances where Citadel failed to deliver (FTD) shares of Meta and/or MMTLP and records of how Citadel rectified the outstanding FTDs." Request No. 5 seeks production of documents "representing Citadel's position in Meta and/or MMTLP, including tallies of shares sold short that were located and/or successfully borrowed as well as shares sold short that were not located and/or successfully borrowed (e.g. the position corresponding to naked short sales), produced at the frequency such data was recorded)." Virtu objects to requests for documents regarding orders and trading related to another entity – Citadel – and states that

Clayton P. Brust, Esq.
April 29, 2025
Page 4

the Trustee should request such documents and information from Citadel, as Citadel's documents
and trading records are not within Virtu's possession, custody, or control.

4.     Virtu objects to the Requests to the extent they seek trading-related information
regarding the purchasers and sellers of Meta and/or MMTLP. That information can be obtained
directly from the broker-dealers who interacted directly with the purchasers and sellers. Virtu
should not be burdened searching for documents and information that the Trustee can obtain
more easily from the broker-dealers.

5.     Virtu objects to the Requests to the extent they seek discovery of information that is
protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any
other applicable privileges, immunities, or exceptions. To the extent Virtu is required to produce
any documents, it will only produce non-privileged documents. Nothing contained in these
responses – including, but not limited to, any inadvertent production of documents or materials – is
intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, work-
product doctrine, and/or any other applicable privileges, immunities, or exceptions.

6.     Virtu objects to the Requests to the extent they call for the production of
documents outside of Virtu's possession, custody, or control and, therefore, are overly broad and
unduly burdensome.

7.     Virtu objects to the Requests to the extent they purport to require disclosure by
Virtu of irrelevant and/or private information.

8.     Virtu objects to the Requests to the extent they seek the production of
confidential, commercially sensitive, proprietary, and/or trade secret information prior to the
entry of a Stipulation and Order governing the production of Confidential and Highly
Confidential Information in this Proceeding.

9.     Virtu objects to the Requests to the extent they would require Virtu to draw a
legal conclusion to make a proper response.

10.     Virtu's responses to the Requests are made without in any way waiving or
intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged
status, or admissibility as evidence, for any purpose, of any documents or information provided in
response to the Requests; or (b) the right to object on any ground at any time to a demand for
further responses to the Requests.

11.     Virtu objects to any factual assumptions, implications, and explicit or implicit
characterizations of facts, events, circumstances, or issues in the Requests. Virtu's responses are
not intended to mean that Virtu agrees with any factual assumptions, implications, or any explicit
or implicit characterization of facts, events, circumstances, or issues in the Requests.

12.     Virtu objects to the "time frame" purporting to govern the Requests on the grounds
that the time period is overly broad, unreasonable, unduly burdensome and harassing (in that it will

4910-6350-4700v.1 0120140-000042

Clayton P. Brust, Esq.
April 29, 2025
Page 5

entail production costs and burdens that would far outweigh any likely benefit or probative value); inconsistent with the Applicable Rules; and because it would require production of documents and information neither relevant to the subject matter involved in this Proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Subpoena purports to require Virtu to search for and produce material from an overly broad and unduly burdensome nearly four-year time period, which begins almost five years ago (September 21, 2020 through August 7, 2024). This is particularly true inasmuch as it is Virtu's understanding that the Meta and/or MMTLP shares at issue traded only during the period October 2021 – December 2022,

13.     Virtu objects to Definition No. 3 ("ESI") to the extent it imposes obligations inconsistent with the Applicable Rules, including without limitation, to the extent it purports to require Virtu to (a) perform anything more than a reasonable and diligent search of ESI, including without limitation, applying reasonable search terms to any relevant universe of ESI; (b) provide documents maintained only in electronic or digital form on backup tapes, servers, or other similar archival media that would be unreasonable as well as unduly burdensome and expensive to search; (c) produce documents without allowing removal of exact duplicate documents or deduplicating emails to produce only the most complete iteration of an email chain; (d) produce documents, including ESI, in a specified format; and/or (e) provide all of the metadata associated with the document.

14.     Any indication that Virtu will produce documents in response to a Request is not intended as a representation by Virtu that such documents exist or that any such documents are in Virtu's possession, custody, or control.

15.     Virtu objects to the Subpoena on the basis that the Trustee lacks standing to seek documents to support potential claims by third-parties, including but not limited to shareholders of MMTLP, as MMTLP does not have standing to bring claims for potential losses that MMTLP shareholders allegedly sustained or to seek documents to support such claims. Virtu further objects to the extent that the Subpoena was issued for an improper purpose to the extent that it seeks documents in a bankruptcy proceeding in an attempt to support potential third-party claims that could only be brought in a separate proceeding. Virtu will not produce any documents in furtherance of a fishing expedition seeking to manufacture baseless claims.

16.     The responses set forth above are based upon information presently known to Virtu and Virtu reserves the right at any time to supplement, amend, revise, add to, correct, and/or clarify its responses and objections as additional knowledge or information makes such action appropriate. Should Virtu at any time supplement or amend its responses to these Requests, by agreement or otherwise, Virtu expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment.

The foregoing Objections apply to each of the specific Requests. If Virtu has possession, custody, or control of non-privileged documents responsive to those requests, it is withholding them at this time on the basis of these objections.

Clayton P. Brust, Esq.
April 29, 2025
Page 6

Please do not hesitate to call me to discuss Virtu's objections to the Subpoena.

Very truly yours,

Davis Wright Tremaine LLP

Barry S. Gold

# Exhibit B

**Gold, Barry**

| | |
|---|---|
| **From:** | David D. Burnett <dburnett@schneiderwallace.com> |
| **Sent:** | Monday, May 5, 2025 5:01 PM |
| **To:** | Gold, Barry; Rella, Michael |
| **Cc:** | Stephen W. Tountas; Ryan R. C. Hicks; cbrust@rssblaw.com |
| **Subject:** | Re: In re Meta Materials, Debtor - Subpoena to Virtu |

[EXTERNAL]

Mr. Gold:

I'm following up on your email below to my colleague Clay regarding the Trustee's subpoenas to Virtu in this case. We're contacting you on behalf of the Trustee. My colleagues and I, copied, would like to schedule a call this week to discuss your April 29 objection letter. Please let us know your availability Wednesday through Friday. We'd like to discuss the requests and map out a plan for Virtu to produce responsive materials, starting with trade data. We believe the parties should be able to find common ground.

By the way, per one of the objections in your letter: the references to Citadel in the subpoenas are in error. They should have referred to Virtu in each instance. Also, there is no applicable protective order in place yet but we can send you a proposed one.

Thanks,
David

> Begin forwarded message:



SCHNEIDER WALLACE
COTTRELL KONECKY LLP

**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free: (800) 689-0024
Direct: (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com
***Admitted in New York and District of Columbia.***

**From:** "Gold, Barry" <BarryGold@dwt.com>
**Subject: In re Meta Materials, Debtor - Subpoena to Virtu**
**Date:** April 29, 2025 at 12:59:18 PM PDT
**To:** "cbrust@rssblaw.com" <cbrust@rssblaw.com>
**Cc:** "Rella, Michael" <MichaelRella@dwt.com>

# Mr. Brust:

Please see the attached. Thank you.



**Barry Gold**   He/Him/His
**Of Counsel** | Davis Wright Tremaine LLP
P 212.880.3978  C 347.949.2054  E barrygold@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

**DWT.COM**

in

# Exhibit C

## Gold, Barry

| | |
|---|---|
| **From:** | David D. Burnett <dburnett@schneiderwallace.com> |
| **Sent:** | Thursday, May 22, 2025 12:41 PM |
| **To:** | Gold, Barry; Rella, Michael |
| **Cc:** | Stephen W. Tountas; Ryan R. C. Hicks; cbrust@rssblaw.com; James Wes Christian; Jeffrey L. Hartman |
| **Subject:** | Re: In re Meta Materials, Debtor - Subpoena to Virtu |
| **Attachments:** | In re Meta Materials Virtu protective order -- May 9 draft.docx |

**[EXTERNAL]**

Barry:

I'm following up about a meet and confer regarding the Trustee's subpoenas. Please advise your availability for a call tomorrow or next week. I've copied my colleagues who also represent the trustee.

Also, let us know if the attached proposed protective order is ok. The bankruptcy judge in this case, Judge Hilary Barnes, just so-ordered a nearly-identical protective order with another subpoena recipient.

David

 SCHNEIDER WALLACE
COTTRELL KONECKY LLP

David D. Burnett
Attorney at Law
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free: (800) 689-0024
Direct: (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com
*Admitted in New York and District of Columbia.*

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Friday, May 09, 2025 12:43 PM
**To:** Gold, Barry <BarryGold@dwt.com>; Rella, Michael <MichaelRella@dwt.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; cbrust@rssblaw.com <cbrust@rssblaw.com>
**Subject:** Re: In re Meta Materials, Debtor - Subpoena to Virtu

Barry:

Within your time windows, I'm free Tuesday from 1:30 to 4 and your whole period Thursday, 10:30-1:45. I'll let my colleagues chime in.

I've attached a proposed protective order to govern Virtu's future productions in response to the subpoenas. Let us know if you have any edits.

David

 SCHNEIDER WALLACE
COTTRELL KONECKY LLP

David D. Burnett
Attorney at Law
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:     (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

***Admitted in New York and District of Columbia.***

**From:** Gold, Barry
**Sent:** Thursday, May 08, 2025 12:21 PM
**To:** David D. Burnett; Rella, Michael
**Cc:** Stephen W. Tountas; Ryan R. C. Hicks; cbrust@rssblaw.com
**Subject:** RE: In re Meta Materials, Debtor - Subpoena to Virtu

Notice: This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David:

Thanks for reaching out.  We are free for a call next Tuesday 12-4 and Thursday 10:30-1:45.  Please let us know what works for you.

**Barry Gold**   He/Him/His
**Of Counsel,** Davis Wright Tremaine LLP

P 212.880.3978  C 347.949.2054  E barrygold@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
DWT.COM

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Monday, May 5, 2025 5:01 PM
**To:** Gold, Barry <BarryGold@dwt.com>; Rella, Michael <MichaelRella@dwt.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; cbrust@rssblaw.com
**Subject:** Re: In re Meta Materials, Debtor - Subpoena to Virtu

**[EXTERNAL]**

Mr. Gold:

I'm following up on your email below to my colleague Clay regarding the Trustee's subpoenas to Virtu in this case. We're contacting you on behalf of the Trustee. My colleagues and I, copied, would like to schedule a call this week to discuss your April 29 objection letter. Please let us know your availability Wednesday through Friday. We'd like to discuss the requests and map out a plan for Virtu to produce responsive materials, starting with trade data. We believe the parties should be able to find common ground.

By the way, per one of the objections in your letter: the references to Citadel in the subpoenas are in error. They should have referred to Virtu in each instance. Also, there is no applicable protective order in place yet but we can send you a proposed one.

Thanks,
David

       Begin forwarded message:



David D. Burnett
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free: (800) 689-0024
Direct: (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

*Admitted in New York and District of Columbia.*
**From:** "Gold, Barry" <BarryGold@dwt.com>
**Subject: In re Meta Materials, Debtor - Subpoena to Virtu**
**Date:** April 29, 2025 at 12:59:18 PM PDT
**To:** "cbrust@rssblaw.com" <cbrust@rssblaw.com>
**Cc:** "Rella, Michael" <MichaelRella@dwt.com>

Mr. Brust:

Please see the attached. Thank you.



**Barry Gold**   He/Him/His
**Of Counsel | Davis Wright Tremaine LLP**
P 212.880.3978  C 347.949.2054  E barrygold@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

DWT.COM

in

# Exhibit D

## Gold, Barry

| | |
|---|---|
| **From:** | David D. Burnett <dburnett@schneiderwallace.com> |
| **Sent:** | Monday, June 2, 2025 8:57 PM |
| **To:** | Gold, Barry; Rella, Michael |
| **Cc:** | Stephen W. Tountas; Ryan R. C. Hicks; Clay Brust; James Wes Christian; Jeff Hartman |
| **Subject:** | Re: In re Meta Materials, Debtor – Subpoena to Virtu |
| **Attachments:** | P-Subpoena for Rule 2004 Exam - Virtu.pdf; P-Subpoena to Produce - Virtu.pdf; Virtu subpoenas revised document requests 6-2-25.docx |

[EXTERNAL]

Barry and Michael:

Nice to speak with you on Friday. As discussed, I've attached a replacement "Items to be Produced" (list of document requests) for the two Virtu subpoenas, also reattached for reference. The attached requests completely replace the requests in the current subpoenas. We've included supplemental instructions to go with the replacement requests. As discussed, please confirm by this Friday whether Virtu will accept email service of the subpoenas and the replacement document requests and supplemental instructions, in lieu of formal service, since we have already been corresponding about these. I'll note that you didn't object to service in your April 29 objections letter.

As also discussed, please also let us know by Friday if you have any comments or edits on the proposed protective order we sent you.

Best,
David


 SCHNEIDER WALLACE
COTTRELL KONECKY LLP

**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free: (800) 689-0024
Direct: (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

*\*Admitted in New York and District of Columbia.*

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Wednesday, May 28, 2025 10:49 AM
**To:** Gold, Barry <BarryGold@dwt.com>; Rella, Michael <MichaelRella@dwt.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>;
cbrust@rssblaw.com <cbrust@rssblaw.com>; James Wes Christian <jchristian@christianattarlaw.com>;

Jeffrey L. Hartman <jlh@bankruptcyreno.com>
**Subject:** Re: In re Meta Materials, Debtor - Subpoena to Virtu

Barry:

Yes, we can do 1 pm Eastern on Friday. I can circulate a Teams invite.

David

 SCHNEIDER WALLACE
COTTRELL KONECKY LLP

**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:    (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

***Admitted in New York and District of Columbia.***

**From:** Gold, Barry <BarryGold@dwt.com>
**Sent:** Tuesday, May 27, 2025 5:13 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>; Rella, Michael <MichaelRella@dwt.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>;
cbrust@rssblaw.com <cbrust@rssblaw.com>; James Wes Christian <jchristian@christianattarlaw.com>;
Jeffrey L. Hartman <jlh@bankruptcyreno.com>
**Subject:** RE: In re Meta Materials, Debtor - Subpoena to Virtu

Notice: This email originated from outside of the organization. Please use caution before opening any attached file you did not
expect from the sender. Contact support@langtech.com if in doubt.

David:

We are free this Friday 12-4:30.  Please let us know if that works for you.

**Barry Gold**  He/Him/His
**Of Counsel,** Davis Wright Tremaine LLP

P 212.880.3978  C 347.949.2054  E barrygold@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Thursday, May 22, 2025 12:41 PM

**To:** Gold, Barry <BarryGold@dwt.com>; Rella, Michael <MichaelRella@dwt.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; cbrust@rssblaw.com; James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey L. Hartman <jlh@bankruptcyreno.com>
**Subject:** Re: In re Meta Materials, Debtor - Subpoena to Virtu

[EXTERNAL]

Barry:

I'm following up about a meet and confer regarding the Trustee's subpoenas.  Please advise your availability for a call tomorrow or next week.  I've copied my colleagues who also represent the trustee.

Also, let us know if the attached proposed protective order is ok.  The bankruptcy judge in this case, Judge Hilary Barnes, just so-ordered a nearly-identical protective order with another subpoena recipient.

David



SCHNEIDER WALLACE
COTTRELL KONECKY LLP

David D. Burnett
Attorney at Law
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:     (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

***Admitted in New York and District of Columbia.**

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Friday, May 09, 2025 12:43 PM
**To:** Gold, Barry <BarryGold@dwt.com>; Rella, Michael <MichaelRella@dwt.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; cbrust@rssblaw.com <cbrust@rssblaw.com>
**Subject:** Re: In re Meta Materials, Debtor - Subpoena to Virtu

Barry:

Within your time windows, I'm free Tuesday from 1:30 to 4 and your whole period Thursday, 10:30-1:45.  I'll let my colleagues chime in.

I've attached a proposed protective order to govern Virtu's future productions in response to the subpoenas.  Let us know if you have any edits.

David



**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free: (800) 689-0024
Direct: (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

**\*Admitted in New York and District of Columbia.**

**From:** Gold, Barry
**Sent:** Thursday, May 08, 2025 12:21 PM
**To:** David D. Burnett; Rella, Michael
**Cc:** Stephen W. Tountas; Ryan R. C. Hicks; cbrust@rssblaw.com
**Subject:** RE: In re Meta Materials, Debtor - Subpoena to Virtu

Notice: This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David:

Thanks for reaching out.  We are free for a call next Tuesday 12-4 and Thursday 10:30-1:45.  Please let us know what works for you.

**Barry Gold**  He/Him/His
**Of Counsel,** Davis Wright Tremaine LLP

P 212.880.3978  C 347.949.2054  E barrygold@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
DWT.COM

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Monday, May 5, 2025 5:01 PM
**To:** Gold, Barry <BarryGold@dwt.com>; Rella, Michael <MichaelRella@dwt.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>;
cbrust@rssblaw.com
**Subject:** Re: In re Meta Materials, Debtor - Subpoena to Virtu

**[EXTERNAL]**

Mr. Gold:

I'm following up on your email below to my colleague Clay regarding the Trustee's subpoenas to Virtu in this case.  We're contacting you on behalf of the Trustee.  My colleagues and I, copied, would like to

4

schedule a call this week to discuss your April 29 objection letter.  Please let us know your availability Wednesday through Friday.  We'd like to discuss the requests and map out a plan for Virtu to produce responsive materials, starting with trade data.  We believe the parties should be able to find common ground.

By the way, per one of the objections in your letter:  the references to Citadel in the subpoenas are in error.  They should have referred to Virtu in each instance.  Also, there is no applicable protective order in place yet but we can send you a proposed one.

Thanks,
David

Begin forwarded message:


SCHNEIDER  WALLACE
COTTRELL  KONECKY LLP

David D. Burnett
Attorney at Law
1050 30th Street NW
Washington, DC 20007
Main Line:  (415) 421-7100
Toll Free:  (800) 689-0024
Direct:    (510) 740-2939
Facsimile:  (415) 421-7105
www.schneiderwallace.com

*Admitted in New York and District of Columbia.
**From:** "Gold, Barry" <BarryGold@dwt.com>
**Subject: In re Meta Materials, Debtor - Subpoena to Virtu**
**Date:** April 29, 2025 at 12:59:18 PM PDT
**To:** "cbrust@rssblaw.com" <cbrust@rssblaw.com>
**Cc:** "Rella, Michael" <MichaelRella@dwt.com>

Mr. Brust:

Please see the attached.  Thank you.

**Barry Gold**   He/Him/His
Of Counsel | Davis Wright Tremaine LLP
P 212.880.3978  C 347.949.2054  E barrygold@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

DWT.COM

in

# Exhibit E

**Gold, Barry**

| | |
|---|---|
| **From:** | Gold, Barry |
| **Sent:** | Friday, June 13, 2025 11:27 AM |
| **To:** | David D. Burnett |
| **Cc:** | Rella, Michael; James Wes Christian; 'Jeffrey L. Hartman'; Ryan R. C. Hicks; Clay Brust; Stephen W. Tountas |
| **Subject:** | RE: In re Meta Materials, Inc. |

David:

Thank you for your email.  While we disagree with your characterization of our past communications, there is no need to continue the back and forth because your service of new subpoenas and recognition of our new 14-day period to serve Responses and Objections moves us past that and whatever prior misunderstandings we had.  So, yes, we accept service of the subpoenas as of yesterday and yes, our responses and objections are due June 26.  Also, we will review the revised proposed protective order and get back to you with our comments.

Barry Gold   He/Him/His
Of Counsel, Davis Wright Tremaine LLP

P 212.880.3978  C 347.949.2054  E barrygold@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
DWT.COM

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Thursday, June 12, 2025 6:39 PM
**To:** Gold, Barry <BarryGold@dwt.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>; James Wes Christian <jchristian@christianattarlaw.com>; 'Jeffrey L. Hartman' <jlh@bankruptcyreno.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Clay Brust <cbrust@rssblaw.com>; Stephen W. Tountas <stountas@kasowitz.com>
**Subject:** RE: In re Meta Materials, Inc.

[EXTERNAL]

Barry:

Yes, it's clear we have a misunderstanding.

I explained in my June 2 and June 10 emails, and on our meet and confer, that the Supplemental Instructions and revised Items to be Produced (Updated June 2, 2025) that I attached to those emails replace the Items to be Produced in the original subpoenas.  So the "new" subpoenas were just the

1

original subpoenas with the additional instructions and replacement requests, which I've sent you.  In my June 2 email I asked you to tell us by June 6 "whether Virtu will accept email service of the subpoenas and the replacement document requests and supplemental instructions, in lieu of formal service, since we have already been corresponding about these."  So I was asking you to accept service by email of what I sent you, not to simply tell us by June 6 if Virtu will accept service by email in the future of future subpoenas.

In any event, so we're all clear, I've attached the new subpoenas.  These are the subpoenas you received in March with an updated June 26 response date, the supplemental instructions, and the replacement document requests.  Please confirm that you accept service by email of these subpoenas, as of today.

As for your responses and objections, if you think you need or want 14 days with the new subpoenas, per FRCP 45, fair enough.  You've had the original subpoenas since March, you served R&Os to those in April, and you've had the supplemental instructions and replacement requests since June 2.  Given all that, we were hoping that you could respond sooner than 14 days after service.  In any event, please serve responses and objections by June 26, as stated in the subpoenas.  In the meantime, as discussed on our call, we ask that you also please also speak with your client about what records they have and are willing to produce.  We'd like to confer about Virtu's production soon after receiving your R&Os.

You mention Citadel, but I already said in my May 5 email that those references were an error.  The attached subpoenas correct that.

Please also send us any further comments or edits on the revised protective order, reattached, which we revised in good faith to address your June 6 comments.

David

 SCHNEIDER WALLACE
COTTRELL KONECKY LLP

**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line:  (415) 421-7100
Toll Free:  (800) 689-0024
Direct:        (510) 740-2939
Facsimile:  (415) 421-7105
www.schneiderwallace.com

***Admitted in New York and District of Columbia.***

**From:** Gold, Barry <BarryGold@dwt.com>
**Sent:** Wednesday, June 11, 2025 4:15 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>; James Wes Christian <jchristian@christianattarlaw.com>; 'Jeffrey L. Hartman' <jlh@bankruptcyreno.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Clay Brust <cbrust@rssblaw.com>; Stephen W. Tountas <stountas@kasowitz.com>
**Subject:** RE: In re Meta Materials, Inc.

Notice: This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David:

A few clarifications and responses:

- I am puzzled by your email and attachments. I said in my June 6 email that we would accept service "of the new subpoena you intend to serve containing the revised document requests and supplemental instructions . . . with a full reservation of Virtu's rights and with the understanding that the new subpoena replaces the initially-served subpoena and starts anew the time limits for responding to a subpoena set forth in FRCP 45." I never said we were accepting, or would accept, service as of any particular date, including June 6. Service, of course, would be effective on whatever day you sent the new subpoena and when I sent my email, no new subpoena had been served.   And attached to the email you sent yesterday are the original subpoenas which means that still, no new subpoena or subpoenas have been served.  Please clarify.

- I am also puzzled by your second paragraph inquiring whether we intend that there be a new 14-day period to respond to any new subpoena for production of documents you were going to serve on us. That was the express condition on which we agreed to accept service of a new subpoena.  If that is not agreeable to you, then please let me know and, per my June 6 email, we do not agree to accept service of any new subpoena (or subpoenas) – or any new document requests or instructions – on behalf of Virtu. I am also surprised at your second paragraph in light of the fact that your document requests are revised.  We are entitled to the statutorily-prescribed time to consider,

3

and properly respond to, the new document requests in the new subpoena.

- We would not want to schedule a meet and confer until after service (1) by you of a new subpoena and (2) by us of our Responses and Objections to the new subpoena. If, however, you are not planning to serve a new subpoena, then we are prepared to have a meet and confer with respect to the original subpoena and original document requests and our previously-served Responses and Objections – although it will be quite short because Virtu has no responsive documents to those requests, which expressly seek Citadel documents.

- Thank you for sending a revised draft protective order. If you are not serving a new subpoena, then there is no need for us to review it as Virtu has no responsive documents. If you tell us you will be serving a new subpoena with the revised document requests, we will review the draft protective order and get back to you.

**Barry Gold**   He/Him/His
Of Counsel, Davis Wright Tremaine LLP

P 212.880.3978  C 347.949.2054  E barrygold@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
DWT.COM

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Tuesday, June 10, 2025 10:46 AM
**To:** Gold, Barry <BarryGold@dwt.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>; James Wes Christian <jchristian@christianattarlaw.com>; 'Jeffrey L. Hartman' <jlh@bankruptcyreno.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Clay Brust <cbrust@rssblaw.com>; Stephen W. Tountas <stountas@kasowitz.com>
**Subject:** Re: In re Meta Materials, Inc.

4

**[EXTERNAL]**

Barry:

Thanks for confirming that you agree to accept service, as of June 6.  As a reminder, the Trustee served two subpoenas, as you acknowledged in your April 29 letter.  The supplemental instructions and replacement document requests I sent you last Monday apply to both subpoenas.

You refer to the FRCP 45 time period for subpoena responses.  You're suggesting that you'll respond within 14 days, which is next Friday, June 20?  We'd like to get any responses sooner and would like to proceed to discussing the parameters of Virtu's production.  You received the subpoenas on or about March 18 and we received your six-page letter with responses and objections to the subpoenas on April 29.  Virtu shouldn't require a new 14-day period to respond to the revised subpoenas since you've had the original ones for 2-1/2 months and these supplemental instructions and replacement requests are just an iteration on the original ones.  Are you intending to serve formal responses and objections, on top of the April 29 ones?

Can we schedule a meet and confer for end of this week or next to discuss Virtu's production?  And in the meantime, can you tell us what records Virtu has which are responsive to the subpoena, in what format they are kept, what data fields are contained in the records, the volume of records at issue, whether you have data for all four CUSIPs for the full date range, etc.?

Regarding the proposed protective order:  the same template has been used with other subpoena recipients and so-ordered by the Court.  The Rule 2004 subpoena calls for a deposition of a custodian of records, so language related to depositions could be relevant and should stay in.  And it's fine for the subpoena to be broader than need be--such provisions simply wouldn't be applicable.  That said, because you've asked, I've attached a redline removing clauses which shouldn't be necessary.  Let us know if you have any further edits.

Thanks,

David



**SCHNEIDER  WALLACE**
**COTTRELL  KONECKY** LLP

**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line:  (415) 421-7100
Toll Free:  (800) 689-0024
Direct:     (510) 740-2939
Facsimile:  (415) 421-7105
www.schneiderwallace.com

**\*Admitted in New York and District of Columbia.**

**From:** Gold, Barry <BarryGold@dwt.com>
**Sent:** Friday, June 6, 2025 6:56 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>
**Subject:** In re Meta Materials, Inc.

Notice: This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David:

As promised, we are getting back to you today regarding the new subpoena you intend to serve containing the revised document requests and supplemental instructions you sent us.  We will accept service of the new subpoena with a full reservation of Virtu's rights and with the understanding that the new subpoena replaces the initially-served subpoena and starts anew the time limits for responding to a subpoena set forth in FRCP 45.  **Please advise.**

Also, as promised, we reviewed the proposed Stipulated Protective Order you sent.  As it contemplates both parties producing documents and references

depositions and interrogatories, etc. (as if it were for an adversary proceeding, not our situation), the format really does not work for our situation and substantial revision would be required.  Kindly make the necessary revisions and resend for our review.


We look forward to hearing back from you.  Best regards.




**Barry Gold**  He/Him/His
**Of Counsel** | Davis Wright Tremaine LLP

P 212.880.3978  C 347.949.2054  E barrygold@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

DWT.COM        in

# Exhibit F



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Barry S. Gold**
tel: (212) 880-3978
fax: (212) 880-3998

barrygold@dwt.com

June 26, 2025

**Via Email**

David Burnett, Esq.
Schneider Wallace Cottrell Konecky LLP
1050 30th Street NW
Washington, DC 20007
Email: dburnett@schneiderwallace.com

> Re: ***In re Meta Materials Inc., Debtor***
> **Bankr. Ct. D. Nev. - Case No. 24-50792-hlb**

Dear David:

As you know, we represent Virtu Financial, LLC ("Virtu") in connection with the two new Subpoenas you served on behalf of the Trustee Christina Lovato on June 12, 2025 – (1) to Produce Documents ("Document Subpoena") and (2) for Rule 2004 Examination ("Examination Subpoena") – in the above-referenced bankruptcy proceeding. This letter constitutes Virtu's written objections and responses to the two Subpoenas.

## RESERVATION OF RIGHTS

1.      As a non-party, Virtu may not be aware of all appropriate and necessary objections. Virtu expressly reserves the right to amend, expand, or delete any part of the objections stated herein at any time. Virtu reserves the right to object to the admission in evidence of any of the information or documents provided in response to the Subpoenas on any ground including, but not limited to, the ground that any such information or document is irrelevant to the issues in this bankruptcy proceeding (the "Proceeding"). Virtu reserves its right to rely on a fact, document, or other evidence that may develop or which may come to its attention at a later time.

2.      Virtu reserves the right to object to the use (for any purpose) of these objections and responses or any information or document that Virtu produces or provides pursuant to the Subpoenas. Virtu reserves the right to interpose any such objection at any time or as required by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, any applicable Local Rule, any applicable court rule, as well as other applicable statutory provisions, rules, caselaw, and court orders (the "Applicable Rules").

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

David Burnett, Esq.
June 26, 2025
Page 2

3.      Virtu reserves the right not to produce documents to the extent that the Requests, including the Definitions and Instructions contained therein, (a) are overly broad, unduly burdensome, and/or call for documents or information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; (b) are vague, ambiguous, duplicative, cumulative, do not identify with reasonable particularity the information sought, or are otherwise incomprehensible; (c) call for production of documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (d) seek to impose obligations on Virtu beyond, or inconsistent with, those required by the Applicable Rules; (e) purport to seek documents or information not in Virtu's possession, custody, or control; or (f) call for the production of publicly available documents or information, or documents or information to which the Trustee has equal or better access, and thus for which the burden on Virtu is equal to or greater than that of the Trustee in obtaining the requested documents and/or information.

4.      To the extent Virtu is required to produce any documents in response to the Document Subpoena, it will not do so unless and until an appropriate Stipulation and Order governing the production of possible Confidential and Highly Confidential Information is entered into by the parties and So Ordered by the Court.

5.      Virtu does not admit the truth of any purported fact contained in the Subpoenas, and no response by Virtu shall be deemed an admission of any such fact or waiver of any right to contest any such fact at an appropriate time.

6.      Any document or information produced by Virtu pursuant to the Subpoenas is produced without conceding the document's or information's relevance or its admissibility, authenticity, or probative value.

7.      Virtu reserves the right to obtain reimbursement for any cost or expense incurred in connection with responding to the Subpoenas, though reimbursement of cost and expense alone does not diminish the burden imposed by the Subpoenas.

8.      Virtu has not completed its evaluation of the Subpoenas, and these objections and responses are based only on information currently known by Virtu.  Virtu reserves the right to supplement or otherwise amend any objection or response based on the results of its continuing evaluation.

## OBJECTIONS TO EXAMINATION SUBPOENA

1.      Virtu objects to the Trustee's issuance of the Examination Subpoena under Bankruptcy Rule 2004 because the Trustee seeks impermissible pre-litigation discovery against a potential defendant not permitted by Bankruptcy Rule 2004.  The Trustee has already conducted a thorough investigation, identified alleged wrongdoing, quantified supposed damages, and prepared to file a lawsuit.  Instead of following the proper procedure – filing a complaint and conducting discovery under the Federal Rules of Civil Procedure – the Trustee seeks to weaponize Rule 2004 to obtain extensive discovery while circumventing the procedural

David Burnett, Esq.
June 26, 2025
Page 3

safeguards that would otherwise apply.

      2.     Virtu objects to the Examination Subpoena as procedurally improper and in violation of FRBP 9016 and FRCP 45(c)(1)(A) as it calls for testimony by a Virtu witness at an office in Wilmington, Delaware which is not within 100 miles of any location where Virtu regularly transacts business.

      3.     Virtu objects to the Examination Subpoena on the basis that the Trustee lacks standing to obtain testimony to support potential claims by third-parties, including but not limited to shareholders of MMTLP, MMAT and/or TRCH, as the Trustee does not have standing to bring claims for potential losses that those shareholders allegedly sustained or to seek documents to support such claims. Virtu further objects to the extent that the Examination Subpoena was issued for an improper purpose to the extent that it seeks testimony in a bankruptcy proceeding in an attempt to support potential third-party claims that could only be brought in a separate proceeding. Virtu will not produce a witness in furtherance of a fishing expedition seeking to manufacture baseless claims.

## OBJECTIONS TO DOCUMENT SUBPOENA

      Virtu makes the following General Objections to the Requests and incorporates them into its responses to each and every Request in the Document Subpoena, whether or not specifically stated in the individual response. An assertion of the same, similar, or additional objections in response to a specific Request does not waive any of these General Objections as to that or any Request. Virtu's failure to object to a specific Request on any particular ground shall not be construed as a waiver of its right to object on any ground.

      1.     Virtu objects to the Trustee's issuance of the Document Subpoena under Bankruptcy Rule 2004 because the Trustee seeks impermissible pre-litigation discovery against a potential defendant not permitted by Bankruptcy Rule 2004. The Trustee has already conducted a thorough investigation, identified alleged wrongdoing, quantified supposed damages, and prepared to file a lawsuit. Instead of following the proper procedure – filing a complaint and conducting discovery under the Federal Rules of Civil Procedure – the Trustee seeks to weaponize Rule 2004 to obtain extensive discovery while circumventing the procedural safeguards that would otherwise apply.

      2.     Virtu objects to the Document Subpoena as procedurally improper and in violation of FRBP 9016 and FRCP 45(c)(2)(A) as it calls for production of documents at an office in Wilmington, Delaware which is not within 100 miles of any location where Virtu regularly transacts business.

      3.     Virtu objects to the Document Subpoena on the basis that the Trustee lacks standing to request production of documents to support potential claims by third-parties, including but not limited to shareholders of MMTLP, MMAT and/or TRCH, as the Trustee does not have standing to bring claims for potential losses that those shareholders allegedly sustained or to seek documents to support such claims. Virtu further objects to the extent that the

David Burnett, Esq.
June 26, 2025
Page 4

Examination Subpoena was issued for an improper purpose to the extent that it seeks documents in a bankruptcy proceeding in an attempt to support potential third-party claims that could only be brought in a separate proceeding. Virtu will not produce any documents in furtherance of a fishing expedition seeking to manufacture baseless claims.

      4.      Virtu objects to the Subpoena's Definitions, Instructions and Requests to the extent they seek to impose obligations on Virtu in excess of what is required under the Applicable Rules. Virtu's responses to the Requests are on behalf of Virtu only and will be limited to documents or information currently available to Virtu. To the extent Virtu is required to produce any documents, it will not search for, collect, or produce documents in the possession of Virtu's attorneys or other third parties, including parents, affiliates and subsidiaries. Thus, Virtu objects to Supplemental Instruction No. 4 which states that "The Trustee is seeking records from the following Virtu entities, at a minimum: Virtu Financial LLC, Virtu Americas LLC, and Virtu KCG Holdings LLC."

      5.      Virtu objects to Supplemental Instruction No. 3 which provides that "The records requested below should include, but not [] limited to, electronically stored records that fulfill Virtu's regulatory and compliance obligation to retain customer and firm order and execution records as required of Virtu in its capacity as a broker-dealer. See Securities Exchange Act Rule 10b-10 and Securities Exchange Act Section 17a-3." There is no legitimate basis for Virtu to have to produce to the Trustee every record Virtu may be required by regulation to retain.

      6.      Virtu objects to any Request seeking the production of "all relevant order routing and execution records" (Request Nos. 1-3), "all records" (Request No. 4) and "all records of position data" (Request No. 5) on the ground that it is overly broad and unduly burdensome, particularly in the context of electronically stored information. Virtu cannot ensure that it has located every routing and execution record of position, every record, and every record of position data responsive to a particular Request. Subject to the General Objections and any qualifications below, with respect to any Request seeking "all" routing and execution records of position, "all" records, and "all" records of position data and to the extent Virtu is required to produce responsive documents, Virtu will produce the responsive, non-privileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith. Specifically, if required to produce responsive documents, Virtu will conduct a reasonable and good faith search for documents in the files of key custodians that it has identified as the most likely to have information responsive to the Document Subpoena and, with respect to electronic information, reserves the right to and will apply date restrictions and search terms before reviewing documents for responsiveness.

      7.      In addition to the specific objection set forth in paragraph 6 above with respect to Request No. 1, Virtu objects to Request No. 1 which provides that "Order routing and execution records provided by Virtu should reflect the lifespan transactions of orders from origination to completion, capturing all relevant information (i.e. broker info, customer info, long or short indicators, and unique ID), with precision timestamps. These records should also include, but are not limited to, cancel/replaces, order forwarding, executions, and expired orders." This language

David Burnett, Esq.
June 26, 2025
Page 5

is overbroad, vague and ambiguous – particularly "capturing all relevant information."

8.     In addition to the specific objection set forth in paragraph g above with respect to Request No. 2, Virtu objects to Request No. 2 which provides that "Order routing and execution records provided by Virtu should reflect the lifespan transactions of orders from origination to completion, capturing all relevant information (i.e. broker info, customer info, long or short indicators, and unique ID), with precision timestamps. These records should also include, but are not limited to, cancel/replaces, order forwarding, executions, and expired orders. These records should also include transactions where Virtu served as counterparty to the customer and/or broker-dealer client executions on a principal or riskless principal basis and/or executed customers transactions and/or broker-dealer client transactions on an agency basis." This language is overbroad, vague and ambiguous – particularly "capturing all relevant information."

9.     In addition to the specific objection set forth in paragraph 6 above with respect to Request No. 3, Virtu objects to Request No. 3 which provides that "Order routing and execution records provided by Virtu should reflect the lifespan transactions of orders from origination to completion, capturing all relevant information (i.e. broker info, customer info, long or short indicators, and unique ID), with precision timestamps for all related transactions. These records should also include, but are not limited to, cancel/replaces, order forwarding, executions, and expired orders." This language is overbroad, vague and ambiguous – particularly "capturing all relevant information" and "for all related transactions."

10.     In addition to the specific objection set forth in paragraph 6 above with respect to Request No. 4, Virtu objects to Request No. 4 to the extent it directs that Virtu produce "records of how Virtu rectified any outstanding failures to deliver." This language is overbroad, vague and ambiguous – particularly "how Virtu rectified." This language is overbroad, vague, ambiguous and incomprehensible.

11.     In addition to the objection set forth in paragraph 5 above, Virtu objects to Request No. 5 to the extent it directs that "Virtu's production should reflect the same frequency in which such data was recorded." This language is overbroad, vague, ambiguous and incomprehensible.

12.     Virtu objects to the Requests to the extent they seek trading-related information regarding the purchasers and sellers of MMTLP, MMAT and/or TRCH. That information can be obtained directly from the broker-dealers who interacted directly with the purchasers and sellers. Virtu should not be burdened searching for documents and information that the Trustee can obtain more easily from the broker-dealers.

13.     Virtu objects to the Requests to the extent they seek discovery of information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privileges, immunities, or exceptions. To the extent Virtu is required to produce any documents, it will only produce non-privileged documents. Nothing contained in these responses – including, but not limited to, any inadvertent production of documents or materials – is intended as, or shall in any way be deemed, a waiver of any attorney-client

David Burnett, Esq.
June 26, 2025
Page 6

privilege, work-product doctrine, and/or any other applicable privileges, immunities, or exceptions.

14.     Virtu objects to the Requests to the extent they call for the production of documents outside of Virtu's possession, custody, or control as such Requests are overly broad and unduly burdensome.

15.     Virtu objects to the Requests to the extent they purport to require disclosure by Virtu of irrelevant and/or private information.

16.     Virtu objects to the Requests to the extent they seek the production of confidential, commercially sensitive, proprietary, and/or trade secret information prior to the entry of a Stipulation and Order governing the production of Confidential and Highly Confidential Information in this Proceeding.

17.     Virtu objects to the Requests to the extent they would require Virtu to draw a legal conclusion to make a proper response.

18.     Virtu's responses to the Requests are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility as evidence, for any purpose, of any documents or information provided in response to the Requests; or (b) the right to object on any ground at any time to a demand for further responses to the Requests.

19.     Virtu objects to any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues in the Requests. Virtu's responses are not intended to mean that Virtu agrees with any factual assumptions, implications, or any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

20.     Virtu objects to the "time frame" purporting to govern the Requests on the grounds that the time period is overly broad, unreasonable, unduly burdensome and harassing (in that it will entail production costs and burdens that would far outweigh any likely benefit or probative value); inconsistent with the Applicable Rules; and would require production of documents and information neither relevant to the subject matter involved in this Proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Document Subpoena purports to require Virtu to search for and produce material from an overly broad and unduly burdensome nearly four-year time period, which begins almost five years ago (September 21, 2020 through August 7, 2024 with respect to trading of MMAT and TRCH, and June 28, 2021 through December 14, 2022 with respect to trading of MMTLP). This is particularly true inasmuch as it is Virtu's understanding that the Meta and/or MMTLP shares at issue traded only during the period October 2021 – December 2022.

21.     Virtu objects to Definition No. 3 ("ESI") to the extent it imposes obligations inconsistent with the Applicable Rules, including without limitation, to the extent it purports to require Virtu to (a) perform anything more than a reasonable and diligent search of ESI,

David Burnett, Esq.
June 26, 2025
Page 7

including without limitation, applying reasonable search terms to any relevant universe of ESI;
(b) provide documents maintained only in electronic or digital form on backup tapes, servers, or
other similar archival media that would be unreasonable as well as unduly burdensome and
expensive to search; (c) produce documents without allowing removal of exact duplicate
documents or deduplicating emails to produce only the most complete iteration of an email
chain; (d) produce documents, including ESI, in a specified format; and/or (e) provide all of the
metadata associated with the document.

     22.     Any indication that Virtu will produce documents in response to a Request is not
intended as a representation by Virtu that such documents exist or that any such documents are in
Virtu's possession, custody, or control.

     23.     The responses set forth above are based upon information presently known to
Virtu and Virtu reserves the right at any time to supplement, amend, revise, add to, correct,
and/or clarify its responses and objections as additional knowledge or information makes such
action appropriate. Should Virtu at any time supplement or amend its responses to these
Requests, by agreement or otherwise, Virtu expressly reserves the right to assert any applicable
objection, privilege, or other protection in connection with such supplementation or amendment.

     The foregoing general and specific objections apply to each of the specific Requests. If
Virtu has possession, custody, or control of non-privileged documents responsive to those
requests, it is withholding them at this time on the basis of these objections.

     Please do not hesitate to call me to discuss Virtu's objections and responses to the
Subpoena.

                         Very truly yours,

                         Davis Wright Tremaine LLP

                         Barry S. Gold

# Exhibit G

**Gold, Barry**

| | |
|---|---|
| **From:** | David D. Burnett <dburnett@schneiderwallace.com> |
| **Sent:** | Tuesday, July 22, 2025 1:33 PM |
| **To:** | Gold, Barry |
| **Cc:** | Rella, Michael; James Wes Christian; Jeffrey L. Hartman; Clay Brust; Ryan R. C. Hicks; Stephen W. Tountas |
| **Subject:** | Re: Meta - Subpoenas to Virtu |

**[EXTERNAL]**

Barry:

We propose 1 pm EST on Friday for the call—or if not, 2 or 3 pm. I'll send an invite for 1 unless you say otherwise.

Thanks
David



SCHNEIDER$^2$ WALLACE
COTTRELL KIM LLP

David D. Burnett
Attorney at Law
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free: (800) 689-0024
Direct:    (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com
***Admitted in New York and District of Columbia.***

**From:** Gold, Barry <BarryGold@dwt.com>
**Sent:** Monday, July 21, 2025 2:07 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>; James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey L. Hartman <jlh@bankruptcyreno.com>; Clay Brust <cbrust@rssblaw.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Subject:** RE: Meta - Subpoenas to Virtu

Notice: This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David:

1

How does your schedule look for a meet and confer Friday after 11:30? Also, attached for your review is the draft Stipulated Protective Order with our comments.

Best regards.

**Barry Gold**   He/Him/His
Of Counsel, Davis Wright Tremaine LLP

P 212.880.3978  C 347.949.2054  E barrygold@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
DWT.COM

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Thursday, July 17, 2025 3:28 PM
**To:** Gold, Barry <BarryGold@dwt.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>; James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey L. Hartman <jlh@bankruptcyreno.com>; Clay Brust <cbrust@rssblaw.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Subject:** Re: Meta - Subpoenas to Virtu

[EXTERNAL]

Barry:

Sorry for the delay. I can confer next Tuesday or any day thereafter next week. I could speak Tuesday morning until noon EST or between 1 and 3 EST. Wednesday I'm free any time until 4 pm EST. Please let us know your available time windows and I'll coordinate on our end.

Does your willingness to confer mean that Virtu is willing to produce documents in response to the subpoena? If so, we'd like to know on or before the call, at a minimum: 1) have you discussed Virtu's records and a production with them, 2) what data and/or documents does Virtu have which are responsive to the Trustee's five document requests, 3) does Virtu have records for all four tickers from the full date range specified in the supplemental instructions, 4) will you produce documents from all three Virtu entities listed in the Supplemental Instructions and are there any other applicable entities, 5) what will Virtu produce, and 6) on what timeframe. When we conferred previously on May 30, you said you hadn't discussed such specifics with your client. We assume that at least some of the information responsive to the subpoenas will take the form of data in spreadsheets, which we expect would not be hard to generate from Virtu's computer systems.

If Virtu will not agree to produce, we can discuss that discovery dispute on our call next week, pursuant to Bankr. D. Nev. Local Rule 7037. If Virtu won't produce the Trustee will promptly move to compel Virtu's production in the bankruptcy court.

I haven't seen your comments/edits to the revised draft of the protective order. Please send those promptly. I sent you the revised draft, responding to your June 6 comments, last month.

Best,

David

 SCHNEIDER² WALLACE
COTTRELL KIM LLP

David D. Burnett
Attorney at Law
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free: (800) 689-0024
Direct:   (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

**\*Admitted in New York and District of Columbia.**

**From:** Gold, Barry <BarryGold@dwt.com>
**Sent:** Thursday, July 10, 2025 8:06 AM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>; James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey
L. Hartman <jlh@bankruptcyreno.com>; Clay Brust <cbrust@rssblaw.com>; Ryan R. C. Hicks
<rhicks@schneiderwallace.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Subject:** Re: Meta - Subpoenas to Virtu

Notice: This email originated from outside of the organization. Please use caution before opening any attached file you did not
expect from the sender. Contact support@langtech.com if in doubt.

David:

Please give us some times next week you are free to meet and confer. I should be able to send you the
draft Protective Order with our comments later today. Thanks.

Barry

Sent from my iPhone

> On Jul 3, 2025, at 2:44 PM, David D. Burnett <dburnett@schneiderwallace.com> wrote:
>
> **[EXTERNAL]**
>
> Mr. Gold:
>
> We received Virtu's responses and objections to the Trustee's subpoenas. We are
> confused by your document, however, and find it unhelpful. The takeaway point we need
> to know is, will Virtu produce any materials in response to the subpoenas? Your document
> repeatedly refers to production "to the extent Virtu is required to produce" and "if Virtu is
> required to produce." Virtu is required to produce in response to these valid subpoenas,
> so in our view your statements should not be conditional. Do you mean "if Virtu is required

to produce" by the Court in response to a motion to compel? I've not seen subpoena objections phrased the way you have. At the end of the document you write that "If Virtu has possession, custody, or control of non-privileged documents responsive to [the] requests, it is withholding them at this time on the basis of these objections." Is that a catchall statement that Virtu is unwilling to produce any documents? Also, given the language of this sentence, have you done any investigation of Virtu's records to determine what responsive information it has, including documents and data?

If Virtu is open to producing documents as required by the subpoenas, let's set up a time to confer. If Virtu refuses to produce, please confirm that so we can consider our options, including possibly moving to compel.

You asked me to resend the draft protective order last week, two days before you served the R&Os, so you could give comments. Please send us any comments or edits, though if Virtu is refusing to produce, the protective order may be moot for the moment.

David

David D. Burnett
Attorney at Law
1050 30th Street NW
Washington, DC 20007
Main Line:  (415) 421-7100
Toll Free:  (800) 689-0024
Direct:      (510) 740-2939
Facsimile:  (415) 421-7105
www.schneiderwallace.com

**\*Admitted in New York and District of Columbia.**

**From:** Gold, Barry <BarryGold@dwt.com>
**Sent:** Thursday, June 26, 2025 4:04 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>
**Subject:** Meta - Subpoenas to Virtu

Notice: This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David:

Attached are Virtu's Objections and Responses and to the second Subpoenas.

Best regards.

<image001.png>**Barry Gold**  He/Him/His
**Of Counsel** | Davis Wright Tremaine LLP
**P** 212.880.3978  **C** 347.949.2054  **E** barrygold@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

DWT.COM    <image002.png>

<virtu- meta materials - objections and responses to second subpoenas.pdf>

5

# Exhibit H

## Gold, Barry

| | |
|---|---|
| **From:** | David D. Burnett <dburnett@schneiderwallace.com> |
| **Sent:** | Tuesday, July 29, 2025 6:00 PM |
| **To:** | Gold, Barry; Carvajal, Shanaye; Rella, Michael |
| **Cc:** | James Wes Christian; Jeffrey L. Hartman; Clay Brust; Ryan R. C. Hicks; Stephen W. Tountas |
| **Subject:** | Re: Meta - Subpoenas to Virtu |
| **Attachments:** | Order Granting Debtors' Rule 2004 Motion.pdf; Debtor's Motion for Written Responses from Brokerage Firms Pursuant to Rule 2004 of FRBP.pdf; 20250729 Virtu Protective Order -- Trustee clean.docx |

**[EXTERNAL]**

Barry:

On our Friday meet and confer, you pressed us for further information about the subpoenas and the Trustee's investigation, which we provided in the spirit of good faith and cooperation, but you did not offer any substantive information about whether Virtu will comply with the subpoenas. Like our prior call two months ago on May 30, you said you had not spoken with your client about the document requests in any detail. That is despite the plain language of the subpoenas, the fact that we conferred about this two months ago, and my July 17 email below which repeated the Trustee's questions in advance of our call. You received the initial subpoenas on March 18, four months ago, and we served the revised subpoenas on June 12, six weeks ago. Your unwillingness to meaningfully engage with the requests over those four months, the contents of your Responses and Objections, and the objections you have raised on our calls, lead us to conclude that Virtu will not produce in response to the subpoenas. If you change your mind, please let us know by this Thursday, as discussed. We plan to promptly move to compel Virtu's compliance.

To summarize what we told you by phone on Friday, in the interest of full transparency and good faith: the Trustee has received productions of trade data from multiple other subpoena recipients. We will cite those to the Court in contrast with Virtu's refusals. None of those parties' materials overlap with what we are seeking from Virtu, so there is no other party that can narrow or satisfy Virtu's production obligation. We would like Virtu to produce trade data, which should not be burdensome and would at least partly satisfy the document requests. Whatever statements the Trustee has made in the past regarding trading of Meta Materials shares do not diminish the Trustee's need for discovery from Virtu, because we are seeking non-public information from you. We served two subpoenas because the Rule 2004 subpoena also calls for a custodian of records deposition, in addition to the identical document requests in both subpoenas. You have not answered any of our questions about Virtu's records, so we will include the deposition request in a motion to compel. The Trustee is investigating potential wrongdoing related to trading of Meta securities, but we have not made any decisions on which parties to sue, if any. The Trustee is investigating possible manipulation of the debtor's stock which may have affected its financial condition. Meta's stock price plummeted over time, which may be due in part to spoofing and shorting, which is what the Trustee is investigating.

The subpoenas are based on a number of statutes and rules: FRCP 45; Fed. R. Bankr. P. 2004, 6009, and 9016; Local Rule 2004 of the U.S. Bankruptcy Court for D. Nev.; and 11 U.S.C. 704, at a minimum. Rule 2004 applies to "to the acts, conduct, or property or to the liabilities and financial condition of the debtor,

or to any matter which may affect the administration of the debtor's estate," and Section 704 states that the Trustee "shall . . . Investigate the financial affairs of the debtor." "In light of these duties, a Chapter 7 trustee is described as a fiduciary charged with protecting the interests of all creditors of the estate." *In re Bollinger*, 2015 Bankr. LEXIS 4572, *17 (Bankr. D. Nev. June 29, 2015). There is ample additional caselaw from the Bankr. D. Nev. about these statutes and rules.

Courts have endorsed subpoenas in cases with similar fact patterns. See the attached order from *In re: Sorrento Therapeutics, Inc*., No. 23-90085 (Bankr. S.D. Tex. Apr. 4, 2023), Dkt. No. 334. The decision granted the attached Debtors' Emergency Motion from that case, Dkt. No. 330. The motion concerned documents requested from 25 brokers, dealers, and other firms (Exhibit A to the motion). The motion includes citation to caselaw about the broad scope of a Rule 2004 examination. Page 6 of 12. See also *In re Millenium Lab Holdings II, LLC*, 562 B.R. 614, 626-28 (Bankr. D. Del. 2016), and the authorities cited therein. In *Millenium*, the court (like others) described Rule 2004 discovery as a permissible "fishing expedition," which speaks to this discovery mechanism as a unique tool for the Trustee to investigate on the debtor's behalf: "Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a 'fishing expedition' and 'an inquisition.' Indeed, a Rule 2004 examination is generally not available once an adversary proceeding or contested matter has been commenced; at that point, discovery is made pursuant to the Federal Rules of Bankruptcy Procedure." 562 B.R. at 626 (internal citations and certain quotations omitted). There is ample additional caselaw stating that the scope of examination under Rule 2004 is broad, broader than under the FRCP, and the investigatory powers extend to third parties with any information relevant to the debtor's financial affairs. There are many other examples of Rule 2004 discovery being granted for pre-litigation discovery in bankruptcies.

Your edits to the protective order are fine with us. I accepted all the edits and made two further edits--I changed "proceedings" to singular in the first line and deleted "outside" in paragraph 5(a), "the Trustee's counsel of record in this Action," since the Trustee isn't an entity and doesn't have in-house counsel. Clean version attached. Let us know whose signature we should use for DWT. If you have nothing further we'll get this on file. Whether Virtu produces voluntarily or in response to a court order, it will be useful to have this on file.

Best,
David



SCHNEIDER$^2$ WALLACE
COTTRELL KIM LLP

David D. Burnett
Attorney at Law
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free: (800) 689-0024
Direct:    (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com
*Admitted in New York and District of Columbia.*

**From:** Gold, Barry <BarryGold@dwt.com>
**Sent:** Monday, July 21, 2025 2:07 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>; James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey L.

# Exhibit I

## Carvajal, Shanaye

| | |
|---|---|
| **From:** | Rella, Michael |
| **Sent:** | Tuesday, August 5, 2025 6:28 PM |
| **To:** | David D. Burnett; Carvajal, Shanaye |
| **Cc:** | James Wes Christian; Jeffrey L. Hartman; Clay Brust; Ryan R. C. Hicks; Stephen W. Tountas |
| **Subject:** | RE: Meta - Subpoenas to Virtu |

David,

We've conferred with our client.  Virtu is standing on its objections and will not be producing any documents.

Best,


**Michael Rella**   He/Him/His
**Partner,** Davis Wright Tremaine LLP

**P** 212.880.3973  **C** 914.525.1916  **E** michaelrella@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Wednesday, July 30, 2025 2:58 PM
**To:** Rella, Michael <MichaelRella@dwt.com>; Gold, Barry <BarryGold@dwt.com>; Carvajal, Shanaye <ShanayeCarvajal@dwt.com>
**Cc:** James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey L. Hartman <jlh@bankruptcyreno.com>; Clay Brust <cbrust@rssblaw.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Subject:** Re: Meta - Subpoenas to Virtu

[EXTERNAL]

Michael:

That's fine, please get back to us early next week on whether Virtu will produce.

Since you mention it, though, your reference to "sanctionable" actions is inappropriate and counterproductive.  The Trustee has been acting in good faith throughout this process, and has provided you all the information your team has asked for, while your team has provided little in return.  We've been asking for months now simply whether Virtu will produce and if so, what.

We do not have a transcript of our meet and confers, but my detailed notes of the May 30 and July 25 calls confirm that Barry said on both calls that your team had not spoken with Virtu in any detail about what records Virtu may have which are responsive to the document requests (presumably because you haven't been planning to produce voluntarily).  He said on our May 30 call that your team had only had the "highest-level discussion" with Virtu, with "no specifics," because you were awaiting the meet and confer.  He said again on July 26 that he had not spoken with the client about the requested trade data.  All he said about Virtu's records on July 26 was a confirmation that Virtu *has* trading data.  It is not

1

"demonstrably false," but actually demonstrably true, that you have not answered our basic questions, recopied from below, whether by email or on the May 30 or June 25 calls:  "2) what data and/or documents does Virtu have which are responsive to the Trustee's five document requests, 3) does Virtu have records for all four tickers from the full date range specified in the supplemental instructions, 4) will you produce documents from all three Virtu entities listed in the Supplemental Instructions and are there any other applicable entities, 5) what will Virtu produce, and 6) on what timeframe."  These questions are not a comprehensive list of everything the Trustee needs to know in order to agree on the scope of Virtu's production, but rather the questions were merely meant to prompt you and guide our discussion.

Also, we provided you the statutes, citations, and additional information about the Trustee's process as a courtesy.  Your team could have investigated the relevant authorities yourselves, and/or raised questions about the subpoenas, at any time over the last four months.  It's not the Trustee's obligation to endlessly defend these valid subpoenas to you or to conduct legal research for you.  On the contrary, it's Virtu's obligation to respond to these valid subpoenas.  If you believe relevant legal authorities justify a refusal to produce, you have been free to tell us that.  Your June 26 Objections and Responses contain no citations to caselaw and only the barest reference to applicable rules.

In any event, you can provide any answers early next week, as part of a substantive discussion about a scope of production, or just let us know if Virtu will not comply.

David



**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:      (510) 740-2939
Facsimile:  (415) 421-7105
www.schneiderwallace.com
***Admitted in New York and District of Columbia.***

---

**From:** Rella, Michael <MichaelRella@dwt.com>
**Sent:** Wednesday, July 30, 2025 12:55 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>; Gold, Barry <BarryGold@dwt.com>; Carvajal, Shanaye <ShanayeCarvajal@dwt.com>
**Cc:** James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey L. Hartman <jlh@bankruptcyreno.com>; Clay Brust <cbrust@rssblaw.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Subject:** RE: Meta - Subpoenas to Virtu

**Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David,

Thanks for your email.

As you know, Barry Gold, who has been leading the charge on our side on the subpoenas, is retiring tomorrow, so we're going through a transition on our end. That said, your assertions that we have "not spoken with [our] client about the document requests in any detail" and have shown an "unwillingness to meaningfully engage with the requests over those four months" are demonstrably false, as reflected by the record, including our significant back and forth with you and your team members both via email and telephone calls.

As you noted below, we asked you for additional information last week about the subpoenas and you just provided the information – including attachments and citations to numerous statutes and cases – yesterday evening. Of course, we need time to review the information you provided and further discuss with our client. I'm leaving early today and am out of pocket tomorrow to attend services for a close family friend who passed away, but we plan on connecting with our client on the new information you provided by Friday and then responding to you early next week with our final position. Any motion to compel before the meet and confer process concludes would violate the applicable rules and be sanctionable. To that end, we continue to reserve all rights.

Best,


**Michael Rella**   He/Him/His
**Partner,** Davis Wright Tremaine LLP

**P** 212.880.3973  **C** 914.525.1916  **E** michaelrella@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Tuesday, July 29, 2025 6:00 PM
**To:** Gold, Barry <BarryGold@dwt.com>; Carvajal, Shanaye <ShanayeCarvajal@dwt.com>; Rella, Michael <MichaelRella@dwt.com>
**Cc:** James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey L. Hartman <jlh@bankruptcyreno.com>; Clay Brust <cbrust@rssblaw.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Subject:** Re: Meta - Subpoenas to Virtu

[EXTERNAL]

---

Barry:

On our Friday meet and confer, you pressed us for further information about the subpoenas and the Trustee's investigation, which we provided in the spirit of good faith and cooperation, but you did not offer any substantive information about whether Virtu will comply with the subpoenas. Like our prior call two months ago on May 30, you said you had not spoken with your client about the document requests in any detail. That is despite the plain language of the subpoenas, the fact that we conferred about this two months ago, and my July 17 email below which repeated the Trustee's questions in advance of our call. You received the initial subpoenas on March 18, four months ago, and we served the revised subpoenas on June 12, six weeks ago. Your unwillingness to meaningfully engage with the requests over those four months, the contents of your Responses and Objections, and the objections you have raised on our calls, lead us to conclude that Virtu will not produce in response to the subpoenas. If you change your mind, please let us know by this Thursday, as discussed. We plan to promptly move to compel Virtu's compliance.

To summarize what we told you by phone on Friday, in the interest of full transparency and good faith: the Trustee has received productions of trade data from multiple other subpoena recipients. We will cite those to the Court in contrast with Virtu's refusals. None of those parties' materials overlap with what we are seeking from Virtu, so there is no other party that can narrow or satisfy Virtu's production obligation. We would like Virtu to produce trade data, which should not be burdensome and would at least partly satisfy the document requests. Whatever statements the Trustee has made in the past regarding trading of Meta Materials shares do not diminish the Trustee's need for discovery from Virtu, because we are seeking non-public information from you. We served two subpoenas because the Rule 2004 subpoena also calls for a custodian of records deposition, in addition to the identical document requests in both subpoenas. You have not answered any of our questions about Virtu's records, so we will include the deposition request in a motion to compel. The Trustee is investigating potential wrongdoing related to trading of Meta securities, but we have not made any decisions on which parties to sue, if any. The Trustee is investigating possible manipulation of the debtor's stock which may have affected its financial condition. Meta's stock price plummeted over time, which may be due in part to spoofing and shorting, which is what the Trustee is investigating.

The subpoenas are based on a number of statutes and rules: FRCP 45; Fed. R. Bankr. P. 2004, 6009, and 9016; Local Rule 2004 of the U.S. Bankruptcy Court for D. Nev.; and 11 U.S.C. 704, at a minimum. Rule 2004 applies to "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate," and Section 704 states that the Trustee "shall . . . Investigate the financial affairs of the debtor." "In light of these duties, a Chapter 7 trustee is described as a fiduciary charged with protecting the interests of all creditors of the estate." *In re Bollinger*, 2015 Bankr. LEXIS 4572, *17 (Bankr. D. Nev. June 29, 2015). There is ample additional caselaw from the Bankr. D. Nev. about these statutes and rules.

Courts have endorsed subpoenas in cases with similar fact patterns. See the attached order from *In re: Sorrento Therapeutics, Inc*., No. 23-90085 (Bankr. S.D. Tex. Apr. 4, 2023), Dkt. No. 334. The decision granted the attached Debtors' Emergency Motion from that case, Dkt. No. 330. The motion concerned documents requested from 25 brokers, dealers, and other firms (Exhibit A to the motion). The motion includes citation to caselaw about the broad scope of a Rule 2004 examination. Page 6 of 12. See also *In re Millenium Lab Holdings II, LLC*, 562 B.R. 614, 626-28 (Bankr. D. Del. 2016), and the authorities cited therein. In *Millenium*, the court (like others) described Rule 2004 discovery as a permissible "fishing expedition," which speaks to this discovery mechanism as a unique tool for the Trustee to investigate on the debtor's behalf: "Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a 'fishing expedition' and 'an inquisition.' Indeed, a Rule 2004 examination is generally not available once an adversary proceeding or contested matter has been commenced; at that point, discovery is made pursuant to the Federal Rules of Bankruptcy Procedure." 562 B.R. at 626 (internal citations and certain quotations omitted). There is ample additional caselaw stating that the scope of examination under Rule 2004 is broad, broader than under the FRCP, and the investigatory powers extend to third parties with any information relevant to the debtor's financial affairs. There are many other examples of Rule 2004 discovery being granted for pre-litigation discovery in bankruptcies.

Your edits to the protective order are fine with us. I accepted all the edits and made two further edits--I changed "proceedings" to singular in the first line and deleted "outside" in paragraph 5(a), "the Trustee's counsel of record in this Action," since the Trustee isn't an entity and doesn't have in-house counsel. Clean version attached. Let us know whose signature we should use for DWT. If you have

nothing further we'll get this on file.  Whether Virtu produces voluntarily or in response to a court order, it will be useful to have this on file.

Best,
David



**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:   (800) 689-0024
Direct:      (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com
***Admitted in New York and District of Columbia.***

---

**From:** Gold, Barry <BarryGold@dwt.com>
**Sent:** Monday, July 21, 2025 2:07 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>; James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey L. Hartman <jlh@bankruptcyreno.com>; Clay Brust <cbrust@rssblaw.com>; Ryan R. C. Hicks <rhicks@schneiderwallace.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Subject:** RE: Meta - Subpoenas to Virtu

**Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David:

How does your schedule look for a meet and confer Friday after 11:30?  Also, attached for your review is the draft Stipulated Protective Order with our comments.

Best regards.

**Barry Gold**  He/Him/His
**Of Counsel,** Davis Wright Tremaine LLP

**P** 212.880.3978  **C** 347.949.2054  **E** barrygold@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** David D. Burnett <dburnett@schneiderwallace.com>
**Sent:** Thursday, July 17, 2025 3:28 PM
**To:** Gold, Barry <BarryGold@dwt.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>; James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey L. Hartman <jlh@bankruptcyreno.com>; Clay Brust <cbrust@rssblaw.com>; Ryan R. C. Hicks

<rhicks@schneiderwallace.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Subject:** Re: Meta - Subpoenas to Virtu

[EXTERNAL]

Barry:

Sorry for the delay.  I can confer next Tuesday or any day thereafter next week.  I could speak Tuesday morning until noon EST or between 1 and 3 EST.  Wednesday I'm free any time until 4 pm EST.  Please let us know your available time windows and I'll coordinate on our end.

Does your willingness to confer mean that Virtu is willing to produce documents in response to the subpoena?  If so, we'd like to know on or before the call, at a minimum:  1) have you discussed Virtu's records and a production with them, 2) what data and/or documents does Virtu have which are responsive to the Trustee's five document requests, 3) does Virtu have records for all four tickers from the full date range specified in the supplemental instructions, 4) will you produce documents from all three Virtu entities listed in the Supplemental Instructions and are there any other applicable entities, 5) what will Virtu produce, and 6) on what timeframe.  When we conferred previously on May 30, you said you hadn't discussed such specifics with your client.  We assume that at least some of the information responsive to the subpoenas will take the form of data in spreadsheets, which we expect would not be hard to generate from Virtu's computer systems.

If Virtu will not agree to produce, we can discuss that discovery dispute on our call next week, pursuant to Bankr. D. Nev. Local Rule 7037.  If Virtu won't produce the Trustee will promptly move to compel Virtu's production in the bankruptcy court.

I haven't seen your comments/edits to the revised draft of the protective order.  Please send those promptly.  I sent you the revised draft, responding to your June 6 comments, last month.

Best,
David



**SCHNEIDER² WALLACE**
**COTTRELL KIM** LLP

**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:      (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com
***Admitted in New York and District of Columbia.***

**From:** Gold, Barry <BarryGold@dwt.com>
**Sent:** Thursday, July 10, 2025 8:06 AM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>; James Wes Christian <jchristian@christianattarlaw.com>; Jeffrey L. Hartman <jlh@bankruptcyreno.com>; Clay Brust <cbrust@rssblaw.com>; Ryan R. C. Hicks

<rhicks@schneiderwallace.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Subject:** Re: Meta - Subpoenas to Virtu

**Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David:

Please give us some times next week you are free to meet and confer. I should be able to send you the draft Protective Order with our comments later today. Thanks.

Barry

Sent from my iPhone

On Jul 3, 2025, at 2:44 PM, David D. Burnett <dburnett@schneiderwallace.com> wrote:

**[EXTERNAL]**

Mr. Gold:

We received Virtu's responses and objections to the Trustee's subpoenas. We are confused by your document, however, and find it unhelpful. The takeaway point we need to know is, will Virtu produce any materials in response to the subpoenas? Your document repeatedly refers to production "to the extent Virtu is required to produce" and "if Virtu is required to produce." Virtu is required to produce in response to these valid subpoenas, so in our view your statements should not be conditional. Do you mean "if Virtu is required to produce" by the Court in response to a motion to compel? I've not seen subpoena objections phrased the way you have. At the end of the document you write that "If Virtu has possession, custody, or control of non-privileged documents responsive to [the] requests, it is withholding them at this time on the basis of these objections." Is that a catchall statement that Virtu is unwilling to produce any documents? Also, given the language of this sentence, have you done any investigation of Virtu's records to determine what responsive information it has, including documents and data?

If Virtu is open to producing documents as required by the subpoenas, let's set up a time to confer. If Virtu refuses to produce, please confirm that so we can consider our options, including possibly moving to compel.

You asked me to resend the draft protective order last week, two days before you served the R&Os, so you could give comments. Please send us any comments or edits, though if Virtu is refusing to produce, the protective order may be moot for the moment.

David

**David D. Burnett**
**Attorney at Law**
1050 30th Street NW
Washington, DC 20007
Main Line: (415) 421-7100
Toll Free:  (800) 689-0024
Direct:     (510) 740-2939
Facsimile: (415) 421-7105
www.schneiderwallace.com

*Admitted in New York and District of Columbia.*

**From:** Gold, Barry <BarryGold@dwt.com>
**Sent:** Thursday, June 26, 2025 4:04 PM
**To:** David D. Burnett <dburnett@schneiderwallace.com>
**Cc:** Rella, Michael <MichaelRella@dwt.com>
**Subject:** Meta - Subpoenas to Virtu

> **Notice:** This email originated from outside of the organization. Please use caution before opening any attached file you did not expect from the sender. Contact support@langtech.com if in doubt.

David:

Attached are Virtu's Objections and Responses and to the second Subpoenas.

Best regards.

**Barry Gold**   He/Him/His
**Of Counsel | Davis Wright Tremaine LLP**
**P** 212.880.3978  **C** 347.949.2054  **E** barrygold@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

DWT.COM     <image002.png>

<virtu- meta materials - objections and responses to second subpoenas.pdf>