# EXHIBIT C

# EXHIBIT C

# STATE BAR OF NEVADA

## STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY

### Formal Opinion No. 34[1]

*Originally issued on 12/11/06; revised on 6/24/09*

### QUESTIONS

1. What is "ghost-lawyering"?

2. Is "ghost-lawyering" an **acceptable** practice?

3. What is the remedy for the appearing attorney when it is discovered or suspected that an ostensible *pro se* party is being assisted by a "ghost-lawyer"?

4. What are the ethical obligations of the appearing attorney in communicating with an ostensible *pro se* party being assisted by a "ghost-lawyer"?

5. What about "ghost-lawyering" in a non-litigation setting?

### ANSWERS

1. *"Ghost-lawyering" occurs* when a member of the bar gives **substantial** legal assistance, by drafting or otherwise, to a party ostensibly appearing *pro se*, with the lawyer's actual or constructive knowledge that the legal assistance will not be disclosed to the court.

2. *"Ghost-lawyering"* **is unethical unless** the "ghost-lawyer's" assistance and identity are disclosed to the court by the signature of the "ghost-lawyer" under Rule 11 upon every paper filed with the court for which the "ghost-lawyer" gave "substantial assistance" to the *pro se* litigant by drafting or otherwise.

3. *An appearing attorney's remedy upon the suspicion or discovery that a party ostensibly appearing pro se is aided by a "ghost-lawyer"*, is to move the court to exercise its discretion: (A) to require the *pro se* litigant to disclose whether the litigant is being assisted by a "ghost-lawyer"; (B) if so, to require the *pro se* litigant to disclose the

---

[1] This opinion is issued by the Standing Committee on Ethics and Professional Responsibility of the State Bar of Nevada, pursuant to S.C.R. 225. It is advisory only. It is not binding upon the courts, the State Bar of Nevada, its board of governors, any persons or tribunals charged with regulatory responsibilities, or any member of the state bar.

Page 1 of 11

identity of the "ghost-lawyer"; and (C) to require the "ghost-lawyer" to appear and sign all pleadings, motions and briefs in which the "ghost-lawyer" assisted.

4.   *An appearing attorney's obligation, when dealing with an ostensibly pro se litigant assisted by a "ghost-lawyer"*, is to consider the *pro se* litigant "unrepresented" for purposes of the Rules of Professional Conduct. That has at least two consequences: (1) the appearing attorney's communication with the *pro se* litigant is not an *ex parte* communication prohibited by Rule 4.2; and (2) the communicating attorney must comply with Rule 4.3 governing communications with "unrepresented" persons.

5.   *"Ghost-lawyering" in non-litigation settings:*

>   a.   A member of the bar is engaging in "ghost-lawyering" in the non-litigation setting if the lawyer gives "substantial" legal assistance, by drafting or otherwise, to a party ostensibly not assisted, with the lawyer's actual or constructive knowledge that the legal assistance will be anonymously presented to the other attorney in the transaction by the ostensibly unassisted party; and
>
>   b.   "Ghost-lawyering" is an unethical practice in the non-litigation setting, unless: (A) the "ghost-lawyer's" assistance and identity are disclosed in writing to the other attorney in the transaction; and (B) the disclosure notifies the other attorney whether that attorney must communicate about the transaction with the "ghost-lawyer" or the unrepresented party, or either, or both.

## AUTHORITIES RELIED ON

Nevada Supreme Court Rule 46;
Nevada Rules of Professional Conduct 1.2, 1.16, 3.3, 4.2, 4.3 & 8.4;
*In re Mungo,* 305 B.R. 762 (D.C. S.C. 2003);
*Chudasma v. Mazda Motor Corporation*, 1995 WL 6411984 (D.C. GA. 1995);
ABA Informal Opinion 1414 (June 6, 1978);
ABA Formal Opinion 07-446 (May 5, 2007);
*Ricotta v. State of California*, 4 F.Supp.2d 961 (D.C. CA. 1998);
Oklahoma Bar Ethics Opinion 2001-4 (2001);
State Bar of New York Committee on Professional Ethics Opinion No. 613
    (September 24, 1990);
Los Angeles County Bar Association Professional Responsibility and Ethics
    Committee Ethics Opinion 502 (November 4, 1999);
23 Los Angeles Lawyer (September, 2000);
Jona Goldschmidt, *"In Defense of Ghostwriting"*, Fordham Urban Law Journal

(February, 2002);
Adams, "'Unbundled Legal Services': A Solution to the Problems Caused by *Pro Se* Litigation in Massachusetts's Civil Courts", 40 New England Law Review 303 (Fall 2005);
Rothermich, "Ethical and Procedural Implications of 'Ghost Writing' For Pro Se Litigants: Toward Increased Access to Civil Justice", 67 Fordham Law Review 2687 (April 1999);
Los Angeles County Bar Association Professional Responsibility and Ethics Committee Ethics Opinion 502 (November 4, 1999);
Alaska Ethics Opinion No. 93-1 (May 25, 1993);
Arizona Bar Ethics Opinion 05-05 (May 2005);
Iowa Ethics Opinion 94-35 (May 23, 1995);
Massachusetts Ethics Opinion 98-1 (1998);
*Duran v. Carris*, 238 F.3d 1268 (10th Cir. 2001);
*Johnson v. Board of County Commissioners*, 868 F.Supp. 1226 (D.C. Colo. 1994);
*Iowa Supreme Court Board of Professional Ethics and Conduct v. Lane*, 642 N.W.2d 296 (2002);
Annotated Model Rules of Professional Conduct, 5th Ed., ABA (2003) at page 610;
*Laremont-Lopez v. Southern Tidewater Opportunity Center*, 968 F.Supp. 1075 (D.C. VA. 1997);
Florida Bar Ethics Opinion 79-7 (as revised 2-15-2000);
Association of the Bar of the City of New York Formal Opinion 1987-2 (March 23, 1987);
Connecticut Ethics Opinion 98-5 (January 30,1998);
Iowa Ethics Opinion 96-31 (June 5, 1997);
*Ellis v. Maine*, 448 F.2d 1325 (1st Cir. 1971);
*Wesley v. Don Stein Buick, Inc.*, 987 F.Supp 884 (D.C. Kan. 1997)

## DISCUSSION

**Question No. 1:    What is "Ghost-Lawyering"?**

"Ghost-writing" is defined as the practice of a member of the bar assisting a *pro se* litigant (without entering a formal appearance in the case as an attorney of record) by drafting, or guiding the drafting of, a substantial portion of the pleadings, motions, and briefs for the *pro se* litigant without signing them, and thus escaping the professional, ethical, and substantive obligations imposed on licensed attorneys. *In re Mungo*, 305 B.R. 762 (DC SC 2003); *Letter of Private Reprimand* No. 05-111-1865 issued by the Southern Nevada Disciplinary Board, *Nevada Lawyer*, August 2006 at p. 40.

This Opinion will refer to the broader term "ghost-<u>lawyering</u>" to refer to the practice of giving substantial legal assistance to a *pro se* party (without entering a formal appearance in the case as an attorney of record) which includes "ghost-<u>writing</u>", but also includes substantial legal assistance beyond the drafting of papers to be submitted to the court. *Cf. Chudasma v. Mazda Motor Corporation*, 1995 WL 6411984 (D.C. Ga. 1995) at 29 & 31; ABA Informal Opinion 1414 (June 6, 1978). The question, then, is what legal assistance by a non-appearing attorney to an ostensible *pro se* litigant rises to the level of "substantial" assistance so as to amount to "ghost-lawyering"?

"Ghost-lawyering" does **not** include informally giving limited informal legal advice and assistance to family and friends. *In re Mungo*, 305 B.R. 762 (DC SC 2003); *Ricotta v. State of California*, 4 F.Supp.2d 961 (D.C. CA 1998); Oklahoma Bar Ethics Opinion 2001-4 (2001). Similarly, aid in completing a preprinted form is not substantial assistance within the meaning of this Opinion. Further, brief answers to telephone inquiries apprising persons of potential legal issues and rights does not constitute substantial legal assistance within the meaning of this opinion. Suggestions that a person seek legal assistance or referral to counsel is not ghost-lawyering. Likewise, baseline bar or government efforts to support pro se litigants and their self-help efforts are not ghost-lawyering.

In response to concerns raised by not-for-profit legal aid services providers regarding this advisory opinion, the State Bar of Nevada Office of Bar Counsel specifically recognizes the "practical necessity" exception to the unauthorized practice of law prohibition and related policies in assisting parties. "[T]he practical necessity apparently lies in a comparative lack of lawyers in the light of the volume of transactions of the type requiring the simple legal services. It is a situation where the legal profession is unable to provide the public with the simple services necessary to the transaction. *Pioneer Title Ins. & Trust Co. v. State Bar of Nev.*, 74 Nev. 186, 326 P.2d 408 (1958)(quot. *Lowell Bar Ass'n v. Loeb*, 315 Mass. 176, 52 N.E.2d 34 (1943)("The actual practices of the community have an important bearing on the scope of the practice of law."). In this context, "legal aid services providers" are bona fide 501(c)(3), government, or court-annexed programs such as Legal Aid Center of Southern Nevada, Nevada Legal Services, Inc., Washoe Legal Services, the Senior Citizen Law Projects, and Volunteer Attorneys for Rural Nevadans. This exception is based upon the nature of these programs as legitimate providers wholly dedicated to legal aid services, with trained staff under the supervision of licensed attorneys, and under the mandates to aid the poor as recognized by Supreme Court Rule 15 creating the Supreme Court Access to Justice Commission.

For attorneys not subject to this exception, the Committee adopts the rule that a licensed attorney crosses the line into "ghost-lawyering" when the lawyer gives substantial legal assistance, by drafting or otherwise, to a party ostensibly appearing *pro se*, with the lawyer's actual or constructive knowledge that the legal assistance will not be disclosed to the court. *In re Mungo,* 305 B.R. 762 (D.C. S.C. 2003); *Ricotta v. State of California*, 4 F.Supp.2d 961 (D.C. CA 1998); State Bar of New York Committee on Professional Ethics Opinion No. 613 (September 24, 1990); Oklahoma Bar Ethics Opinion 2001-4 (2001).

**Question No. 2:    Is "Ghost-Lawyering" Ethical?**

There is currently a nationwide debate whether "ghost-lawyering" is ethical. Los Angeles County Bar Association Professional Responsibility and Ethics Committee Ethics Opinion 502 (November 4, 1999); 23 Los Angeles Lawyer (September, 2000).

The early court decisions expressing judicial disapproval of "ghost-writing" were not based on ethical considerations. Jona Goldschmidt, "*In Defense of Ghostwriting*", Fordham Urban Law Journal (February 2002) at footnote 98–102.  Then, in 1978 the ABA Standing Committee on Ethics and Professional Responsibility issued its Opinion 1414 (June 6, 1978)[2]. That Opinion concluded that it was an ethical violation of the Rule requiring candor to the court for a non-appearing attorney to give "extensive" advice to, or prepare a court document for, a *pro se* litigant. Today, there are differing views on the ethics of a non-appearing "ghost-lawyer".

One view is that the client has the right to limit the scope of the legal services under Rule 1.2[3], and the lawyer has the ethical right to provide "unbundled"[4] legal services to the client without appearing or disclosing the lawyer's role or identity. Rothermich, "Ethical and Procedural Implications of 'Ghost Writing' For Pro Se Litigants:

---

[2]Superseded by ABA Formal Opinion 07-446 (May 5, 2007).
[3]"**Rule 1.2. Scope of Representation and Allocation of Authority Between Client and Lawyer.**

...(c)    A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent."
[4]*See,* Adams, "'Unbundled Legal Services': A Solution to the Problems Caused by *Pro Se* Litigation in Massachusetts's Civil Courts", 40 New England Law Review 303 (Fall 2005); *See, Letter of Private Reprimand* No. 05-111-1865 issued by the Southern Nevada Disciplinary Board, *Nevada Lawyer*, August 2006

Toward Increased Access to Civil Justice", 67 Fordham Law Review 2687 (April 1999); Goldschmidt, at footnote 120; Los Angeles County Bar Association Professional Responsibility and Ethics Committee Ethics Opinion 502 (November 4, 1999); 23 Los Angeles Lawyer (September, 2000) at footnote 8; Alaska Ethics Opinion No. 93-1 (May 25, 1993); Arizona Bar Ethics Opinion 05-05 (May 2005). This was the view adopted by the ABA Standing Committee on Ethics and Professional Responsibility in 2007. ABA Formal Opinion 07-446 (May 5, 2007).

A contrary view that it is unethical for a member of the bar to give "substantial" assistance to a *pro se* litigant without making a formal appearance in the case. *Ricotta v. State of California*, 4 F.Supp.2d 961 (D.C. CA 1998); ABA Informal Opinion 1414 (June 6, 1978) (using "extensive" assistance rather than "substantial", but they appear the same); Rothermich, at footnote 118; Los Angeles County Bar Association Professional Responsibility and Ethics Committee Ethics Opinion 502 (November 4, 1999); 23 Los Angeles Lawyer (September, 2000) at footnote 8; Iowa Ethics Opinion 94-35 (May 23, 1995); Massachusetts Ethics Opinion 98-1 (1998). This view holds that "ghost-lawyering" by a non-appearing member of the bar for a party who is ostensibly appearing in an action *pro se*, is an unethical practice for several reasons:

1.    It is an act of misrepresentation to the court that violates the attorney's duty of candor to the court as required by Nevada Rule of Professional Conduct 3.3.[5] *In re Mungo*, 305 B.R. 762 (DC SC 2003); *Duran v. Carris*, 238 F.3d 1268 (10th Cir. 2001); *Johnson v. Board of County Commissioners*, 868 F.Supp. 1226 (D.C. Colo. 1994) ("Having a litigant appear to be *pro se* when in truth an attorney is authoring pleadings and necessarily guiding the course of the litigation with an unseen hand is ... far below the level of candor which must be met by members of the bar."); *Iowa Supreme Court Board of Professional Ethics and Conduct v. Lane*, 642 N.W.2d 296 (2002); *Letter of Private Reprimand* No. 05-111-1865 issued by the Southern Nevada Disciplinary Board, *Nevada Lawyer*, August 2006 at p. 40;

2.    It is a violation of subsections (c) and (d) of Rule 8.4.[6] Massachusetts Ethics

---

at p. 40.
[5] "**Rule 3.3. Candor Toward the Tribunal.** (a) A lawyer shall not knowingly: (1)Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer..." Formerly SCR 172.
[6] "**Rule 8.4. Misconduct.** It is professional misconduct for a lawyer to:

...(c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

Page 6 of 11

Opinion 98-1 (1998); Annotated Model Rules of Professional Conduct, 5th Ed., ABA (2003); Rothermich, at footnote 80;

3. It exploits the court's practice of holding *pro se* parties to a less stringent standard for pleadings than lawyers. *Laremont-Lopez v. Southern Tidewater Opportunity Center*, 968 F.Supp. 1075 (D.C. VA. 1997) (rejecting the lawyer's argument that the lawyer was employed for the limited purpose of drafting the Complaint and no longer represented the plaintiff); *In re Mungo,* 305 B.R. 762 (DC SC 2003); *Duran v. Carris*, 238 F.3d 1268 (10th Cir. 2001); *Johnson v. Board of County Commissioners*, 868 F.Supp. 1226 (D.C. Colo. 1994);

4. It effectively nullifies the certification requirement of Rule 11 and inappropriately shields the "ghost-lawyer" from accountability under Rule 11. *Laremont-Lopez v. Southern Tidewater Opportunity Center*, 968 F.Supp. 1075 (DC VA 1997) (rejecting the lawyer's argument that the lawyer was employed for the limited purpose of drafting the Complaint and no longer represented the plaintiff); *In re Mungo,* 305 B.R. 762 (DC SC 2003); *Johnson v. Board of County Commissioners*, 868 F.Supp. 1226 (D.C. Colo. 1994); *Letter of Private Reprimand* No. 05-111-1865 issued by the Southern Nevada Disciplinary Board, *Nevada Lawyer*, August 2006 at p. 40; and

5. It circumvents the withdrawal of appearance restrictions of court rules[7]. *Laremont-Lopez v. Southern Tidewater Opportunity Center*, 968 F.Supp. 1075 (DC VA 1997) (rejecting the lawyer's argument that the lawyer was employed for the limited purpose of drafting the Complaint and no longer represented the plaintiff).

This Committee rejects the new view of the ABA Standing Committee on Ethics and Professional Responsibility expressed in ABA Formal Opinion 07-446 (May 5, 2007). The Committee believes that the better view is one which strikes a proper balance between the public policy of serving clients with unbundled legal services and the view that even disclosed "ghost-lawyering" is improper. This Committee adopts the rule that it is unethical to act as a "ghost-lawyer", unless both the "ghost-lawyer's" assistance and identity [8] are disclosed to the court by the signature of the "ghost-

---

(d) Engage in conduct that is prejudicial to the administration of justice;..."
(Formerly SCR 203).
[7] SCR 46 and Nevada Rule of Professional Conduct 1.16 (formerly SCR 166).
[8] Some ethics opinions or rules require that only the <u>fact</u> of lawyer assistance be disclosed without disclosing the identity of the "ghost-lawyer". For example, Florida requires that all papers filed with the court contain the disclosure: "Prepared with the assistance of counsel." Florida Bar Ethics Opinion 79-7 (as

lawyer" under Rule 11 upon every paper filed with the court for which the "ghost-lawyer" gave substantial assistance to the *pro se* litigant by drafting or otherwise. Rothermich, at footnotes 196 – 200; State Bar of New York Committee on Professional Ethics Opinion No. 613 (September 24, 1990); Connecticut Ethics Opinion 98-5 (January 30,1998); Iowa Ethics Opinion 96-31 (June 5, 1997); *Duran v. Carris*, 238 F.3d 1268 (10th Cir. 2001) (Drafting a brief for a *pro se* appellant without signature is *per se* "substantial"); *Ellis v. Maine*, 448 F.2d 1325 (1st Cir. 1971); Oklahoma Bar Ethics Opinion 2001-4 (2001).

The Committee notes that some of the most worrisome occurrences of ghost-lawyering may be performed by nonlawyers engaged in unauthorized practice of law. For example, it is widely reported that non-lawyer paraprofessional businesses, for a fee, regularly seek to assist ostensibly pro se litigants in personal legal matters involving divorce, child custody, landlord-tenant disputes and similar matters. This assistance may include a substantial amount of counseling, legal advice, and preparation of documents intended to have legal effect or in connection with a legal proceeding.

This type of activity is both the unauthorized practice of law if performed by a nonlawyer and constitutes ghost-lawyering that is unethical if it is not properly disclosed to the tribunal and opposing parties. To the extent that a nonlawyer engages in such activity, he or she has violated both the Rules of Professional Conduct and state statutory law prohibiting unauthorized practice.

Although nonlawyers engaged in unauthorized practice are obviously not members of the Bar, their failure to comply with the Rules of Professional Conduct when engaged in unauthorized practice provides additional legal grounds for condemning their conduct and imposing punishment. For example, a nonlawyer engaged in such activity could properly be held civilly liable for the consequences of the activity in the same manner in which a lawyer in similar circumstances could be held liable for malpractice or breach of fiduciary duty.

---

revised 2-15-2000). *See also*, Association of the Bar of the City of New York

Page 8 of 11

**Question No. 3:    Remedy**

When a court is advised or suspects that a party ostensibly appearing *pro se* is actually assisted by a "ghost-lawyer", the court may, in its discretion: (A) require the *pro se* litigant to disclose whether the litigant is being assisted by a "ghost-lawyer"; (B) if so, require the *pro se* litigant to disclose the identity of the "ghost-lawyer"; and (C) require the "ghost-lawyer" to appear and sign under Rule 11 all pleadings, motions and briefs in which the ghost-lawyer assisted. *In re Mungo,* 305 B.R. 762 (DC SC 2003). Therefore, when an appearing attorney is advised or suspects that a party ostensibly appearing *pro se* is actually assisted by a "ghost-lawyer," the appearing attorney should move the court to exercise that discretion.

Where ghost-lawyering by a non-lawyer becomes apparent, the court should report unauthorized practice of law to the State Bar and advise the pro se litigant of prohibitions against such activity by nonlawyers.

**Question No. 4:    *Ex Parte* Communication with "Represented" Person**

A reverse "ghost-lawyering" question is the ethical obligation of the attorney dealing with a party being assisted by a "ghost-lawyer". What are the ethical obligations of an appearing attorney in an action who must deal with an ostensibly *pro se* party when the attorney suspects or knows that the *pro se* party is being advise by a "ghost-lawyer"? Is it an *ex parte* communication prohibited by Rule 4.2[9] for the attorney to communicate with the *pro se* party? For example, after the *pro se* party tells the attorney that another attorney is assisting the party in the case, can the attorney communicate with the ostensibly *pro se* party about settlement of the case?

Assuming the attorney "knows" that the party is being assisted by the "ghost-lawyer", the answer depends on whether the party is "represented" as that term is used in Rule 4.2.

In jurisdictions where <u>undisclosed</u> "ghost-lawyering" is ethical, it is consistently viewed that the *pro se* client is "representing" himself/herself for all aspects of the case.

---

Formal Opinion 1987-2 (March 23, 1987).
[9]"**Rule 4.2. Communication With Person Represented by Counsel.** In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Formerly SCR 182.

Page 9 of 11

It follows in those jurisdictions that even when the attorney "knows" that the party is being assisted by a "ghost-lawyer", for purposes of Rule 4.2, the "ghost-lawyer" is not "representing" the *pro se* party, and, the attorney may ethically communicate directly with the *pro se* party concerning all matters relating to the case, including settlement. Los Angeles County Bar Association Professional Responsibility and Ethics Committee Ethics Opinion 502 (November 4, 1999); 23 Los Angeles Lawyer (September, 2000).

On the other hand, in jurisdictions where undisclosed "ghost-lawyering" is <u>not</u> ethical, it would be inconsistent to follow the above view. In those jurisdictions, the view should be that the "ghost-lawyer" is unethically "representing" the ostensible *pro se* party for purposes of Rule 4.2.[10] In those jurisdictions, it would seem that where the attorney "knows" that the ostensible *pro se* party is actually "represented" by a "ghost-lawyer", the attorney would be precluded by Rule 4.2 from communicating with the party. In that untenable situation, the attorney obviously cannot conduct or settle a litigation with a party with whom the attorney cannot communicate. The only solution would seem to be the requirement that – once a attorney knows that the ostensible *pro se* party is being assisted by a member of the bar – the attorney must report that communication to the court and move the court to exercise its inherent power to require the party to: (1) disclose the assistance and identity of the "ghost-lawyer"[11]; and (2) elect whether the appearing attorney must communicate about the case with the "ghost-lawyer" or the *pro se* party, or either, or both.

This Committee adopts the rule that in Nevada – which in this Opinion approves "ghost-lawyering" (by lawyers only; not by nonlawyers) <u>so long as</u> it is fully disclosed to the court – the *pro se* litigant, who is assisted by a disclosed "ghost-lawyer" providing unbundled services to the *pro se* litigant, is considered "unrepresented" for the purposes of the Rules of Professional Conduct. That has at least two consequences: (1) the appearing attorney's communication with the *pro se* litigant is not an *ex parte* communication prohibited by Rule 4.2; and (2) the communicating attorney must comply with Rule 4.3[12] governing communications with "unrepresented" persons.

---

[10]*Contra*, Oklahoma Bar Ethics Opinion 2001-4 (2001).
[11]*Cf. Wesley v. Don Stein Buick, Inc.*, 987 F.Supp 884 (D.C. Kan. 1997).
[12]Formerly SCR 183.

Page 10 of 11

**Question No. 5:    Non-Litigation Matters**

The remaining question is the ethical considerations of "ghost-lawyering" in a non-litigation setting? For example, a real estate transaction in which one of the parties is being assisted anonymously by a member of the bar. Similar considerations apply. The identified attorney is entitled to know that the ostensibly unrepresented party is being assisted by a licensed but anonymous attorney. Likewise, the identified attorney is entitled to know with whom (s)he may ethically communicate about the transaction.

This Committee adopts a similar rule for "ghost-lawyering" in the non-litigation setting:

1. A member of the bar is engaging in "ghost-lawyering" in the non-litigation setting if the lawyer gives "substantial" legal assistance, by drafting or otherwise, to a party ostensibly not assisted, with the lawyer's actual or constructive knowledge that the legal assistance will be anonymously presented to the other attorney in the transaction by the ostensibly unassisted party; and

2. "Ghost-lawyering" is an unethical practice in the non-litigation setting, unless: (A) the "ghost-lawyer's" assistance and identity are disclosed in writing to the other attorney in the transaction; and (B) the disclosure notifies the other attorney whether that attorney must communicate about the transaction with the "ghost-lawyer" or the unrepresented party, or either, or both.

Ghost Lawyering  Revised 10-22-2008