# EXHIBIT 1

# EXHIBIT 1

To: Office of the United States Trustee

U.S. Department of Justice

Danielle D Spears

Pro Se Litigant and MMTLP Shareholder

Re: Whistleblower Submission Regarding Suspected Financial Misconduct in Meta Materials Inc. Bankruptcy Chapter 7 (Case No. 24-50792-hlb)

Date: 06/25/25

Dear U.S. Trustee,

I am writing as a concerned shareholder, whistleblower, and pro se litigant to report what I believe to be a sophisticated scheme involving concealment of litigation funding, improper retention of conflicted counsel, and possible money laundering activity within the bankruptcy case of Meta Materials Inc. ("META"), Case No. 24-50792-hlb, currently pending before the U.S. Bankruptcy Court in Reno, Nevada.

This submission arises out of my independent investigation and litigation involving the same entities and individuals appearing in this case. I allege that attorney James "Wes" Christian has used his law firms, Christian Attar, Christian Smith & Jewell, and Christian Levine (and possibly Christian Smith & Associates) to facilitate a structure that conceals the identities of third-party litigation funders, reroutes litigation proceeds into a private trust account under his exclusive control, and enables executive insiders across three corporate entities, Meta Materials Inc. ("META"), Next Bridge Hydrocarbons, Inc. ("NBH"), and Torchlight Energy Resources, Inc. ("TRCH"), to avoid liability while extracting creditor and shareholder value through coordinated bankruptcy litigation. Further there are approximately 9 court cases across the United States all suing a mixture of these entities and their executives.  I myself am a pro se litigant with an active case in the Western District of Texas in Spears v SEC (FINRA, NBH, Greg McCabe, John Brda) in Case no. 7:24-cv-321.

To tell you the story of what has occurred and what is occurring now could truly be written in book form because of the number of entities, executives and years that this crime scene extends.

In truth, I believe that this all began with one man in particular whose name is Greg McCabe. He is an oil and gas man from Midland, Texas. I tracked him all the way back to 2014 when he approached a small flailing oil and gas company, TRCH. I can place McCabe and Christian as having crossed paths no later than January 18, 2023. It's very possible that they knew each other earlier than that, but I cannot say for certain. I am aware of at least 35 shell companies owned by McCabe. McCabe appears to just move money from entity to entity. Whereas Christian seems to reinvent himself a new law firm every few years.

This particular story is in its final act. That is not to say that they will not do this all over again, but this particular story will conclude with the bankruptcy at which time they will extract all possible value and bury the remains. Which is to say that META, a Canadian green tech company has finally entered bankruptcy. I believe the company was purposely bankrupted so they can complete the burial of evidence. McCabe has likely already started a new venture or will begin a new venture and rinse and repeat as I've watched him do at least once already.

META is the issuer of two stocks, MMAT & MMTLP. I'm attaching multiple documents and have thousands of pages of evidence. At present, they appear to have found a Trustee, Christina Lovato and her attorney Jeffrey L. Hartman who appears to be fully on board, seemingly now filing documents to keep this fraud going within the bankruptcy. I filed a motion in the bankruptcy case in early June and am preparing a supplemental filing which I hope to file within a week. When I filed the Motion to Intervene and Stay proceedings and remove conflicted counsel, I was not fully aware that the Trustee and her counsel were protecting the conflicted counsel. At that time I believed it was just agents of the court protecting a fellow agent of the court. I now stand fully aware that this entire case is a sham. I believe them to be using this bankruptcy to extract as much value before they fully bury the rest of the evidence which has to do with the two stocks META issued.

On June 24th, NBH issued a press release. They made the decision to declare their financials for 2022, 2023, and 2024 unreliable. The SEC, who finally decided to do something, appears to now be forcing McCabe's hand. Despite admitting that prior financials are unreliable, NBH has failed to produce corrected reports for over 90 days. This violates the spirit of Rule 12b-20 and 13a-1 under the Exchange Act, which require timely disclosure of material facts and

maintenance of accurate records. NBH's failure to cure its defective filings further supports my assertion that the bankruptcy estate was structured around inflated or fabricated valuation claims. NBH with its CEO, McCabe, is the last man standing so to speak. My Texas case which is attached will give you a fairly detailed view of this entire trainwreck.  What is not included within those pages is the portion of the story related to META, but it will help you to understand how META became involved.  There are many moving parts to this story, and stock fraud appears to be the method they've used to commit these frauds.

This conduct raises serious red flags that implicate violations of the Bankruptcy Code, ethical rules, and possibly federal criminal statutes.

**I. Overview of the Misconduct**

Attorney Christian was allegedly approved as special counsel for META on November 4, 2024, despite failing to file the required paperwork to practice before the court until May 21, 2025. During that time, he actively participated in the case, influencing litigation strategy and financial arrangements. He also negotiated terms of protective orders with 9 entities who were all subpoena'd a few months ago. On May 22, 2025, upon finally filing the proper paperwork, the court granted him permission to practice in Nevada which I contend does not cure the misconduct.

Subsequently, on June 3, 2025, Trustee Christina Lovato submitted an application to employ a new firm, Schneider Wallace Cottrell Konecky LLP, claiming their litigation funding agreement was materially identical to the Christian Attar funding agreement. It is not. The initial funder agreement did not reveal the true identity of the litigation funder. Scott Traudt, a fellow pro se plaintiff raised the red flag about itI.  Instead of admitting who the third party funder is, they brought another (the fourth) law firm on board and issued a new litigation agreement which specifically does not identify who the third party is, nor does it state how much the commitment is for. Lovato instructed the judge in her application to employ that the new agreement was materially the same. It is not. The new agreement:

- Omits any reference to the litigation funder;
- Omits the funding commitment dollar amount;

- Requires all funds recovered to be paid to Christian Attar's Trust account;
- Mandates arbitration of disputes in Harris County, Texas, where Christian is based.

These terms suggest that Christian remains in control of the litigation financing and recoveries. This is a textbook indicator of financial laundering and concealment. There are an incredible amount of conflicts of interest and multiple other serious issues occurring within this court and on this docket. I've included the Motion to Intervene and Stay that was filed in early June and although it is not fully polished, I'm going to include the Supplemental filing that will be filed by Friday. Traudt has a hearing scheduled on this matter in mid-July, my hearing will likely be early August.

## II. Pattern of Misconduct

Across this bankruptcy and prior related corporate events:

- Christian has orchestrated agreements where legal fees and recoveries are routed through his firm regardless of who is officially retained.
- Trustee Lovato stated on the record that she brought in the new firm "because Christian told me to."
- The original litigation funding agreement references an $11.8 million fund controlled by an unidentified third-party entity. Further the agreement provides for a pre-approved second amount of $11.8 million. This figure is referenced again in the June 3 agreement without disclosure.
- NBH has now admitted that it must restate financials for 2022-2024, citing errors in valuation of the Orogrande oil project and Wildcat Project asset sales. These misstatements go to the heart of the shareholder litigation.
- The routing of funds to Christian's Texas trust account, combined with arbitration provisions and shifting firm names, appears designed to remove transparency, eliminate discovery opportunities, and frustrate creditor oversight. Thus they intend to cut the shareholders completely out of the equation.

## III. Requested Action

I respectfully request that the U.S. Trustee Program immediately:

1. Investigate the litigation funding arrangements in Case No. 24-50792-hlb;
2. Examine whether James "Wes" Christian has misrepresented his authority or role to the Court;
3. Determine if Christian, Lovato, Hartman or other parties are violating *11 U.S.C. § 327, § 329, Fed. R. Bankr. P. 2014*, or professional responsibility rules;
4. Freeze or review any trust accounts receiving funds related to this litigation;
5. Issue any necessary referrals to the U.S. Attorney's Office or FBI for further investigation.

I am prepared to supply all supporting documents filed in both this bankruptcy and in related federal litigation. I appreciate your attention to this matter and stand ready to assist in ensuring the integrity of the bankruptcy process.

Sincerely,


/s/Danielle D Spears
Danielle D Spears
12206 W Harrison Street
Avondale, AZ 85323

480-476-1091
spldbrat351964@gmail.com


Enclosures:

1. MOVANT'S EMERGENCY MOTION TO INTERVENE, TO STAY PROCEEDINGS, TO DISQUALIFY CONFLICTED COUNSEL AND TRUSTEE, AND TO RESET BANKRUPTCY ADMINISTRATION UNDER NEUTRAL AUTHORITY (Complete Filing)

2. MOVANT'S SUPPLEMENT FOR CLARIFICATION, VERIFIED ATTORNEY AND TRUSTEE MISCONDUCT, AND RENEWED REQUESTS FOR DISQUALIFICATION, REMOVAL, AND REFERRAL FOR SANCTIONS AND PROFESSIONAL DISCIPLINE & IN FURTHER SUPPORT OF MOVANT'S EMERGENCY MOTION TO INTERVENE, TO STAY PROCEEDINGS, TO DISQUALIFY CONFLICTED COUNSEL AND TRUSTEE, AND TO RESET BANKRUPTCY ADMINISTRATION UNDER NEUTRAL AUTHORITY, AND TO MOVANT'S MOTION TO COMPEL, ("SUPPLEMENT")
3. Second Amended Complaint