# EXHIBIT 2

# EXHIBIT 2

U.S. Department of Justice

Office of the United States Trustee
Northern and Eastern Districts of California and Nevada

*Reno Office*  775-784-5335
*300 Booth Street,*  *FAX 775-784-5531*
*Suite 3009*
*Reno, NV 89509*

*Website address: www.usdoj.gov/ust/r17*

July 23, 2025

*Via E-Mail*

Danielle D. Spears
12206 W. Harrison Street
Avondale, AZ 85323
E-mail: *spldbrat351964@gmail.com*

      ***Re:***    ***Complaint Against Chapter 7 Trustee, Christina W. Lovato***
              ***Chapter 7 Debtor Meta Materials Inc.***
              ***District of Nevada, Reno, Chapter 7 Bankruptcy Case No. 24-50792-hlb***

Dear Ms. Spears,

     This letter responds to your June 25, 2025 complaint (the "Complaint") against Chapter 7 Trustee Christina W. Lovato (the "Trustee") in the above-referenced chapter 7 case. This Office is sensitive to the issues raised in your Complaint, and we appreciate your patience regarding this matter.

     The principal duty of a chapter 7 trustee is to collect and liquidate unexempt property of the bankruptcy estate under 11 U.S.C. § 541 of the Bankruptcy Code and to distribute the proceeds to creditors. Section 327(a) of the Bankruptcy Code authorizes a chapter 7 trustee such as Ms. Lovato to employ, with the bankruptcy court's approval, attorneys (and other professionals) to represent and assist the trustee in carrying out her numerous responsibilities. In addition, section 327(e) of the Bankruptcy Code authorizes a trustee to employ attorneys for a specified purpose, other than to represent the trustee in conducting the case, if the representation is in the best interest of the bankruptcy estate, and if the attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. One important distinction is that section 327(e) does not include a "disinterestedness" requirement like that found in section 327(a) of the Bankruptcy Code. *Compare* 11 U.S.C. § 327(a) *with* 11 U.S.C. § 327(e); *see also* 11 U.S.C. § 101(14). Moreover, section 327(c) of the Bankruptcy Code provides that a professional is not disqualified for employment solely because of their prior employment by or representation of a creditor, unless there is an objection, and the Bankruptcy Court identifies an actual conflict of interest.

     Regardless of whether a professional is retained under section 327(a) or subsection (e), estate professionals have ongoing disclosure requirements referenced in section 328(c) and must remain free of adverse interests throughout the term of their employment by the bankruptcy estate. For example, under Fed. R. Bankr. P. 2014, estate professionals must include a verified statement in support of their retention applications setting forth any connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed by the

United States Trustee. *See* Fed. R. Bankr. P. 2014(a)(3).

The United States Trustee Program is the component of the Department of Justice responsible for supervising the administration of bankruptcy cases and private trustees under the Bankruptcy Code. A chapter 7 trustee is the representative of the bankruptcy estate. *See* 11 U.S.C. § 323(a). In responding to the Complaint, this Office thoroughly reviewed the bankruptcy court docket for this case, the response provided by the Trustee, and other relevant information. This Office's response to the allegations in the Complaint is set forth below.

### **The Trustee's Retention of Attorney James W. Christian and His Law Firm**

As you know, on October 31, 2024, the Trustee filed an ex parte application to employ, among other professionals, attorney James W. Christian ("Attorney Christian") of the law firm of Christian Attar as special litigation counsel on a 30 percent contingency fee basis. According to the application, Attorney Christian and his law firm were hired to assist the Trustee with investigating "potential claims and, if meritorious, pursue litigation related to suspected stock manipulation through illegal trading practices such as 'naked short selling' and 'spoofing.'" The Trustee indicates in the application that she believes the retention of attorneys specializing in the purchase and sale of securities is necessary to represent the bankruptcy estate's interest in recovery for the benefit of creditors and, potentially, the Debtor's equity security holders. At the time of filing, the Trustee's application to employ Attorney Christian and his law firm was, as required, supported by his verified statement, which does not disclose any disqualifying adverse interests to the bankruptcy estate or improper connections under Fed. R. Bankr. P. 2014. Consequently, the bankruptcy court approved Attorney Christian's retention on November 4, 2024.

Pursuant to his ongoing disclosure requirements described above, Attorney Christian filed an amended supplemental verified statement with the bankruptcy court on April 23, 2025 under Fed. R. Bankr. P. 2014. The supplement explains that after being engaged by the bankruptcy estate, Attorney Christian was asked to defend Next Bridge Hydrocarbons, Inc. ("NBH"), an entity associated with the Debtor, against various lawsuits filed in the Western District of Texas by unrepresented pro se plaintiffs. You appear to be one of those pro se plaintiffs. Accompanying Attorney Christian's supplemental verified statement is a letter to the Trustee's general bankruptcy counsel, Jeffrey L. Hartman of Hartman and Hartman, PC, asserting that Attorney Christian's representation of NBH does not constitute a disqualifying conflict in his view. Nevertheless, Attorney Christian indicates that he has withdrawn from representation of that entity vis-à-vis the Debtor in this bankruptcy case out of an abundance of caution.[1]

The United States Trustee has found no evidence in the record to indicate that the Trustee improperly employed Attorney Christian and his law firm as special litigation counsel on behalf of the bankruptcy estate, that Attorney Christian or his law firm represent or hold any interest adverse to the debtor or to the bankruptcy estate with respect to the matter on which they are employed, or that the Trustee has failed to properly supervise Attorney Christian and his law firm (or any of her other retained professionals in this case such as general bankruptcy counsel, Mr. Hartman and his law firm). Rather the Trustee's retention of Attorney Christian and his law firm under 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014 appears to be a proper exercise of the Trustee's business judgment and fiduciary obligations in this case.

---

[1] As explained further in Attorney Christian's supplemental Fed. R. Bankr. P. 2014 verified statement, Attorney Christian continues to represent NBH in its capacity as a plaintiff against various defendants in a lawsuit that is unrelated to the Debtor in this case.

**The Associated Contingency Litigation Funding Arrangement**

  Although somewhat difficult to decipher,[2] your Complaint appears to take issue with not only the Trustee's retention and supervision of Attorney Christian and his law firm on behalf of the bankruptcy estate but also the associated contingency litigation funding (*i.e.*, third party litigation funding ("TPLF")) arrangement. As you are likely aware, this type of funding is often used in complex contingency fee lawsuits where the costs of litigation, including expert witnesses, and other expenses are substantial. Based upon the United States Trustee's review of the application to employ Attorney Christian and the response provided to our office by the Trustee regarding your Complaint, the disclosed TPLF is Parabellum Capital—one of the longest tenured and experienced commercial litigation funders in North America according to its website.[3]

  The United States Trustee has found no evidence in the record to indicate that the TPLF arrangement in this case is somehow improper. As indicated, the Trustee's retention of Attorney Christian and his law firm under 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014 and the utilization of the TPLF appear to be a proper exercise of the Trustee's business judgment and fiduciary obligations.

**The Other Requests Made in the Complaint**

  As an aside, your complaint requests that the United States Trustee freeze any trust accounts receiving litigation funds and related payments along with issuing referrals to the United States Attorney and/or Federal Bureau of Investigation. Unfortunately, our enforcement authority is limited to taking civil actions within a bankruptcy case or referring fraud to an appropriate agency, and we are unable to inform you of our decision to refer these matters to another agency.

  As indicated, this Office has conducted a thorough review of the record, the response provided by the Trustee, and other relevant information. This Office has determined that the Trustee is properly carrying out her required duties under the Bankruptcy Code. Due to a lack of evidence to support the allegations in the Complaint, this Office is unable to determine that the Trustee engaged in wrongdoing. We consider the matter closed. Thank you for your Complaint.

  This Office acknowledges that you have separately filed a pleading with the bankruptcy court entitled "Movant's Emergency Motion to Intervene, to Stay Proceedings, to Disqualify Conflicted Counsel and Trustee, and to Reset Bankruptcy Administration Under Neutral Authority" and will continue to monitor the bankruptcy court's docket regarding that pending matter and the case in general. *See* ECF Docket No. 1988.

/ / /

---

[2] Your Complaint also makes reference to possible money laundering activity for which the United States Trustee is unable to identify any evidence in your submission and may be more appropriately referred to the United States Attorney as the United States Trustee has no criminal enforcement authority.

[3] https://www.parabellumcap.com/ (last visited July 23, 2025).

We understand that the bankruptcy process can be complex, and you may be disappointed in the United States Trustee's determination regarding your Complaint. Please note that this Office is not the bankruptcy court, and we cannot give you legal advice or explain legal concepts. You are encouraged to consult with counsel if deemed necessary.

Best Regards,

PETER C. ANDERSON
UNITED STATES TRUSTEE, REGION 17

*/s/ Cameron M. Gulden*
Cameron M. Gulden
Assistant United States Trustee, Reno Office


Cc:     Chapter 7 Trustee: Christina W. Lovato
        Chapter 7 Trustee's General Bankruptcy Counsel: Jeffrey L. Hartman