Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>    Debtor. | Case No.: 24-50792-hlb<br>(Chapter 7)<br><br>**TRUSTEE CHRISTINA LOVATO'S DECLARATION IN SUPPORT OF HER RESPONSE TO MOTION BY SCOTT TRAUDT, THIRD PARTY INTERVENOR AND MOVANT TO DISQUALIFY FROM SERVICE TO THE TRUSTEE ATTORNEY JAMES WESLEY CHRISTIAN AND CHRISTIAN ATTAR LAW FIRM ET.AL. AS SPECIAL COUNSEL AND TO DECLARE THE RETENTION AGREEMENTS AND OTHER NON-DISCLOSURE AGREEMENTS AS VOID AB INITIO [ECF NO. 2041]**<br><br>Hearing Date:   September 4, 2025<br>Hearing Time:   10:00 a.m. |

Christina Lovato, under penalty of perjury of the laws of the United States, declares:

1. I am the duly appointed and acting trustee for the chapter 7 estate of Meta Materials, Inc. ("Meta"). I have personal knowledge of the matters stated herein.

2. The Meta chapter 7 case was filed on August 9, 2024.

1

3. Following my appointment, I reviewed the petition and the schedules of assets and liabilities and the statement of financial affairs. I concluded that I would need legal representation to assist in my administration of the estate and employed Jeffrey Hartman of Hartman & Hartman for that purpose. Mr. Hartman has represented me as my general counsel in other complex cases including In re Double Jump, Inc., case no.19-50102 and related cases. That series of cases involved a $2 billion Ponzi scheme. Utilizing special litigation counsel, as Trustee I filed more than 50 adversary proceedings and have collected more than $100,000,000 for the consolidated estates. In that same matter, I have settled many claims without litigation, approved by the Court pursuant to F.R.Bankr.P. 9019 motions.

4. After my appointment in the Meta case, my counsel and I had discussions with former officers and directors regarding prepetition events.

5. Preliminary analysis of the information gathered lead me to conclude that the Meta estate has potential claims against a variety of individuals and/or entities related to the purchase and sale of the company's publicly traded stock, prior to the halt by NASDAQ of further trading.

6. As a result, I interviewed attorney James W. Christian of Christian Attar regarding possible representation of the Meta estate. I was aware that Christian Attar had previously represented Meta regarding an initial investigation into market manipulation of its securities.

7. I filed applications to employ Christian Attar, Kasowitz, Benson & Torres, and a third firm, Schneider Wallace, Cottrell & Konecky. The three firms are representing the Meta estate on a contingent fee basis. In addition, the litigation funding firm of Parabellum Capital is funding an amount in excess of $11 million for funding the litigation.

8. The scope of the potential litigation involves market manipulation, spoofing and 'naked short' selling all of which require highly specialized litigation expertise.

9. At this point in time, the litigation team is pursuing discovery utilizing F.R.Bankr. P. 2004 and 9016 to determine whether viable claims exist against a variety of entities in the publicly traded securities arena.

10. In late June 2025, the United State Trustee received a letter from Danielle Spears complaining about my administration of the Meta case ("Spears Complaint"). A copy of the letter is attached hereto as **Exhibit 1**.

11. At the request of Jared Day, Trial Attorney for the UST, I prepared a response to the Spears Complaint.

12. On July 23, 2025, attorney Cameron Gulden, Assistant United States Trustee, responded to Ms. Spears. A copy of Mr. Gulden's response is attached hereto as **Exhibit 2**.

DATED: August 21, 2025.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Christina W. Lovato*
　　　　　　　　　　　　　　　　　　　　　　Christina W. Lovato, Trustee