Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re

META MATERIALS INC.,

Debtor.

Case No.: 24-50792-hlb
(Chapter 7)

**TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY**

Hearing Date:   September 30, 2025
Hearing Time:   1:30 p.m.

Chapter 7 trustee Christina Lovato ("Trustee"), files her Motion for an order authorizing a sale of estate personal property assets ("Sale Motion"). The proposed sale is pursuant to 11 U.S.C. §§ 363(b) and 704(1), F.R.Bankr.P. 6004 and 9014, and supported by the separately filed Declaration of Christina Lovato. The Trustee also requests waiver of the 14-day stay under F.R.Bankr.P. 6004(h). Finally, as permitted by F.R.Evid. 201, the Trustee also requests the Court take judicial notice of the papers on file in this case.

**RELEVANT FACTS**

Meta Materials Inc. ("Meta") filed its chapter 7 petition on August 9, 2024. Trustee Lovato was appointed to administer the estate ("Estate"). **[ECF No. 14]**. Through her review of the Schedules of Assets and Liabilities and the Statement of Financial Affairs, as well as information provided by former employees of Meta, Trustee Lovato learned that Meta was a publicly held company which, directly and through a series of subsidiary entities, was engaged in the business of advanced materials and nanotechnology solutions with a substantial intellectual property

1

portfolio. Meta developed techniques for producing nanostructures resulting in a wide range of ground-breaking solutions that can control light and heat on a very small scale. Some of the areas of advancement that have contributed to these techniques are photonic crystals, nanolithography, plasmonic phenomena and nanoparticle manipulation. Meta ceased operations and filed its chapter 7 petition following its de-listing by NASDAQ. One of Meta's business operations was conducted in offices located at 30 Columbia Corporate Center, Columbia, Maryland 21044, (referred to as the "Baltimore offices"). When operations ceased, employees were terminated, and personal property equipment, primarily in the form of computer servers, remained at the Baltimore offices ("Personal Property").

The Trustee is informed and believes that three employees at the Baltimore offices were developing software applications related to some of the technology for which Meta had filed patent applications. Those former employees are David Chester ("Chester"), David Sokolove ("Sokolove"), and Jonathan Edwards ("Edwards"), and were founders of a company acquired by Meta Materials, Inc. in 2022. These former employees are the proposed purchasers ("Purchasers"), of the Personal Property which is the subject of this Motion. Each of Chester, Sokolove and Edwards filed proofs of claim in the Meta chapter 7 case for breach of contract related to employment agreements entered into in 2022. The collective amount of these claims is $12,500,000.[1]

The Personal Property which is the subject of this Motion is described as follows:

1) All right, title, and interest in the Maryland IP, including the assets described as "Lot 1004" by the auctioneer, and all related IP to include software, design, and associated IP, and all right, title, and interest in any software and source code (together described as the "Maryland IP"); and

2) All right, title, and interest in any residual Maryland equipment, comprised primarily of miscellaneous computer hardware and test equipment from the former Meta Materials office located at 10440 Little Patuxent Parkway, Suite 1000, Columbia, MD 21044 (the "Maryland Equipment").

---

[1] Proofs of Claim Nos. 6, 7 and 8. The breach of contract claims are supported by extensive documentation.

A copy of Lot 1004 describing the IP patent applications is attached hereto as **Exhibit A.** The Trustee does not have a detailed description of the computer hardware and related components.

## OFFER

Through their counsel, Chester, Sokolove and Edwards have offered to purchase the Maryland IP and the Maryland Equipment for a total of $15,000 and a waiver/withdrawal of their respective proofs of claim totaling $12,500,000.

## AUTHORITY

One of the Trustee's duties is to reduce property of the estate to money. Procedurally, the sale of estate assets is governed by 11 U.S.C. § 363(b)(1) which provides, that other than in the ordinary course of business, after notice and a hearing the trustee may sell property of the estate.

The business judgment rule applies to a trustee's determination regarding sales of estate assets. Sales are an exercise of a fiduciary duty that requires an articulated business justification. On this concept, the court in *In re Alaska Fishing Adventure, LLC*, 594 B.R. 883 (Bankr. AK. 2018) held:

> In the context of sales of estate property under § 363, a bankruptcy court "should determine only whether the trustee's judgment was reasonable and whether a sound business justification exists supporting the sale and its terms. Normally sales will be for cash but in appropriate circumstances property may be sold for credit or may be exchanged if the transaction promotes the ultimate objective of liquidating...the estate in a manner most advantageous to creditors. Thus, the matter will ultimately rest in the judgment and discretion of the trustee...." In short, "[t]he trustee's business judgment is to be given 'great judicial deference.'

594 B.R. at 890. Here, the IP component of the personal property being sold consists of pending patent applications, i.e., not fully perfected/approved patents. The Trustee does not believe it would be prudent to engage patent counsel to proceed with the perfection process in the hope that there would be more value added. In addition, the waiver of unsecured claims exceeding $12 million results in a meaningful benefit to other unsecured creditors holding allowed claims.

3

**CONCLUSION**

Based upon the foregoing, Trustee Lovato requests an Order authorizing a sale of the Maryland Equipment and a sale and assignment of the Maryland IP to the Purchasers for $15,000. As directed by F.R.Bankr.P. 6004(f)(2), the Trustee also requests authority to execute such documentation as may be required in connection with transferring title to the Property being sold.

Finally, the Trustee requests waiver of the 14-day stay of F.R.Bankr.P. 6004(h).

DATED: August 26, 2025.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq., Attorney for Trustee