1

RECEIVED
AND FILED

SEP 3 2025

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | * | **Case No. 24-50792** |
| **META MATERIALS, INC.,** | * | **(Chapter 7)** |
| | * | |
| **Debtor** | * | **MOTION BY DANIELLE SPEARS, THIRD PARTY** |
| | * | **INTERVENOR AND MOVANT SUPPLEMENT FOR** |
| | * | **CLARIFICATION, VERIFIED MISCONDUCT, AND** |
| | * | **RENEWED REQUESTS FOR DISQUALIFICATION,** |
| | * | **REMOVAL, SANCTIONS, AND RELIEF IN** |
| | * | **IN SUPPORT OF EMERGENCY MOTIONS TO** |
| | * | **INTERVENE, STAY, DISQUALIFY, RESET** |
| | * | **ADMINISTRATION, AND COMPEL** |
| | * | **("SUPPLEMENT")** |

**************************************************************************

**MOTION FOR LEAVE TO FILE SUPPLEMENT FOR CLARIFICATION, VERIFIED**
**ATTORNEY AND TRUSTEE MISCONDUCT, AND RENEWED REQUESTS FOR**
**DISQUALIFICATION, REMOVAL, SANCTIONS, REFERRAL FOR PROFESSIONAL**
**DISCIPLINE AND IN FURTHER SUPPORT OF MOVANT'S EMERGENCY MOTION**
**TO INTERVENE AND TO STAY PROCEEDINGS ("SUPPLEMENT")**

Danielle Spears ("Movant"), a pro se shareholder and beneficial owner of 7,300 shares of
MMTLP Series A Preferred Stock issued by Meta Materials, Inc. ("META"), respectfully seeks
leave to file a supplement (the "Supplement") in further support of her Emergency Motion to
Intervene and Stay Proceedings. In support thereof, Movant states as follows:

1. The Supplement includes critical corrections to Movant's original filing, as well as newly
   discovered facts and documented misconduct that materially affect the integrity and
   neutrality of these proceedings and resulted in violations of her due process rights.

2. While Movant is not currently an attorney or party of record in this bankruptcy, she holds
   a direct financial interest in the administration of the estate through her ownership of
   securities issued by META.

3. The Supplement expands upon the original motion and introduces newly discovered
   evidence of serious misconduct by Special Litigation Counsel James "Wes" Christian
   ("Christian"), Trustee Christina Lovato ("Lovato"), and Trustee's counsel Jeffrey L.
   Hartman ("Hartman").

4. Movant further seeks to intervene on the independent ground that the administration of this bankruptcy proceeding, including the appointment of special counsel, estate litigation strategies, insurance authorizations, and handling of insider claims, is directly and materially connected to her interest as a beneficial owner of MMTLP Series A Preferred Shares issued by META. Whether or not this Court formally recognizes the status of MMTLP shares within the bankruptcy estate, the legal, financial, and factual representations made in this forum, including the treatment of insider loans, clawback potential, and counsel's access to shareholder data, bear directly on the value, legitimacy, and litigation posture of those shares. As such, the ongoing proceedings present a clear and immediate risk of prejudice to Movant's financial interests and due process rights. Accordingly, Movant asserts standing to intervene under *In re Thompson*, 965 F.2d 1136, 1140 (1st Cir. 1992) (recognizing standing where a party has a direct and adverse pecuniary interest), and Rule 2018(a) of the Federal Rules of Bankruptcy Procedure.

5. Among the matters raised:

   o A correction of Movant's initial misunderstanding of the AIG insurance disclosures in *Dkt. 1568*, now revised based on new findings which may indicate insurance fraud;

   o A correction regarding the litigation funding disclosures in *Dkt. 98-2*, reflecting Movant's diligence in amending the record accurately;

   o Evidence of sustained misconduct by Christian across multiple jurisdictions, including submission of false declarations, concealment of sanction history, and conflicts arising from concurrent representation of Next Bridge Hydrocarbons, Inc. ("NBH"), Greg McCabe ("McCabe"), and other related parties—alongside acts of retaliation designed to chill the efforts of pro se litigants;

   o Substantial evidence of Lovato and Hartman's failure to monitor Christian's conduct, their disregard of conflict warnings, and their role in enabling defamatory, retaliatory, and unauthorized legal actions. The Supplement supports requests for their removal, sanction, and referral to appropriate disciplinary authorities.

6. Movant has acted in good faith and with diligence. As a whistleblower in these proceedings, she respectfully seeks the Court's intervention to safeguard the integrity of the case and preserve her constitutional right to be heard.

7. The requested leave is narrowly tailored to correct material errors, incorporate essential new facts, and ensure that the record reflects accurate and complete information. The Supplement is concise, non-duplicative, and directly relevant to the relief sought.

---

**WHEREFORE**, Movant respectfully requests that the Court:

A. Grant leave to file the Supplement in further support of her Emergency Motion to Intervene and Stay Proceedings;

B. Recognize Movant's standing as a pro se shareholder directly affected by the administration of this estate;

C. Accept the Supplement and its supporting Memorandum of Law as part of the official record in this case; and

D. Grant such other and further relief as the Court deems just and proper.

---

**Respectfully submitted,**

Danielle Spears
Pro Se Movant
Avondale, Arizona
Dated: August 31, 2025

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | * | Case No. 24-50792 |
| *META MATERIALS, INC.,* | * | (Chapter 7) |
| | * | |
| Debtor | * | MOTION BY DANIELLE SPEARS, THIRD PARTY |
| | * | INTERVENOR AND MOVANT SUPPLEMENT FOR |
| | * | CLARIFICATION, VERIFIED MISCONDUCT, AND |
| | * | RENEWED REQUESTS FOR DISQUALIFICATION, |
| | * | REMOVAL, SANCTIONS, AND RELIEF IN |
| | * | IN SUPPORT OF EMERGENCY MOTIONS TO |
| | * | INTERVENE, STAY, DISQUALIFY, RESET |
| | * | ADMINISTRATION, AND COMPEL |
| | * | ("SUPPLEMENT") |

*********************************************************************

## NOTICE OF WITHDRAWAL OF MOTION TO COMPEL

PLEASE TAKE NOTICE that Movant Danielle Spears hereby respectfully withdraws the

previously filed "Motion to Compel" included as part of her original Emergency Motion to

Intervene (Dkt. 1988, filed on June 4, 2025 ).

Movant respectfully withdraws the Motion to Compel because it was prematurely filed. Movant

reserves the right to file a proper Motion to Compel at a later date, should it become necessary

after subpoenas are authorized, issued, and any subpoenaed party fails or refuses to comply.

Respectfully Submitted,                                              August 31, 2025

*Danielle Spears*

Danielle Spears, Intervenor, Movant (Pro Se)
Avondale, AZ 85323

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | * | Case No. 24-50792 |
| META MATERIALS, INC., | * | (Chapter 7) |
| | * | |
| Debtor | * | **MOTION BY DANIELLE SPEARS, THIRD PARTY** |
| | * | **INTERVENOR AND MOVANT SUPPLEMENT FOR** |
| | * | **CLARIFICATION, VERIFIED MISCONDUCT, AND** |
| | * | **RENEWED REQUESTS FOR DISQUALIFICATION,** |
| | * | **REMOVAL, SANCTIONS, AND RELIEF IN** |
| | * | **IN SUPPORT OF EMERGENCY MOTIONS TO** |
| | * | **INTERVENE, STAY, DISQUALIFY, RESET** |
| | * | **ADMINISTRATION, AND COMPEL** |
| | * | **("SUPPLEMENT")** |

**********************************************************************

---

**SUPPLEMENTAL FILING BY THIRD-PARTY INTERVENOR DANIELLE SPEARS IN**

**SUPPORT OF EMERGENCY MOTIONS TO INTERVENE, STAY PROCEEDINGS,**

**DISQUALIFY PARTIES, IMPOSE SANCTIONS, APPOINT NEUTRAL FIDUCIARY,**

**RESET ADMINISTRATION, AND COMPEL RELIEF**

---

# TABLE OF CONTENTS

**I. INTRODUCTION**

**II. STANDING AND DUE PROCESS**

**III. CORRECTION & CLARIFICATION OF INSURANCE POLICY ELIGIBILITY**

**IV. PREPETITION**

**V. IMPROPER LITIGATION FUNDING AGREEMENTS**

**VI. DUAL REPRESENTATION AND CONFLICTS OF INTEREST**

**VII. ETHICAL VIOLATIONS & UNAUTHORIZED SOLICITATION OF CLASS ACTION CLIENTS**

**VIII. AGENT ACTING ON BEHALF OF WES CHRISTIAN: JULIANNE JAY**

**IX. TRUSTEE LOVATO'S NEGLIGENCE AND BREACH OF FIDUCIARY DUTY**

**X. UNLAWFUL PROTECTIVE ORDERS**

**XI. APPOINTMENT OF NEUTRAL FIDUCIARY (EXAMINER)**

**XII. INCORPORATION BY REFERENCE AND ALLOW MMTLP SHAREHOLDERS TO PLACE PROOFS OF INTEREST ON THE RECORD**

**XIV. PRAYER FOR RELIEF**

# <u>TABLE OF AUTHORITIES</u>

<u>Cases:</u>

1. *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237 (4th Cir. 2013) – *12*

2. *ATSI Communications, Inc. v. Shaar Fund Ltd.*, 579 F.3d 143 (2d Cir. 2009) – *9*

3. *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) – *12*

4. *In re Allegheny Int'l, Inc.*, 954 F.2d 167 (3d Cir. 1992) – *8, 10, 14*

5. *In re Cochise College Park, Inc.*, 703 F.2d 1339 (9th Cir. 1983) – *3, 7, 14*

6. *In re Leslie Fay Cos., Inc.*, 175 B.R. 525 (Bankr. S.D.N.Y. 1994) – *10, 11*

7. *In re Sundance Self Storage-El Dorado LP*, 482 B.R. 613 (Bankr. E.D. Cal. 2012) - *8, 10, 11*

8. *In re W.T. Grant Co.*, 699 F.2d 599 (2d Cir. 1983) – *4*

9. *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985) – *12*

10. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) – *3*

11. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978) – *15*

12. *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447 (1978) – *11*

13. *Silvestri v. General Motors Corp.*, 271 F.3d 583 (4th Cir. 2001) – *4*

14. *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987) – *13*


**STATUTES:**

1. 11 U.S.C. § 105(a) – 16

2. 11 U.S.C. § 327 – 11

3. 11 U.S.C. § 704(a)(1) – 5

4. 11 U.S.C. § 1104(c) – 16

**RULES:**

1. Federal Rule of Bankruptcy Procedure 2002 – 2

2. Federal Rule of Bankruptcy Procedure 2014(a) – 4, 8, 9, 10, 11

3. Federal Rule of Bankruptcy Procedure 7026 – 15

4. Federal Rule of Civil Procedure 26(c) – 15

5. Model Rule of Professional Conduct 7.3 – 11

6. Nevada Revised Statutes § 240.1655 – 6

4

7.  Restatement (Third) of Agency § 1.01 (2006) – 12

5

1

## I. INTRODUCTION

This supplemental filing corrects inaccuracies, clarifies prior arguments, and introduces critical

new evidence supporting Plaintiff's Motion to Intervene and Stay Proceedings. The original

arguments are incorporated herein without repetition; additional evidence and corrected

information are provided to assist the Court in rendering a fully informed decision.

## II. STANDING AND DUE PROCESS

Plaintiff asserts standing based on her ongoing federal civil litigation involving shares of

MMTLP, directly impacted by this bankruptcy proceeding. Plaintiff's constitutional rights to due

process and equal protection under the law have been significantly compromised due to Trustee

Lovato's inadequate and selective shareholder notification practices. Trustee Lovato failed to

properly identify and notify MMAT shareholders. Instead, notification of the bar date was

primarily limited to a short, 12-page mailing matrix explicitly identified as "creditors," reaching

approximately 360 recipients and thus excluding the vast majority of shareholders (Dkt. 25, p.1;

Dkt. 30, pp.1-12). Such inadequate notice directly violates Federal Rule of Bankruptcy

Procedure 2002, which mandates reasonable and comprehensive notification to all interested

parties.

Trustee Lovato openly acknowledged uncertainty regarding her ability to accurately identify all

equity interest holders in her declaration (Dkt. 102), acknowledging significant difficulties due to

shares frequently being held in brokerages' street names. Despite acknowledging this uncertainty,

Trustee Lovato proceeded to establish a bar date without ensuring comprehensive shareholder

2

identification or notice. This approach conflicts with constitutional due process standards clearly established by *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), which requires notices reasonably calculated to inform interested parties.

Furthermore, Trustee Lovato demonstrated preferential treatment toward certain shareholders, notably Julianne Jay ("Jay"), also known as @JunkSavvy on the social media platform X, by promptly addressing and filing Jay's request to seal proofs of interest (Dkt. 102). Concurrently, the Trustee disregarded whistleblower complaints filed by Plaintiff (Exhibit A-3), Jennifer Vetrano (Exhibit A-1), and Jason Rolo (Exhibit A-2). These complaints specifically highlighted significant concerns regarding conflicted representation and inadequate notification procedures (Exhibits A-15, A-16). Such selective and discriminatory treatment violates fundamental fiduciary duties requiring trustees to administer estates with impartiality and fairness, as established in *In re Cochise College Park, Inc.,* 703 F.2d 1339 (9th Cir. 1983).

Moreover, the Trustee authorized subpoenas specifically seeking shareholder data related to MMTLP shares, implicitly recognizing MMTLP shareholders' standing and interest in these proceedings. Nevertheless, the Trustee has accepted MMTLP proof of interest from Jay (holding 1,900 shares) and Greg McCabe, CEO of Next Bridge Hydrocarbons, Inc. ("NBH"), holding approximately 12,911,630 shares, yet inexplicably denies standing to Plaintiff, who is similarly situated. This inconsistent and arbitrary treatment further underscores the Trustee's unequal and improper handling of shareholder interests, violating procedural fairness and equal protection principles as in In *re W.T. Grant Co.*, 699 F.2d 599 (2d Cir. 1983), which clearly prohibits preferential treatment or discriminatory practices among creditors or stakeholders.

3

Further complicating shareholder identification is the confusion arising from the SEC and FINRA assigning the identical CIK number (1431959) to three separate securities—TRCH, MMAT, and MMTLP. Fellow MMTLP shareholder and pro se litigant Scott Traudt has filed detailed documentation highlighting the severe implications of this confusion, making accurate shareholder identification exceptionally difficult. Plaintiff compares this situation to mixing three nearly identical decks of cards and expecting brokers and interested parties to accurately sort individual cards into their original decks without carefully examining distinguishing features. The improper record-keeping resulting from this confusion aligns with findings in *Silvestri v. General Motors Corp.*, 271 F.3d 583 (4th Cir. 2001), emphasizing that improper documentation significantly compromises accurate record reconstruction and stakeholder identification in legal proceedings.

Additionally, Trustee Lovato's failure to subpoena readily available shareholder information from Broadridge Financial Solutions, despite Broadridge explicitly holding accurate shareholder data and having filed a creditor claim of approximately $355,103.22 for shareholder-related services (Case 24-50792-hlb Claim 4-1 Filed 08/27/24), is particularly concerning. Broadridge's ability to provide comprehensive shareholder data was confirmed by John Brda in his public statements (Exhibit D-2a). The Trustee's neglect in utilizing available shareholder identification resources explicitly violates fiduciary transparency obligations established by Federal Rule of Bankruptcy Procedure 2014(a).

## III. CORRECTION & CLARIFICATION OF INSURANCE POLICY ELIGIBILITY

Movant respectfully corrects several errors from her original motion (Dkt. 1988). First, the Executive Edge Broad Form Management Liability Policy was issued by AIG directly, naming Meta Materials Inc. ("META") as the insured entity. Second, attorney Lilit Asadourian

4

("Asadourian") is employed by Barnes & Thornburg LLP in Los Angeles, CA, not Kasowitz Benson Torres LLP as originally stated.

Initially, Movant suggested there should be no insurance benefits due to the previously documented fraud. Further research has confirmed insurance benefits are not available under the current circumstances. Attorney Asadourian included employment contracts from Hudspeth that were no longer current or applicable at the time of filing. Movant inferred these contracts were accurately tied to the policy (Dkt. 1568 D); however, this linkage no longer applies. Movant confirmed the policy belonged to META and covered the period from June 28, 2023, to June 28, 2024. Regardless of the employment contracts attached or individuals represented without formal appearance by Asadourian, Hudspeth ceased being a subsidiary of META when it became a subsidiary of Next Bridge Hydrocarbons ("NBH") through a round-trip transaction, effectively returning control to Greg McCabe ("McCabe") as of December 14, 2022. Hudspeth is no longer a subsidiary of META.

The Trustee and her counsel failed to verify eligibility and entitlement to insurance coverage or benefits as required by 11 U.S.C. § 704(a)(1). Any ordered insurance benefits should be immediately corrected, and notification to the insurance provider should be promptly provided.

Movant further corrects salary figures cited in (Dkt. 1988, p.4 ¶2). She previously stated certain executives were paid "$20,000/mo." based on SEC v. Brda & Palikaras, Case No. 4:24-cv-01048. However, monthly salaries ranged from $32,083 to $33,333 (Dkt. 1568 A-C).

## IV. PREPETITION

Attorney Wes Christian's extensive undisclosed prepetition involvement raises significant ethical and procedural concerns:

5

In Christian's affidavit, dated approximately June 17, 2025, he explicitly stated, "I've been working on this bankruptcy with all other attorneys for over a year." The affidavit is notarized yet lacks an explicit notarization date, raising procedural concerns regarding its authenticity and compliance, potentially contravening notarization standards as set forth in Nevada Revised Statutes § 240.1655.

On January 12, 2023 Wes Christian in an interview with Roger James Hamilton of GNS claims "You're going to see in the next month the **motherload of counterfeit shares exposed**." It caught on like wildfire, and the MMTLP community firmly believed he was speaking about them.  He corrected no one. On May 20, 2024, in a Meta Materials, Inc. ("META") press release (see Exhibit), Christian publicly claimed a meritorious and actionable case against market manipulators for both MMTLP & MMAT. Less than 30 days later, on June 24, 2024, during an interview hosted by Julianne Jay ("Jay") aka @JunkSavvy, his oft sidekick and spokesperson, Christian significantly backtracked, describing his prior assertions as merely "a gut feeling," (see transcript) explicitly acknowledging that no concrete actionable data was obtained and in his affidavit on or around June 17, 2025, even adding that "We were thwarted" in obtaining required information.(See Affidavit)

Despite these public contradictions, Trustee Lovato engaged Christian, explicitly documented in his court application, to determine whether a meritorious case exists, despite Christian's public acknowledgment of his inability to secure the necessary actionable data externally.

Christian further indicated reliance upon large shareholders to gather brokerage data due to his inability to obtain official, verifiable data sources, raising questions regarding the reliability and

6

appropriateness of his investigative methods and subsequent public assertions. Yet, no
disclosures appear..

Christian explicitly acknowledged his lack of bankruptcy expertise during the JunkSavvy
interview, stating clearly, "I'm not a bankruptcy lawyer." Despite this explicit admission, Trustee
Lovato granted Christian significant authority and responsibility over critical bankruptcy
decisions, raising serious questions about the Trustee's fiduciary judgment and compliance with
fiduciary standards articulated in *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir.
1983).

Movant does see specific prepetition documented in (Dkt. 105) for Robison Sharp Sullivan &
Brust, but does not see anything for Christian and/or Tountas. There is the light mention of
Christians working with META prior to bankruptcy by Lovato, but no specific numbers or dates.
Granted this may be due to Movants lack of experience in knowing specifically where to look for
prepetition disclosures.

## V. IMPROPER LITIGATION FUNDING AGREEMENTS

Movant respectfully highlights to the Court that Trustee Lovato submitted and approved a second
litigation funding application from Schneider Wallace Cottrell Konecky LLP, explicitly
representing it as identical in all material respects to the original funding agreement involving
Christian Attar and Kasowitz Benson Torres LLP. Movant strongly disputes this characterization
and has thoroughly outlined substantial discrepancies and concerns in an analysis entitled
**"Litigation Funding Key Issues,"** provided in **Exhibit D** for the Court's careful consideration.

Before directing the Court to that analysis, Movant specifically draws attention to attorney Wes
Christian's disclosure of a $500,000 earmark from the ongoing *Harrington Global* litigation,

7

explicitly described as "deemed spent" on methodologies purportedly learned from that unrelated and still-active case. Given the active status of the *Harrington Global* litigation, Movant saw no prepetition or clarification regarding the origin, present location, or specific accounting of these earmarked funds. It remains unclear whether these funds constitute a donation, whether they were previously transferred and placed in trust, or precisely how they were accounted for. Further, Movant finds it fundamentally inappropriate for the Meta Materials bankruptcy estate and thus its creditors and shareholders to bear financial responsibility for attorney Christian's self-described educational expenses from an entirely separate litigation. Such opaque handling of funds potentially violates fiduciary obligations and transparency requirements outlined in Federal Rule of Bankruptcy Procedure 2014(a), as reinforced by *In re Sundance Self Storage-El Dorado LP*, 482 B.R. 613, 629 (Bankr. E.D. Cal. 2012), and raises serious fiduciary concerns under *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

Movant respectfully requests the Court carefully review the detailed analysis in **Exhibit D**, explicitly demonstrating that the Schneider Wallace litigation funding agreement materially differs from the original agreement, thereby warranting the Court's immediate scrutiny and intervention.

## VI. DUAL REPRESENTATION & CONFLICTS OF INTEREST

Attorney Wes Christian entered this bankruptcy with extensive pre-existing financial and professional relationships involving multiple key parties to this proceeding, including Meta Materials, Inc. ("META"), Flamethrower LLC, ShareIntel (through its principal David Wenger), Next Bridge Hydrocarbons ("NBH"), and specifically Greg McCabe ("McCabe"), believed to be both a member of Flamethrower and responsible for defaulting on a substantial loan from META. These undisclosed or inadequately disclosed affiliations raise critical concerns regarding

Christian's ability to maintain impartiality and compliance with fiduciary duties to the estate. Movant has carefully documented and detailed these extensive conflicts and financial ties in **Exhibit B (Spears Remarks to Declaration of Christian)** to provide clarity and prevent unnecessary duplication.

Additionally, Movant emphasizes Christian's repeated submission of multiple false or materially incomplete Verified Petitions and Declarations of Disinterestedness across numerous federal courts including the present bankruptcy proceeding. These submissions, explicitly required by Bankruptcy Rule 2014(a) to be transparent, accurate, and comprehensive, were demonstrably incomplete or incorrect, severely undermining the reliability of his representations and warranting further judicial inquiry and potential sanctions. Movant thoroughly analyzes these issues in **Exhibit B**, specifically referencing Christian's prior sanctionable conduct in cases such as *ATSI Communications, Inc. v. Shaar Fund Ltd.*, 579 F.3d 143 (2d Cir. 2009), and his pending Rule 11 sanctions in *Mullen Automotive Inc. v. IMC Capital Markets, LLC*, Case No. 1:23-cv-10637-LLS.

Case law explicitly mandates rigorous disclosure standards, underscoring the necessity of disqualification and sanctions when such standards are breached. Specifically, *In re Sundance Self Storage-El Dorado LP*, 482 B.R. 613, 629 (Bankr. E.D. Cal. 2012), emphasizes the absolute requirement of complete disclosure of professional relationships under Rule 2014(a). Additionally, *In re Leslie Fay Cos., Inc.*, 175 B.R. 525, 536 (Bankr. S.D.N.Y. 1994), firmly establishes that failure to disclose relationships or potential conflicts alone is sufficient cause for disqualification. Furthermore, the Third Circuit in *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992), explicitly holds that fiduciaries must avoid even the appearance of impropriety

.

and maintain rigorous impartiality, particularly in complex bankruptcy contexts such as the present case.

Movant respectfully directs the Court's careful review of **Exhibit B**, which contains comprehensive evidence and analysis supporting these concerns and providing the factual basis necessary for the Court to fully evaluate and appropriately address Christian's substantial and troubling conflicts of interest.

## VII. ETHICAL VIOLATIONS AND UNAUTHORIZED SOLICITATION OF CLASS ACTION CLIENTS

Attorney Wes Christian has engaged in unauthorized solicitation of potential class action clients, constituting clear violations of professional ethical standards under Model Rule of Professional Conduct 7.3. During a June 24, 2024 public interview on a Space call titled "A Conversation with Attorney Wes Christian," hosted by Jay aka @JunkSavvy, Christian explicitly discussed potential class action litigation without properly disclosing specific client engagements or authorization. Christian subsequently filed documents (Dkt. 98-1, p. 3, ¶3) suggesting the intent to initiate litigation benefiting shareholders, explicitly stating, "The litigation will seek to recover damages on behalf of the Estate, but potentially, it will also provide recovery for the shareholders who were directly impacted by the fraudulent market activity." He repeatedly references "65,000+ shareholders," a figure consistently identified with the MMTLP shareholder base, yet notably omits any explicit mention of MMTLP itself.

Such conduct directly violates ethical mandates prohibiting improper attorney solicitation as articulated in *Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447 (1978). ABA Model Rule 7.3 (Solicitation): Even though it's not face-to-face, indirect or public solicitations that mislead or create unjustified expectations may still violate ethical rules.

10

Christian's failure to fully disclose his relationships and intentions violates fiduciary obligations repeatedly underscored in bankruptcy contexts, including *In re Leslie Fay Cos., Inc.,* 175 B.R. 525 (Bankr. S.D.N.Y. 1994) and *In re Sundance Self Storage-El Dorado LP*, 482 B.R. 613 (Bankr. E.D. Cal. 2012), emphasizing absolute transparency and disclosure to protect the integrity of judicial proceedings.

Christian's conduct places shareholders' due process rights at substantial risk, introduces conflicts of interest, and significantly undermines public trust and the fairness of these proceedings. Plaintiff respectfully requests the Court thoroughly investigate these unauthorized solicitations and ethical violations to uphold professional standards, protect shareholder interests, and preserve the integrity of this proceeding. 11 U.S.C. § 327 and FRBP 2014: Strict rules requiring full disclosure of conflicts or anticipated legal actions when applying for professional employment in bankruptcy matters.

## VIII. AGENT ACTING ON BEHALF OF WES CHRISTIAN: JULIANNE JAY

Julianne Jay ("Jay"), operating publicly as @JunkSavvy on the social media platform X, has consistently disseminated detailed, non-public insider information explicitly tied to Wes Christian's legal strategies and activities within this bankruptcy proceeding. Under Texas law, specifically the Restatement (Third) of Agency § 1.01 (2006), Jay's repeated public statements, coupled with Christian's failure to disavow or correct her messaging, establish an implied principal-agent relationship (see *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249–50 (4th Cir. 2013), recognizing implied agency through public coordination and absence of disavowal by the principal).

11

Jay has repeatedly affirmed her privileged access to confidential information directly from the company or its attorneys, explicitly stating, *"It's very obvious with the information that we have that we're working with the company. If we were not trusted and the information was not trusted, we would not have that kind of access."* (Transcript, July 28, 2024). Such unauthorized disclosures of confidential insider information clearly contravene established legal standards protecting against improper dissemination of privileged information *(SEC v. Cuban*, 620 F.3d 551 (5th Cir. 2010)).

Further, Jay has publicly advocated for Christian's litigation strategies and reputation, explicitly defending him against motions filed by pro se litigants, including Plaintiff and fellow shareholder Scott Traudt (Transcript, July 27, 2024; Exhibit A-14b). Jay's explicit threats toward whistleblowers and litigants, notably stating on July 9, 2024, *"Maybe you're motivated because you're whistleblowers and you think you're going to get money out of the SEC. You ain't getting shit...There will come a day when they will have to pay that price"* (Transcript, July 9, 2024), constitute improper attempts at intimidation, designed specifically to discourage further litigation, testimony, and whistleblower disclosures. Such coercive conduct is precisely the type that courts have condemned and sanctioned as undermining procedural fairness (*Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985); *Gulf Oil Co. v. Bernard,* 452 U.S. 89 (1981)).

Jay has further explicitly directed the shareholder community to align with Christian's legal interests, providing instructions and narrative guidance designed to bolster Christian's litigation efforts and control shareholder perceptions (see JunkSavvy posts dated May 21, May 29, and June 3, 2024). This coordinated effort represents an improper influence campaign intended to manipulate litigation actions and shareholder opinions.

12

Moreover, Jay demonstrated her privileged influence by successfully petitioning Trustee Lovato to seal certain "proofs of interest" submitted by shareholders, alleging harassment from public exposure. Trustee Lovato promptly issued a protective order (Dkt. 1921), yet whistleblower complaints from Plaintiff and other shareholders seeking investigation of Christian's conflicts of interest remain unaddressed and undocketed, reflecting selective and prejudicial treatment (*Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 807 (1987)).

Plaintiff therefore respectfully requests the Court order immediate disclosure of all financial arrangements, nondisclosure agreements (NDAs), and communications between Wes Christian, Trustee Lovato, and Julianne Jay. Such disclosure is essential to assess the full extent of coordinated actions, conflicts of interest, improper solicitation, and unethical influence campaigns. The shareholder community is entitled to transparent disclosure to safeguard procedural fairness and uphold ethical accountability consistent with established legal precedent.

## IX. TRUSTEE LOVATO'S NEGLIGENCE AND BREACH OF FIDUCIARY DUTY

Attorney Wes Christian and Trustee Christina Lovato demonstrated negligence and breaches of fiduciary duty through their actions and decisions within this bankruptcy proceeding:

Attorney Christian acknowledged explicitly in his affidavit dated around June 17, 2025, that "We were thwarted" in acquiring actionable data, undermining earlier public claims of possessing substantial evidence supporting shareholder litigation (See Christian Affidavit in Exhibit C). Despite this acknowledgment, significant bankruptcy estate resources were allocated toward his efforts, without concrete or verifiable outcomes.

13

Christian recommended engaging ShareIntel, affiliated with his associate David Wenger, resulting in expenditures of approximately $60,000 of the estate's resources. Because these securities are inactive in their trading status of TRCH, MMTLP, and Meta Materials, that rendered ShareIntel's services irrelevant. Movant does not understand how this expenditure was not seen as a major red flag to Trustee Lovato.  This expenditure decision, therefore, represents clear fiduciary negligence requiring clawback consideration under fiduciary standards emphasized in *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

Trustee Lovato's engagement of Christian, despite his publicly admitted lack of bankruptcy expertise, constitutes a fiduciary breach. Christian explicitly stated, "I'm not a bankruptcy lawyer" during a public interview, raising significant questions regarding Lovato's fiduciary judgment in granting him extensive authority over key decisions, as emphasized by fiduciary standards articulated in *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir. 1983).

Additionally, Lovato's authorization and acquiescence to Christian's strategy, despite explicit contradictions in his public statements and filings, demonstrate significant fiduciary negligence. The trustee failed to implement sufficient oversight or verification measures to ensure accurate data and responsible use of bankruptcy estate resources, potentially contravening fiduciary obligations to preserve estate integrity and assets.

These combined actions underscore critical negligence and breaches of fiduciary duty requiring immediate judicial intervention and corrective action to safeguard the bankruptcy estate and stakeholders' interests.

## X. UNLAWFUL PROTECTIVE ORDERS

Plaintiff holds Trustee Christina Lovato accountable for violating stakeholders' due process

14

rights through the authorization and enforcement of overly restrictive protective orders labeled "Attorney's Eyes Only." These orders severely restrict access to critical discovery documents, obstruct transparency, and prevent informed participation in bankruptcy proceedings.

In April, Plaintiff explicitly notified Trustee Lovato of these due process concerns, yet Trustee Lovato failed to implement corrective action. Plaintiff reiterated these concerns in a subsequent Motion to Intervene filed in June; again, Trustee Lovato neglected her duty to remedy the procedural violations. This persistent inaction underscores the Trustee's ongoing negligence in safeguarding fundamental procedural fairness.

The restrictive protective orders currently in force violate Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(c), which explicitly require protective orders to be narrowly tailored and supported by specific demonstrations of harm. As applied here, these orders unjustifiably exceed established legal standards, significantly impairing shareholders' constitutional due process rights by limiting their access to essential information required for meaningful participation.

Further, these restrictive orders undermine transparency and accountability, contradicting the foundational principle of public access to judicial records affirmed by the Supreme Court in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978).

Given these documented procedural deficiencies and constitutional concerns, Plaintiff respectfully requests the Court vacate or substantially modify these restrictive protective orders. Any modified orders should permit appropriate redaction of genuinely sensitive personal or financial information; however, maintaining complete inaccessibility for shareholders, particularly Plaintiff, who has active civil litigation involving MMTLP trading data is

15

unjustifiable and violates fundamental due process and equal access principles. Modification is necessary to ensure compliance with federal rules, safeguard stakeholder interests, and restore transparency and integrity to these proceedings.

## XI. APPOINTMENT OF NEUTRAL FIDUCIARY (EXAMINER)

Pursuant to 11 U.S.C. § 1104(c) and § 105(a), Plaintiff respectfully requests the immediate appointment of a neutral fiduciary (examiner) to independently oversee securities matters, litigation funding arrangements, document collection, and the investigation into potential misconduct specifically by Wes Christian, any entities affiliated or tied to Christian, and Trustee Christina Lovato. The appointed fiduciary must have no prior or current associations or conflicts with Wes Christian, any affiliated firms or entities, Trustee Lovato, Torchlight Energy, Metamaterials, Next Bridge Hydrocarbons, their executives, FINRA, or the SEC.

This neutral fiduciary's essential role is to independently secure, review, and preserve all data and documentation related specifically to the securities at issue, MMTLP, MMAT, and TRCH, without prejudice or compromise to ongoing federal civil litigation. Given the extraordinary complexity stemming from the SEC's and FINRA's conflation of these securities under one identical CIK number (1431959), the independent fiduciary must ensure data integrity and protection of evidentiary materials in a manner that safeguards Plaintiff's and similarly situated shareholders' due process rights.

Due to Wes Christian's extensive conflicts and influential control over critical data collection and litigation decisions in this matter, Plaintiff requests Christian's immediate disqualification and removal from this bankruptcy case. Further, all communications, notes, records, trade data, electronic or otherwise, produced or collected by Christian, his associates, affiliated firms, or

16

entities pertaining to MMTLP, MMAT, Torchlight Energy, or any related entity or executive must be fully surrendered to the appointed neutral fiduciary.

Plaintiff clarifies that no other law firms or individuals involved, other than Christian, his affiliated entities, and Trustee Lovato, are accused of wrongdoing. However, because Christian has exercised substantial oversight, direction, and influence over key processes, all other parties must cooperate fully with the neutral fiduciary out of fiduciary duty and legal obligation, not due to any alleged wrongdoing.

Plaintiff further underscores that this particular case is unprecedented in U.S. securities history, involving FINRA's halt of the stock without prior notice, severely impacting Plaintiff's investment strategy and personal life over two and a half years. This situation has necessitated extensive personal investigation and a steadfast commitment to accountability rather than expedited compensation. Attorney Wes Christian's ongoing involvement since shortly after the halt, and apparent shifting between multiple clients and entities, including the explicit advancement of potential class action litigation, raises concerns of inappropriate solicitation and undue influence over shareholder community actions. Especially that Christian potentially compensated community leaders such as Gary Valinoti and Julianne Jay to direct shareholder sentiment to align with his objectives.

Trustee Lovato, despite explicit shareholder concerns, consistently appears to prioritize Christian's interests, compromising the due process rights of shareholders, including Plaintiff. The neutral fiduciary's appointment is therefore crucial to ensuring procedural fairness, transparency, and accountability in this extraordinary and historically unique securities matter.

## XII. INCORPORATION BY REFERENCE AND ALLOW MMTLP SHAREHOLDERS TO PLACE PROOFS OF INTEREST ON THE RECORD

Movant expressly incorporates by reference the comprehensive share structure analysis, legal arguments, and evidence provided by Scott Traudt in his filings. This incorporation emphasizes complementary arguments rather than duplication, focusing on ensuring clarity, efficiency, and judicial economy. Traudt's detailed analysis of share identification issues, including those arising from the improper use of identical CIK numbers by FINRA and the SEC, highlights foundational procedural defects directly impacting Movant's standing and due process rights. Movant aligns fully with these arguments and requests that the Court consider Traudt's comprehensive analysis as integral support for Movant's positions. Therefore Movant requests MMTLP shareholders be provided notice and allowed to place proofs of interest on the record.

## XIII. PRAYER FOR RELIEF

Movant respectfully requests that the Court:

1. **Immediately disqualify and sanction Attorney James 'Wes' Christian** for ethical violations, conflicts of interest, unauthorized solicitation, and improper dissemination of confidential insider information.

2. **Disgorge Attorney James 'Wes' Christian** of the $500,000 earmarked funds he claims deemed spent as part of his educational process in the Harrington Global

3. **Immediately remove and sanction Trustee Christina Lovato** for fiduciary breaches, failure to uphold due process standards, and selective, prejudicial treatment of litigants.

18

4. **Refer Attorney James 'Wes' Christian and Trustee Christina Lovato** to the appropriate professional disciplinary authorities, including the state bar association for Attorney Christian and the Office of the United States Trustee for Trustee Lovato, for investigation and potential disciplinary action regarding the misconduct documented herein.

5. **Order Attorney James 'Wes' Christian to disgorge the $500,000 in litigation funding** received from Harrington Global due to unauthorized solicitation and undisclosed conflicts of interest, returning these funds to the bankruptcy estate or placing them under neutral fiduciary oversight.

6. **Appoint an independent, neutral fiduciary (examiner)** to oversee all securities-related activities, litigation funding arrangements, and potential conflicts involving estate professionals.

7. **Allow MMTLP shareholders** to place proofs of interest on the record and be recognized as a shareholder in the Meta Materials Chapter 7 bankruptcy proceeding.

8. **Stay all securities-related proceedings** pending the full resolution of parallel federal litigation to ensure coordinated, fair adjudication and protection of stakeholders.

9. **Strike all improper or undisclosed litigation funding agreements**, transferring oversight and control of such agreements exclusively to the appointed neutral fiduciary.

19

10. **Compel immediate and complete disclosure** of all prepetition activities, arrangements, and communications involving Attorney James 'Wes' Christian, Flamethrower, and associated law firms to identify potential conflicts and fiduciary breaches.

11. **Compel comprehensive disclosure** of all financial arrangements, nondisclosure agreements (NDAs), and agency relationships between Attorney James 'Wes' Christian and Julianne Jay to assess the scope and impact of coordinated improper influence campaigns.

12. **Prohibit any further public dissemination** of confidential or insider information and cease all harassment, intimidation, or threats toward Movant and other whistleblowers or pro se litigants by Christian's agents.

13. **Provide any further relief** the Court deems just, equitable, and appropriate under the circumstances to protect procedural fairness, integrity, and stakeholder interests.

Respectfully submitted this 31st day of August, 2025.

**Danielle Spears**
Avondale, Arizona

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was sent to all named parties and others with interests in this matter and at the addresses delineated below either by 1st Class mail or via email on this 2ⁿᵈ day of September, 2025.

Danielle Spears, Intervenor, Movant,  pro se
Avondale, AZ 85323

**U.S. Department of Justice** PO Box 18417, Reno, NV 89511
Christina W. Lovato - trusteelovato@att.net; NV26@ecfcbis.com
**Office of the U.S. Trustee**
U.S. TRUSTEE - RN - 7 USTPRegion17.RE.ECF@usdoj.gov
**Hartman & Hartman** 510 W. Plumb Lane Ste. B, Reno, NV 89509
Jeffrey L. Hartman - notices@bankruptcyreno.com; abg@bankruptcyreno.com
**Parsons Behle and Latimer** 800 West Main Street Suite 1300, Boise, ID 83702
Kaycee Royer - kroyer@parsonsbehle.com docketphx@perkinscoie.com
**Perkins Coie LLP** 2525 E. Camelback Road, Suite 500, Phoenix, AZ 85016
Bradley Cosman - bcosman@perkinscoie.com
**Holland & Hart LLP** 3110 N. Central Av., Suite D-1160 (Ground) Phoenix, AZ 85012
Andrea Driggs - ajdriggs@hollandhart.com3
**ChristianAttar** 1177 W. Loop S., Ste.1700, Houston, TX 77027 14 15
James "Wes" Christian – jchristian@christianattarlaw.com
**Kasowitz Benson Torres LLP** 1633 Broadway, New York, NY 10019
Steven Tountas – stountas@kasowitz.com legal-notices@kasowitz.com
**Lilit Asadourian** – Barnes & Thornburg LLP, 2029 Century Park E, Ste 300, Los Angeles, CA 90067-2904
**Schneider Wallace Cottrell Konecky** LLP 2000 Powell Street, Ste. 1400, Emeryville, CA 94608 Ryan R.C. Hicks – rhicks@schneiderwallace.com
Jason H. Kim – jkim@schneiderwallace.com
**Schneider Wallace Cottrell Konecky** LLP 1050 30th Street NW, Washington DC 20007
David D. Burnett – dburnett@schneiderwallace.com
**Cooper Levenson** 3016 W. Charleston Blvd. Ste. 195, Las Vegas, NV 89102
Michael R. Brunet – mbrunet@cooperlevenson.com
**Kaempfer Crowell** 50 W. Liberty, St. Ste. 700, Reno, NV 895014
Louis M. Bubala – lbubala@kcnvlaw.com cdroessler@kcnvlaw.com ;

kmilks@kcnvlaw.com Johnson & Gubler, P.C. 8831 West Sahara Ave., Las Vegas, NV 89117

**Matthew L. Johnson** – mjohnson@mjohnsonlaw.com
annabelle@mjohnsonlaw.com kristi@mjohnsonlaw.com kathra@mjohnsonlaw.com
admin@mjohnsonlaw.com

**Robison, Sharp, Sullivan & Brust** 71 Washington St., Reno, NV 89503

Clayton P. Brust cbrust@rssblaw.com

Kent R. Robison krobison@rssblaw.com

Hannah E. Winston hwinston@rssblaw.com

Russell J. Carr rcarr@rssblaw.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | * | Case No. 24-50792 |
| META MATERIALS, INC., | * | (Chapter 7) |
| | * | |
| Debtor | * | **MOTION BY DANIELLE SPEARS, THIRD PARTY** |
| | * | **INTERVENOR AND MOVANT SUPPLEMENT FOR** |
| | * | **CLARIFICATION, VERIFIED MISCONDUCT, AND** |
| | * | **RENEWED REQUESTS FOR DISQUALIFICATION,** |
| | * | **REMOVAL, SANCTIONS, AND RELIEF IN** |
| | * | **IN SUPPORT OF EMERGENCY MOTIONS TO** |
| | * | **INTERVENE, STAY, DISQUALIFY, RESET** |
| | * | **ADMINISTRATION, AND COMPEL** |
| | * | **("SUPPLEMENT")** |

**************************************************************************

---

## SUPPLEMENTAL AFFIDAVIT OF DANIELLE SPEARS AUTHENTICATING
## TRANSCRIPTS AND SOCIAL MEDIA POSTS

---

Affidavit Transcripts Posts

AFFIDAVIT OF DANIELLE SPEARS AUTHENTICATING TRANSCRIPTS AND SOCIAL MEDIA

POSTS

I, Danielle Spears, being duly sworn, hereby depose and state:

1. I am over the age of eighteen (18) and competent to provide this affidavit based on my

   personal knowledge.

2. All transcripts submitted within this filing have been personally transcribed by me using

   the program KRISP. These transcripts accurately reflect the audio recordings from which

   they were transcribed, and they are true, accurate, and complete to the best of my

   knowledge and ability.

3. All social media posts submitted as exhibits within this filing were personally printed and compiled by me. Each social media post is presented accurately, and they are true and correct representations of the original posts.

4. All notes made in the margin of posts or transcripts are written by myself.

5. I hereby affirm that the transcripts and social media posts attached and submitted with this filing accurately reflect the original content and have not been altered, modified, or misrepresented in any manner.

I swear under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed this 31st day of August, 2025.

Danielle Spears

Avondale, Arizona

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | * | Case No. 24-50792 |
| META MATERIALS, INC., | * | (Chapter 7) |
| | * | |
| Debtor | * | **MOTION BY DANIELLE SPEARS, THIRD PARTY** |
| | * | **INTERVENOR AND MOVANT SUPPLEMENT FOR** |
| | * | **CLARIFICATION, VERIFIED MISCONDUCT, AND** |
| | * | **RENEWED REQUESTS FOR DISQUALIFICATION,** |
| | * | **REMOVAL, SANCTIONS, AND RELIEF IN** |
| | * | **IN SUPPORT OF EMERGENCY MOTIONS TO** |
| | * | **INTERVENE, STAY, DISQUALIFY, RESET** |
| | * | **ADMINISTRATION, AND COMPEL** |
| | * | **("SUPPLEMENT")** |

*********************************************************************

AFFIDAVIT OF DANIELLE SPEARS AUTHENTICATING TRANSCRIPTS AND SOCIAL
MEDIA POSTS IN DOCKET 1988 - MOVANT'S EMERGENCY MOTION TO INTERVENE,
TO STAY PROCEEDINGS, TO DISQUALIFY CONFLICTED COUNSEL AND TRUSTEE,
AND TO RESET BANKRUPTCY ADMINISTRATION UNDER NEUTRAL AUTHORITY
EXHIBIT A THROUGH A23

Affidavit Transcripts Posts

AFFIDAVIT OF DANIELLE SPEARS AUTHENTICATING TRANSCRIPTS AND SOCIAL MEDIA
POSTS

I, Danielle Spears, being duly sworn, hereby depose and state:

1. I am over the age of eighteen (18) and competent to provide this affidavit based on my

   personal knowledge.

2. All social media posts submitted as exhibits within this filing were personally printed and compiled by me. Each social media post is presented accurately, and they are true and correct representations of the original posts.

3. All notes made in the margin of posts or transcripts are written by myself.

4. I hereby affirm that the transcripts and social media posts attached and submitted with this original filing Docket 1988 Emergency Motion to Intervene and Stay Proceedings filing accurately reflect the original content and have not been altered, modified, or misrepresented in any manner.

I swear under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed this 31st day of August, 2025.

Danielle Spears

Avondale, Arizona