BK-24-50792-gs District of Nevada

1  AMENDED MOTION FOR SANCTIONS PURSUANT TO FEDERAL
2  
3  RULE OF BANKRUPTCY PROCEDURE 9011(c)
4  
5  U.S. Bankruptcy Court
6  
7  District of Nevada

RECEIVED AND FILED
SEP 23 2025
U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

8  IN RE:) BK-24-50792-gs
9  
10 META MATERIALS INC.) CHAPTER 7
11 
12 Debtor.
13 
14 CONTIQUE WILLCOT,          | AMENDED MOTION FOR
15                             | SANCTIONS PURSUANT TO
16        Movant,              | FEDERAL RULE OF BANKRUPTCY
17 vs.                         | PROCEDURE 9011(c)
18 
19 JAMES W. CHRISTIAN,
20        Defendant            | Hearing Date: N/A
21                             | Hearing Time: N/A
22 
23 
24          TO THE HONORABLE JUDGE GARY SPRAKER:
25 
26 Movant Contique Willcot, proceeding pro se as a Fire Lieutenant and Certified
27 
28 Origin and Cause Fire Investigator (CFEI), respectfully submits this Motion for

MOVANT'S AMENDED MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011(C) - 1

Sanctions under Federal Rule of Bankruptcy Procedure (FRBP) 9011(c). This motion is filed following the expiration of the 21-day safe harbor period provided in Movant's Safe Harbor Notice dated August 19, 2025, served on James W. Christian, Esq., of ChristianAttar Law Firm. Despite clear notice and opportunity to cure, Mr. Christian has failed to withdraw or correct baseless, false, and defamatory statements made in a declaration filed in this Court (Doc. 1878, ¶¶ 5, 7) and cross-filed in the related district court case (Contique Willcot v. Securities and Exchange Commission, et al., Case No. 7:24-cv-00317-DCRCG, ECF No. 44-1, ¶¶ 5, 7, U.S. District Court, W.D. Tex.).

These statements violate FRBP 9011(b) by lacking evidentiary support, being unwarranted by law, and serving an improper purpose— namely, to harass, delay, and preemptively prejudice this Court against Movant and similarly situated pro se investors in the MMTLP scandal. As a CFEI, Movant's credibility is delicate and essential; false accusations of unethical conduct (e.g., baseless obstruction) could devastate his professional integrity, especially as an expert witness where attorneys routinely attack character. Movant seeks $50,000 in monetary sanctions under FRBP 9011(c)(2) to deter similar violations and reimburse expenses: $20,000 for litigation costs and deterrence (including $500+ in fees, printing, and research time

BK−24−50792−gs  District of Nevada

at $50/hour for 20 hours = $1,000+ total costs), considering the broader impact on bankruptcy proceedings; $15,000 factoring in harm to CFEI credibility/reputation (e.g., potential lost expert opportunities, with averages of $25,000-$75,000 in Nevada defamation cases for professional integrity loss); and $15,000 factoring in emotional distress (e.g., anxiety from professional doubt, with averages of $20,000-$75,000). This motion is supported by robust evidence, including sworn affidavits, public filings, and communications demonstrating a pattern of misconduct. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (sanctions under analogous FRCP 11 aim to deter baseless filings and streamline litigation); In re Miller, No. CC-18-1185, 2019 WL 2716280 (9th Cir. BAP June 26, 2019) ($50,875 in sanctions for unsubstantiated claims, emphasizing proportionality); In re DeVille, 361 F.3d 539, 548 (9th Cir. 2004) (sanctions for filings causing needless expense or harassment).[^1]

## I. INTRODUCTION

The first attack on Movant's character occurred in a letter dated April 16, 2025, from Mr. Christian to Jeffery L. Hartman (attached as Exhibit J, and filed as Doc. 1878-4 in this case), where Mr. Christian labeled pro se litigants, including Movant, as "Perpetrators" who filed "numerous bizarre and incoherent pro se

MOVANT'S AMENDED MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011(C) - 3

complaints" to obstruct and impair representation. This set the stage for subsequent defamatory statements.

On May 2, 2025, Mr. Christian, as counsel for Defendant Next Bridge Hydrocarbons, Inc. ("NBH"), filed a Motion to Withdraw as Attorneys of Record (ECF No. 44 in the district court), attaching a declaration (ECF No. 44-1), that falsely accused Movant of participating in a "coordinated effort" to obstruct the Debtor's bankruptcy estate through baseless litigation. Identical statements appear in the bankruptcy filing (Doc. 1878). These claims are demonstrably false, lack any evidentiary basis, and were made with the improper purpose of defaming Movant—a public servant with an unblemished reputation whose CFEI role demands unimpeachable integrity for expert testimony in arson/insurance cases. In court, attorneys could exploit this to discredit him, causing irreparable harm. The Court granted Mr. Christian's motion to withdraw as counsel for NBH on May 14, 2025, yet the offending statements remain on the record, underscoring the need for sanctions to address this ongoing harm.

Movant complied fully with FRBP 9011(c)(1)(A)'s safe harbor requirement by serving a detailed notice on August 19, 2025, demanding withdrawal or correction

MOVANT'S AMENDED MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011(C) - 4

BK−24−50792−gs  District of Nevada

within 21 days (expiring September 9, 2025). No withdrawal occurred.

**The remaining content of the motion (pages 5 through 132, including exhibits, proposed order, and certificate of service) remains unchanged from the original filing, as the corrections are limited to the caption and related formatting issues identified in the Notice of Docketing Error (Doc. 2200). This amended motion is filed immediately per the Court's instructions and Local Rule 9004.

Respectfully submitted,

*/s/ Contique Willcot*

Contiqué Willcot, Pro Se

6940 SW 10th Ct., Pembroke Pines FL. 33023

(954) 274-5173

Contiq9@yahoo.com

Dated: September 19, 2025

MOVANT'S AMENDED MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011(C) - 5