_____
Honorable Gary Spraker
United States Bankruptcy Judge



Entered on Docket
February 04, 2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| In re: | Case No.: 24-50792-gs |
|---|---|
| META MATERIALS INC., | Chapter 7 |
| Debtor(s). | **Hearing Date** <br> DATE: February 20, 2026 <br> TIME: 9:30 a.m. |

## PARTIAL TENTATIVE RULING

On August 5, 2025, non-parties Citadel Securities LLC (Citadel), Anson Funds Management LP (Anson) and Virtu Financial, LLC (Virtu) (together, the Citadel Movants) filed their motion to quash each of the six subpoenas served on them by the chapter 7 trustee (ECF No. 2088) (Citadel Motion). On January 29, 2026, the request to quash the chapter 7 trustee's subpoenas served on the The Nasdaq Stock Market LLC (together with the Citadel Movants, the Movants) was docketed in the above-captioned bankruptcy case (ECF No. 2551) (together with the Citadel Motion, the Motions). The following discussion constitutes the court's tentative decision to deny the Motions insofar as they allege the trustee's subpoenas seeking document production violate Nevada Local Bankruptcy Rule (LR) 2004(c).

Movants argue that the trustee's subpoenas served in connection with her Rule 2004 examination requests violate LR 2004(c), which provides in part, "Production of documents may not be obtained via an order under Fed. R. Bankr. P. 2004." However, LR 2004(c) further provides that "[p]roduction of documents may, however, be obtained via subpoena as provided

1

by Fed. R. Civ. P. 45(a)(1)(C), as adopted by Fed. R. Bankr. P. 9016." Simply put, LR 2004(c) does not preclude the production of documents under a Rule 2004 examination in Nevada.

A strict reading of LR 2004(c) to the contrary is counter to Fed. R. Bankr. P. 2004(c), which is entitled – "Compelling Attendance and the Production of Documents or Electronically Stored Information." Rule 2004(c) expressly recognizes that "an entity may be compelled under Rule 9016 to attend and produce documents or electronically stored information." Rule 9016 incorporates Fed. R. Civ. P. 45, governing the use of subpoenas.

The applicable notes of the Committee on Rules clarify any confusion that documents may be obtained in a Rule 2004 examination through the use of a subpoena. The notes on Rule 2004 from 1983 state: "Subdivision (c) specifies the mode of compelling attendance of a witness or party for an examination and for the production of evidence under this rule." In 2020, the committee notes provide further evidence that documents may be obtained in a Rule 2004 examination:

> Subdivision (c) is amended in two respects. First, the provision now refers expressly to the production of electronically stored information, in addition to the production of documents. This change is an acknowledgment of the form in which information now commonly exists and the type of production that is frequently sought in connection with an examination under Rule 2004.
>
> Second, subdivision (c) is amended to bring its subpoena provision into conformity with the current version of F.R.Civ.P. 45, which Rule 9016 makes applicable in bankruptcy cases. Under Rule 45, a subpoena always issues from the court where the action is pending, even for a deposition in another district, and an attorney admitted to practice in the issuing court may issue and sign it. In light of this procedure, a subpoena for a Rule 2004 examination is now properly issued from the court where the bankruptcy case is pending and by an attorney authorized to practice in that court, even if the examination is to occur in another district.

In light of the advisory notes, the court cannot read the local rules to prohibit what the Federal Rules provide. The Nevada Local Bankruptcy Rules do not supersede the Federal Rules of Bankruptcy Procedure. *See* LR 1001(b)(4) ("These rules supplement or, as permitted, modify

2

the Federal Rules of Bankruptcy Procedure and **are to be construed to be consistent with the Federal Rules of Bankruptcy Procedure**….") [emphasis added].

The purpose of LR 2004(c) is to notify parties that notwithstanding entry of an order granting a motion for examination under Rule 2004, a subpoena must still be issued to obtain the production of documents; the order *alone* is insufficient to require a party to produce documents. The Movants' citations to *In re CWNevada LLC*, 602 B.R. 717, 721 (Bankr. D. Nev. 2019) are not persuasive. Judge Nakagawa acknowledged the confusing language of the local rule. I read the rule as merely stating that the order setting the Rule 2004 examination is not sufficient by itself to compel production of documents – that must be sought through a subpoena in support of the Rule 2004 examination. To the extent that *CWNevada* interpreted LR 2004(c) to bar production of documents under Rule 2004, the discussion in footnote three of that decision was dicta and does not override the Federal Rules of Bankruptcy Procedure.

For these reasons, the court intends to deny the requests in the Motions to quash the subpoenas based on any alleged violation of LR 2004(c).

\* \* \* \* \*

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

# # #