_____
Honorable Gary Spraker
United States Bankruptcy Judge



Entered on Docket
February 05, 2026
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

META MATERIALS INC.,

                Debtor(s).

Case No.: 24-50792-gs
Chapter 7

<u>Hearing Date</u>
DATE: October 16, 2025
TIME:  1:30 p.m.

### ORDER ON MOTION TO DISQUALIFY CHRISTIAN ATTAR FIRM

      On October 16, 2025, the court held a hearing on the Motion by Scott Traudt, Third-Party Intervenor and Movant to Disqualify from Service to the Trustee Attorney James Wesley Christian and Christian Attar Law Firm et al. as Special Counsel and to Declare the Retention Agreements and Other Non-Disclosure Agreements Entered Into and Through the Trustee and Christian Attar as Void Ab Initio; Motion to Exceed Page Length by 5 Pages (ECF No. 2041) (Motion). Appearances were as noted on the record. For the reasons stated herein, the court will deny the Motion.

      Scott Traudt, the pro se individual who filed the Motion, is an investor who, in 2022, purchased 305 shares of MMTLP, also known as Series A Non-Voting Preferred Stock[1] in the above-captioned debtor, Meta Materials Inc. (Debtor).[2] Mr. Traudt has described himself as a "third-party intervenor." While under certain circumstances a party in interest may intervene in

---

[1] ECF No. 2141-3 at 2.
[2] ECF No. 2166.

1

an adversary proceeding initiated by a chapter trustee,[3] there is no opportunity for third party intervention in a main bankruptcy proceeding. That said, as a purported interest holder in the Debtor, Mr. Traudt may move the court for relief as a party in interest in the Debtor's bankruptcy case.[4]

Mr. Traudt seeks entry of an order disqualifying special counsel Christian Attar in the Debtor's case. The order authorizing the chapter 7 trustee's employment of Christian Attar as special litigation counsel was entered on November 4, 2024.[5] According to the Ex Parte Application by Chapter 7 Trustee to Employ the Law Firms of Christian Attar and Kasowitz Benson Torres LLP as Special Litigation Counsel (Application),[6] Christian Attar was employed to "investigate potential claims and…pursue litigation related to suspected stock manipulation through illegal trading practices such as 'naked short selling' and 'spoofing.'"[7] In the summary of potential litigation attached to the Application, the chapter 7 trustee disclosed that "[p]repetition, the [Debtor] engaged a group of specialist advisors, including Christian Attar…whose analysis identified over 55 million shares of [the Debtor] and 92 million shares of [Torchlight Energy Resources, Inc.] that were impacted by this fraudulent activity…."[8]

---

[3] *See* Fed. R. Bankr. P. 2018; Fed. R. Bankr. P. 7024, incorporating Fed. R. Civ. P. 24.
[4] The chapter 7 trustee has argued that Mr. Traudt lacks standing to bring the Motion, because in December 2022 his MMTLP shares were automatically exchanged for shares in Next Bridge Hydrocarbons (NBH), formerly a wholly-owned subsidiary of the Debtor which is now an independent company whose shares are not publicly traded. *See* ECF No. 2141-3 at 2-3. Though this appears to be supported by Mr. Traudt's own account statement from TD Ameritrade attached to his proof of interest at ECF No. 2166, to date the chapter 7 trustee has not objected to Mr. Traudt's proof of interest. Absent objection, a proof of interest is considered prima facie valid. *Kimmons v. Innovative Software Designs, Inc. (In re Innovative Software Designs, Inc.)*, 253 B.R. 40, 44 (B.A.P. 8th Cir. 2000) ("Since a properly filed proof of claim, which includes supporting documents, is entitled to prima facie evidentiary effect, a proof of interest which similarly includes supporting documentation should also be given prima facie evidentiary effect.").
[5] ECF No. 118.
[6] ECF No. 98.
[7] *Id.* at 1.
[8] ECF No. 98-1 at 2.

Mr. Traudt alleges that Christian Attar attorney Wes Christian must be disqualified from serving as special litigation counsel to the chapter 7 trustee for a litany of reasons. These reasons for disqualification include Mr. Christian's: representation of NBH in state court litigation involving Mr. Traudt and other purported shareholders; conduct in non-bankruptcy litigation; purported failure to provide the chapter 7 trustee with "solid data;" litigation against pro se individuals; and "frequent firm changes."[9]

In the Application, the chapter 7 trustee sought employment of Christian Attar under 11 U.S.C. § 328(a).[10] However, the court's order approving employment stated that Christian Attar's compensation is subject to court approval under 11 U.S.C. § 330.[11] Moreover, the scope of the proposed employment was limited to litigation matters, implying that Christian Attar was employed as special counsel pursuant to 11 U.S.C. § 327(e). As explained by the United States District Court for the Eastern District of California:

> 11 U.S.C. § 327 has two separate requirements for the employment of an attorney by a trustee, one for general counsel, § 327(a), and another for special counsel, § 327(e). Employment of general counsel requires the attorney to be a disinterested person, but employment of special counsel does not.… Section 327(e) simply requires that the attorney cannot "represent or hold any interest adverse to the debtor." A generally accepted definition of an adverse interest is:
>
>> [T]he (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate.[12]

From a review of the briefing, it does not appear that Christian Attar has an economic interest that would lessen the value of the bankruptcy estate or create an actual or potential dispute at odds with the estate. Rather, Mr. Traudt appears to argue that Christian Attar holds an adverse interest to the Debtor based upon the third option, "possession of a predisposition under

---

[9] ECF No. 2041 at 3.
[10] ECF No. 98 at 1.
[11] ECF No. 118 at 2.
[12] *Lennear v. Diamond Pet Food Processors of California, LLC*, 147 F. Supp. 3d 1037, 1051 (E.D. Cal. 2015) [citations, quotations omitted].

3

circumstances that create a bias against the estate." Put simply, Mr. Traudt's allegations of bias against Mr. Christian do not implicate *the bankruptcy estate*. NBH, previously a wholly-owned subsidiary of the Debtor, is currently an independent company with no evident ties to the Debtor or the estate.[13]

Mr. Traudt has further failed to explain how Mr. Christian's litigation with pro se individuals is adverse to the interests of the bankruptcy estate. Mr. Traudt has not indicated that Mr. Christian is pursuing any state court litigation against the estate. In fact, Mr. Christian represented the Debtor pre-petition, a circumstance which might demonstrate a bias in *favor* of the bankruptcy estate. Finally, Mr. Traudt has not developed a persuasive argument regarding Mr. Christian's firm changes that would indicate a bias against the estate.

The court recognizes that across three separate declarations, Mr. Christian continues to add disclosures which expand upon his statements in support of employment originally indicating he held no interests adverse to the bankruptcy estate or its shareholders.[14] The duty to disclose is an ongoing obligation.[15] Mr. Christian's continued disclosures do not warrant his disqualification. However, should it be determined at a future date in this case that Mr. Christian or Christian Attar do hold an interest adverse to the estate, 11 U.S.C. § 328(c) provides for the disallowance of compensation in the event, "at any time during such professional person's employment under section 327…of this title, such professional person…represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed."[16]

---

[13] Moreover, Mr. Christian filed a supplemental declaration in support of employment in which he attested that he no longer represents NBH, a *former* subsidiary of the Debtor, as defense counsel in the litigation with Mr. Traudt's fellow MMTLP/NBH shareholders. ECF No. 1878 at 3.

[14] *See* ECF Nos. 99, 1878, and 2143.

[15] "Although no ongoing disclosure requirement is explicitly set forth in Rule 2014(a), as is the case with [Fed. R. Bankr. P.] 2016(b), case law has uniformly held that under Rule 2014(a), (1) full disclosure is a continuing responsibility, and (2) an attorney is under a duty to promptly notify the court if any potential for conflict arises." *In re Metro. Env't, Inc.*, 293 B.R. 871, 887 (Bankr. N.D. Ohio 2003) (citing cases).

[16] 11 U.S.C. § 328(c).

For these reasons,

IT IS HEREBY ORDERED that the Motion by Scott Traudt, Third-Party Intervenor and Movant to Disqualify from Service to the Trustee Attorney James Wesley Christian and Christian Attar Law Firm et al. as Special Counsel and to Declare the Retention Agreements and Other Non-Disclosure Agreements Entered Into and Through the Trustee and Christian Attar as Void Ab Initio; Motion to Exceed Page Length by 5 Pages (ECF No. 2041) is DENIED.

IT IS SO ORDERED.

* * * * *

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

Copy sent via BNC Noticing:

SCOTT TRAUDT
191 KIBLING HILL ROAD
STRAFFORD, VT 05072

# # #