UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
META MATERIALS, INC.,

Debtor

Case No. 24-50792
Chapter 7

RECEIVED AND FILED
FEB 11 2026
U.S. BANKRUPTCY COURT
DANIEL S OWENS, CLERK

**MOTION TO DETERMINE STANDING OF MOVANT AND FOR DETERMINATION OF ADEQUACY OF NOTICE AND VALIDITY OF BAR DATE**

**INTRODUCTION**

Movant Danielle Spears ("Movant"), appearing pro se, respectfully moves this Court for a determination of (1) her standing, including standing asserted as a holder of MMTLP security as a contingent equity security holder of the Debtor, and (2) the adequacy of notice provided in this case and the resulting validity of the bar date as applied to such holders.

This Motion is filed in direct response to the Court's statements at hearing that standing must be determined before the Court may rule on the remaining issues raised by Movant. The Motion also corrects and clarifies factual matters raised in prior filings that were not styled as a motion and therefore were not ruled upon.

Movant does not seek to relitigate previously denied relief, nor does she seek immediate discovery. Rather, Movant requests threshold determinations necessary to ensure that parties with potential legal and equitable interests in the Debtor are not deprived of due process through enforcement of a bar date without constitutionally adequate notice.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2), including matters concerning the administration of the estate and the allowance or disallowance of claims and interests.

## FACTUAL BACKGROUND

1. META Materials, Inc. ("META" or the "Debtor") filed this Chapter 7 case on August 9, 2024.
2. Prior to the petition date, META was the issuer of Series A Preferred Stock, which traded publicly under the symbol MMTLP.
3. META effected a spin-off transaction pursuant to which MMTLP securities were purportedly cancelled and replaced with interests in Next Bridge Hydrocarbons, Inc. ("NBH").
4. Movant and thousands of other MMTLP holders contend that the spin-off transaction was allegedly fraudulently structured and/or improperly executed, such that the purported cancellation of their interests may be void or voidable.
5. If the spin-off is determined to be fraudulent, unlawful, or ineffective, MMTLP holders would revert to equity security holder status in META, as META was the issuer of the securities.
6. Movant raised these issues in prior filings and at hearing, including issues of standing, notice, and the enforceability of the bar date. The Court stated that standing must be determined.

7. The Chapter 7 Trustee represented to the Court in Docket No. 102, page 1, paragraph 1, that "I cannot be certain that all equity interest holders will receive proper notice of the bar date." The Trustee's statement does not specify whether this uncertainty was limited to holders of MMAT common stock or whether it also encompassed holders of MMTLP securities whose interests were purportedly cancelled through the disputed spin-off transaction.

8. Movant initially understood the mailing matrix referenced in this case to include approximately 360 parties. Upon review of the updated mailing matrix filed with the Court, Movant corrects that understanding. The current mailing matrix reflects a total of 1,549 listed names and entities, of whom 1,485 were designated as mailable recipients and 64 were bypassed as duplicative or undeliverable.

9. Even as corrected, the mailing matrix cannot reasonably represent the full universe of equity interest holders. Public filings, trading history, and statements made in this case reflect that MMAT shareholders alone number in the thousands. In addition, widespread public representations over multiple years have asserted that holders of MMTLP securities number approximately 65,000 retail investors.

10. In Docket No. 98-1, page 3, paragraph 3, special counsel James W. Christian states that the alleged market manipulation resulted in extreme financial losses for "more than 65,000 retail shareholders" in connection with MMAT and its predecessor Torchlight Energy Resources, Inc., ("TRCH"). That statement does not distinguish between MMAT shareholders, TRCH shareholders, or holders of MMTLP securities, nor does it clarify the basis on which that number was derived. This lack of specificity further underscores

the need for objective shareholder-position data to determine which equity holders existed, in what quantities, and under which securities.

11. Data maintained by Broadridge Financial Solutions, Inc. ("Broadridge") and similar industry-standard providers reflect shareholder-position information relevant to identifying holders of TRCH, MMAT, and MMTLP securities.

## LEGAL STANDARD

Standing in bankruptcy is determined more broadly than in ordinary civil litigation. Courts recognize standing for parties who hold direct, contingent, or potential interests that may be affected by the outcome of the case. *In re Thorpe Insulation Co.*, 677 F.3d 869, 884 (9th Cir. 2012).

Due process requires notice that is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

A bar date cannot constitutionally bind parties who were known or reasonably ascertainable but were not provided adequate notice. *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296–97 (1953).

## ARGUMENT

### I. MOVANT HAS STANDING AS A CONTINGENT EQUITY SECURITY HOLDER AND AS A PARTY IN INTEREST

Movant does not contend that the status of holders of MMTLP securities has already been conclusively adjudicated in this case. Rather, Movant asserts standing based on a contingent equity interest arising from the disputed spin-off transaction that purported to cancel MMTLP securities and replace them with interests in Next Bridge Hydrocarbons, Inc.

The Bankruptcy Code expressly recognizes contingent, unliquidated, and disputed claims and interests. 11 U.S.C. §§ 101(5), 101(16). Where the validity or effectiveness of a transaction that purportedly eliminated equity interests is itself disputed, affected holders possess standing to be heard to prevent forfeiture of rights without due process. Courts routinely permit parties asserting contingent equity interests to participate where resolution of disputed transactions may restore those interests. *In re Thorpe Insulation Co.*, 677 F.3d 869, 884 (9th Cir. 2012). *See also In re Motors Liquidation Co.*, 829 F.3d 135, 158 (2d Cir. 2016) (recognizing that parties whose rights were affected by a bankruptcy order retained standing to challenge that order where constitutionally adequate notice was not provided).

Here, Movant and other holders of MMTLP securities contend that the spin-off transaction was fraudulently structured and/or improperly executed. If that transaction is determined to be void, voidable, or ineffective, holders of MMTLP securities would revert to equity security holder status in META Materials, Inc., as META was the issuer of the securities. The potential restoration of equity interests is sufficient to confer contingent standing to raise issues concerning notice, bar dates, and preservation of rights.

The Trustee has acknowledged uncertainty regarding notice to "equity interest holders," without specifying whether that uncertainty was limited to MMAT common shareholders or extended to

holders of MMTLP securities. That ambiguity further supports Movant's standing to seek a determination of notice adequacy and bar date enforceability before rights are extinguished.

In addition to asserting contingent equity standing, Movant has taken affirmative, rule-compliant steps to preserve her rights in this case. Movant filed proofs of interest relating to MMTLP securities (Docket No. 2414). Movant also filed a proof of claim on Official Form 410, which was entered on December 16, 2025 and is reflected on the claims register as Claim No. 63.

These filings were made out of an abundance of caution and without waiver of Movant's position that her interests are properly characterized as equity interests contingent upon resolution of the disputed spin-off transaction. The filing of a proof of claim does not constitute an admission that Movant's interests are solely creditor claims, nor does it resolve the threshold questions of standing, notice, or bar date enforceability presently before the Court.

Movant's inclusion on the claims register likewise does not cure any constitutional deficiencies in notice affecting similarly situated holders of MMTLP securities. The adequacy of notice and the enforceability of the bar date must be determined as to the affected class as a whole, independent of Movant's individual efforts to preserve her rights.

Accordingly, Movant has standing as a party in interest to seek determinations regarding standing, adequacy of notice, and the validity and enforceability of the bar date. Movant seeks standing solely for the limited purpose of being heard on issues of notice adequacy, bar-date enforceability, and preservation of rights, and does not seek authority to direct estate litigation or administration.

## II. THE NOTICE PROVIDED WAS NOT CONSTITUTIONALLY ADEQUATE

The Trustee's admission that she could not be certain that all equity interest holders would receive notice establishes that holders of MMTLP securities were not purely "unknown creditors" in the *Mullane* sense, but rather constituted a large, identifiable class whose identities were reasonably ascertainable through the exercise of reasonable diligence.

Where a debtor or trustee knows that a large group of investors exists but asserts difficulty identifying them individually, due process requires supplemental methods of notice, including publication or representative procedures. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317–18 (1950); *In re Charter Co.*, 125 B.R. 650, 654 (M.D. Fla. 1991).

Here, the mailing matrix reflects 1,549 listed names and entities, many of which are intermediaries, professionals, or institutions. That matrix cannot reasonably represent the thousands of MMAT shareholders or the tens of thousands of retail investors repeatedly referenced in the record as holders affected by the disputed transactions. Under these circumstances, the notice provided does not satisfy constitutional standards.

## III. THE BAR DATE CANNOT BE ENFORCED AGAINST UNNOTIFIED MMTLP HOLDERS

Because notice was not reasonably calculated to reach all potentially affected equity interest holders, the bar date cannot operate to extinguish the rights of holders of MMTLP securities who did not receive constitutionally adequate notice.

A bar date established without constitutionally sufficient notice is unenforceable as to those parties. *In re Maya Constr. Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996).

Movant does not request immediate reopening or resetting of the bar date. Movant seeks a determination that the bar date cannot be enforced against MMTLP holders unless and until adequate notice is provided.

## IV. BROADRIDGE SHAREHOLDER-POSITION DATA IS RELEVANT TO NOTICE AND IDENTIFIABILITY

Because the Trustee has acknowledged uncertainty regarding notice to equity interest holders, and because the record contains inconsistent and non-specific representations regarding the number and identity of such holders, shareholder-position data maintained by Broadridge Financial Solutions, Inc. is directly relevant to determining whether holders of TRCH, MMAT, and MMTLP securities were reasonably ascertainable for notice purposes.

At this stage, Movant does not seek production or discovery of such data. Movant references Broadridge solely to demonstrate that industry-standard mechanisms exist by which equity interest holders could have been identified for notice and bar-date purposes, and that the adequacy of notice cannot be assessed without considering the availability of such mechanisms.

## RELIEF REQUESTED

Movant respectfully requests that the Court enter an order:

1. **Determining** that Movant has standing to be heard as a contingent equity security holder;

2. **Determining,** for purposes of notice and bar-date enforceability, that Movant's asserted MMTLP interest is a potentially affected equity interest and that Movant's rights cannot be extinguished without constitutionally adequate notice;

3. **Determining** that the bar date cannot be enforced against Movant with respect to her asserted MMTLP-based interest absent constitutionally adequate notice; and

4. **Granting** such other and further relief as the Court deems just and proper.

---

**CONCLUSION**

This Motion presents threshold issues the Court has already identified as necessary to resolve. Movant respectfully requests that the Court determine standing and notice so that the case may proceed on a constitutionally sound footing.

Respectfully submitted this 8th day of February, 2026,

Danielle Spears
Pro Se Movant
Avondale, AZ 85323
paymmtlpnow@gmail.com

I hereby certify that a true copy of the foregoing was sent to all named parties with interests in this matter and at the addresses delineated below either by 1st Class mail or by email addresses This 8th day of February, 2026.

*[signature: Danielle Spears]*

Danielle Spears,
Pro se Movant
Avondale, AZ 85323
paymmtlpnow@gmail.com


**US Dept. of Justice PO Box 18417, Reno, NV 89511**
USTPRegion17.RE.ECF@usdoj.gov
cameron.m.gulden@usdoj.gov
trusteelovato@att.net
jlh@bankruptcyreno.com
notices@bankruptcyreno.com
abg@bankruptcyreno.com
nv26@ecfcbis.com
jchristian@christianattarlaw.com
bcosman@perkinscoie.com
docketphx@perkinscoie.com
ajdriggs@hollandhart.com
kroyer@parsonsbehle.com
dburnett@schneiderwallace.com
rhicks@schneiderwallace.com
jkim@schneiderwallace.com
stountas@kasowitz.com
mbrunet@cooperlevenson.com
lbubala@kcnvlaw.com
cdroessler@kcnvlaw.com
kmilks@kcnvlaw.com
mjohnson@mjohnsonlaw.com
annabelle@mjohnsonlaw.com
kristi@mjohnsonlaw.com
kathra@mjohnsonlaw.com
admin@mjohnsonlaw.com
cbrust@rssblaw.com
krobison@rssblaw.com
hwinston@rssblaw.com
rcarr@rssblaw.com