

_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
February 23, 2026

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>Debtor. | Case No.: 24-50792-gs<br>(Chapter 7)<br><br>**PROTECTIVE ORDER BY TRUSTEE REGARDING THE DEPOSITORY TRUST & CLEARING CORPORATION DISCOVERY MATERIAL**<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

WHEREAS, in connection with the above-captioned bankruptcy proceeding (the "Action"), Chapter 7 Trustee Christina Lovato ("Trustee") served a Rule 2004 Subpoena on third-party subpoena respondent Depository Trust Clearing Corporation ("DTCC") (the "Subpoena"), and Trustee believes that certain information that is encompassed by the Subpoena involves the production or disclosure of trade secrets, confidential business information, other confidential information, personal identifying information, and/or other proprietary information;

WHEREAS, Trustee respectfully requests that the Court enter this order ("Protective Order") limiting disclosure thereof in accordance with 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, as applicable, pursuant to Bankruptcy Rules 2004, 7026, and 9014 and Rules 26(c) and 45 of the Federal Rules of Civil Procedure.

NOW, THEREFORE, to facilitate and expedite the production and treatment of documents, information, materials, regardless of the medium or manner in which they are

generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery to the Subpoena by DTCC ("Discovery Material"), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that the DTCC seeks to maintain as confidential, the Trustee agrees, and, upon Court approval, it is hereby **ORDERED** that the following terms will govern any requests for and production of Discovery Material:

1. DTCC may designate as confidential for protection under this Protective Order any Discovery Material for which DTCC has a good-faith belief that the Discovery Material constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of DTCC or a third party to whom DTCC reasonably and in good faith believes it owes an obligation of confidentiality with respect to Discovery Material ("Protected Material"). Protected Material includes, but is not limited to, Discovery Material that reveals:

    a. Confidential trade secrets or proprietary business information;

    b. Financial information (including tax return or bank account information; profit and loss reports or estimates; trading positions; transactional data; risk reports; liquidity reports; brokerage commission reports and summaries; commission agreements; employment contracts; documents reflecting dates, amounts, and basis of renumeration of compensation; materials related to fees received for services provided; and materials related to employee compensation);

    c. Material not previously disclosed to the public related to ownership or control of any non-public company;

    d. Proprietary business information or communications, or other confidential research, development, or commercial information or communications;

    e. Information, materials, or other documents reflecting non-public business or financial strategies, and/or confidential competitive information that, if disclosed, would result in competitive harm to DTCC;

    f. Non-public personal, client, or customer information concerning individuals or other entities, including, without limitation, information that would be considered personally identifiable information under any applicable law and/or protected from public

2

disclosure under relevant securities laws to include, but not limited to, the Gramm-Leach-Bliley Act and Regulation S-P;

    g. The identity and investment positions of persons or entities who have invested in, or hold an interest in, partnerships, trusts, funds, or other investment vehicles that are produced or otherwise disclosed during the course of this Action;

    h. Information otherwise generally unavailable to the public;

    i. Information for which applicable law, regulation, policy, or other guidance or rule of any governmental authority—foreign or domestic—requires confidential treatment, to the extent any disclosure is permitted by law; and/or

    j. Any other category of information given confidential status by the Court.

  The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Trustee or their counsel that might reveal Protected Material.

  Nothing in this Paragraph 1 or in this Protective Order shall affect the right, if any, of DTCC or other interested person to make any type of objection, claim, or other response to a discovery request of any type, including interrogatories, requests for admissions, requests for production of documents or questions at deposition, and to withhold production where appropriate. Nothing in this Paragraph 1 or this Protective Order shall be construed as prohibiting DTCC or other interested person from seeking additional protections.

  2. DTCC shall mark Discovery Material designated as Protected Material by affixing a legend or stamp on such Discovery Material as "CONFIDENTIAL." For Protected Material in documentary form, DTCC shall place the word "CONFIDENTIAL" clearly on each page of the Protected Material. In the case of Protected Material that is electronic documents produced in native format, DTCC shall produce a corresponding one-page tagged image file format or TIFF image affixing the word "CONFIDENTIAL" or shall include the word "CONFIDENTIAL" in the native file name. DTCC may designate Discovery Material as Protected Material if any portion of the Discovery Material qualifies as Protected Material under this Protective Order. For Rule 2004

examination and hearing transcripts for which such protection is sought, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

3. With respect to designated Protected Material marked "CONFIDENTIAL" ("DESIGNATED MATERIAL"), subject to the provisions herein and unless otherwise stated, this Protective Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure and Bankruptcy Procedure; (b) all court hearing or Rule 2004 examination testimony, or documents marked as exhibits or for identification in Rule 2004 examinations and hearings; (c) pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. Protected Material may be marked "CONFIDENTIAL" and deemed to be DESIGNATED MATERIAL at any time. Inadvertent or unintentional production of Protected Material that has not been marked as Confidential shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If the DTCC inadvertently or unintentionally produces Protected Material without marking it as Confidential or applies an incorrect designation, DTCC may request destruction (or if electronic the elimination of that electronic record) of that Protected Material by notifying the Trustee, as soon as reasonably possible after DTCC becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is marked Confidential. The Trustee shall then, as reasonably practicable, destroy all copies of the inadvertently or unintentionally produced Protected Material (or if electronic the elimination of that electronic record) and any documents, information or material derived from or based thereon. The Trustee shall not be liable for failing to treat as confidential DESIGNATED MATERIAL before it has been designated as such.

5. Protected Material may be disclosed by the Trustee only to the following persons, except upon receipt of the prior written consent of DTCC, or upon order of the Court:

    a. Trustee's outside counsel of record in this Action;

    b. employees of such counsel assigned to and reasonably necessary to assist such counsel in for this Action;

    c. the Trustee;

    d. to the extent that disclosure is reasonably necessary for the Action, current employees of the Trustee who are assisting counsel in the Action;

    e. persons with specialized knowledge or experience in a matter pertinent to the Action who have been retained by the Trustee or its counsel to serve as (i) an expert witness ("Expert") in this Action and/or (ii) a consultant in this Action ("Consultant") provided that:

        (1) the Trustee's counsel, in good faith, requires the Expert's or Consultant's assistance in connection with the Action;

        (2) before access is given, the Consultant or Expert has completed the Undertaking attached as Appendix A hereto;

        (3) any part of any report created by such Expert or Consultant incorporating DESIGNATED MATERIAL in whole or in part shall be designated appropriately by the Trustee; and

        (4) such Experts or Consultants shall not use DESIGNATED MATERIAL for any purpose that does not relate directly to the Action (including without limitation any litigation, whether or not related to the Action, or any of their other work in their respective fields);

    f. Outside litigation support service providers, photocopying, videoing, translating, document imaging, and database services retained by counsel and reasonably necessary to assist counsel in this Action;

    g. the Court and its personnel for *in camera* review with the specific understanding that all such DESIGNATED MATERIAL may not be filed on the public docket unless under seal, as discussed further herein; and

    h.  the author, addressee(s), or recipient(s) of the DESIGNATED MATERIAL.

6. Discovery Material, including, but not limited to, Protected Material designated as DESIGNATED MATERIAL, shall be used by the Trustee only for this Action, and shall not be used for any other purpose (including, without limitation, any litigation whether or not related to the Action). Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Protective Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in this Action. Any such copies, duplicates, extracts, summaries, or descriptions are DESIGNATED MATERIAL subject to all of the terms and conditions of this Protective Order.

7. Nothing in this Protective Order shall require production of documents, information, or other material that DTCC contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are inadvertently or unintentionally produced by DTCC, such production shall not constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. If DTCC inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, DTCC may obtain the return of such documents, information, or other material by promptly notifying the Trustee and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The Trustee shall gather and return all copies of such documents, information, or other material to DTCC, or certify in writing to DTCC that such documents, information, or other material have been destroyed as reasonably practicable.

8. Nothing in this Protective Order shall affect any obligation DTCC may havto produce a privilege log in accordance with applicable rules.

9. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this

Order. The Trustee is hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

10. Nothing contained herein shall be construed to prejudice the Trustee's right to use any DESIGNATED MATERIAL in taking testimony at any Rule 2004 examination or hearing, provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with DTCC; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of DTCC or the Trustee; (v) counsel for the Trustee or DTCC, including outside counsel and in-house counsel; (vi) an Expert or Consultant; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior written authorization is obtained from counsel representing DTCC or from the Court.

11. DTCC may, at the Rule 2004 examination or hearing or within sixty (60) days after receipt of a Rule 2004 examination or hearing transcript, designate the transcript or any portion thereof as "CONFIDENTIAL" pursuant to this Protective Order. Access to the transcript so designated shall be limited in accordance with the terms of this Protective Order. Until expiration of the 60-day period, the entire transcript shall be treated as "CONFIDENTIAL."

12. The Protective Order applies to Discovery Materials.

13. Trustee may request in writing to the DTCC that the designation given to such DESIGNATED MATERIAL be modified or withdrawn. If DTCC does not agree to re-designation within fifteen (15) days of receipt of the written request, the Trustee may move before the Court on notice to DTCC for an order removing the designation. Until such time as the Court shall have entered a final, non-appealable order removing the designation, the designation by DTCC shall be maintained.

14. Each outside consultant or expert to whom DESIGNATED MATERIAL is

disclosed in accordance with the terms of this Protective Order shall be provided with a copy of this Protective Order, shall be informed that he or she is subject to the terms and conditions of this Protective Order, and shall sign an acknowledgment that heor she has received a copy of, has read, and has agreed to be bound by this Protective Order. A copy of the acknowledgment form is attached as Appendix A. Trustee shall maintain copies of the forms signed by persons acknowledging their obligations under this Protective Order for a period of five years from the date of signing.

15.    If the Trustee is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in any court proceeding that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," the Trustee must: (a) promptly notify in writing DTCC, with such notification to include a copy of the subpoena or court order; (b) promptly notify in writing the person who caused the subpoena or order to issue in the other court proceeding that some or all of the material covered by the subpoena or order is subject to this Protective Order, with such notification to include a copy of this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by DTCC whose Protected Material may be affected. If DTCC or other interested person timely seeks a protective order, the Trustee shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or court order issued, unless the Trustee has obtained DTCC's prior written consent. In the absence of a court order preventing such disclosure by Trustee, Trustee shall be permitted to disclose only that portion of the information it reasonably believes (with advice of legal counsel) it is required by law, rule or regulation to be disclosed. Nothing in these provisions should be construed as authorizing or encouraging the Trustee or DTCC to disobey a lawful directive from another court.

16.    Sealing of DESIGNATED MATERIAL Filed with or Submitted to Court: Unless otherwise agreed by DTCC, all DESIGNATED MATERIAL filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose CONFIDENTIAL Protected Material, shall be filed under seal in accordance with the Federal Rules of Civil Procedure, Bankruptcy Rules, Local Rules, and the practice rules of the Court. It shall be the

burden of the movant who desires to serve any document to establish with the Court the bona fide reason(s) for which the document(s) requested are to be sealed.

17. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Trustee and materials which have been admitted into evidence in this Action), shall at DTCC's election either be returned to DTCC or be destroyed as reasonably practicable. The Trustee shall verify the return or destruction by affidavit furnished to DTCC, upon DTCC's request.

18. The failure to designate documents, information, or material in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude redesignation pursuant to paragraph 4 of this Protective Order or the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

19. In the event of a disclosure by Trustee of DESIGNATED MATERIAL to persons or entities not authorized by this Protective Order to receive such DESIGNATED MATERIAL, Trustee shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains DESIGNATED MATERIAL subject to this Protective Order, immediately make all reasonable efforts to recover the disclosed DESIGNATED MATERIAL as well as preclude further dissemination or use by the person or entity to whom the disclosure was made, and immediately notify DTCC of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed DESIGNATED MATERIAL and ensure against further dissemination or use thereof. DTCC may seek relief in this Court for any violation of this Protective Order.

20. Production of DESIGNATED MATERIAL by DTCC shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as

to void or make voidable whatever claim the Trustee or DTCC may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

21. Nothing in this Protective Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of DTCC to assert any applicable discovery or trial privilege.

22. Upon good cause shown, and on notice to the other party, either DTCC or the Trustee may move to amend the provisions of this Protective Order at any time, or DTCC and the Trustee may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of this Protective Order.

23. The Trustee shall not use DTCC's DESIGNATED MATERIAL for any purpose not directly related to this Action without DTCC's prior written approval or as otherwise permitted by a cross-use agreement between DTCC and Trustee.

24. The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of this Action.

25. This Order is a procedural device intended to protect Protected Materials. Nothing in this Order shall affect either DTCC's or Trustee's rights or obligations unrelated to the confidentiality of Discovery Materials.

26. Nothing contained herein shall be deemed a waiver or relinquishment by either DTCC or Trustee of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by the Trustee, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

27. Nothing in this Order affects the right of DTCC to use or disclose its own Discovery Material in any way. Such disclosure will not waive the protections of this Order and will not otherwise entitle the Trustee, third parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

28. Nothing in this Protective Order is intended to allow or address the use or handling

of Protected Material in connection with any adversary proceeding or other litigation.

**SO STIPULATED AND AGREED:**

*[signatures on following page]*

CHRISTIAN ATTAR

By:   */s/ James W. Christian*
James W. Christian
1177 West Loop South, Suite 1700
Houston, TX 77027
T: (713) 659-7617
JChristian@christianattarlaw.com

*On behalf of Chapter 7 Trustee Christina Lovato*
*Admitted Pro Hac Vice*

HARTMAN & HARTMAN

By:   */s/ Jeffrey L Hartman, Esq.*
Jeffrey L Hartman, Esq.
510 West Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
jlh@bankruptcyreno.com

*On behalf of Chapter 7 Trustee Christina Lovato*

SCHNEIDER WALLACE COTTRELL KIM LLP

By:   */s/ David D. Burnett*
David D. Burnett
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Main Line: (415) 421-7100

dburnett@schneiderwallace.com

*On behalf of Chapter 7 Trustee Christina Lovato*
*Admitted Pro Hac Vice*

SBW LAW GROUP

By:   */s/ Clayton P. Brust*
Clayton P. Brust
3600 Mayberry Drive
Reno, NV 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com

*On behalf of Chapter 7 Trustee Christina Lovato*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>Debtor. | Case No.: 24-50792-gs<br>(Chapter 7)<br><br>**APPENDIX A**<br><br>**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER BETWEEN TRUSTEE AND DEPOSITORY TRUST CLEARING CORPORATION**<br><br>Hearing Date:  N/A<br>Hearing Time:  N/A |

    I, _____, declare that:

1. My address is_____.

    My current employer is_____.

    My current occupation is_____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action as specifically authorized under the Protective Order any information designated as "CONFIDENTIAL" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Trustee by whom I am employed.

/ / /

/ / /

/ / /

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct, and violation of this Undertaking may result in penalties for contempt of Court.

Signature: _____

Date : _____