David E. Chavez
Nevada Bar No. 15192
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Tel: (702) 471-7000
Fax: (702) 471-7070
chavezd@ballardspahr.com

*Attorney for Defendant*
*The Nasdaq Stock Market LLC*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re:<br><br>Meta Materials Inc.,<br><br>Debtor. | Case No. 24-50792-gs<br>Chapter 7<br><br>**DECLARATION OF MATTHEW POND IN SUPPORT OF NASDAQ'S MOTION TO QUASH SUBPOENAS** |
|---|---|

I, Matthew Pond, do hereby declare under the penalty of perjury under the laws of the United States that the following assertions are true to the best of my knowledge and belief:

1. I am the Head of Investigations & Data Science in Nasdaq Enforcement for The Nasdaq Stock Market LLC ("Nasdaq"). I am over the age of 18, I am competent to testify to the matters herein, and I do so on the basis of personal knowledge and Nasdaq's business records. I make this declaration in support of Nasdaq's *Motion to Quash Non-Party Subpoenas*.

2. Nasdaq previously produced approximately six months of execution data for the securities TRCH and MMAT in response to a subpoena in this matter. I understand that the request is for Nasdaq to (a) expand the production to cover a four-year period—September 21, 2020 through August 21, 2024—and (b) add a field showing the "order type" for each trade for the entire four-year period, including the initial six-month production window.

3. The expanded four-year production alone would be extremely large.

Based on estimates from our systems, producing four years of data would involve approximately 69.5 million MMAT records (approximately 9.2 gigabytes) and approximately 31.2 million TRCH records (approximately 4.2 gigabytes), for a combined total of approximately 101 million records (approximately 13.4 gigabytes). These estimates are for the core datasets and do not include additional datasets discussed below.

4.  The request is burdensome not merely because of volume, but because the requested "order type" information is not stored as a single field in Nasdaq's trade records. The request appears to be envisioning a single "order type" flag for each trade. Nasdaq does not store a specific "order type" flag in the manner requested. Internally, order behavior is represented by a combination of order attributes (for example, whether an order is a limit order or market order and its time-in-force), and, depending on the order entry pathway, additional advanced attributes may exist.

5.  Nasdaq's order data reflects two separate messaging layers relevant here. First, CORE messages reflect what occurs on Nasdaq's main matching engine ("CORE") and contain a limited set of order instructions and attributes. Second, certain orders are submitted through a routing and special handling layer known as "RASH," which can include a more extended set of attributes (for example, pegging-related and discretion-related attributes). RASH manages advanced order handling and then may route orders to CORE.

6.  Producing RASH order entry records to attempt to satisfy the requested "order type" information would materially increase the production and complexity. Producing the RASH order entry records would add approximately 22 million additional records (estimated at approximately 2 gigabytes) and would increase the number of fields that must be processed.

7.  Importantly, producing RASH records in addition to CORE and trade records introduces a substantial deduplication burden. Because RASH routes orders

to CORE, the same order activity can appear at multiple stages; without careful mapping and deduplication, a requester could double count orders or misinterpret how an order behaved. To correctly associate requested attributes to trades, one must join and reconcile at least three datasets (RASH order entry records, CORE order records, and trade records).

8. The requested "order type" would therefore require Nasdaq to create new, bespoke coding or classification logic. There is no single RASH flag that supplies an "order type" field; any such field would need to be constructed by compiling and interpreting a combination of multiple fields. If the requester cannot perform the necessary joins and derivations, Nasdaq would need clear specifications from the requester defining what the requester means by "order type" in order to develop a bespoke coding system to output that field consistently.

9. In addition to extraction, the production would require significant validation and documentation. For a production of this scale and complexity, Nasdaq would need to validate the completeness and integrity of the data, compile the production across many gigabytes, and prepare or tailor data dictionaries that explain the fields and how any derived "order type" field was constructed.

10. For all of these reasons—volume, the multi-table joining requirements, the RASH-to-CORE routing and resulting deduplication challenges, and the need to engineer a bespoke "order type" field—complying with the subpoena issuer's requested format for four years of TRCH and MMAT data would impose a substantial burden on Nasdaq requiring the creation unique coding and data validation efforts to create new data reporting that does not currently exist in the Nasdaq systems.

I swear under penalty of perjury pursuant to the laws of the United States that the foregoing is true and accurate to the best of my understanding and belief.

EXECUTED in Cancun, Mexico, this 26 day of February, 2026, by Matthew Pond.

_____
Matthew Pond