Jeffrey L. Hartman, Esq. – NSB #1607
HARTMAN & HARTMAN
510 W. Plumb Lane
Suite B
Reno, NV 89509
Tel: 775-324-2800
Fax: 775-324-1818
Email: notices@bankruptcyreno.com

David D. Burnett, Esq. – *pro hac vice*
SCHNEIDER WALLACE COTTRELL KIM
LLP
1050 30th Street NW
Washington, DC 20007
Tel : (510) 740-2939
Email: dburnett@schneiderwallace.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
SBW LAW GROUP
3600 Mayberry Drive
Reno, Nevada 89509
Tel: 775-299-4051
Email: cbrust@sbwlawgroup.com
        hwinston@sbwlawgroup.com

Attorneys for Christina Lovato, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.: 24-50792-hlb |
| META MATERIALS INC., | (Chapter 7) |
| Debtor. | **SUPPLEMENTAL DECLARATION OF DAVID D. BURNETT IN SUPPORT OF RESPONSE TO NASDAQ'S SUPPLEMENTAL BRIEF ON ITS ALLEGED "BURDEN"** |
| | Hearing Date:  **Under Submission per** |
| | Hearing Time:  **ECF No. 2602** |

I, David D. Burnett, do hereby declare under the penalty of perjury under the laws of the State of Nevada and the United States that the following assertations are true to the best of my knowledge and belief, and that I will testify, if required, the following:

1.    I am Senior Counsel at the law firm Schneider Wallace Cottrell Kim LLP.  I am counsel for Christina Lovato, the chapter 7 trustee (the "Trustee") appointed by the Office of the United States Trustee to administer the estate of Meta Materials, Inc.

2.     I make this declaration in support of the Trustee's Response to Nasdaq's Supplemental Brief on its Alleged "Burden."

3.     Attached as **Exhibit A** is a true and correct copy of the transcript of the February 20, 2026 oral argument in this matter on motions to quash filed by Citadel, Anson, Virtu, and Nasdaq.

4.     Based on my experience practicing law in complex commercial litigation, and based on speaking with the Trustee's financial experts in this litigation, who have reviewed Nasdaq's July 3, 2026 production as part of their work analyzing potential stock manipulation, I believe that the process for Nasdaq to produce four years of Meta Materials trade data to the Trustee would be identical to the process of producing six months of trade data, with identical or nearly identical effort involved. Nasdaq's process of generating the eight spreadsheets of trade data it produced on July 3, 2026 almost certainly involved inputting search terms into Nasdaq's software databases to query the relevant data. Nasdaq's counsel has not disputed the procedure. The cover letter to Nasdaq's July 3, 2025 production stated that "Nasdaq makes the within production of data using *query dates from 2021-06-15 through 2021-12-15*." To make the initial production, Nasdaq would have queried that date range and the two ticker names at issue, MMAT and TRCH. The process of generating MMAT and TRCH spreadsheets for a four-year period should be the same, simply inputting different start and end dates. A broader date range will generate larger spreadsheets, with more rows of trading data, but the procedure for generating those spreadsheets almost certainly is identical.

5.     The Trustee is not asking Nasdaq to create an "order type" field for the Trustee, contrary to the Pond Declaration's suggestion. Said differently, the Trustee is not asking Nasdaq to undertake the work related to its RASH and CORE records which is described in paragraphs 5-10 of the Pond Declaration. The Trustee's experts are familiar with RASH and CORE data. The Trustee's experts will analyze the data produced by Nasdaq themselves, according to their own methodology, without requiring any work by Nasdaq. How the Trustee analyzes the data that Nasdaq produces is the Trustee's sole prerogative (subject, of course, to the limitations and requirements of the protective order) and constitutes privileged and confidential work product and expert analysis.

6.     Rather than seeking data analysis or expert analysis from Nasdaq, as described in the

Pond Declaration, the Trustee simply requires Nasdaq to produce all transaction data for all MMAT and TRCH records during the September 21, 2020 through August 21, 2024 time period, so that the Trustee's experts can construct the "order type" field themselves using the other data that Nasdaq produces. The production should include all order type modifiers and attributes, which the Trustee's experts require for their analysis.

7.    It is critical that Nasdaq's production is comprehensive, because incomplete data from Nasdaq could affect the Trustee's analysis of Meta Materials trades and possible stock manipulation. The Trustee requests that Nasdaq provide a declaration after its production affirming that it has produced all transaction data in its possession, custody, and control for every MMAT and TRCH transaction between September 21, 2020 and August 21, 2024.

I swear under penalty of perjury pursuant to the laws of the State of Nevada and the United States that the foregoing is true and accurate to the best of my understanding and belief.

DATED this 9th day of March, 2026.

David D. Burnett