RECEIVED
AND FILED

MAR 0 6 2026    DLS

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
META MATERIALS INC.,

Debtor.

| Case No.: 24-50792-hlb
| (Chapter 7)
|
| **MOTION OF SCOTT TRAUDT FOR RULE 2004**
| **SUBPOENA TO JANE STREET GROUP, LLC**
| **FOR TRCH/MMTLP/MMAT TRADING AND**
| **SETTLEMENT RECORDS (JUNE 1, 2021 TO**
| **AUGUST 4, 2024) PURSUANT TO FED. R. BANKR.**
| P. 2004 AND 9016
|
| Hearing requested.

**MOTION OF SCOTT TRAUDT FOR ENTRY OF ORDER AUTHORIZING RULE 2004 EXAMINATION AND ISSUANCE OF SUBPOENA DUCES TECUM TO JANE STREET GROUP, LLC**

Scott Traudt ("Movant"), appearing pro se and as a party in interest, respectfully moves this

Court pursuant to Fed. R. Bankr. P. 2004 and 9016 (incorporating Fed. R. Civ. P. 45), and 11

U.S.C. §§ 105(a), 323, and 704, for entry of an order authorizing: (1) a Rule 2004 document

subpoena (including ESI) to Jane Street Group, LLC ("Jane Street"), and (2) a Rule 2004

examination of a designated corporate representative, limited to Jane Street's trading and related

conduct in Torchlight Energy Resources Inc. ("TRCH"), Meta Materials Inc. ("MMAT"), and

Meta Materials Series A Preferred Shares ("MMTLP"), from June 1, 2021 through August 4,

2024. The proposed subpoena and examination topics are attached as Exhibit A.

**I. INTRODUCTION AND REQUESTED RELIEF**

1. Movant seeks a narrow but complete market-reconstruction production from a single target,

Jane Street, focused on three related securities (TRCH, MMTLP, and MMAT) over a defined

period (June 1, 2021 to August 4, 2024). Public Form 13F filings indicate that Jane Street Group,

1

LLC reported holding 6,416,739 shares of MMAT common stock (CUSIP 59134N104) as of December 31, 2023, and then reported no MMAT position in the quarter ended March 31, 2024. This abrupt accumulation and disappearance mirrors the trading pattern observed for other market participants and is consistent with a warrant exercise (or similar equity-linked issuance) used to cover outstanding short and/or naked short positions initiated from June 2022 through covering at the end of 2023 or early 2024.

2. The requested discovery is directed to matters affecting the Debtor and the administration of this Chapter 7 estate, including whether sophisticated trading counterparties engaged in manipulative or otherwise actionable conduct that impaired the Debtor's value, increased liabilities, or generated recoverable claims. Movant also has a personal financial interest in this outcome as a shareholder in interest in MMTLP and would be beneficial to determine if Movant has any actionable claims for illegal naked shorting, spoofing, or other elements of market manipulation by Jane Street. Movant is joined in this possibility by approximately 65,000 other shareholders in MMTLP and MMAT. The *subpoena duces tecum* targets are listed in **Exhibit A.**

3. Movant further seeks entry of an order finding good cause for the requested examination, authorizing issuance of the subpoena under Rule 9016, and permitting appropriate confidentiality protections (including an eyes-only designation, if the Court deems necessary) without blocking production so long as such protective orders are not permanent as Movant may need to use such materials as proof of facts in potential litigation regarding violations of the Securities and Exchange Act if the evidence trail points such way.

## II. FACTUAL BACKGROUND (SUMMARY)

4. The Debtor commenced this Chapter 7 case on August 9, 2024. The case has centered, in significant part, on allegations of prepetition market manipulation affecting the Debtor's

securities and related instruments. Movant also relies on public Form 13F filings showing that Jane Street Group, LLC (Manager CIK 0001595888) reported holding 6,416,739 shares of MMAT common stock (CUSIP 59134N104) for the quarter ended December 31, 2023. A screenshot of the Q4 2023 13F holders list for MMAT reflecting this position is attached as **Exhibit B.**

5. TRCH announced a reverse-merger transaction with Meta Materials Inc. in late 2020, which closed in June 2021. In connection with that transaction, TRCH shareholders received Series A Preferred Shares that became associated with the ticker symbol MMTLP. Trading in MMTLP was halted on December 9, 2022, and later cancelled in connection with the Next Bridge Hydrocarbons spin-off. The June 2022 financing press release describing the issuance of MMAT-related warrants is attached as **Exhibit C.**

6. The Chapter 7 Trustee and Special Counsel have pursued broad Rule 2004 discovery from a range of market participants. Public docket activity reflects disputes over third-party subpoenas and the Court's recognition that Rule 2004 discovery is appropriately used to investigate potential estate claims against third parties.

7. Jane Street is a sophisticated market participant and liquidity provider. Public Form 13F filings reflect that Jane Street Group, LLC reported holding 6,416,739 shares of MMAT common stock (CUSIP 59134N104) for the quarter ended December 31, 2023, and then reported no MMAT position in the first quarter of 2024. Upon information and belief, this quarter-end accumulation followed by rapid disappearance is consistent with a warrant exercise (or similar equity-linked issuance and delivery) used to satisfy outstanding short and/or naked short delivery obligations in MMAT, including short exposure traded from June 2022 through covering at the end of 2023 or early 2024. Charts summarizing these 13F-reported holdings are attached as **Exhibit D**.

8. The existence of a sharp quarter-to-quarter change in publicly reported holdings, standing alone, is not proof of wrongdoing in TRCH, MMTLP, or MMAT. It is, however, a strong indicator of relevance and good cause to obtain core trading, borrow/locate, and settlement records so the estate and Movant can determine whether actionable conduct exists here as well.

9. To the extent the Trustee has not sought comparable discovery from Jane Street, Movant submits that the omission leaves a material investigative gap. The Trustee's statutory duty is to investigate and to collect value for the estate, and Rule 2004 exists to support that duty when credible leads identify potential third-party claims.

10. Movant submits that a plausible trading-and-financing mechanism warrants investigation here: a participant can obtain, amend, or reset equity-linked warrants (or similar financing instruments) and then increase short exposure; if price is depressed, the participant may cover or settle short delivery obligations using warrant-issued shares (or other low-cost delivery mechanisms). This "warrants-to-cover-shorts" mechanism, if present, would be reflected in objective records requested in **Exhibit A**. MMAT's press release dated December 4, 2023 describing the registered direct offering, warrant issuance, and warrant amendment/reset terms is attached as **Exhibit E**. The Nasdaq notice and/or issuer filing reflecting the MMAT 1-for-100 reverse stock split effective January 29, 2024 is attached as **Exhibit F**.

11. For clarity and proportionality, **Exhibit A** organizes Jane Street's required production into four categories (A through D): (A) warrants and financing records; (B) trading and position records; (C) short selling, locate, and securities lending records; and (D) clearing, settlement, fails/close-outs, including documents linking warrant-derived share receipts to short covering or delivery.

## III. LEGAL STANDARD

12. Rule 2004 authorizes the Court, on motion of any party in interest, to order the examination of any entity regarding matters relating to the debtor's acts, conduct, property, liabilities, financial condition, or any matter affecting the administration of the estate.

13. Movant has standing to seek Rule 2004 discovery and a subpoena as a party in interest. Rule 2004(a) authorizes an examination and related production 'on motion of any party in interest.' As an MMTLP equity holder who filed a proof of interest in this case, Movant has a direct pecuniary stake in whether the estate investigates and pursues claims that may increase estate value and affect distributions and administration. This Court has already held that, as a purported interest holder, Movant may move for relief as a party in interest in the Debtor's bankruptcy case. Order on Motion to Disqualify Christian Attar Firm, ECF No. 2563 at 2. The Court further noted that absent objection, Movant's proof of interest is prima facie valid. ECF No. 2563 at 2 n.4 (citing *Kimmons v. Innovative Software Designs, Inc. (In re Innovative Software Designs, Inc.)*, 253 B.R. 40 (B.A.P. 8th Cir. 2000)). The term 'party in interest' is construed broadly and turns on whether the bankruptcy process may directly and adversely affect the movant's interests. *Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268 (2024). Consistent with that approach, the Ninth Circuit recognizes that the statutory list of parties in interest is nonexclusive and that courts apply a practical, stake-based inquiry to determine whether a person has a sufficient interest to be heard. *In re Thorpe Insulation Co.*, 677 F.3d 869 (9th Cir. 2012). Other courts likewise hold that party in interest status is assessed case-by-case and includes anyone with a legally protected interest that could be affected by the case. *In re Amatex Corp.*, 755 F.2d 1034 (3d Cir. 1985); *In re James Wilson Assocs.*, 965 F.2d 160 (7th Cir. 1992). Rule 2004 applies that same party in interest standard and may be invoked by parties other than a trustee, including stakeholders with a legitimate bankruptcy purpose. *In re Summit Corp.*, 891 F.2d 1 (1st Cir.

5

1989) (looking to 11 U.S.C. § 1109(b) for guidance on 'party in interest' under Rule 2004);

*Matter of M4 Enters., Inc.*, 190 B.R. 471 (Bankr. N.D. Ga. 1995) (permitting a sole shareholder

in a chapter 7 case to seek Rule 2004 relief, while recognizing the Court may tailor scope). Even

the decisions denying Rule 2004 relief reinforce Movant's standing and proper purpose here:

courts deny requests where the movant lacks a concrete pecuniary stake or uses Rule 2004 as a

harassment or collateral discovery device. *In re Waddell*, Case No. 24-11769 (JLG) (Bankr.

S.D.N.Y. Mar. 28, 2025); *In re First Connecticut Consulting Group, Inc.*, Case No. 02-50852

(Bankr. D. Conn. July 19, 2017). Here, Movant's standing has been recognized by this Court

(ECF No. 2563 at 2), and the subpoena is narrowly targeted to objective transaction,

locate/borrow, fail-to-deliver, close-out, and warrant exercise records for a defined period to

determine whether the estate holds recoverable claims arising from trading in TRCH, MMTLP,

and MMAT.

14. Rule 9016 incorporates Fed. R. Civ. P. 45, providing the procedural mechanism for issuance

and enforcement of subpoenas in bankruptcy cases. The Court also possesses authority under 11

U.S.C. § 105(a) to issue orders necessary or appropriate to carry out the provisions of the

Bankruptcy Code.

## IV. ARGUMENT

A. Good Cause Exists for a Jane Street-Only Rule 2004 Subpoena Focused on TRCH, MMTLP, and MMAT

15. Movant seeks discovery for a proper bankruptcy purpose: to assist the estate and the Court in

determining the nature and extent of potential estate causes of action and recoverable value

relating to trading in TRCH, MMTLP, and MMAT, and for Movant's possible use of such data in

future legal actions as a shareholder in interest.

16. The requested subpoena is tailored. It targets a single entity; it is confined to three securities (and related tickers/CUSIPs); it uses a defined period; and it prioritizes objective records that permit market reconstruction (trades, positions, locates/borrows, settlement, fails, and warrant exercise/receipt records).

17. The record already reflects allegations of widespread fails to deliver and irregular trading (including spoofing) in MMAT-related securities. Public Form 13F data identifies Jane Street as a substantial holder of MMAT at quarter-end 2023, followed by an apparent rapid exit in early 2024. These facts, together with the Debtor's known equity-linked financings, readily satisfy Rule 2004's minimal good-cause threshold for targeted third-party discovery. Representative bankruptcy docket materials reflecting the Trustee/Special Counsel's third-party subpoena practice in this case are attached as **Exhibit G**. The Trustee/Special Counsel subpoena request regarding a comparable market participant (e.g., Citadel) are attached as **Exhibit H**.

**B. The Warrant-to-Cover-Shorts Mechanism Supports Targeted Production of Objective Records**

18. One plausible mechanism relevant to this estate is the use of warrants or other equity-linked financing instruments as a source of delivery to cover or settle short positions after the market price is depressed. In that scenario, a trader may (i) acquire warrants in a financing transaction, (ii) increase short exposure, (iii) benefit from a price decline, and then (iv) obtain shares through warrant exercise or related amendments/resets to meet delivery obligations or close out short positions at a cost materially below the trader's short-sale proceeds.

19. The purpose of the subpoena is not to assume that such a mechanism occurred, but to obtain the objective records needed to confirm or exclude it. That is why **Exhibit A** requires production across Categories A through D, including (A) warrant and financing agreements, amendments, and exercise/receipt records; (B) trade and position data sufficient to identify short sales, covers,

7

and net exposure; (C) locate/borrow and securities lending records; and (D) settlement, fails, and Reg SHO close-out records, including documents linking warrant-derived share receipts to short covering or delivery obligations. Those records are the minimum set needed to reconstruct whether warrant-related share issuance was used to cover or settle short exposure in TRCH, MMTLP, or MMAT during the requested period.

## C. The Trustee's Statutory Duties Require a Reasonable Investigation of Credible Leads

20. A Chapter 7 trustee's primary duty is to collect and reduce to money the property of the estate and to close the estate as expeditiously as is compatible with the best interests of parties in interest. 11 U.S.C. § 704(a)(1). This includes investigating potential causes of action and pursuing recoveries where warranted. To these ends Movant's need to act aggressively to protect his interests dovetails perfectly with the Trustee's role here.

See also *In re Riverside-Linden Inv. Co.*, 945 F.2d 320, 322 (9th Cir. 1991) (recognizing trustee's primary duty under § 704); *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985) (trustee assumes control and has duties that include investigating prior conduct and pursuing claims where appropriate); *Mosser v. Darrow*, 341 U.S. 267, 271-72 (1951) (trustee is a fiduciary answerable for the faithful performance of duties).

21. When credible evidence identifies a sophisticated market participant as potentially relevant to the estate's claims, it is consistent with the trustee's fiduciary responsibilities to obtain the core transactional records needed to confirm or exclude actionable conduct. Failure to investigate material leads risks leaving value uncollected and risks an incomplete record for the Court's supervision of estate administration. Movant argues his obligations are the same when there is an investigational void.

22. Movant does not ask the Court to prejudge liability, nor does Movant ask the Court to find wrongdoing by Jane Street or by any estate fiduciary. Movant asks only that the Court authorize targeted Rule 2004 discovery so the Movant, Trustee and the Court can determine, on a complete factual record, whether claims exist and whether further action is warranted.

**D. The Requested Subpoena Is Proportionate and Can Be Managed Through Reasonable Protections**

23. Any legitimate confidentiality concerns can be addressed through a protective order, redactions of personally identifying information, and production in a structured ESI format. The subpoena requests objectively verifiable trading and settlement records. Those categories are routinely produced in financial-market disputes and are the least intrusive way to determine what occurred.

24. The subpoena also provides reasonable limitations, including the right to produce from an agreed custodian set, the ability to make rolling productions, and the option to coordinate production through the Trustee's counsel to avoid duplicative review and to preserve confidentiality.

25. If the Court believes additional constraints are necessary, Movant requests that the Court tailor the subpoena rather than deny it outright, consistent with Rule 2004's investigatory purpose. If anything and in the spirit of compromise, Movant maintains that the most critical period for records sought would be June 1, 2022 through to March 1, 2024.

**V. NOTICE AND HEARING**

26. Movant requests a hearing at the next omnibus hearing or as otherwise scheduled by the Court. Movant will serve this motion and any order on the Trustee, the Office of the United States Trustee, Jane Street, and any other parties as required by the Local Rules and any Court order.

## VI. PRAYER FOR RELIEF

WHEREFORE, Movant respectfully requests that the Court enter an order: (1) finding good cause under Fed. R. Bankr. P. 2004; (2) authorizing issuance of the subpoena duces tecum and ESI production to Jane Street Group, LLC under Fed. R. Bankr. P. 9016; (3) authorizing a Rule 2004 examination of a Jane Street corporate representative on the topics listed in Exhibit A; (4) directing that any confidentiality protections deemed appropriate apply to the production; and (5) granting such other and further relief as the Court deems just and proper.

Dated: March 3rd, 2026

Scott Traudt (pro se)
Scott Traudt
191 Kibling Hill Rd.
Strafford, VT 05072
Phone: 802-318-0429

### CERTIFICATE OF SERVICE

I, Scott Traudt, certify that on March 3rd, 2026, I served a true and correct copy of the foregoing Motion of Scott Traudt for Rule 2004 Subpoena to Jane Street Group, LLC, together with all exhibits and any proposed order submitted therewith (collectively, the "Motion"), as follows:

1. Via US 1st class mail or email to:

   a. Christina W. Lovato, Chapter 7 Trustee, and counsel for the Trustee (including Jeffrey L. Hartman, Esq., HARTMAN & HARTMAN, 510 W. Plumb Lane, Suite B, Reno, NV 89509).

   b. Office of the United States Trustee (Reno), 300 Booth Street, Suite 3009, Reno, NV 89509.

   c. Meta Materials Inc. (Debtor) and counsel of record.

10

d. Special Litigation Counsel for the Trustee (including Christian Attar and Kasowitz Benson

Torres LLP) and any other parties who have appeared and are CM/ECF filing users.

2. Via 1st class US mail postage prepaid, addressed as follows:

   a. Jane Street Group, LLC, Andrew Weg, Compliance and Legal Officer, 250 Vesey Street, 3rd

Floor, New York, NY 10281

## EXHIBIT LIST

**Exhibit A:**  Proposed Rule 2004 Subpoena Duces Tecum and Examination Topics to Jane Street Group, LLC.

**Exhibit B:**  Public Form 13F holders list for Meta Materials Inc. (MMAT) showing JANE STREET GROUP, LLC (Manager CIK 0001595888) reported holding 6,416,739 shares (CUSIP 59134N104) for the quarter ended December 31, 2023 (attached screenshot).

**Exhibit C:**  Meta Materials Inc. press release and/or Form 8-K describing the June 2022 financing transaction that issued MMAT-related warrants (and any related offering documents).

**Exhibit D:**  Public Form 13F holdings history summaries for Meta Materials Inc. (MMAT) showing JANE STREET GROUP, LLC (Manager CIK 0001595888) reported holding 6,416,739 shares (CUSIP 59134N104) for the quarter ended December 31, 2023, and then reporting no MMAT position in the quarter ended March 31, 2024 (attached charts).

**Exhibit E:**  Meta Materials Inc. press release and/or Form 8-K dated December 4, 2023 describing the registered direct offering, warrant issuance, and warrant amendment/reset terms (closing on or about December 6, 2023).

**Exhibit F:**  Nasdaq notice and/or issuer filing reflecting the MMAT 1-for-100 reverse stock split effective January 29, 2024, and related adjustment mechanics.

**Exhibit G:**  Bankruptcy docket materials reflecting the Trustee/Special Counsel's third-party subpoena practice in this case (including filings related to third-party subpoenas and objections/briefing).

**Exhibit H:**  Trustee/Special Counsel subpoena request and briefing regarding a comparable market participant (e.g., Citadel).

# EXHIBIT A

# EXHIBIT A

**PROPOSED RULE 2004 SUBPOENA DUCES TECUM AND EXAMINATION TOPICS**

TO: Jane Street Group, LLC (250 Vesey Street, 3rd Floor, New York, NY 10281) (and any registered agent for service)

YOU ARE COMMANDED to produce the documents and electronically stored information ("ESI") described below at the time and place stated in the accompanying notice, pursuant to Fed. R. Bankr. P. 2004 and 9016 (incorporating Fed. R. Civ. P. 45).

A. DEFINITIONS

1. "Jane Street" means Jane Street Group, LLC; and any affiliated or related fund, managed account, vehicle, general partner, manager, adviser, feeder fund, special purpose vehicle, successor, parent, subsidiary, or other entity that is directly or indirectly owned or controlled by, or under common control with, Jane Street Group, LLC, and that traded, held, borrowed, lent, cleared, financed, or otherwise maintained exposure to the Securities. "Jane Street" includes, without limitation, any similarly named "Jane Street" funds, series, trading units, or accounts, whether domestic or offshore.

2. "Securities" means TRCH, MMTLP, and MMAT, including any predecessor, successor, or related tickers and CUSIPs, and any share equivalents issued in connection with corporate actions affecting those tickers/CUSIPs during the Time Period.

3. "Time Period" means June 1, 2021 through August 4, 2024.

4. "Documents" and "ESI" have the broadest meaning under Fed. R. Civ. P. 34 and 45, including internal tickets, spreadsheets, databases, logs, and native exports from OMS/EMS, PMS, risk systems, securities lending systems, and clearing/settlement systems.

5. "Identify" when used with respect to a person or entity means to state name, title, employer, and contact information; when used with respect to a document means date, author, recipients,

A

and bates range; when used with respect to a trade means the complete order and execution identifiers and all associated fields described in Request No. 5.

B. INSTRUCTIONS (ESI)

6. Produce ESI in native format where feasible (e.g., .xls/.xlsx, .csv, database exports) with all associated metadata. If native production is not feasible, produce in TIFF/PDF with load files and extracted text, preserving metadata fields.

7. For order and execution data, produce in delimited format (CSV) with a data dictionary that defines each field.

8. Preserve and produce unique identifiers sufficient to reconstruct the lifecycle of each order, including any parent/child relationships, route IDs, venue IDs, and allocation IDs.

9. Production may be made on a rolling basis.

10. If Jane Street contends any responsive material is privileged, produce a privilege log compliant with Fed. R. Civ. P. 45(e)(2).

C. ITEMS TO BE PRODUCED (Requests No. 1-11; Categories A-D)

Category A. Warrants and Financing Records

Request No. 1: Documents sufficient to identify all Jane Street-controlled funds, managed accounts, subaccounts, and beneficial owners that traded or held any exposure to the Securities during the Time Period, including account identifiers (may be partially redacted), prime brokers, clearing firms, executing brokers, and all persons with authority to trade or approve trades.

Request No. 2: All warrant instruments and financing documents by which Jane Street acquired any MMAT-related warrants (including any June 2022 warrants), including agreements, term sheets, placement letters, confirmations, closing documents, and any documents reflecting the number of warrants and underlying shares issued to Jane Street.

B

Request No. 3: All documents reflecting any amendment, reset, repricing, anti-dilution adjustment, extension, waiver, or other modification to any MMAT-related warrants held by Jane Street during the Time Period, including any documents reflecting exercise price changes and the effective dates of such changes.

Request No. 4: All records of warrant exercises or attempted exercises referencing MMAT during the Time Period, including exercise notices, calculation worksheets, payment records (cash or cashless/net share), issuer/transfer agent confirmations, and records reflecting the date and quantity of shares received in each Jane Street account.

Category B. Trading and Position Records

Request No. 5: Complete daily trading blotters for all transactions in the Securities (including any related tickers/CUSIPs), including buys, sells, short sales, and covers, with timestamps, quantities, prices, short-sale indicator/marking, venue/ATS (if any), executing broker, and any order or execution identifiers maintained by Jane Street or its brokers.

Request No. 6: Daily position and inventory reports reflecting long and short positions (gross and net), average cost, and realized/unrealized P&L for the Securities, by account and by beneficial owner where maintained.

Request No. 7: OMS/EMS or broker-provided exports sufficient to reconstruct the lifecycle of Jane Street orders in the Securities (order entry, modification, cancellation, routing, and execution), including unique identifiers (order IDs and execution IDs) and timestamps, in CSV or other delimited format with a data dictionary.

Category C. Short Selling, Locate, and Securities Lending Records

C

Request No. 8: Locate and pre-borrow records for all short sales in the Securities, including locate requests/responses, locate logs, easy-to-borrow/hard-to-borrow lists, and any exception reports relating to locate compliance.

Request No. 9: Securities lending and borrow records for the Securities, including borrow tickets, lender/borrower identifiers (may be partially redacted), rates/rebates, collateral schedules, recalls, returns, buy-ins, and any stock loan position reports reflecting borrow quantities over time.

Category D. Clearing, Settlement, Fails, and Close-Out Records

Request No. 10: Clearing and settlement records for the Securities, including trade confirmations, prime brokerage statements, clearing statements, DTCC/CNS settlement reports (or equivalent), and records of fails to deliver or fails to receive, close-outs, buy-ins, and Reg SHO close-out documentation.

Request No. 11: Documents sufficient to link (i) warrant-derived share receipts (Request No. 4) to (ii) the covering/closing of short positions and/or satisfaction of delivery obligations in the Securities, including internal allocation records, settlement ledgers, inventory movement logs, and any reconciliation materials tying share receipts to specific settlements, close-outs, or short covers.

D. RULE 2004 EXAMINATION TOPICS

Topic 1: Corporate structure, control, and identification of all Jane Street entities, funds, and accounts with exposure to the Securities (Request No. 1).

Topic 2: Participation in MMAT-related financings and receipt, amendment/reset, and exercise of MMAT-related warrants (Requests No. 2-4).

D

Topic 3: Trading and positions in the Securities, including short sales and covers, and how Jane Street recorded short-sale marking and order identifiers (Requests No. 5-7).

Topic 4: Locate, pre-borrow, and securities lending practices for short sales in the Securities (Requests No. 8-9).

Topic 5: Clearing and settlement processes for the Securities, including fails, buy-ins, close-outs, and Reg SHO close-out practices (Request No. 10).

Topic 6: Linkage between warrant-derived share receipts and any short covering, close-outs, or delivery obligations in the Securities (Request No. 11).

Topic 7: Systems of record used to generate the data produced in Requests No. 1-11 and confirmation of completeness of production.

E

# EXHIBIT B

# EXHIBIT B

# Meta Materials Inc.
## Q4 2023 13F Holders

| | |
|---|---|
| Symbol | MMAT |
| CUSIP | 59134N104 |
| Type | Equity |
| Class | COM |
| Num filings | 82 |
| Total reported value, excl. options | $2.82 M |



**Save up to 2**
Book. Save. Explore.

Book now

Terms apply

Compare 2023 Q4 to

https://13f.info/cusip/59134N104/2023/4

Filter

**Jane Street 13F data showing holdings at end of 2023.**

| MANAGER | REPORT DATE | VALUE ($000) | SHARES | OPTION TYPE |
|---|---|---|---|---|
| SABBY MANAGEMENT, LLC | 12/31/2023 | 904 | 13,702,125 | |
| JANE STREET GROUP, LLC | 12/31/2023 | 423 | 6,416,739 | |
| VANGUARD GROUP INC | 12/31/2023 | 360 | 5,466,208 | |
| BlackRock Inc. | 12/31/2023 | 358 | 5,427,738 | |
| GEODE CAPITAL MANAGEMENT, … | 12/31/2023 | 261 | 3,954,739 | |
| STATE STREET CORP | 12/31/2023 | 81 | 1,230,992 | |
| RENAISSANCE TECHNOLOGIES L… | 12/31/2023 | 75 | 1,140,500 | |

# JANE STREET GROUP, LLC

13F Holdings History for

# Meta Materials Inc.

| | |
|---|---|
| Symbol | MMAT |
| CUSIP | 59134N104 |
| Investment type | Equity |
| Class | COM |
| Manager CIK | 0001595888 |

Shares, Excluding Options



https://13f.info/manager/0001595888/cusip/59134N104

Janes Street 13F data showing massive buy at end of 2023 –
possible pre-bankruptcy warrant exercise.

Value, Excluding Options



# EXHIBIT C

# EXHIBIT C



🖨 Print 📄 PDF ✉ Email

# META MATERIALS ANNOUNCES CLOSING OF $50 MILLION REGISTERED DIRECT OFFERING

**HALIFAX, NS / ACCESSWIRE / June 28, 2022 /** Meta Materials Inc. (the "Company" or "META®") (NASDAQ:MMAT), a developer of high-performance functional materials and nanocomposites, today announced the closing of its previously announced registered direct offering of 37,037,039 shares of the Company's common stock at a purchase price of $1.35 per share and warrants to purchase 37,037,039 shares at an exercise price of $1.75 per share for gross proceeds to the Company of approximately $50 million, before deducting placement agent fees and other estimated offering expenses. The warrants will become exercisable six months after the issuance date and expire five and a half years after the initial issuance date.

Roth Capital Partners and A.G.P./Alliance Global Partners acted as co-placement agents for the offering. Cormark Securities Inc. acted as financial advisor to the Company for this transaction.

The Company intends to use approximately $5 million of the proceeds from this offering for development costs associated with oil and gas activities that the Company acquired as part of an arrangement agreement with Torchlight Energy Resources, Inc., including for certain development activities related to the Orogrande Project in Hudspeth County, Texas. The Company intends to use the remainder of the proceeds for working capital and general corporate purposes, including on-going operations and capital equipment.

The securities were offered and sold by the Company pursuant to a prospectus supplement and an accompanying prospectus forming part of a "shelf" registration statement on Form S-3 (Registration No. 333-256632), including a base prospectus, previously filed with and declared effective by the Securities and Exchange Commission (the "SEC") on June 14, 2021, and a related registration statement on Form S-3 (Registration No. 333-265844) filed on June 27, 2022 pursuant to Rule 462(b), which became effective automatically upon filing. The offering is being made only by means of a prospectus supplement that forms a part of the registration statement. A final prospectus supplement and the accompanying prospectus relating to and describing the terms of the offering was filed with the SEC on June 27, 2022 and is available on the SEC's website at http://www.sec.gov. Copies of the final prospectus supplement and the accompanying prospectus may be obtained from Roth Capital Partners, LLC, 888 San Clemente Drive, Newport Beach, California 92660, by telephone at (800) 678-

## Archives

2024    +

2023    +

2022    +

2021    +

2020    +

2019    +

2018    +

2017    +

2016    +

2014    +

**RSS**



9147, or by email at rothecm@roth.com or from A.G.P./Alliance Global Partners, 590 Madison Avenue, 28th Floor, New York, NY 10022, by telephone at (212) 624-2060, or by email at prospectus@allianceg.com.

This press release shall not constitute an offer to sell or the solicitation of an offer to buy any of the securities described herein, nor shall there be any sale of these securities in any state or jurisdiction in which such offer, solicitation or sale would be unlawful prior to registration or qualification under the securities laws of any such state or jurisdiction.

## About Meta Materials Inc.

META® delivers previously unachievable performance, across a range of applications, by inventing, designing, developing, and manufacturing sustainable, highly functional materials. Our extensive technology platform enables leading global brands to deliver breakthrough products to their customers in consumer electronics, 5G communications, health and wellness, aerospace, automotive, and clean energy. Our nano-optic technology provides anti-counterfeiting security features for government documents and currencies and authentication for brands. Our achievements have been widely recognized, including being named a Lux Research Innovator of the Year in 2021.

## Forward Looking Information

This press release contains forward-looking statements within the meaning of Section 27A of the Securities Act of 1933 and Section 21E of the Securities Exchange Act of 1934 and the Private Securities Litigation Reform Act of 1995. These forward-looking statements are not based on historical fact and include statements regarding the anticipated use of the net proceeds from the offering. These forward-looking statements are based on current assumptions that involve risks, uncertainties and other factors that may cause the actual results, events or developments to be materially different from those expressed or implied by such forward-looking statements. These risks and uncertainties, many of which are beyond our control, include, but are not limited to, risks identified in our Annual Report on Form 10-K/A for the year ended December 31, 2021, filed with the SEC on May 2, 2022, our Quarterly Report on Form 10-Q for the quarter ended March 31, 2022, filed with the SEC on May 10, 2022, and in our subsequent filings with the SEC. These forward-looking statements speak only as of the date hereof and we assume no obligation to update these forward-looking statements, and readers are cautioned not to place undue reliance on such forward-looking statements.

## Media Inquiries

Rob Stone
Vice President, Corporate Development and Communications
Meta Materials Inc.

media@metamaterial.com

## Investor Contact

Mark Komonoski
Senior Vice President
Integrous Communications
Phone: 1-877-255-8483
Email: ir@metamaterial.com

# EXHIBIT D

# EXHIBIT D

# Meta Materials Inc.

## Q4 2023 vs. Q1 2024 13F Holders

| Period | Q4 2023 | Q1 2024 |
|---|---|---|
| Num holders | 82 | 1 |
| Total reported value, excl. options | $2.82 M | $207.00 |
| Total shares, excl. options | 42,681,337 | 3,557 |

Compare Q1 2024 to

2023 Q4 ⌄

https://13f.info/cusip/59134N104/2024/1/compare/2023/4

Filter

| MANAGER | Q4 2023 SHARES | Q1 2024 SHARES | DIFF | CHG % |
|---|---|---|---|---|
| IFP Advisors, Inc | 3,557 | 3,557 | 0 | 0% |
| SABBY MANAGEMENT, LLC | 13,702,125 | 0 | -13,702,125 | -100% |
| JANE STREET GROUP, LLC | 6,416,739 | 0 | -6,416,739 | -100% |
| VANGUARD GROUP INC | 5,466,208 | 0 | -5,466,208 | -100% |
| BlackRock Inc. | 5,427,738 | 0 | -5,427,738 | -100% |
| GEODE CAPITAL MANAGEMENT, … | 3,954,739 | 0 | -3,954,739 | -100% |
| STATE STREET CORP | 1,230,992 | 0 | -1,230,992 | -100% |
| RENAISSANCE TECHNOLOGIES L… | 1,140,500 | 0 | -1,140,500 | -100% |
| NORTHERN TRUST CORP | 730,875 | 0 | -730,875 | -100% |

# EXHIBIT E

# EXHIBIT E



NEWS    EVENTS    SHOP    CAREERS    CON

Technology    Solutions    Products    Investors    About Us    Blog

🖶 Print 📄 PDF ✉ Email

# META MATERIALS ANNOUNCES $6.0 MILLION REGISTERED DIRECT OFFERING

**HALIFAX, NS / ACCESSWIRE / December 4, 2023 /** Meta Materials Inc. (the "Company" or "META") (Nasdaq:MMAT), an advanced materials and nanotechnology company, today announced that it has entered into definitive agreements with certain institutional investors for the issuance and sale in a registered direct offering of 75.0 million shares of common stock at an offering price of $0.08 per share and accompanying warrants to purchase 75.0 million shares of common stock at an exercise price of $0.095 per share, exercisable six months after the issuance date and expiring five and a half years after the issuance date.

Gross proceeds to the Company are expected to be $6.0 million, before deducting placement agent fees and other estimated offering expenses. The Company intends to use the net proceeds from the offering for the expansion of its technology commercialization and sales efforts (specifically in bank note and brand authentication, NPORE® and NCORE™ for Li-ion battery applications and VLEPSIS® systems for wide area motion imagery), as well as for general corporate purposes.

The closing of the offering is expected to occur on or about December 6, 2023, subject to the satisfaction of customary closing conditions. A.G.P./Alliance Global Partners is acting as sole placement agent for the offering.

The securities described above are being offered pursuant to a shelf registration statement on Form S-3 (File No. 333-268282), originally filed with the Securities and Exchange Commission (the "SEC") on November 10, 2022, which was declared effective by the SEC on November 18, 2022. The offering is being made only by means of a written prospectus and accompanying prospectus supplement, forming a part of the effective registration statement to be filed with the SEC and available on the SEC's website at www.sec.gov. Copies of the final prospectus supplement and the accompanying prospectus may also be obtained from A.G.P./Alliance Global Partners, 590 Madison Avenue, 28th Floor, New York, NY 10022, by telephone at (212) 624-2060, or by email at prospectus@allianceg.com.

The Company also has agreed that certain existing warrants issued in June 2022 to purchase up to an aggregate of 25,925,927 shares of common stock at an exercise price of $1.75 per share will be amended, effective upon the closing of the offering, so that (i) warrants to purchase up to 23.0 million shares of common stock will have a reduced exercise price of $0.095 per share, exercisable immediately and expiring five years from the amendment date, and (ii) warrants to purchase up to 2,925,927 shares of common stock will have a reduced exercise price of $0.095 per share, exercisable six months after the amendment date and expiring five and a half years after the amendment date.

This press release shall not constitute an offer to sell or the solicitation of an offer to buy any of the securities described herein, nor shall there be any sale of these securities in any state or jurisdiction in which such offer, solicitation or sale

## Archives

2024

2023

2022

2021

2020

2019

2018

2017

2016

2014

**RSS**



would be unlawful prior to registration or qualification under the securities laws of any such state or jurisdiction.

## About Meta Materials Inc.

Meta Materials Inc. (META) is an advanced materials and nanotechnology company. We develop new products and technologies using innovative sustainable science. Advanced materials can improve everyday products that surround us, making them smarter and more sustainable. META® technology platforms enable global brands to develop new products to improve performance for customers in aerospace and defense, consumer electronics, 5G communications, batteries, authentication, automotive and clean energy. Learn more at www.metamaterial.com.

## Media and Investor Inquiries

Rob Stone

Vice President, Corporate Development and Communications

Meta Materials Inc.

media@metamaterial.com

ir@metamaterial.com

## Forward Looking Information

This press release includes forward-looking information or statements within the meaning of Canadian securities laws and within the meaning of Section 27A of the Securities Act of 1933, as amended, Section 21E of the Securities Exchange Act of 1934, as amended, and the Private Securities Litigation Reform Act of 1995, regarding the Company, which may include, but are not limited to, statements with respect to the offering of the securities described herein, the closing of the offering, and the use of proceeds therefrom. Often but not always, forward-looking information can be identified by the use of words such as "pursuing", "potential", "predicts", "projects", "seeks", "plans", "expect", "intends", "anticipated", "believes" or variations (including negative variations) of such words and phrases, or statements that certain actions, events or results "may", "could", "should", "would" or "will" be taken, occur or be achieved. Such statements are based on the current expectations and views of future events of the management of the Company and are based on assumptions and subject to risks and uncertainties. Although the management of the Company believes that the assumptions underlying these statements are reasonable, they may prove to be incorrect. The forward-looking events and circumstances discussed in this release may not occur and could differ materially as a result of known and unknown risk factors and uncertainties affecting the Company, the capabilities of our facilities, research and development projects of the Company, the total available market and market potential of the products of the Company, the market position of the Company, the need to raise more capital and the ability to do so, the scalability of the Company's production ability, capacity for new customer engagements, material selection programs timeframes, the ability to reduce production costs, enhance metamaterials manufacturing capabilities and extend market reach into new applications and industries, the ability to accelerate commercialization plans, the possibility of new customer contracts, the continued engagement of our employees, the technology industry, market strategic and operational activities, and management's ability to manage and operate the business. More details about these and other risks that may impact the Company's businesses are described under the heading "Forward-Looking Information" and under the heading "Risk Factors" in the Company's Form 10-K filed with the SEC on March 23, 2023, in the Company's Form 10-K/A filed with the SEC on March 24, 2023, in the Company's Form 10-Q filed with the SEC on November 13, 2023, and in subsequent filings made by Meta Materials with the SEC, which are available on SEC's website at www.sec.gov. Although the Company has attempted to identify important factors that could cause actual actions, events or results to differ materially from those described in forward-looking statements, there may be other factors that cause actions, events or results to differ from those anticipated, estimated or intended. Accordingly, readers should not place undue reliance on any forward-looking statements or information. No forward-looking statement can be guaranteed. Except as required by applicable securities laws, forward-looking statements speak only as of the date on which they are made and the Company does not undertake any obligation to publicly update or revise any forward-looking statement, whether as a result of new information, future events, or otherwise, except to the extent required by law.

**SHARE**

# EXHIBIT F

# EXHIBIT F

Meta Materials Announces 1-for-100 Reverse Stock Split to Regain Nasdaq Compliance | Nasdaq                          2/27/26, 1:15 PM

 Nasdaq          **Market Activity**      **Insights**      **Solutio**                    ⋯   8

# Meta Materials Announces 1-for-100 Reverse Stock Split to Regain Nasdaq Compliance

PUBLISHED
JAN 23, 2024 4:00PM EST

  

**HALIFAX, NS / ACCESSWIRE / January 23, 2024 /** Meta Materials Inc. (the "Company" or "META") (Nasdaq:MMAT), an advanced materials and nanotechnology company, today announced that it intends to effect a 1-for-100 reverse stock split ("Reverse Stock Split") of its issued and outstanding common stock that will become effective at 12:01 AM PT on January 29, 2024. The Company's common stock is therefore expected to begin trading on a split-adjusted basis when the market opens on January 29, 2024. The Company's common stock will continue to trade on the Nasdaq Capital Market under the symbol "MMAT" but with a new CUSIP number 59134N302.

The Reverse Stock Split is part of the Company's plan to regain compliance with the $1.00 per share minimum closing price required to maintain continued listing on the Nasdaq Capital Market.

The Reverse Stock Split was approved by the Board of Directors of the Company in accordance with Nevada law. As a result of the Reverse Stock Split, every 100 shares of common stock issued and outstanding prior to the effective time will be automatically reclassified into one share of common stock with no change in the $0.001 par value per share. The exercise prices and the number of shares issuable upon exercise of outstanding stock options, equity awards and warrants, and the number of shares available for future issuance under the equity incentive plans will be adjusted in accordance with their respective terms. The Reverse Stock Split will affect all stockholders uniformly and will not alter any stockholder's percentage interest in the Company's equity.

No fractional shares will be issued in connection with the Reverse Stock Split. Any fractional shares of common stock resulting from the Reverse Stock Split will be rounded

up to the nearest whole post-split share and no stockholders will receive cash in lieu of fractional shares.

The Reverse Stock Split will reduce the number of outstanding shares of common stock from approximately 564 million to approximately 5.64 million shares and also proportionately reduce the number of authorized shares of common stock from 1 billion to 10 million shares.

## About Meta Materials Inc.

Meta Materials Inc. (META) is an advanced materials and nanotechnology company. We develop new products and technologies using innovative sustainable science. Advanced materials can improve everyday products that surround us, making them smarter and more sustainable. META® technology platforms enable global brands to develop new products to improve performance for customers in aerospace and defense, consumer electronics, 5G communications, batteries, authentication, automotive and clean energy. Learn more at www.metamaterial.com.

## Media and Investor Inquiries

Rob StoneVice President, Corporate Development and CommunicationsMeta Materials Inc.media@metamaterial.comir@metamaterial.com

## Forward Looking Information

This press release includes forward-looking information or statements within the meaning of Canadian securities laws and within the meaning of Section 27A of the Securities Act of 1933, as amended, Section 21E of the Securities Exchange Act of 1934, as amended, and the Private Securities Litigation Reform Act of 1995, regarding the Company, which may include, but are not limited to, statements with respect to the business strategies, product development, restructuring plans and operational activities of the Company. Often but not always, forward-looking information can be identified by the use of words such as "pursuing", "potential", "predicts", "projects", "seeks", "plans", "expect", "intends", "anticipated", "believes" or variations (including negative variations) of such words and phrases, or statements that certain actions, events or results "may", "could", "should", "would" or "will" be taken, occur or be achieved. Such statements are based on the current expectations and views of future events of the management of the Company and are based on assumptions and subject to risks and uncertainties. Although the management of the Company believes that the assumptions underlying these statements are reasonable, they may prove to be incorrect. The forward-looking events and circumstances discussed

in this release may not occur and could differ materially as a result of known and unknown risk factors and uncertainties affecting the Company, the capabilities of our facilities, research and development projects of the Company, the total available market and market potential of the products of the Company, the market position of the Company, the need to raise more capital and the ability to do so, the scalability of the Company's production ability, capacity for new customer engagements, material selection programs timeframes, the ability to reduce production costs, enhance metamaterials manufacturing capabilities and extend market reach into new applications and industries, the ability to accelerate commercialization plans, the possibility of new customer contracts, the continued engagement of our employees, the technology industry, market strategic and operational activities, and management's ability to manage and operate the business. More details about these and other risks that may impact the Company's businesses are described under the heading "Forward-Looking Information" and under the heading "Risk Factors" in the Company's Form 10-K filed with the SEC on March 23, 2023, in the Company's Form 10-K/A filed with the SEC on March 24, 2023, in the Company's Form 10-Q filed with the SEC on November 13, 2023, and in subsequent filings made by Meta Materials with the SEC, which are available on SEC's website at www.sec.gov. Although the Company has attempted to identify important factors that could cause actual actions, events or results to differ materially from those described in forward-looking statements, there may be other factors that cause actions, events or results to differ from those anticipated, estimated or intended. Accordingly, readers should not place undue reliance on any forward-looking statements or information. No forward-looking statement can be guaranteed. Except as required by applicable securities laws, forward-looking statements speak only as of the date on which they are made and the Company does not undertake any obligation to publicly update or revise any forward-looking statement, whether as a result of new information, future events, or otherwise, except to the extent required by law.

**SOURCE:** Meta Materials Inc.

View the original press release on accesswire.com

*The views and opinions expressed herein are the views and opinions of the author and do not necessarily reflect those of Nasdaq, Inc.*

IN THIS STORY

# EXHIBIT G

# EXHIBIT G

1   Jeffrey L. Hartman, Esq.
    Nevada Bar No. 1607
2   HARTMAN & HARTMAN
    510 W. Plumb Lane, Suite B
3   Reno, NV 89509
    T: (775) 324-2800
4   F: (775) 324-1818
5   notices@bankruptcyreno.com
    Attorney for Christina Lovato, Trustee
6

7                    UNITED STATES BANKRUPTCY COURT

8                         DISTRICT OF NEVADA

9   In re                                   Case No.: 24-50792-hlb
                                            (Chapter 7)
10  META MATERIALS INC.,

11          Debtor.

12                                          CERTIFICATE OF SERVICE

13
                                            Hearing Date:   N/A
14                                          Hearing Time:   N/A

15

16

17          I certify that I am an employee of Hartman & Hartman, and that on March 6, 2025, I caused

18  to be served, the following document(s):

19          **EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF
            RECORDS FOR ANSON FUNDS USA TO APPEAR FOR EXAMINATION**
20          **PURSUANT TO F.R.BANKR.P. 2004 AND TO PRODUCE RECORDS
            – ECF No. 1614**
21
22          **NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS
            TO CUSTODIAN OF RECORDS FOR ANSON FUNDS USA**
23          **– ECF No. 1615**

24
            **EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF
25          RECORDS FOR CITADEL SECURITIES LLC TO APPEAR FOR
            EXAMINATION PURSUANT TO F.R.BANKR.P. 2004 AND TO**
26          **PRODUCE RECORDS
            - ECF No. 1616**
27

28

                                        1

Case 24-50792-gs   Doc 2638   Entered 03/10/25 12:51:04   Page 35 of 46

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS TO CUSTODIAN OF RECORDS FOR CITADEL SECURITIES LLC**
**– ECF No. 1617**

**EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF RECORDS FOR DEPOSITORY TRUST CLEARING CORPORATION TO APPEAR FOR EXAMINATION PURSUANT TO F.R.BANKR.P. 2004 AND TO PRODUCE RECORDS**
**– ECF No. 1618**

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS TO THE CUSTODIAN OF RECORDS FOR DEPOSITORY TRUST CLEARING CORPORATION**
**– ECF No. 1619**

**EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF RECORDS FOR FINANCIAL INDUSTRY REGULATORY AUTHORITY TO APPEAR FOR EXAMINATION PURSUANT TO F.R.BANKR.P. 2004 AND TO PRODUCE RECORDS**
**– ECF No. 1620**

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS TO THE CUSTODIAN OF RECORDS FOR FINANCIAL INDUSTRY REGULATORY AUTHORITY**
**– ECF No. 1621**

**EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF RECORDS FOR THE NASDAQ STOCK MARKET LLC TO APPEAR FOR EXAMINATION PURSUANT TO F.R.BANKR.P. 2004 AND TO PRODUCE RECORDS**
**– ECF No. 1622**

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS TO THE CUSTODIAN OF RECORDS FOR THE NASDAQ STOCK MARKET LLC**
**– ECF No. 1623**

**EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF RECORDS FOR CHARLES SCHWAB & CO. INC. TO APPEAR FOR EXAMINATION PURSUANT TO F.R.BANKR.P. 2004 AND TO PRODUCE RECORDS**
**- ECF No. 1624**

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS TO THE CUSTODIAN OF RECORDS FOR CHARLES SCHWAB & CO. INC. – ECF No. 1625**

**EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF
RECORDS FOR TD AMERITRADE TO APPEAR FOR EXAMINATION
PURSUANT TO F.R.BANKR.P. 2004 AND TO PRODUCE RECORDS
– ECF No. 1626**

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS
TO THE CUSTODIAN OF RECORDS FOR TD AMERITRADE
– ECF No. 1627**

**EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF
RECORDS FOR TRADESTATION SECURITIES INC. TO APPEAR FOR
EXAMINATION PURSUANT TO F.R.BANKR.P. 2004 AND TO
PRODUCE RECORDS
– ECF No. 1628**

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS
TO THE CUSTODIAN OF RECORDS FOR TRADESTATION
SECURITIES INC.
– ECF No. 1629**

**EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF
RECORDS FOR VIRTU FINANCIAL, LLC TO APPEAR FOR
EXAMINATION PURSUANT TO F.R.BANKR.P. 2004 AND TO
PRODUCE RECORDS
– ECF No. 1630**

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS
TO THE CUSTODIAN OF RECORDS FOR VIRTU FINANCIAL, LLC
– ECF No. 1631**

**AMENDED EX PARTE MOTION FOR ORDER REQUIRING
CUSTODIAN OF RECORDS FOR VIRTU FINANCIAL, LLC TO
APPEAR FOR EXAMINATION PURSUANT TO F.R.BANKR.P. 2004 AND
TO PRODUCE RECORDS
– ECF No. 1632**

**AMENDED NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE
DOCUMENTS TO THE CUSTODIAN OF RECORDS FOR VIRTU
FINANCIAL, LLC – ECF No. 1633**

I caused to be served the above-named document(s) as indicated below:

✅ a.  Via ECF to:

• MICHAEL R. BRUNET    mbrunet@cooperlevenson.com

3

- ANDREA J. DRIGGS    adriggs@perkinscoie.com, bcosman@perkinscoie.com;kmcclure@perkinscoie.com;scarnall@perkinscoie.com;docketphx@perkinscoie.com

- JEFFREY L HARTMAN    notices@bankruptcyreno.com, abg@bankruptcyreno.com

- MATTHEW L. JOHNSON    mjohnson@mjohnsonlaw.com, annabelle@mjohnsonlaw.com;kristi@mjohnsonlaw.com;kathra@mjohnsonlaw.com;admin@mjohnsonlaw.com

- CHRISTINA W. LOVATO    trusteelovato@att.net, NV26@ecfcbis.com

- KAYCEE ROYER    kroyer@perkinscoie.com

- U.S. TRUSTEE - RN - 7    USTPRegion17.RE.ECF@usdoj.gov


I declare under penalty of perjury that the foregoing is true and correct.

DATED: March 6, 2025.

_/s/ Angie Gerbig_
Angie Gerbig

4

# EXHIBIT H

# EXHIBIT H

Jeffrey L. Hartman, Esq. – NSB #1607
HARTMAN & HARTMAN
510 W. Plumb Lane
Suite B
Reno, NV 89509
Tel: 775-324-2800
Fax: 775-324-1818
Email: notices@bankruptcyreno.com

Kent R. Robison, Esq. – NSB #1167
Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, NV 89503
Tel: 775-329-3151
Email: krobison@rssblaw.com
        cbrust@rssblaw.com
        hwinston@rssblaw.com

*Attorneys for Christina Lovato, Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.: 24-50792-hlb |
| META MATERIALS INC., | (Chapter 7) |
| Debtor. | **EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF RECORDS FOR CITADEL SECURITIES LLC TO APPEAR FOR EXAMINATION PURSUANT TO F.R.BANKR.P. 2004 AND TO PRODUCE RECORDS** |
| | Hearing Date:  N/A |
| | Hearing Time: N/A |

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004, Christina Lovato,  Chapter 7 Trustee for the Estate of Meta Materials Inc. ("Trustee"), by and through her undersigned counsel, respectfully applies to this Court for an *Ex Parte* Order requiring the Custodian of Records of Citadel Securities LLC ("Citadel"), to appear as set forth in a subpoena to be issued pursuant to Federal Rule of Bankruptcy Procedure 9016, at a time, place and date to be mutually agreed upon by the parties, or if no such agreement is reached, upon no less than fourteen (14) calendar days written notice by the Trustee for examination, regarding the Debtor's assets, liabilities, and financial condition.

This Motion is supported by the following Memorandum of Points and Authorities.

1

DATED this  6th  day of March, 2025.

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, NV 89503

_____ /s/ Clayton P. Brust _____
KENT R. ROBISON, ESQ.
CLAYTON P. BRUST, ESQ.
HANNAH E. WINSTON, ESQ.

JEFFREY L. HARTMAN, ESQ.
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509

## MEMORANDUM OF POINTS AND AUTHORITIES

F.R.Bankr.P. 2004 provides, in relevant part, that upon motion of any party in interest, the court may order the examination of the debtor or any other entity regarding the acts, conduct, property, liabilities and financial conditions of the debtor, or any other matter which affects the administration of the debtor's estate or the debtor's right to a discharge.  Rule 2004 further provides that production of documents may be compelled at this examination.

The Trustee seeks to conduct oral examination relating to the Debtors' assets, liabilities, and financial affairs to ascertain the facts and circumstances surrounding potential manipulation of Debtor's share prices from September 21, 2020 through August 7, 2024, and how the manipulation affected Debtor's financial condition for possible recovery on behalf of Debtor's estate.  The Trustee also seeks to compel production of the following documents from Citadel (all documents of which are for the time frame of September 21, 2020 through August 7, 2024, and in respect to Meta, MMTLP, or other CUSIPs or legend identifiers pertaining to Meta or MMTLP):

1.   All messages relating to the routing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, received from client broker-dealer of Citadel and sent to client broker-dealers of Citadel.

2.   All messages relating to the routing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar

purposes, in the original format the data was saved, routed to an exchange or off-exchange trading venue on behalf of a client broker-dealer of Citadel and received from an exchange or off-exchange trading venue on behalf of a cli-ent broker-dealer of Citadel.

3. All messages relating to the routing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, routed to an exchange or off-exchange trading venue on behalf of Citadel and re-ceived from an exchange or off-exchange trading venue on behalf of Citadel.

4. All communications electronically stored in the original format captured, including transactions records and emails, related to locating, securing, borrowing, and delivering shares of Meta and/or MMTLP, including records of instances where Citadel failed to deliver (FTD) shares of Meta and/or MMTLP and records of how Citadel rectified the outstanding FTDs.

5. All records of position data representing Citadel's position in Meta and/or MMTLP, including tal-lies of shares sold short that were located and/or successfully borrowed as well as shares sold short that were not located and/or successfully borrowed (e.g. the position corresponding to naked short sales), produced at the frequency such data was recorded).

The requested discovery from the Custodian of Records of Citadel is well within the scope of examination permitted under F.R.Bankr.P. 2004, which includes:

> [t]the acts, conduct, or property or … the liabilities and financial condition of the debtors, or … any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a …reorganization case under chapter 11 of the Code, … the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.

1         WHEREFORE, the Trustee respectfully requests that this Court enter its Order authorizing

2    the examination of the Custodian of Records of Citadel, as described herein.  A proposed Order is

3    attached as **Exhibit 1**.

4         DATED this __6th__ day of March, 2025.

5              ROBISON, SHARP, SULLIVAN & BRUST
     71 Washington Street
6    Reno, NV 89503

7              */s/ Clayton P. Brust*

8    KENT R. ROBISON, ESQ.
     CLAYTON P. BRUST, ESQ.
9    HANNAH E. WINSTON, ESQ.

10   JEFFREY L. HARTMAN, ESQ.
     HARTMAN & HARTMAN
11   510 W. Plumb Lane, Suite B
12   Reno, NV 89509

13   *Attorneys for Christina Lovato, Trustee*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

1
2
3
4
5
6
7         **UNITED STATES BANKRUPTCY COURT**
8               **DISTRICT OF NEVADA**

9 In re                          Case No.: 24-50792-hlb

10 META MATERIALS INC.,          (Chapter 7)

11 Debtor.                 **[PROPOSED] ORDER GRANTING EX PARTE MOTION FOR ORDER REQUIRING CUSTODIAN OF RECORDS FOR CITADEL SECURITIES LLC TO APPEAR FOR EXAMINATION PURSUANT TO F.R.BANKR.P. 2004**

15                          Hearing Date: N/A
16                          Hearing Time: N/A

17
18       This Court having reviewed the *Ex Parte Motion For Order Requiring Custodian Of Records For Citadel Securities LLC to Appear for Examination Pursuant to F.R.Bankr.P. 2004* (the "Motion") submitted by Christina Lovato, the Chapter 7 Trustee, and for good cause appearing;

21       **IT IS HEREBY ORDERED** that the Motion is GRANTED; and

22       **IT IS FURTHER ORDERED** that the Custodian of Records of Citadel Securities LLC, through an appropriate designee(s) shall appear for examination regarding the Debtor's assets, liabilities, and financial condition, before a certified court reporter at a time, place and date to be mutually agreed upon by the parties, or if no such agreement is reached, upon no less than fourteen (14) calendar days written notice by the Trustee for examination; and

27       **IT IS FURTHER ORDERED** that oral examination shall continue from day to day, as

28

necessary.

**IT IS FURTHER ORDERED** that Citadel Securities LLC shall produce the following documents (time range from September 21, 2020 through August 7, 2024, and in respect to Meta, MMTLP, or other CUSIPs or legend identifiers pertaining to Meta or MMTLP):

1.    All messages relating to the routing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, received from client broker-dealer of Citadel and sent to client broker-dealers of Citadel.

2.    All messages relating to the routing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, routed to an exchange or off-exchange trading venue on behalf of a client broker-dealer of Citadel and received from an exchange or off-exchange trading venue on behalf of a cli-ent broker-dealer of Citadel.

3.    All messages relating to the routing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, routed to an exchange or off-exchange trading venue on behalf of Citadel and re-ceived from an exchange or off-exchange trading venue on behalf of Citadel.

4.    All communications electronically stored in the original format captured, including transactions records and emails, related to locating, securing, borrowing, and delivering shares of Meta and/or MMTLP, including records of instances where Citadel failed to deliver (FTD) shares of Meta and/or MMTLP and records of how Citadel rectified the outstanding FTDs.

5.    All records of position data representing Citadel's position in Meta and/or MMTLP, including tal-lies of shares sold short that were located and/or successfully borrowed as well as shares sold short that were not located and/or successfully borrowed (e.g. the position corresponding to naked short sales),

2

produced at the frequency such data was recorded).

Respectfully Submitted By:

*/s/ Clayton P. Brust*
Kent R. Robison, Esq. – NSB #1167
Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, NV 89503
Tel: 775-329-3151
Email: krobison@rssblaw.com
cbrust@rssblaw.com
hwinston@rssblaw.com

*Attorneys for Christina Lovato, Trustee*

3