UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

RECEIVED
AND FILED
MAR 30 2026
U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

In re:
META MATERIALS INC.,

| Case No.: 24-50792-gs
| (Chapter 7)
|
| NOTICE OF FILING OMITTED PROPOSED
| ORDER RE MOTION OF SCOTT TRAUDT FOR
| RULE 2004 SUBPOENA TO FINRA, INC.
| [ECF NO. 2639]

### NOTICE OF FILING OMITTED PROPOSED ORDER RE FINRA SUBPOENA MOTION

Scott Traudt ("Movant"), appearing pro se and as a party in interest, respectfully files this Notice of Filing Omitted Proposed Order with respect to the Motion of Scott Traudt for Rule 2004 Subpoena to FINRA, Inc., ECF No. 2639 (the "Motion").

Through inadvertence, the proposed order corresponding to the Motion was not filed with the Motion. A true and correct copy of the omitted proposed order is attached hereto as Exhibit A.

Movant respectfully requests that the Court consider Exhibit A as the proposed order submitted in connection with ECF No. 2639 and make it part of the record relating to that Motion.

Dated: March ___, 2026

Scott Traudt (*pro se*)
191 Kibling Hill Rd.
Strafford, VT 05072
Phone: 802-318-0429

### CERTIFICATE OF SERVICE

1

I, Scott Traudt, certify that on March 18, 2026, I served a true and correct copy of the foregoing Motion of Scott Traudt for Rule 2004 Subpoena to FINRA, Inc., together with all exhibits and any proposed order submitted therewith (collectively, the "notice"), as follows:

1. Via US 1st class mail or email to:

   a. Christina W. Lovato, Chapter 7 Trustee.

   b. Jeffrey L. Hartman, Esq., HARTMAN & HARTMAN, 510 W. Plumb Lane, Suite B, Reno, NV 89509.

   c. Christian Attar, Esq., Kasowitz Benson Torres LLP (Special Litigation Counsel for the Chapter 7 Trustee) (served via CM/ECF and/or first class mail at counsel's address of record).

2. Via 1st class US mail postage prepaid, addressed as follows:

   a. FINRA, Inc., Attn: Robert L.D. Colby, Chief Legal Officer, 1700 K Street, NW, Suite 1200, Washington, DC 20006.

Scott Traudt

2

# EXHIBIT A

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:                                          | Case No.: 24-50792-gs
META MATERIALS INC.,                            | (Chapter 7)
                                                |
                                                | **MOTION OF SCOTT TRAUDT FOR RULE 2004**
                                                | **SUBPOENA TO FINRA, INC. FOR MMAT/MMTLP**
                                                | **ELECTRONIC BLUE SHEETS PULLED**
                                                | **DECEMBER 5, 2022 AND RELATED MMTLP**
                                                | **COMMUNICATIONS (OCT. 15, 2022 TO FEB. 3,**
                                                | **2023) AND MMTLP TRADE-START/OTC**
                                                | **SYMBOL ORIGINATION RECORDS (MAY 1, 2021**
                                                | **TO DEC. 31, 2022) PURSUANT TO FED. R. BANKR.**
                                                | **P. 2004 AND 9016**
                                                |
                                                | Hearing requested.

**[PROPOSED] ORDER GRANTING MOTION OF SCOTT TRAUDT FOR RULE 2004
SUBPOENA TO FINRA, INC. AND RULE 2004 EXAMINATION**

The Court having reviewed the Motion of Scott Traudt for Rule 2004 Subpoena to FINRA, Inc.

for MMAT/MMTLP Electronic Blue Sheets Pulled on December 5, 2022 and Related MMTLP

Communications (Oct. 15, 2022 to Feb. 3, 2023) and MMTLP Trade-Start/OTC Symbol

Origination Records (May 1, 2021 to Dec. 31, 2022) Pursuant to Fed. R. Bankr. P. 2004 and

9016 (the "Motion"), together with Exhibit A thereto, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that good cause exists for the requested Rule 2004 examination

and subpoena duces tecum.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Bankr. P. 2004 and 9016, Movant is

authorized to issue a subpoena duces tecum to Financial Industry Regulatory Authority, Inc.

("FINRA") for the production of documents and electronically stored information ("ESI") and to

conduct a Rule 2004 examination of FINRA through an appropriate custodian of records and/or

1

one or more designated corporate representatives knowledgeable as to the matters set forth below.

IT IS FURTHER ORDERED that, for purposes of this Order:

1. "MMTLP" means Meta Materials Series A Preferred Shares and any related identifiers, including any CUSIP(s), OTC symbol request identifiers, and any predecessor or successor symbol references.

2. "MMAT" means Meta Materials Inc. common stock and any related identifiers, including CUSIP 59134N104.

3. Requests Nos. 1 through 2 below are limited to Electronic Blue Sheet ("EBS") pulls, queries, and outputs initiated, requested, reviewed, approved, or received by Sam Draddy on or about December 5, 2022.

4. Requests Nos. 3 through 6 below are limited to communications, interagency communications, tip or meeting materials, and policies or collection details for the period October 15, 2022 through February 3, 2023, with a focus on December 1 through December 9, 2022.

5. Requests Nos. 7 through 9 below are limited to the period June 1, 2021 through December 31, 2022.

IT IS FURTHER ORDERED that FINRA, through an appropriate custodian of records and/or designated corporate representative(s), shall appear for examination before a certified court reporter at a time, date, and place to be mutually agreed upon by the parties, or, if no such agreement is reached, upon no fewer than fourteen (14) calendar days' written notice.

IT IS FURTHER ORDERED that the oral examination may continue from day to day as necessary.

2

IT IS FURTHER ORDERED that FINRA shall produce responsive documents and ESI on a rolling basis.

IT IS FURTHER ORDERED that ESI shall be produced in native format with metadata preserved where feasible; for emails, production shall include header fields and attachments. If native production is not feasible, FINRA shall produce in a reasonably usable format that preserves metadata to the extent reasonably available.

IT IS FURTHER ORDERED that if any material is withheld on the basis of privilege, protection, or other claim of withholding, FINRA shall provide a log sufficient to evaluate the claim.

IT IS FURTHER ORDERED that any confidentiality protections deemed appropriate by the Court may apply to the production, including a protective order if requested by FINRA or otherwise deemed appropriate by the Court, but such protections shall not excuse compliance with this Order.

IT IS FURTHER ORDERED that FINRA shall produce the following documents and ESI:

1. December 5, 2022 Electronic Blue Sheet request/pull records (Sam Draddy).

   (a) All Electronic Blue Sheet ("EBS") requests, pulls, queries, or extractions for MMTLP and/or MMAT that were initiated, requested, reviewed, approved, or received by Sam Draddy on or about December 5, 2022, including any request forms, tickets, emails initiating the request, and date/time stamps.

   (b) All records sufficient to identify the query parameters for those EBS pulls, including the symbols/CUSIPs, date ranges covered, fields requested, and any filters or limitations applied.

(c) All records identifying the responding broker-dealers, clearing firms, or other entities from which EBS data was requested or received, including the method of transmission and the date/time received.

2. EBS outputs, exports, and derived workpapers.

(a) All EBS output data, reports, exports, spreadsheets, or native data files produced or received by FINRA from the December 5, 2022 pulls for MMTLP and/or MMAT.

(b) All summaries, analyses, presentations, notes, or workpapers created by FINRA personnel that reference, discuss, or analyze those EBS outputs.

(c) All records sufficient to show the chain of custody for those EBS outputs, including any internal case ID, matter number, or storage location, and any distribution of the outputs within FINRA.

3. FINRA internal communications concerning the December 5, 2022 EBS pulls and MMTLP/MMAT.

(a) All internal FINRA communications, including emails and attachments, messages, meeting invites, and notes, that request, transmit, discuss, or analyze MMTLP/MMAT and/or the December 5, 2022 EBS pulls/outputs, including communications immediately before and after December 5, 2022.

(b) Without limiting the foregoing, communications involving or referencing Sam Draddy, Richard Boyle, Jay Gibbon, Market Fraud Investigations, and any FINRA personnel responsible for EBS requests or analysis for MMAT/MMTLP.

4. Interagency communications in FINRA's custody or control regarding MMTLP/MMAT and/or the December 5, 2022 EBS pulls.

4

(a) All communications, including emails and attachments, between FINRA and the SEC that request, transmit, discuss, or analyze MMTLP/MMAT and/or the December 5, 2022 EBS pulls/outputs, including communications sent to FINRA by the SEC and communications sent by FINRA to the SEC.

(b) All communications, including emails and attachments, between FINRA and the U.S. Department of Justice and/or FinCEN that request, transmit, discuss, or analyze MMTLP/MMAT and/or the December 5, 2022 EBS pulls/outputs, including communications directed to FINRA by DOJ/FinCEN and communications sent by FINRA to DOJ/FinCEN.

(c) For Requests Nos. 4(a) and 4(b), responsive communications in FINRA's custody or control shall be produced regardless of whether the original sender was an external agency.

5. Fraud tips, inquiry intake, and meeting materials related to the December 2022 MMAT/MMTLP inquiry.

(a) All records reflecting the "tips" referenced by FINRA personnel as having been received by FINRA Market Fraud Investigations concerning MMAT/MMTLP in or about December 2022, including any referral or forwarding to the SEC and any internal case-opening, routing, or triage records.

(b) All calendar entries, Zoom invitations, dial-in details, agendas, slide decks, and notes for any meetings or calls with SEC personnel regarding MMAT/MMTLP scheduled for December 2 through December 6, 2022, including the meeting referenced for 1:00 p.m. on December 5, 2022.

6. Policies, procedures, and collection details limited to EBS and responsive communications.

(a) Policies and procedures in effect during October 15, 2022 through February 3, 2023 governing FINRA's retrieval, handling, retention, and production of Electronic Blue Sheets and associated communications/workpapers.

5

(b) Records sufficient to identify the systems searched and custodians used to collect responsive materials, including at minimum Sam Draddy, Richard Boyle, and Jay Gibbon, and any additional custodian(s) used for collection.

7. MMTLP OTC symbol request/New Issue Form and supporting documents.

(a) The complete OTC Equity Symbol Request Form (FINRA New Issue Form) and all supporting or attached documents submitted to FINRA Market Operations, or its successor unit, for the assignment of the OTC ticker symbol MMTLP, including any predecessor identifiers, CUSIP references, and submission metadata, including date/time, submitter, firm, and point of contact.

(b) All FINRA internal intake tickets, workflow records, routing, approvals, audit logs, and records sufficient to identify the FINRA personnel who reviewed, approved, or rejected any aspect of the MMTLP symbol request, including date/time stamps.

(c) All fee/payment records, invoices, receipts, or accounting entries reflecting payment for the MMTLP symbol request and assignment process.

8. Communications with the submitting firm(s) and other market participants.

(a) All correspondence, emails, memos, notes, and other communications between FINRA and any broker-dealer, market maker, or other submitting entity concerning the request, review, approval, or assignment of the MMTLP symbol.

(b) Without limiting the foregoing, communications with or referencing GTS Securities LLC (Global Trading Systems), Canaccord Genuity, or Ari Rubenstein.

9. SEC oversight and related communications regarding the MMTLP symbol request and trade-start.

(a) All communications, including emails, attachments, memos, notes, and messages, between FINRA and the SEC concerning the request, review, approval, or assignment of the MMTLP symbol and the initiation of public quoting/trading in MMTLP, including oversight records and review notes.

(b) All communications, including emails and attachments, between FINRA and any broker-dealer or market maker concerning SEC oversight, questions, or conditions related to the MMTLP symbol request and the start of public quoting/trading.

IT IS FURTHER ORDERED that the Rule 2004 examination may include, without limitation, the following topics:

1.  FINRA's Electronic Blue Sheet pull activity for MMTLP and MMAT on or about December 5, 2022, including who requested the pulls, the query parameters used, and the responding firms.

2.  The EBS outputs received by FINRA from those pulls, any analyses or summaries created, any dissemination within FINRA, and where the output/workpapers are stored, including any case or matter identifiers.

3.  FINRA's internal and interagency communications with the SEC, DOJ, and/or FinCEN concerning MMTLP/MMAT and/or the December 5, 2022 EBS pulls/outputs during October 15, 2022 through February 3, 2023, including follow-up actions.

4.  FINRA's receipt, review, and approval of the OTC ticker symbol request for MMTLP, including the OTC Equity Symbol Request Form/FINRA New Issue Form, supporting submissions, fee/payment records, and internal routing/approvals during June 1, 2021 through December 31, 2022.

5.  Communications between FINRA and any broker-dealer or market maker, and between FINRA and the SEC, regarding the MMTLP symbol request, approval, and initiation of public

7

quoting/trading, including identification of the market participant(s) who submitted the request and the FINRA personnel involved.

IT IS FURTHER ORDERED that the Court retains jurisdiction to resolve any dispute concerning the scope of production, confidentiality, privilege, compliance, or enforcement of this Order and any subpoena issued pursuant to it.

IT IS SO ORDERED.


DATED: _____


_____
THE HONORABLE GARY A. SPEAKER
UNITED STATES BANKRUPTCY JUDGE

8