RECEIVED AND FILED

MAR 30 2026

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
META MATERIALS INC.,

           Debtor.

| Case No.: 24-50792-hlb
| (Chapter 7)
|
| **NOTICE OF FILING OMITTED PROPOSED**
| **ORDER RE MOTION OF SCOTT TRAUDT FOR**
| **RULE 2004 SUBPOENA TO SABBY**
| **MANAGEMENT, LLC [ECF NO. 2637]**

## NOTICE OF FILING OMITTED PROPOSED ORDER RE SABBY SUBPOENA MOTION

Scott Traudt ("Movant"), appearing pro se and as a party in interest, respectfully files this Notice of Filing Omitted Proposed Order with respect to the Motion of Scott Traudt for Rule 2004 Subpoena to Sabby Management, LLC, ECF No. 2637 (the "Motion").

Through inadvertence, the proposed order corresponding to the Motion was not filed with the Motion. A true and correct copy of the omitted proposed order is attached hereto as Exhibit A.

Movant respectfully requests that the Court consider Exhibit A as the proposed order submitted in connection with ECF No. 2637 and make it part of the record relating to that Motion.

Dated: March 18th, 2026

Scott Traudt

Scott Traudt (pro se)
191 Kibling Hill Rd.
Strafford, VT 05072
Phone: 802-318-0429

## CERTIFICATE OF SERVICE

1

I, Scott Traudt, certify that on M̲a̲r̲c̲h̲ ̲1̲8̲, 2026, I served a true and correct copy of the foregoing notice of filing omitted proposed order to Sabby Management, LLC, together with all exhibits and any proposed order submitted therewith (collectively, the "notice"), as follows:

1. Via US 1st class mail to:

  a. Christina W. Lovato, Chapter 7 Trustee, and counsel for the Trustee (including Jeffrey L. Hartman, Esq., HARTMAN & HARTMAN, 510 W. Plumb Lane, Suite B, Reno, NV 89509).

  b. Office of the United States Trustee (Reno), 300 Booth Street, Suite 3009, Reno, NV 89509.

  c. Meta Materials Inc. (Debtor) and counsel of record.

  d. Special Litigation Counsel for the Trustee (including Christian Attar and Kasowitz Benson Torres LLP).and any other parties who have appeared and are CM/ECF filing users.

2. Via 1st class US mail postage prepaid, addressed as follows:

  a. Sabby Management, LLC, Robert Alan Grundstein, COO/CLC 7012 Fisher Island Dr., Miami Beach, FL 33109

  b. Hal D. Mintz, CEO, Sabby Management LLC, 7012 Fisher Island Dr., Miami beach, FL 33109

Scott Traudt

2

# EXHIBIT A

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
META MATERIALS INC.,

          Debtor.

| Case No.: 24-50792-hlb
| (Chapter 7)
|
| **MOTION OF SCOTT TRAUDT FOR RULE 2004**
| **SUBPOENA TO SABBY MANAGEMENT, LLC**
| **FOR TRCH/MMTLP/MMAT TRADING AND**
| **SETTLEMENT RECORDS (JUNE 1, 2021 TO**
| **AUGUST 4, 2024) PURSUANT TO FED.**
| **BANKR. P. 2004 and 9016**
|
|
| Hearing requested.

### [PROPOSED] ORDER GRANTING MOTION OF SCOTT TRAUDT FOR ENTRY OF ORDER AUTHORIZING RULE 2004 EXAMINATION AND ISSUANCE OF SUBPOENA DUCES TECUM TO JANE STREET GROUP, LLC

This matter having come before the Court on the Motion of Scott Traudt for Entry of Order

Authorizing Rule 2004 Examination and Issuance of Subpoena Duces Tecum to Jane Street

Group, LLC (the "Motion"), pursuant to Fed. R. Bankr. P. 2004 and 9016, and 11 U.S.C. §§

105(a), 323, and 704, and the Court having reviewed the Motion and the exhibits attached

thereto, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Bankr. P. 2004 and 9016, Movant is

authorized to issue a subpoena duces tecum to Jane Street Group, LLC ("Jane Street"), including

for documents and electronically stored information ("ESI"), and to conduct a Rule 2004

examination of Jane Street through one or more designated corporate representatives

knowledgeable about the matters described below.

IT IS FURTHER ORDERED that, for purposes of this Order:

1

A. "Jane Street" means Jane Street Group, LLC, and any affiliated or related fund, managed account, vehicle, general partner, manager, adviser, feeder fund, special purpose vehicle, successor, parent, subsidiary, or other entity directly or indirectly owned or controlled by, or under common control with, Jane Street Group, LLC, to the extent such entity traded, held, borrowed, lent, cleared, financed, or otherwise maintained exposure to the Securities during the Time Period.

B. "Securities" means Torchlight Energy Resources Inc. ("TRCH"), Meta Materials Inc. ("MMAT"), and Meta Materials Series A Preferred Shares ("MMTLP"), including any predecessor, successor, or related tickers and CUSIPs, and any share equivalents issued in connection with corporate actions affecting those tickers or CUSIPs during the Time Period.

C. "Time Period" means June 1, 2021 through August 4, 2024.

IT IS FURTHER ORDERED that Jane Street, through an appropriate custodian of records and/or designated corporate representative(s), shall appear for examination before a certified court reporter at a time, date, and place to be mutually agreed upon by the parties, or, if no such agreement is reached, upon no fewer than fourteen (14) calendar days' written notice.

IT IS FURTHER ORDERED that the oral examination may continue from day to day as necessary.

IT IS FURTHER ORDERED that Jane Street shall produce responsive documents and ESI on a rolling basis.

IT IS FURTHER ORDERED that ESI shall be produced in native format where feasible, including .xls, .xlsx, .csv, and database exports, together with associated metadata. If native production is not feasible, Jane Street shall produce in reasonably usable TIFF or PDF format with load files and extracted text, preserving metadata fields to the extent reasonably available.

2

IT IS FURTHER ORDERED that order and execution data shall be produced in delimited format, including CSV where feasible, together with a data dictionary defining each field.

IT IS FURTHER ORDERED that Jane Street shall preserve and produce unique identifiers sufficient to reconstruct the lifecycle of each order, including parent-child relationships, route IDs, venue IDs, allocation IDs, order IDs, and execution IDs, to the extent maintained in the ordinary course.

IT IS FURTHER ORDERED that if Jane Street withholds any responsive material on the basis of privilege or protection, it shall produce a privilege log compliant with Fed. R. Civ. P. 45(e)(2).

IT IS FURTHER ORDERED that any legitimate confidentiality concerns may be addressed by a protective order, including an attorneys' eyes only or similar designation if the Court later deems appropriate, but no confidentiality designation or protective order shall be used to block or indefinitely delay production. Any such protective order shall not permanently bar Movant from seeking leave of this Court to use produced materials in later litigation or regulatory proceedings.

IT IS FURTHER ORDERED that Jane Street shall produce the following documents and ESI, for the Time Period and with respect to the Securities:

1. Documents sufficient to identify all Jane Street-controlled funds, managed accounts, subaccounts, and beneficial owners that traded or held any exposure to the Securities during the Time Period, including account identifiers, which may be partially redacted, prime brokers, clearing firms, executing brokers, and all persons with authority to trade or approve trades.

2. All warrant instruments and financing documents by which Jane Street acquired any MMAT-related warrants, including any June 2022 warrants, including agreements, term sheets, placement letters, confirmations, closing documents, and any documents reflecting the number of warrants and underlying shares issued to Jane Street.

3

3. All documents reflecting any amendment, reset, repricing, anti-dilution adjustment, extension, waiver, or other modification to any MMAT-related warrants held by Jane Street during the Time Period, including documents reflecting exercise price changes and the effective dates of such changes.

4. All records of warrant exercises or attempted exercises referencing MMAT during the Time Period, including exercise notices, calculation worksheets, payment records, whether cash or cashless/net share, issuer or transfer agent confirmations, and records reflecting the date and quantity of shares received in each Jane Street account.

5. Complete daily trading blotters for all transactions in the Securities, including any related tickers or CUSIPs, including buys, sells, short sales, and covers, with timestamps, quantities, prices, short-sale indicator or marking, venue or ATS, if any, executing broker, and any order or execution identifiers maintained by Jane Street or its brokers.

6. Daily position and inventory reports reflecting long and short positions, gross and net, average cost, and realized and unrealized profit and loss for the Securities, by account and by beneficial owner where maintained.

7. OMS, EMS, or broker-provided exports sufficient to reconstruct the lifecycle of Jane Street orders in the Securities, including order entry, modification, cancellation, routing, and execution, including unique identifiers, including order IDs and execution IDs, and timestamps, in CSV or other delimited format with a data dictionary.

8. Locate and pre-borrow records for all short sales in the Securities, including locate requests and responses, locate logs, easy-to-borrow and hard-to-borrow lists, and any exception reports relating to locate compliance.

4

9. Securities lending and borrow records for the Securities, including borrow tickets, lender and borrower identifiers, which may be partially redacted, rates or rebates, collateral schedules, recalls, returns, buy-ins, and any stock loan position reports reflecting borrow quantities over time.

10. Clearing and settlement records for the Securities, including trade confirmations, prime brokerage statements, clearing statements, DTCC or CNS settlement reports, or equivalents, and records of fails to deliver or fails to receive, close-outs, buy-ins, and Reg SHO close-out documentation.

11. Documents sufficient to link: (i) warrant-derived share receipts identified in Paragraph 4 above, to (ii) the covering or closing of short positions and/or satisfaction of delivery obligations in the Securities, including internal allocation records, settlement ledgers, inventory movement logs, and any reconciliation materials tying share receipts to specific settlements, close-outs, or short covers.

IT IS FURTHER ORDERED that the Rule 2004 examination may include, without limitation, the following topics:

1. Corporate structure, control, and identification of all Jane Street entities, funds, and accounts with exposure to the Securities.

2. Participation in MMAT-related financings and receipt, amendment, reset, and exercise of MMAT-related warrants.

3. Trading and positions in the Securities, including short sales and covers, and how Jane Street recorded short-sale marking and order identifiers.

4. Locate, pre-borrow, and securities lending practices for short sales in the Securities.

5

5. Clearing and settlement processes for the Securities, including fails, buy-ins, close-outs, and Reg SHO close-out practices.

6. Linkage between warrant-derived share receipts and any short covering, close-outs, or delivery obligations in the Securities.

7. Systems of record used to generate the data produced in response to Paragraphs 1 through 11 above, and confirmation of the completeness of production.

IT IS FURTHER ORDERED that the Court retains jurisdiction to resolve any dispute concerning the scope of production, confidentiality, privilege, compliance, or enforcement of this Order and any subpoena issued pursuant to it.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE GARY A. SPRAKER
UNITED STATES BANKRUPTCY JUDGE

6