RECEIVED
AND FILED

MAR 30 2026

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

AM

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
META MATERIALS INC.,

| Case No.: 24-50792-gs
| (Chapter 7)
|
| **MOTION OF SCOTT TRAUDT FOR RULE 2004**
| **SUBPOENA TO TRUSTEE LOVATO FOR ALL**
| **LITIGATION FINANCING CONTRACT**
| **PAPERWORK IDENTIFIED IN DOCK. 98-2;**
| **COPIES OF EMAILS FROM TRUSTEE COUNSEL**
| **TO WES CHRISTIAN REGARDING CONFLICTS**
| **WITH CHRISTIANATTAR REPRESENTATION;**
| **COPIES OF $500,000 TRANSFER AGREEMENT**
| **FROM HARRINGTON GLOBAL FUNDING**
| **SOURCE TO CHRISTIANATTAR AND THE**
| **ESTATE; COPIES OF LIST USED BY**
| **TORCHLIGHT AND META HIGHLIGHTING**
| **APPROXIMATELY 50 COMPANIES THAT HAD**
| **EXPRESSED INTEREST IN BUYING TRCH OIL**
| **PURSUANT TO FED. R. BANKR. P. 2004 AND 9016**
|
| Hearing requested.

Now comes Scott Traudt ("Movant"), appearing *pro se*, and as a party in interest, and respectfully moves this Court, pursuant to Fed. R. Bankr. P. 2004(a)-(c) and 9016 (incorporating Fed. R. Civ. P. 45), Local Rule 2004 of the Local Rules of Bankruptcy Practice for the U.S. Bankruptcy Court, District of Nevada, and 11 U.S.C. §§ 105(a), 323, 327(e), 328(c), 364, and 704(a), for entry of an order authorizing Movant to issue a subpoena *duces tecum* directing the Chapter 7 Trustee, Christina W. Lovato, to produce the narrow categories of documents identified below. The requests are targeted to documents expressly referenced in ECF No. 98-2 or directly bearing on the Court's February 4 and February 5, 2026 orders concerning litigation financing, conflicts, and ongoing disclosure obligations.

**I. FACTUAL BACKGROUND AND PRIOR REQUESTS**

1

Movant is a party in interest in this Chapter 7 estate. The bankruptcy arises from the pre-petition merger-to-spinoff transaction involving Torchlight Energy Resources Inc. ("TRCH") and Meta Materials Inc., which generated the MMTLP dividend (Meta Materials Inc. Series A Preferred Shares). Movant seeks the requested documents to investigate possible fraud in that transaction, to assess the value and concealment of estate assets, and to examine whether the estate is being administered in conformity with the Bankruptcy Code and this Court's orders. On November 4, 2024, the Court approved the Trustee's ex parte application to employ Christian Attar and Kasowitz Benson Torres LLP as special litigation counsel (ECF No. 118). The underlying application (ECF No. 98) and its attached Power of Attorney and Contingent Fee Contract (Exhibit B) disclosed an "estimated budget for the expenses of the Litigation" of $11,800,000 (the "Commitment"), while stating that "Attorneys intend to seek financing ... from the Funder, and Attorneys anticipate Funder to be an affiliate of Parabellum Capital LLC." ECF No. 98-2, p. 3, ¶ 2.01.

On February 4, 2026, the Court entered an Order Setting Status Conference Re: Litigation Financing (ECF No. 2561), expressly noting that it "is unclear as to the nature and terms of any funding as it appears that no motion has been filed under 11 U.S.C. § 364 seeking court approval of any litigation financing," and directing the Trustee and special counsel to address the $11.8 million referenced in Section 2.01 of the contract.

On February 5, 2026, the Court entered its Order on Motion to Disqualify Christian Attar Firm (ECF No. 2563), denying Movant's prior disqualification motion but expressly reserving that, "should it be determined at a future date in this case that Mr. Christian or Christian Attar do hold an interest adverse to the estate, 11 U.S.C. § 328(c) provides for the disallowance of compensation." The Court further recognized that "the duty to disclose is an ongoing obligation."

2

Within the last two months, Movant made repeated informal requests to Trustee's counsel, Jeffrey L. Hartman, Esq., for the same categories of documents sought here. Those requests were denied. See attached Certification of Good Faith Efforts and Truth of Factual Assertions. No adversary proceeding has been filed concerning these document categories, and no pending contested matter supplies an alternate discovery vehicle for these requests.

## II. LEGAL STANDARD AND GOOD CAUSE

Rule 2004 is the basic investigative discovery device in bankruptcy cases. The Rule authorizes examination of any entity concerning the debtor's acts, conduct, property, liabilities, financial condition, or any matter that may affect administration of the estate. Fed. R. Bankr. P. 2004(a)-(b). In the Ninth Circuit, the scope of Rule 2004 is broad. *In re Mastro*, 585 B.R. 587, 596-97 (9th Cir. BAP 2018); *In re Dinubilo*, 177 B.R. 932, 943-44 (E.D. Cal. 1993). Courts routinely permit a Rule 2004 inquiry to function as a pre-litigation probe into the existence of assets, claims, transactions, wrongdoing, and matters affecting estate administration. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711-12 (Bankr. S.D.N.Y. 1991).

When an examinee objects, the movant need only show good cause, which generally exists where the requested examination is necessary to establish a claim, to test the administration of the estate, or where denial would work hardship or injustice. *In re Subpoena Duces Tecum*, 461 B.R. 823, 829-31 (Bankr. C.D. Cal. 2011); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. at 711-12. Here, the requested production is limited to four discrete categories of documents, each tied to financing, conflicts, asset value, or an identified transfer affecting the estate.

The requested documents also bear directly on the Trustee's duties under 11 U.S.C. § 704(a), the propriety of special counsel's continued employment under § 327(e), and the possible

3

later disallowance of compensation under § 328(c). The Ninth Circuit strictly enforces bankruptcy disclosure duties. *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881-82 (9th Cir. 1995) (disclosure rules are applied literally and failure to comply is sanctionable); *Film Ventures Int'l, Inc. v. Asher (In re Film Ventures Int'l, Inc.)*, 75 B.R. 250, 252-53 (9th Cir. BAP 1987) (full, candid disclosure is required and failure to disclose can justify denial of compensation). Those principles reinforce the need for production of communications and agreements bearing on disinterestedness, adverse interests, and funding arrangements.

The financing documents are independently discoverable because post petition financing ordinarily requires court approval after notice and hearing. 11 U.S.C. § 364(b)-(d). In the Ninth Circuit, debt incurred first and approved later is exceptional, not routine. *Sherman v. Harbin (In re Harbin)*, 486 F.3d 510, 521-23 (9th Cir. 2007); *Boss Litho, Inc. v. Bank of Hope (In re Boss Litho, Inc.)*, BAP No. CC-18-1046-LSF, 2018 WL 6071990, at *4-*5 (9th Cir. BAP Nov. 20, 2018). Because this Court has already noted that no § 364 motion appears to have been filed, the underlying contracts, term sheets, and transfer documents are plainly relevant to whether estate administration and compensation requests are proper.

Nor does the pending-proceeding limitation bar relief. Rule 2004 is ordinarily a pre-litigation device, and the limitation applies when discovery would intrude into an already pending adversary proceeding or contested matter concerning the same subject. *In re Dinubilo*, 177 B.R. at 943-44. No such proceeding governs the specific requests made here.

## III. SPECIFIC REQUESTS AND GOOD CAUSE FOR EACH

### 1. Litigation Funding Contracts (ECF No. 98-2, ¶ 2.01)

4

All proposed, signed, or otherwise agreed-upon contracts, term sheets, commitment letters, assignment agreements, Litigation Proceeds Distribution Agreements, side letters, amendments, or other documents related to the financing of the $11,800,000 "Commitment" referenced in ECF No. 98-2, page 3, paragraph 2.01, including any arrangement involving Parabellum Capital LLC or any affiliate.

Good cause: The Court has already stated that it is unclear what funding exists and that no motion appears to have been filed under § 364. These documents will show whether estate litigation was financed, on what terms, by whom, whether any control rights or proceeds assignments were granted, and whether the arrangement was disclosed and approved as required.

## 2. Emails Regarding Special Counsel Conflicts

All emails, attachments, and related written communications between Trustee's counsel Jeffrey L. Hartman and Special Counsel Wes Christian discussing Christian's conflicts, disinterestedness, adverse interests, disclosures, or prior/current representations, including but not limited to representations involving Next Bridge Hydrocarbons Inc. ("NBH"), Flamethrower LLC, and Meta Materials Inc. before the August 2024 filing.

Good cause: The Court expressly held that disclosure is an ongoing obligation and expressly reserved the possibility of compensation disallowance under § 328(c) if an adverse interest is later shown. These communications go directly to what was known, when it was known, and whether conflicts were disclosed completely and timely.

## 3. List of Approximately 50 Interested Buyers for TRCH/Orogrande Assets

The complete list, in whatever form maintained, of approximately 50 oil production companies that expressed interest in purchasing the Orogrande leases or related TRCH oil assets,

including any transmittal email, spreadsheet, memorandum, or compilation originally supplied by or through John Brda, Greg McCabe, Torchlight, or Meta personnel.

Good cause: The value of the Orogrande-related assets, and whether interest in those assets was concealed, minimized, or diverted, bears directly on estate property, potential causes of action, and the Trustee's duty to maximize value for creditors. The request is narrow because it seeks one identified list and the basic transmittal materials necessary to authenticate it.

**4. Documentation of the $500,000 Transfer (ECF No. 98-2, ¶ 2.03)**

All contracts, stipulations, authorizations, approvals, accounting entries, transfer instructions, correspondence, agreements, or other documents that identify the legal basis for Special Counsel Christian authorizing, arranging, requesting, or using $500,000 from the Harrington Global matter for this estate, and all documents reflecting Trustee knowledge, approval, ratification, or receipt of the funds.

Good cause: If estate litigation was funded with monies sourced from an unrelated matter, the Court and parties in interest are entitled to know the authority for that transaction, the conditions attached to it, and whether the Trustee approved it. Those issues go directly to §§ 364 and 704(a), as well as to the propriety of compensation and the transparency of estate administration. Movant acknowledges not having asked for this but at this juncture with every request being denied of Jeff Hartman it would be patently fruitless to even bother at this point.

## IV. THE REQUESTS ARE NARROW, PROPORTIONAL, AND DIRECTLY TIED TO ESTATE ADMINISTRATION

Each request is limited to a specifically identified body of documents. The requests do not seek a roving examination of privileged strategy, nor do they demand broad custodial searches across unrelated subjects. Three categories arise from ECF No. 98-2 itself, and the

fourth arises from the Court's own recent orders and the asserted ongoing duty of disclosure. No oral examination is presently requested. Informal requests were denied, so court authorization is necessary.

If the Trustee or counsel contends that any responsive material is privileged or work-product protected, the producing party should be required to provide a privilege log identifying the date, author, recipients, general subject matter, and basis for withholding, so that privilege claims may be evaluated without frustrating the Rule 2004 process.

**PRAYER FOR RELIEF**

WHEREFORE, Movant respectfully requests that the Court enter an order:

1. Authorizing Movant to issue and serve a subpoena duces tecum upon Chapter 7 Trustee Christina W. Lovato and/or her counsel requiring production of the documents described in Paragraphs III.1 through III.4 above within fourteen (14) days of service, or such other date as the Court directs;

2. Directing that production be made in searchable electronic format where reasonably available, with copying costs to be borne by Movant if paper production is required;

3. Directing that any claim of privilege or work-product protection be supported by a privilege log served with the production response; and

4. Granting such other and further relief as the Court deems just and proper.

A proposed order is submitted herewith as well as a declaration in support of this motion.

Dated: March 18th, 2026

Scott Traudt (pro se)
191 Kibling Hill Rd.
Strafford, VT 05072

7

Phone: 802-318-0429

## CERTIFICATE OF SERVICE

I, Scott Traudt, certify that on ~~MARCH 18~~ 2026, I served a true and correct copy of the foregoing Motion of Scott Traudt for Rule 2004 Subpoena to Trustee Lovato, together with all exhibits and any proposed order submitted therewith (collectively, the "Motion"), as follows:

Scott Traudt

1. Via U.S. first-class mail and/or email to:

   a. Christina W. Lovato, Chapter 7 Trustee.

   b. Jeffrey L. Hartman, Esq., HARTMAN & HARTMAN, 510 W. Plumb Lane, Suite B, Reno, NV 89509.

   c. Christian Attar, Esq., Kasowitz Benson Torres LLP (Special Litigation Counsel for the Chapter 7 Trustee) (served via CM/ECF and/or first-class mail at counsel's address of record).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
META MATERIALS INC.,

| Case No.: 24-50792-gs
| (Chapter 7)
|
| **MOTION OF SCOTT TRAUDT FOR RULE 2004**
| **SUBPOENA TO TRUSTEE LOVATO FOR ALL**
| **LITIGATION FINANCING CONTRACT**
| **PAPERWORK IDENTIFIED IN DOCK. 98-2;**
| **COPIES OF EMAILS FROM TRUSTEE COUNSEL**
| **TO WES CHRISTIAN REGARDING CONFLICTS**
| **WITH CHRISTIAN ATTAR REPRESENTATION;**
| **COPIES OF $500,000 TRANSFER AGREEMENT**
| **FROM HARRINGTON GLOBAL FUNDING**
| **SOURCE TO CHRISTIANATTAR AND THE**
| **ESTATE; COPIES OF LIST USED BY**
| **TORCHLIGHT AND META HIGHLIGHTING**
| **APPROXIMATELY 50 COMPANIES THAT HAD**
| **EXPRESSED INTEREST IN BUYING TRCH OIL**
| **PURSUANT TO FED. R. BANKR. P. 2004 AND 9016**
|
| Hearing requested.

**CERTIFICATION OF GOOD FAITH EFFORTS AND TRUTH OF FACTUAL
ASSERTIONS (Fed. R. Bankr. P. 2004 and 28 U.S.C. § 1746)**

I, Scott Traudt, hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

1. Within the last two months, I made repeated informal requests (via email and telephone) to Trustee's counsel, Jeffrey L. Hartman, Esq., specifically seeking the exact documents described in Paragraphs III.1 through III.4 of the Motion for Rule 2004 Subpoena filed herewith.

2. Those requests included:

   o All litigation funding contracts referenced in ECF No. 98-2, ¶ 2.01 (Parabellum Capital / $11.8 million Commitment);

1

- o All emails between Mr. Hartman and Special Counsel Wes Christian regarding conflicts or disinterestedness.;

- o The complete list of approximately 50 interested buyers for the Orogrande leases; and

3. Mr. Hartman denied each and every one of these requests. No documents were produced.

4. I have made a good-faith attempt to obtain these records voluntarily from the Trustee and her counsel before filing this Motion. Court intervention is necessary only because those informal efforts were unsuccessful.

5. All factual statements contained in the accompanying Motion regarding my prior requests and Mr. Hartman's responses are true and accurate to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of March, 2026.

Scott Traudt (pro se)
191 Kibling Hill Rd.
Strafford, VT 05072
Phone: 802-318-0429

## CERTIFICATE OF SERVICE

I, Scott Traudt, certify that on March 18 2026, I served a true and correct copy of the foregoing declaration in support of the Motion of Scott Traudt for Rule 2004 Subpoena to Trustee Lovato and counsel listed below.

Scott Traudt

1. Via US 1st class mail or email to:

2

a. Christina W. Lovato, Chapter 7 Trustee.

b. Jeffrey L. Hartman, Esq., HARTMAN & HARTMAN, 510 W. Plumb Lane, Suite B, Reno, NV 89509.

c. Christian Attar, Esq., Kasowitz Benson Torres LLP (Special Litigation Counsel for the Chapter 7 Trustee) (served via CM/ECF and/or first class mail at counsel's address of record).

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
META MATERIALS INC.,

| Case No.: 24-50792-gs
| (Chapter 7)
|
| **MOTION OF SCOTT TRAUDT FOR RULE 2004**
| **SUBPOENA TO TRUSTEE LOVATO FOR ALL**
| **LITIGATION FINANCING CONTRACT**
| **PAPERWORK IDENTIFIED IN DOCK. 98-2;**
| **COPIES OF EMAILS FROM TRUSTEE COUNSEL**
| **TO WES CHRISTIAN REGARDING CONFLICTS**
| **WITH CHRISTIAN ATTAR REPRESENTATION;**
| **COPIES OF $500,000 TRANSFER AGREEMENT**
| **FROM HARRINGTON GLOBAL FUNDING**
| **SOURCE TO CHRISTIANATTAR AND THE**
| **ESTATE; COPIES OF LIST USED BY**
| **TORCHLIGHT AND META HIGHLIGHTING**
| **APPROXIMATELY 50 COMPANIES THAT HAD**
| **EXPRESSED INTEREST IN BUYING TRCH OIL**
| **PURSUANT TO FED. R. BANKR. P. 2004 AND 9016**
|
| Hearing requested.

**ORDER GRANTING MOTION OF SCOTT TRAUDT, PRO SE, FOR ENTRY OF AN
ORDER AUTHORIZING ISSUANCE OF A SUBPOENA PURSUANT TO FED. R.
BANKR. P. 2004 AND 9016 DIRECTED TO CHAPTER 7 TRUSTEE CHRISTINA W.
LOVATO**

Upon consideration of the Motion of Scott Traudt, Pro Se, as a Party in Interest, for Entry of an

Order Authorizing Issuance of a Subpoena Pursuant to Fed. R. Bankr. P. 2004 and 9016 Directed

to Chapter 7 Trustee Christina W. Lovato (the "Motion"), the attached Certification of Good

Faith Efforts and Truth of Factual Assertions, the record in this case, and good cause appearing

therefor,

**IT IS HEREBY ORDERED** as follows:

1.  The Motion is **GRANTED**.

1

2. Movant Scott Traudt is hereby authorized to issue and serve a subpoena *duces tecum* upon Chapter 7 Trustee Christina W. Lovato (or her counsel of record) requiring the production of the following documents:

a. All proposed, signed, or otherwise agreed-upon contracts, term sheets, commitment letters, assignment agreements, Litigation Proceeds Distribution Agreements, or other documents related to the financing of the $11,800,000 "Commitment" referenced in ECF No. 98-2, page 3, ¶ 2.01 (and Exhibit B to ECF No. 98);

b. All emails between Trustee's counsel Jeffrey L. Hartman, Esq. and Special Counsel Wes Christian discussing Christian's conflicts or disinterestedness, including but not limited to his prior representation of Next Bridge Hydrocarbons Inc. ("NBH"), Flamethrower LLC, and Meta Materials Inc. prior to the August 2024 filing;

c. The complete list of approximately 50 oil production companies that expressed interest in purchasing the Orogrande leases (originally provided to former Meta executives by John Brda and Greg McCabe); and

d. All contracts, stipulations, authorizations, agreements, or other documents that identify the legal basis for Special Counsel Christian authorizing the transfer or expenditure of $500,000 from the unrelated Harrington Global Funding case into this estate, and that reflect any Trustee approval of the transaction.

3. Production shall occur **within fourteen (14) days** of service of the subpoena (or such other date as the Court may direct).

4. Production shall be made in searchable electronic format (e.g., PDF) where possible. If any documents are produced in paper form, Movant shall bear the reasonable cost of copying.

2

5. The subpoena shall be issued under Fed. R. Bankr. P. 9016 (incorporating Fed. R. Civ. P. 45) and may be served by first-class mail, email, or any other method permitted by law.

**IT IS SO ORDERED.**

Dated: _____

_____
Honorable Gary Spraker
United States Bankruptcy Judge

3