Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re

META MATERIALS INC.,

     Debtor.

Case No.: 24-50792-gs
(Chapter 7)

***EX PARTE* MOTION TO FILE UNDER SEAL DOCUMENTS RELATED TO PARABELLUM CAPITAL, LLC LITIGATION FUNDING AGREEMENT**

Hearing Date:   N/A
Hearing Time:

Christina Lovato, chapter 7 trustee for the estate of Meta Materials Inc. ("***Trustee***"), files this *Ex Parte* Motion to File Under Seal ("***Motion***") documentation related to the litigation funding agreement with Parabellum Capital, LLC ("Parabellum"), submitted in connection with the *Ex Parte* Application By Chapter 7 Trustee To Employ The Law Firms Of Christian Attar And Kasowitz Benson Torres LLP as Special Litigation Counsel ("Special Litigation Counsel Application") at **[ECF No. 98]**.  The disclosure of the funding agreement is at **[ECF No. 98-2]**.

To comply with the Court's request of Trustee Lovato, she is filing the underlying contractual documents with Parabellum.   Trustee Lovato believes the documentation includes trade secret or confidential research, development, or commercial information, all of which supports filing the documentation under seal as permitted by 11 U.S.C. § 107 and F.R.Bankr.P. 9018 and 9037, and LR 9018. To the extent necessary, and as permitted by F.R.Evid. 201, the Trustee requests the Court take judicial notice of the papers on file in this case.

1

**RELEVANT FACTS**

Litigation finance is a form of specialty funding used by litigants and law firms to pay the high costs associated with maintaining a legal claim. In a typical agreement, a litigation funder advances a portion of a client's litigation expenses in exchange for a share of the lawsuit's recovery. The loan is non-recourse, so if the client loses the case, the funder will lose the investment.

Separately filed is the complete contract which includes, but is not limited to, the Meta Materials/Christian Attar/Parabellum ("Contract"). The following is a breakdown of what is best described as a Litigation Funding Portfolio between the affiliate law firms described below as the ("Christian Firms") and a Parabellum affiliate identified as Project Blazer, LLC.

**Part 1** consists of the **Sixth Amended and Restated Prepaid Forward Purchase Agreement ("Agreement"), together with a schedule of definitions.**

Under the Agreement, the following law firms are characterized as the **Seller**: Christian & Smith LLP; Christian Smith & Jewell, L.L.P., Christian Levine Law Group, LLC; and Christian Attar, collectively, the ("Christian Firms"). The **Buyer** is Project Blazer, LLC, an affiliate of Parabellum. Importantly, the Agreement reflects an initial date of December 23, 2019, with the Sixth Amendment dated as of March 18, 2025. The effect of the Agreement is that the Christian Firms have granted a security interest in the amounts anticipated to be collected in connection with identified litigations: ██████████████████████████ – which includes Meta; ████, and ████████████████. Paragraph 2. b. of the Agreement describes the formula for Distribution of Law Firm Recoveries.[1]

The Agreement is solely between the Christian Law Firms and Parabellum affiliate Project Blazer.

Importantly, ¶ 8 of the Agreement provides the following language:

> Buyer further acknowledges that it shall issue no instructions of any kind to Seller or to any attorneys retained and authorized by the Seller or otherwise exercise any influence or control over said attorneys with respect to representation of the clients or the conduct of any Litigations.

---

[1] This tracks with the description set forth at [ECF No. 98-2].

**Exhibit A** to the Agreement is the UCC security agreement granted by the Seller to the Buyer.

**Exhibit B** is a budget for the individual litigations. Item 3 is a budget for the Meta litigation involving DTC, and others, including certain brokers, indicating costs already paid and certain future anticipated costs;

**Exhibit C** is a separate retention agreement for the ███████ litigation;

**Exhibit D** is a separate retention agreement for the █████████████ litigation;

**Exhibit E** is a separate agreement related to a ███████████ action;

**Exhibit F** is a separate retention agreement for the Meta litigation. Exhibit F includes the budget itemization total of up to $11,800,000;

**Page 97 of 149** is a separate retention agreement for the █████ litigation;

**Page 109 of 149** is the Trilateral Co-Counsel And Distribution Agreement between and among Christian Attar, Schneider Wallace Cottrell & Konecky and Kasowitz, Benson & Torres relating to the Meta and █████ litigation; and

**Exhibit G** is a separate retention agreement for the █████ litigation.

## LAW

The Code and several applicable rules govern the procedure with respect to sealing records filed with the Court. Because this request does not relate to the redaction of all or portions of documents containing secret, confidential information, Trustee Lovato believes there is a legitimate basis for requesting that the Parabellum/Project Blazer litigation funding agreement be sealed and not made available for public viewing.

11 U.S.C. § 107: Public access to papers, provides, in part:

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(c) (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of

3

such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

(3) The United States trustee, bankruptcy administrator, trustee, and any auditor serving under section 586(f) of title 28—

(A) shall have full access to all information contained in any paper filed or submitted in a case under this title; and

(B) shall not disclose information specifically protected by the court under this title.

F.R.Bankr.P. 9018.    Secret, Confidential, Scandalous, or Defamatory Matter, provides in part:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, . . . .

F.R.Bankr.P 9037.    Privacy Protection for Filings Made with the Court.

By this Motion, Trustee Lovato is not requesting the redaction of any papers filed with the Court. **The Agreement contains trade secrets and/or other confidential commercial information of Parabellum Capital and its affiliate, Project Blazer, LLC which Trustee Lovato requests remain private and not published in the public domain.**

(c) Filings Made under Seal. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the entity that made the filing to file a redacted version for the public record.

LR  9018 (c) **Order**. Upon receiving the paper copy of the document(s) identified and submitted by the movant as HSD and/or containing SCSDM, the assigned judge will conduct an *in camera* inspection. After completing that *in camera* inspection, the assigned judge will enter an appropriate order directing that all or part of the document(s) be filed under seal, be made part of the official public file, or be permitted to be withdrawn. If the assigned judge completes the *in camera* inspection and concludes that some or all of the document(s) should be filed under seal because they are HSD and/or contain SCSDM, the court will enter an order accordingly. The court order authorizing the filing of such documents under seal will be filed electronically, unless prohibited by law.

(d) **Filing of sealed documents**. In cases where the assigned judge conducts the *in camera* inspection provided for under this rule, concludes that some or all of the document(s) are HSD and/or contain SCSDM, and orders them to be filed under seal, the clerk shall file such sealed documents only in paper form, or on a secure standalone computer system that is not connected to any network.

## CONCLUSION

Based upon the foregoing, good cause exists to file the Agreement (and its exhibits) under seal.

Accordingly, Trustee Lovato respectfully requests, pursuant to 11 U.S.C. § 107, Fed. R. Bankr. P. 9018 and 9037, and Local Rule 9018, that the Court issue an Order authorizing her to file the Sixth Amended and Restated Prepaid Forward Purchase Agreement (and its exhibits) under seal, and such other relief as the Court deems appropriate.

DATED: April 3, 2026.

HARTMAN & HARTMAN

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Trustee