Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>     Debtor. | Case No.: 24-50792-gs<br>(Chapter 7)<br><br>**MOTION FOR ORDER RATIFYING LITIGATION FUNDING AGREEMENT**<br><br><br>Hearing Date:   May 7, 2026<br>Hearing Time:  1:30 p.m. |

Christina Lovato, chapter 7 trustee for the estate of Meta Materials Inc. ("Trustee Lovato"), requests an order ratifying the funding arrangement set forth in summary fashion at **[ECF No. 98]**, and as more thoroughly discussed below.  To the extent 11 U.S.C. § 363(b) is implicated, in the exercise of her business judgment, Trustee Lovato asserts the funding arrangement provides the best available opportunity to generate a return to creditors, and possibly to shareholders.  In addition, 11 U.S.C. § 105(a) provides the Court with broad powers: "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." This Motion is supported by the separately filed Declaration of Christina Lovato.  To the extent appropriate, as permitted by F.R.Evid. 201, Trustee Lovato also requests the Court take judicial notice of the papers on file in this case.

1

**RELEVANT BACKGROUND**

Prior to the Meta Materials chapter 7, in December 2019, James W. Christian ("Christian"), and affiliated law firms,[1] entered into a litigation funding arrangement ("Funding Arrangement"), with an affiliate of Parabellum Capital, LLC ("Parabellum").  The Funding Arrangement covered litigations in which Christian is lead counsel in complex securities matters and other highly contentious actions.  In order to fund the significant expenses associated with this type of litigation, Parabellum agreed to fund various budgeted items, and as security for repayment of the obligations, plus a premium, Christian granted to Parabellum an Article 9 security interest in its anticipated receivables from a successful litigation. Periodically, Christian may advance expenses for experts which include time sensitive matters, subject to reimbursement from Parabellum or, will submit invoices directly to a Parabellum representative, and those expenses are advanced by Parabellum.  Christian has no control of the funds.

The Meta Materials ("Meta"), case was filed on August 9, 2024 and Trustee Lovato was appointed to administer the estate. The Schedules of Assets and Liabilities and the Statement of Financial Affairs describe an atypical chapter 7: Meta was the 100% owner of nine subsidiary business organizations with operations in California, Maryland, three locations in Canada, one in the United Kingdom and one in Greece.  Meta's only connection to Nevada is its place of incorporation.  Early in her administration of the Meta estate, Trustee Lovato learned that, even before the chapter 7 petition was filed, there had been a preliminary investigation into possible claims of market manipulation of the publicly traded Meta stock, including naked short selling and spoofing.  Based upon that information, Trustee Lovato filed her *Ex Parte* Application By Chapter 7 Trustee To Employ The Law Firms Of Christian Attar And Kasowitz Benson Torres LLP as Special Litigation Counsel ("Special Litigation Counsel Application").  **[ECF No. 98]**.  The Special Litigation Counsel Application was supported by Declarations of James Wes Christian at **[ECF Nos. 99** and **1879]**.  In conjunction with employment by Trustee Lovato, the Funding

---

[1] Christian & Smith, Christian, Smith & Jewell, Christian Levine and Christian Attar.

Arrangement with Parabellum was expanded to cover the Meta Materials case and prospective litigation being investigated by the Trustee.

**Exhibit B** to the Special Litigation Counsel Application is the Contingent Fee Agreement and Power of Attorney between Trustee Lovato for the Meta estate, Christian Attar and Kasowitz Benson Torres.  Exhibit B, page 3, describes the terms of the litigation Funding Arrangement agreed to by the Meta Estate, Special Litigation Counsel and Parabellum LLC. **[ECF No 98-2]**. Section II of the Fee Agreement disclosed an estimated budget of $11.8 million from an affiliate of Parabellum ("Funding Commitment").  As part of the Fees, Expenses and Litigation Proceeds, Christian disclosed that $500,000 of the Funding Commitment "is allocated from the unrelated Harrington case and deemed as spent as of the date hereof,  attributable to methodologies learned in the Harrington case with respect to illegal methods used by defendants to manipulate the stock". The Order approving employment of Special Litigation Counsel was entered on November 4, 2024 at **[ECF No. 118]**.

A hypothetical application of the repayment formula follows:

1. Assume total recoveries of $200 million, $100 million and $50 million.
2. To simplify, further assume all defendants settle at once.
3. Assume at the time of a global settlement, the funder has funded $7 million.
4. Based on 1 – 3 above, the distributions would be as follows:*

|  | **$50 million** | **$100 million** | **$200 million** |
|---|---|---|---|
| Funder Monies | $19,670,000* | -0- | -0- |
| Client Monies | $23,772,000* | $93,772,000 | $163,772,000 |
| Attorney Monies | $6,588,000* | $36,558,000 | $66,558.000 |

*This calculation assumes a) $7 million original funding returned plus; b) $7 million 1x recovery plus; c) 1.25 x $7 million paid distributed - 90% to attorneys (includes funders share) and 10% to Client Round 1 – see 2.01(1); 60% attorneys and 40% to Client until 1x of $7 million Round 2; c) 50% to Attorneys (including funders share) and 50% to Client with additional 1.25 of $7 million; and d) thereafter, 70% to Client and 30% to Attorneys and -0- to funder.

### APPROVAL OF THE LITIGATION FUNDING ARRANGEMENT PURSUANT TO 11 U.S.C. §§ 105 AND 363(B) OF THE CODE IS WARRANTED

Based upon her experience as a panel trustee in other large and contentious cases, Trustee Lovato has exercised her sound business judgment in requesting approval to proceed with the

Funding Arrangement.  Litigation funding arrangements are not new or novel.  Litigation finance is a form of specialty funding used by litigants and law firms to pay the high costs associated with maintaining legal claims. In a typical agreement, a litigation funder pays a portion of a client's litigation expenses in exchange for a share of the lawsuit's recovery. The loan is non-recourse, so if the client loses the case, the funder will lose the investment. This form of legal financing has rapidly grown throughout the United States. The practice is popular among clients for its risk-sharing benefits, popular among investors for its high returns, and popular among critics for its expansive ethical gray areas.  Because litigation funders use their capital and experience to reduce bargaining imbalances during pretrial negotiations, settlements in cases backed by litigation funders are more likely to reflect the merits of claims than economic disparities between the parties. [2]

In order to sell or use assets of the estate outside the ordinary course of business under § 363, a trustee must demonstrate that the requested use is based upon sound business judgment and is in the best interest of the estate. *In re Alaska Fishing Adventure, LLC,* 594 B.R. 883, 887-890 (Bankr. D. Alaska 2018).  In the instant case, absent the presence of a funding arrangement such as the one offered by Parabellum, the Trustee would simply have to abandon a potential recovery. Here, based upon advice of experienced counsel, the Trustee believes there is a justified, good faith likelihood of recovery for the benefit of creditors and, potentially, equity interests.

### CONCLUSION

Based upon the foregoing, Trustee Lovato respectfully requests an order ratifying the Funding Arrangement with Parabellum as set forth in [**ECF No. 98**] and the Order approving the same at **[ECF No. 118]**.

DATED: April 3, 2026.

HARTMAN & HARTMAN

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Trustee

---

[2] https://journals.law.harvard.edu/hnlr/2020/08/how-litigation-funders-have-improved-the-quality-of-settlements-in-america/#_ftn34