

_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
April 09, 2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 24-50792-gs |
| | Chapter 7 |
| META MATERIALS INC., | |
| | Hearing Date |
| Debtor(s). | DATE: May 7, 2026 |
| | TIME:  1:30 p.m. |

### ORDER ON MOTIONS FOR RULE 2004 EXAMINATIONS

Scott Traudt is an investor who, in 2022, purchased 305 shares of MMTLP, also known as Series A Non-Voting Preferred Stock[1] in the above-captioned debtor, Meta Materials Inc. (Debtor).[2] As a purported interest holder in the Debtor, as of the date of this order Mr. Traudt has filed six (6) motions in pro per seeking examinations under Fed. R. Bankr. P. 2004 of: (1) Sabby Management, LLC (ECF No. 2637); (2) Jane Street Group, LLC (ECF No. 2638); (3) FINRA, Inc. (ECF No. 2639); (4) Charles Schwab & Co. (ECF No. 2661); (5) Gregory McCabe (ECF No. 2674); and (6) chapter 7 trustee Christina Lovato (Trustee) (ECF No. 2675).

Requests for Rule 2004 examinations are usually considered ex parte.[3] However, these requests raise concerns that should be addressed prior to entry of any orders on the Rule 2004 requests.[4] Specifically, the court is concerned that the requested Rule 2004 examinations are to

---

[1] ECF No. 2141-3 at 2.
[2] ECF No. 2166.
[3] Local Rule 2004(a); *see also In re J & R Trucking, Inc.*, 431 B.R. 818, 820 (Bankr. N.D. Ind. 2010) (citing *In re Dinubilo,* 177 B.R. 932, 943 (E.D. Cal. 1993)).
[4] *See generally J & R Trucking,* 431 B.R. at 820.

1

further Mr. Traudt's claims, impinge on the chapter 7 trustee's administration of the estate, and may violate the pending proceeding rule.

Fed. R. Bankr. P. 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Although the term "party in interest" is not defined in the Bankruptcy Code, at least one court has held that a debtor's equity interest holder is a party in interest for purposes of bringing a motion for examination under Rule 2004.[5] Mr. Traudt, as a purported interest holder in the Debtor,[6] appears to be a party in interest for purposes of Rule 2004.

A Rule 2004 examination is limited to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."[7] "Thus, third parties subject to examination under Rule 2004 are 'only those persons possessing knowledge of the *debtor's* acts, conduct or financial affairs *so far as this relates to a debtor's proceeding in bankruptcy*.'"[8] An investigation into claims of a third party against another nondebtor third party do not fall within the scope or purpose of Rule 2004.[9] In determining whether to grant a Rule 2004 motion, "'the

---

[5] *See Matter of M4 Enters., Inc.,* 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995) (citing *In re Summit Corp.*, 891 F.2d 1 (1st Cir. 1989)); *but see In re First Conn. Consulting Grp., Inc.*, 2017 WL 3089736, at *2 (Bankr. D. Conn. July 19, 2017) (distinguishing *M4 Enters.*).

[6] As noted by the court previously, Mr. Traudt has filed a proof of interest at ECF No. 2166, and to date the chapter 7 trustee has not objected to Mr. Traudt's proof of interest. Absent objection, a proof of interest is considered prima facie valid. *Kimmons v. Innovative Software Designs, Inc. (In re Innovative Software Designs, Inc.)*, 253 B.R. 40, 44 (B.A.P. 8th Cir. 2000) ("Since a properly filed proof of claim, which includes supporting documents, is entitled to prima facie evidentiary effect, a proof of interest which similarly includes supporting documentation should also be given prima facie evidentiary effect.").

[7] Fed. R. Bankr. P. 2004(b).

[8] *In re Lee*, 2021 WL 2283910, at *3 (B.A.P. 9th Cir. June 3, 2021) (quoting *Dinubilo*, 177 B.R. at 940) [emphasis added].

[9] *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 628 (Bankr. D. Del. 2016) ("An investigation into the existence of the Consenting Lenders' claims against non-debtor Third Parties does not fall within the scope or purpose of Rule 2004 as it is not an investigation into the **'property or to the liabilities and financial condition of the debtor,'** and will not further the recovery and distribution of the Debtors' assets or otherwise assist with the administration of this case.") [emphasis in original].

court must balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination. That documents meet the requirement of relevance does not alone demonstrate that there is good cause for requiring their production."[10]

Largely, Mr. Traudt seeks production of documents pertaining to stock trades involving the Debtor's shares, as well as MMTLP and TRCH stock. Mr. Traudt also requests documents related to the Trustee's professionals and the funding of the Trustee's investigations. Mr. Traudt also concedes that he would personally benefit from the disclosure of some of the information, and reveals that he is involved in mediation with at least one of the potential Rule 2004 examinees. Mr. Traudt asserts that the information sought will benefit both the Trustee and the court in determining whether claims exist that may benefit the debtor's estate.

Put simply, Mr. Traudt is not employed by the Trustee or the court to assist with the administration of the Debtor's bankruptcy case. The court finds the discussion in *In re J & R Trucking, Inc.* informative. In *J & R Trucking*, the movants requesting Rule 2004 examinations sought, among other things, "information concerning transfers made prior to the petition, which might be recoverable by the trustee."[11] In denying the motions, the *J & R Trucking* court observed:

> In assessing the propriety of a request for a 2004 examination, its purpose as an investigatory device arising out of the needs of the trustee should be kept in mind, and where a proposed examination goes beyond that purpose it should be carefully scrutinized. Here, both motions, although couched in the rule's language of matters affecting the administration of the estate and investigating the conduct of the debtor, exceed those boundaries. Remember, these are chapter 7 cases and it is the trustee's the [sic] duty to investigate the debtor's affairs and the rights of the bankruptcy estate. To the extent the movants seek to discover avoidable transfers, they are intruding upon the trustee's duties and taking those duties upon themselves. While the court may understand their curiosity, there is nothing the movants could do with that information once they got it. They could not act upon it, or seek to recover any such transfers; the trustee has the exclusive right to do so… So, in that sense, their examination can serve no real purpose. While movants may genuinely want to help the trustee, should the trustee desire that assistance, they must do so directly, acting for, at the behest of, and in the name of

---

[10] *Id.* (quoting *In re SunEdison, Inc.*, 562 B.R. 243, 250 (Bankr. S.D.N.Y. 2017) [internal quotation omitted]).

[11] *J & R Trucking,* 431 B.R. at 820.

3

the trustee, and not indirectly, in a manner that treats the trustee as simply an incidental beneficiary of an endeavor actually undertaken for someone else.[12]

The court further decided that, "[n]o matter how artfully one tries to disguise the requested examinations, by dressing them up in the robes of bankruptcy administration, their real purpose is to identify another entity movants might be able to collect from, and whether those efforts would have any impact on the bankruptcy estate is of no real concern to them."[13] Accordingly, the court denied the motions for Rule 2004 examinations, concluding that "[m]ovants have other tools and other fora which they can use to investigate their rights against third parties and to collect the amounts they are owed."[14]

Like the movants in *J & R Trucking*, Mr. Traudt's motions for examinations under Rule 2004 attempt to usurp the investigative role of the chapter 7 trustee. It is not Mr. Traudt's duty to fill what he perceives to be "material gaps"[15] in the Trustee's investigation. Moreover, Mr. Traudt has referenced his involvement in state court litigation which appears to encompass many of the issues he seeks to address in his Rule 2004 examinations. "[A]lthough Rule 2004 does not contain any exception precluding…discovery when it is available in other pending litigation, courts have frequently imposed such a limitation…."[16] In fact, in his arbitration with Charles Schwab, he was informed that he could request through the arbitration process the information

---

[12] *Id.* at 822 (citing *Matter of Vitreous Steel Products Co.*, 911 F.2d 1223, 1231 (7th Cir. 1990)) [internal citation omitted].

[13] *Id.* at 822-23.

[14] *Id.* at 823.

[15] *See e.g.*, ECF No. 2638 at 4 ("To the extent the Trustee has not sought comparable discovery from Jane Street, Movant submits that the omission leaves a material investigative gap.").

[16] *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002); *see also In re Metal Recovery Sols., Inc.,* 2023 WL 215285, at *9 (B.A.P. 9th Cir. Jan. 17, 2023) ("The [pending proceeding] rule stands for the proposition that if an adversary proceeding or a contested matter is pending and related to the instant dispute, then the parties to that proceeding or matter may no longer utilize the liberal provisions of Rule 2004 and should utilize the discovery devices provided for in Rules 7026 through 7037."); *J&R Trucking,* 431 B.R. at 821 ("A 2004 examination is not a substitute for discovery; if traditional discovery tools are available the potential examiner is required to use them and may not take advantage of Rule 2004.")

4

he now seeks under Rule 2004.[17] It appears that Mr. Traudt must continue to utilize the other tools and other fora available to him to further his personal investigations.

For these reasons,

IT IS HEREBY ORDERED that the court will hold hearings on Scott Traudt's motions for Rule 2004 examinations of (1) Sabby Management, LLC (ECF No. 2637); (2) Jane Street Group, LLC (ECF No. 2638); (3) FINRA, Inc. (ECF No. 2639); (4) Charles Schwab & Co. (ECF No. 2661); (5) Gregory McCabe (ECF No. 2674); and (6) chapter 7 trustee Christina Lovato (Trustee) (ECF No. 2675) on **May 7, 2026, at 1:30 p.m.** by Zoom webinar in a courtroom located in the Foley Federal Building, 300 Las Vegas Blvd. South, Las Vegas, Nevada.

IT IS FURTHER ORDERED that any oppositions to the motions for Rule 2004 examinations may be filed with the court and served on Mr. Traudt on or before **April 23, 2026**. Mr. Traudt may file any replies with the court and serve it on the respondents' counsel **no later than April 30, 2026**.

IT IS FINALLY ORDERED that a Courtroom Deputy will email participants a link to the webinar no later than one (1) day prior to the hearing with the necessary information to connect for remote participation. The parties shall be responsible for ensuring that all participants have appropriate access to Zoom. To the extent that any participant does not have access to participate in the hearing through the Zoom webinar, participation may be telephonic.

IT IS SO ORDERED.

* * * * *

---

[17] ECF No. 2675 at 5, ¶ 15.

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

Copies sent via BNC Noticing to:

SCOTT TRAUDT
191 KIBLING HILL ROAD
STRAFFORD, VT 05072

CHARLES SCHWAB AND CO., INC.
ATTN: PETER J. MORGAN III, GENERAL COUNSEL
3000 SCHWAB WAY
WESTLAKE, TX 76262

GREG MCCABE
P.O. BOX 11188
MIDLAND, TX 79702

SABBY MANAGEMENT LLC
ATTN: OFFICER OR MANAGING AGENT
1011 LINKS DRIVE
MIAMI BEACH, FL 33109

SABBY MANAGEMENT LLC
ATTN: OFFICER OR MANAGING AGENT
7012 FISHER ISLAND DRIVE
MIAMI BEACH, FL 33109

JANE STREET GROUP, LLC
ATTN: OFFICER OR MANAGING AGENT
250 VESEY STREET
NEW YORK, NY 10281

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.
OFFICE OF GENERAL COUNSEL
ATTN: TIM MOUNTZ, CHIEF LITIGATION COUNSEL
1700 K STREET, NW
WASHINGTON, DC 20006

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.
ATTN: DAVID S. NORRIS
SQUIRE PATTON BOGGS (US) LLP
2325 E. CAMELBACK ROAD, SUITE 700
PHOENIX, AZ 85016

CHRISTINA LOVATO, CHAPTER 7 TRUSTEE
P.O. BOX 18417
RENO, NV 89511

CHRISTINA LOVATO, CHAPTER 7 TRUSTEE
ATTN: JEFFREY HARTMAN
HARTMAN & HARTMAN
510 WEST PLUMB LANE, SUITE B
RENO, NV 89509

# # #