Ryan J. Works (NSBN 9224)
Jimmy F. Dahu (NSBN 17061)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
jdahu@mcdonaldcarano.com

*Attorneys for Non-Party Citadel Securities LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>META MATERIALS, INC.,<br><br>Debtor. | Case No.: 24-50792-gs<br>Chapter 7<br><br>**NON-PARTY CITADEL SECURITIES LLC'S OPPOSITION TO THE TRUSTEE'S *EX PARTE* MOTION TO FILE UNDER SEAL DOCUMENTS RELATED TO PARABELLUM CAPITAL, LLC LITIGATION FUNDING AGREEMENT AND REQUEST FOR SCHEDULING ORDER AND STATUS HEARING** |

Non-Party Citadel Securities LLC ("Citadel Securities") respectfully files this Opposition to Trustee Christina Lovato's ("Trustee") *Ex Parte* Motion to File Under Seal Documents Related to Parabellum Capital, LLC Litigation Funding Agreement (ECF No. 2679) ("Motion to Seal").

As set forth below, Citadel Securities respectfully requests that the Court: (i) deny the Motion to Seal; (ii) direct the Trustee to file unredacted copies of the litigation financing documents on the docket by April 10, 2026, or, at a minimum, provide unredacted copies to Citadel Securities solely for use in connection with Citadel Securities' forthcoming opposition to the Trustee's motion to ratify the funding arrangement ("Ratification Motion," ECF No. 2682); and (iii) schedule a status hearing on the Ratification Motion prior to April 20, 2026, to discuss a briefing and hearing schedule so that the Ratification Motion can be adjudicated in connection with the pending motions to quash.

I.     **INTRODUCTION**

On April 3, 2026—six weeks after this Court directed the Trustee to file a motion addressing the litigation financing arrangement—the Trustee filed seven docket entries related to the Parabellum Capital litigation financing. ECF Nos. 2679–2685. Those filings bear directly on the three pending

motions to quash that this Court has indicated it intends to resolve together, the last of which is set for hearing on April 20, 2026.

Yet the Trustee seeks to seal the entire litigation financing agreement based solely on a conclusory assertion that the documents contain Parabellum's "trade secret or confidential research, development, or commercial information." ECF No. 2679 at 1:24-25. This assertion is inconsistent with the strong presumption of public access in bankruptcy; unsupported by the specificity 11 U.S.C. § 107(b) requires; and at odds with the need to evaluate the financing arrangement for the disinterestedness and adverse interest concerns this Court identified at the February 20, 2026 hearing. Indeed, as described below, bankruptcy courts have previously rejected similar requests to seal litigation financing agreements in their entirety based on such conclusory assertions.

The agreement should promptly be filed on the public docket or, at minimum, provided to Citadel Securities solely for its use in connection with its forthcoming opposition to the Ratification Motion.

## II. FACTUAL BACKGROUND

### A. The Court's Prior Order and Hearing

On February 4, 2026, this Court *sua sponte* entered an order noting that "no motion has been filed under 11 U.S.C. § 364 seeking court approval of any litigation financing" and directed the Trustee and her special counsel to "be prepared to address the $11.8 million in litigation financing" at the February 20, 2026 hearing. ECF No. 2561 at 1.

At the February 20 hearing, the Court stated it did not "have a comfort level as to what the litigation financing is, and quite honestly, within the bankruptcy construct, where it is coming from for purposes of allaying any concerns regarding disinterestedness, adverse interest, and such." Feb. 20 Hr'g Tr. ("Hr'g Tr.") 106:14-23. The Court described the financing as "a material part of the employment," asked the Trustee to explain "if it was all self-financed, if it's from others, [and] what the relationship of the 500 from *Harrington* was," and directed the Trustee to file a motion. *Id.* at 107:18-108:5. The Trustee's counsel represented that he would "try and get that on file next week," *id.* at 108:13-14—*i.e.*, the week of February 23.

**B.      The Trustee's April 3, 2026 Filings**

The Trustee made no filing that week.  Instead, more than a month later, on April 3, 2026, the Trustee filed several documents related to litigation funding, including: (1) an *ex parte* motion to seal the Parabellum funding agreement (ECF No. 2679), supported by a Lovato Declaration (ECF No. 2680); (2) a sealed document cover sheet (ECF No. 2681); (3) the Ratification Motion under §§ 105(a) and 363(b) (ECF No. 2682), supported by declarations from Trustee Lovato (ECF No. 2683) and James W. Christian (ECF No. 2684); and (4) a notice setting the Ratification Motion for hearing on May 7, 2026, with opposition due April 23 (ECF No. 2685).

The Ratification Motion and Motion to Seal reveal that the funding is structured as a "Sixth Amended and Restated Prepaid Forward Purchase Agreement" between (a) a group of law firms apparently affiliated with James W. Christian and (b) Project Blazer, LLC, an affiliate of Parabellum Capital.  ECF No. 2682:2-25; ECF No. 2679 at 2:11-23.  The Purchase Agreement predates the bankruptcy by a number of years—it was originally executed in December 2019 and was most recently amended on March 18, 2025.  *Id.*  The Christian firms, in exchange for this funding, granted Parabellum Capital a security interest in anticipated recoveries from a portfolio of litigations.  *Id.* The Ratification Motion does not identify which litigations are covered by the portfolio or describe the terms of the security interest.  And the Purchase Agreement is solely between the Christian firms and Parabellum Capital—the Trustee and the estate are not parties.  *Id.*

The Court's February 4 order specifically directed the Trustee to address the financing under 11 U.S.C. § 364—the provision governing a trustee's authority to obtain financing.  *See* ECF No. 2561 at 1.  The Ratification Motion does not invoke § 364 at all.  *See* ECF No. 2682.  Instead, it seeks ratification under §§ 105(a) and 363(b).  *Id.* at 3:25-4:18.  The Trustee does not explain this discrepancy.

**C.      Citadel Securities' Interests**

The litigation financing arrangement bears directly on the administration of the estate.  It funds the investigation that produced the subpoenas at issue in the pending motions to quash.  Its terms determine the economic incentives driving that investigation—including how much of any recovery flows to the estate, how much flows to the funder, and whether the funder's interests are

3

aligned with the estate's or with the interests of a broader portfolio of litigations prosecuted by the same counsel.  These are precisely the disinterestedness and adverse interest concerns this Court raised at the February 20 hearing.  Hr'g Tr. 106:14-23.  The Motion to Seal and Ratification Motion also reveal that the funding portfolio covers multiple litigations.  ECF No. 2679 at 3:1-15; ECF No. 2682 at 3:3-13.  Given the $500,000 allocation from *Harrington*, Citadel Securities knows this funding arrangement covers at least two matters involving subpoenas to Citadel Securities.  ECF No. 98-2 at 2.  This entanglement between the funding arrangement, the subpoenas directed at Citadel Securities in this action, and ongoing litigation that has targeted Citadel Securities, gives it a direct and substantial interest in the terms of the agreement.

### III.    THE AGREEMENT SHOULD BE FILED ON THE PUBLIC DOCKET

#### A.    The Presumption of Public Access

Section 107(a) provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination."  11 U.S.C. § 107(a).  This presumption is particularly strong in bankruptcy because creditors and interested parties must be able to monitor estate administration and evaluate transactions affecting recoveries.  *Gonzales v. Jones (In re Fresh Acquisitions, LLC)*, 672 B.R. 100, 104 (Bankr. N.D. Tex. 2025) ("[T]his is bankruptcy—where there is generally supposed to be transparency and a right on the part of creditors to take positions"); *Ferm v. U.S. Tr. (In re Crawford)*, 194 F.3d 954, 960 (9th Cir. 1999) ("Section 107(a) is rooted in the right of public access to judicial proceedings, a principle long-recognized in the common law and buttressed by the First Amendment."); *see also In re Khan*, 2013 WL 6645436, at *3 (B.A.P. Dec. 17, 2013) (same).

While Section 107(b) creates a narrow exception for "trade secret or confidential research, development, or commercial information," to qualify, the information must be "so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors."  *In re Celsius Network LLC*, 644 B.R. 276, 288-89 (Bankr. S.D.N.Y. 2022) (quotations and citation omitted); *see also In re Diocese of Rochester*, 2025 WL 2057774, at *1 (Bankr. W.D.N.Y. July 22, 2025) (denying motion to seal and stating "[i]nformation is not considered 'commercial' merely because it relates to business affairs.  Commercial information is 'information

which would cause an unfair advantage to competitors by providing them information as to the commercial operations of [an entity].'") (citation omitted).  "Satisfying this standard requires more than conclusory assertions unsupported by evidence." *In re Celsius Network LLC*, 644 B.R. at 290.

### B.   The Trustee Has Not Met Her Burden

The Motion to Seal offers no specificity about what in the 149-page agreement constitutes a trade secret or confidential commercial information.  The Trustee asserts only that the documents include "trade secret or confidential research, development, or commercial information."  ECF No. 2679 at 1:24-25.  This is the statutory language restated as a conclusion without identifying specific provisions, competitive harm, or any entity whose commercial operations would be damaged by disclosure.  That alone warrants denial of the motion.  *In re Verity Health Sys. of California, Inc.*, 2020 WL 262988, at *1 (Bankr. C.D. Cal. Jan. 16, 2020) (stressing the importance of a "careful[] and skeptical[] review" of a motion to seal because "court records are public records, and sealing abridges the public's right to know," which is "fundamental to a democratic state.") (citations omitted).

Courts have previously rejected requests to seal litigation financing agreements in their entirety based on such conclusory assertions.  In *In re Fresh Acquisitions*, the court ordered a liquidating trustee to file a litigation funding agreement on the public docket rather than under seal, holding that "it is commonplace for litigation funding agreements to be provided and presented for approval on notice to the creditors in bankruptcy cases."  672 B.R. at 104.  In *In re DesignLine Corporation*, the court rejected the trustee's initial request to seal litigation funding agreements in their entirety as "extraordinary relief" that the trustee had failed to justify, permitting only the attorneys' proposed litigation budget to be withheld.  565 B.R. 341, 344 (Bankr. W.D.N.C. 2017) (citation omitted).

Moreover, a litigation funding agreement is not a trade secret simply because the parties to the agreement treated it as confidential in a commercial setting.  *In re Fresh Acquisitions*, 672 B.R. at 104.  And the § 107(b)(1) exception does not protect information merely because a non-debtor third party prefers to keep it private—the information must relate to commercial operations in a way that creates a risk of *competitive* harm.  *See In re Alterra Healthcare Corp.*, 353 B.R. 66, 72 (Bankr. D. Del. 2006).  To the extent Parabellum may have an interest in preventing competitor *litigation*

*funders* from learning certain proprietary terms, that interest does not justify sealing the entire 149-page agreement—particularly the structural terms that creditors and interested parties need to evaluate the arrangement's connection to, and impact on, the estate.  At most, a competitive harm concern might support narrow redactions of specific fee structures or pricing terms unique to Parabellum's business.  Critically, though, it provides no basis for withholding the agreement from the Non-Parties, none of which is a competitor of Parabellum or any other litigation funder.

C.    **The Structural Terms Must Be Disclosed**

Even where some protection may be warranted for specific elements of a litigation financing agreement, the structural terms—including liens, security interests, priority of repayment, and return percentages—must be disclosed so that parties in interest can evaluate the arrangement.  *In re Superior Nat. Ins. Gr*, 2014 WL 51128, at *3-4 (Bankr. C.D. Cal. Jan. 7, 2014) (requiring disclosure of "the terms of the financing (i.e., Liens, priority repayment, interest rate, etc.)" while permitting redaction of the specific dollar amount of the facility).  Here, the Ratification Motion already publicly discloses the Trustee's *summary* of what the Trustee views as the material terms—including the security interest, the portfolio structure, the $11.8 million budget, and a hypothetical distribution table. ECF No. 2682 at 2:2-3:24.  Having placed these terms on the public docket, the Trustee cannot credibly maintain that the underlying agreement must be sealed in its entirety.  Creditors and other parties-in-interest should be permitted to review the agreement in full and determine what other terms are material and warrant further scrutiny.

IV.    **REQUEST FOR SCHEDULING ORDER**

The Court has indicated that it intends to resolve all motions to quash together shortly after the upcoming April 20 hearing.  *See* Mar. 17 Hr'g Tr. 15:6-12.  However, the Ratification Motion is set for hearing on May 7, 2026, presenting a risk that the Court may rule on the motions to quash before the litigation financing, disinterestedness, and adverse interest issues have been addressed.  Hr'g Tr. 106:14-108:5.  The Trustee's six-week delay in filing a motion the Court requested on February 20, 2026 should not deprive the Court of the opportunity to consider the financing arrangement, and Citadel Securities' arguments against it, in connection with the motions to quash.

For these reasons, Citadel Securities respectfully requests that the Court deny the Motion to Seal and order the Trustee to file an unredacted copy of the litigation financing documents on the public docket by April 10, 2026, or, at a minimum, provide unredacted copies to Citadel Securities for its review.  Citadel Securities further respectfully requests that the Court schedule a status hearing on the Ratification Motion prior to April 20, 2026, to discuss a briefing and hearing schedule.

**V.    CONCLUSION**

For the foregoing reasons, Citadel Securities respectfully requests that the Court:

1.    Deny the Motion to Seal and order the Trustee to, no later than April 10, 2026, (i) file the Parabellum funding agreement on the public docket, or, (ii) in the alternative, provide unredacted copies to Citadel Securities solely for use in connection with Citadel Securities' forthcoming opposition to the Trustee's motion to ratify the funding arrangement (ECF No. 2682);

2.    Schedule a status hearing on the Ratification Motion before the April 20, 2026 hearing; and

3.    Grant such other and further relief to which Citadel Securities may be entitled.

Dated this 9th day of April, 2026.

McDONALD CARANO LLP

_/s/ Ryan J. Works_

Ryan J. Works, Esq. (NSBN 9224)
Jimmy F. Dahu, Esq. (NSBN 17061)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
jdahu@mcdonaldcarano.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Christopher D. Kercher, Esq. (admitted *pro hac vice*)
Peter H. Fountain, Esq. (admitted *pro hac vice*)
Madeleine Zabriskie, Esq. (admitted *pro hac vice*)
295 Fifth Avenue
New York, NY 10016
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com
madeleinezabriskie@quinnemanuel.com

*Attorneys for Non-Party Citadel Securities LLC*