Ryan J. Works (NSBN 9224)
Jimmy F. Dahu (NSBN 17061)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
jdahu@mcdonaldcarano.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Christopher D. Kercher, Esq. (admitted *pro hac vice*)
Peter H. Fountain, Esq. (admitted *pro hac vice*)
Madeleine Zabriskie, Esq. (admitted *pro hac vice*)
295 Fifth Avenue
New York, NY 10016
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com
madeleinezabriskie@quinnemanuel.com

*Attorneys for Non-Party Citadel Securities LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS, INC.,<br><br>Debtor. | Case No.: 24-50792-gs<br>Chapter 7<br><br>**NON-PARTY CITADEL SECURITIES LLC'S *EX PARTE* MOTION TO REOPEN THE RECORD ON NON-PARTY CITADEL SECURITIES LLC, ANSON FUNDS MANAGEMENT LP, AND VIRTU FINANCIAL, LLC'S MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER [ECF NO. 2088]** |

Non-Party Citadel Securities LLC ("Citadel Securities") respectfully files this *Ex Parte* Motion ("*Ex Parte* Motion"), requesting the Court reopen the record in connection with Non-Party Citadel Securities LLC, Anson Funds Management LP, and Virtu Financial, LLC's Motion to Quash and/or for a Protective Order (ECF No. 2088) ("Motion to Quash") for the limited purpose of taking notice of certain relevant correspondence received from the Trustee and related counsel. This *Ex Parte* Motion is supported by the following memorandum of points and authorities, the accompanying Declaration of Peter H. Fountain ("Declaration"), the record on file in the above-captioned bankruptcy case for which Citadel Securities respectfully requests the Court to take judicial notice under FED. R. EVID. 201, and any argument the Court may entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to a scheduling order entered February 23, 2026 (ECF No. 2602), the Court deemed the record closed on the Motion to Quash as of March 10, 2026.  Subsequently, the Court indicated that it is likely to have more clarity, if not a ruling, on the Motion to Quash (along with other similar motions currently pending before the Court) at the hearing currently scheduled for Monday, April 20, 2026, at 1:30 p.m. regarding FINRA's motion to quash (ECF No. 2622).

On Thursday, April 16, 2026, counsel for the Chapter 7 Trustee ("Trustee") emailed counsel for Citadel Securities a letter captioned "**DEMAND FOR PRESERVATION OF ELECTRONICALLY STORED INFORMATION**" ("Preservation Letter"), which is attached to the Declaration as **Exhibit 1**.  The Preservation Letter further confirms that the Trustee intends to bring legal claims against Citadel Securities, thus providing new support for the Non-Parties' argument that the Rule 2004 subpoenas are improper.  *See e.g.*, *In re GHR Energy  Corp.*, 35 B.R. 534, 538 (Bankr. D. Mass. 1983) (denying a Rule 2004 examination of litigation target because "[i]t appears the debtors are attempting to use Rule 2004 to circumvent the procedural safeguards provided a litigant by the Federal Rules of Civil Procedure"); *see also* ECF No. 2088 at 13:14-16:11.  The Preservation Letter states, in pertinent part, the following:

> As you are aware (a) Federal Rule of Evidence 37(e) requires you to preserve evidence in the anticipation of litigation.  Clearly, you have been on notice that documents you have in your custody, control, or possession are relevant to existing or potential litigation;[sic] *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423 (2d Cir. 2001).

> Should you not comply with Rule 37(e) you may be subject to sanctions for spoliation, *ComLab, Copr. V. KAL Tire*, 815 F. App'x 597, 600 (2d Cir. 2020), and (b) Nevada imposes a common law obligation to preserve evidence, *Harrah's Las Vegas, LLC v. Muckridge*, 136 Nev. 817, 473 P.3d 1020 (2000).

Rule 37(e)[1] applies only to "a party" in litigation.  Fed. R. Civ. P. 37(e); *Nida v. Allcom*, 2020 WL 2405251, at *6 (C.D. Cal. Mar. 11, 2020) (Rule 37 "does not apply to spoliation sanctions against

---

[1]  As there is no Federal Rule of Evidence 37, it appears the Trustee's counsel intended to refer to Federal Rule of Civil Procedure 37(e), which is a rule concerning spoliation of electronically stored information by parties to litigation.

nonparties.").  Because a "court may not use the enforcement remedies contemplated in Rule 37 for a nonparties' failure to comply with a subpoena," the Preservation Letter further demonstrates that the Trustee views Citadel Securities as a putative defendant.  *Genx Processors Mauritius Ltd. v. Jackson*, 2018 WL 5777485, at *9 (D. Nev. Nov. 2, 2018);  *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (stating Rule 45 is "[t]he only authority … for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum.").  The Preservation Letter's invocation of Rule 37(e) also refutes the Trustee's previous denial of the fact that she has identified Citadel Securities as a putative defendant*, see* Oct. 30 Hr'g Tr. at 37:12-15 ("I don't even think that decision has been made yet. This is still an investigatory process."), and is inconsistent with the Trustee's repeated claims that "[w]e're not isolating anybody."  Feb. 20 Hr'g Tr. 64:6; *see also* Oct. 30 Hr'g Tr. 67:3-5 ("We're not talking about whether we're even going to sue these parties. So why are we talking about standing?").[2]

Consequently, while continuously representing to this Court in its briefing and argument in opposition to the Motion to Quash that it had not yet identified litigation targets, the Preservation Letter further demonstrates that the Trustee is in the process of initiating litigation against Citadel Securities.  This evidence was unavailable when the record was closed but is directly relevant to the pending Motion to Quash.

### CONCLUSION

For these reasons, Citadel Securities respectfully requests the Court to reopen the record on the Motion to Quash for the limited purpose of admitting the correspondence attached to the Declaration of Peter H. Fountain.  A form of order granting this *Ex Parte* Motion is attached hereto as **Exhibit A** and will be concurrently uploaded for the Court's consideration.

---

[2]   The Preservation Letter closely resembles one served on Citadel Securities in January 2023 by Warshaw Burstein, LLP, the firm that worked alongside Mr. Christian on Meta Materials' pre-petition market manipulation investigation. *See* ECF No. 2584 at 4. Warshaw Burstein is also co-counsel for the plaintiff in the *Harrington* matter, wherein they sought discovery from Citadel Securities, and from which $500,000 in litigation funding from this matter has been allocated.  *See* ECF No. 98-2 at 2-3.  A true and correct copy of that litigation hold is attached to the Declaration as **Exhibit 2**.

Dated this 17th day of April, 2026.

McDONALD CARANO LLP


*/s/ Jimmy F. Dahu*
Ryan J. Works, Esq. (NSBN 9224)
Jimmy F. Dahu, Esq. (NSBN 17061)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
jdahu@mcdonaldcarano.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Christopher D. Kercher, Esq. (admitted *pro hac vice*)
Peter H. Fountain, Esq. (admitted *pro hac vice*)
Madeleine Zabriskie, Esq. (admitted *pro hac vice*)
295 Fifth Avenue
New York, NY 10016
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com
madeleinezabriskie@quinnemanuel.com

*Attorneys for Non-Party Citadel Securities LLC*

4

# EXHIBIT A

# EXHIBIT A

Ryan J. Works (NSBN 9224)
Jimmy F. Dahu (NSBN 17061)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
jdahu@mcdonaldcarano.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Christopher D. Kercher, Esq. (admitted *pro hac vice*)
Peter H. Fountain, Esq. (admitted *pro hac vice*)
Madeleine Zabriskie, Esq. (admitted *pro hac vice*)
295 Fifth Avenue
New York, NY 10016
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com
madeleinezabriskie@quinnemanuel.com

*Attorneys for Non-Party Citadel Securities LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS, INC.,<br><br>             Debtor. | Case No.: 24-50792-gs<br>Chapter 7<br><br>**ORDER GRANTING NON-PARTY CITADEL SECURITIES LLC'S *EX PARTE* MOTION TO REOPEN THE RECORD ON NON-PARTY CITADEL SECURITIES LLC, ANSON FUNDS MANAGEMENT LP, AND VIRTU FINANCIAL, LLC'S MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER [ECF NO. 2088]** |

The Court has reviewed and considered Non-Party Citadel Securities LLC's *Ex Parte* Motion to Reopen the Record ("*Ex Parte* Motion") on Non-Party Citadel Securities LLC, Anson Funds Management LP, and Virtu Financial, LLC's Motion to Quash and/or for a Protective Order (ECF

No. 2088) ("Motion to Quash"), and finds good cause to grant the relief requested therein. Accordingly,

IT IS HEREBY ORDERED that the *Ex Parte* Motion is **GRANTED**.

IT IS FURTHER ORDERED that the Court reopens the record on the Motion to Quash to admit the Preservation Letter attached as Exhibit 1 and Warshaw Burstein, LLP letter attached as Exhibit 2 to the Declaration of Peter H. Fountain.

IT IS SO ORDERED.

Submitted by:

McDONALD CARANO LLP

*/s/ Jimmy F. Dahu*
Ryan J. Works, Esq. (NSBN 9224)
Jimmy F. Dahu, Esq. (NSBN 17061)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
jdahu@mcdonaldcarano.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Christopher D. Kercher, Esq. (admitted *pro hac vice*)
Peter H. Fountain, Esq. (admitted *pro hac vice*)
Madeleine Zabriskie, Esq. (admitted *pro hac vice*)
295 Fifth Avenue
New York, NY 10016
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com
madeleinezabriskie@quinnemanuel.com

*Attorneys for Non-Party Citadel Securities LLC*

2