

_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
April 21, 2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>META MATERIALS INC.,<br><br>Debtor(s). | Case No.: 24-50792-gs<br>Chapter 7<br><br><u>Hearing Date</u><br>DATE: October 16, 2025<br>TIME:  1:30 p.m. |

## <u>ORDER ON MOTION TO: (1) INTERVENE; (2) STAY PROCEEDINGS;<br>(3) DISQUALIFY COUNSEL AND TRUSTEE; AND<br>(4) RESET BANKRUPTCY ADMINISTRATION UNDER NEUTRAL AUTHORITY</u>

On October 16, 2025, the court held a hearing on the Movant's Emergency Motion to Intervene, to Stay Proceedings, to Disqualify Conflicted Counsel and Trustee, and to Reset Bankruptcy Administration Under Neutral Authority (ECF No. 1988) (Motion), filed by pro se interested party Danielle Spears. Appearances were as noted on the record. For the reasons stated herein, the court will deny the Motion.

Ms. Spears is an investor who, in 2023, purchased 7,200 shares of MMTLP, also known as Series A Non-Voting Preferred Stock[1] in the above-captioned debtor, Meta Materials Inc. (Debtor).[2] Among other things, Ms. Spears seeks to "intervene" in the Debtor's chapter 7 bankruptcy case and stay the bankruptcy proceedings. Additionally, Ms. Spears' filing includes

_____

[1] ECF No. 2141-3 at 2.
[2] ECF No. 2414. Although Ms. Spears alleges that she still holds MMTLP shares, the documents attached to her proof of interest reflect the shares held are Next Bridge Hydrocarbons Inc. (NBH).

1

an additional request to compel disclosure, vacate protective orders, make a reference for sanctions, and appoint a special master to investigate and further the investors' interests. Together, Ms. Spears' motions enumerated sixteen separate prayers for relief, paraphrased and summarized as follows:

- Appointment of a "Special Master" to serve as custodian of all "investigative material," and who shall:
  - Collect and preserve all subpoenaed material until otherwise ordered; and
  - Issue further subpoenas as needed;

- Voiding of all protective orders entered to date in the above-captioned bankruptcy case, to be replaced by a framework allowing only redactions of personally identifying information;

- Permit discovery including:
  - Production of communications;
  - An account of all documents placed under seal;
  - A list of all third parties who accessed subpoenaed data;
  - Production of non-disclosure and other confidentiality agreements entered into with anyone acting on behalf of certain listed persons and entities;
  - Production of any reports or analyses created using subpoenaed materials; and
  - "A full financial accounting" of all funds spent and received from January 1, 2020 to the present for various individuals and entities related to the Debtor;

- Setting an evidentiary hearing to determine whether sanctions should be imposed on special counsel Wes Christian, chapter 7 trustee attorney Jeff Hartman, special counsel Steven Tountas, and the chapter 7 trustee, Christina Lovato (Trustee Lovato); and

- Surrender of all case-related materials held by Mr. Christian to the Special Master, together with an accounting of those materials.

In her supplement to the Motion, filed on September 3, 2025 (ECF No. 2174) (Supplement), Ms. Spears added the following prayers for relief:[3]

- Disqualify special counsel Mr. Christian;

---

[3] The Supplement was filed after the Trustee's opposition to the Motion and on the eve of the date originally set for the hearing on the Motion. The court could construe the Supplement as Ms. Spears' late-filed reply brief and accordingly foreclose the raising of any new arguments. *See, e.g.*, *In re Beinhauer*, 570 B.R. 128, 134 n.9 (Bankr. E.D.N.Y. 2017) ("The Court need not consider a new argument made for the first time in a reply brief."). However, because the hearing date on the Motion was rescheduled after this case was reassigned to the undersigned, and the Trustee had ample time to review the arguments presented in the Supplement, the court will consider those "supplemental" arguments in this decision. *See, e.g., Reid v. Climatemp, Inc. (In re 3RC Mechanical & Contracting Svcs., LLC)*, 505 B.R. 818, 824-25 (Bankr. N.D. Ill. 2014) (court allowed new argument on reply where doing so was not procedurally unfair to the trustee).

- Order Mr. Christian to disgorge $500,000 in litigation funding received from Harrington Global;

- Remove Trustee Lovato;

- Sanction Mr. Christian and Trustee Lovato;

- Refer Mr. Christian and Trustee Lovato for professional disciplinary action;

- Appoint a neutral fiduciary to oversee all activities related to the Debtor's securities and legal representation;

- Recognize MMTLP shareholders as shareholders in the Debtor;

- Stay all proceedings related to the Debtor's securities pending resolution of ongoing state and federal litigation;

- Strike all undisclosed/improper litigation funding arrangements;

- Prohibit public dissemination of confidential/insider information;

- Cease harassment of Ms. Spears and other pro se litigants;

- Discovery requests, including:

  o Disclosure of "all prepetition activities, arrangements and communications" involving Mr. Christian; and
  o Disclosure of "all financial arrangements, nondisclosure agreements, and agency relationships" between Mr. Christian and Julianne Jay.

After the court heard oral argument on Ms. Spears' Motion on October 16, 2025, the court provided her the opportunity to file further briefing; she declined.[4] Nonetheless, Ms. Spears subsequently filed a second supplement to the Motion filed without court authorization on December 16, 2025.[5] The court will not consider Ms. Spears' unauthorized second supplement to the Motion.

### A.      Intervention

Generally speaking, the concept of intervention is directed to that litigation governed by the Federal Rules of Civil Procedure. Under certain circumstances those rules permit a party in interest to intervene in an adversary proceeding initiated by a chapter 7 trustee.[6] Most matters in the main case of a bankruptcy, however, operate outside the formal rules of civil procedure. They

---

[4] ECF No. 2284 at 62:4-10.
[5] ECF No. 2413.
[6] Fed. R. Bankr. P. 7024, incorporating Fed. R. Civ. P. 24.

can range from the mundane to the esoteric. In a chapter 7 liquidation, the activity within the main bankruptcy case is generally controlled and initiated by the chapter 7 trustee. Those affected by the bankruptcy may also move for various relief against the chapter 7 trustee as permitted by the Bankruptcy Code. Those affected by these actions in the bankruptcy are generally entitled to appear as parties in interest. Fed. R. Bankr. P. 2018 provides that "the court may permit an interested entity to intervene generally or in any specified matter."

As a purported interest holder in the Debtor, Ms. Spears qualifies as a party in interest to the extent that her shares of MMTLP are property of the estate and she is an equity holder in the Debtor. The chapter 7 trustee has argued that Ms. Spears lacks standing to bring the Motion, because in December 2022 her MMTLP shares were automatically exchanged for shares in NBH, formerly a wholly-owned subsidiary of the Debtor which is now an independent company whose shares are not publicly traded.[7] This appears to be supported by Ms. Spears' own account statement from Equiniti Trust Company, LLC attached to her proof of interest at ECF No. 2414. At the hearing on the Motion, Trustee Lovato's counsel, Jeff Hartman, stated on the record that it was Trustee Lovato's intention to determine the status of interest holders in the Debtor, but that such determination would only occur if sufficient assets were available to distribute to equity holders.[8] To date, however, the chapter 7 trustee has not objected to Ms. Spears' proof of interest. Absent objection, a proof of interest is considered prima facie valid.[9] Therefore, authorization to intervene is not required at this time in light of her filed proof of interest, which is deemed allowed pending any objections.

---

[7] *See* ECF No. 2141-3 at 2-3.

[8] ECF No. 2284 at 56:25-57:7; 57:22-58:1.

[9] 11 U.S.C. § 502(a); *Kimmons v. Innovative Software Designs, Inc. (In re Innovative Software Designs, Inc.)*, 253 B.R. 40, 44 (B.A.P. 8th Cir. 2000) ("Since a properly filed proof of claim, which includes supporting documents, is entitled to prima facie evidentiary effect, a proof of interest which similarly includes supporting documentation should also be given prima facie evidentiary effect.").

### B.      Ms. Spears' substantive requests

First, Ms. Spears requests appointment of a special master to investigate the Debtor's prepetition activities, obtain evidence concerning their securities, and prepare an accounting for the investors. However, a special master is not available in bankruptcy cases.[10] Accordingly, all requests by Ms. Spears for appointment of a special master and related relief are denied. To the extent Ms. Spears seeks appointment of an independent neutral fiduciary other than the special master to handle the bankruptcy case, as the court stated at the October 16, 2025, hearing on the Motion: "the trustee is the independent neutral."[11]

Ms. Spears further requests that the court strike all filings, stipulations, protective orders, discovery agreements and evidentiary submissions. As to the protective orders entered in this case, at the time Ms. Spears filed the Motion, only two protective orders had been entered, between Trustee Lovato and third parties NASDAQ Stock Market, LLC (NASDAQ)[12] and Charles Schwab & Co., Inc., TD Ameritrade, TradeStation Securities, Inc., and Think or Swim (together, Schwab).[13] Those protective orders address only the disclosures to be made to Trustee Lovato by Schwab and NASDAQ. That information is for Trustee Lovato's review, to be used in her administration of this bankruptcy case as she determines is appropriate. Neither Ms. Spears nor any other interested party is entitled to review that information. Accordingly, the protective orders have no impact on Ms. Spears or her rights as a purported interest holder in the Debtor. The remainder of her request to strike all filings, stipulations, discovery agreements and evidentiary submissions are similarly denied. To the extent that Ms. Spears has standing to make such a request, she has failed to state a cognizable basis for such extraordinary relief.

---

[10] Fed. R. Bankr. P. 9031.

[11] ECF No. 2284 at 43:12; *see also, Dye v. Brown (In re AFI Holding, Inc.)*, 530 F.3d 832, 844 (9th Cir. 2008) [internal citations, quotations omitted] ("The title 'trustee' has fiduciary significance in the equity sense, and thus the trustee may not be the representative of any particular creditor, but must represent all creditors without partiality…. The chapter 7 trustee's role facilitates one of the Bankruptcy Code's fundamental concepts of equitable distribution.").

[12] ECF No. 1955.

[13] ECF No. 1934.

Ms. Spears also requests the disclosure of certain information, including information being compiled by Trustee Lovato. The basis and purpose for requiring Trustee Lovato to turn over such information to Ms. Spears is unclear. She makes the request within the main bankruptcy case apart from any pending adversary proceeding. Having failed to state a basis that would require Trustee Lovato to make any such disclosures, the request is denied.

Ms. Spears also requests that all proceedings related to the Debtor's securities be stayed pending resolution of state and federal litigation regarding the same. This request appears to attempt to invade or constrain the trustee's administration of the estate. Moreover, to the extent applicable, Ms. Spears has not set forth any basis to stay the trustee's administration of the estate. Any such request is also premature because to date no proceedings regarding the Debtor's securities have been commenced in this forum.

Ms. Spears also requests that Trustee Lovato be removed. The Ninth Circuit has addressed the standards for removal of a chapter 7 trustee:

> Once assigned to a particular case, a panel trustee can be removed from a pending case only if the bankruptcy court finds "cause" after notice and a hearing. Although sufficient cause is not defined in the Bankruptcy Code, it is left for the courts to determine on a case by case basis. It is well established that "cause" may include trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate. Such cause must be supported by specific facts, and the party seeking removal has the burden to prove them.[14]

The Motion contains a number of allegations against Trustee Lovato and reflects Ms. Spears' dissatisfaction with the performance of her duties. Yet, Ms. Spears has failed to present specific facts which establish *cause* for Trustee Lovato's removal.

Finally, Ms. Spears seeks entry of an order disqualifying special counsel Christian Attar in the Debtor's case. The court addressed similar requests made by Scott Traudt in its Order on Motion to Disqualify Christian Attar Firm (ECF No. 2563). The same analysis applies to Ms. Spears' requests and is incorporated herein by this reference.

For these reasons,

---

[14] *AFI Holding*, 530 F.3d at 845.

IT IS HEREBY ORDERED that the Movant's Emergency Motion to Intervene, to Stay Proceedings, to Disqualify Conflicted Counsel and Trustee, and to Reset Bankruptcy Administration Under Neutral Authority (ECF No. 1988), as supplemented at ECF No. 2174, is DENIED.

IT IS SO ORDERED.

* * * * *

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

Copy sent via BNC Noticing:

DANIELLE SPEARS
12206 WEST HARRISON STREET
AVONDALE, AZ 85323

# # #