Ross E. Firsenbaum
(*pro hac vice* pending)
Austin M. Chavez
(*pro hac vice* pending)
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8000
ross.firsenbaum@wilmerhale.com
austin.chavez@wilmerhale.com

Matthew C. Zirzow, Esq. (NSBN 7222)
**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
mzirzow@lzlawnv.com

*Counsel to Jane Street Group, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

In re:

META MATERIALS INC.,

              *Debtor*.

Case No.: 24-50792-gs
(Chapter 7)

**JANE STREET GROUP, LLC'S
OPPOSITION TO MOTION OF SCOTT
TRAUDT FOR RULE 2004 SUBPOENA**

Jane Street Group, LLC ("Jane Street"), by and through undersigned counsel, hereby submits this opposition to the *Motion of Scott Traudt for Rule 2004 Subpoena to Jane Street Group, LLC for TRCH/MMTLP/MMAT Trading and Settlement Records (June 1, 2021 to August 4, 2024) Pursuant to Fed. R. Bankr. P. 2004 and 9016*, filed by Scott Traudt ("Mr. Traudt") as docket entry 2638 (the "Rule 2004 Motion") in the above-captioned chapter 7 case (the "Bankruptcy Case") of debtor Meta Materials Inc. (the "Debtor").  For the reasons stated herein, Jane Street respectfully requests that this Court deny the Rule 2004 Motion.

**FACTUAL BACKGROUND**

Mr. Traudt has been an active participant in this Bankruptcy Case, *see, e.g.*, ECF Nos. 2041, 2167, 2243, 2284, 2637, 2638, 2639, 2661, 2671, 2672, 2673, 2674, and 2675, and other actions

across the country seeking personal redress related to the Debtor's securities and this Bankruptcy Case, *see Traudt v. Christian*, No. 2025-08460 (JPG) (Tex. 129th Dist. Ct., Harris Cnty.); *Traudt v. Rubinstein, et al.*, No. 2:24-00782 (CR) (D. Vt.); *Traudt v. Gensler*, No. 2:24-01360 (MKL) (D. Vt. Oct. 14, 2025) (dismissing Mr. Traudt's action against former SEC Chief Gary Gensler to reopen trading in Meta Materials Services A Preferred Shares).  But Mr. Traudt is not the Debtor in this Bankruptcy Case, he is not the chapter 7 trustee appointed to administer the Debtor's estate (the "Trustee"), he has not been retained by the Trustee or asked to assist the Trustee in any of her work for the estate, and his standing as a party in interest in this Bankruptcy Case is unclear.  *See* ECF Nos. 2563 at 2 n.4 ("The [Trustee] has argued that Mr. Traudt lacks standing to bring the Motion … Though this appears to be supported by Mr. Traudt's own account statement [] attached to his proof of interest at ECF No. 2166, to date the [Trustee] has not objected to Mr. Traudt's proof of interest"); 2689 (the "April Order") at 2 n.6 ("As noted by the court previously, Mr. Traudt has filed a proof of interest at ECF No. 2166, and to date the [Trustee] has not objected[.]").

Nevertheless, on March 3, 2026, Mr. Traudt served the Rule 2004 Motion on Jane Street, a non-debtor that has not been involved in this Bankruptcy Case (or in any of the other proceedings pursued by Mr. Traudt).  The motion was one of six that Mr. Traudt served in a four-week span against others, including FINRA, Charles Schwab & Co., and the Trustee.  ECF Nos. 2637, 2639, 2661, 2674, and 2675 (together with the Rule 2004 Motion, the "Traudt Discovery Motions").  The Rule 2004 Motion includes 11 broad document requests covering a four-year period and seeks corporate representative testimony on seven wide-ranging topics tracking the document requests, based solely on the fact that Jane Street reported in its public filings that it held a different (and lower) number of shares in the Debtor at the end of the first quarter of 2024 than it did at the end of the prior quarter end.  *See* Rule 2004 Motion at 1, ¶¶ 7, 11, & Exs. A, B, & D.  Even Mr. Traudt acknowledges in the Rule 2004 Motion the obvious conclusion regarding that allegation: "The existence of a sharp quarter-to-quarter change in publicly reported holdings, standing alone, *is not proof of wrongdoing*[.]"  *Id*., ¶ 8 (emphasis added).  Mr. Traudt also lays bare the impermissible

purpose of his motion, claiming that the requested discovery "would be beneficial to determine if [Mr. Traudt] has any actionable claims[.]" *See id.*, ¶ 2.

On April 9, 2026, this Court issued the April Order, which identified several apparent defects in the Traudt Discovery Motions, including the Rule 2004 Motion, and stated that such defects "should be addressed prior to entry of any orders." April Order at 1. As set forth below, at least two of those defects apply to the Rule 2004 Motion, and Mr. Traudt in any event lacks "good cause" for his requested examination of Jane Street.

## ARGUMENT

### I.    This Court Should Deny the Rule 2004 Motion

As this Court recognized in the April Order, Rule 2004 is limited to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." *See* April Order at 2 (citing Fed. R. Bankr. P. 2004(b)). Thus, Rule 2004 permits discovery of "only those persons possessing knowledge of the *debtor*'s acts, conduct or financial affairs *so far as this relates to a debtor's proceeding in bankruptcy*." *Id.* (quoting *Lee v. Field (In re Lee)*, 2021 WL 2283910, at *3 (B.A.P. 9th Cir. June 3, 2021) (internal citations omitted)) (emphasis in original); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). Moreover, good cause must exist for a Rule 2004 examination. *In re Celsius Network LLC,* 2022 WL 16641755, at *2-3 (Bankr. S.D.N.Y. Nov. 22, 2022); *In re Lee,* 2021 WL 2283910, at *4.

This Court should deny the Rule 2004 Motion for three independent reasons. First, Rule 2004 does not permit Mr. Traudt, a non-debtor who is not retained by the Trustee, to examine Jane Street, a third-party, for his personal benefit or for the benefit of the estate. Second, Rule 2004 does not permit Mr. Traudt to examine Jane Street because he has not substantiated any involvement by Jane Street in the Debtor's business affairs warranting discovery (and in fact has admitted that his only factual allegation concerning Jane Street is "*not proof of wrongdoing*"). *See*

Rule 2004 Motion, ¶ 8 (emphasis added).  Third, Mr. Traudt has not shown that good cause exists for his requested examination of Jane Street.

**A. Rule 2004 Does Not Permit Mr. Traudt to Conduct an Examination For His Personal Benefit**

Rule 2004 does not permit a non-debtor's investigation into claims against another non-debtor for its own benefit.  *See In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 628-29 (Bankr. D. Del. 2016) (denying Rule 2004 discovery because investigation by non-debtor into non-debtor for its own benefit did not relate to the "property or to the liabilities and financial condition of the debtor" and "[would] not further the recovery and distribution of the [d]ebtors' assets or otherwise assist with the administration of this case"); *see also In re Enron Corp.*, 281 B.R. at 843 n.7 (denying Rule 2004 discovery in part where "there are other clear indications that the motivation for the request is not for the purpose of investigating matters which may affect the administration of the bankruptcy estate, but to advance the non-bankruptcy agenda of the applicant."); *Bank of Am., N.A. v. Landis,* 2011 WL 6104495, at *7 (D. Nev. Dec. 7, 2011) (finding bankruptcy court abused its discretion by permitting non-debtor to use Rule 2004 as a regulatory tool over creditor that went beyond the scope of the debtor-creditor relationship).  Mr. Traudt readily admits that he is pursuing the requested discovery for his personal benefit.  Rule 2004 Motion, ¶ 2 (admitting that he is seeking the discovery to "determine if [he] has any actionable claims" against Jane Street).

*In re J & R Trucking, Inc.* fully applies here.  431 B.R. 818, 820 (Bankr. N.D. Ind. 2010).  There, non-debtor movants sought Rule 2004 discovery of other non-debtors, seeking to identify: (a) non-debtors who were potentially liable to movants as successors-in-interest to the debtor's obligations; and (b) transfers made by the debtor prior to the petition, "which might be recoverable by the trustee." *Id.*  The court held that Rule 2004 did not permit the requested discovery.  *Id.*  The movants' desire to identify third parties potentially liable to them was "quite simply, [] neither this court's concern nor the purpose of Rule 2004." *Id.* at 822.  And "to the extent the movants s[ought] to discover avoidable transfers, they [we]re intruding upon the trustee's duties." *Id.*; *see also id.* at

822-23 ("No matter how artfully one tries to disguise the requested examinations, by dressing them up in the robes of bankruptcy administration, their real purpose is to identify another entity movants might be able to collect from, and whether those efforts would have any impact on the bankruptcy estate is of no real concern to them."). The same is true here—Mr. Traudt's admitted goal here is to pursue purported claims for his own benefit, and that is not a permissible purpose of Rule 2004.

To the extent that Mr. Traudt attempts to argue that the requested discovery may assist the estate in determining the nature and extent of potential estate causes of action, Rule 2004 Motion, ¶ 15, he is improperly "intruding upon the [T]rustee's duties and taking [the Trustee's] duties upon [himself]," *J & R Trucking, Inc.*, 431 B.R. at 822. As the court noted in *J & R Trucking Inc.*, even if Mr. Traudt genuinely wanted to help the Trustee, "should the trustee desire that assistance, [he] must do so directly, acting for, at the behest of, and in the name of the trustee, and not indirectly, in a manner that treats the trustee as simply an incidental beneficiary of an endeavor actually undertaken for [himself]." 431 B.R. at 822. And Mr. Traudt's actions thus far show not that he seeks to help the Trustee but rather that he is frustrating the Trustee's administration of the estate, by seeking to disqualify the special counsel that the Trustee retained to investigate potential estate claims, *see* ECF No. 2041, and serving a Rule 2004 Motion on the Trustee, *see* ECF No. 2675. In short, as this Court already has recognized, "it is not Mr. Traudt's duty to fill what he perceives to be 'material gaps' in the Trustee's investigation." April Order at 4. This is reason enough for the Court to deny the Rule 2004 Motion.

### B. Rule 2004 Does Not Permit Mr. Traudt to Examine Jane Street Because the Rule 2004 Motion Does Not Substantiate Any Involvement by Jane Street in the Debtor's Business Affairs

A Rule 2004 examination is not appropriate where, as here, the target "has not been shown to have been involved in the debtor's business affairs in any way[.]'" *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993) (quoting *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). Absent such a showing, "[i]t is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Wilcher,* 56 B.R. at 434.

The Rule 2004 Motion does not even come close to showing (and cannot show) that Jane Street had any involvement in the Debtor's business affairs. Its single factual allegation about Jane Street is that Jane Street reported in its public filings that it held a different (and lower) number of shares in the Debtor at the end of the first quarter of 2024 than it did at the end of the prior quarter end. *See* Rule 2004 Motion at 1, ¶¶ 7, 11, & Exs. A, B, & D. And Mr. Traudt concedes that "[t]he existence of a sharp quarter-to-quarter change in [Jane Street's] publicly reported holdings, standing alone, *is not proof of wrongdoing in* [shares of Debtor, Torchlight Energy Resources Inc., and Meta Materials Series A Preferred Shares.]" Rule 2004 Motion, ¶ 8 (emphasis added). Mr. Traudt's unsupported conclusion that the mere quarter-to-quarter change "is, however, a strong indicator of relevance," *id.*, is far-fetched and unexplained speculation unsupported by any evidence and thus fails to allege adequately that Jane Street was involved in the business affairs of the Debtor. *See In re Wilcher,* 56 B.R. at 434 (denying Rule 2004 examination where movant did not present "any actual evidence of duplicity" of third-party purchaser and recognizing third-party purchaser's right to privacy in its business affairs). Thus, the Rule 2004 Motion seeks the exact "wholesale investigation of a non-debtor's private business affairs" that Rule 2004 does not permit. *See id.*

### C. Mr. Traudt Has Not Shown Good Cause to Examine Jane Street

To obtain Rule 2004 discovery, the movant must show that good cause exists to conduct the requested examination. *See, e.g., In re Lee*, 2021 WL 2283910, at *4 ("The party seeking a Rule 2004 examination bears the burden of showing 'good cause' for the examination."). "To determine whether good cause exists, a court must consider the totality of the circumstances, taking into account all relevant factors." *Bank of Am., N.A.,* 2011 WL 6104495, at *6.

For the reasons stated above, Mr. Traudt has not shown that good cause exists for his requested examination of Jane Street. The Trustee, with the assistance of special counsel, is conducting an examination of the Debtor's pre-petition business and Mr. Traudt has no right to interfere. *See, e.g.*, *In re Celsius Network LLC*, 2022 WL 16641755, at *3 (no good cause where

both the court-appointed examiner and committee were investigating the same conduct movant sought to examine).  Further, Mr. Traudt has not substantiated that Jane Street had any involvement in the Debtor's business affairs.  *See In re Lee*, 2021 WL 2283910, at *4 (no good cause where "the nature of [the] trustee's relationship with [debtor's counsel] is not relevant to [d]ebtor's acts, conduct, property, liabilities, or financial condition, and it does not affect the administration of the estate or [d]ebtor's right to a discharge.").  As no good cause exists for Mr. Traudt's requested examination of Jane Street, this Court should deny the Rule 2004 Motion.[1]

### CONCLUSION

For these reasons, Jane Street respectfully submits that this Court should deny the Rule 2004 Motion.[2]

---

[1] To the extent that the Trustee objects to Mr. Traudt's standing and this Court determines that Mr. Traudt is not a party in interest in this Bankruptcy Case, that would be a fourth independent reason to deny the Rule 2004 Motion.  *See* Fed. R. Bankr. P. 2004(a) ("On a *party in interest*'s motion, the court may order the examination of any entity.") (emphasis added); *see also In re Waddell*, 2025 WL 1232475, at *1 & *2 (Bankr. S.D.N.Y. Apr. 28, 2025) (noting that the court previously denied a Rule 2004 motion on the grounds that the movant was not a party in interest).

[2] Jane Street understands the April Order to require submission of objections to the Traudt Discovery Motions that should be addressed prior to entry of any orders and are dispositive.  Jane Street reserves the right to move to quash and/or object to any subpoenas issued in connection with any order on the Rule 2004 Motion on grounds including, but not limited to, that Mr. Traudt's individual document requests and topics are overbroad, unduly burdensome, not relevant, and seek confidential and proprietary information of Jane Street and its customers.

Dated: April 23, 2026

/s/ *Matthew C. Zirzow*
Matthew C. Zirzow, Esq. (NSBN 7222)
**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Facsimile:  (702) 382-1169
mzirzow@lzlawnv.com

*Counsel to Jane Street Group, LLC*

Ross E. Firsenbaum
(*pro hac vice* pending)
Austin M. Chavez
(*pro hac vice* pending)
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8000
ross.firsenbaum@wilmerhale.com
austin.chavez@wilmerhale.com

*Counsel to Jane Street Group, LLC*