Jeffrey L. Hartman, Esq. – NSB #1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
Tel: 775-324-2800
Email: notices@bankruptcyreno.com

*Attorneys for Christina Lovato, Trustee*

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
SBW LAW GROUP
3600 Mayberry Drive
Reno, Nevada 89509
Tel: 775-299-4051
Email: cbrust@sbwlawgroup.com
         hwinston@sbwlawgroup.com

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In re

META MATERIALS INC.,

Debtor.

Case No.: 24-50792-hlb
(Chapter 7)

**OMNIBUS OPPOSITION TO SCOTT TRAUDT'S RULE 2004 MOTIONS AND NOTICES**

Hearing Date:
Hearing Time:

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004, Christina Lovato, Chapter 7 Trustee for the Estate of Meta Materials Inc. ("Trustee"), by and through her undersigned counsel, respectfully submits this Opposition which is supported by the separately filed Declaration of Georgios Palikaras. To the extent required and as permitted by F.R.Evid. 201, Trustee Lovato requests the Court take judicial notice of the papers on file in this case.

## I.     INTRODUCTION.

The Chapter 7 Trustee submits this omnibus opposition to the following motions and related notices filed by Scott Traudt (collectively, the "Traudt Motions"): (a) Motion for Rule 2004 Subpoena to Trustee Lovato; (b) Motion for Rule 2004 Subpoena to Jane Street Group, LLC; (c) Motion for Rule 2004 Subpoena to Sabby Management, LLC; (d) Motion for Rule 2004 Subpoena to FINRA, Inc.; (e) Motion for Rule 2004 Subpoena to Charles Schwab & Co., Inc.; and Traudt's related notices of filing omitted proposed orders.

For the reasons below, each should be denied. First, Mr. Traudt lacks standing to invoke Rule

2004 because he is not, and does not claim to be, a shareholder of Meta Materials Inc. ("Meta" or the "Debtor"). Mr. Traudt's own statement in this matter establishes that the only Meta-related security he has ever held was 305 shares of MMTLP purchased in the open market on November 30, 2022 (e.g., ECF 2637, pp. 2-3).— shares that were automatically cancelled on December 13, 2022 and exchanged for common stock of Next Bridge Hydrocarbons, Inc. ("NBH"), a separate company that is neither owned nor controlled by Meta. Mr. Traudt has held no Meta security of any kind since December 13, 2022, more than 19 months before the August 9, 2024 petition date. Second, even if he were a Meta shareholder, shareholders in a Chapter 7 of an insolvent debtor presumptively lack the requisite pecuniary interest to qualify as "parties in interest" to commandeer estate discovery. The Trustee, not individual shareholders, controls investigation of estate claims and administration. Third, Mr. Traudt's Rule 2004 motions are a transparent attempt to obtain discovery in aid of his pending Vermont civil action concerning the very same time period, securities, and conduct, and are therefore barred by the pending proceeding rule. Thus, the Trustee respectfully requests that the Court deny each of the Traudt Motions in full.

## II.   MOTIONS AND NOTICES AT ISSUE.

Trustee opposes the following filings:

a. **ECF 2637** - Motion of Scott Traudt for Rule 2004 Subpoena to Sabby Management, LLC For TRCH/MMTLP/MMAT Trading And Settlement Records (June 1, 2021 To August 4, 2024) Pursuant To Fed. Bankr. P. 2004 and 9016.

b. **ECF 2638** - Motion of Scott Traudt for Rule 2004 Subpoena to Jane Street Group, Llc For TRCH/MMTLP/MMAT Trading and Settlement Records (June 1, 2021 To August 4, 2024) Pursuant to Fed. R. Bankr. P. 2004 and 9016.

c. **ECF 2639** - Motion of Scott Traudt for Rule 2004 Subpoena to FINRA, Inc. For MMAT/MMTLP Electronic Blue Sheets Pulled December 5, 2022 and Related MMTLP Communications (Oct. 15, 2022 To Feb. 3, 2023) and MMTLP Trade-Start/OTC Symbol Origination Records (May 1, 2021 To Dec. 31, 2022) Pursuant to Fed. R. Bankr. P. 2004 and 9016.

d. **ECF 2661** - Motion of Scott Traudt for Entry of Order Authorizing Limited Rule

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

2

2004 Document Subpoena to Charles Schwab & Co., Inc. for Production of March 20, 2023 Call Recording and Related Retention, Search, and Chain-Of-Custody Records.

e.   **ECF 2674** -  Motion of Scott Traudt for Entry of Order Authorizing Limited Rule 2004 Document Subpoena to Gregory McCabe and, if necessary, Limited Rule 2004 Examination.

f.   **ECF 2675** -  Motion of Scott Traudt for Rule 2004 Subpoena to Trustee Lovato for All Litigation Financing Contract Paperwork Identified In Dock. 98-2; Copies of Emails from Trustee Counsel to Wes Christian Regarding Conflicts with Christian Attar Representation; Copies of $500,000 Transfer Agreement from Harrington Global Funding Source to Christian Attar and The Estate; Copies of List Used by Torchlight and Meta Highlighting Approximately 50 Companies That Had Expressed Interest In Buying TRCH Oil Pursuant to Fed. R. Bankr. P. 2004 and 9016.

## III.   LEGAL STANDARD:  RULE 2004 AND REAL PARTY-IN-INTEREST.

Standing is an important challenge: it is a threshold question in every federal case, determining the power of the court to entertain the suit. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

Constitutional standing requires the presence of an injury-in-fact.

"Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" *Veal v. Am. Home Mortg. Svcing, Inc. (In re Veal),* 450 B.R. 897, 906 (B.A.P. 9th Cir. 2011) (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). Litigants in federal courts must satisfy both constitutional and prudential standing requirements. Id. A party with constitutional standing has suffered "an injury in fact, which is caused by or fairly traceable to some conduct or some statutory prohibition, and which the requested relief will likely redress. Id. Prudential standing, on the other hand, is "a body of judicially self-imposed limits on the exercise of federal jurisdiction founded in concern about the proper-and properly limited role of the courts in a democratic society." *City of Los Angeles v. Cnty. of Kern,* 581 F.3d 841, 845 (9th Cir. 2009) [internal quotations omitted]. Prudential standing "generally provide[s] that a party without the legal right, under applicable substantive law, to enforce an obligation or seek a remedy with respect to it is not a real party in interest." *Veal,* 450 B.R. at 907. The "[r]eal party in interest doctrine ... melds procedural and substantive law; it ensures that the party bringing the action owns or has rights that can be vindicated by proving the elements of the claim for relief asserted." Id. at 908. Stated otherwise, "'[p]rudential standing generally requires the

plaintiff['s] claim to be based on its own legal rights, as opposed to those of a third-person[.]"

*In re Cashion Fam. Trust,* 2025 Bankr. LEXIS 765, 72-73 (Bankr. D.Nev. March 28, 2025) (Spraker, J).

"Federal Rule of Bankruptcy Procedure 2004(a) provides that "[o]n a party in interest's motion, the court may order the examination of any entity." The scope in Chapter 7 is limited to matters relating only to: "(A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge." FRBP Rule 2004.

The rule does not define "party in interest," but some Courts have defined "party in interest" as "those persons whose rights or interests are 'directly and adversely affected pecuniarily'". *In re Interpictures, Inc.*, 86 B.R. 24, 27 (Bankr. E.D.N.Y. 1988) (citing *In re Dein Host, Inc.,* 835 F.2d 402, 405 (1st Cir.1987) (*quoting In re El San Juan Hotel,* 809 F.2d 151, 154-55 (1st Cir.1987)); *In re Transbrasil S.A. Linhas Aereas*, 557 B.R. 240, 243 (Bankr. S.D. Fla. 2016) (explaining that "in the context of Rule 2004, parties in interest are those persons whose rights or interests are directly and adversely affected pecuniarily.") (internal quotation marks omitted).

The First Circuit applied an even more restrictive approach in *In re Dein Host*, noting that even if the appellant's beneficial interest in Aries (his stock) were in jeopardy and subject to shrinkage, standing would not exist. *In re Dein Host, Inc.,* 835 F.2d 402, 405 (1987). The court explained that "the fact that the injury may indirectly harm a stockholder by diminishing the value of his corporate shares does not bestow upon him a right to sue on his own behalf." *Id*. The Northern District of Texas, addressing similar issues in *In re Acis Capital Management*, concluded that the shareholder standing rule applies in bankruptcy appeals, holding that shareholders cannot establish standing based on diminishing ownership value from bankruptcy administrative expenses because "this interest is quintessentially derivative of [the entity's] own interests." *In re Acis Capital Management, L.P.,* 604 B.R. 484, 509-510 (2019). Here, Mr. Traudt does not even have derivative status. He does not own any shares in Debtor from which derivative status could arise.

## IV.    MR. TRAUDT IS NOT A META SHAREHOLDER.

Scott Traudt lacks standing to conduct discovery regarding the debtor, Meta, because he does

not own shares in Meta.  Mr. Traudt admits as much in his filings.  Mr. Traudt identifies only a holding of Next Bridge Holdings ("NBH" or "Next Bridge") common stock that he received in exchange for cancelled MMTLP shares in December 2022. **(e.g., ECF 2637, pp. 2-3)**.  Next Bridge is not related, owned, nor operated by Meta.

The relevant corporate history, which is a matter of public record in Meta's SEC filings is as follows.  On June 28, 2021, Torchlight Energy Resources, Inc. ("Torchlight") consummated a statutory Plan of Arrangement (the "Merger") with Metamaterial Inc., a Canadian entity, and the surviving company was renamed Meta Materials Inc.  **[Palikaras decl. ¶ 3]**  As part of that transaction, and only as to Torchlight common shareholders of record as of June 24, 2021, Torchlight issued a one-time special dividend of Series A Non-Voting Preferred Stock (the "Series A Preferred").  **[Palikaras decl. ¶ 4]**  The Series A Preferred was, by its express terms, (i) non-voting; (ii) entitled only to contingent dividends tied to the net proceeds of any sale or disposition of Meta's legacy oil and gas assets; and (iii) ultimately mandatorily exchangeable into shares of a spin-off entity holding those legacy assets if no sale occurred.  **[Palikaras decl. ¶ 5]**  The Series A Preferred, in other words, had no economic claim on Meta's operating business; its value was always ring-fenced to a pool of assets Meta had already committed to divest. **[Palikaras decl. ¶ 5]**  Beginning on or about October 6, 2021, the Series A Preferred began trading on the OTC market under the symbol "MMTLP."  The OTC ticker "MMTLP" was simply the trading symbol for the same Series A Preferred security; it did not represent any separate or additional Meta security. **[Palikaras decl. ¶ 6]**

On November 23, 2022, Meta's board approved the spin-off of its wholly-owned subsidiary, Next Bridge, which by that date held the legacy oil and gas assets.  **[Palikaras decl. ¶ 7]**  Pursuant to FINRA's corporate-action processing and the Distribution Agreement between Meta and Next Bridge, the record date for the distribution was December 12, 2022. On December 14, 2022, Meta distributed one share of Next Bridge common stock for each cancelled MMTLP share to record holders as of December 12, 2022.  **[Palikaras decl. ¶ 8]**  From and after December 13, 2022, no MMTLP or Series A Preferred share has existed.  Meta has no ownership interest in, or control over, Next Bridge.  **[Palikaras decl. ¶¶ 8&9]**  Mr. Traudt is an outsider who lacks standing to conduct Rule 2004 discovery concerning Meta.

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

5

## V.    RULE 2004 CANNOT BE USED AS A BACK-DOOR TO DISCOVERY FOR MR. TRAUDT'S PENDING VERMONT ACTION.

Even assuming *arguendo* that Mr. Traudt had any cognizable party-in-interest status — which he does not — each of the Traudt Motions is independently barred by the "pending proceeding rule." That rule prohibits a movant from using the "intentionally broad" scope of Rule 2004 to circumvent the more stringent discovery rules applicable to litigation pending in another forum. *See In re Washington Mutual, Inc.*, 408 B.R. 45, 49–51 (Bankr. D. Del. 2009); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28–29 (Bankr. N.D.N.Y. 1996); *Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994) (affirming denial of Rule 2004 relief where movant's primary motivation was to obtain discovery for use in non-bankruptcy litigation), *aff'd*, 52 F.3d 1067 (5th Cir. 1995).  Courts have been particularly unwilling to permit Rule 2004 to be deployed where, as here, the movant is using bankruptcy discovery to pursue litigation objectives in which the estate has no interest. *See In re Cambridge Analytica LLC*, 600 B.R. 750, 756 (Bankr. S.D.N.Y. 2019) (denying Rule 2004 motion where movant's improper purpose was to obtain discovery for outside derivative action).

On July 17, 2024 — three weeks before this Chapter 7 case was filed — Mr. Traudt commenced his own federal civil actions, *Scott Traudt v. Ari Rubenstein, et al.*, Case No. 2:24-cv-00782-cr (D. Vt.) and a separate mandamus petition, *Traudt v. Gensler*, Case No. 2:24-cv-01360 (D. Vt.)  Upon information and belief, Mr. Traudt filed his Vermont complaint *first*, and only later turned to Rule 2004 in this Court after encountering discovery obstacles in Vermont, confirming that his purpose here is not to assist in the administration of Meta's estate, but to use bankruptcy discovery for his personal litigation arsenal.  That is exactly the abuse the pending proceeding rule exists to prevent.

## VI.    EVEN IF MR. TRAUDT WERE A META SHAREHOLDER, HE STILL LACKS RULE 2004 STANDING.

Shareholders of insolvent corporations in Chapter 7 cases typically lack the requisite economic interest to qualify for standing.  Shareholders of insolvent corporations have no pecuniary interest in Chapter 7 proceedings.  Instead, the Trustee has primary responsibility to investigate estate assets and pursue claims.  Thus, even if Mr. Traudt were a shareholder, his claims would be derivative, which are not properly pursued in this proceeding. *In re Interpictures, Inc.*, 86 B.R. 24, 29 (Bankr. E.D.N.Y.

1988) (explaining that a shareholder with "no direct rights" whose rights would only be derivative could not seek Rule 2004 examinations).

"In the bankruptcy context, courts have relied on the shareholder standing rule in holding that shareholders could not appeal a bankruptcy court decision where they asserted only a derivative interest." *In re Troutman Enters., Inc.,* 286 F.3d at 365; *accord In re Dein Host, Inc.,* 835 F.2d 402, 405-06 (1st Cir.1987). As the Eighth Circuit Court of Appeals has explained: "The shareholder standing rule, which applies to even a sole shareholder, "recognizes that corporations are entities separate from their shareholders in contradistinction with partnerships or other unincorporated associations." *In re AFY*, 734 F.3d 810, 820 (8th Cir. 2013) (citing *Smith Setzer & Sons, Inc. v. S.C. Procurement Review Panel,* 20 F.3d 1311, 1317 (4th Cir.1994)); *see Potthoff v. Morin,* 245 F.3d 710, 716–17 (8th Cir.2001). This separation becomes particularly relevant in Chapter 7 cases where creditors' claims take priority over any shareholder interests.

*In re Transbrasil S.A. Linhas Aereas*, 557 B.R. 240, 243 (Bankr. S.D. Fla. 2016) is instructive. There, the Court denied Rule 2004 majority shareholder because there was no possibility of distribution to shareholders in a foreign insolvency proceedings. *Id*. at 243. The Court explained that under Rule 2004, "parties in interest are those persons whose rights or interests are directly and adversely affected pecuniarily", establishing that theoretical shareholder interests are insufficient when no realistic prospect of recovery exists. *Id*. Because Traudt has no direct interest in this matter, he cannot pursue Rule 2004 discovery.

Mr. Traudt's motions seek broad trading-market discovery centered on third-party conduct surrounding TRCH/MMTLP/MMAT over multi-year periods, motivated by personal and other holders' interests, not tied to any distribution or direct pecuniary stake in this Chapter 7 estate.

## VII.   THIS COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO BAR MR. TRAUDT FROM CONTINUING TO WASTE ESTATE RESOURCES.

Bankruptcy courts have inherent authority to sanction "bad faith" or "willful" litigation misconduct. *In re Kashkalda*, 622 B.R.749, 757 (B.A.P. 9th Cir. 2020)(internal citations omitted). This includes the power to sanction vexatious litigation occurring in that court. *Id* at 758. However, before a court can impose pre-filing restrictions against a vexatious litigant, the court must (1) give the

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

litigants notice and an opportunity to be heard; (2) compile an adequate record for appellate review, including a listing of all motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive finding of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered. *Id*., at 758. While the procedural posture of Mr. Traudt's numerous motions (as listed above) may be premature for the Court to satisfy this burden at this point, Mr. Traudt should be warned that any additional filings by Mr. Traudt without standing will likely be met with a vexatious litigant determination and punished accordingly.

Mr. Traudt's repetitive and baseless motions are sapping resources from the Trustee's efforts to administer the Meta estate. The Court is empowered to stop such wasteful activity and abuse. This authority derives from multiple sources: 11 U.S.C. § 105(a) grants courts broad power to issue orders "necessary or appropriate" to carry out bankruptcy provisions and prevent abuse of process. Section 105(d) empowers courts to issue orders prescribing "limitations and conditions" to ensure cases are handled "expeditiously and economically." Federal Rule of Bankruptcy Procedure 9011 provides sanctions authority for motions filed for improper purposes including harassment and unnecessary delay.

If the Court does not deny Mr. Traudt's motions outright, it should exercise its § 105 and Rule 9011 authority to preclude duplicative or harassing filings and to centralize discovery through the Trustee.

## VIII.   CONCLUSION.

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order:

a)   Denying each of the Traudt Motions in full for lack of standing and, independently, for failure to satisfy Rule 2004's party-in-interest and good-cause requirements;

b)   In the alternative, if any motion is not denied outright, limiting any discovery to narrowly tailored topics expressly tied to the administration of Meta's estate, to be conducted solely by or at the direction of the Chapter 7 Trustee, with appropriate protections and without duplicating existing Trustee efforts; and,

/ / /

/ / /

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

8

c)    Granting such further relief as the Court deems just and proper.

DATED this  23rd  day of April, 2026.

SBW LAW GROUP
3600 Mayberry Drive
Reno, Nevada 89509


_____*/s/ Clayton P. Brust*_____
CLAYTON P. BRUST, ESQ.
HANNAH E. WINSTON, ESQ.

JEFFREY L. HARTMAN, ESQ.
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509

*Attorneys for Christina Lovato, Trustee*

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

9

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that I am an employee of SBW LAW GROUP, and that on this date I caused a true copy of the **OMNIBUS OPPOSITION TO SCOTT TRAUDT'S RULE 2004 MOTIONS AND NOTICES** to be served via ECF to the following:

MICHAEL R. BRUNET on behalf of Creditor GEORGIOS PALIKARAS, mbrunet@cooperlevenson.com

DAVID ERNESTO CHAVEZ on behalf of Defendant THE NASDAQ STOCK MARKET LLC, chavezd@ballardspahr.com, LitDocket_West@ballardspahr.com

BRADLEY A. COSMAN on behalf of Debtor META MATERIALS INC., bcosman@perkinscoie.com

JIMMY F. DAHU on behalf of Other Prof. CITADEL SECURITIES LLC, jdahu@mcdonaldcarano.com, sbettinger@mcdonaldcarano.com

KAWA FOAD on behalf of Creditor BRAD DAVIS, Creditor DANIEL R. AUXIER, and Creditor Marcos Monteiro, kfoad@kf-law.com

JEFFREY L HARTMAN on behalf of Trustee CHRISTINA W. LOVATO, notices@bankruptcyreno.com, abg@bankruptcyreno.com

MICHAEL R. HOGUE on behalf of Other Prof. Anson Funds Management LP, hoguem@gtlaw.com, michael-hogue-0383@ecf.pacerpro.com; flintza@gtlaw.com; JavieAnne.Bauer@gtlaw.com; andersonel@gtlaw.com; navarrom@gtlaw.com

MATTHEW L. JOHNSON on behalf of Creditor David Chester, Creditor David Sokolove, and Creditor Jonathan Edwards, mjohnson@mjohnsonlaw.com, annabelle@mjohnsonlaw.com; kristi@mjohnsonlaw.com; kathra@mjohnsonlaw.com; admin@mjohnsonlaw.com

CHRISTINA W. LOVATO, trusteelovato@att.net, NV26@ecfcbis.com

JARROD L RICKARD on behalf of Interested Party VIRTU FINANCIAL LLC, jlr@semenzarickard.com, oak@semenzarickard.com, alb@semenzarickard.com

U.S. TRUSTEE - RN – 7, USTPRegion17.RE.ECF@usdoj.gov

RYAN J. WORKS on behalf of Other Prof. CITADEL SECURITIES LLC, rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com; bgrubb@mcdonaldcarano.com

SCOTT TRAUDT, 191 Kibling Hill Rd., Strafford, VT 05072

Dated this __23rd__ day of April, 2026.

_/s/ Isabella Esguerra_
Employee of SBW Law Group

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051