David S. Norris (Authorized under FRCP 45(f))
SQUIRE PATTON BOGGS (US) LLP
david.norris@squirepb.com
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
Tel. (602) 528-4000 | Fax (602) 253-8129

*Counsel for Nonparty Financial
Industry Regulatory Authority, Inc.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

META MATERIALS INC.,

Debtor(s).

Case No.: 24-50792-gs
Chapter 7

**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S OPPOSITION TO SCOTT TRAUDT'S MOTIONS FOR RULE 2004 EXAMINATION**

**Hearing Date**: May 7, 2026
**Hearing Time**: 1:30 PM

## Introduction

Scott Traudt has filed six motions for Rule 2004 examinations. Docs. 2637–39, 2661, 2671–75. Mr. Traudt seeks Rule 2004 examinations of the Chapter 7 Trustee Christine Lovato, three financial firms—Sabby Management, LLC, Jane Street Group, LLC, and Charles Schwab & Co. ("Charles Schwab")—Gregory McCabe (the Chairman and Chief Executive Officer of Next Bridge Hydrocarbons, Inc.), and Financial Industry Regulatory Authority, Inc. ("FINRA"). Mr. Traudt's motion for a Rule 2004 examination from FINRA requests nine categories of documents and information, including documents and communications relating to "Electronic Blue Sheets," "FINRA internal communications," communications "between FINRA and the SEC," communications "between FINRA and the U.S. Department of Justice and/or FinCEN," and much more. Doc. 2639 at 15–18. Mr. Traudt also seeks to examine a corporate representative from FINRA on five separate topics. *Id.* at 18–19.

On April 9, 2026, this Court entered an Order regarding Mr. Traudt's motions for Rule 2004 examinations. Order (Doc. 2689). The Court stated that Mr. Traudt's requests "raise concerns

-1-

that should be addressed prior to entry of any orders." *Id.* at 1–2. Those concerns included that "the requested Rule 2004 examinations are to further Mr. Traudt's claims, impinge on the chapter 7 trustee's administration of the estate, and may violate the pending proceeding rule." *Id.* at 1–2. The Court thus allowed the Trustee, the financial firms, Mr. McCabe, and FINRA to respond to Mr. Traudt's motions and set a hearing on Mr. Traudt's motions for May 7, 2026 at 1:30pm. *Id.* at 5. FINRA submits this response in opposition to Mr. Traudt's motion to obtain a Rule 2004 examination from FINRA (Docs. 2639, 2671).

<u>**Argument**</u>

FINRA respectfully requests that the Court deny Mr. Traudt's motion to obtain a Rule 2004 examination of FINRA for four separate reasons.

<u>**First**</u>, the Court is correct that Mr. Traudt is improperly using Rule 2004 to further litigation that Mr. Traudt has already filed outside this bankruptcy. On July 17, 2024, Mr. Traudt sued FINRA, Charles Schwab, former SEC Chairman Gary Gensler, and other nonparties in the U.S. District Court for the District of Vermont. *See Traudt v. Rubenstein et al.*, No. 2:24-cv-00782 (D. Vt. filed July 17, 2024). Mr. Traudt sought expedited discovery from FINRA in that action, seeking much of the very same discovery that Mr. Traudt now seeks from FINRA pursuant to Rule 2004, like Electronic Blue Sheets. Motion for Expedited Discovery for Electronic Blue Sheets, *Traudt*, No. 2:24-cv-00782 (Doc. 14). The Vermont federal court denied Mr. Traudt's request for expedited discovery from FINRA (Doc. 82), dismissed Mr. Traudt's claims against FINRA (Doc. 103), compelled Traudt to arbitrate his claims against Charles Schwab (Doc. 113), and entered final judgment against Mr. Traudt and in favor of FINRA on January 8, 2026 (Doc. 158).

Mr. Traudt's attempt two months later to use Rule 2004 requests in this bankruptcy to obtain the very discovery from FINRA that he sought but could not obtain in his private litigation against FINRA is patently improper. *See, e.g.*, *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 628 (Bankr. D. Del. 2016) (an investigation into the existence of claims against non-debtor third parties "does not fall within the scope of purpose of Rule 2004"); *In re Enron Corp.*, 281 B.R. 836, 841 (Bankr. S.D.N.Y. 2002) ("Rule 2004 examinations [should] not be used as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure."); *In re Rothstein Rosenfeldt*

*Adler, P.A.*, 2011 WL 5417086, at *2 (Bankr. C.D. Ill. Nov. 8, 2011) ("discovery pertaining to a cause of action owned by a non-debtor third party is not within the scope of Rule 2004."). There is not "good cause" to permit Mr. Traudt to use this bankruptcy to seek the same discovery from FINRA that he sought unsuccessfully in private litigation from FINRA and that would not further the debtors' bankruptcy proceeding. *See, e.g.*, *In re Lee*, 2021 WL 2283910, at *4 (B.A.P. 9th Cir. June 3, 2021) (affirming denial for Rule 2004 motion where movant did not carry his "burden of showing 'good cause' for the examination" because the examination did "not affect the administration of the estate or Debtor's right to a discharge"); *In re Enron,* 281 B.R. at 843 & n.7 (Bankr. S.D.N.Y. 2002) (denying Rule 2004 motion; "the Court does not find [the movant's offered justifications] credible" when " there are other clear indications that the motivation for the request is not for the purpose of investigating matters which may affect the administration of the bankruptcy estate, but to advance the non-bankruptcy agenda of the applicant").

**Second**, the Court is correct that Mr. Traudt's motion for a Rule 2004 examination of FINRA is improper because Mr. Traudt has no role in investigating potential claims on behalf of the bankruptcy estate. Mr. Traudt repeatedly asserts in his motion that his requests to FINRA are intended "to answer a narrow set of questions central to the estate's investigation." Doc. 2639 ¶ 1; *see also id.* ¶ 2 ("The requested discovery is directed to … whether the estate holds recoverable claims …."); *id.* ¶ 4 ("[T]he requested production … may be used by the Chapter 7 Trustee and Special Counsel in investigating and pursuing estate claims for the benefit of the estate."); *id.* ¶ 16 ("The requested production will also assist the Chapter 7 Trustee and Special Counsel in investigating potential estate claims."). As the Court has correctly observed, "Mr. Traudt is not employed by the Trustee or the court to assist with the administration of Debtor's bankruptcy case," so Mr. Traudt's attempt to obtain discovery regarding potential claims "intrud[es] upon the trustee's duties" and his "examination can serve no real purpose." Order at 3–4 (quoting *In re J & R Trucking, Inc.*, 431 B.R. 818, 822 (Bankr. N.D. Ind. 2010)). The Chapter 7 Trustee Christine Lovato has previously made the same point to the Court. Doc. 2141 at 13 ("Mr. Traudt is an improper intervenor without standing … [because] the Trustee is the representative of the MMAT

chapter 7 estate and has employed attorney[s] to represent the estate in an investigation of the events leading up to the MMAT petition.").

Mr. Traudt's motion for a Rule 2004 examination from FINRA should be denied for this reason, as well. *See, e.g.*, *In re J & R Trucking*, 431 B.R. at 822 ("To the extent the movants seek to discover [claims belonging to the estate], they are intruding upon the trustee's duties and taking those duties upon themselves."). And because Mr. Traudt has no role in investigating claims on behalf of the debtor, he has failed to carry his "burden of showing the request was within the scope of Rule 2004 and that good cause existed to permit the examination." *In re Lee*, 2021 WL 2283910 at *4. Indeed, the only potential bases for Mr. Traudt's request appear to be an improper attempt to obtain "a strategic advantage in fishing for potential private litigation." *In re Defoor Ctr., LLC*, 634 B.R. 630, 640 (Bankr. M.D. Fla. 2021);

**Third**, Mr. Traudt is not a party in interest under Rule 2004 because Mr. Traudt does not have an equity interest in the debtor. Mr. Traudt filed a proof of interest asserting his "Equity Interest" as 305 shares of MMTLP. Doc. 2166 at 1. But MMTLP was never equity stock in the debtor. Instead, MMTLP was "a preferred stock dividend" through which "proceeds from the sale of Torchlight's oil and gas assets would be allocated to Torchlight's legacy shareholders." *SEC v. Brda,* 2024 WL 4817475, at *1 (S.D.N.Y. Nov. 18, 2024). On December 14, 2022—nearly two years before the debtor' bankruptcy petition—the debtor spun off this preferred dividend MMTLP into a separate company, Next Bridge Hydrocarbons, Inc. ("NBH"). Ex. 10 to FINRA's Motion to Quash (Doc. 2622). MMTLP shares were canceled by the debtor and reissued by NBH as common stock. *Id.* Purchasers of MMTLP like Mr. Traudt have thus never held an equity interest in the debtor, they became NBH shareholders as of December 2022, and they have held no interest of any kind in the debtor or this bankruptcy since December 2022. *Id.* The Trustee agrees that Mr. Traudt and other MMTLP shareholders have no standing to participate in the bankruptcy. Doc. 2141 at 4 ("Mr. Traudt's 305 shares of MMTLP acquired at the end of November 2022 do not equate to an interest in MMAT."); *id.* at 5 ("[W]hatever residual rights [Mr. Traudt] may hold are

-4-

interests in NBH, a legally separate entity.").[1]

Mr. Traudt's lack of any interest in the debtor is not overcome by his proof of interest. Only a properly filed proof of interest that "includes the facts and documents necessary to support the claim" can constitute "prima facie evidence of the validity and amount of the claim." *In re New Century TRS Holdings, Inc.*, 495 B.R. 625, 633 (Bankr. D. Del. 2013). Mr. Traudt's proof of interest does not include facts or documents to support a claim to an equity interest in the debtor, because Mr. Traudt only asserts and includes documents to support his purchase of the MMTLP preferred dividend. Doc. 2166 at 1. It is undisputed that MMTLP preferred dividend was never an equity interest in the debtor and was cancelled by the debtor and reissued as stock for a separate company prior to the debtor's bankruptcy petition. Ex. 10 to FINRA's Motion to Quash (Doc. 2622 at 216); *see also* Ex. 9 to FINRA's Motion to Quash (Doc. 2622 at 180); Doc. 2141 at 4.

**Fourth**, Mr. Traudt's motion for a Rule 2004 examination from FINRA—including the specific documents Mr. Traudt seeks from FINRA—are improper for numerous other reasons, many of which were already briefed in connection with FINRA's Motion to Quash. *See* Docs. 2622, 2626, 2664. This includes that the documents and information Mr. Traudt seeks as part of his Rule 2004 examination of FINRA include privileged, work product, and other protected material and are otherwise unduly burdensome, abusive, and harassing, particularly given Mr. Traudt's lack of any legitimate interest in obtaining or using this information as part of this bankruptcy. FINRA thus reserves all rights and objections in the event Mr. Traudt obtains and serves any subpoenas for documents or a Rule 2004 examination on FINRA.

### Conclusion

For the foregoing reasons, the Court should deny Mr. Traudt's motion for a Rule 2004 examination of FINRA (Docs. 2639, 2671).

---

[1] *See also* Trustee's Response to Motion for Leave to File Amended Amicus Brief, *In Re Motion to Quash Subpoenas to Nonparty Financial Industry Regulatory Authority, Inc.*, No. 1:25-mc-00129 (D.D.C. filed Sept. 3, 2025) (Doc. 11) ("[A] former MMTLP shareholder ... is not an interested party" because "[t]he *In re Meta Materials* bankruptcy only involves the ticker MMAT, for Meta Materials.").

-5-

Respectfully submitted April 23, 2026.

/s/ *David S. Norris*
David S. Norris (Authorized under FRCP 45(f))
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
Tel.: (602) 528-4013 | Fax: (602) 253-8129
david.norris@squirepb.com

*Counsel for Nonparty Financial Industry Regulatory Authority, Inc.*