Abran E. Vigil
Nevada Bar No. 7548
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardpahr.com

Attorney for Charles Schwab & Co., Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Meta Materials Inc.,<br><br>             Debtor. | Case No.: 24-50792-gs<br>Chapter 7<br><br>**CHARLES SCHWAB & CO., INC.'S OPPOSITION TO PARTY IN INTEREST SCOTT TRAUDT'S MOTION FOR RULE 2004 EXAMINATION** |

Pursuant to the Court's April 9, 2026 Order on Motions for Rule 2004 Examinations (ECF No. 2689), Charles Schwab & Co., Inc. ("Schwab") hereby submits this opposition to the motion for entry of an order authorizing a Rule 2004 examination of Schwab filed by Scott Traudt ("Traudt"), a party in interest, on March 24, 2026 (ECF No. 2661).

I.     BACKGROUND

As summarized by the U.S. District Court for the District of Vermont, Traudt "purchase[d] 305 shares of MMTLP at $9.62 a share on 30 November 2022 . . . for a total of $2,934.95. On December 9, 2022, FINRA halted trading of MMTLP due to an extraordinary event, which [Traudt] claims proximately caused him more than $1,000,000 in damages." *Traudt v. Rubenstein*, No. 2:24-CV-782, 2024 WL 5120050, at *3 (D. Vt. Dec. 16, 2024) (internal punctuation and citations omitted).[1] Traudt

---

[1] FINRA has published detailed explanations of the relevant facts and sequence of events. *See, e.g.*, FINRA, *FAQ: MMTLP Corporate Action and Trading Halt* (Mar. 16, 2023), https://www.finra.org/investors/insights/FAQ-MMTLP-corporate-action-and-trading-halt (last visited Apr. 23, 2026); FINRA, *Supplemental FAQ: MMTLP*

Ballard Spahr LLP
999 Peachtree Street
Suite 1000
Atlanta, GA 30309-3915
Telephone: 678.420.9300

BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135-2958
Tel (702) 471-7000 Fax (702) 471-7070

filed suit against Schwab based on that contention.  His claims against Schwab "f[e]ll squarely within the broad scope of the arbitration clauses" in agreements Traudt had executed, and accordingly, Traudt's claims against Schwab were compelled to arbitration.  *Traudt*, 2024 WL 5120050, at *8.

Traudt has since filed an arbitration claim against Schwab through FINRA's Office of Dispute Resolution Services.  See ECF no. 2662 at 2 ¶ 5.  FINRA arbitrations are governed by procedures including a Discovery Guide for Customer Disputes.  The Discovery Guide asks brokerage firm to produce "[a]ll recordings, telephone logs, and notes of telephone call or conversations about the transactions at issue. . . ."  Thus, to the extent that relevant call recordings exist, Schwab has automatically been asked to produce them by virtue of the Discovery Guide

Nonetheless, in this case, Traudt seeks to conduct a Rule 2004 examination about a telephone conversation he claims to have had with a TD Ameritrade[2] representative on March 20, 2023, more than three months after the MMTLP trading halt.  *See generally* ECF No 2662 ("Motion").  Traudt argues vaguely, and in varying articulations, that the material he seeks through the Rule 2004 examination "may bear on potential estate investigation and on whether non-debtor evidence related to those issues was preserved, migrated, or lost."  ECF No. 2661 at 9, ¶ 31.

## II.   ARGUMENT

### A.     The Motion Should Be Denied Based upon the Pending Proceeding Rule.

"Under the pending proceeding rule, Rule 2004 examinations are limited after an adversary proceeding or other litigation is filed because 'a litigant might receive an unfair advantage in litigation because requests for production and examinations under Rule 2004 lack some of the procedural safeguards that exist for discovery

---

*Corporate Action and Trading Halt* (Nov. 6, 2023), https://www.finra.org/investors/insights/supplemental-faq-mmtlp-corporate-action-and-trading-halt (last visited Apr. 23, 2026).

[2] FINRA has published detailed explanations of the relevant facts and sequence of events.  *See, e.g.*, FINRA, *FAQ: MMTLP Corporate Action and Trading Halt* (Mar. 16, 2023), https://www.finra.org/investors/insights/FAQ-MMTLP-corporate-action-and-trading-halt (last visited Apr. 23, 2026); FINRA, *Supplemental FAQ: MMTLP Corporate Action and Trading Halt* (Nov. 6, 2023), https://www.finra.org/investors/insights/supplemental-faq-mmtlp-corporate-action-and-trading-halt (last visited Apr. 23, 2026).

BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135-2958
Tel (702) 471-7000 Fax (702) 471-7070

conducted in pending litigation.'" *In re Combs*, 668 B.R. 896, 906 (Bankr. M.D. Fla. 2025) (quoting *In re 3 Kings Constr. Residential LLC*, No. 22-10965-PMB, 2024 WL 2264338, at \*3 (Bankr. N.D. Ga. May 17, 2024)).  The pending proceeding rule seeks to prevent such imbalance by restricting the availability of Rule 2004 to a party who is involved in a separate adversarial proceeding with the party seeking to be examined.  *Cf. In re Metal Recovery Sols., Inc.,* 2023 WL 215285, at \*9 (B.A.P. 9th Cir. Jan. 17, 2023) ("The [pending proceeding] rule stands for the proposition that if an adversary proceeding or a contested matter is pending and related to the instant dispute, then the parties to that proceeding or matter may no longer utilize the liberal provisions of Rule 2004 and should utilize the discovery devices provided for in Rules 7026 through 7037."); *In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010) ("A 2004 examination, on the other hand, not only does not require the existence of litigation to justify the inquiry, but, such a dispute prevents recourse to it.").

Under these authorities, Traudt's effort to use Rule 2004 against Schwab is plainly improper.  Traudt's dispute against Schwab predates his Motion in this case.  As a party to an ongoing arbitration administered by FINRA Dispute Resolution Services, Traudt already has access to typical discovery procedure.  *But see J & R Trucking, Inc.*, 431 B.R. at 821 ("If the traditional discovery tools are available the potential examiner is required to use them and may not take advantage of Rule 2004."). Indeed, in his motion, Traudt admits that he was informed by Schwab's counsel that he could request the information he is seeking in the arbitration.  See ECF No. 2661 at 5, ¶ 15.

Because Traudt's motion for a Rule 2004 examination violates the pending proceeding rule, it must be denied.  *See In re Bd. of Directors of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) (denying Rule 2004 motion as there was a separate arbitration pending in a foreign country).

B.    <u>The Motion is Improper Because the Chapter 7 Trustee Has Already Sought Rule 2004 Discovery from Schwab.</u>

In any event, it is the Chapter 7 Trustee's role to pursue claims on behalf of the estate, not Traudt's.  Rule 2004 movants are not to "intrud[e] upon the trustee's duties and tak[e] those duties upon themselves."  J & R Trucking, Inc., 431 B.R. at 821.  Here, the Chapter 7 trustee has already pursued Rule 2004 discovery from Schwab and TDA.  See ECF Nos. 1625 & 1627.  Traudt is merely arguing, implicitly, that the trustee asked Schwab the wrong questions.  As such, the Motion "intrudes" on the trustee's role."

Moreover, Traudt's averments about the potential relevance to the estate of his purported phone call are meaningless statements such as that the alleged call (purportedly with a brokerage firm's telephone representative, three months after a different and unaffiliated entity had halted trading in a series of the debtor's preferred stock) "could sharpen the estate's evaluation of potential third party claims by providing a primary-source account rather than leaving the estate to proceed on summaries, recollections, or hearsay."  ECF No. 2661 at 11, ¶ 43.  Traudt does not identify any specific estate claims that could be pursued based upon the information he seeks, nor even explain how the alleged phone call could bear upon any matter affecting this bankruptcy case.

III.    <u>CONCLUSION</u>

Schwab respectfully requests that the Court deny Traudt's Motion.

BALLARD SPAHR LLP


By: <u>*/s/ Abran E. Vigil*</u>
     Abran E. Vigil
     Nevada Bar No. 7548
     1980 Festival Plaza Drive, Suite 900
     Las Vegas, NV  89135-2958
     Tel (702) 471-7000
     Fax (702) 471-7070
     vigila@ballardspahr.com
     *Counsel for Charles Schwab & Co., Inc.*

BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135-2958
Tel (702) 471-7000  Fax (702) 471-7070

## CERTIFICATE OF SERVICE

I certify that on April 23, 2026, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ C. Wells
An Employee of BALLARD SPAHR LLP

BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135-2958
Tel (702) 471-7000  Fax (702) 471-7070

5