United States Bankruptcy Court

District of Nevada

In re:                                                                                          Case No. 24-50792-gs

META MATERIALS INC.                                                              Chapter 7

     Debtor

# CERTIFICATE OF NOTICE

| District/off: 0978-3 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 04, 2026 | Form ID: pdf928 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 06, 2026:**

**Recip ID**     **Recipient Name and Address**
cr     +  DANIELLE SPEARS, 10701 N. 99TH AVE, LOT 159, PEORIA, AZ 85345-5441

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 06, 2026     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 4, 2026 at the address(es) listed below:**

**Name**     **Email Address**

ABRAN E. VIGIL
     on behalf of Interested Party Charles Schwab & Co.  Inc. VigilA@ballardspahr.com, Docketclerk_lasvegas@ballardspahr.com

BRADLEY A. COSMAN
     on behalf of Debtor META MATERIALS INC. bcosman@perkinscoie.com

CHRISTINA W. LOVATO
     trusteelovato@att.net  NV26@ecfcbis.com

CLAYTON BRUST
     on behalf of Trustee CHRISTINA W. LOVATO cbrust@sbwlawgroup.com  iesguerra@rssblaw.com

DAVID ERNESTO CHAVEZ
     on behalf of Interested Party THE NASDAQ STOCK MARKET LLC chavezd@ballardspahr.com LitDocket_West@ballardspahr.com

DAVID ERNESTO CHAVEZ
     on behalf of Defendant THE NASDAQ STOCK MARKET LLC chavezd@ballardspahr.com  LitDocket_West@ballardspahr.com

District/off: 0978-3 | User: admin | Page 2 of 2
Date Rcvd: May 04, 2026 | Form ID: pdf928 | Total Noticed: 1

**DAVID S. NORRIS**

on behalf of Interested Party FINANCIAL INDUSTRY REGULATORY AUTHORITY  INC. david.norris@squirepb.com, tanya.skeet@squirepb.com,sarah.conley@squirepb.com,phx_dckt@squirepb.com

**HANNAH E. WINSTON**

on behalf of Trustee CHRISTINA W. LOVATO HWINSTON@SBWLAWGROUP.COM  cobrien@rssblaw.com

**JARROD L RICKARD**

on behalf of Interested Party VIRTU FINANCIAL LLC jlr@semenzarickard.com oak@semenzarickard.com,alb@semenzarickard.com

**JEFFREY L HARTMAN**

on behalf of Trustee CHRISTINA W. LOVATO notices@bankruptcyreno.com  abg@bankruptcyreno.com

**JIMMY F. DAHU**

on behalf of Other Prof. CITADEL SECURITIES LLC jdahu@mcdonaldcarano.com  sbettinger@mcdonaldcarano.com

**KAWA FOAD**

on behalf of Creditor BRAD DAVIS kfoad@kf-law.com

**KAWA FOAD**

on behalf of Creditor Marcos Monteiro kfoad@kf-law.com

**KAWA FOAD**

on behalf of Creditor DANIEL R. AUXIER kfoad@kf-law.com

**MATTHEW C. ZIRZOW**

on behalf of Interested Party JANE STREET GROUP LLC mzirzow@lzlawnv.com hannah@lzlawnv.com;carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;bchambliss@lzlawnv.com

**MATTHEW L. JOHNSON**

on behalf of Creditor David Chester mjohnson@mjohnsonlaw.com annabelle@mjohnsonlaw.com;kristi@mjohnsonlaw.com;admin@mjohnsonlaw.com

**MATTHEW L. JOHNSON**

on behalf of Creditor Jonathan Edwards mjohnson@mjohnsonlaw.com annabelle@mjohnsonlaw.com;kristi@mjohnsonlaw.com;admin@mjohnsonlaw.com

**MATTHEW L. JOHNSON**

on behalf of Creditor David Sokolove mjohnson@mjohnsonlaw.com annabelle@mjohnsonlaw.com;kristi@mjohnsonlaw.com;admin@mjohnsonlaw.com

**MICHAEL R. BRUNET**

on behalf of Creditor GEORGIOS PALIKARAS mbrunet@cooperlevenson.com

**MICHAEL R. HOGUE**

on behalf of Other Prof. Anson Funds Management LP hoguem@gtlaw.com michael-hogue-0383@ecf.pacerpro.com;flintza@gtlaw.com;JavieAnne.Bauer@gtlaw.com;andersonel@gtlaw.com;navarrom@gtlaw.com

**RYAN J. WORKS**

on behalf of Other Prof. CITADEL SECURITIES LLC rworks@mcdonaldcarano.com kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

**U.S. TRUSTEE - RN - 7**

USTPRegion17.RE.ECF@usdoj.gov

TOTAL: 22



_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
May 04, 2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

META MATERIALS INC.,

                Debtor(s).

Case No.: 24-50792-gs
Chapter 7

<u>Hearing Date</u>
DATE: June 16, 2026
TIME:  9:30 a.m.

### ORDER (1) DENYING MOTIONS FOR SHORTENED TIME AND (2) SETTING HEARING AND RELATED DEADLINES

On February 11, 2026, interested party Danielle Spears filed two motions: (1) Motion to Determine Standing of Movant and for Determination of Adequacy of Notice and Validity of Bar Date (ECF No. 2586); and (2) Motion for Determination and Clarification of Record Regarding Disclosures, Conflicts of Interest, Data Acquisition, Verification of Subpoena Compliance, Litigation Funding, and Preservation of Evidence (ECF No. 2587).

On February 19, 2026, Ms. Spears filed an additional motion entitled Motion for Leave to Exceed Page Limit and for Order  Deeming Previously Filed Motion Compliant Nunc Pro Tunc (ECF No. 2597) (together, the Motions).

On April 27, 2026, Ms. Spears filed a notice of hearing indicating that the Motions were set for hearing on May 7, 2026 (ECF No. 2747). Ms. Spears' signature thereon was dated April 6, 2026, though it was filed on April 27, 2026. The initial notice did not provide an objection deadline, rendering the notice deficient. Nevada Local Bankruptcy Rule 9014(b)(1)(C) and (D).

1

The court does not consider the failure to provide the deadline to object to the relief sought by Ms. Spears to be a technical deficiency.

Also on April 27, 2026, Ms. Spears filed an amended notice of hearing on the Motions (ECF No. 2748) (Amended Notice). The amended notice advised that oppositions to the Motions were due on April 23, 2026, though it did not include a brief description of the relief sought. Ms. Spears dated the amended notice April 22, 2026. Accordingly, the amended notice required opposition to the Motions the very next day after it was signed and five days after the amended notice was docketed. This is also deficient notice.

Finally, on April 27, 2026, Ms. Spears filed a motion seeking authorization to set her Motions for hearing on shortened notice (ECF No. 2746) (Motion for OST), asserting that notice of the hearing had been filed with the court on April 6, 2026, but had been deficient for the failure to state an opposition deadline. The chapter 7 trustee has opposed the Motion for OST (ECF No. 2755). Ms. Spears renewed her request for shortened time with a motion filed on May 4, 2026 (ECF No. 2757).

The court has reviewed the case docket, and it appears that no notice of hearing on the Motions was filed with the court on April 6, 2026, or at any time prior to April 27, 2026. That being Ms. Spears' chief argument in support of shortening the time for a hearing on the Motions, the court is not persuaded that shortened notice is appropriate in this instance. Further the Amended Notice does not provide adequate notice of the hearing and the deadline for oppositions under either the Federal or Local Bankruptcy Rules. Finally, the court does not agree that re-scheduling the hearing for proper notice of that hearing and the objection deadline would result in unnecessary delay or inefficiency.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Shorten Time for Hearing on Movant's Motions (ECF No. 2746) and the Emergency Motion to Cure Notice and Shorten Time to Permit Movant's Matters to be Heard on May 7, 2026 (ECF No. 2757), are DENIED. Any hearings on

the Motions scheduled for May 7, 2026, are VACATED. Argument on the Motions will not be heard on May 7, 2026, and no appearances are required on that date for that purpose.

IT IS FURTHER ORDERED that the court will hear the following motions on **June 16, 2026, at 9:30 a.m.** by remote appearance via Zoom webinar:

1. Motion to Determine Standing of Movant and for Determination of Adequacy of Notice and Validity of Bar Date (ECF No. 2586);

2. Motion for Determination and Clarification of Record Regarding Disclosures, Conflicts of Interest, Data Acquisition, Verification of Subpoena Compliance, Litigation Funding, and Preservation of Evidence (ECF No. 2587);

3. Motion for Leave to Exceed Page Limit and for Order Deeming Previously Filed Motion Compliant Nunc Pro Tunc (ECF No. 2597); and

4. New Motion for Clarification and Supplemental Disclosure Regarding Conflicts, Rule 2014, and Litigation Funding (ECF No. 2744).

IT IS FURTHER ORDERED that oppositions to the Motions must be filed with the court and served on Ms. Spears and her counsel, if any, **no later than June 2, 2026**.

IT IS FURTHER ORDERED that replies to any oppositions must be filed with the court and served on opposing parties and their counsel, if any, **no later than June 9, 2026**.

IT IS FINALLY ORDERED that a Courtroom Deputy will email participants a link to the webinar no later than one (1) day prior to the hearing with the necessary information to connect for remote participation. The parties shall be responsible for ensuring that all participants have appropriate access to Zoom. To the extent that any participant does not have access to participate in the hearing through the Zoom webinar, participation may be telephonic.

IT IS SO ORDERED.

* * * * *

3

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

Copy sent via BNC Noticing:

DANIELLE SPEARS
10701 NORTH 99TH AVENUE, LOT 159
PEORIA, AZ 85345

# # #