

_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
May 08, 2026

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

META MATERIALS INC.,

Debtor.

Case No.: 24-50792-gs
(Chapter 7)

**STIPULATED PROTECTIVE ORDER RELATING TO SUBPOENAS TO FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.**

Hearing Date:  N/A
Hearing Time:  N/A

WHEREAS, in connection with the above-captioned bankruptcy case (the "Action"), Chapter 7 Trustee Christina Lovato ("Trustee") issued subpoenas (the "Subpoenas") to non-party Financial Industry Regulatory Authority, Inc. ("FINRA") (Trustee and FINRA collectively referred to as "the Parties;" each individually a "Party") requesting the production of certain documents and information relating to claims that the debtor may have against certain third parties (not including FINRA);

WHEREAS, FINRA is a self-regulatory organization required by federal law to regulate its member firms and their associated persons;

WHEREAS, certain information that the Trustee has sought from FINRA pursuant to the Subpoenas involves trade secrets, confidential business information, other confidential information, personal identifying information, non-public information collected for regulatory

purposes, and/or other proprietary information;

WHEREAS, the Trustee has retained Hartman & Hartman ("Hartman"), Christian Attar, Kasowitz Benson Torres LLP ("Kasowitz"), Robison, Sharp, Sullivan & Brust ("RSSB"), and Schneider Wallace Cottrell Kim LLP ("Schneider Wallace") as outside counsel to assist in the Action ("Trustee's Counsel");

WHEREAS, to facilitate FINRA's production of non-privileged, responsive material in response to the Subpoenas ("Subpoena Material"), the Parties respectfully request that the Court enter this order ("Protective Order") limiting disclosure of non-public regulatory, confidential, personal identifying, and/or proprietary information or trade secrets contained in the Subpoena Material produced in response to the Subpoenas in accordance with 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, as applicable, pursuant to Bankruptcy Rules 2004, 7026, and 9014 and Rules 26(c) and 45 of the Federal Rules of Civil Procedure.

NOW, THEREFORE, it is hereby **ORDERED** that the following terms will govern any production of Subpoena Material by FINRA in response to the Subpoenas:

1.     FINRA may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "DESIGNATED MATERIAL") for protection under this Protective Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, non-public regulatory, confidential, personal identifying, proprietary information, or trade secrets of FINRA or a third party to whom FINRA reasonably and in good faith believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). This includes, but is not limited to, documents, information, or materials that reveal:

a.     Confidential trade secrets or proprietary business information;

b.     Financial information (including tax return or bank account information; profit and loss reports or estimates; trading positions; transactional data; risk reports; liquidity reports; brokerage commission reports and summaries; commission agreements; employment contracts; documents reflecting dates, amounts and basis of renumeration of compensation;

2

materials related to fees received for services provided; and materials related to employee compensation);

    c.    Material not previously disclosed to the public related to ownership or control of any non-public company;

    d.    Materials collected for a regulatory purpose not previously disclosed to the public, including, but not limited to, information relating to any investigation;

    e.    Proprietary business information or communications, or other confidential research, development, or commercial information or communications;

    f.    Information, materials, or other documents reflecting non-public business or financial strategies, and/or confidential competitive information that, if disclosed, would result in competitive harm to the disclosing party;

    g.    Sensitive, non-public personal, client, customer, member, or associated persons information concerning individuals or other entities, including information that would be considered personally identifiable information under any applicable law and/or protected from public disclosure under relevant securities laws to include, but not limited to, the Gramm-Leach-Bliley Act and Regulation S-P;

    h.    The identity and investment positions of persons or entities who have invested in, or hold an interest in, partnerships, trusts, funds, or other investment vehicles that are produced or otherwise disclosed during the course of this Action;

    i.    Information for which applicable law, regulation, policy, or other guidance or rule of any governmental authority—foreign or domestic—requires confidential treatment, to the extent any disclosure is permitted by law; or

    j.    Any other category of information given confidential status by the Court.

Nothing in this Paragraph 1 or in this Protective Order shall affect the right, if any, of the Trustee, FINRA, or another party or witness to make any type of objection, claim, or other response to a discovery request of any type, including interrogatories, requests for admissions, requests for production of documents or questions at deposition, and to withhold production where appropriate.

2.    Protected Material shall be designated by FINRA by affixing a legend or stamp on

3

such document, information, or material as "FINRA CONFIDENTIAL" or "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY."

1.    The word "FINRA CONFIDENTIAL" OR "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.

2.    For deposition and hearing transcripts discussing or referencing DESIGNATED MATERIAL, the words "FINRA CONFIDENTIAL" OR "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice that some or all of that transcript is designated as "CONFIDENTIAL" OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3.    With respect to DESIGNATED MATERIAL, subject to the provisions herein and unless otherwise stated, this Protective Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, complete or partial summaries prepared from, and all information derived from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    Protected Material may be designated "FINRA CONFIDENTIAL" OR "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If FINRA inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL, or having applied an incorrect designation, FINRA may request destruction (or if electronic the elimination of that electronic record) of that Protected Material by

4

notifying the Trustee, as soon as reasonably possible after FINRA becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The Trustee shall then, as soon as reasonably practicable, destroy all copies of the inadvertently or unintentionally produced Protected Material (or if electronic, eliminate that electronic record and all electronic copies) and any documents, information or material derived from or based thereon. The Trustee shall not be liable for failing to treat as confidential DESIGNATED MATERIAL before it has been designated as such.

5.1     The Trustee may only disclose "FINRA CONFIDENTIAL" documents, information, and material only to the following persons:

   a.     Trustee's Counsel in the Action;

   b.     employees of Trustee's Counsel that Trustee's Counsel, in good faith, determines are reasonably necessary to assist such counsel in the litigation of this Action;

   c.     in-house counsel for the Trustee who either have decision-making authority for this Action or are assisting Trustee's Counsel in this Action;

   d.     to the extent that disclosure is reasonably necessary for the Action, current officers, directors, or employees of the Trustee who are assisting counsel in the Action;

   e.     outside consultants or experts  retained for the purpose of the Action, provided that:

      (1)     the Trustee's Counsel, in good faith, determines the consultants' or experts' assistance is reasonably necessary in connection with the Action;

      (2)     before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto;

      (3)     any part of any report created by such expert or consultant incorporating "FINRA CONFIDENTIAL" documents, information, and material, in whole or in part, shall be designated "FINRA CONFIDENTIAL" by the Trustee; and

      (4)     such experts or consultants may not use "FINRA CONFIDENTIAL" documents, information, and material for any purpose that does not relate directly to the Action (including without limitation other litigation and other work in their

respective fields);

     f.    independent litigation support services, including persons working for or as court reporters, interpreters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel in the Action, provided that:

     (1)    the Trustee's Counsel, in good faith, determines the independent litigation support services are reasonably necessary to assist in connection with the Action;

     (2)    before access is given, each person providing independent litigation support services has completed the Undertaking attached as Appendix A hereto;

     (3)    any part of any materials created by a person providing independent litigation support services that incorporates "FINRA CONFIDENTIAL" documents, information, and material, in whole or in part, shall be designated "FINRA CONFIDENTIAL" by the Trustee; and

     (4)    such persons providing independent litigation support services may not use "FINRA CONFIDENTIAL" documents, information, and material for any purpose that does not relate directly to the Action (including without limitation other litigation and other work in their respective fields);

     g.    the Court and its personnel for *in camera* review with the specific understanding that all such "FINRA CONFIDENTIAL" documents, information, and material may not be filed on the public docket unless under seal, as discussed further herein;

     h.    the author, addressee(s), or recipient(s) of the "FINRA CONFIDENTIAL" documents, information, and material, provided, however, that (i) this disclosure is made for the purpose of advancing the Trustee's claims or defenses, and for no other purposes; and (ii) the author, addressee, or recipient is not permitted to retain copies of the "FINRA CONFIDENTIAL" documents, information, and material.

5.2    The Trustee may only disclose "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents, information, and material to the following persons:

     a.    The specific attorneys at Trustees' Counsel who have entered an appearance

6

in the Action as of the date this Protective Order is entered;

b.      employees of Trustee's Counsel that Trustee's Counsel, in good faith, determines are reasonably necessary to assist such counsel in the litigation of this Action;

c.      outside consultants or experts retained for the purpose of the Action, provided that:

(1)      before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto;

(2)      any part of any report created by such expert or consultant incorporating "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents, information, or material, in whole or in part, shall be designated "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the Trustee's Counsel; and

(3)      such experts or consultants may not use "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY"  for any purpose that does not relate directly to the Action (including without limitation other litigation and other work in their respective fields);

d.      independent litigation support services, including persons working for or as court reporters, interpreters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the Action, provided that:

(1)      the Trustee's Counsel, in good faith, determines the independent litigation support services are reasonably necessary to assist counsel in connection with the Action;

(2)      before access is given, each person providing independent litigation support services has completed the Undertaking attached as Appendix A hereto;

(3)      any part of any materials created by a person providing independent litigation support services that incorporates "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents, information, and material, in whole or in part, shall be designated "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the Trustee; and

e.      the Court and its personnel for *in camera* review with the specific understanding that all such "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" may not

be filed on the public docket unless under seal, as discussed further herein.

6.   In the event any person provided access to DESIGNATED MATERIAL ("Previously Authorized Person") is no longer assisting the Trustee or the Trustee's counsel with the Action:

(1)   the Previously Authorized Person shall return or certify destruction of all DESIGNATED MATERIAL to the Trustee or Trustee's Counsel;

(2)   the Trustee shall notify FINRA that the Previously Authorized Person is no longer working with the Trustee and shall certify that the Authorized Person has returned or certified destruction of all DESIGNATED MATERIAL.

7.   Documents, information, or material produced by FINRA pursuant to the Subpoenas, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Trustee only in this Action, and shall not be used for any other purpose.

8.   Any person who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Protective Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the Action. Any such copies, duplicates, extracts, summaries, or descriptions are DESIGNATED MATERIAL subject to all of the terms and conditions of this Protective Order.

9.   Nothing in this Protective Order shall require production of documents, information, or other material that FINRA contends is protected from disclosure by the attorney-client privilege, the work product doctrine, the investigative file privilege, or other privilege, doctrine, protection, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, investigative file privilege, or other privilege, doctrine, protection, or immunity are inadvertently or unintentionally produced, such production shall not constitute a waiver of, or estoppel as to, any such privilege, doctrine, protection, or immunity. If FINRA inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, the work product

8

doctrine, the investigative file privilege, or other privilege, doctrine, protection, or immunity, FINRA may demand the return of such documents, information, or other material by promptly notifying the Trustee and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The Trustee shall gather and return all copies of such documents, information, or other material to FINRA and certify in writing to FINRA that such documents, information, or other material have been returned or destroyed as reasonably practicable (including documents, information, or material produced in electronic format).

10.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Trustee is hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

11.     At a deposition or hearing or within sixty (60) days after receipt of a deposition or hearing transcript, FINRA may designate the deposition or hearing transcript or any portion thereof as "FINRA CONFIDENTIAL" or "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Protective Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Protective Order. Until expiration of the 60-day period, the entire deposition or hearing transcript shall be treated as "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY."

12.     The Protective Order applies to material FINRA produces in response to the Subpoenas in this Action. Nothing in this Protective Order shall be deemed to prevent the Trustee from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

13.     The Trustee may request in writing to FINRA that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If FINRA does not agree to re-designation within five (5) days of receipt of the written request, the Trustee may apply to the Court for relief. Upon any such application to the Court, the burden shall be on FINRA to show why its classification is proper. In making such application, the requirements of the Federal Rules

of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, FINRA's designation shall be maintained.

14(a). Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Protective Order shall have a written and signed engagement agreement with the Trustee or Trustee's Counsel, shall be provided with a copy of this Protective Order, shall be informed that he or she is subject to the terms and conditions of this Protective Order, and shall sign the Undertaking that he or she has received a copy of, has read, and has agreed to be bound by this Protective Order. A copy of the Undertaking form is attached as Appendix A.

14(b). Each person providing litigation supports services to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Protective Order shall have a written and signed engagement agreement with the Trustee or Trustee's Counsel, shall be provided with a copy of this Protective Order, shall be informed that he or she is subject to the terms and conditions of this Protective Order, and shall sign the Undertaking that he or she has received a copy of, has read, and has agreed to be bound by this Protective Order. A copy of the Undertaking form is attached as Appendix A.

15.    If the Trustee or Trustee's Counsel is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of DESIGNATED MATERIALS, the Trustee or the Trustee's Counsel must: (a) promptly notify FINRA in writing, with such notification to include a copy of the subpoena or court order; (b) promptly notify in writing the person who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order, with such notification to include a copy of this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by FINRA. If FINRA timely seeks a protective order, the Trustee or the Trustee's Counsel shall not produce any information designated in this action as "FINRA CONFIDENTIAL" or "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY," before a determination by the court from which the subpoena or order issued, unless the Trustee has obtained FINRA's express, written consent. FINRA shall bear the burden and expense

of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging the Trustee or the Trustee's Counsel to disobey a lawful directive from another court.

16.    Sealing of DESIGNATED MATERIAL Filed with or Submitted to Court: Unless otherwise agreed in writing by FINRA, all DESIGNATED MATERIAL filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose DESIGNATED MATERIAL, shall be filed under seal in accordance with the Federal Rules of Civil Procedure, Bankruptcy Rules, Local Rules, and the practice rules of the Court. It shall be the burden of the Movant who desires to serve any document to establish with the Court the bona fide reason(s) for which the document(s) requested are to be sealed.

17.    In the event an adversary proceeding is filed in this Action such that DESIGNATED MATERIAL may need to be used in depositions or open court, the Trustee and FINRA shall timely meet and confer on an amendment to this Order that permits the reasonable use of such DESIGNATED MATERIAL while protecting the confidentiality of such information.

18.    Within thirty (30) days of final termination of this Action, including any appeals, the Trustee shall return or destroy as reasonably practicable all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, information derived from, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in the Action). The Trustee shall verify the return or destruction by affidavit furnished to FINRA within five (5) days of completing the return or destruction.

19.    The failure to designate documents, information, or material in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude redesignation pursuant to Paragraph 4 of this Protective Order or the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

20.     If FINRA or the Trustee knows or believes that any other party is in violation of, or intends to violate, this Protective Order and has raised the question of violation or potential violation with the opposing counsel and has been unable to resolve the matter by agreement, may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Protective Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation or potential violation of this Protective Order.

21.     Production of DESIGNATED MATERIAL by FINRA to the Trustee in response to the Subpoenas shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim FINRA may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

22.     Nothing in this Protective Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of FINRA to assert any applicable discovery or trial privilege.

23.     The Trustee shall not use documents, information, or materials designated pursuant to this Protective Order for any purpose not directly related to the Action without FINRA's express, written consent.

24.     Nothing in this Protective Order shall prevent FINRA from disclosing its own information that it has designated pursuant to this Protective Order, as it deems appropriate. Nothing in this Order affects the right of FINRA to use or disclose its own Subpoena Material in any way. Such disclosure will not waive the protections of this Order and will not otherwise entitle other parties, non-parties, or their attorneys to use or disclose such Subpoena Material in violation of this Order.

25.     The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Action.

26.     The Court retains discretion as to whether, in orders and opinions, to afford confidential treatment to information that has been redacted, sealed, or designated pursuant to this

Protective Order.

27. This Order is a procedural device intended to protect Subpoena Material designated pursuant to this Protective Order. Nothing in this Order shall affect any rights or obligations unrelated to the confidentiality of Subpoena Material.

28. Nothing contained herein shall be deemed a waiver or relinquishment by FINRA or the Trustee of any objection, including, but not limited to, any jurisdictional objection by FINRA, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested, any right to object to any discovery or subpoena request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

**SO STIPULATED AND AGREED:**

SQUIRE PATTON BOGGS (US) LLP

By: */s/ David S. Norris*
      David S. Norris
      2325 E. Camelback Road, Suite 700
      Phoenix, Arizona 85016
      T +1 602 528 4013
      david.norris@squirepb.com

      *On behalf of Financial Industry Regulatory Authority, Inc.*

Schneider Wallace Cottrell Kim LLP

By: */s/ David D. Burnett*
      David D. Burnett
      2000 Powell Street, Suite 1400
      Emeryville, CA 94608
      Main Line: (415) 421-7100
      dburnett@schneiderwallace.com

      *On behalf of Chapter 7 Trustee Christina Lovato*
      *Pro Hac Vice*

/ / /

/ / /

13

Christian Attar

By: ___ */s/ James W. Christian* _____
        James W. Christian
        1177 West Loop South, Suite 1700
        Houston, TX 77027
        T: (713) 659-7617
        JChristian@christianattarlaw.com

        *On behalf of Chapter 7 Trustee Christina Lovato*
        *Pro Hac Vice*

Hartman & Hartman

By: ___ */s/ Jeffrey L Hartman, Esq.* _____
        Jeffrey L Hartman, Esq. (NSB #1607)
        510 West Plumb Lane, Suite B
        Reno, NV 89509
        T: (775) 324-2800
        jlh@bankruptcyreno.com

        *On behalf of Chapter 7 Trustee Christina Lovato*

Kasowitz Benson Torres LLP

By: ___ */s/ Stephen W. Tountas* _____
        Stephen W. Tountas
        1633 Broadway
        New York, NY 10019
        T:  (212) 506-1739
        stountas@kasowitz.com

        *On behalf of Chapter 7 Trustee Christina Lovato*
        *Pro Hac Vice*

SBW Law Group

By: ___ */s/ Clayton P. Brust* _____
        Clayton P. Brust (NSB #5234)
        3600 Mayberry Drive
        Reno, NV 89509
        T: (775) 299-4051
        cbrust@sbwlawgroup.com

        *On behalf of Chapter 7 Trustee Christina Lovato*

14

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

META MATERIALS INC.,

Debtor.

Case No.: 24-50792-hlb
(Chapter 7)

**APPENDIX A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER BETWEEN TRUSTEE AND FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.**

Hearing Date:  N/A
Hearing Time:  N/A

I, _____, declare that:

1.     My address is_____.

My current employer is_____.

My current occupation is_____.

2.     I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not authorized under the Protective Order, and will use only for purposes of this action any information designated as "FINRA CONFIDENTIAL" or "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" that is disclosed to me.

4.     Promptly upon termination of the above-captioned bankruptcy case ("the Action") or the termination of my work in support of the Action, I will return all documents, information, and materials designated as "FINRA CONFIDENTIAL" or "FINRA CONFIDENTIAL-ATTORNEYS' EYES ONLY" that came into my possession, and all documents, information, and materials that I prepared relating thereto, to the Trustee or Trustee's Counsel.

15

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

16