_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
May 27, 2026

Jeffrey L. Hartman, Esq. – NSB #1607
HARTMAN & HARTMAN
510 W. Plumb Lane
Suite B
Reno, NV 89509
Tel: 775-324-2800
Fax: 775-324-1818
Email: notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
SBW Law Group
3600 Mayberry Drive
Reno, Nevada 89509
Tel: 775-299-4051
Email: cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

*Attorneys for Christina Lovato, Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

META MATERIALS INC.,

Debtor.

Case No.: 24-50792-gs
(Chapter 7)

**ORDER GRANTING IN PART AND DENYING IN PART NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Hearing Date: **April 20, 2026**
Hearing Time: **1:30 p.m.**

The Court, having considered the Trustee's Subpoenas to FINRA in the above-captioned action (ECF 2622 at 38-57, Exhs. 1-2) (the "Trustee's Subpoenas"); Nonparty Financial Industry Regulatory Authority, Inc.'s August 6, 2025 Motion to Quash Subpoenas or, in the Alternative, for a Protective Order (the "Motion to Quash") (ECF 2622) filed by Financial Industry Regulatory Authority, Inc. ("FINRA"); the September 29, 2025 Opposition to FINRA's Motion to Quash (ECF 2624) filed by the Trustee, Christina W. Lovato ("Trustee"); FINRA's October 27, 2025 reply brief in support of its Motion to Quash (ECF 2626); the February 4, 2026 Memorandum Opinion and Order by United States Magistrate Judge G. Michael Harvey of the U.S. District Court for the District of Columbia, transferring FINRA's Motion to Quash to this Court (ECF 2604); FINRA's March 27, 2026 Supplemental Brief on Undue Burden (ECF 2664-65); the Trustee's April 3, 2026 Response to FINRA's Supplemental Brief on Undue Burden (ECF 2677-78); the parties' arguments at the April 20, 2026 oral argument on the Motion to Quash; all other materials presented to the Court; and for the reasons set forth by the Court on the record during the April 20, 2026 oral argument on FINRA's Motion to Quash; and for good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1. FINRA's Motion to Quash is **GRANTED IN PART** and **DENIED IN PART**.

2. FINRA's Motion to Quash is **DENIED** as to Request Nos. 1-3 of the Trustee's Subpoenas, including all subparts, as set forth in further detail below. FINRA shall produce responsive data in its possession, custody, and control responsive to Request Nos. 1-3.

3. The Motion to Quash is **DENIED** as to Request No. 1 of the Trustee's Subpoenas, which calls for Short Interest Reporting Data. Transcript of April 20, 2026 Oral Argument on FINRA's Motion to Quash ("Tr.") at 65:21-66:6. In response to Request No. 1, FINRA shall produce Short Interest Reporting Data reported to FINRA by member firms:

    a. Between September 21, 2020 to August 21, 2024, for the tickers TRCH and MMAT;

    b. Between June 28, 2021 to December 14, 2022, for the ticker MMTLP.

4. The Motion to Quash is **DENIED** as to Request No. 2 of the Trustee's Subpoenas, which calls for FINRA Trade Reporting Facility (TRF) Data (Tr. at 66:7-67:22).

1

a.  FINRA and the Trustee shall continue to meet and confer in good faith on the scope, timing, and cost of producing this data (including cost shifting);

b.  FINRA shall produce TRF Data reported to a FINRA TRF;

    i.  Between September 21, 2020 to August 21, 2024, for the tickers TRCH and MMAT;

    ii.  Between June 28, 2021 to December 14, 2022, for the ticker MMTLP.

c.  To the extent the production of data responsive to Request No. 2 is burdensome or imposes a significant expense in time and cost, per FRCP 45, the Trustee is **ORDERED** to bear the costs of production (Tr. at 66:16-67:3).

5.    The Motion to Quash is **DENIED** as to Request No. 3 of the Trustee's Subpoenas, which calls for Reg SHO Daily Short Sale Volume Report Data (Tr. at 67:23-68:5).  FINRA shall produce Reg SHO Daily Short Sale Volume Data reported to FINRA by member firms:

a.  Between September 21, 2020 to August 21, 2024, for the tickers TRCH and MMAT;

b.  Between June 28, 2021 to December 14, 2022, for the ticker MMTLP.

6.    The Parties have and shall continue to meet and confer regarding the timing of FINRA's production of data responsive to Request Nos. 1–3.  The Parties have made agreements regarding the scope of FINRA's production to facilitate the production of data as soon as reasonably possible (Tr. at 67:3-10, 72:5-18, 73:3-6).  FINRA has agreed to prioritize production of data in response to Request No. 2 over Requests No. 1 or 3. FINRA has further agreed to take reasonable steps to prioritize the production of data in response to Request No. 2, first as to MMAT for 2023, then 2024, then 2022, then 2021, followed by production of data in response to Request No. 2 for TRCH and then MMTLP, provided that FINRA has discretion to deviate from this prioritization to expedite or reduce the burden of production. In addition, the parties have reached agreement on the costs the Trustee will pay to FINRA for the production in response to Rule 45, which costs shall be paid to and received by FINRA prior to any production.

7.    FINRA is **ORDERED** to expedite its productions to the extent reasonably practical given potential time pressures and deadlines related to the Trustee's investigation of potential manipulation of Meta stock.

8.    The Motion to Quash is **HELD IN ABEYANCE** as to Request Nos. 4-5 of the Trustee's Subpoenas, which call for Monthly OTC Summary Report Data and Weekly OTC Summary Report Data (Tr. at 68:6-69:1).  Following the Trustee's receipt of the data responsive to Request Nos. 1–3, FINRA and the Trustee shall meet and confer regarding the data sought in response to Request Nos. 4–5 to determine what, if any, of the data sought in Request Nos. 4-5 is still needed by the Trustee, what responsive data FINRA has that is responsive to Request Nos. 4-5, and any undue burden involved in producing it.  If FINRA and the Trustee cannot reach an agreement following such meet and confers, they shall bring any remaining dispute to the attention of the Court.

9.    The productions by FINRA in response to this Order shall be subject to the Stipulated Protective Order Relating to Subpoenas to Financial Industry Regulatory Authority, Inc. (Doc. 2769).

10.    FINRA's Motion to Quash is **GRANTED** as to Request Nos. 6-9 of the Trustee's Subpoenas, and Request Nos. 6-9 of the Trustee's Subpoenas are HEREBY QUASHED in their entirety (Tr. at 69:2-71:21).

**IT IS SO ORDERED.**

Presented by:

*/s/ David D. Burnett*
David D. Burnett, Esq. (*Pro Hac Vice*)
SCHNEIDER WALLACE
COTTRELL KIM LLP
1050 30th Street NW
Washington, DC 20007
Tel : (510) 740-2939
Email: dburnett@schneiderwallace.com

Jeffrey L. Hartman, Esq. – NSB #1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
Tel: 775-324-2800
Email: notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
SBW LAW GROUP
3600 Mayberry Drive
Reno, Nevada 89509
Tel: 775-299-4051
Email: cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

*Attorneys for Christina Lovato, Trustee*

*/s/ David S. Norris (with permission)*
David S. Norris (Authorized under FRCP 45(f))
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
Tel.: (602) 528-4013 | Fax: (602) 253-8129
david.norris@squirepb.com

*Counsel for Nonparty Financial Industry Regulatory Authority, Inc.*

4

**ALTERNATIVE METHOD Re: RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the paper.

__X__ I have delivered a copy of the proposed order to all counsel who appeared at the hearing, any trustee appointed in this case and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated above.

***Trustee's Counsel:***

__X__ Prepared / Approved the form of this order

_____ Waived the right to review the order and/or

_____ Appeared at the hearing, waived the right to review the order

_____ Matter unopposed, did not appear at the hearing, waived the right to review the order

_____ Disapproved the form of this order

_____ Did not respond to the paper

***U.S. Trustee:***

_____ Approved the form of this order

_____ Disapproved the form of this order

_____ Waived the right to review the order and/or

_____ Did not respond to the paper

__X__ Did not appear at the hearing or object to the paper

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Submitted by:
**HARTMAN & HARTMAN**

/s/ *Jeffrey L. Hartman*
Jeffrey L. Hartman