Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>Debtor. | Case No.: 24-50792-gs<br>(Chapter 7)<br><br>**TRUSTEE CHRISTINA LOVATO'S RESPONSE TO DANIELLE SPEARS' MOTION TO DETERMINE STANDING OF MOVANT AND FOR DETERMINATION OF ADEQUACY OF NOTICE AND VALIDITY OF BAR DATE [ECF NO. 2586]; MOTION FOR DETERMINATION AND CLARIFICATION OF RECORD REGARDING DISCLOSURES, CONFLICTS OF INTEREST, DATA ACQUISITION, VERIFICATION OF SUBPOENA COMPLIANCE, LITIGATION FUNDING, AND PRESERVATION OF EVIDENCE [ECF NO. 2587]; MOTION FOR LEAVE TO EXCEED PAGE LIMIT AND FOR ORDER DEEMING PREVIOUSLY FILED MOTION COMPLIANT NUNC PRO TUNC [ECF NO. 2597]; NEW MOTION FOR CLARIFICATION AND SUPPLEMENTAL DISCLOSURE REGARDING CONFLICTS, RULE 2014, AND LITIGATION FUNDING [ECF NO. 2744]; AND MOTION FOR LIMITED SUPPLEMENTAL CLARIFICATION AND DOCUMENT-SUPPORTED DISCLOSURES REGARDING INVESTIGATIVE CONTINUITY, RULE 2014 DISCLOSURES, LITIGATION FUNDING, PARTICIPATION OF FORMER INSIDERS, AND RELATED ESTATE-ADMINISTRATION MATTERS [ECF NO. 2807]**<br><br>Hearing Date:   June 16, 2026<br>Hearing Time:  9:30 a.m. |

1

Trustee Christina Lovato responds to the following Motions filed by Danielle Spears ("Ms. Spears"):

1.    Motion To Determine Standing Of Movant And For Determination Of Adequacy Of Notice And Validity Of Bar Date [**ECF No. 2586**];

2.    Motion For Determination And Clarification Of Record Regarding Disclosures, Conflicts Of Interest, Data Acquisition, Verification Of Subpoena Compliance, Litigation Funding, And Preservation Of Evidence [**ECF No. 2587**]; (35 pages)

3.    Motion For Leave To Exceed Page Limit And For Order Deeming Previously Filed Motion Compliant Nunc Pro Tunc [**ECF No. 2597**]; (leave not granted)

4.    New Motion For Clarification And Supplemental Disclosure Regarding Conflicts, Rule 2014, And Litigation Funding [**ECF NO. 2744**]; and

5.    Motion For Limited Supplemental Clarification And Document-Supported Disclosures Regarding Investigative Continuity, Rule 2014 Disclosures, Litigation Funding, Participation Of Former Insiders, And Related Estate-Administration Matters [**ECF No. 2807**]; (16 pages) Ms. Spears states **[ECF No. 2807]** is a Supplemental Motion Following **[ECF No. 2744]**. ("Collectively, these papers are referred to as Spears' Second Motion").[1]

Trustee Lovato requests the Court take judicial notice of the papers on the docket in this case, and where appropriate, pleadings on file in other Federal courts as referenced herein.

### TRUSTEE'S PRELIMINARY POSITION

As a preliminary position, Trustee Lovato asserts that a putative shareholder cannot broadly intervene into, or seek to direct, a trustee's administration of a chapter 7 estate, i.e., investigations, litigation discussions or direction, or insert themselves into the process of retention of professionals.  A putative shareholder cannot compel a trustee to pursue particular claims, or challenge a trustee's business judgment.  Moreover, a putative shareholder cannot demand broad disclosure of a trustee's work-product, subpoena responses, or internal strategies.  This 'shotgun'

---

[1] To date, beginning with [ECF No. 1988], Ms. Spears has filed a total of 888 pages in this case.

approach by Ms. Spears is a huge waste of time and resources.  As of June 1, 2026, Ms. Spears has filed 888 pages of documents.

## RELEVANT BACKGROUND

On August 21, 2025, Trustee Lovato filed her Response To Danielle Spears' June 4, 2025 Emergency Motion To Intervene, To Stay Proceedings, To Disqualify Conflicted Counsel And Trustee, And To Reset Bankruptcy Administration Under Neutral Authority; Motion To Compel Disclosure, Vacate Unlawful Protective Orders, And Refer For Sanctions And Special Master filed at **[ECF No. 1988], [ECF No. 2138]**.  In her Response, Trustee Lovato referenced federal court litigation then pending in Texas by Ms. Spears against Next Bridge Hydrocarbons, Inc., Greg McCabe, John Brda, FINRA and the Securities Exchange Commission ("Texas Litigation"). United States District Court, Western District of Texas, case no. 24-cv-321 filed on December 6, 2024, four months after the Meta Materials chapter 7 petition on August 9, 2024 ("Texas Action"). In her initial Complaint, Ms. Spears alleged: "Spears is a shareholder of Next Bridge Hydrocarbons. She retains 100 shares at her brokerage, Charles Schwab as well as 7200 shares at AST/EQ."

In her 88-page Second Amended Complaint ("SAC"), filed March 14, 2025, Ms. Spears asserted the following Claims for Relief:

I.      Violation of the 1934 Securities and Exchange Act

II.     Violation of the Sherman Anti-Trust Act

III.    Negligence

IV.     FINRA Failure To Resolve

V.      Unjust Enrichment

VI.     Conspiracy To Commit Fraud

VII.    Failure To Suspend Trading – FINRA and SEC

VIII.   Emotional Distress, Negligent and Intentional

        Writ of Mandamus

        Specific Scienter as to FINRA, SEC, Torchlight and McCabe

Approximately 13 months later, on January 28, 2026, the Magistrate issued his Report & Recommendations ("R&R") at [ECF 106 and 108]. The Magistrate recommended dismissal with prejudice.  In the R&R, the Magistrate determined:

> In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284(5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); see *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

Case 7:24-cv-00321-DC-RCG, Document 106, filed 01/28/26, page 5 of 21.

On February 24, 2026, the Texas District Court Judge adopted the R&Rs, and the case was dismissed with prejudice.  The docket reflects that the case was closed March 18, 2026.

The Trustee highlights this development because at the time **[ECF No. 2138]** was filed, the Texas Court had not yet dismissed Spears' SAC with prejudice. Trustee Lovato also highlights this development because at least a portion of Ms. Spears' contentions are directed at, or relate to, Next Bridge Hydrocarbons, Inc., of which she is a shareholder, as well as Greg McCabe and FINRA.  Ms. Spears appears to be attempting to do indirectly what she attempted to do directly, albeit unsuccessfully, in the Texas litigation,

Two and a half months after her Texas Action was dismissed with prejudice, on June 4, 2025, Ms. Spears filed her Emergency Motion To Intervene, To Stay Proceedings To Disqualify Conflicted Counsel and Trustee, and to Reset Bankruptcy Administration With Neutral Authority. **[ECF No. 1988]**. (Spears' First Motion").

On August 21, 2025, Trustee Lovato filed her Response To Danielle Spears' Emergency Motion To Intervene, To Stay Proceedings, To Disqualify Conflicted Counsel And Trustee, And To Reset Bankruptcy Administration Under Neutral Authority; Motion To Compel Disclosure,

Vacate Unlawful Protective Orders, And Refer For Sanctions And Special Master.  **[ECF No. 2138]**.

On September 3, 2025, Ms. Spears filed her Motion By Danielle Spears, Third Party Intervenor And Movant Supplement For Clarification, Verified Misconduct, And Renewed Requests For Disqualification, Removal, Sanctions, And Relief In In Support Of Emergency Motions To Intervene, Stay, Disqualify, Reset Administration, And Compel ("Supplement"). **[ECF No. 2174]**.

Hearing on Spears' First Motion was held on October 16, 2025.  On April 21, 2026, the Court entered its Order On Motion To: (1) Intervene; (2) Stay Proceedings; (3) Disqualify Counsel And Trustee; And (4) Reset Bankruptcy Administration Under Neutral Authority.  **[ECF No. 2710]**.   The Court denied all relief requested in Spears' First Motion.[2]

## TRUSTEE LOVATO'S RESPONSE TO SPECIFIC FILINGS

**A.**    <u>Motion To Determine Standing Of Movant And For Determination Of Adequacy Of Notice And Validity Of Bar Date</u> [**ECF No. 2586**].

<u>Standing</u>

In its Order On Motion To: (1) Intervene; (2) Stay Proceedings; (3) Disqualify Counsel And Trustee; And (4) Reset Bankruptcy Administration Under Neutral Authority, the Court concluded: " As a purported interest holder in the Debtor, Ms. Spears qualifies as a party in interest to the extent that her shares of MMTLP are property of the estate and she is an equity holder in the Debtor. **[ECF No. 2710]**. [3]

---

[2] Curiously, Ms. Spears requested that the Court stay proceedings related to the Debtor's securities, pending resolution of state and federal litigation regarding the same.  This position is counter-intuitive because the Trustee has a statutory deadline related to potential securities litigation which, if successful, would benefit the Meta estate and potentially equity interest holders.  Delay could only prejudice the Meta Estate.

[3] The Trustee reserves all rights to object to Ms. Spears' standing.

Adequacy of Bar Date

As previously noted, the original chapter 7 petition filed by Debtor's counsel did not include a list of shareholders; as a result the Notice of Meeting of Creditors filed at the inception of every bankruptcy case did not include equity interest holders. Trustee's counsel subsequently obtained a list of approximately 188 shareholders to whom notice has been provided since receipt of the list. As has been noted elsewhere, there may be as many as 65,000 or more shareholders; however, at this time, the Trustee has determined to focus on attempting to collect assets for the benefit of creditors, and, hopefully, shareholders. The Trustee has requested a comprehensive list of shareholders from the transfer agent. Once that information has been received, the Trustee will determination next steps, i.e., incurring the expense to engage a claims agent. It is not the Trustee's intention to prejudice the rights of any creditor or shareholder. At the appropriate time, the Trustee will seek authority to establish a bar date. Ample authority exists for this type of solution. *In re Rental Car Intermediate Holdings*, LLC, 2022 WL 2760127 (Bankr. D. Del. July 14, 2022).

**B.**     Motion For Determination And Clarification Of Record Regarding Disclosures, Conflicts of Interest, Data Acquisition, Verification Of Subpoena Compliance, Litigation Funding, And Preservation of Evidence, filed February 12, 2026. **[ECF No. 2587].**

In her 44-page Motion,[4] Ms. Spears essentially asserts that she should be integrally involved in directing how the Trustee should be administering this complex chapter 7 case.[5] This Motion itemizes 19 separate categories Ms. Spears believes need to be investigated. As a preliminary observation, it makes little sense for a putative shareholder to attempt to obstruct the Trustee and her professionals in their discovery efforts to determine if viable claims exist, and which have the potential of generating a return to equity.

---

[4] Ms. Spears did not obtain an order authorizing her to exceed the page limit as required by LR 9014(e).

[5] Id. at 2, fn. 2. Ms. Spears also requests the disclosure of certain information, including information being compiled by Trustee Lovato. The basis and purpose for requiring Trustee Lovato to turn over such information to Ms. Spears is unclear. She makes the request within the main bankruptcy case apart from any pending adversary proceeding. Having failed to state a basis that would require Trustee Lovato to make any such disclosures, the request is denied. **[ECF No. 2710, page 6 of 7]**.

6

The Trustee will not attempt to address each of the 19 points Ms. Spears raises in her Motion, but will identify broad categories of issues.

FINRA and the U3 halt.  This issue was a significant part of the Texas Litigation previously addressed. After more than a year and two opportunities to make her case against FINRA and others (including Greg McCabe), Ms. Spears' case was dismissed with prejudice.  What Ms. Spears ignores is that FINRA is one of the non-parties from which the Trustee is seeking discovery related to the trading of Meta Materials shares.  Ms. Spears apparently believes the Trustee and her professionals need her lay-person expertise.

The Court has previously addressed the employment of Christian Attar.  See, **[ECF No. 2563].**

Preservation of Evidence   Where appropriate, Litigation counsel has sent letters regarding preservation of evidence.

Data Provenance and Funding   Ms. Spears complains that "The record does not disclose the data sources, data sets, analytical methodologies, or reconciliation inputs used to generate these figures" and " that "The same figure, "approximately 65,000 retail shareholders" has appeared publicly  in reference to Torchlight Energy Resources, Inc., Meta Materials, Inc., and Next Bridge Hydrocarbons, Inc." and "Absent clarification of the underlying data sources and methodologies, the Court cannot determine whether this figure reflects verified shareholder position data or represents an estimate re4used across multiple entities and contexts." **[ECF No. 2587, at page 19]**. First, the potential litigation involving these issues, and more, is being investigated; and, second, the Trustee has no obligation to make public disclosure of this type of information, at this stage of the process.

Litigation Funding The Trustee has previously advised the Court that the Litigation Funding arrangement with Parabellum Capital has been withdrawn.

Meet and Confer Efforts  There is no general meet and confer requirement as between the Trustee and her counsel, on one hand, and a putative shareholder on the other. The meet and confer concept derives from F.R.Civ.P. 26 and is applicable in the adversary context.  Although it is common practice for the Trustee or her counsel to respond to reasonable requests by creditors for

information, Ms. Spears and Scott Traudt, the other *pro se* individual, have gone far beyond requests for information.[6]

**C.**    New Motion For Clarification And Supplemental Disclosure Regarding Conflicts, Rule 2014 and Litigation Funding filed April 29, 2026. **[ECF No. 2744]**.  This is a 19 page request for clarification of Ms. Spears' prior request for clarification at **[ECF No. 2587]**.

This Motion is substantially shorter than the prior motion but touches on similar issues. Once again Ms. Spears includes focus on Next Bridge Hydrocarbons, Inc. and Greg McCabe, both of whom were the subject of Ms. Spears' now 'dismissed with prejudice' Texas litigation.  And, as previously noted, the Court has addressed the issue of Christian Attar at **[ECF No. 2563]**.

The Trustee need not repeat responses to substantially the same issues.

**D.**    Motion For Limited Supplemental Clarification And Document -Supported Disclosures Regarding Investigative Continuity, Rule 2014 Disclosures, Litigation Funding, Participation Of Former Insiders And Related Estate Administration Matters **[ECF No. 2807]**.

This is Ms. Spears' 18-page third request for clarification, but, for all practical purposes is a repeat of **[ECF No. 2587]** and **[ECF No. 2774]**.  The Trustee has but two general comments in response to **[ECF No. 2807]**.  First, the Trustee has no obligation to disclose information she has gathered in her Rule 2004 discovery.  That discovery will provide the Trustee and her litigation team with information to be used in deciding whether to proceed with litigation. Second, Ms. Spears seems to question the Trustee's choice of interacting with George Palikaras, the former President and Director of the Debtor.  For a variety of reasons, as to which the Trustee has no obligation to disclose, she has determined that Mr. Palikaras is an invaluable source of historical information crucial to the Trustee's duty to investigate the financial affairs of the Debtor.

### Conclusion

Beginning with **[ECF No. 1988]**, to date, Ms. Spears alone has filed 888 pages on the docket to which the Trustee has been required to respond.  In combination, **[ECF Nos. 2587, 2744**

---

[6] To date, putative Meta shareholders Ms. Spears and Mr. Traudt have filed two thousand thirteen (2013) pages of paper on the docket in this case making all kinds of demands, and asserting all manner of inferences.

**and 2807]** comprise 81 pages of 'Motion' and 134 pages of 'Exhibits'. Ms. Spears' filings represent an intentional effort to disregard the requirements of Local Rule 9014, and an abuse of the Court's time, as well as the time required for Trustee's counsel to respond.

Trustee Lovato requests the Court deny all the relief requested by Ms. Spears.

DATED: June 2, 2026.

**HARTMAN & HARTMAN**

/s/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.,
Attorney for Trustee

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Hartman & Hartman, and that on June 2, 2026, I caused to be served the above-named document(s) as indicated below:

✔ a. Via ECF:

- MICHAEL R. BRUNET    mbrunet@cooperlevenson.com
- CLAYTON BRUST    cbrust@sbwlawgroup.com, iesguerra@rssblaw.com
- DAVID ERNESTO CHAVEZ    chavezd@ballardspahr.com, LitDocket_West@ballardspahr.com
- BRADLEY A. COSMAN    bcosman@perkinscoie.com
- JIMMY F. DAHU    jdahu@mcdonaldcarano.com, sbettinger@mcdonaldcarano.com
- KAWA FOAD    kfoad@kf-law.com
- JEFFREY L HARTMAN    notices@bankruptcyreno.com, abg@bankruptcyreno.com
- MICHAEL R. HOGUE    hoguem@gtlaw.com, michael-hogue-0383@ecf.pacerpro.com;flintza@gtlaw.com;JavieAnne.Bauer@gtlaw.com;andersonel@gtlaw.com;navarrom@gtlaw.com
- MATTHEW L. JOHNSON    mjohnson@mjohnsonlaw.com, annabelle@mjohnsonlaw.com;kristi@mjohnsonlaw.com;admin@mjohnsonlaw.com
- CHRISTINA W. LOVATO    trusteelovato@att.net, NV26@ecfcbis.com
- DAVID S. NORRIS    david.norris@squirepb.com, tanya.skeet@squirepb.com,sarah.conley@squirepb.com,phx_dckt@squirepb.com
- JARROD L RICKARD    jlr@semenzarickard.com, oak@semenzarickard.com,alb@semenzarickard.com
- U.S. TRUSTEE - RN - 7    USTPRegion17.RE.ECF@usdoj.gov
- ABRAN E. VIGIL    VigilA@ballardspahr.com, Docketclerk_lasvegas@ballardspahr.com
- HANNAH E. WINSTON    HWINSTON@SBWLAWGROUP.COM, cobrien@rssblaw.com
- RYAN J. WORKS    rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com
- MATTHEW C. ZIRZOW    mzirzow@lzlawnv.com, hannah@lzlawnv.com;carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;bchambliss@lzlawnv.com

✔ b. Via direct Email on June 2, 2026 to:

Danielle Spears (Pro Se) – paymmtlpnow@gmail.com

I declare under penalty of perjury that the foregoing is true and correct.

DATED: June 2, 2026.

/s/ Angie Gerbig
Angie Gerbig