Jeffrey L. Hartman, Esq. – NSB #1607
HARTMAN & HARTMAN
510 W. Plumb Lane
Suite B
Reno, NV 89509
Tel: 775-324-2800
Fax: 775-324-1818
Email: notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
SBW LAW GROUP
3600 Mayberry Drive
Reno, Nevada 89509
Tel: 775-299-4051
Email: cbrust@sbwlawgroup.com
          hwinston@sbwlawgroup.com

David D. Burnett, Esq. – *Pro Hac Vice*
SCHNEIDER WALLACE
COTTRELL KIM LLP
1050 30th Street NW
Washington, DC 20007
Tel: (510) 740-2939
Email: dburnett@schneiderwallace.com

*Attorneys for Christina Lovato, Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

META MATERIALS INC.,

Debtor.

Case No.: 24-50792-gs
(Chapter 7)

***EX PARTE* APPLICATION TO SET FOCUSED STATUS CONFERENCE ON SHORTENED TIME REGARDING DTCC'S SUBPOENA COMPLIANCE AND PROTECTIVE ORDER ADMINISTRATION**

Hearing Date:  OST Requested
Hearing Time:  OST Requested

Christina Lovato,  Chapter 7 Trustee for the Estate of Meta Materials Inc. ("Trustee"), by and through her undersigned counsel, hereby files her *Ex Parte* Application for the Court to set a status conference regarding DTCC's subpoena compliance and protective order administration in the above-captioned case at the earliest available date.  This Motion is made in accordance with 11 U.S.C. § 105(d) and this Court's inherent authority.  As permitted by F.R.Evid. 201, the Trustee requests the

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

1

Court take judicial notice of the separately filed Declaration of David D. Burnett and exhibits in support of this Ex Parte Application.

## 1.     Introduction and Relief Requested

This application is made in response to the Court's June 6, 2026 Order Denying *Ex Parte* Application to Set Status Hearing [ECF 2836].  The Chapter 7 Trustee respectfully requests that the Court set, on shortened time, a focused status conference limited to: (i) issues arising from DTCC's response to the Trustee's Rule 2004 subpoenas, and (ii) administration of the protective order entered at ECF No. 2601, because those issues are time-sensitive and affect further discovery and estate administration.

The Trustee does not request a general case status conference.  The requested conference will be narrowly confined to DTCC's subpoena compliance and protective-order-related constraints that affect the Trustee's ability to obtain and use DTCC data for the estate's active investigation of potential manipulation of Meta Materials stock in the years leading up to Meta's bankruptcy.  No motion to compel has been filed against DTCC or is currently pending; rather, the Trustee seeks the Court's assistance in obtaining information from DTCC about pending requests for production, which DTCC has not provided, to set parameters that may obviate or narrow a motion to compel against DTCC.

## 2.     Background and Procedural Posture

The Court granted the Trustee's Rule 2004 motion directed to DTCC on March 7, 2025.  In March 2025, the Trustee issued subpoenas seeking DTCC records for September 21, 2020 through August 7, 2024, including CNS Accounting Summary, Consolidated Trade Summary, **Correspondent Clearing Data** (emphasis added), and Participant Daily Activity Statements for CUSIPs related to Meta Materials, Torchlight, and MMTLP, with production commanded by April 8, 2025. (**Exhibit A**)

DTCC confirmed receipt on March 26, 2025, requested an extension and a protective order, and sought confirmation of the relevant CUSIPs:  59134N104, 59134N203, and 59134N302.  The Trustee granted a two-week extension on April 7, 2025.  On June 16, 2025, DTCC proposed to provide Participant Daily Activity Statements, CNS Accounting Summary Reports, and a UTC Report (combining Consolidated Trade Summary and **Correspondent Clearing Data**) for four CUSIPs at a

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

2

production cost totaling $25,200, requiring prepayment and subject to objections.

Over the last year, Trustee's counsel engaged in sustained communications with DTCC—over 40 emails since spring 2025—seeking to finalize the protective order, confirm CUSIPs/report coverage, order reports, and schedule productions.  Some DTCC responses were delayed or missing, with DTCC's in-house Aimee Bandler sometimes not responding to emails from Trustee's counsel for weeks despite multiple follow-ups.  Despite the Trustee's diligent communications and many follow-ups over the last year, full production by DTCC remains outstanding.  For example, October 21, 2025, the Trustee referenced the Court's March 7, 2025 Rule 2004 order directed to DTCC and demanded compliance or a custodian deposition; DTCC responded that production would occur only under an "appropriately scoped Rule 2004 subpoena" and criticized the draft protective order, reserving objections.

DTCC made a partial production on March 26, 2026.  However, as memorialized in follow-up emails since then from the Trustee's counsel, DTCC has not provided the transaction-level Correspondent Clearing Data which DTCC said would be encompassed in the UTC report, as far back as June 16, 2025.  DTCC cites technical difficulties with aged data and references hourly fees while IT works to retrieve the Correspondent Clearing Data.

Since DTCC made its partial production on March 26, 2026, the Trustee has confirmed payments for additional DTCC reports, requested data dictionaries/net reason codes, and repeatedly requested the transaction-level Correspondent Clearing Data from DTCC.  DTCC acknowledged payment and stated that its IT department was addressing aged-data issues.  Nonetheless, the Correspondent Clearing Data has not been produced.  The Trustee's experts require that data as a critical component of their investigation of possible manipulation of Meta stock.  Lacking the DTCC data has had held up the expert's work, and all the Trustee's many entreaties to DTCC's in-house counsel, Aimee Bandler, have so far not resulted in production of the Correspondent Clearing Data in the more than two months since DTCC's partial production March 26, 2026.  Ms. Bandler has not responded to the Trustee's counsel on this topic since May 26, 2026, two weeks ago.

**3.      Purpose of the Requested Conference**

The Trustee seeks to: (a) obtain the Court's assistance in resolving DTCC's production

deficiencies, including getting concrete information from DTCC about a date by which it will produce the Correspondent Clearing Data, including any applicable obstacles to production, and on the interpretation/application of ECF No. 2601 to DTCC's data disclosures; (b) set a schedule and parameters for any motion to compel, if necessary; and (c) address notice and participation by DTCC to streamline resolution of DTCC's deficient production and the Trustee's urgent need for the production.

Continued delay in DTCC's production of the Correspondent Clearing Data risks prejudice to the estate, including exposure to statutes-of-limitations constraints on potential litigation and impediments to the Trustee's investigation and administration of estate assets.  Shortened time for a status conference, and immediate production by DTCC of the Correspondent Clearing Data, is warranted to prevent further prejudice to the estate and to ensure timely case administration.

**4.      Proposed Notice and Parties to Receive Service**

The Trustee proposes notice to: (i) DTCC; (ii) parties bound by or benefitting from ECF No. 2601; (iii) the United States Trustee; and (iv) the master service list/parties in interest.  The Trustee will serve the application, declaration, and any order setting the conference consistent with the local rules.

**5.      Proposed Schedule Consistent with Local Rules**

The Trustee requests the Court set the conference on shortened time with expedited notice and briefing consistent with the local bankruptcy rules governing shortened time: for example, not less than seven (7) days' notice to DTCC and interested parties, with any written statements due three (3) days before the conference and a short reply by the Trustee due one (1) day before. It is requested that the notice period for conference be reduced to the number of days between filing of the OST Motion and the date the Court is available, as is convenient to the Court.

**6.      Requested Outcomes at the Conference**

The Trustee requests that the Court: (1) clarify how ECF No. 2601 applies to DTCC data and any procedures for sealed or *in camera* handling; (2) set firm deadlines, as soon as possible, for DTCC's production of the transaction-level Correspondent Clearing Data in ; (3) establish a timetable and scope for any motion to compel if issues remain; and (4) confirm notice and participation

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

4

protocols for DTCC and other parties.

**7.    Supporting Evidence**

This application is supported by the enclosed declaration of Trustee's counsel, David D. Burnett, who has corresponded with DTCC's in-house counsel about its productions for the last year. He has personal knowledge of the DTCC negotiations, subpoenas, partial productions, correspondence, and delays.  See Declaration of David Burnett, and **Exhibits B** and **C,** which show the parties' communications over the last year.

DATED this  11th  day of June, 2026.

HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509


*/s/ Jeffrey L. Hartman*
JEFFREY L. HARTMAN, ESQ.

CLAYTON P. BRUST, ESQ.
HANNAH E. WINSTON, ESQ.
SBW Law Group
3600 Mayberry Drive
Reno, Nevada 89509

DAVID D. BURNETT, ESQ. – *Pro Hac Vice*
Schneider Wallace Cottrell Kim LLP
1050 30th Street NW
Washington, DC 20007

*Attorneys for Christina Lovato, Trustee*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am an employee of HARTMAN & HARTMAN, and that on this date I caused a true copy of the *EX PARTE* **APPLICATION TO SET FOCUSED STATUS CONFERENCE ON SHORTENED TIME REGARDING DTCC'S SUBPOENA COMPLIANCE AND PROTECTIVE ORDER ADMINISTRATION** to be served via ECF to the following:

MICHAEL R. BRUNET on behalf of Creditor GEORGIOS PALIKARAS
mbrunet@cooperlevenson.com

CLAYTON BRUST on behalf of Trustee CHRISTINA W. LOVATO
cbrust@sbwlawgroup.com, iesguerra@rssblaw.com

DAVID ERNESTO CHAVEZ on behalf of Defendant THE NASDAQ STOCK MARKET LLC
chavezd@ballardspahr.com, LitDocket_West@ballardspahr.com

DAVID ERNESTO CHAVEZ on behalf of Interested Party THE NASDAQ STOCK MARKET LLC
chavezd@ballardspahr.com, LitDocket_West@ballardspahr.com

BRADLEY A. COSMAN on behalf of Debtor META MATERIALS INC.
bcosman@perkinscoie.com

JIMMY F. DAHU on behalf of Other Prof. CITADEL SECURITIES LLC
jdahu@mcdonaldcarano.com, sbettinger@mcdonaldcarano.com

KAWA FOAD on behalf of Creditor BRAD DAVIS
kfoad@kf-law.com

KAWA FOAD on behalf of Creditor DANIEL R. AUXIER
kfoad@kf-law.com

KAWA FOAD on behalf of Creditor Marcos Monteiro
kfoad@kf-law.com

JEFFREY L HARTMAN on behalf of Trustee CHRISTINA W. LOVATO
notices@bankruptcyreno.com, abg@bankruptcyreno.com

MICHAEL R. HOGUE on behalf of Other Prof. Anson Funds Management LP
hoguem@gtlaw.com, michael-hogue-0383@ecf.pacerpro.com;flintza@gtlaw.com;JavieAnne.Bauer@gtlaw.com;andersonel@gtlaw.com;navarrom@gtlaw.com

MATTHEW L. JOHNSON on behalf of Creditor David Chester
mjohnson@mjohnsonlaw.com, annabelle@mjohnsonlaw.com;kristi@mjohnsonlaw.com;admin@mjohnsonlaw.com

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

6

MATTHEW L. JOHNSON on behalf of Creditor David Sokolove
mjohnson@mjohnsonlaw.com,
annabelle@mjohnsonlaw.com;kristi@mjohnsonlaw.com;admin@mjohnsonlaw.com

MATTHEW L. JOHNSON on behalf of Creditor Jonathan Edwards
mjohnson@mjohnsonlaw.com,
annabelle@mjohnsonlaw.com;kristi@mjohnsonlaw.com;admin@mjohnsonlaw.com

CHRISTINA W. LOVATO
trusteelovato@att.net, NV26@ecfcbis.com

DAVID S. NORRIS on behalf of Interested Party FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.
david.norris@squirepb.com,
tanya.skeet@squirepb.com,sarah.conley@squirepb.com,phx_dckt@squirepb.com

JARROD L RICKARD on behalf of Interested Party VIRTU FINANCIAL LLC
jlr@semenzarickard.com, oak@semenzarickard.com,alb@semenzarickard.com

U.S. TRUSTEE - RN - 7
USTPRegion17.RE.ECF@usdoj.gov

ABRAN E. VIGIL on behalf of Interested Party Charles Schwab & Co., Inc.
VigilA@ballardspahr.com, Docketclerk_lasvegas@ballardspahr.com

HANNAH E. WINSTON on behalf of Trustee CHRISTINA W. LOVATO
HWINSTON@SBWLAWGROUP.COM, cobrien@rssblaw.com

RYAN J. WORKS on behalf of Other Prof. CITADEL SECURITIES LLC
rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

MATTHEW C. ZIRZOW on behalf of Interested Party JANE STREET GROUP LLC
mzirzow@lzlawnv.com,
hannah@lzlawnv.com;carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;bchambliss@lzlawnv.com

Aimee Bandler
Executive Director and Associate General Counsel
DTCC
abandler@dtcc.com

    Dated this __11th__ day of June, 2026.

/s/ Angie Gerbig
Employee of Hartman & Hartman

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051