

_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
June 25, 2026

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>     Debtor. | Case No.: 24-50792-gs<br>Chapter 7<br><br>**STIPULATED PROTECTIVE ORDER RELATING TO SUBPOENAS TO CITADEL SECURITIES LLC, ANSON FUNDS MANAGEMENT LP, AND VIRTU FINANCIAL, LLC**<br><br>Hearing Date:  N/A<br>Hearing Time: N/A |

WHEREAS, in connection with the above-captioned chapter 7 case (the "Action"), Chapter 7 Trustee Christina Lovato (the "Trustee") issued subpoenas under Federal Rule of Bankruptcy Procedure 2004 and Federal Rule of Civil Procedure 45 (the "Subpoenas") to non-party respondents Citadel Securities LLC, Anson Funds Management LP, and Virtu Financial, LLC (the "Producing Non-Parties" and each a "Producing Non-Party," and collectively with the Trustee, the "Stipulating Parties" and each a "Stipulating Party");

WHEREAS, by Order entered May 27, 2026 (ECF No. 2821) (the "Order"), the Court directed the Stipulating Parties to lodge a protective order similar in scope to the order entered at ECF No. 1955 "which at the very least limits the use of any material produced in response to the [S]ubpoenas to this [Action] and any adversary proceeding commenced by the [T]rustee against the [Producing] Non-Parties, and limits dissemination of the produced information to the [T]rustee and her court-approved professionals";

WHEREAS, the data to be produced in response to the Subpoenas may constitute or reflect trade secrets, proprietary trading data, confidential and competitively sensitive business information,

1

client- and counterparty-identifying information, and/or other proprietary and confidential information of the Producing Non-Parties and of third parties, the disclosure of which may cause competitive and/or commercial harm;

WHEREAS, the Stipulating Parties respectfully request that the Court enter this order ("Protective Order") limiting disclosure thereof in accordance with 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, as applicable, pursuant to Bankruptcy Rules 2004, 7026, and 9014 and Rules 26(c) and 45 of the Federal Rules of Civil Procedure;

NOW, THEREFORE, it is hereby STIPULATED among the Stipulating Parties and, upon Court approval, ORDERED that the following terms govern any production of material by the Producing Non-Parties in response to the Subpoenas ("Subpoena Response Material"):

1. Designation Authority. Each Producing Non-Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "DESIGNATED MATERIAL") any Subpoena Response Material, including any such documents, communications, data, or information, in whole or in part, that it reasonably and in good faith believes contains or reflects confidential, proprietary, or competitively sensitive information of the Producing Non-Party or of a third party to whom it owes a duty of confidentiality. This includes, but is not limited to, documents, information, or materials that reveal:

      a.     Confidential information, trade secrets or proprietary business information;

      b.     Financial information (including trading positions and other trading-related information or data; transactional data; order-routing data; risk reports; liquidity reports; commissions, fees, and compensation);

      c.     Material not previously disclosed to the public related to ownership or control of any non-public company;

      d.     Proprietary business information or communications, trading strategies, models, or methodologies, or other confidential research, development, or commercial information or communications;

      e.     Information, materials, or other documents reflecting non-public business or

financial strategies, and/or confidential competitive information that, if disclosed, would result in competitive harm to the Producing Non-Party;

f. Sensitive, non-public personal, client, customer, or counterparty information concerning individuals or other entities, including information that would be considered personally identifiable information under any applicable law and/or protected from public disclosure under relevant securities laws including, but not limited to, the Gramm-Leach-Bliley Act and Regulation S-P;

g. The identity and investment positions of persons or entities that have invested in, or hold an interest through, the Producing Non-Party or any fund or vehicle it manages or services;

h. Information for which applicable law, regulation, policy, or other guidance or rule of any governmental authority—foreign or domestic—requires confidential treatment, to the extent any disclosure is permitted by law; or

i. Any other category of information given confidential status by the Court, including as set forth in the Order.

Nothing in this Paragraph 1 or in this Protective Order shall affect the right of any Producing Non-Party to object to any discovery request or to withhold production where appropriate.

2. **Highly Confidential – Attorneys' Eyes Only.** A Producing Non-Party may designate Subpoena Response Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only where it determines, reasonably and in good faith, that the material is so sensitive that its disclosure to persons other than those identified in Paragraph 7 would create a substantial risk of competitive or commercial harm that could not be avoided by less restrictive means. Such material includes, without limitation, proprietary trading data; order-routing data; non-public position records; trading strategies, models, or methodologies; and client, customer, or counterparty identities, lists, or agreements.

3. **Manner of Designation.** Subpoena Response Material shall be designated by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page for which protection is sought, or, for material produced in native or structured-data format, by including the appropriate designation in the file name or accompanying media.

4.    **Scope.** With respect to DESIGNATED MATERIAL, subject to the provisions herein and unless otherwise stated, this Protective Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or other documents marked as exhibits or for identification in depositions and hearings, and any transcripts from any pretrial, hearing, or deposition testimony; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All analyses, copies, descriptions, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL of the same level and treated as such under this Order.

5.    **Use Limited to This Action.**    Subpoena Response Material, including all DESIGNATED MATERIAL, shall be used by the Trustee and her court-approved professionals solely for the prosecution, defense, or settlement of this Action and/or of any adversary proceeding commenced by the Trustee against any of the Producing Non-Parties that arises in or arises from this bankruptcy Action, and for no other action or purpose whatsoever. Without limiting the foregoing, Subpoena Response Material shall not be used or disseminated, directly or indirectly, in or in connection with any other litigation, proceeding, investigation, or matter—including without limitation any proceeding not brought by the Trustee and any proceeding outside this Action and any adversary proceeding therein, pending in any other court, or before any other tribunal—and shall not be used for any academic, business, commercial, regulatory, or competitive purpose.

6.    **Disclosure of "DESIGNATED MATERIAL."**    Except as otherwise expressly permitted by this Order, DESIGNATED MATERIAL may be disclosed only to the Trustee and to professionals retained by the Trustee and approved by order of this Court under 11 U.S.C. § 327, and to experts, consulting experts, consultants, and litigation-support personnel retained by and working under the supervision of such court-approved professionals who have executed the Undertaking attached as Appendix A.  Any such person or entity receiving such DESIGNATED MATERIAL shall not cause, permit, facilitate, encourage, or coordinate the disclosure or dissemination of any DESIGNATED MATERIAL to any other person or entity that is not permitted to receive DESIGNATED MATERIAL pursuant to this Stipulated Protective Order.  Each Undertaking

4

executed pursuant to this agreement shall be lodged with the Court—under seal, without further order of the Court— within 14 days of the date of its execution for in camera review, and shall not be disclosed to the Producing Non-Parties absent further order of the Court.

7. **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material.** Notwithstanding anything to the contrary in this Protective Order, material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following, and only as reasonably necessary for this Action:

a. the Trustee and the specific outside attorneys constituting the Trustee's court-approved counsel of record in this Action who do not have any role in competitive or business decision-making, and the supporting employees of such counsel reasonably necessary to assist in this Action;

b. Court-approved outside consultants or experts retained by the Trustee's counsel for this Action who are not current or prospective employees, officers, or affiliates of any competitor of the Producing Non-Party, and who have first executed the Undertaking attached as Appendix A;

c. independent litigation-support vendors retained by the Trustee's counsel and reasonably necessary to assist in this Action, who have first executed the Undertaking attached as Appendix A;

d. the Court and its personnel, for in camera review, subject to the sealing provisions below; and

e. the author, addressee, or a recipient shown on the face of the document as having received it, provided that such person is not permitted to retain a copy.

8. **Secure Storage.** The Trustee and any person to whom DESIGNATED MATERIAL is disclosed shall store and maintain it in a secure manner that limits access to persons authorized under this Order, and shall exercise care sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure, including use of a secure repository or document-management system, secure transmission protocols, required signature for physical delivery, and regular review of access rights. In the event of a data breach affecting or potentially affecting

DESIGNATED MATERIAL, the person experiencing the breach shall notify the affected Producing Non-Party within twenty-four (24) hours of identification and shall cooperate to mitigate and remediate the breach.

9.    **Generative AI.**  No DESIGNATED MATERIAL, in whole or in part, shall be submitted to any generative artificial intelligence platform that is accessible to the public or that does not meet industry-standard security measures, including encryption of data in transit and at rest, access controls, and audit trails. Before placing any DESIGNATED MATERIAL in a permitted platform, the Trustee shall ensure the platform is non-public, used in a secure and controlled environment, permits deletion of all such material at the conclusion of the matter, operates under terms of service that do not permit input data to be stored, cached, or used to train or fine-tune any model, and will not learn from, be trained on, or otherwise incorporate the DESIGNATED MATERIAL for any purpose or proceeding other than the Action.  Before the Trustee submits designated material to an AI model in compliance with this paragraph, the Trustee shall make certain that such DESIGNATED MATERIAL will not be accessible to unauthorized persons and that it can be deleted from the AI model in accordance with this Stipulated Protective Order.  Upon conclusion of the Action or upon the Producing Non-Party's reasonable request, the Trustee shall cease such use and certify deletion of the DESIGNATED MATERIAL within the platform, except as required by law or court order.

10.    **Privilege; Inadvertent Production.**  Nothing in this Protective Order shall require production of documents, information, or other material that a Producing Non-Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are inadvertently or unintentionally produced, such production shall not constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other proceeding.  Any Producing Non-Party that inadvertently or unintentionally produces such material may obtain the return of such material by promptly notifying the Trustee and providing a privilege log.  If the Trustee receives any documents, information, or material that appears to be, or which the Trustee has reason

6

to believe may be, protected in whole or in part by the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, it shall immediately notify the Producing Non-Party.  The Trustee shall return or destroy all copies of the identified material, shall not review or use it, and shall sequester or destroy any work product incorporating it, pending resolution of any dispute, which shall be presented to the Court with the burden remaining on the Producing Non-Party. This paragraph is entered pursuant to Federal Rule of Evidence 502(d).

11.    **Inadvertent Failure to Designate.**  The inadvertent failure to designate Subpoena Response Material does not waive a later claim to confidential treatment.  Upon notice of a corrected or supplemental designation, the Trustee shall promptly treat the material accordingly and apply the corrected designation to all copies in her or her professionals' possession.

12.    **Challenges to Designations.**  The Trustee may request in writing that a designation be modified or withdrawn.  If the Producing Non-Party does not agree within five (5) business days, the Trustee may apply to the Court for relief, and the burden shall remain on the Producing Non-Party to justify the designation.  Pending the Court's determination, the designation shall be maintained and the material treated accordingly.

13.    **Undertaking.** Before any DESIGNATED MATERIAL is disclosed to a person described in Paragraph 7(b) or (c), that person shall first be provided with a copy of this Protective Order, shall be informed that he or she is subject to the terms and conditions of this Protective Order, and shall sign an Undertaking that he or she has received a copy of, has read, and has agreed to be bound by this Protective Order.  A copy of the Undertaking is attached as Appendix A.  Counsel shall retain each executed Undertaking and produce it to the Producing Non-Party upon request.

14.    **Material Subpoenaed in Other Proceedings.**  If the Trustee or her counsel is served with a subpoena or order in any other proceeding that would compel disclosure of DESIGNATED MATERIAL, the Trustee must: (a) promptly notify the Producing Non-Party through all known counsel in writing, enclosing the subpoena or order, which shall under no circumstances exceed two (2) business days from the receipt of such subpoena or order; (b) promptly notify the party that caused the subpoena or order to issue that the material is subject to this Order, enclosing a copy of this Order; and (c) cooperate with all reasonable procedures pursued by the Producing Non-Party to prevent the

production of such material, including by providing the Producing Non-Party reasonable time to object to the production, file any necessary motion, or to seek other protective measures directly from the issuing court. The Trustee shall not produce any DESIGNATED MATERIAL before a determination by the issuing court compelling its production, unless the Producing Non-Party consents to the production in writing. The Producing Non-Party shall bear the burden and expense of seeking protection of its own material once it is notified by the Trustee.

15.     **Filing Under Seal.**  Unless the Producing Non-Party agrees otherwise in writing, all DESIGNATED MATERIAL filed with the Court, and all portions of filings that disclose DESIGNATED MATERIAL, shall be filed under seal in accordance with the Bankruptcy Rules, the Local Rules, and the practice of this Court, with publicly filed copies redacted only as to the DESIGNATED MATERIAL itself.

16.     **Return or Destruction.**  Within thirty (30) days after the final termination of the Action, including any appeals, the Trustee shall, at the Producing Non-Party's election, return or destroy all DESIGNATED MATERIAL, including all copies, summaries, and derivations, except that counsel may retain an archival copy of pleadings, motion papers, transcripts, expert reports, correspondence, and attorney work product, which shall remain subject to the confidentiality protections of this Order. The Trustee shall certify completion by affidavit upon request.

17.     **Violation.**  Any Stipulating Party knowing or believing that any individual, entity, or other party is in violation of, or intends to violate, this Protective Order and has raised the question of violation or potential violation with the alleged violator or intended violator, and has been unable to resolve the matter by agreement, may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the individual, entity, or other party alleged to be in violation of or intending to violate this Protective Order, shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation or potential violation of this Protective Order.

18.     **No Waiver.**  Production of DESIGNATED MATERIAL does not constitute a publication or waiver of any claim to its proprietary or confidential nature, nor a waiver of any objection to production or admissibility, all of which are preserved. The entry of this Order shall not

8

constitute a waiver of any right to seek further or additional protection.

19. **Survival; Enforcement.** This Order survives any settlement, dismissal, judgment, or other disposition of the Action. The Court retains jurisdiction over all persons subject to this Order to enforce its terms, and willful violation may be punishable as contempt.

20. **Reservation of Rights.** Nothing in this Order is deemed a waiver of any objection by any Producing Non-Party, including any objection to the Subpoenas, to the confidentiality or proprietary nature of any material, or to the admissibility of any evidence, or any right to seek further relief from this Court.

21. **Use of Own Material.** Nothing in this Order affects any Producing Non-Party's right to use or disclose its own material as it sees fit, which use shall not waive the protections of this Order as to any other person.

**IT IS SO STIPULATED AND AGREED.**

**McDONALD CARANO LLP**

*/s/ Ryan J. Works*
Ryan J. Works, Esq. (NSBN 9224)
Jimmy F. Dahu, Esq. (NSBN 17061)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
jdahu@mcdonaldcarano.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Peter H. Fountain, Esq. (admitted *pro hac vice*)
Madeleine Zabriskie, Esq. (admitted *pro hac vice*)
295 Fifth Avenue
New York, NY 10016
peterfountain@quinnemanuel.com
madeleinezabriskie@quinnemanuel.com

*Attorneys for Non-Party Citadel Securities LLC*

**GREENBERG TRAURIG, LLP**

*/s/ Michael R. Hogue*
Michael R. Hogue, Esq. (NSBN 12400)
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
hoguem@gtlaw.com

Sylvia E. Simson, Esq. (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
Sylvia.Simson@gtlaw.com

Alan J. Brody, Esq. (admitted *pro hac vice*)
500 Campus Drive, Suite 400
Florham Park, NJ 07932
brodya@gtlaw.com

*Attorneys for Non-Party Anson Funds Management LP*

**SEMENZA RICKARD LAW**

*/s/ Jarrod L. Rickard*
Jarrod L. Rickard, Esq., (NSBN 10203)
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145
jlr@semenzarickard.com

**DAVIS WRIGHT TREMAINE, LLP**
Michael Rella, Esq. (admitted *pro hac vice*)
Shanaye Carvajal, Esq. (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
michaelrella@dwt.com
shanayecarvajal@dwt.com

*Attorneys for Non-Party Virtu Financial, LLC*

10

**SBW LAW GROUP**

*/s/ Clayton P. Brust*
Clayton P. Brust, Esq.
Hannah E. Winston, Esq.
3600 Mayberry Drive
Reno, Nevada 89509
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

**HARTMAN & HARTMAN**
Jeffrey L. Hartman, Esq.
510 W. Plumb Lane,
Suite B Reno, Nevada 89509
jlh@bankruptcyreno.com

**SCHNEIDER WALLACE COTTRELL KIM LLP**
David D. Burnett, Esq. (admitted *pro hac* vice)
1050 30th Street NW
Washington, DC 20007
dburnett@schneiderwallace.com

**CHRISTIAN ATTAR**
James W. Christian
1177 W Loop South, Suite 1700
Houston, TX 77027
jchristian@christianattarlaw.com

*Attorneys for Christina Lovato, Trustee*

11

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>**META MATERIALS INC.,**<br><br>    Debtor.<br><br>_____ | Case No. 24-50792-gs<br>(Chapter 7)<br><br>**APPENDIX A**<br>**UNDERTAKING REGARDING**<br>**PROTECTIVE ORDER**<br><br>Hearing Date:  N/A<br>Hearing Time: N/A |

I, _____, declare as follows:

    1.    My address is _____. My current employer is _____. My current occupation is _____.

    2.    I have received a copy of the Stipulated Protective Order Relating to Subpoenas to Citadel Securities LLC, Anson Funds Management LP, and Virtu Financial, LLC (the "Protective Order") entered in the above-captioned action, *In re Meta Materials Inc.*, Case No. 24-50792-gs (Bankr. D. Nev.) (the "Action"). I have carefully read and understand the provisions of the Protective Order.

    3.    I agree to comply with and to be bound by all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not authorized under the Protective Order, and will use only for purposes of the Action, any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is disclosed to me.

    4.    I will not make any copies, duplicates, extracts, summaries, or descriptions of any such material except as reasonably necessary in connection with the Action, and I understand that any such copies or derivations are themselves subject to the Protective Order.

    5.    Promptly upon the termination of my work in connection with this matter, or upon the final termination of the Action as provided in the Protective Order, I will return or destroy, at the direction of counsel who retained me or provided the material to me, all material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that came into my possession, custody, or control, including all copies, duplicates, extracts, summaries,

12

descriptions, and derivations thereof, except as otherwise permitted by the Protective Order or further order of the Court.

6.      If I am signing this Undertaking as an outside consultant or expert, I certify that I am not a current or prospective employee, officer, or affiliate of any competitor of Citadel Securities LLC, Anson Funds Management LP, or Virtu Financial, LLC, and I will promptly notify the counsel who retained me if that changes.

7.      I hereby submit to the jurisdiction of the United States Bankruptcy Court for the District of Nevada for the purpose of enforcing the Protective Order, and I understand and acknowledge that failure to comply with the Protective Order may expose me to sanctions and punishment in the nature of contempt.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, at _____.

_____
Signature

_____
Printed Name

13