UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

RECEIVED.
AND FILED

JUL 2 2 2026

U.S. BANKRUPTCY COURT
DANIEL S. OWENS. CLERK

In re:  
META MATERIALS INC.,

          Debtor.

| Case No.: 24-50792-GS
| (Chapter 7)
|
| **PARTY IN INTEREST AND META**
| **AND MMTLP SHAREHOLDER**
| **MOVANT SCOTT TRAUDT'S**
| **REPLY TO TRUSTEE'S JULY 1 2026**
| **DKT. 2904 RULE 2014 DECLARATION**
| **AND SPEC. COUNS. WES CHRISTIAN'S**
| **DKT. 2903 SUPPLEMENTAL RULE 2014**
| **DISCLOSURES**
|
| No hearing.

## I. INTRODUCTION

Movant Scott Traudt, appearing pro se, submits this Reply in support of his Motion to Enforce the February 5, 2026 Order (Dkt. 2743), his Supplemental Brief (Dkt. 2884), and his request for relief concerning James W. Christian and Christian Attar. The Supplemental Declaration of James W. Christian filed July 1, 2026 (Dkt. 2903 ¶ 10, at ECF p. 3), together with the Declaration of Trustee Christina Lovato (Dkt. 2904 ¶¶ 3-5, at ECF pp. 1-2), does not cure the disclosure problem. It confirms the central timeline problem and material contradictions.

Christian now admits under penalty of perjury that Christian Attar was hired by Next Bridge Hydrocarbons, Inc. ("NBH") in approximately December 2024. That admission places Christian Attar in an NBH engagement while Christian was already serving as Special Counsel to the Meta Materials Inc. estate, before the February 18, 2025 public announcement of the NBH retention, and before any complete Rule 2014 disclosure of the relationship. The issue is therefore not theoretical. The July 1, 2026 filing confirms an overlapping client relationship that should have been disclosed promptly and fully. (Dkt. 2903 ¶ 10, at ECF p. 3).

1

The record is now sufficient, at minimum, to require full supplemental Rule 2014 disclosures, production or in camera review of the NBH engagement records, a freeze on further estate payments pending review, a protective order preventing use or transmission of estate information in NBH matters, and an order to show cause why Christian and Christian Attar should not be disqualified and denied compensation under 11 U.S.C. §§ 327 and 328(c).

## II. STATEMENT OF FACTS

### A. The Discrepancy Between Public Announcement and Actual Hiring Date

On February 18, 2025, NBH publicly announced that it had engaged Christian Attar to explore and investigate potential claims related to harassment, business disparagement, libel, slander, tortious interference, conspiracy, obstruction of justice, and Administrative Procedure Act violations. In his Supplemental Declaration filed July 1, 2026 (Dkt. 2903 ¶ 10, at ECF p. 3), however, Christian admitted under penalty of perjury that Christian Attar was hired by NBH in approximately December 2024, nearly two months before the public announcement. From December 2024 forward, Christian Attar was therefore engaged by NBH while Christian was also serving as Special Counsel to the Meta estate. (NBH press release dated Feb. 18, 2025, at pp. 1-2 (Exhibit A); Dkt. 2903 ¶ 10, at ECF p. 3).

### B. Christian's Broad Mandate as Special Counsel

On November 4, 2024, the Court entered Dkt. 118 approving the Trustee's employment of Christian Attar and Kasowitz Benson Torres LLP as special litigation counsel, effective as of the date of that order. The Power of Attorney and Contingent Fee Contract attached as Exhibit B to Dkt. 98, paragraph 1.01, states:

> "The Client hereby retains and employs Attorneys to investigate and, if appropriate, sue for and recover all damages and compensation due Client, under any and all claims and/or causes of action Client may have against all culpable

2

*defendants in connection with stock fraud and/or manipulation by Defendants involving the stock of META MATERIALS INC."*

This language is not limited to spoofing or naked shorting. It broadly authorizes Christian to investigate and bring claims for any form of stock fraud and/or manipulation involving Meta Materials Inc. stock on behalf of the estate. (Dkt. 118 at ECF pp. 1-2; Dkt. 98-2, Ex. B ¶ 1.01, at ECF p. 2; Dkt. 2884 at ECF p. 1).

## C. Christian Attar's Active Representation of NBH

On February 28, 2025, Christian Attar sent detailed litigation-hold letters on behalf of NBH to Scott Traudt, Danielle Spears, and, upon information and belief, other critics of NBH and Greg McCabe. These letters demanded preservation of documents for claims including business disparagement, tortious interference, conspiracy, and obstruction of justice. (Dkt. 2884 Ex. A at ECF pp. 7-13).

The practical problem is direct. Christian was retained by the estate to investigate securities fraud and manipulation involving Meta Materials Inc. stock, while his firm was simultaneously acting for NBH in matters targeting persons who were criticizing NBH, McCabe, and alleged misconduct related to the same broader MMTLP/Meta factual environment. At minimum, this created a connection requiring full disclosure and careful Court review.

## D. Christian's Sworn Statements Confirm Ongoing NBH Work

On April 23, 2025, in his First Amended Declaration filed as Dkt. 1878, paragraphs 10 and 11, Christian stated under penalty of perjury:

> *"Lastly, as set forth in the Letter, our firm will be filing a case ('New Case') on behalf of Next Bridge against certain defendants alleging tortious interference with the Orogrande Lease, certain existing and potential relations of Next Bridge and related claims. The New Case will be on behalf of Next Bridge only and has nothing to do with, and is in no way related to Meta, the Bankruptcy Estate or otherwise."*

3

This statement confirms that Christian Attar was actively performing NBH work while Christian was serving as Special Counsel to the Meta estate. Christian's assertion that the NBH litigation had "nothing to do with" Meta or the estate is ridiculous in that Davies, the defendant in that case, was being sued precisely because of his work exposing the evidence in the Meta spinoff (MMTLP) that Greg McCabe knew there was no oil or gas in the fields that formed the basis of the Meta/Torchlight Energy Resources Inc. ("TRCH") merger/spinoff fiasco. The NBH petition itself is saturated with Orogrande basin, MMTLP, and Meta references. (Dkt. 1878 ¶¶ 10-11, at ECF p. 3; *Next Bridge Hydrocarbons, Inc. v. Davies*, Plaintiff's Original Petition ¶¶ 1-4, pp. 1-2, e-filed Mar. 18, 2026, eFileStamp 2026-18186 / Harris County TX Jud. Dist. Court 61).

**E. Contradictory Statements Concerning Withdrawal from NBH Representation**

On May 2, 2025, Christian Attar/Christian filed a motion to withdraw as attorneys of record for NBH in *Spears v. Securities and Exchange Commission*, No. 7:24-cv-00321-DC-RCG, Dkt. 35, as well as in cases brought by Mathew Pease and Contique Wilcot in the same court on similar subject matter. In paragraphs 4 and 5 of that filing, Christian Attar stated that withdrawal was warranted because of a *"potential appearance of a conflict of interest"* arising from Christian Attar's status as Special Counsel in the Meta Materials bankruptcy and that withdrawal was sought "[t]o avoid any potential appearance of conflict under 11 U.S.C. § 327." (*Spears v. Securities and Exchange Commission*, No. 7:24-cv-00321-DC-RCG, Dkt. 35 ¶¶ 4-5, at ECF p. 2).

On June 16, 2025, however, Christian executed a sworn affidavit in *Christian v. Traudt*, Cause No. 202508460, in the 129th Judicial District Court of Harris County, Texas, Clerk's Record Page 114, paragraph 30, stating:

4

> *"While I do not have a conflict of interest in those cases, the allegation that I am somehow engaged in a cover-up relating to the MMTLP Fiasco has distracted from the claims and defenses at issue. Thus, as a result of Traudt's defamatory conduct, I withdrew from the representation to ensure the false allegations did not distract from my client's goals."* (Underline added.)

The May 2, 2025 withdrawal filings and the June 16, 2025 affidavit give materially different explanations for the same withdrawal event. The July 1, 2026 declaration adds another material fact: the NBH engagement began in December 2024 and has been uninterrupted despite Christian stating the opposite of this in two other courts – and the June 16, 2025 affidavit was under oath. This is material falsity or just another attempt to be less than transparent under Texas, Nevada, and US professional conduct rules.

## F. The Davies Lawsuit Date Discrepancy

Christian's July 1, 2026 declaration also creates or confirms a separate date problem concerning the NBH lawsuit against Jeffrey Davies. The Plaintiff's Original Petition in *Next Bridge Hydrocarbons, Inc. v. Davies* bears an e-file stamp showing filing on March 18, 2026 at 1:01 p.m., with eFileStamp 2026-18186 / Court 61. By contrast, Christian's July 1, 2026 Supplemental Declaration describes the Davies lawsuit as filed in June 2026 after "many months of detailed due diligence." Christian's July 1, 2026 declaration therefore misstated the filing date by nearly three months and understated the period during which Christian Attar continued NBH litigation activity after Christian had previously represented that he had withdrawn or been forced to cease the NBH representation. (*Next Bridge Hydrocarbons, Inc. v. Davies*, Plaintiff's Original Petition, p. 1 of 33; Dkt. 2903 ¶ 10, at ECF p. 3). Christian is trying to somehow convince this court that work on the Davies case transpired after the Court's February 5, 2026 order.

5

This corrected date issue matters because it bears on the scope and duration of Christian Attar's continuing NBH work, the accuracy of Christian's sworn disclosures, and whether the estate, creditors, and the Court received timely and complete information about overlapping engagements.

## III. CHART OF MATERIAL INCONSISTENCIES AND NONDISCLOSURES

The following chart focuses on the record sequence, the material statement or omission, and the reason the Court should require disclosure, production, fee suspension, and show-cause relief.

| Date | Source / Filing | Statement or Event | Record Significance |
|---|---|---|---|
| November 4, 2024 | Order approving employment, Dkt. 118 at ECF pp. 1-2; Trustee application and retention agreement, Dkt. 98 at ECF pp. 1-3; Dkt. 98-2, Ex. B ¶ 1.01, at ECF p. 2 | The Court approved employment of Christian Attar and Kasowitz as special litigation counsel, effective as of the date of the order. The retention agreement authorized investigation and, if appropriate, suit for "any and all claims" involving stock fraud and/or manipulation of Meta Materials Inc. stock. | Establishes the broad estate mandate. NBH work beginning shortly thereafter was a connection requiring full disclosure. |
| Approximately December 2024 | Supplemental Declaration of James W. Christian, Dkt. 2903 ¶ 10, at ECF p. 3 | Christian admits Christian Attar was hired by NBH in approximately December 2024. | Confirms overlapping estate and NBH engagements before the February 18, 2025 public announcement and before complete Rule 2014 disclosure. |
| February 18, 2025 | NBH public announcement/press release dated Feb. 18, 2025, at pp. 1-2; Dkt. 2884 at ECF pp. 1-2 | NBH publicly announced that it had engaged Christian Attar to explore and investigate potential litigation claims. | The public announcement omitted the earlier December 2024 start date later admitted under oath. |

| February 28, 2025 | NBH litigation-hold letters; Dkt. 2884 at ECF pp. 1-2, Ex. A at ECF pp. 7-13 | Christian Attar sent litigation-hold letters on behalf of NBH to Traudt, Spears, and others regarding possible business disparagement, tortious interference, conspiracy, and obstruction claims. | Shows active NBH litigation work while Christian was estate Special Counsel. |
|---|---|---|---|
| April 16, 2025 | Letter to Jeffrey Hartman identified in Dkt. 1878 ¶ 8, at ECF p. 2; Dkt. 1878-4, Ex. D at ECF pp. 1-5; Dkt. 2903 ¶ 11 & n.3, at ECF pp. 3-4 | Christian disclosed NBH-related work and a contemplated "New Case," but did not disclose that the NBH engagement began in December 2024. | At minimum, the disclosure was incomplete as to timing and scope. |
| April 23, 2025 | First Amended Declaration, Dkt. 1878 ¶¶ 10-11, at ECF p. 3 | Christian stated that Christian Attar would file a "New Case" for NBH and that the New Case would be on behalf of NBH only and had "nothing to do with" Meta, the bankruptcy estate, or otherwise. | Confirms ongoing NBH work and shows Christian made the relatedness/adversity judgment himself, without full prior disclosure. |
| May 2, 2025 | *Spears v. Securities and Exchange Commission,* No. 7:24-cv-00321-DC-RCG, Dkt. 35 ¶¶ 3-5, at ECF pp. 1-2 | Christian Attar stated it had been retained to represent NBH and sought withdrawal based on a "potential appearance of a conflict of interest" arising from its status as Special Counsel in the Meta bankruptcy. | Confirms Christian Attar recognized at least an appearance-of-conflict issue and did not attribute the withdrawal to Traudt's alleged defamatory conduct. |
| June 16, 2025 | *Christian v. Traudt,* Cause No. 202508460, 129th Judicial District Court, Harris County, Texas, Declaration of James W. Christian, CR 114 ¶ 30, at p. 6 of 7 | Christian stated that he withdrew because Traudt's alleged defamatory conduct distracted from his client's goals. | Materially different from the May 2 conflict-based explanation. Requires show-cause review and complete records. |

| March 18, 2026 versus June 2026 | *Next Bridge Hydrocarbons, Inc. v. Davies,* Plaintiff's Original Petition, p. 1 of 33, e-filed Mar. 18, 2026 at 1:01 p.m., eFileStamp 2026-18186 / Court 61; Dkt. 2903 ¶ 10, at ECF p. 3 | The Davies petition bears a March 18, 2026 e-file stamp. Christian's July 1, 2026 declaration describes the Davies lawsuit as filed in June 2026. | Corrected date problem established from the official petition: Christian misstated the filing date by nearly three months and understated the duration of continuing NBH work. |
| --- | --- | --- | --- |
| July 1, 2026 | Supplemental Declaration of James W. Christian, Dkt. 2903 ¶¶ 10-11, at ECF pp. 3-4 | Christian admits the December 2024 NBH hiring, describes "many months of detailed due diligence," states the Davies case was filed in June 2026, and states the NBH suit has nothing to do with Meta or the estate. | Confirms prolonged NBH activity overlapping with estate service and supports production, in camera review, fee suspension, and possible disqualification. |

## IV. LEGAL ARGUMENT

### A. The July 1, 2026 Declaration Confirms a Material Disclosure Problem

Rule 2014 is built to bring professional connections into the open before they metastasize into conflict fights. Christian's July 1, 2026 declaration confirms that Christian Attar's NBH engagement began in approximately December 2024. That connection was material because Christian was simultaneously serving as Special Counsel for the estate under a broad securities-fraud and market-manipulation mandate. The Court, the Trustee, creditors, and interested parties were entitled to full disclosure of the timing, scope, compensation, and adverse-interest implications of that engagement.

The December 2024 start date also changes the nature of the issue. This is not a dispute about a later, isolated representation that arose after estate counsel had substantially completed his work. It is an overlapping engagement that began shortly after Christian's estate retention and before public announcement of the NBH retention.

**B. Sections 327(e) and 328(c) Require Court Review of the Adverse-Interest Issue**

Christian was retained as estate Special Counsel, a professional employment governed by 11 U.S.C. § 327 and Rule 2014. To the extent his retention was for a specified special purpose, § 327(e) supplies the relevant adverse-interest standard. Section 328(c) supplies the compensation remedy if a retained professional is later shown to be disinterested no longer, or to hold or represent an adverse interest with respect to the matter for which he was employed. The Court therefore has both the authority and the responsibility to examine the overlap before allowing any further estate payments. (Dkt. 98 at ECF pp. 1-3).

Christian Attar's NBH work was adverse to the estate's broad mandate. The estate retained Christian to pursue claims arising from stock fraud and manipulation involving Meta Materials Inc. stock. Meanwhile, Christian Attar acted for NBH in threatened and actual litigation against persons criticizing NBH, McCabe-aligned conduct, and alleged misconduct connected to the broader MMTLP/Meta dispute. That overlap required disclosure and Court review, not private assurances.[1]

**C. The Davies Date Discrepancy Independently Supports In Camera Review**

The Davies lawsuit date discrepancy is not a clerical footnote. It goes to duration, scope, and candor. The official state-court petition bears a March 18, 2026 e-file stamp, but Christian's July 1, 2026 declaration described the Davies suit as filed in June 2026. The error makes the NBH representation appear shorter and more recent than it was. It also tends to conceal that

---

[1] NBH's Greg McCabe netted $18 million in the much discussed Meta loan deal and also made as much as $70 million in MMTLP sales using insider information on his own wells, dumping stock in MMTLP that was to convert into NBH just before the U3 FINRA-ordered December 9, 2022 trade halt in MMTLP. McCabe should have been a prime target for the estate; instead, Christian has sued Scott Traudt in Texas state court on behalf of himself for defamation and Jeff Davies on behalf of NBH and sent out a flurry of litigation hold letters designed purely to intimidate recipients – all of whom were critics of McCabe and NBH.

9

Christian Attar's NBH litigation work continued long after the May 2, 2025 conflict-based withdrawal in *Spears v. Securities and Exchange Commission* and the June 16, 2025 affidavit claiming withdrawal because of Traudt's conduct.

The appropriate remedy is not speculation. The appropriate remedy is production and in camera review of the engagement materials, invoices, retainer records, conflict checks, litigation-hold instructions, and communications memorializing the NBH work.

## D. A Protective Firewall Is Necessary to Protect Estate Information

As estate Special Counsel, Christian had or will have access to sensitive non-public information obtained through estate investigations, Rule 2004 processes, subpoena activity, creditor communications, shareholder information, and litigation strategy. At the same time, Christian Attar represented NBH in matters adverse to critics and potential witnesses. This creates an unacceptable risk that non-public estate information could be used, disclosed, or transmitted in NBH-related matters, including under the cover of protective orders or settlement discussions.

Movant Traudt firmly believes that McCabe wants Christian in this bankruptcy to ensure that any short-interest data, trading data, blue-sheet information, settlement intelligence, or other data will be transmitted to McCabe so that McCabe can use some of his 70,105,502 shares of NBH, as reported in NBH's April 30, 2026 S-1/A filed with the Securities and Exchange Commission, to cut deals for his own benefit. This assessment is made after Movant's review of *Weiss v. Arabella Exploration Inc. (In re Arabella Petroleum Co., LLC)*, 647 B.R. 851 (Bankr. W.D. Tex. 2022), Adversary No. 16-07002-TMD (Dec. 22, 2022), and by virtue of the fact that McCabe owns or controls at least forty-plus shell or affiliate companies in Texas and elsewhere that could be used to move money and potentially shares around, in, and through those entities.

10

Movant does not ask the Court to assume the worst without evidence. Movant asks the Court to impose a practical firewall now: Christian and Christian Attar should be prohibited from using, disclosing, transmitting, or relying upon any non-public estate information in any NBH-related matter absent further order of this Court.

**E. The Pending Sanctions Motion Remains Relevant**

The Court should also consider Movant's pending Cross-Motion for Sanctions, Disqualification, and Referral (Dkt. 2167), entered September 2, 2025, which remains unresolved. That motion addressed Christian's sworn statements concerning Gary L. Valinotti and the public evidence Traudt contends contradicts those statements. Although the present Reply focuses on the December 2024 NBH admission and the Davies date discrepancy, the pending sanctions motion provides additional context for why disclosure, in camera review, and show-cause relief are necessary now. (Dkt. 2167 at ECF pp. 1-2; Dkt. 2884 at ECF p. 4).

**F. The February 5, 2026 Order Was Undermined by Incomplete Disclosure**

The February 5, 2026 Order denied disqualification of Christian/Christian Attar on the record then before the Court, and that record now appears materially incomplete. The Court noted that Christian had filed a supplemental declaration attesting that he "no longer represents NBH, a former subsidiary of the Debtor, as defense counsel in the litigation with Mr. Traudt's fellow MMTLP/NBH shareholders." Dkt. 2563 at ECF p. 4 n.13; Dkt. 2565 at ECF p. 4 n.13. But that representation did not mean Christian Attar had ended its NBH relationship. It meant only that Christian Attar had withdrawn from selected NBH defense appearances. Dkt. 1878 confirms that Christian simultaneously preserved a separate NBH offensive-litigation track, stating that the firm would be filing a "New Case" for NBH involving tortious interference with the Orogrande Lease and related claims. Dkt. 1878 ¶¶ 9-11, at ECF p. 3. The February 5 Order

11

therefore rested on an incomplete premise: the apparent cure was withdrawal from three Texas defense cases, while the underlying NBH engagement continued in another form.

What appeared to be withdrawal was, in substance, compartmentalization. Christian Attar stepped out of selected NBH defense cases while continuing to prepare and pursue NBH's affirmative claims against critics and witnesses in the same broader MMTLP/Meta factual environment. Dkt. 2903 now removes any remaining ambiguity, because Christian admits that Christian Attar was hired by NBH in approximately December 2024 to perform due diligence and ultimately file claims for tortious interference, business disparagement, and related relief. Dkt. 2903 ¶ 10, at ECF p. 3. Thus, the Court was shown the part of the NBH relationship that made withdrawal look curative, but not the part that showed Christian Attar remained aligned with NBH. That is precisely why production and in camera review are necessary now: the Court should determine whether Christian merely disclosed poorly, or instead used formal withdrawal from selected cases as a screen while preserving the NBH relationship that mattered.

## V. LOVATO'S REMARKS DEMAND REBUTTAL

At this point Lovato's regular attacks on Movant need to be answered.[2] In summary, Lovato has stated Movant wasted court time, trustee time, everyone's time yet:

1. Traudt did not hire Wes Christian and allow Christian to write himself a $500,000 check from the Harrington Global case and then make it a cost borne by the Meta estate (with no judicial approval, mind you.)

2. Traudt did not waste years operating under a proposed litigation funding agreement for $11.8 million from Parabellum Capital LLC (which her Special Counsel Christian had

---

[2] In Dkt. 2904 ¶ 3, at ECF pp. 1-2, Lovato refers to a disqualification effort by "individuals who readily admit that they are not shareholders of Meta" and then questions standing to participate. Traudt has filed two proofs of interest for 305 MMTLP shares and one proof of interest for 80 shares of MMAT.

engineered without disclosing that he'd been contracted with them since 2019) that would have set up a Niagara Falls level waterfall for the estate attorneys - especially Wes Christian – where roughly $44 million of the first $50 million recovered went to them and Parabellum. That this couldn't be exposed to daylight (she requested the seal and fought for it) and then it got yanked by Parabellum after the US Trustee for the 17th District said this was a non-starter (two years later!) speaks volumes.[3]

3. No avoidance actions against McCabe for the $20 million score he made off Meta's board and the questionable George Palikaras.[4] No oversight of Christian or even Hartman as to why McCabe – the power behind the scenes in this mess in TRCH, MMTLP, and MMAT - has been left not only unscathed, but actively defended by this estate. No subpoenas to McCabe about his financial dealings after his online proxies (upon information and belief, coordinated with Christian) told investors to hold their shares for three figures while McCabe sold 6.7 million shares of MMTLP for $20 to $70 million when he knew his oil wells had nothing – as did the SEC.

## VI. CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Movant respectfully requests

1. That the Court enter an order granting the Motion to Enforce (Dkt. 2743) and Supplemental Brief (Dkt. 2884). (A proposed order requested by this Court at the June 16, 2026 hearing is attached at Dkt. 2884 at ECF pp. 65-69).

---

[3] The public relations crusade after the debacle was extraordinary. The estate's view now is that having the attorneys operate on contingency demonstrates how good the cause is…well then: why seek the $11.8 million to begin with courtesy of Christian Attar?

[4] Add this to the record of disdain for Lovato's substance and style: she plunks Palikaras on the litigation team for the estate despite him being sued civilly for market manipulation and securities fraud by the SEC in *Securities and Exchange Commission v. Brda*, No. 4:24-cv-01048 (E.D. Tex.).

13

2. In addition, Traudt requests this court add only that the order should also include an element that would prohibit Christian and Christian Attar from using, disclosing, transmitting, or relying upon any non-public estate information, Rule 2004 materials, subpoena returns, creditor/shareholder communications, or investigation materials in any NBH-related matter absent further order of the Court to Greg McCabe or any and all NBH officials (at the moment, NBH has no employees though) as Traudt deeply suspects McCabe will once again use insider information to his own benefit and not the estate, creditors, parties in interest, or shareholders.

3. Grant such other and further relief as the Court deems just and proper.

(Traudt reminds the court that a proposed order was submitted as part of Dkt. 2884 that addresses most of these issues with the exception of the additional firewall relief requested in paragraph 2 above).

Dated: July _8th_ 2026

Scott Traudt, *pro se*
Movant
191 Kibling Road
Strafford, VT 05072


I hereby certify that a true copy of the foregoing was sent to all named parties and others with interests in this matter and at the addresses in the Certificate of Service either by 1st Class mail or via email as certified by the Certificate of Service on this ___ day of July, 2026.

Scott Traudt, *pro se*
*Intervenor/Movant*
191 Kibling Hill Road
Strafford, VT 05072

14

# EXHIBIT A

# EXHIBIT A

 Gmail

Danielle Spears <spldbrat351964@gmail.com>

## Next Bridge Hydrocarbons Announces Engaging Christian Attar Law Firm
1 message

**Next Bridge Hydrocarbons** <noreply@pressoptin.com>　　　　　Tue, Feb 18, 2025 at 7:09 AM
Reply-To: Next Bridge Hydrocarbons <nextbridge@dennardlascar.com>
To: spldbrat351964@gmail.com



# Next Bridge Hydrocarbons Announces Engaging Christian Attar Law Firm

**MIDLAND, TEXAS – February 18, 2025 – Next Bridge Hydrocarbons, Inc**. ("Next Bridge," "our," "we," or the "Company"), an oil and natural gas exploration and production company with interests in Texas, Louisiana, and Oklahoma announced today the following:

The Company is pleased to announce engaging the services of the Houston-based law firm Christian Attar. Christian Attar has been engaged to explore and investigate any and all potential claims related to harassment, business disparagement, libel, slander, tortious interference, conspiracy, obstruction of justice and violations of the Administrative Procedures Act. The Company will be working closely with founding partner James "Wes" Christian, whom we believe is the best candidate for investigating such potential claims given his expertise in this area of litigation.

As stated in prior press releases, the Company has become aware of shareholder ledger imbalances at several brokerage firms totaling amounts exceeding the aggregate 2.65 million share short interest position in MMTLP stated publicly by FINRA. The Company wishes to reiterate that after more than two years, we have yet to uncover the full magnitude of these imbalances. This is in spite of multiple attempts to recruit assistance from overseeing Regulators.

Chairman and CEO Greg McCabe stated, "We are excited by these latest additions to our growing advisory team. Working with Wes Christian, a seasoned and highly successful litigator and an expert well-versed in our story from the beginning, marks the dawning of a

Case 24-50792-gs    Doc 2916    Entered 07/22/26 14:47:45    Page 17 of 20

new era for our legal campaign. We will not stand by as nefarious actors with hidden agendas spread misinformation regarding our Company, our business activities or our personnel. Our patient and loyal shareholders deserve us to protect the integrity of both Next Bridge and their investment in it, and I want to truly thank once again our online community, the MMTLP ARMY, for their long-standing support and steadfast dedication."

## About Next Bridge Hydrocarbons, Inc.

The Company is an independent public reporting energy company engaged in the acquisition, exploration, exploitation and/or development of oil and natural gas properties in the United States. We have minor well interests in the Eastern edge of the Midland Basin in Texas, two minor well interests in Oklahoma and exploration prospect leaseholds in onshore south Louisiana. Please visit www.nextbridgehydrocarbons.com for more information.

Next Bridge is a private company insofar as its common stock is not traded on a public stock exchange of any kind. The Company is expected to update shareholders about certain operational and financial matters related to Company business. To receive emails regarding this, visit https://www.nextbridgehydrocarbons.com/investors and complete the Email Alert / Investor Form. You may also choose to follow our social media channels at @nbhydrocarbons on X (formerly Twitter) and "Next Bridge Hydrocarbons" on LinkedIn.

This statement may contain "forward-looking statements" as that term is defined in the Private Securities Litigation Reform Act of 1995. Such statements are based on management's current expectations and are subject to a number of factors and uncertainties which could cause actual results to differ materially from those described herein. Although the Company believes the expectations in such statements to be reasonable, there can be no assurance that such expectations will prove to be correct. Information concerning the assumptions, uncertainties and risks that may affect the actual results can be found in the Company's filings with the Securities and Exchange Commission ("SEC") available on the Company's website or the SEC's website at www.sec.gov.

Investor Relations Contact:
Dennard Lascar Investor Relations
NextBridge@dennardlascar.com

2/18/2025 9:05:21 AM

To unsubscribe from our email list, click here.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:                                    | Case No.: 24-50792-GS
META MATERIALS INC.,                      | (Chapter 7)
                                          |
          Debtor.                         |
                                          |
_____|

## CERTIFICATE OF SERVICE

1.  On July 8, 2026, I served the following document

**PARTY IN INTEREST AND META AND MMTLP SHAREHOLDER
MOVANT SCOTT TRAUDT'S  REPLY TO TRUSTEE'S JULY 1 2026
DKT. 2904 RULE 2014 DECLARATION AND SPEC. COUNS. WES CHRISTIAN'S
DKT. 2903 SUPPLEMENTAL RULE 2014 DISCLOSURES**

2.  I served the above-named document by the following means to the persons as
    listed below:

a.    EMAIL from sctraudt@gmail.com:

      ABRAN E. VIGIL
      vigila@ballardpahr.com

      MATHEW Z. ZIRZOW on behalf of Jane Street Group LLC
      mzirzow@lzlawnv.com

      MICHAEL R. BRUNET on behalf of Creditor GEORGIOS PALIKARAS
      mbrunet@cooperlevenson.com

      CLAYTON BRUST on behalf of Trustee CHRISTINA W. LOVATO
      cbrust@sbwlawgroup.com, iesguerra@rssblaw.com

      DAVID ERNESTO CHAVEZ on behalf of Defendant THE NASDAQ STOCK
      MARKET
      LLC   chavezd@ballardspahr.com, LitDocket_West@ballardspahr.com

      DAVID ERNESTO CHAVEZ on behalf of Interested Party THE NASDAQ STOCK
      MARKET LLC   chavezd@ballardspahr.com, LitDocket_West@ballardspahr.com

      BRADLEY A. COSMAN on behalf of Debtor META MATERIALS INC.
      bcosman@perkinscoie.com

JIMMY F. DAHU on behalf of Other Prof. CITADEL SECURITIES LLC
jdahu@mcdonaldcarano.com, sbettinger@mcdonaldcarano.com

KAWA FOAD on behalf of Creditor BRAD DAVIS   kfoad@kf-law.com

KAWA FOAD on behalf of Creditor DANIEL R. AUXIER   kfoad@kf-law.com

KAWA FOAD on behalf of Creditor Marcos Monteiro   kfoad@kf-law.com

JEFFREY L HARTMAN on behalf of Trustee CHRISTINA W. LOVATO
notices@bankruptcyreno.com, abg@bankruptcyreno.com

MICHAEL R. HOGUE on behalf of Other Prof. Anson Funds Management LP
hoguem@gtlaw.com, michael-hogue-0383@ecf.pacerpro.com; flintza@gtlaw.com;
JavieAnne.Bauer@gtlaw.com; andersonel@gtlaw.com; navarrom@gtlaw.com

MATTHEW L. JOHNSON on behalf of Creditor David Chester
mjohnson@mjohnsonlaw.com, annabelle@mjohnsonlaw.com;
kristi@mjohnsonlaw.com; admin@mjohnsonlaw.com

MATTHEW L. JOHNSON on behalf of Creditor David Sokolove
mjohnson@mjohnsonlaw.com, annabelle@mjohnsonlaw.com;
kristi@mjohnsonlaw.com; admin@mjohnsonlaw.com

MATTHEW L. JOHNSON on behalf of Creditor Jonathan Edwards
mjohnson@mjohnsonlaw.com, annabelle@mjohnsonlaw.com;
kristi@mjohnsonlaw.com; admin@mjohnsonlaw.com

CHRISTINA W. LOVATO   trusteelovato@att.net, NV26@ecfcbis.com

DAVID S. NORRIS on behalf of Interested Party FINANCIAL INDUSTRY
REGULATORY AUTHORITY, INC.
david.norris@squirepb.com, tanya.skeet@squirepb.com,sarah.conley@squirepb.com,
phx_dckt@squirepb.com

JARROD L RICKARD on behalf of Interested Party VIRTU FINANCIAL LLC
jlr@semenzarickard.com, oak@semenzarickard.com,alb@semenzarickard.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated July 8, 2026.

SCOTT TRAUDT
PRO SE