Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>     Debtor. | Case No.: 24-50792-gs<br>(Chapter 7) |
| CHRISTINA W. LOVATO,<br><br>     Plaintiff,<br><br>v.<br><br>YUAN LIU, KAREN TAMURA a/k/a CHIHO TAMURA a/k/a CHIHO TAMURA CHAN, and ANNA BRADSHAW,<br><br>     Defendants. | Adversary No.:<br><br>**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS AND/OR UNAUTHORIZED POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548, 549, AND 550 AND FOR RELATED RELIEF** |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estate of Meta Materials Inc. ("***Meta Estate***" or "***Debtor***"), files her complaint ("***Complaint***") against Yuan Liu, Karen Tamura a/k/a Chiho Tamura a/k/a Chiho Tamura Chan, and Anna Bradshaw, individually as ("***Liu***"), Tamura ("***Tamura***") and Bradshaw ("***Bradshaw***"), and alleges as follows.

**PARTIES**

1.    Plaintiff is the chapter 7 bankruptcy trustee for the Meta Estate. Plaintiff has the capacity to commence this action by way of 11 U.S.C. § 323.

2.    Plaintiff is informed and believes and thereon alleges that Defendant Yuan Liu is a

1

resident of California and a former employee of the Debtor.

3.      Plaintiff is informed and believes and thereon alleges that Defendant Karen Tamura, a/k/a Chiho Tamura, a/k/a Chiho Tamura Chan is a resident of California and a former employee of the Debtor.

4.      Plaintiff is informed and believes and thereon alleges that Defendant Anna Bradshaw is a resident of Texas, and a former employee of the Debtor.

## JURISDICTION AND VENUE

5.      The Bankruptcy Court has jurisdiction over this case and this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) and (O). Venue is proper in this Court under 28 U.S.C. §1408 and  the version of § 1409 in effect at August 9, 2024.

6.      Under F.R.Bankr.P. 7008, the Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

## FACTUAL ALLEGATIONS

7.      On August 9, 2024 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 petition.

8.      On or about August 8–9, 2024, the Debtor entered into three nearly identical form Consulting Agreements with the Defendants (collectively, the "Agreements"). Each Agreement provided for a short-term consulting engagement (August 8 – September 30, 2024), a monthly fee, and a Not-to-Exceed ("NTE") amount, with the fee "payable upon execution."

9.      The Agreements were e-signed on August 9, 2024.  According to the Debtor's Statement of Financial Affairs, the Debtor transferred the following amounts on or about August 8, 2024:

- $39,280.30 to Yuan Liu;
- $40,435.61 to Chiho Tamura Chan / Karen Tamura;
- $28,882.58 to Anna Bradshaw

(collectively, the "Transfers"), each described as "Consulting."

10.      The Debtor ceased operations and terminated its remaining executives concurrent

with the bankruptcy filing. Little or no value was received by the Debtor in exchange for the Transfers.

### FIRST CLAIM FOR RELIEF

### Constructive Fraudulent Transfer (11 U.S.C. § 548(a)(1)(B))

11.    Plaintiff realleges paragraphs 1 through 10 as though fully set forth herein.

12.    The Debtor transferred an interest in its property to or for the benefit of each Defendant.

13.    The Debtor received less than, or no reasonably equivalent value in exchange for each Transfer.

14.    The Debtor was insolvent on the date of each Transfer or became insolvent as a result of each Transfer.

15.    Each Transfer is avoidable under 11 U.S.C. § 548(a)(1)(B).

### SECOND CLAIM FOR RELIEF

### Actual Fraudulent Transfer (11 U.S.C. § 548(a)(1)(A))

16.    Plaintiff realleges paragraphs 1 through 15 as though fully set forth herein.

17.    Each Transfer was made with actual intent to hinder, delay, or defraud creditors of the Debtor.

18.    Each Transfer is avoidable under 11 U.S.C. § 548(a)(1)(A).

### THIRD CLAIM FOR RELIEF

### Fraudulent Transfer Under Applicable State Law (11 U.S.C. § 544)

19.    Plaintiff realleges paragraphs 1 through 18 as though fully set forth herein.

20.    Each Transfer is avoidable under applicable state fraudulent-transfer law (including the Nevada Uniform Fraudulent Transfer Act), NRS 112.010 et. seq. and may be avoided by the Plaintiff pursuant to 11 U.S.C. § 544.

### FOURTH CLAIM FOR RELIEF

### Unauthorized Post-Petition Transfer (11 U.S.C. § 549)

21.    Plaintiff realleges paragraphs 1 through 20 as though fully set forth herein.

22.    Alternatively, to the extent any portion of the Transfers occurred after the

3

commencement of this case, such Transfers were not authorized by the Bankruptcy Code or by the Court.

23.    Any such post-petition Transfers are avoidable under 11 U.S.C. § 549.

## FIFTH CLAIM FOR RELIEF

### Recovery of Avoided Transfers (11 U.S.C. § 550)

24.    Plaintiff realleges paragraphs 1 through 23 as though fully set forth herein.

25.    Pursuant to 11 U.S.C. § 550(a), the Trustee may recover the property transferred or the value of such property from each Defendant as the initial transferee.

26.    Plaintiff is entitled to judgment against each Defendant for the amount of the Transfer received by that Defendant, plus interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court:

a.  Avoid the Transfers under 11 U.S.C. §§ 544, 548, and/or 549;

b.  Enter judgment recovering the value of the Transfers from each Defendant under 11 U.S.C. § 550;

c.  Disallow any claims of the Defendants under 11 U.S.C. § 502(d) until the avoided amounts are repaid; and

d.  Award pre- and post-judgment interest, costs, and such other relief as is just and proper.

DATED: August 5, 2026.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Christina Lovato, Trustee/Plaintiff

**SBW LAW GROUP**

*/s/ Clayton P. Brust*
Clayton P. Brust, Esq.,
Attorneys for Christina Lovato, Trustee/Plaintiff

4