Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>        Debtor.<br><br>_____<br><br>CHRISTINA W. LOVATO,<br><br>        Plaintiff,<br><br>v.<br><br>ABHIJEET DEODHAR, an individual, and CORE ADVISORY, LLC, a California limited liability company,<br><br>        Defendants. | Case No.: 24-50792-gs<br>(Chapter 7)<br><br><br><br><br>Adversary No.:<br><br><br>**COMPLAINT<br>(FRAUDULENT TRANSFERS)<br>11 U.S.C. § 548** |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estate of Meta Materials Inc. ("***Debtor***" or "***Meta Estate***"), files this Complaint against Defendants Abhijeet Deodhar, individually ("***Deodhar***"), and Core Advisory, LLC, a California limited liability company ("***Core***"), and alleges as follows:

### PARTIES

1.      Plaintiff is the chapter 7 trustee for the Meta Estate and has capacity to commence this action under 11 U.S.C. § 323.

1

2. Plaintiff is informed and believes and thereon alleges that Defendant Deodhar is a California Certified Public Accountant who resides at 33308 Jamie Circle, Fremont, California 94555.

3. Plaintiff is informed and believes and thereon alleges that Defendant Core is a single-member California limited liability company wholly owned and controlled by Defendant Deodhar, with its address at 33308 Jamie Circle, Fremont, California 94555 (and/or Plot No. 709, Chaubal House, 21st Road, Khar (West), Mumbai – 400052, Maharashtra, India).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. Pursuant to Fed. R. Bankr. P. 7008, Plaintiff consents to the entry of final orders and judgments by this Court.

## FACTUAL ALLEGATIONS

6. In January 2024, Deodhar entered into a Consulting Agreement with Metamaterial Technologies USA Inc., a Delaware corporation (the "Consulting Agreement").

7. Under the Consulting Agreement, Deodhar was to be paid $7,000 per month, payable by the 15th day of the following month, plus limited expense reimbursement.

8. Although the Consulting Agreement labeled Deodhar an "independent contractor," Deodhar in fact functioned as the Debtor's *de facto* Chief Financial Officer for the Debtor. He performed the duties of a senior financial executive, exercised control over the Debtor's bank accounts, and was held out as the Debtor's CFO.

9. On January 16, 2024, the Debtor's senior accountant, Faisal Khan, emailed representatives of JPMorgan, Silicon Valley Bank, and Royal Bank of Canada directing a change of signatories on the Debtor's bank accounts: removing George Palikaras and Ahmed Shebl and adding Deodhar as the new CFO. On the same date, Uzi Sasson (then an authorized representative of the Debtor) approved the change by email. As a result, Deodhar became one of only two authorized signatories on the Debtor's bank accounts.

10. By reason of his *de facto* CFO role, dual bank-signatory authority, and resulting ability to control or influence the disposition of the Debtor's assets, Deodhar was an insider of the Debtor within the meaning of 11 U.S.C. § 101(31), including as a person in control of the Debtor and/or a non-statutory insider.

11. Although the Consulting Agreement was formally with Metamaterial Technologies USA Inc., all payments to Deodhar and Core were made by the Debtor, Meta Materials Inc. The Statement of Financial Affairs and invoices located by Plaintiff show the following payments:

**Payments to Deodhar**

| | |
|---|---|
| February 12, 2024 – | $ 7,000 |
| March 12, 2024 – | $ 7,000 |
| April 15, 2024 – | $ 20,000 |
| May 12, 2024 – | $ 22,500 |
| June 12, 2024 – | $ 25,000 |
| June 30, 2024 – | $ 15,150 |
| July 18, 2024 – | $ 25,000 |
| August 6, 2024 – | $ 25,000 |
| **Subtotal:** | **$146,650** |

**Payments to Core Advisory**

| | |
|---|---|
| May 27, 2024 – | $ 1,300 |
| June 11, 2024 – | $ 1,000 |
| July 10, 2024 – | $ 1,000 |
| August 7, 2024 – | $ 1,000 |
| **Subtotal:** | **$ 4,300** |
| **Grand Total Paid:** | **$150,950** |

12. Under the express terms of the Consulting Agreement, Deodhar was entitled to receive only $56,000 in base compensation for the period January through August 2024, plus approximately $1,207 in expense reimbursements, for a total contractual entitlement of approximately $57,207.

3

13.    The Debtor paid Deodhar and Core a combined total of $150,950. After subtracting the contractual entitlement of approximately $57,207, the Debtor transferred approximately **$93,743 in excess of the amounts due under the Consulting Agreement** (the "Excess Transfers"). Of that amount, $4,300 was paid directly to Core Advisory, which is wholly owned and controlled by Deodhar, and which conferred no benefit whatsoever to the Debtor.

14.    The Excess Transfers were made to or for the benefit of an insider (Deodhar) under an employment contract (or the functional equivalent of an employment contract) and were not in the ordinary course of the Debtor's business. The Consulting Agreement provided for fixed monthly compensation of $7,000. The Excess Transfers substantially exceeded that contractual rate, were irregular in amount and timing, and included payments to Core Advisory that provided no value to the Debtor.

**FIRST CLAIM FOR RELIEF**

**Avoidance and Recovery of Actual Fraudulent Transfers**

**11 U.S.C. §§ 548(a)(1)(A) and 550**

15.    Plaintiff incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

16.    The Excess Transfers were made by the Debtor with actual intent to hinder, delay, or defraud one or more entities to which the Debtor was or became indebted. Badges of fraud include, without limitation: (a) the Excess Transfers were made to an insider under an employment (or employment-equivalent) contract; (b) the Excess Transfers lacked reasonably equivalent value; (c) the Excess Transfers were made while the Debtor was insolvent or in severe financial distress; (d) the Excess Transfers were not disclosed in the ordinary course and were irregular in amount and timing; and (e) Deodhar, as a *de facto* insider with practical control over the accounts from which the transfers were made, directed or facilitated the Excess Transfers for his own benefit.

17.    The Excess Transfers occurred within two years before the Petition Date and are avoidable under 11 U.S.C. § 548(a)(1)(A). Pursuant to 11 U.S.C. § 550(a), Plaintiff may recover the property transferred or its value from Deodhar and/or Core as the initial transferee or the entity for whose benefit the transfers were made.

4

**SECOND CLAIM FOR RELIEF**

**Avoidance and Recovery of Constructive Fraudulent Transfers**

**11 U.S.C. §§ 548(a)(1)(B) and 550**

18.    Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

19.    The Debtor received less than a reasonably equivalent value in exchange for the Excess Transfers.

20.    The Excess Transfers were made to or for the benefit of an insider (Deodhar) under an employment contract (or the functional equivalent of an employment contract) and were not in the ordinary course of business.

21.    Accordingly, pursuant to 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(IV), the Excess Transfers are avoidable without regard to the Debtor's solvency.

22.    In the alternative, at the time of (or as a result of) the Excess Transfers, the Debtor: (i) was insolvent or became insolvent; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

23.    The Excess Transfers occurred within two years before the Petition Date and are therefore avoidable under 11 U.S.C. § 548(a)(1)(B). Pursuant to 11 U.S.C. § 550(a), Plaintiff may recover the property transferred or its value from Deodhar and/or Core as the initial transferee or the entity for whose benefit the transfers were made.

**THIRD CLAIM FOR RELIEF**

**Avoidance and Recovery under 11 U.S.C. § 544(b)**

**and the Nevada Uniform Fraudulent Transfer Act**

24.    Plaintiff incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

5

25.     At all relevant times there existed one or more creditors of the Debtor holding allowable unsecured claims who could have avoided the Excess Transfers under the Nevada Uniform Fraudulent Transfer Act, NRS 112.140 et seq. Pursuant to 11 U.S.C. § 544(b), Plaintiff may avoid the Excess Transfers to the same extent.

26.     Pursuant to 11 U.S.C. § 550(a), Plaintiff may recover the property transferred or its value from Deodhar and/or Core.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment as follows:

(a) Avoiding the Excess Transfers of $93,743 pursuant to 11 U.S.C. §§ 548(a)(1)(A) and/or 548(a)(1)(B), including specifically under the insider provision of § 548(a)(1)(B)(ii)(IV);

(b) Avoiding the Excess Transfers pursuant to 11 U.S.C. § 544(b) and NRS 112.140 et seq.;

(c) Directing Defendants, jointly and severally, to return to the Estate the full amount of the Excess Transfers of $93,743, plus pre-judgment and post-judgment interest, pursuant to 11 U.S.C. § 550; and

(d) Awarding Plaintiff her costs of suit and such other and further relief as the Court deems just and proper.

DATED: August 5, 2026.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Christina Lovato, Trustee/Plaintiff

**SBW LAW GROUP**

*/s/ Clayton P. Brust*
Clayton P. Brust, Esq.,
Attorneys for Christina Lovato, Trustee/Plaintiff