Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>    Debtor. | Case No.: 24-50792-gs<br>(Chapter 7) |
| CHRISTINA W. LOVATO,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID D. EATON, an individual, and<br>E10 CONSULTING, a New Mexico limited<br>liability company,<br><br>    Defendants. | Adversary No.:<br><br>**COMPLAINT**<br>**(FRAUDULENT TRANSFERS)**<br>**11 U.S.C. § 548** |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estate of Meta Materials Inc. ("***Meta Estate***" or "***Debtor***" or "***MMAT***"), files her complaint ("***Complaint***") against Defendants David D. Eaton individually ("***Eaton***"), and E10 Consulting, LLC, ("***E10***"), and alleges as follows.

## PARTIES

1.    Plaintiff is the chapter 7 bankruptcy trustee for the Meta Estate. Plaintiff has the capacity to commence this action pursuant to 11 U.S.C. § 323.

2.    Plaintiff is informed and believes and thereon alleges that Defendant Eaton is a resident of the State of New Mexico.

1

3.     Plaintiff is informed and believes and thereon alleges that Defendant E10 is a New Mexico limited liability company.

## JURISDICTION

4.     The Bankruptcy Court has jurisdiction over this case and this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) and (O). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

5.     As required by F.R.Bankr.P 7008, the Trustee consents to the entry of final orders and judgments by the Bankruptcy Court.

## FACTUAL ALLEGATIONS

6.     At all times relevant, Eaton was the Chief Legal Officer of Meta.

7.     Plaintiff is informed and believes and thereon alleges that Eaton formed E10 with the State of New Mexico on or about July 29, 2024.

8.     On August 8, 2024, Meta entered into a Consulting Agreement with E10 ("*Consulting Agreement*"). Among other things, the Consulting Agreement included the following recitals:

WHEREAS, MMAT requires Consultant to transition MMAT into a Chapter 7 bankruptcy proceeding (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") and assist MMAT and its advisors after such bankruptcy filing;

WHEREAS, the required services (collectively, the "Services") will include: (i) appearing on behalf of MMAT at the creditors' meeting conducted under 11 U.S.C. § 341 to testify under oath at such meeting regarding, among other things, MMAT's business, financial condition, assets, liabilities, and other operating metrics; (ii) providing such additional information as may be reasonably requested by the trustee appointed in the Bankruptcy Case (the "Chapter 7 Trustee"); (iii) assisting MMAT's advisors with the preparation of, and any amendments to, the Schedules of Assets and Liabilities and Statement of Financial Affairs to be filed for MMAT in the Bankruptcy Case; and (iv) being reasonably available to MMAT's advisors to address questions concerning the assets of MMAT (*e.g.,* location and storage of inventory and records, including electronic records) to help enable MMAT's transition of such items to the control of the Chapter 7 Trustee.

9.     As consideration for entering into the Consulting Agreement, E10 was to be paid $106,200, which amount was said to be fully earned upon receipt.

2

10.    As a limited liability company, E10 had no independent ability, other than through its sole equity member Eaton, to provide any type of service to the Plaintiff for the benefit of the Meta estate.

11.    On August 9, 2024, Meta filed its voluntary chapter 7 petition in the United States Bankruptcy Court for the District of Nevada.

12.    As Chief Legal Officer, Eaton was an insider of Meta as that term is defined by 11 U.S.C. § 101(31)(B).

13.    The SOFA discloses that between July 31, 2023 and August 8, 2024, Eaton was paid at least $505,095, described variously as a combination of salary, severance cash out, and for his 'Consulting Agreement'. Of the total paid during that period, on August 8, 2024, Eaton was paid $100,000 ("Transfer 1") for his consulting contract, and $205,095 for "salary, severance and vacation pay" ("Transfer 2").

14.    The SOFA also discloses that Eaton received his full salary at least from July 31, 2023 through August 8, 2024, the day before Meta filed is chapter 7 petition.

15.    Plaintiff alleges that Meta was insolvent as that term is defined by 11 U.S.C. §101(32) from and after May 11, 2024.

16.    The Consulting Agreement is governed by Nevada law.

17.    Plaintiff is informed and believes that Eaton is the sole member and manager of E10.

18.    Plaintiff is informed and believes that E10 is a shell entity with no independent operations, employees, or assets other than those provided or controlled by Eaton.

19.    E10 had no independent ability to perform under the Consulting Agreement except through Eaton.

20.    Plaintiff alleges that Eaton commingled or treated E10's affairs as his own personal affairs.

21.    Plaintiff alleges Eaton used E10 as a mere instrumentality, or alter ego, for Eaton's personal benefit.

3

22. Under Nevada law (NRS 78.747) and (common law), Eaton is personally liable for E10's obligations to the same extent as if the Transfer had been made directly to him.

23. As a result of the foregoing, Eaton and E10 are jointly and severally liable to the Meta Estate for the full amount of the Transfers, plus interest, costs, and attorneys' fees.

**FIRST CLAIM FOR RELIEF**

**Avoidance of Transfer Under an Employment Contract**
**11 U.S.C. § 548(a)(1)(B)(i), (ii)(IV)**

24. Plaintiff incorporates by reference her allegations set forth in paragraphs 1 through 23 hereof, as if fully set forth herein.

25. Section 548(a)(1)(B)(i), (ii)(IV) of the Bankruptcy Code provides, in relevant part, that:

> (a)(1) The trustee may avoid any transfer (including any transfer to
> or for the benefit of an insider under an employment contract) of an interest of the
> debtor in property, or any obligation incurred by the debtor, that was made or
> incurred on or within 2 years before the date of the filing of the
> petition, if the debtor voluntarily or involuntarily—
>> (B)(i) received less than a reasonably equivalent value in exchange
>> for such transfer or obligation; and
>> (ii)(IV) made such transfer to or for the benefit of an insider, or
>>> incurred such obligation to or for the benefit of an insider, under an
>>> employment contract and not in the ordinary course of business.

26. The Transfer of $100,000 to E10 pursuant to the terms of the Consulting Agreement on the day before the Meta chapter 7 petition was filed, was for the benefit of Eaton as an insider.

27. The Meta chapter 7 estate received no benefit from the $100,000 paid to E10, e.g., no reasonable equivalent value in exchange for the $100,000.

28. The Transfer of $100,000 to E10 on August 8, 2024 was pursuant to the terms of the Consulting Agreement and was not made in the ordinary course of business.

## SECOND CLAIM FOR RELIEF

### Avoidance And Recovery Of Fraudulent Transfer
### 11 U.S.C. §§ 548 And 550, And Alter Ego Liability
### Under Nevada Law

29.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

30.    On August 8, 2024, Meta entered into the Consulting Agreement with E10, a New Mexico limited liability company, solely owned and controlled by Eaton, Meta's then-Chief Legal Officer.

31.    On the same date, pursuant to the Consulting Agreement, Meta paid E10 the sum of $100,000 in cash, purportedly in exchange for future consulting services to be provided to the post-bankruptcy Meta Estate.

32.    No consulting services were ever provided by E10, Eaton, or any other person or entity under the Agreement. Plaintiff is informed and believes that, as a shell entity, E10 had no independent employees, operations, or capacity to perform such services other than through Eaton himself.

33.    The Transfer was made with actual intent to hinder, delay, or defraud Meta's creditors. Badges of fraud include, without limitation:

The Transfer occurred one day before the Meta Chapter 7 petition was filed on August 9, 2024;

The Transfer was to an insider (Eaton's wholly owned LLC while he served as Chief Legal Officer for Meta);

Neither Meta nor the Meta Estate received reasonably equivalent value (few services performed) in exchange for the Transfer;

Meta was insolvent at the time of the Transfer;

The Transfer depleted estate assets on the eve of bankruptcy estate with no legitimate business purpose.

34.    Alternatively, Meta received less than reasonably equivalent value in exchange for the Transfer, and (i) was insolvent at the time of the Transfer or became insolvent as a result

thereof, (ii) was engaged in business with unreasonably small capital, or (iii) intended to incur, or believed it would incur, debts beyond its ability to pay.

35. Pursuant to 11 U.S.C. §§ 548 and 550, the Trustee may avoid the Transfer and recover the amount of the Transfer from E10 as initial transferee and from Eaton as immediate or mediate transferee and/or beneficiary of the Transfer.

36. As stated above, pursuant to Nevada law, Eaton is the alter-ego of E10.

37. Under Nevada law, NRS 78.747, and common law, Eaton is personally liable for E10's obligations to the same extent as if the Transfer had been made directly to him.

38. As a result of the foregoing, Eaton and E10 are jointly and severally liable to the estate for the full amount of the Transfer, plus interest, costs, and attorneys' fees.

### THIRD CLAIM FOR RELIEF

**Avoidance And Recovery Of Fraudulent Transfer**
**11 U.S.C. §§ 548 And 550, And Alter Ego Liability**
**Under Nevada And California Law**

39. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

40. Nothing in the Consulting Agreement provided that E10 would be entitled to additional salary or severance pay.

41. As of August 9, 2024, at most, if Eaton were a regular employee of Meta and not Chief Legal Officer, he might have been entitled to $15,150 by reason of 11 U.S.C. § 507(a)(4)(A).

42. Transfer 2 to Eaton and E10 in the amount of $205,095 for salary, severance and vacation pay was for less than reasonably equivalent value and was made when Meta was insolvent.

### FOURTH CLAIM FOR RELIEF

**Avoidance and Recovery of Fraudulent Transfer**
**11 U.S.C. § 544 and N.R.S. 112.010 et seq.**

43. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

44.    The Schedules and Statement filed in this chapter 7 case identifies numerous unsecured creditors which could avoid the Transfer under NRS 112.180/112.190.

45.    The Transfer satisfies actual intent (with badges) and/or constructive fraud elements under Nevada law. The Transfer was made while Meta was insolvent.  The Transfer was made to an insider. The Transfer was made on the eve of bankruptcy.  Meta did not receive reasonably equivalent value in exchange for the Transfer.

46.    As a result of the foregoing, Eaton and E10 are jointly and severally liable to the estate for the full amount of the Transfer, plus interest, costs, and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

### Avoidance And Recovery Of Fraudulent Transfer
### Under 11 U.S.C. §§ 549 And 550

47.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

48.    The Meta SOFA discloses that the Transfer under the Consulting Agreement was made on Augst 8, 2024.  It is unclear how the Transfer was made to E10 and/or Eaton.  If the Transfer was made electronically on August 8, 2024, it remains voidable under 11 U.S.C.§ 548. Alternatively, if the Transfer was by check or by wire and was not received by  E10 or Eaton until after August 9, 2024, the Transfer was not authorized and therefore is voidable by reason of 11 U.S.C.§ 549.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

a.    That each of the payments be determined to be voidable fraudulent transfers under the Bankruptcy Code and be avoided;

b.    That Judgment be entered in favor of Plaintiff against Eaton and/or E10 in an amount not less than $305,095;

c.    That Eaton and/or E10 be ordered to pay Plaintiff $305,095 pursuant to section 550(a) of the Bankruptcy Code;

7

d. That the Meta Estate be awarded interest accruing from the commencement of this adversary proceeding to the date of collection at the Federal Rate;

e. That judgment be entered against Eaton and E10 jointly and severally in the amount of the avoided fraudulent Transfers plus interests and costs as aforesaid; and

f. That the Meta Estate be granted such other and further relief as is just.

DATED: August 5, 2026.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Christina Lovato, Trustee/Plaintiff

**SBW LAW GROUP**

*/s/ Clayton P. Brust*
Clayton P. Brust, Esq.,
Attorneys for Christina Lovato, Trustee/Plaintiff