Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>   Debtor.<br><br>―――――――――――――――<br><br>CHRISTINA W. LOVATO,<br><br>   Plaintiff,<br><br>v.<br><br>DAT HYUNH individually and dba DAT HYUNH CONSULTING,<br><br>   Defendants. | Case No.: 24-50792-gs<br>(Chapter 7)<br><br><br><br>Adversary No.:<br><br><br>**COMPLAINT (PREFERENTIAL AND FRAUDULENT TRANSFERS) 11 U.S.C. §§ 547(b) and 548** |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estate of Meta Materials Inc. ("***Meta Estate***" or "***Debtor***"), files her complaint ("***Complaint***") against Dat Hyunh individually and dba Dat Hyunh Consulting ("***Hyunh***"), and alleges as follows.

**PARTIES**

1. Plaintiff is the chapter 7 bankruptcy trustee for the Meta Estate. Plaintiff has the capacity to commence this action by way of 11 U.S.C. § 323.

2. Plaintiff is informed and believes and thereon alleges that Defendant Hyunh is a California resident doing business as Dat Hyunh Consulting.

1

**JURISDICTION AND VENUE**

3.    The Bankruptcy Court has jurisdiction over this case and this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) and (O). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4.    Under F.R.Bankr.P. 7008, the Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

**FACTUAL ALLEGATIONS**

5.    On August 9, 2024, Meta Materials Inc. filed its voluntary chapter 7 petition in the United States Bankruptcy Court for the District of Nevada ("Petition Date").  Meta's Schedules of Assets and Liabilities ("Schedules"), and the Statement of Financial Affairs ("SOFA"), were filed on that same date.

6.    In its SOFA, the Debtor disclosed payments totaling $27,000 to Hyunh for consulting services on August 7, 2024 for $9,000 and on August 8, 2024, for $18,000, immediately before the chapter 7 petition was filed ("Transfers").

7.    There is no documentary evidence that Hyunh ever provided any type of service to the Debtor.

8.    The Debtor is presumed to have been insolvent on August 7 and 8, 2024 by reason of 11 U.S.C. § 547 (f).

**FIRST CLAIM FOR RELIEF**

**Avoidance of Transfer as Preferential Under**

**Section 547(b) of the Bankruptcy Code**

9.    Plaintiff incorporates by reference the preceding paragraphs 1 through 8 as if fully set forth herein.

10.    The Transfers were made to Hyunh as an alleged creditor of Meta.

11.    The Transfers were on account of an alleged antecedent debt owed to Hyunh. There is no indication in the Debtor's records searched by the Plaintiff providing evidence of any relationship between the Debtor and Hyunh.

2

12. There are no known invoices from Hyunh to the Debtor indicating payment was due for goods or services and no contracts or statements of payments due from the Debtor to Hyunh.

13. The Transfers were made while Meta was insolvent.

14. The Transfers were made within 90 days of the Meta chapter 7 petition filing on August 9, 2024.

15. The Transfers enabled Hyunh to receive more than Hyunh would have received if—

(A) the Meta case was a case under chapter 7 of this title;

(B) the Transfers had not been made; and

(C) Hyunh received payment of such debt to the extent provided by the provisions of Title 11.

**SECOND CLAIM FOR RELIEF**

**Avoidance And Recovery Of Preferential Transfer**

**11 U.S.C. § 547**

16. Plaintiff incorporates by reference the preceding paragraphs 1 through 15 as if fully set forth herein.

17. To the extent the Transfers are avoided under 11 U.S.C. § 547, Plaintiff is entitled to recover, for the benefit of the Meta Estate, the property transferred or the value of such property from the Defendant, as initial transferee of such Transfers or any entities for whose benefit such transfers were made, pursuant to 11 U.S.C. § 550(a)(1), and any subsequent transferees, if any discovered.

**THIRD CLAIM FOR RELIEF**

**Avoidance Of Fraudulent Transfer**

**Under 11 U.S.C. § 548(a)(i) and (B)(i) - Constructive Fraud and (B)(ii)**

18. Plaintiff incorporates by reference the preceding paragraphs 1 through 17 as if fully set forth herein.

3

19. The Transfers were made to Hyunh immediately prior to the filing of the Petition Date.

20. Plaintiff alleges that no equivalent value in services of any type was provided by Hyunh to the Debtor.

21. The Debtor was statutorily insolvent on the dates the Transfers were made.

## FOURTH CLAIM FOR RELIEF

### Avoidance And Recovery Of Fraudulent Transfer

### 11 U.S.C. §§ 548 And 550

22. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

23. To the extent the Transfers are avoided under 11 U.S.C. § 548, Plaintiff is entitled to recover, for the benefit of the Estate, the property transferred or the value of such property from the Defendant, as initial transferee of such Transfer, or any entities for whose benefit such transfers were made, pursuant to 11 U.S.C. § 550(a)(1), and any subsequent transferees, if any discovered.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

a. That the Transfers be determined to be preferential and/or fraudulent and be avoided;

b. That Hyunh be directed to return the $27,000 in payments pursuant to § 550(a) of the Bankruptcy Code;

c. That the Meta Estate be awarded interest accruing from the commencement of this adversary proceeding to the date of collection at the appropriate judgment rate;

d. That judgment be entered against Hyunh in the amount of the avoided Transfers plus interest until paid at the federal rate; and

e. Awarding Plaintiff her costs of suit and such other and further relief as the Court deems just and proper.

4

DATED: August 5, 2026.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Christina Lovato, Trustee/Plaintiff

**SBW LAW GROUP**

*/s/ Clayton P. Brust*
Clayton P. Brust, Esq.,
Attorneys for Christina Lovato, Trustee/Plaintiff