Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>　　　Debtor.<br>_____ | Case No.: 24-50792-gs<br>(Chapter 7) |
| CHRISTINA W. LOVATO,<br><br>　　　Plaintiff,<br><br>v.<br><br>IMPERIUM PATENT WORKS, LLC, a<br>California limited liability company,<br><br>　　　Defendant. | Adversary No.:<br><br><br>**COMPLAINT<br>(PREFERENTIAL TRANSFERS)**<br>**11 U.S.C. § 547(b)** |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estate of Meta Materials Inc. ("***Meta Estate***" or "***Debtor***"), files her complaint ("***Complaint***") against Imperium Patent Works, LLC, a California limited liability company ("***Imperium***"), and alleges as follows.

**PARTIES**

1.　　Plaintiff is the chapter 7 bankruptcy trustee for the Meta Estate. Plaintiff has the capacity to commence this action by way of 11 U.S.C. § 323.

2.　　Plaintiff is informed and believes and thereon alleges that Defendant Imperium is a California limited liability company.

1

**JURISDICTION AND VENUE**

3.    The Bankruptcy Court has jurisdiction over this case and this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) and (O). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4.    Under F.R.Bankr.P. 7008, the Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

**FACTUAL ALLEGATIONS**

5.    On August 9, 2024, Meta Materials Inc. filed its voluntary chapter 7 petition in the United States Bankruptcy Court for the District of Nevada.  Meta's Schedules of Assets and Liabilities ("Schedules"), and the Statement of Financial Affairs ("SOFA"), were filed on that same date.

6.    In its SOFA, the Debtor disclosed a payment of $30,010 to Imperium for patent maintenance on July 26, 2024, fourteen days before the chapter 7 petition was filed ("Transfer"). The Schedules did not list any patent assets as owned by the Debtor.

7.    The Debtor is presumed to have been insolvent on July 26, 2024 by reason of 11 U.S.C. § 547 (f).

**FIRST CLAIM FOR RELIEF**

**Avoidance of Transfer as Preferential Under**

**Section 547(b) of the Bankruptcy Code**

8.    Plaintiff incorporates by reference her allegations set forth in paragraphs 1 through 7 as though fully set forth herein.

9.    The Transfer was to Imperium as a creditor of Meta.

10.    The Transfer was on account of an antecedent debt owed to Imperium.

11.    The Transfer was made while Meta was insolvent.

12.    The Transfer was made within 90 days of the Meta chapter 7 petition filing on August 9, 2024.

13.     The Transfer enabled Imperium to receive more than it would have received if the transfer had not been made and Imperium received payment to the extent provided under a chapter 7 under Title 11.

## SECOND CLAIM FOR RELIEF

### Avoidance And Recovery Of Preferential Transfer

### Under 11 U.S.C. §§ 547 And 550

14.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

15.     To the extent the Transfer is avoided under 11 U.S.C. §§ 547, Plaintiff is entitled to recover, for the benefit of the Estate, the property transferred or the value of such property from the Defendant, as initial transferees of such Transfer or the entities for whose benefit such transfers were made, pursuant to 11 U.S.C. § 550(a)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

a.   That the Transfer be determined to be a preferential transfer and be avoided;

b.   That Imperium be directed to return the $30,010 payment pursuant to § 550(a) of the Bankruptcy Code;

c.   That the Meta Estate be awarded interest accruing from the commencement of this adversary proceeding to the date of collection at the appropriate judgment rate;

d.   That judgment be entered against Imperium in the amount of the avoided Transfer plus interest until paid at the federal rate; and

e.   Awarding Plaintiff her costs of suit and such other and further relief as is just.

DATED: August 5, 2026.                    **HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Christina Lovato, Trustee/Plaintiff

**SBW LAW GROUP**

*/s/ Clayton P. Brust*
Clayton P. Brust, Esq.,
Attorneys for Christina Lovato, Trustee/Plaintiff

3