Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>      Debtor. | Case No.: 24-50792-gs<br>(Chapter 7) |
| CHRISTINA W. LOVATO,<br><br>      Plaintiff,<br><br>v.<br><br>ON SEARCH PARTNERS, LLC, an Ohio limited liability company,<br><br>      Defendant. | Adversary No.:<br><br><br>**COMPLAINT**<br>**(PREFERENTIAL TRANSFERS)**<br>**11 U.S.C. §§ 547(b) and 550** |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estate of Meta Materials Inc. ("***Meta Estate***" or "***Debtor***"), files her complaint ("***Complaint***") against Defendant On Search Partners, LLC ("***On Search***"), and alleges as follows.

### PARTIES

1.    Plaintiff is the chapter 7 bankruptcy trustee for the Meta Estate. Plaintiff has the capacity to commence this action by way of 11 U.S.C. § 323.

2.    Plaintiff is informed and believes and thereon alleges that Defendant On Search Partners, LLC is an Ohio limited liability company.

1

**JURISDICTION AND VENUE**

3.      The Bankruptcy Court has jurisdiction over this case and this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) and (O). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4.      Pursuant to F.R.Bankr.P. 7008, the Trustee consents to the entry of final orders and judgments by the Bankruptcy Court.

**FACTUAL ALLEGATIONS**

5.      Pre-petition, Meta Materials Inc. ("Meta") was a publicly traded company with its shares listed on NASDAQ.

6.      Meta filed its chapter 7 petition on August 9, 2024.

7.      Meta's Schedules of Assets and Liabilities ("SOFA"), filed on that same day as **[ECF No. 6]** disclosed that four days earlier, on August 5, 2024, Meta paid On Search $111,111 ("Transfer").

**FIRST CLAIM FOR RELIEF**

**Avoidance and Recovery of Preferential Transfers**

**11 U.S.C. § 547(b)**

8.      Plaintiff incorporates by reference paragraphs 1 through 7 as though fully set forth herein.

9.      The Transfer to On Search was a transfer of property owned by the Debtor.

10.      At the time of the Transfer, On Search was an unsecured creditor of the Debtor as a result of the antecedent debt arising from a series of invoices dating to October 2023.

11.      The Transfer was made by the Debtor to On Search during the 90 days prior to the Petition Date and at a time when the Debtor was insolvent.

12.      The Transfer by the Debtor enabled On Search to receive more than it would have received in a Chapter 7 liquidation if the Transfer had not been made and On Search received payment on the debt to the extent provided by the Bankruptcy Code (the "greater recovery" or "improvement-in-position" test).

2

## SECOND CLAIM FOR RELIEF

### Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550

13.     Plaintiff incorporates by reference paragraphs 1 through 12 as if fully set forth herein.

14.     Pursuant to 11 U.S.C. § 550(a), to the extent a transfer is avoided under 11 U.S.C. § 547, the Trustee may recover, for the benefit of the estate, the property transferred or, if the court so orders, the value of such property, from: (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee.

15.     On Search was the initial transferee of the Transfer for whose benefit the Transfer was made.

16.     Accordingly, Plaintiff is entitled to recover from On Search the full amount of the Transfer, in the amount of $111,111 plus pre-judgment and post-judgment interest, costs, and any other appropriate relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment as follows:

(a) Avoiding the Transfer pursuant to 11 U.S.C. §§ 547(b);

(b) Directing On Search to return to the Plaintiff the full amount of the Transfer of $111,111, plus pre-judgment and post-judgment interest, pursuant to 11 U.S.C. § 550; and

(c) Awarding Plaintiff her costs of suit and such other and further relief as the Court deems just and proper.

DATED: August 5, 2026.

**HARTMAN & HARTMAN**

/s/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.,
Attorney for Christina Lovato, Trustee/Plaintiff

**SBW LAW GROUP**

/s/ Clayton P. Brust
Clayton P. Brust, Esq.,
Attorneys for Christina Lovato, Trustee/Plaintiff