Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>        Debtor. | Case No.: 24-50792-gs<br>(Chapter 7) |
| CHRISTINA W. LOVATO,<br><br>        Plaintiff,<br><br>v.<br><br>BDO USA, LLP, a Massachusetts limited liability partnership,<br><br>        Defendant. | Adversary No.:<br><br><br>**COMPLAINT<br>(PREFERENTIAL TRANSFERS)<br>11 U.S.C. § 547(b)** |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estate of Meta Materials Inc. ("***Meta Estate***" or "***Debtor***"), files her complaint ("***Complaint***") against Defendant BDO USA, LLP ("***BDO***"), and alleges as follows.

### PARTIES

1.      Plaintiff is the chapter 7 bankruptcy trustee for the Meta Estate. Plaintiff has the capacity to commence this action by way of 11 U.S.C. § 323.

2.      Plaintiff is informed and believes and thereon alleges that Defendant BDO is a Massachusetts limited liability partnership.

1

**JURISDICTION AND VENUE**

3.    The Bankruptcy Court has jurisdiction over this case and this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) and (O). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4.    The Trustee consents to the entry of final orders and judgments by the Bankruptcy Court.

**FACTUAL ALLEGATIONS**

5.    Pre-petition, Meta Materials Inc. ("Meta") was a publicly traded company with its shares listed on NASDAQ.

6.    On August 9, 2024, Meta filed its voluntary chapter 7 petition in the United States Bankruptcy Court for the District of Nevada.   The Schedules of Assets and Liabilities ("Schedules"), and the Statement of Financial Affairs ("SOFA") were filed on August 9, 2024 at ECF No. 6.

7.    The SOFA discloses that on August 7, 2024, Meta paid BDO $13,229 for 'Service' ("Transfer").

8.    Plaintiff alleges that Meta was insolvent as that term is defined by 11 U.S.C. §101(32) from and after, not later than January 1, 2024.

**FIRST CLAIM FOR RELIEF**

**Avoidance and Recovery of Preferential Transfers**

**11 U.S.C. § 547(b)**

9.    Plaintiff incorporates by reference paragraphs 1 through 8 as though fully set forth herein.

10.    The Transfer to BDO was a transfer of property owned by the Debtor.

11.    At the time of the Transfer, BDO was an unsecured creditor of the Debtor.

12.    The Transfer was made by the Debtor to BDO during the 90 days prior to the Petition Date and at a time when the Debtor was insolvent.

13.    The Transfer by the Debtor enabled BDO to receive more than it would have received in a Chapter 7 liquidation if the Transfer had not been made and BDO received payment

2

on the debt to the extent provided by the Bankruptcy Code (the "greater recovery" or "improvement-in-position" test).

<strong>SECOND CLAIM FOR RELIEF</strong>

<strong>Avoidance And Recovery Of Fraudulent Transfer</strong>

<strong>Under 11 U.S.C. §§ 547, 550 and or 549</strong>

14.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

15.    The Meta SOFA discloses that the Transfer was made on Augst 8, 2024.  It is unclear how the Transfer was made to BDO.  If the Transfer was made electronically on August 8, 2024, it remains voidable under 11 U.S.C.§ 548.

16.    Alternatively, if the Transfer was by check or by wire and was not received by BDO until after August 9, 2024, the Transfer was not authorized and therefore it is voidable by reason of 11 U.S.C.§ 549.

<strong>PRAYER FOR RELIEF</strong>

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment as follows:

(a) Avoiding the Transfer pursuant to 11 U.S.C. §§ 547(b);

(b) Directing BDO to return to the Plaintiff the full amount of the Transfer of $13,229, plus pre-judgment and post-judgment interest, pursuant to 11 U.S.C. § 550; and

(c) Awarding Plaintiff her costs of suit and such other and further relief as the Court deems just and proper.

DATED: August 5, 2026.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Christina Lovato, Trustee/Plaintiff

**SBW LAW GROUP**

*/s/ Clayton P. Brust*
Clayton P. Brust, Esq.,
Attorneys for Christina Lovato, Trustee/Plaintiff