Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>Debtor. | Case No.: 24-50792-gs<br>(Chapter 7)<br><br>**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE AND ASSIGNMENT OF LITIGATION CLAIMS**<br><br>Hearing Date: October 13, 2026<br>Hearing Time: 1:30 p.m. |

SEE ATTACHED

Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Kent R. Robison, Esq. – NSB #1167
**ROBISON LAW GROUP**
71 Washington Street
Reno, Nevada 89503
T: (775) 329-3151
krobison@robison-law.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>Debtor. | Case No.: 24-50792-gs<br>(Chapter 7) |
| CHRISTINA W. LOVATO,<br><br>Plaintiff,<br><br>v.<br><br>AUTHENTIX, INC., a Delaware corporation; AUTHENTIX SOLUTIONS CANADA, INC., a British Columbia corporation; and DOES I-V,<br><br>Defendants. | Adversary No.: 26-05037-gs<br><br>**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE AND ASSIGNMENT OF LITIGATION CLAIMS**<br><br>Hearing Date: OST Requested<br>Hearing Time: OST Requested |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estate of Meta Materials Inc. ("***Estate***" or "***Meta***"), requests an Order authorizing the sale and assignment of litigation claims owned by the Estate to BaileyBridge, Inc., a Texas corporation ("BaileyBridge"), for $250,000 plus 20% of any net recovery after attorneys' fees and

costs. This Motion is made under 11 U.S.C. § 363(b) and (m), and F.R.Bankr.P. 6004(f) and (h), and 9014. This Motion is supported by the separately filed Declaration of Christina Lovato. As permitted by F.R.Evid. 201, Trustee Lovato also requests the Court take judicial notice of the papers and pleadings on file in this case.

**RELEVANT FACTS**

This chapter 7 case was filed on August 9, 2024, and Trustee Lovato was appointed to administer the Estate. Meta was a publicly traded company on Nasdaq with operations in Canada, California and Maryland, as well as in the U.K. and Greece. The Schedules of Assets and Liabilities disclosed that Meta owned 100% of the equity in nine separate subsidiaries. **[ECF No. 5, page 4 of 24]**.

1. As her administration of the case proceeded, and she was able to recover certain insurance premiums and sell tangible items of personal property, Trustee Lovato determined that the Estate owned potential significant claims which held the possibility of substantial recovery for creditors and, possibly, equity holders. The potential claims are in two separate categories: claims against securities brokers and dealers for market manipulation, spoofing and naked short selling; and voidable transfer claims under 11 U.S.C. §§ 544, 548, 550, and N.R.S. 112.010 et seq. (“Avoidance Actions” or “Claims”).

2. Trustee Lovato sought and obtained approval to employ contingent-fee based litigation counsel to investigate and determine whether there is a factual and legal basis to pursue potential claims of market manipulation, naked short selling and spoofing. On August 7, 2026, the Trustee filed her Class Action adversary proceeding as Adv. No. 26-05036 (“Class Action”).

3. Trustee Lovato also sought and obtained approval to employ separate litigation counsel, Robison Law Group, and accounting specialists, to investigate and determine whether there is factual and legal support to pursue the Avoidance Actions.[1] This task was complicated due to the inter-relationship between the U.S. and Canadian entities as well as the challenge to locate documentation pertinent to the inquiry. Following a lengthy analysis, which included among

---

[1] For the potential Avoidance Actions, the Trustee engaged Robison Sharp Sullivan & Brust. As of January 1, 2026, coverage is by and between Robison Law Group and SBW Law Group.

other things determinations related to solvency, the Trustee filed two adversary proceedings: 26-05037 ("Authentix"), and 26-05038 ("24M").

4. Trustee Lovato has received an offer to acquire the Authentix and 24M Avoidance Claims. The Purchaser is BaileyBridge. The terms to acquire Authentix and 24M Avoidance Actions are $250,000 payable after the Order approving this Motion is final and non-appealable, plus 20% of net recovery on either or both claims after payment of attorney's fees and expenses. A copy of the Assignment of Litigation Claims Agreement is attached to the Lovato Declaration as **Exhibit 1**.

5. BaileyBridge is owned and controlled by Greg McCabe. Mr. McCabe is one of the largest shareholders of MMAT shares. As a result, Mr. McCabe has an incentive to successfully prosecute the Avoidance Actions.

6. On a separate matter, the Trustee has entered into a tolling agreement with Mr. McCabe (the "McCabe Tolling Agreement") concerning transactions between Mr. McCabe and Meta in 2023, including his acquisition of Meta common stock and his purchase of Meta's secured lender position in certain Next Bridge Hydrocarbons notes and related collateral. Separately, and unrelated to those 2023 transactions, the MMTLP spin-off resulted in shares of Next Bridge Holdings going to a certain group of equity claimants in December 2022. In January 2024, McCabe and Meta executed a Board-approved release agreement addressing the stock purchase arrangement. Out of an abundance of caution, the Trustee has entered into the McCabe Tolling Agreement to preserve any claims the Estate may hold against Mr. McCabe. The Trustee does not believe that the Tolling Agreement creates a conflict and is not material to the § 363 analysis.

7. Mr. McCabe has engaged the law firm of Cooper & Levenson to represent BaileyBridge in connection with the proposed acquisition of the Avoidance Actions.

8. Because the Estate has an interest in the potential upside of the Claims, Robison Law Group will participate in the adversary proceeding as necessary to represent the Estate's interest in the litigation.

**LEGAL DISCUSSION**

The Court has jurisdiction to decide the issues raised in this Motion To Sell under 28 U.S.C. §§ 1334(b) and (e), and 157(a) and (b). This is a core proceeding pursuant to 28 U.S.C. § 157(c)(2)(A), (N) and (O). In accordance with Local Rule of Procedure 7008, the Trustee consents to entry of a final order by the Bankruptcy Judge.

**SALE PURSUANT TO 11 U.S.C.§ 363(b)**

The claims which are the subject of the Avoidance Actions are property of the Estate by reason of 11 U.S.C. § 541(a)(1) and (3). In the exercise of her business judgment, Trustee Lovato has made the determination to sell and assign the Avoidance Actions to BaileyBridge. The terms of the sale provide the potential for the Estate to recover a substantial portion of the cost of investigating the merits and viability of the Avoidance Actions, together with the potential of 'upside' in the event of successful litigation.

The sale and assignment of claims by a trustee to be prosecuted by a third party is well recognized in the Ninth Circuit. In *In re Professional Investment Properties*, 955 F.2d 623 (9th Cir. 1992), the bankruptcy court was asked to approve the transfer of the trustee's strong-arm powers to a third party. The court noted that, under the Bankruptcy Act, such a transfer was not permitted. The Court then analyzed the case of *In re Sweetwater*, 884 F.2d 1323 (10th Cir. 1989), decided under the Bankruptcy Code, and concluded: "If a creditor is pursuing interests common to all creditors or is appointed for the purpose of enforcement of the plan, he may exercise the trustee's avoidance powers". 955 F.2d at 626.

Seven years later, the Ninth Circuit decided the case of *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774 (9th Cir. 1999). *In re P.R.T.C., Inc.* involved a chapter 7 case in which the trustee assigned avoidance actions to a third party. The Court concluded:

> "[I]t is a well settled principle that avoidance powers may be assigned to someone other than the debtor or trustee pursuant to a plan of reorganization". . . . "This court held that a trustee can transfer its avoidance powers: (1) pursuant to a Chapter 11 reorganization plan, *or* (2) outside a Chapter 11 reorganization plan, when a creditor is pursuing interests common to all creditors."

177 F.3d at 781. The assignee in *In re P.R.T.C., Inc.* was a creditor: here, BaileyBridge is an entity owned and controlled by Greg McCabe, a shareholder holding approximately 120,000 shares of Meta common stock.

The agreement with BaileyBridge includes two components which benefit the interest of the Meta Estate common to all creditors. The Assignment of Litigation Claims Agreement is well within the business judgment of Trustee Lovato. First, the Assignment results in the Estate recovering a substantial portion of the investigatory fees and costs incurred in developing a very complex fact scenario. Second, BaileyBridge will bear the fees and costs on a going-forward basis, including but not limited to additional discovery and expert witness fees. In addition, in the event of a successful recovery, the Estate will share in 20% of a net recovery in either of both Adversary Actions. Although a trustee's sound business-judgment is recognized, it is not conclusive and the Court retains an independent obligation to ensure the transaction maximizes value and is fair to the estate. The Court's obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances. The requirement of a notice and hearing operates to provide both a means of objecting and a method for attracting interest by potential purchasers. Ordinarily, the position of the trustee is afforded deference, particularly where business judgment is entailed in the analysis or where there is no objection. *Simantob v. Claims Prosecutor, L.L.C.* (*In re Lahijani*), 325 B.R. 282, 288-289, (9th Cir. BAP 2005).

In the event the litigation proceeds to a settlement proposal, the Trustee will be required to comply with F.R.Bankr.P. 9019: the bankruptcy court may not approve a settlement of an estate's claims unless the settlement is "fair and equitable." *Goodwin v. Mickey Thompson Entm't Grp., Inc.* (*In re Mickey Thompson Entm't Grp., Inc.*), 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).

After consulting with her professionals, the Trustee believes and concludes that benefit to the Estate of the Assignment of Claims to BaileyBridge is substantial and results in no, or minimal risk.

**Good Faith Determination**

Trustee Lovato requests a good faith determination as contemplated by 11 U.S.C. § 363(m): The reversal or modification on appeal of an authorization under subsection (b) or (c) of

this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal. Trustee Lovato believes the requirements for a finding of good faith are satisfied:

1. The up-front acquisition price of $250,000 is a fair value which permits the Estate to recover a very substantial portion of the fees and cost incurred to develop the very complex sets of facts underlying the two Avoidance Actions;

2. The Agreement includes a 20% upside recovery at little to no expense or risk to the Estate;

3. The transaction was negotiated at arm's length, with no prior relationship or undisclosed connections between BaileyBridge and the Trustee that would suggest self-dealing;

4. There is no fraud, no collusion, or any secret side deals;

5. The material terms of the Agreement are fully disclosed. And although the Trustee believes there is no conflict, she has fully disclosed the existence and pendency of a tolling agreement with Greg McCabe, the manager and sole member of BaileyBridge.

**Private Sale**

F.R.Bankr.P. 6004(f) provides:

**Conducting a Sale That Is Not in the Ordinary Course of Business.**

> **(1)** ***Public Auction or Private Sale.***
>
> **(A)** ***Itemized Statement Required.*** A sale that is not in the ordinary course of business may be made by public auction or private sale.

The property sold must be itemized, the identity of the purchaser must be disclosed; and the consideration received for each item or lot or, if sold in bulk, for the entire property must be disclosed. Here, the Trustee has disclosed the identity of the purchaser, consideration in the amount of $250,000 to be received following Court approval of the Assignment and the precise assets which are being acquired in the form of the Authentix and 24M adversary proceedings.

As previously discussed, the Estate benefits in two significant ways: first, the purchase price of $250,000 allows the Estate to recover a very substantial portion of the fees and costs incurred in investigating and developing the complex set of facts supporting the allegation in the two adversary proceedings and, second, provides for a recovery of 20% of any net recovery under the two adversary proceedings.

**CONCLUSION**

Trustee Lovato requests an Order authorizing the assignment to and sale of Adversary Proceeding nos. 26-05037 ("Authentix"), and 26-05038 ("24M") to BaileyBridge for the sum of $250,000 cash plus 20% of any net recovery on the terms and conditions set forth in the Assignment. Trustee Lovato also requests findings of fact and conclusions of law regarding (1) the proper exercise of her business judgment (2) a good faith determination as contemplated by § 363(m), (3) the validity of the assignment to BaileyBridge by private sale, and (4) waiver of the 14-day stay as permitted by F.R.Bankr.P. 6004(h).

DATED: August 27, 2026.

**HARTMAN & HARTMAN**

*<u>/s/ Jeffrey L. Hartman</u>*
Jeffrey L. Hartman, Esq.

**ROBISON LAW GROUP**

*<u>/s/ Kent R. Robison</u>*
Kent R. Robison, Esq.

**SBW LAW GROUP**

*<u>/s/ Clayton P. Brust</u>*
Clayton P. Brust, Esq.

Attorneys for Christina Lovato, Trustee/Plaintiff