Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Christina Lovato, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>Debtor. | Case No.: 24-50792-gs<br>(Chapter 7)<br><br>**DECLARATION OF CHRISTINA LOVATO IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SALE AND ASSIGNMENT OF LITIGATION CLAIMS**<br><br>Hearing Date: October 13, 2026<br>Hearing Time: 1:30 p.m. |

SEE ATTACHED

Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Kent R. Robison, Esq. – NSB #1167
**ROBISON LAW GROUP**
71 Washington Street
Reno, Nevada 89503
T: (775) 329-3151
krobison@robison-law.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>Debtor. | Case No.: 24-50792-gs<br>(Chapter 7) |
| CHRISTINA W. LOVATO,<br><br>Plaintiff,<br><br>v.<br><br>AUTHENTIX, INC., a Delaware corporation; AUTHENTIX SOLUTIONS CANADA, INC., a British Columbia corporation; and DOES I-V,<br><br>Defendants. | Adversary No.: 26-05037-gs<br><br>**DECLARATION OF CHRISTINA LOVATO IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SALE AND ASSIGNMENT OF LITIGATION CLAIMS**<br><br>Hearing Date: OST Requested<br>Hearing Time: OST Requested |

Christina W. Lovato, under penalty of perjury of the laws of the United States, declares:

1. I am the chapter 7 trustee for the estate of Meta Materials Inc. ("Meta" or "Estate"). **[ECF No. 14]**.

2. This Declaration is provided in support of my Motion For Order Authorizing Sale And Assignment Of Litigation Claims designated as **[Adv. Nos: 26-05037 ("Authentix"), and 26-05038 ("24M")]**. The proposed purchaser is BaileyBridge, Inc., a Texas corporation ("BaileyBridge" or "Purchaser"). The purchase price is $250,000 plus 20% of any net recovery by the Purchaser after attorneys' fees and costs.

3. Meta was a publicly traded company on Nasdaq with operations in Canada, California and Maryland, as well as in the U.K. and Greece. The Schedules of Assets and Liabilities disclosed that Meta owned 100% of the equity in nine separate subsidiaries. **[ECF No. 5, page 4 of 24]**.

4. As my administration of the case proceeded, and I was able to recover certain insurance premiums and sell tangible items of personal property. In consultation with counsel, I determined that the Estate owned potential significant claims which held the possibility of substantial recovery for creditors and, possibly, equity holders. The potential claims are in two separate categories: claims against securities brokers and dealers for market manipulation, spoofing and naked short selling; and voidable transfer claims under 11 U.S.C. §§ 544, 548, 550, and N.R.S. 112.010 et seq. ("Avoidance Actions").

5. I sought and obtained approval to employ contingent-fee based litigation counsel to investigate and determine whether there is a factual and legal basis to pursue potential claims of market manipulation, naked short selling and spoofing. On August 7, 2026, I filed a Class Action adversary proceeding as Adv. No. 26-05036 ("Class Action").

6. I also sought and obtained approval to employ separate litigation counsel, Robison Law Group, and accounting specialists, to investigate and determine whether there is factual and legal support to pursue the Avoidance Actions.[1] This task was complicated due to the inter-relationship between the U.S. and Canadian entities as well as the challenge to locate documentation pertinent to the inquiry. Following a lengthy analysis, which included, among other

---

[1] For the potential Avoidance Actions, the Trustee engaged Robison Sharp Sullivan & Brust. As of January 1, 2026, coverage is by and between Robison Law Group and SBW Law Group.

things, determinations related to solvency, I filed two adversary proceedings: 26-05037 ("Authentix"), and 26-05038 ("24M").

7. I received an offer to acquire the Authentix and 24M Avoidance Actions. The purchaser is BaileyBridge. The terms to acquire Authentix and 24M Avoidance Actions are $250,000 payable after an Order approving this Motion is final and non-appealable, plus 20% of net recovery on either or both claims after payment of attorney's fees and expenses. A copy of the Assignment of Litigation Claims Agreement ("Assignment"), is attached as **Exhibit 1**.

8. BaileyBridge is owned and controlled by Greg McCabe. Mr. McCabe is one of the largest shareholders of MMAT shares. As a result, I believe Mr. McCabe has an incentive to successfully prosecute the Avoidance Actions.

9. On a separate matter, I have entered into a tolling agreement with Mr. McCabe concerning transactions between Mr. McCabe and Meta in 2023, including his acquisition of Meta common stock and his purchase of Meta's secured lender position in certain Next Bridge Hydrocarbons notes and related collateral (the "McCabe Tolling Agreement"). Separately, and unrelated to those 2023 transactions, the earlier MMTLP spin-off resulted in shares of Next Bridge Holdings going to a certain group of equity claimants in December 2022. In January 2024, McCabe and Meta executed a Board-approved release agreement addressing the stock purchase arrangement. Out of an abundance of caution, I have entered into the McCabe Tolling Agreement to preserve any claims the Estate may hold against Mr. McCabe. I do not believe that the McCabe Tolling Agreement creates a conflict and it is not material to the § 363 analysis.

10. Mr. McCabe has engaged the law firm of Cooper & Levenson to represent BaileyBridge in connection with the proposed acquisition of the Avoidance Actions.

11. In the exercise of my business judgment and in consultation with my professionals, I have concluded that the Assignment has the positive benefit for the Estate of recovering a substantial portion of the investigatory fees and costs incurred in developing a very complex fact scenario. Additionally, BaileyBridge will bear the fees and costs on a going-forward basis, including but not limited to discovery and expert witness fees. In addition, in the event of a

successful recovery, the Estate will share in 20% of the net recovery in either or both of the Adversary Actions.

12. In the event the litigation proceeds to a successful conclusion, I will comply with F.R.Bankr.P. 9019 for a determination that the resolution is fair and equitable.

13. I am also requesting the Court make a finding that the sale and assignment to Bailey Bridge is made in good faith as contemplated by 11 U.S.C. § 363(m). I believe the requirements for a finding of good faith are satisfied. As noted in ¶ 11, I believe the up-front acquisition price of $250,000 is fair value. Next, the Agreement includes a potential 20% upside recovery at little to no expense or risk to the Estate. My counsel, Robison Law Group will assist in the transition of the supporting materials and analysis to Purchaser's counsel. The transaction was negotiated at arm's length, with no prior relationship or undisclosed connections between BaileyBridge and me that would suggest self-dealing. Fourth, there is no fraud, no collusion, nor any secret side deals, and finally, the material terms of the Agreement are fully disclosed. Although I believe there is no conflict, I have fully disclosed the existence and pendency of McCabe Tolling Agreement and Mr. McCabe's relationship to BaileyBridge.

DATED: August 27, 2026.

*<u>/s/ Christina W. Lovato</u>*
Christina W. Lovato, Trustee/Plaintiff