# EXHIBIT 1

EXHIBIT 1

**Assignment of Litigation Claims Agreement**

**I. Parties**

This Assignment of Litigation Claims Agreement (this "Agreement") is entered into as of ___________________, 2026 (the "Effective Date"), by and between Christina W. Lovato ("Trustee"), Chapter 7 Trustee for the Estate of Meta Materials, Inc. ("Estate" or "Debtor"), lead case number 24-50792-gs in the United States Bankruptcy Court for the District of Nevada, and BaileyBridge, Inc., with a principal place of business at 500 W. Texas Avenue, Suite 890, Midland, Texas 79701 ("BaileyBridge"). Trustee and BaileyBridge may be referred to herein individually as a "Party" and collectively as the "Parties."

**II. Recitals**

WHEREAS, on August 9, 2024, the Debtor filed a Chapter 7 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the District of Nevada entitled *In re Meta Materials, Inc.*, bearing lead case number 24-50792-gs ("Bankruptcy");

WHEREAS, on August 9, 2024, Christina W. Lovato was named Chapter 7 Trustee for the Debtor and Jeffrey L. Hartman, ("Hartman") of Hartman & Hartman being appointed by the court to represent the Trustee on or about August 26, 2024;

WHEREAS, as part of her responsibilities, the Trustee has investigated and identified several potentially avoidable transactions, including potential claims against 24M Technologies, Inc., a Delaware corporation and Authentix, Inc., a Delaware corporation and Authentix Solutions Canada, Inc., a British Columbia corporation;

WHEREAS, Trustee is the owner of certain claims and causes of action arising from or relating to the matters described in Section 1.1 below (the "Claims"). Trustee desires to assign to BaileyBridge, and BaileyBridge desires to acquire from Trustee, all of Trustee's right, title, and interest in and to the Claims, together with all proceeds therefrom, on the terms and conditions set forth in this Agreement.

WHEREAS, the Trustee has filed the following adversary complaints:

1. *Lovato v. Authentix, Inc. and Authentix Solutions, Inc*., Adversary Number 26-05037-gs (*In re Meta Materials Inc.*, lead Case Number 24-50792-gs); and
2. Lovato v. 24M Technologies, Inc., Adversary Number 26-05038-gs (*In re Meta Materials Inc.*, lead Case Number 24-50792-gs).

Collectively, the two adversary complaints shall be referred to as "Complaints."

WHEREAS, the Trustee has determined that the cost and risks entailed in pursuing the Claims under all the facts and circumstances makes the assignment of the Claims in the best interest of the Estate.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## III. Agreement

### 1. Definitions; Identified Litigation and Claims

1.1 Identified Litigation and Claims. The "Litigation" means the Complaints, pending in United States Bankruptcy Court for the District of Nevada, including any related pre-suit demands, investigations, arbitrations, mediations, and government or administrative proceedings. The "Claims" include all claims, causes of action, rights of action, choses in action, and remedies of Trustee against defendants, known or unknown, contingent or matured, direct or derivative, at law or in equity, arising out of or relating to the allegations set forth in the Complaints, including without limitation claims for Fraudulent Transfer, 11 U.S.C. §548(a), NRS 112.180, NRS 112.190, and Avoidance of Claims, 11 U.S.C. §§550 and 551 and together with all rights to costs, interest, attorneys' fees, sanctions, penalties, fines, and other relief associated therewith.

1.2 Proceeds. "Proceeds" means any and all consideration, value, recoveries, and benefits of any kind derived from or in respect of the Claims or Litigation, whether monetary or non-monetary, including judgments, settlements, awards, refunds, credits, setoffs, insurance recoveries, and interest thereon, in whatever form received and whenever realized.

### 2. Assignment and Transfer

2.1 Assignment. Effective as of the Effective Date, Trustee hereby sells, assigns, transfers, conveys, and delivers to BaileyBridge, and BaileyBridge hereby accepts from Trustee, all of Trustee's right, title, and interest in and to the Claims and the Proceeds, together with all privileges, immunities, defenses (to the extent assignable), evidentiary privileges as applicable to the Claims, and all rights to pursue, prosecute, defend, settle, enforce, and collect upon the Claims and the Proceeds.

2.2 Transfer of Rights of Action. The assignment includes the right to stand in the shoes of Trustee with respect to the Claims, to be substituted as the real party in interest where permitted, and to exercise all rights of enforcement and collection appurtenant to the Claims.

### 3. Scope of Assignment

3.1 Included Matters. The assignment includes, to the maximum extent permitted by applicable law: (a) known and unknown claims; (b) accrued, contingent, unmatured, and future claims arising out of the same facts, transactions, or occurrences identified in Section 1.1; (c) claims and defenses that may be asserted as counterclaims, cross-claims, or third-party claims; (d) rights and interests in any judgments, orders, awards, or settlements, whether existing or hereafter obtained; and (e) appellate rights, including the right to prosecute or defend appeals and post-judgment proceedings.

**4. Consideration and Payment Terms**

4.1 Purchase Price. In consideration of the assignment, BaileyBridge shall pay to Trustee the amount of Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00) (the "Purchase Price"), payable within twenty (20) days of the Trustee obtaining a final non-appealable order from the Bankruptcy Court for the District of Nevada approving this Agreement and assignment.

4.2 Contingent Consideration. In addition to the Purchase Price, Trustee shall be entitled to Twenty Percent (20%) of Net Proceeds, if any, received by BaileyBridge from the Claims payable within thirty (30) days after BaileyBridge's receipt of such Proceeds. "Net Proceeds" means gross Proceeds actually received by BaileyBridge less reasonable and documented costs and expenses of prosecution, including attorneys' fees, expert fees, court costs, discovery and e-discovery costs, and collection expenses.

**5. Representations and Warranties**

5.1 By Trustee. Trustee represents and warrants to BaileyBridge that as of the Effective Date: (a) Authority. Trustee has full power and authority to execute, deliver, and perform this Agreement and to assign the Claims and Proceeds as provided herein. (b) Ownership. Trustee is the sole legal and beneficial owner of the Claims and has not previously assigned, transferred, encumbered, or agreed to assign, transfer, or encumber the Claims or Proceeds, in whole or in part. (c) No Liens. The Claims and Proceeds are free and clear of all liens, claims, and encumbrances. (d) No Conflicts; Orders. The execution, delivery, and performance of this Agreement do not violate any applicable court order, injunction, or agreement binding on Trustee with respect to the Claims. (e) Champerty and Maintenance. To Trustee's knowledge and to the extent applicable under Nevada law, the assignment and contemplated prosecution of the Claims do not constitute champerty or maintenance and do not otherwise violate public policy. (f) Information. Trustee has provided or will provide to BaileyBridge true and complete copies of material pleadings, key documents, and correspondence in Trustee's possession or control reasonably necessary to evaluate and prosecute the Claims. (g) No Reliance on Unauthorized Statements. No representation or warranty has been made by Trustee regarding the merits or amount of recovery of the Claims, except as expressly set forth herein.

5.2 By BaileyBridge. BaileyBridge represents and warrants to Trustee that as of the Effective Date: (a) Authority. BaileyBridge has full power and authority to execute, deliver, and perform this Agreement and to assume ownership and control of the Claims as provided herein. (b) No Prohibited Purpose. BaileyBridge's acquisition and intended prosecution of the Claims are not for any unlawful purpose and will not violate any applicable court order. (c) Reliance. BaileyBridge represents and warrants that it is relying entirely and exclusively on its due diligence, investigation, and research concerning the merits of pursuing the Claims. Trustee and her counsel have made no representations or warranties about the viability or potential success of the claims upon which BaileyBridge relies in assuming ownership and control of the Claims.

**6. Cooperation; Further Assurances**

6.1 Cooperation. Each Party shall reasonably cooperate and take such actions as may be reasonably requested by the other Party to effectuate the purposes of this Agreement, including providing access to non-privileged documents and information and making knowledgeable personnel reasonably available for interviews, declarations, affidavits, depositions, hearings, and trial.

6.2 Privilege; Common Interest. To the extent permissible, the Parties shall use commercially reasonable efforts to preserve applicable privileges and protections, and may enter into a common interest or joint defense arrangement as appropriate.

6.3 Substitution; Consents. Trustee shall execute and deliver such further instruments and take such further actions as reasonably requested by BaileyBridge to evidence and perfect the assignment, including stipulations or motions for substitution of party or party in interest, obtaining court or third-party consents where required, and accomplishing an expeditious removal of the Robison Law Group and the SBW Law Group as counsel of record.

6.4 Transfer of Files. Promptly after the Effective Date, Trustee shall instruct litigation counsel to transfer copies of case files reasonably necessary for BaileyBridge's prosecution of the Claims, subject to applicable privilege and confidentiality restrictions and the rights of counsel to retain copies.

**7. Control of Litigation; Settlement Authority**

7.1 Control. From and after the Effective Date, BaileyBridge shall have the exclusive right to control, direct, and manage the Litigation and the prosecution, defense, settlement, appeal, or other disposition of the Claims, including selection and engagement of counsel, experts, or other professionals that the BaileyBridge deems necessary to pursue the Claims.

7.2 Settlement. BaileyBridge shall have authority to settle the Claims in its sole discretion; provided, however, that as Trustee has a contingent economic interest under Section 4.2, BaileyBridge shall provide Trustee with reasonable advance notice of any proposed settlement that would materially affect Trustee's contingent interest and consider in good faith Trustee's timely written comments.

7.3 Consultation. BaileyBridge will keep Trustee reasonably informed of material developments in the Litigation, subject to applicable privilege and work-product protections.

**8. Notices**

All notices under this Agreement shall be in writing and deemed given when: (a) delivered personally; (b) sent by nationally recognized overnight courier with proof of delivery; or (c) emailed with confirmation of transmission and followed by one of the foregoing methods, in each case to the addresses below (or to such other address as a Party may designate by notice):

Trustee: Christina Lovato, c/o Jeffrey L. Hartman Esquire, 510 W. Blumb Lane, Suite B, Reno Nevada, 89509; Email notices@bankruptcyreno.com.

BaileyBridge, Inc. c/o Eric Browndorf, Esquire, 1125 Atlantic Avenue, Third Floor, Atlantic City, New Jersey 08401; Email: ebrowndorf@cooperlevenson.com.

**9. Governing Law; Venue**

This Agreement and any dispute, claim, or controversy arising out of or relating to this Agreement, the Claims, or the transactions contemplated hereby shall be governed by and construed in accordance with the laws of the State of Nevada, without regard to its conflicts-of-law rules. The Federal District Court and the United States Bankruptcy Court for the District of Nevada shall have exclusive jurisdiction and venue over any action arising out of or relating to this Agreement, and each Party irrevocably submits to such jurisdiction and venue.

**10. Miscellaneous**

10.1 Entire Agreement. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous understandings, agreements, negotiations, and representations, whether written or oral.

10.2 Amendments; Waivers. No amendment or modification of this Agreement is effective unless in a writing signed by both Parties. No waiver is effective unless in a writing signed by the waiving Party. No waiver of any breach shall be deemed a waiver of any other or subsequent breach.

10.3 Successors and Assigns. Subject to Section 11, this Agreement is binding upon and inures to the benefit of the Parties and their respective successors and permitted assigns.

10.4 Counterparts; Electronic Signatures. This Agreement may be executed in counterparts, each of which is deemed an original, and all of which together constitute one and the same instrument. Signatures delivered by electronic transmission or electronic signature service shall be deemed original and binding.

10.5 Expenses. Except as otherwise expressly provided herein, each Party shall bear its own costs and expenses incurred in connection with the negotiation, execution, delivery, and performance of this Agreement.

10.6 Further Assurances. Each Party shall execute and deliver such additional documents and take such further actions as may be reasonably necessary to carry out the purposes and intent of this Agreement.

10.7 Headings. Headings are for convenience only and shall not affect interpretation.

10.8 Motion. Trustee shall file a Motion to Approve the Agreement by way of private sale within five (5) days of the effective date of the Agreement.

10.9 Approval. This Agreement is subject to approval by the Bankruptcy Court.

**11. Closing Deliverables**

11.1 Trustee Deliverables. On or promptly after the Effective Date, Trustee shall deliver to BaileyBridge: (a) a duly executed assignment instrument in recordable form if required; and (b) copies of material Litigation files as set forth in Section 6.4;

11.2 BaileyBridge Deliverables. On or promptly after the Effective Date, BaileyBridge shall deliver to Trustee the Purchase Price in accordance with Section 4.

**12. Acknowledgment Regarding Counsel and Privilege**

12.1 Counsel. BaileyBridge shall have the right to select and retain litigation counsel of its choosing to prosecute the Claims. Trustee consents to substitution of counsel and/or party where required to effectuate this Agreement. At all times the Trustee shall be represented by Hartman, Kent R. Robison of Robison Law Group, or other counsel as the Trustee chooses, and as approved by the Bankruptcy Court. At no relevant time to this Agreement is or will the Trustee be represented by Cooper Levenson, PA, counsel for BaileyBridge.

12.2 Privilege. To the extent permissible, Trustee shall cooperate to allow BaileyBridge to obtain the benefit of privileges relating to the Claims.

**13. Effective Date; Execution**

This Agreement is effective as of the Effective Date upon execution by both Parties.

**IV. Signature Blocks**

IN WITNESS WHEREOF, the Parties have executed this Assignment of Litigation Claims Agreement as of the Effective Date.

Trustee: Christina Lovato

By: ______________________________

Name: ____________________________

Title: _____________________________

Date: _____________________________

BaileyBridge, Inc.

By: ______________________________

Name: ____________________________

Title: _____________________________

Date: _____________________________