Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Kent R. Robison, Esq. – NSB #1167
**ROBISON LAW GROUP**
71 Washington Street
Reno, Nevada 89503
T: (775) 329-3151
krobison@robison-law.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

META MATERIALS INC.,

Debtor.

Case No.: 24-50792-gs
(Chapter 7)

**TRUSTEE'S OMNIBUS REPLY TO OBJECTIONS TO MOTION FOR ORDER AUTHORIZING SALE AND ASSIGNMENT OF LITIGATION CLAIMS: AUTHENTIX, INC. [ECF No. 2986]; DANIELLE SPEARS [ECF No. 2985], AND SCOTT TRAUDT [ECF No. 2990]**

Hearing Date: October 13, 2026
Hearing Time: 1:30 p.m.

Christina W. Lovato, chapter 7 trustee ("Trustee Lovato"), replies to the objections of Danielle Spears ("Spears"), **[ECF No. 2985]**, Authentix, Inc. and Authentix Solutions Canada, Inc. **[ECF No. 2986]**, and Scott Traudt ("Traudt"), **[ECF No. 2990]**. The Trustee's Motion seeks authority under 11 U.S.C. § 363(b) and (m) to sell the Estate's avoidance claims in **[Adv. Nos. 26-05037 and 26-05038]**, to BaileyBridge, Inc. ("BaileyBridge"), for $250,000, payable after a final

order, plus 20 percent of any net recovery, with BaileyBridge funding the litigation. This Reply is supported by the separately filed Declarations of Jeffrey Hartman and Greg McCabe.

**I. The McCabe Tolling Agreement.**

**A.** In the exercise of her business judgment, the Trustee made an informed decision to enter into a Tolling Agreement with Greg McCabe. Although it has been addressed in prior filings, it bears repeating that Danielle Spears has been pursuing claims against Greg McCabe in the United States District Court in the Western District of Texas. On December 26, 2024, Spears filed her Complaint against Greg McCabe, and others, for securities fraud in the United States District Court in the Western District of Texas as case 7:24-cv-00321.[1]

Spears' initial Complaint included 191 paragraphs of factual allegations and 10 Counts for relief. The following day, on December 27, 2024, Spears filed her First Amended Complaint. The First Amended Complaint included 231 paragraphs of factual allegations and 11 Counts for relief. On March 14, 2025, Spears filed her Second Amended Complaint. The Second Amended Complaint included 237 paragraphs of factual allegations and 10 Counts for relief.

On January 28, 2026, the Magistrate filed his Report and Recommendation to Dismiss McCabe. On February 23, 2026, Spears filed her Objection to the Magistrate's R&R as to dismissal of McCabe. On February 24, 2026, the District Court adopted the Magistrate's Report and Recommendation dismissing Spears' Complaint.

Despite her several hundred paragraphs of allegations, on March 6, 2026, the District Court entered its Omnibus Order overruling Spears' objections, concluding that she had failed to plead any fraud with the particularity required by F.R.Civ.P. 9.

The docket reflects that Spears filed a Notice of Appeal.

**B.** The McCabe Tolling Agreement is attached to the Hartman Declaration as **Exhibit 4**. The Tolling Agreement relates to Mr. McCabe's 2023 transactions with Meta: the Next Bridge

[1] https://ecf.txwd.uscourts.gov/cgi-bin/DktRpt.pl?932631708532473-L_1_0-1

Hydrocarbon note purchase; the September 2023 agreement to purchase up to $6 million of common stock; drawdowns of $250,000 on or about September 12, 2023, for 901,006 shares, and on or about September 18, 2023, for 950,720 shares; his request to terminate after the October 10, 2023 removal of George Palikaras; and the January 22, 2024 settlement and release that followed the December 15, 2023 terms circulated by Meta's in-house counsel.

Any action by the Trustee on those facts would be an avoidance claim for the benefit of creditors, not a claim of the Debtor. *Marshack v. JGW Solutions LLC* (*In re Litig. Practice Grp. P.C.*), 2024, Bankr. LEXIS 3145. The Agreement tolls those types of claims. It does not release Mr. McCabe. It does not assign or encumber the Authentix or 24M claims. It does not limit who may buy those claims, and it does not give BaileyBridge control of the retained claim(s). *Lahijani* requires a settlement review, in addition to sale review, when the cause of action being sold is sold to a present or potential defendant in that action. 325 B.R. at 284. Mr. McCabe is not an actual or potential defendant in Adv. No. 26-05037 or Adv. No. 26- 05038. The claim on which he is a potential defendant is being retained by the Trustee, not sold.

Filing the Tolling Agreement removes the objection that its terms cannot be evaluated. Spears and Traudt may read it. What they will not find is a coupling of the § 363 sale to a release. The BaileyBridge offer came at least a month later. The two were not exchanged for each other.

## II. <u>The assignment is authorized. Spears's *P.R.T.C.* analysis is not a bar.</u>

A chapter 7 trustee may transfer avoidance powers outside a plan when the transfer pursues interests common to creditors. *P.R.T.C.*, 177 F.3d at 781–82; *Briggs v. Kent* (*In re Prof'l Inv. Props. of Am.*), 955 F.2d 623, 626 (9th Cir. 1992). Spears concedes this. She then asserts that the rationale fails because the *P.R.T.C.* assignee was a creditor and BaileyBridge is Mr. McCabe's company. That argument was rejected in *Simantob v. Claims Prosecutor, LLC* (*In re Lahijani*), 325 B.R. 282, 288 (9th Cir. BAP 2005). *P.R.T.C.* and *Briggs* do not require a creditor-buyer who agrees to pursue the claims for all creditors. The powers may be transferred for a sum certain. The benefit to the estate is the sale price, which may or may not include a share of future recoveries. Id.

*Lahijani* includes a discussion about the issue of a purchaser acting in good faith as a prerequisite to being accorded the benefit of § 363(m), (citing *In re Mickey Thompson Entm't Group, Inc*., 292 B.R. 415 (9th Cir. BAP 2003). Curiously, the purchaser in *Lahijani* refused to provide evidence that it was a good faith purchaser and elected to proceed without that benefit of § 363(m). 325 B.R. at 287.

Here, the disclosures are clear: (i) the Tolling Agreement preserves to the Meta Trustee the right to pursue an unrelated claim, or claims, against McCabe individually, arising out of the circumstances described in the Hartman Declaration: the Trustee's retained right to sue is not affected by the pending sale, and (ii) the proposed purchaser of the claims which are the subject of the Sale Motion, will be prosecuted in the name of BaileyBridge, Inc., a Texas corporation 100% owned and controlled by Greg McCabe.

The common benefit here is $250,000, payment of future fees and costs by BaileyBridge, and 20 percent of net recovery, paid to the Meta Estate for distribution under the Code. Mr. McCabe's shares may give him a reason to prosecute. They do not divert the Meta Estate's share. *Citicorp Acceptance Co. v. Robison* (*In re Sweetwater*), 884 F.2d 1323 (10th Cir. 1989), construed § 1123(b)(3)(B), which does not apply in this case, and turned on whether recovery would benefit unsecured creditors. Id. at 1326–28. That benefit test is met. The comparison Spears takes from *P.R.T.C.*, 177 F.3d at 783, was the record in that appeal, not a rule that every private sale must be measured against a bid by the defendant. Rule 6004(f) permits a private sale. Notice and a hearing are the means of attracting a better bid. *Lahijani*, 325 B.R. at 288–89. No one has bid on these two claims.

## **III. Authentix Lacks Standing To Veto The Sale.**

Standing requires a concrete injury to a legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Authentix lacks standing to object to the sale and assignment. It is not a creditor and not an equity security holder. Its only interest is as the defendant in the adversary proceeding the Trustee has already filed. That status does not confer standing to contest the Trustee's disposition of the claim. *In Fondiller v. Robertson* (*In re Fondiller*), 707 F.2d 441, 442–43 (9th Cir. 1983),

the Ninth Circuit held that a person whose only demonstrable interest was as a potential party defendant in litigation the trustee intended to prosecute was not a "person aggrieved," because the order did not diminish her property, increase her burdens, or detrimentally affect her rights. The same rule applies after the complaint is filed. *In Alliance United Insurance Co. v. Krasnoff* (*In re Venegas*), 623 B.R. 555, 561–63 (B.A.P. 9th Cir. 2020), the target of a claim the trustee had already sued on, lacked constitutional standing to challenge the trustee's control of that claim: the objector was not a creditor, and the bankruptcy proceeding did not alter its liability or legal rights. Assignment to BaileyBridge changes the plaintiff, not the claim, Authentix's defenses, or its exposure. Denial of the sale would leave Authentix defending the same cause of action. Authentix therefore has no injury in fact and no redressable interest in the sale. Its remedy is to defend the adversary proceeding.

A sale changes the economic owner, it does not create liability, and any settlement returns to the Estate under an eventual Rule 9019 Motion. *Goodwin v. Mickey Thompson Ent. Grp*. (*In re Mickey Thompson Ent. Grp., Inc*.), 292 B.R. 415, 420 (9th Cir. BAP 2003). Authentix may not use that defense to block a sale that pays creditors.

## IV. <u>Traudt's offer was for the tolled claim, not for these adversaries.</u>

On April 22, 2026, Traudt demanded that the Trustee prosecute a potential avoidance claim against McCabe or, alternatively, sell that claim to him, at his expense, for 20 percent of net recovery, and he proposed a $9 million floor if an insider bid on that claim. **[ECF No. 2750]**. The August 7, 2026 notice that no McCabe adversary would be filed that day is consistent with the Tolling Agreement signed a month earlier. It is not an abandonment of the claim, and it is not a term of the BaileyBridge sale. Rule 6004 does not require the Trustee to solicit every person who once offered to buy a different asset. The hearing is the overbid opportunity *Lahijani* describes. 325 B.R. at 288–89. If Traudt or anyone else has a better bid for these two claims, the time to make it is now.

## V. <u>The price is a reasonable realization, and payment will precede transfer.</u>

Demand figures in complaints are not a valuation. Business judgment receives deference. The court tests whether the sale realizes reasonable value under the circumstances and looks harder

when competition is thin. *Lahijani*, 325 B.R. at 288–89; *Fitzgerald v. Ninn Worx Sr, Inc.* (*In re Fitzgerald*), 428 B.R. 872, 883–84 (9th Cir. BAP 2010). The trustee does not value the 20 percent component at zero. It is retained upside, on claims she has determined not to fund from the Estate, after a cash payment and a shift of future cost to the purchaser. Closer scrutiny of Mr. McCabe's relationship is met by the disclosed price, the retained percentage, Rule 9019 control over any settlement, and the Tolling Agreement now on file. An Order approving the Motion will make payment of the $250,000 a condition of transferring the file and substituting counsel, so the Estate does not part with the claims before it is paid.[2]

**CONCLUSION**

Authentix's objection should be overruled for lack of standing. Spears's assignability objection is answered by *Lahijani.* Traudt's objection concerns a different claim, which the July 7, 2026 agreement preserves. The Trustee requests that the Sale Motion be granted and that the Order approving the Sale Motion contain the necessary findings and conclusions to provide BaileyBridge, Inc. with the safe harbor provisions of 11 U.S.C. § 363(m). Finally, the Trustee requests that the Order provide for immediate close as permitted by F.R.Bankr.P. 6004(h).

DATED: October 6, 2026.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.

**ROBISON LAW GROUP**

*/s/ Kent R. Robison*
Kent R. Robison, Esq.

**SBW LAW GROUP**

*/s/ Clayton P. Brust*
Clayton P. Brust, Esq.

Attorneys for Christina Lovato, Trustee

[2] At the time of the hearing, McCabe will have deposited the $250,000 into the Hartman & Hartman Trust account for the benefit of the Meta Estate.